**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

March 22, 2008

The Honorable William H. Alsup
United States District Court
for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

FILED
MAR 2 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**Re:** Samuel Bernard Johnson III v. Chevron Corporation, et al. United States District Court for the Northern District of California, San Francisco Division, Case No. C 07-05756 WHA

Dear Honorable William H. Alsup:

This letter shall serve as a reply to Defendants March 21, 2008, letter to the Honorable William H. Alsup. Defendants would have this Court believe that it has the right to circumvent the rules of discovery by stating that Defendants should be allowed to seek an informal investigation in support of its defense and such is not an abuse of Federal Rules of Civil Procedure 26(d). Plaintiff Johnson contends that such an informal investigation as termed by the Defendants is still discovery and is an abuse of FRCP 26(d). Plaintiff Johnson further contends that Defendants have not raised any objections to Plaintiff Johnson claims that a meet and confer session has not taken place between the parties as governed by FRCP 26(f). Based on such, Plaintiff Johnson asserts that Defendants informal investigation should be viewed as **"discovery from any source"** which is in violation of FRCP 26(d).

Plaintiff Johnson contends that Defendants believe that they are entitled to seek an "informal investigation" as a form of discovery as the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup, (hereinafter referred to as "Judge Alsup's Supplemental Order"), states on page 2 ¶ 4 the following, "[p]ursuant to FCRP 26(d), no **formal** discovery shall be initiated by any party until after the

Page 1 of 6

meet and confer session required by FRCP 26(f), except by stipulation or prior court order. Within this clause Defendants state in their March 21, 2008, letter "Chevron has **not** conducted **any** discovery in this action. As Mr. Johnson is well aware, no written discovery has been served upon him, no depositions have been noticed and no subpoenas have been issued…". Plaintiff Johnson does not dispute Defendants contention here. What Plaintiff Johnson does dispute is that an informal investigation is still a form of discovery from any source. Given such, Defendants have violated FRCP 26(d).

Plaintiff Johnson now draws this Court's attention to FRCP 26(d) in its entirety. FRCP 26(d) states the following, "[a] party may **not** seek discovery from **any source** before the parties have conference as required by Rule 26 (f)…." Based on FRCP 26(d), even Defendants informal investigation is consider **"discovery from any source"**. Therefore, Defendants ill gotten discovery in the form of what they call "an informal investigation" should be tossed out and/or not allowed to be used as a defense by the Defendants against Plaintiff Johnson's claims as such is clearly in violation of FRCP 26(d). Plaintiff Johnson also asserts that the Honorable William H. Alsup can preclude Defendants from conducting even an informal investigation in this matter as such is considered **"discovery from any source"** as defined by FRCP 26(d).

Defendants also state that Plaintiff Johnson has done the following, "routinely contacted Chevron attorneys both by telephone and in written correspondence, he never once raised or discussed this ill-perceived issue with them, reserving instead for this inflammatory correspondence to this Court". Defendants would have this Court believe that Plaintiff Johnson was aware of their informal investigation prior to Filice Brown Eassa & McCleod, LLP representing the Defendants in this matter. Plaintiff Johnson contends that the Defendants are clearly aware that Plaintiff Johnson has not contacted Chevron attorneys as it pertains to this matter. Specifically, after Plaintiff Johnson was advised that Filice Brown Eassa & McCleod, LLP now represents the Defendants in this matter. Plaintiff Johnson also contends that any such

written of telephone contact with Chevron was regarding the administrative proceeding before the Honorable Alvin R. Webber as clarification was needed to determine if Mark H. Tune represents Chevron Corporation and Chevron Long-Term Disability Plan Organization. Base on such, the Court should view Defendants claims as being without merit and unfounded.

Plaintiff Johnson contends that after Defendants filed Defendants Response to Court's January 7, 2008 Request for Clarification on January 11, 2008, the Court stayed this matter pending appointment of counsel for litigant. While addressing the issues in the Workers' Compensation administrative proceeding before the Honorable Alvin R. Webber, Plaintiff Johnson took a closer look at Defendants Response to Court's January 7, 2008 Request for Clarification and noticed that Defendants obtained discovery (what the Defendants refer to as an informal investigation) from a source not disclosed to this Court or to Plaintiff Johnson. Such an attempt to blindside Plaintiff Johnson and this Court by trying to go outside of the rules that govern discovery should not be allowed as such is considered **"discovery from any source"** as defined by FRCP 26(d) and is clearly in violation of FRCP 26(d).

Defendants would like for this Court to believe that Plaintiff Johnson should not seek discovery in the administrative proceeding before the Workers' Compensation Appeals Board because there is a stay in the matter before this Court. Such a statement should fall on death ears to this Court given the fact that most if not all administrative proceedings call for or afford parties to obtain discovery in order to prove claims that have been asserted against a defendant like Chevron.

Defendants also accuse Plaintiff Johnson of delaying this proceeding before this Court at his own insistence, more then two (2) months ago, while Plaintiff Johnson obtains appointment of counsel. To this date, he has not done so. Defendants again make **bold** and **unfounded claims** and would have this Court believe such. Plaintiff Johnson informed this Court in a Reply to Defendants Response to Court's January 7, 2008, Request for Clarification about his

For the reasons stated in Plaintiff Johnson's Motion for Miscellaneous Relief, the Honorable William H. Alsup should toss out and/or not allow Defendants to use as a defense against Plaintiff Johnson's claims **"discovery from any source"** that was obtained by the Defendants in this matter prior to a meet session as governed by FRCP 26(d) and FRCP 26(f). Plaintiff Johnson requests that Defendants should be precluded from providing assistance with the document production or any aspect of the matter before the Honorable Alvin R. Webber entitled Samuel B. Johnson III v. Chevron Corporation, et al., State of California, Department of Industrial Relations, Division of Workers' Compensation, Workers' Compensation Appeals Board, Case No. STK 0206833.  Such assistance is prejudicial to Plaintiff Johnson as well as denies Plaintiff Johnson his due process in this matter.  Plaintiff Johnson requests that the Honorable William H. Alsup sanction Filice Brown Eassa & McCleod, LLP and all of the Defendants for violating FRCP 26(d).  Plaintiff Johnson also requests that the Honorable William H. Alsup provide any other relief outside of what is requested above.

Respectfully submitted by,

Samuel Bernard Johnson III

Cc:   Robert D. Eassa, Esq.
      Delia A. Isvoranu, Esq.
      Filice Brown Eassa & McCleod, LLP
      1999 Harrison Street, 18th Floor
      Oakland, California 94612
      **VIA FACSIMILE & U.S. MAIL**
      (510) 839-7940

      **Attorneys for Defendants**

The Honorable Alvin R. Webber
State of California
Department of Industrial Relations
Division of Workers' Compensation
Workers' Compensation Appeals Board
31 E. Channel Street, Room 344
Stockton, California 95202-2314

Mark H. Tune, Esq.
Julia E. Klump, Esq.
Harbinson Tune Kasselik, A Professional Corporation
100 Bush Street, Suite 1200
San Francisco, California 94104
**VIA FACSIMILE & U.S. MAIL**
(415) 986-3995

**Attorneys for Defendants**
**Chevron Corporation and Chevron Environmental Management Company**

Chevron Corporation Long-Term Disability Plan
**Attn.: Legal Department**
6001 Bollinger Canyon Road
San Ramon, California 94583
**VIA FACSIMILE & U.S. MAIL**
(925) 842-2022



Samuel B. Johnson III
4420 Abruzzi Circle
Stockton, California 95206

The Honorable William H. Alsup
United States District Court
for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102