ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
**FILICE BROWN EASSA & McLEOD LLP**
1999 Harrison Street, 18th Floor
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAMUEL BERNARD JOHNSON, III,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION and CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY,<br><br>Defendants. | Case No. C 07-05756 WHA<br><br>**DEFENDANTS CHEVRON CORPORATION'S AND CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Chevron Corporation and Chevron Environmental Management Company (collectively "Chevron") (all other previously named defendants having been voluntarily dismissed by Plaintiff and by Order of the Court on April 1, 2008) in answer to Plaintiff Samuel Bernard Johnson III's ("Plaintiff") November 14, 2007 Complaint ("Complaint"), hereby deny, admit, and allege as follows:



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

As a preliminary matter, Chevron **objects** to the form and content of Plaintiff's Complaint, comprised of 219 separate paragraphs and superfluous, irrelevant and inflammatory contentions, on the grounds that the Complaint fails to comply with Federal Rules of Civil Procedure, Rule 8(a) which requires a "**short** and **plain** statement" of Plaintiff's claims. (Emphasis added.)

1. In response to pages 1:26-4:2 of the Complaint, Chevron alleges that the procedural statements are immaterial, and as such, require no response. In addition, and specifically as to Plaintiff's reference to 42 U.S.C. section 1983, such allegations are irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008.

2. In response to paragraph 1 of the Complaint, Chevron admits the allegations on information or belief.

3. In response to paragraph 2 of the Complaint, Chevron admits the allegations on information or belief.

4. In response to paragraph 3 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Chevron Corporation Long-Term Disability Organization Plan from this action on April 1, 2008. As such, the allegation requires no response.

5. In response to paragraph 4 of the Complaint, Chevron admits the allegations on information or belief.

6. In response to paragraph 5 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

7. In response to paragraph 6 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Catherine Drew from this action on April 1, 2008. As such, the allegations require no response.

8. In response to paragraph 7 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Kathryn Gallacher from this action on April 1, 2008. As such, the allegation requires no response.

9. In response to paragraph 8 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Susan Solger from this action on April 1, 2008. As



FBE&M
Lake Merritt Plaza
1999 Harrison Street
Eighteenth Floor
Oakland CA 94612-3541
Phone 510.444.3131

such, the allegation requires no response.

10. In response to paragraph 9 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Sellers Stough from this action on April 1, 2008. As such, the allegation requires no response.

11. In response to paragraph 10 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Krystal Tran from this action on April 1, 2008. As such, the allegation requires no response.

12. In response to paragraph 11 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Debbie Wong from this action on April 1, 2008. As such, the allegation requires no response.

13. In response to paragraph 12 of the Complaint, Chevron asserts that the allegations are immaterial as Plaintiff voluntarily dismissed Gary Yamashita from this action on April 1, 2008. As such, the allegation requires no response.

14. In response to paragraph 13 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Chevron also asserts that the allegations are immaterial as Plaintiff voluntarily dismissed all of the "Individual Defendants" on April 1, 2008. As such, the allegation requires no response.

15. In response to paragraph 14 of the Complaint, on information and belief Chevron denies that Plaintiff is unaware of the true names and capacities of Does 1 through 10. In response to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

16. In response to paragraph 15 of the Complaint, Chevron lacks information or belief sufficient to admit or deny the allegations concerning the relationships between, and status of, each Defendant and basing its denial on this ground, denies each and every allegation. On information and belief, Chevron denies the remaining allegations of this paragraph, including all allegations regarding each Defendant's purported actions, inactions, omissions, and Plaintiff's supposed



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

injuries.

17. In response to paragraph 16 of the Complaint, on information and belief Chevron admits that allegations regarding the date on which Plaintiff began his employment, the date on which he was terminated, and that he was employed in the position of Procurement Specialist. As to all remaining allegations in this paragraph, Chevron denies the allegations on information or belief.

18. In response to paragraph 17 of the Complaint, Chevron denies the allegations on information or belief.

19. In response to paragraph 18 of the Complaint, Chevron denies the allegations on information or belief.

20. In response to paragraph 19 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

21. In response to paragraph 20 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

22. In response to paragraph 21 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

23. In response to paragraph 22 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

24. In response to paragraph 23 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

25. In response to paragraph 24 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

response on this ground, denies each and every allegation.

26. In response to paragraph 25 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

27. In response to paragraph 26 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

28. In response to paragraph 27 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

29. In response to paragraph 28 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

30. In response to paragraph 29 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

31. In response to paragraph 30 of the Complaint, on information or belief Chevron denies that any discriminatory employment practices occurred. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

32. In response to paragraph 31 of the Complaint, on information or belief Chevron denies that any discriminatory employment practices occurred. As to the remaining allegations,



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

33. In response to paragraph 32 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

34. In response to paragraph 33 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

35. In response to paragraph 34 of the Complaint, Chevron denies the allegations on information or belief.

36. In response to paragraph 35 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination, retaliation, harassment, discriminatory or retaliatory employment practices, or emotional distress. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

37. In response to paragraph 36 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

38. In response to paragraph 37 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

39. In response to paragraph 38 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation. Moreover, the documents referenced by



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

Plaintiff in this paragraph speak for themselves and, thus, Plaintiff's restatement of the terms or content of said documents is immaterial and, therefore, the allegations require no response.

40. In response to paragraph 39 of the Complaint, on information or belief Chevron denies that Ms. Thornton was subjected to any discriminatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

41. In response to paragraph 40 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation. Moreover, the document referenced by Plaintiff in this paragraph speaks for itself and, thus, Plaintiff's restatement of the terms or content of said document is immaterial and, therefore, the allegations require no response.

42. In response to paragraph 41 of the Complaint, on information or belief Chevron denies that Ms. Thornton was subjected to any discriminatory employment practices or that she was placed on a Performance Improvement Plan for any unlawful reason. On information or belief Chevron denies that Plaintiff was wrongfully terminated. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

43. In response to paragraph 42 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination or hostile work environment. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

44. In response to paragraph 43 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

///



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

45. In response to paragraph 44 of the Complaint, on information or belief Chevron denies that Plaintiff, Ms. Thornton or Ms. Hernandez were subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

46. In response to paragraph 45 of the Complaint, on information or belief Chevron denies that any actions were taken against Plaintiff because he allegedly complained about supposed discriminatory employment practices and Chevron further denies that Plaintiff was ever subjected to any discriminatory practices. As to the remaining allegation, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and basing its response on this ground, denies the allegation.

47. In response to paragraph 46 of the Complaint, on information or belief Chevron denies that any actions were taken against Plaintiff because he allegedly complained about supposed discriminatory employment practices and Chevron further denies that Plaintiff was ever subjected to any discriminatory practices. As to the remaining allegation, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and basing its response on this ground, denies the remaining allegation.

48. In response to paragraph 47 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies the remaining allegations.

49. In response to paragraph 48 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegation, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegation in this paragraph and basing its response on this ground, denies the remaining allegation.



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

50. In response to paragraph 49 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any harassment, retaliation, discrimination, a hostile work environment or emotional distress or that any action was taken against him for his opposing any supposed discriminatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

51. In response to paragraph 50 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any harassment, retaliation, discrimination, a hostile work environment or emotional distress or that any action was taken against him for his opposing any supposed discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

52. In response to paragraph 51 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

53. In response to paragraph 52 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

54. In response to paragraph 53 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

///



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

55. In response to paragraph 54 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

56. In response to paragraph 55 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any harassment, discrimination, hostile work environment or retaliation. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

57. In response to paragraph 56 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

58. In response to paragraph 57 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation or discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

59. In response to paragraph 58 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any unfair treatment. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

60. In response to paragraph 59 of the Complaint, Chevron denies the allegations on information or belief.

61. In response to paragraph 60 of the Complaint, Chevron denies the allegations on information or belief.



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

62. In response to paragraph 61 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any hostile work environment, discrimination, harassment, or emotional distress. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

63. In response to paragraph 62 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

64. In response to paragraph 63 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any hostile work environment, harassment, or retaliation. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

65. In response to paragraph 64 of the Complaint, on information or belief Chevron denies that Plaintiff was wrongfully terminated or was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

66. In response to paragraph 65 of the Complaint, Chevron denies the allegations on information or belief.

67. In response to paragraph 66 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any harassment or retaliation and denies that Plaintiff was wrongfully terminated. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

68. In response to paragraph 67 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination, hostile work environment, harassment,



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

retaliation, emotional distress or conduct constituting a violation of the ADA, state, local or federal laws. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation. Moreover, the document(s) referenced by Plaintiff in this paragraph speak for themselves and, thus, Plaintiff's restatement of the terms or content of said documents is immaterial and, therefore, the allegations require no response.

69. In response to paragraph 68 of the Complaint, Chevron denies the allegations on information or belief.

70. In response to paragraph 69 of the Complaint, Chevron denies the allegations on information or belief.

71. In response to paragraph 70 of the Complaint, Chevron denies the allegations on information or belief.

72. In response to paragraph 71 of the Complaint, on information or belief Chevron denies that Mr. Thornton was subjected to any harassment, retaliation, discrimination or emotional distress. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

73. In response to paragraph 72 of the Complaint, Chevron denies the allegations on information or belief.

74. In response to paragraph 73 of the Complaint, Chevron denies the allegations on information or belief.

75. In response to paragraph 74 of the Complaint, Chevron denies the allegations on information or belief.

76. In response to paragraph 75 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any harassment, unfair treatment, hostile work environment retaliation or discrimination. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

response on this ground, denies each and every remaining allegation.

77. In response to paragraph 76 of the Complaint, Chevron denies the allegations on information or belief. Moreover, the document referenced by Plaintiff in this paragraph speaks for itself and, thus, Plaintiff's restatement of the terms or content of said document is immaterial and, therefore, the allegation requires no response.

78. In response to paragraph 77 of the Complaint, Chevron denies the allegations on information or belief.

79. In response to paragraph 78 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination or retaliation. As to the remaining allegation, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegation and basing its response on this ground, denies that remaining allegation.

80. In response to paragraph 79 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

81. In response to paragraph 80 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation. As to the remaining allegation, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegation and basing its response on this ground, denies that remaining allegation.

82. In response to paragraph 81 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation. Moreover, the document referenced by Plaintiff in this paragraph speaks for itself and, thus, Plaintiff's restatement of the terms or content of said document is immaterial and, therefore, the allegations require no response.



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

83. In response to paragraph 82 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation, harassment, discrimination, conduct constituting a violation of the ADA, discriminatory or retaliatory employment practices, or emotional distress. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

84. In response to paragraph 83 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation, harassment, discrimination, conduct constituting a violation of the ADA, false accusations or statements. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

85. In response to paragraph 84 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any retaliation, discrimination, conduct constituting a violation of the ADA, false accusations and also denies that Plaintiff was wrongfully terminated. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

86. In response to paragraph 85 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination, retaliation, conduct constituting a violation of the ADA, discriminatory or retaliatory employment practices. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

87. In response to paragraph 86 of the Complaint, Chevron denies the allegations on information or belief.

///



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

88. In response to paragraph 87 of the Complaint, Chevron denies the allegations on information or belief.

89. In response to paragraph 88 of the Complaint, on information or belief Chevron denies that Plaintiff was subjected to any discrimination or retaliation and also denies that Plaintiff was wrongfully terminated. As to the remaining allegations, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every remaining allegation.

90. In response to paragraph 89 of the Complaint, Chevron denies the allegations on information or belief.

91. In response to paragraph 90 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

92. In response to paragraph 91 of the Complaint, Chevron denies the allegations on information or belief.

93. In response to paragraph 92 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

94. In response to paragraph 93 of the Complaint, Chevron lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and basing its response on this ground, denies each and every allegation.

95. In response to paragraph 94 of the Complaint, Chevron denies the allegations on information or belief.

96. In response to paragraph 95 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In addition, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

///



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

97. In response to paragraph 96 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

98. In response to paragraph 97 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

99. In response to paragraph 98 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

100. In response to paragraph 99 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

101. In response to paragraph 100 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

102. In response to paragraph 101 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

103. In response to paragraph 102 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In addition, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

104. In response to paragraph 103 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

105. In response to paragraph 104 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and




FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

therefore, no response is required.

106. In response to paragraph 105 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

107. In response to paragraph 106 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

108. In response to paragraph 107 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

109. In response to paragraph 108 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

110. In response to paragraph 109 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In addition, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

111. In response to paragraph 110 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

112. In response to paragraph 111 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

113. In response to paragraph 112 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

///



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

114. In response to paragraph 113 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In addition, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

115. In response to paragraph 114 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

116. In response to paragraph 115 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

117. In response to paragraph 116 of the Complaint, each of the allegations in this paragraph is irrelevant as Plaintiff dismissed all of his section 1983 claims on April 8, 2008, and therefore, no response is required.

118. In response to paragraph 117 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

119. In response to paragraph 118 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

120. In response to paragraph 119 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

121. In response to paragraph 120 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

122. In response to paragraph 121 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

123. In response to paragraph 122 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

124. In response to paragraph 123 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

125. In response to paragraph 124 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

126. In response to paragraph 125 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

127. In response to paragraph 126 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

April 1, 2008.

128. In response to paragraph 127 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

129. In response to paragraph 128 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

130. In response to paragraph 129 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

131. In response to paragraph 130 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

132. In response to paragraph 131 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

133. In response to paragraph 132 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.



FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131