134. In response to paragraph 133 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

135. In response to paragraph 134 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

136. In response to paragraph 135 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

137. In response to paragraph 136 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

138. In response to paragraph 137 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

139. In response to paragraph 138 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

140. In response to paragraph 139 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

1  damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are
2  immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this
3  action on April 1, 2008.

4       141.   In response to paragraph 140 of the Complaint, Chevron alleges that the procedural
5  statement is immaterial, and as such, requires no response. Moreover, as to the "Individual
6  Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily
7  dismissed all of those Defendants this action on April 1, 2008.

8       142.   In response to paragraph 141 of the Complaint, Chevron denies the allegations on
9  information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
10 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
11 April 1, 2008.

12       143.   In response to paragraph 142 of the Complaint, Chevron denies the allegations on
13 information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
14 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
15 April 1, 2008.

16       144.   In response to paragraph 143 of the Complaint, Chevron denies the allegations on
17 information or belief and denies that Plaintiff has sustained any injury or is entitled to any
18 damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are
19 immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this
20 action on April 1, 2008.

21       145.   In response to paragraph 144 of the Complaint, Chevron alleges that the procedural
22 statement is immaterial, and as such, requires no response. Moreover, as to the "Individual
23 Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily
24 dismissed all of those Defendants this action on April 1, 2008.

25       146.   In response to paragraph 145 of the Complaint, Chevron denies the allegations on
26 information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
27 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on

-22-

28  DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

April 1, 2008.

147. In response to paragraph 146 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

148. In response to paragraph 147 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

149. In response to paragraph 148 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

150. In response to paragraph 149 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

151. In response to paragraph 150 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

152. In response to paragraph 151 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

153. In response to paragraph 152 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

154. In response to paragraph 153 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

155. In response to paragraph 154 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

156. In response to paragraph 155 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

157. In response to paragraph 156 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

158. In response to paragraph 157 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

159. In response to paragraph 158 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual

-24-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

160. In response to paragraph 159 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

161. In response to paragraph 160 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

162. In response to paragraph 161 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

163. In response to paragraph 162 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

164. In response to paragraph 163 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

165. In response to paragraph 164 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

-25-

DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

166. In response to paragraph 165 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

167. In response to paragraph 166 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

168. In response to paragraph 167 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

169. In response to paragraph 168 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

170. In response to paragraph 169 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

171. In response to paragraph 170 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

172. In response to paragraph 171 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial

-26-

DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

1  and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
2  April 1, 2008.

3      173.    In response to paragraph 172 of the Complaint, Chevron denies the allegations on
4  information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
5  and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
6  April 1, 2008.

7      174.    In response to paragraph 173 of the Complaint, Chevron denies the allegations on
8  information or belief and denies that Plaintiff has sustained any injury or is entitled to any
9  damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are
10 immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this
11 action on April 1, 2008.

12     175.    In response to paragraph 174 of the Complaint, Chevron alleges that the procedural
13 statement is immaterial, and as such, requires no response. Moreover, as to the "Individual
14 Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily
15 dismissed all of those Defendants this action on April 1, 2008.

16     176.    In response to paragraph 175 of the Complaint, Chevron denies the allegations on
17 information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
18 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
19 April 1, 2008.

20     177.    In response to paragraph 176 of the Complaint, Chevron denies the allegations on
21 information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
22 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
23 April 1, 2008.

24     178.    In response to paragraph 177 of the Complaint, Chevron denies the allegations on
25 information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial
26 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on
27 April 1, 2008.

-27-

DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

179. In response to paragraph 178 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

180. In response to paragraph 179 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

181. In response to paragraph 180 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

182. In response to paragraph 181 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

183. In response to paragraph 182 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

184. In response to paragraph 183 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

///

-28-
DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

185. In response to paragraph 184 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

186. In response to paragraph 185 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

187. In response to paragraph 186 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

188. In response to paragraph 187 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

189. In response to paragraph 188 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

190. In response to paragraph 189 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

191. In response to paragraph 190 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial

-29-

DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

1 and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

192. In response to paragraph 191 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

193. In response to paragraph 192 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

194. In response to paragraph 193 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

195. In response to paragraph 194 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

196. In response to paragraph 195 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

197. In response to paragraph 196 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

198. In response to paragraph 197 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

199. In response to paragraph 198 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

200. In response to paragraph 199 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

201. In response to paragraph 200 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

202. In response to paragraph 201 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

203. In response to paragraph 202 of the Complaint, Chevron denies the allegations on information or belief. Moreover, as to the "Individual Defendant," these allegations are immaterial and require no response as Plaintiff voluntarily dismissed all of those Defendants this action on April 1, 2008.

204. In response to paragraph 203 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any

damages, remedy or relief.

205. In response to paragraph 204 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

206. In response to paragraph 205 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

207. In response to paragraph 206 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

208. In response to paragraph 207 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

209. In response to paragraph 208 of the Complaint, Chevron denies the allegations on information or belief and denies that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

210. In response to paragraph 209 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response.

211. In response to paragraph 210 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

212. In response to paragraph 211 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

213. In response to paragraph 212 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

214. In response to paragraph 213 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

215. In response to paragraph 214 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

216. In response to paragraph 215 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

217. In response to paragraph 216 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

218. In response to paragraph 217 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

219. In response to paragraph 218 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

or relief.

220. In response to paragraph 219 of the Complaint, Chevron alleges that the procedural statement is immaterial, and as such, requires no response. In any event, Chevron denies, on information or belief, that Plaintiff has sustained any injury or is entitled to any damages, remedy or relief.

### FIRST AFFIRMATIVE DEFENSE

Any or all of Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, 42 U.S.C. section 2000e-5, Gov. Code sections 12960 and 12965, and Code of Civil Procedure sections 312, 340, 335.1, 338, 339 and 340.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's failure to exhaust his administrative remedies including, but not limited to, procedures provided by administrative agencies and applicable laws.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action contained therein, is barred by the fact that any actions taken against Plaintiff were for a proper or legitimate business-related reason, which was neither arbitrary, capricious, nor unlawful. Chevron's conduct, acts, or omissions were legitimate and in good faith and Chevron had reasonable grounds for believing that its conduct did not violate any provision of the Labor Code, the Industrial Welfare Commission Wage Orders, the Fair Employment and Housing Act, or other applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of res judicata as a result of Plaintiff's prior administrative proceedings.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that accommodating Plaintiff would have resulted in an undue hardship on Chevron's operations.

///

-34-

DEFENDANTS CHEVRON CORPORATION'S AND CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

## SIXTH AFFIRMATIVE DEFENSE

Chevron's alleged conduct, if and to the extent it occurred, was privileged and justified, and no action may be taken against it on account of such conduct, if any.

## SEVENTH AFFIRMATIVE DEFENSE

No representative claims may be maintained against Chevron, as there is no definitely ascertainable class of claimants, predominance of common issues, or community of interest in questions of law and fact.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred in whole or in part, by his unreasonable failure to utilize preventive and corrective opportunities provided by Chevron, and to "otherwise avoid harm," as that expression is used in the United States Supreme Court's decisions in *Burlington Industries, Inc. v. Ellerth* (1998) 524 U.S. 742, and *Fargher v. City of Boca Raton* (1998) 524 U.S. 775. Chevron has an effective procedure for persons working at its site(s) to come forward with complaints and if appropriate, for taking prompt, effective corrective action. Chevron took reasonable steps to prevent and correct workplace misconduct, however, Plaintiff unreasonably failed to use the preventive and corrective measures that his employer provided, and reasonable use of those procedures would have prevented the harm that the Plaintiff suffered, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reasons of Plaintiff's own conduct which, had such conduct been previously known to Chevron, would have resulted in Plaintiff's employment to either have not taken place or resulted in Plaintiff being terminated as a result of such conduct or omission.

## TENTH AFFIRMATIVE DEFENSE

Any discharge of Plaintiff, by Chevron, was due to Plaintiff's breach or neglect, or both, of his duty in the course of his employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not reasonably rely on any alleged promise or other purported act or omission

-35-

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

of Chevron, and no such alleged reliance was intended, or could reasonably have been expected by Chevron.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action contained therein, is barred by the fact that Plaintiff's employment was terminable at the will of either party, with or without cause, so that Plaintiff has no claim or cause of action based upon his employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged conduct of individual employees, if and to the extent it occurred, was outside the scope of their employment, and to the extent, if any, Chevron became aware of such alleged conduct, Chevron took immediate and appropriate corrective action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred on the ground that worker's compensation is his exclusive remedy.

### FIFTEENTH AFFIRMATIVE DEFENSE

The incidents described in the Complaint and whatever injury or damage, if any, Plaintiff suffered by reason thereof, were proximately caused, in whole or in part, and contributed to, by the negligence or intentional misconduct of Plaintiff. By reason thereof, Plaintiff's recovery, if any, must be diminished by the proportion of his own negligence, or intentional misconduct, or both.

### SIXTEENTH AFFIRMATIVE DEFENSE

The incidents described in the Complaint and whatever damage, if any, Plaintiff suffered by reason thereof, were proximately caused, in whole or in part, and contributed to by the negligence or both, of third parties; by reason thereof, Plaintiff's recovery, if any, must be diminished by the proportion of third parties' negligence or intentional misconduct, or both.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a result of Plaintiff's conduct, acts, and or omissions, Plaintiff is estopped from asserting any claim against Defendant.

///

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a result of Plaintiff's conduct, acts, and or omissions, Plaintiff has waived his right to assert any claims against Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages by virtue of any conduct, acts, and or omissions by Defendant, which Defendant denies, Plaintiff failed to use due diligence to mitigate damages. Therefore, Plaintiff's damages should be reduced in whole or in part, based upon his failure to mitigate.

### TWENTIETH AFFIRMATIVE DEFENSE

As a result of his conduct, acts and or omissions, Plaintiff has unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff expressly participated in, acknowledged, authorized, consented to or approved, each and every of the acts complained of herein which Plaintiff now complains that he has been damaged as a result thereof. Therefore, Plaintiff is barred, estopped, and precluded from the recovery sought herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Chevron.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and, therefore, Plaintiff is barred from recovering any attorneys' fees whatsoever.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a result of Plaintiff's frivolous, unfounded, and unreasonable legal claims, Chevron will incur substantial attorneys' fees and is, therefore, entitled to attorneys' fees pursuant to Government Code §12965 or other statutes, upon judgment in its favor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The injuries and losses claimed by Plaintiff are speculative, depend on the happening of

-37-

events which are not reasonably certain to occur, may be mitigated by future events, and cannot be determined with the degree of certainty required by law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code §3294, violates Chevron's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and under the Constitution of the State of California, and therefore fails to state a cause of action for which punitive or exemplary damages may be awarded.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Unless Chevron's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Chevron's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the California Constitution, and would be improper under the common law and public policies of the State of California.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Chevron alleges that certain additional affirmative defenses are available to Chevron. These affirmative defenses will require further discovery and/or investigation before they can be properly plead. Chevron will move to amend its Answer to allege such additional affirmative defenses once they have been fully ascertained and can be properly pleaded.

### PRAYER

WHEREFORE, Chevron prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint on file;

2. That Chevron be awarded costs of suit herein and for such other and further relief as the Court deems proper;

3. That Chevron be awarded its attorneys fees and costs, as allowed by law, as a result of Plaintiff's unmeritorious claims and allegations; and

3. That if Chevron or Defendants are found liable, the degree of responsibility and

-38-



DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

1  liability for the resulting damages be determined, and Defendants be liable only for that portion of
2  the total damages in proportion to their respective responsibility for the same.

### DEMAND FOR JURY TRIAL

Defendants Chevron Corporation and Chevron Environmental Management Company hereby demand trial by jury in this action.

Dated: August 9, 2008

FILICE BROWN EASSA & McLEOD LLP

By: _____
ROBERT D. EASSA
DELIA A. ISVORANU
Attorneys for Defendants

00215 34155 DAI 583836.1

-39-
DEFENDANTS CHEVRON CORPORATION'S AND
CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL
Case No. C 07-05756 WHA

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131