ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
**FILICE BROWN EASSA & McLEOD LLP**
1999 Harrison Street, 18th Floor
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendants


SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEVRON CORPORATION. a Delaware corporation and CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California Corporation and DOES 1-10,<br><br>        Defendants. | Case No. C 07-05756 WHA (JCS)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Defendants Chevron Corporation and Chevron Environmental Management Company (collectively "Chevron"), represented by Filice Brown Eassa & McLeod LLP ("Counsel for Chevron"), and Plaintiff Samuel Bernard Johnson III ("Plaintiff Johnson"), Plaintiff Johnson appearing in pro see, in response to the Court's April 1, 2008, Order scheduling a Case

-1-

Management Conference ("CMC") for April 24, 2008, and requiring the parties to submit a Joint Case Management Statement ("Statement") by April 17, 2008, hereby submit the following Statement pursuant to Federal Rules of Civil Procedure, rule 26(f):

**A.  JURISDICTION AND SERVICE**

Plaintiff Johnson has alleged employment-related claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), *et. seq.*), Title 1 of the Americans with Disabilities Act of 1990, (42 U.S.C. §12101, *et seq.*,) the California Fair Employment and Housing Act (California Government Code §12940, *et. seq.*) and equitable and other relief is sought under 42 U.S.C. §2000e-5(g). Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Venue is proper pursuant to 28 U.S.C. §1443 and 28 U.S.C. §1391(b)(1)(2).

All parties have been served.

**B.  FACTS AND LEGAL ISSUES**

Plaintiff Johnson is a former Chevron Environmental Management Company employee who commenced his employment with Chevron as a Procurement Specialist on August 15, 2005. Plaintiff Johnson was terminated less than one year later, on August 7, 2006. Plaintiff Johnson alleges that, during his employment, he was harassed, discriminated and retaliated against on the basis of his race and for complaining of alleged unlawful conduct.

Chevron denies each of Plaintiff Johnson's claims. Plaintiff Johnson was terminated for legitimate business reasons, including without limitation, his inability to accept instruction—including direct orders—despite repeated counseling and a prior disciplinary suspension for insubordination. Plaintiff Johnson's poor performance and insubordination occurred on multiple occasions and is well documented. In addition, Plaintiff Johnson's complaints were promptly and thoroughly investigated by Chevron's Human Resources/Employee Relations departments and were found to be without merit.

Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson also requests that the below be substituted for sentence 2 in paragraph 1:

Plaintiff Johnson was wrongfully terminated less than one year later, on August 7, 2006. Plaintiff Johnson alleges that, during his employment, he was harassed, discriminated and

retaliated against on the basis of his race, (confidential medical condition already in the Court's record) and for complaining of alleged unlawful discriminatory and retaliatory employment practices that others as well as he were being subjected to. Plaintiff Johnson also alleges that after others participated in a protected activity they were subjected to retaliation by Chevron.

Plaintiff Johnson alleges that during and after Chevron conducted its Human Resources/Employee Relations department investigations that he was subjected to further discriminatory employment practices in the form of harassment, discrimination, a hostile work environment and retaliation for participating in a protected activity that culminated in his employment being wrongfully terminated on August 7, 2006.

Chevron denies each of Plaintiff Johnson's claims and asserts that it has violated no laws with regard to Plaintiff Johnson. Moreover, Plaintiff Johnson's statements as to other employees are without foundation and personal knowledge and are also irrelevant given that this is not a representative action.

**C.    ANTICIPATED MOTIONS**

Chevron anticipates filing a Motion for Summary Judgment, or in the alternative, Summary Adjudication, following completion of non-expert discovery.

Plaintiff Johnson filed a Motion to Seal certain documents in or around January of 2008. Chevron does not oppose the sealing of the records described in Plaintiff Johnson's Motion to Seal. Plaintiff Johnson requests that the Court make a ruling on the Motion filed by Plaintiff Johnson to seal certain documents.

Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson also requests that the below be added as a new paragraph after paragraph 2:

Should the Court agree with Counsel for Chevron in its contention that Plaintiff Johnson cannot amend his pleadings by requesting such through this Statement, then Plaintiff Johnson plans to bring a Motion for Leave to Amend the Complaint after such a ruling and/or order has been issued.

**D.    PLEADINGS**

Prior to any Defendant appearing in this action, the Court, on January 15, 2008, issued a

1  stay of all proceedings pending appointment of counsel for Plaintiff Johnson. However, recently, in
2  the Court's March 24, 2008, Order scheduling a CMC and requiring the parties to submit a Joint
3  Case Management Statement, the Court stated it is necessary for this matter—pending since
4  November 14, 2007—to proceed although Plaintiff Johnson has not yet obtained an attorney. In
5  addition, in its subsequent April 1, 2008, Order the Court specifically stated that no further
6  continuances would be granted. Accordingly, given the Court' Order that the parties file the
7  requested Statement, it is Chevron's understanding that the stay of proceedings has been lifted. As
8  a result, and given that this matter has already been pending for approximately five months,
9  Chevron filed an Answer to Plaintiff Johnson's November 14, 2007 Complaint. Indeed, without
10 this initial appearance, Chevron would not be able to submit this Statement.

11    Plaintiff Johnson asserts that he has not obtained counsel, but is still engaged in
12 conversations with the California Bar Association of San Francisco, Volunteer Legal Service
13 Program ("BASF") to find counsel through the Federal Pro Bono Program. Likewise, the BASF
14 on Wednesday, April 9, 2008, has informed Plaintiff Johnson that they are still actively searching
15 for counsel for Plaintiff Johnson. On Friday, April 11, 2008, the BASF contacted Plaintiff Johnson
16 and put him into contact with a firm that is currently reviewing Plaintiff Johnson's case. Plaintiff
17 Johnson will report any substantive status on this matter to the Court as soon as such becomes
18 available.

19 **E.    AMENDMENT OF PLEADINGS**

20    Plaintiff Johnson recently agreed to dismiss certain previously named Defendants,
21 specifically, Chevron Corporation Long-Term Disability Plan Organization, Catherine Drew,
22 Kathryn M. Gallacher, Susan J. Solger, Sellers Stough, Krystal Tran, Debbie Wong and Gary A.
23 Yamshita, without prejudice, leaving only Chevron Corporation and Chevron Environmental
24 Management Company as the Defendants in this action. Plaintiff Johnson also agreed to dismiss
25 his U.S.C. 42 section 1983 claims against all Defendants. The Court entered an Order in
26 conformity with this Stipulation on April 1, 2008.
27    Plaintiff Johnson has informed Counsel for Chevron that he will amend the Complaint to
28 re-add Chevron Corporation Long-Term Disability Plan Organization and the previously named

-4-

but dismissed individual employees as Defendants and to assert a new claim pursuant to 42 U.S.C. section 1981, within sixty (60) days from the date of the CMC.

Chevron contends that, pursuant to Federal Rules of Civil Procedure, Rule 15(a), Plaintiff Johnson must formally seek leave of court by filing a Motion to Amend, which Chevron will oppose.

Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson also requests that the below be added at the end of paragraph 2:

Based on Plaintiff Johnson's notification to Counsel for Chevron prior to dismissing the employees and Chevron Corporation Long-Term Disability Plan Organization, Plaintiff Johnson informed Counsel for Chevron that he had incorrectly cited a 42 U.S.C. § 1983 claim and did not exhaust his administrative remedies under Title VII and section 12101, et seq. before naming these Defendants in this case. In the interest to save the parties and this Court time, Plaintiff Johnson voluntarily agreed to dismiss these Defendants to streamline the case for settlement purposes. Plaintiff Johnson contends that Counsel for Chevron agreed with Plaintiff Johnson dismissing the Defendants and the parties initiated the process of dismissing these Defendants with the agreement that Plaintiff Johnson could amend his Complaint at a later date. *See* April 1, 2008, Stipulation filed with the Court.

Prior to the Stipulation, Plaintiff Johnson informed Counsel for Chevron that he had planned on amending the Complaint on April 1, 2008, to remove the employees, Chevron Corporation Long-Term Disability Plan Organization as well as to bring a 42 U.S.C. § 1981 claims against these Defendants by amending the Complaint. In an attempt to revoke its agreement with Plaintiff Johnson, Counsel for Chevron filed its Answer with the Court on April 10, 2008. After doing so, Counsel for Chevron wants to cry foul and state that they will oppose such a Motion for Leave to Amend the Complaint by Plaintiff Johnson. Plaintiff Johnson further contends that such a Motion for Leave to Amend the Complaint is governed by FRCP 15 and given such, Plaintiff Johnson makes such a request to the Court to amend the Complaint in the Statement. Plaintiff Johnson states that pursuant to FRCP 15, "[t]he Court should freely give leave when justice so requires." Plaintiff Johnson will also amend his 42 U.S.C. § 2000(e), *et seq.* and Cal. Gov't Code §

12940, *et. seq.* claims.

In response to the preceding paragraph, Chevron responds that it **never** waived its right to oppose any attempt by Plaintiff Johnson to amend his pleadings. Indeed, to do so would be nonsensical as certainly, Chevron would not agree to simply give Plaintiff Johnson a blanket right to amend his pleadings in any manner without opposition from Chevron. Rather, the referenced Stipulation simply states that Plaintiff Johnson's voluntary dismissal was made without prejudice. Moreover, Chevron does not seek to "revoke its agreement with Plaintiff Johnson." Indeed, Plaintiff Johnson's election to voluntarily dismiss his section 1983 claim and the individually named Defendants (because Chevron was in the process of preparing a Motion to Dismiss this claim and individuals) did not require ANY agreement from Chevron. Any plaintiff can dismiss any claims and any parties at any time without the opposing party's agreement. Rather, Chevron's agreement in the Stipulation pertained to its agreeing to Plaintiff Johnson's request that the Court continue the date of the Case Management Conference, and nothing else. Finally, Chevron's Opposition to any attempt by Plaintiff Johnson to amend his pleadings will provide ample legal and factual bases as to why this is not a situation where a liberal pleading standard should be applied or where "justice" requires the granting of leave to amend.

F.  **EVIDENCE PRESERVATION**

On or around November 13, 2007, Plaintiff Johnson directed an email to Chevron making a Request for Preservation Order on all documents, emails, voice mail, and other electronically-recorded material pertaining to this action. Plaintiff Johnson has preserved whatever evidence that he has in his possession.

Even prior to Plaintiff Johnson's request, and in conformity with Chevron's policies and procedures regarding the preservation of records, Chevron preserved all pertinent documents in its possession, custody or control. Indeed, Chevron has already produced approximately 9,000 documents requested by Plaintiff Johnson in his separately pending Workers Compensation action.

Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson also requests that the below be substituted for the last sentence in paragraph 1:

Plaintiff Johnson has preserved whatever evidence he has in his possession, custody and/or

1  control after being directed on November 13, 2007, to do so by in-house counsel for Chevron.

2        Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson
3  also request that the below be added at the end of paragraph 2:

4        While Chevron has produced to date in the Workers' Compensation administrative
5  proceeding 8,800 documents pursuant to the Honorable Alvin R. Webber's August 7, 2007, Order,
6  the Order called for 31 categories to be produced by Chevron, in which only 2 categories are
7  related to this case.

8        Chevron responds that the documents produced pertained to Plaintiff Johnson's
9  employment and termination, as well as the alleged disability, which are part of this action, and as
10 such, all relate to Plaintiff Johnson's claims in this case. Although Plaintiff Johnson was employed
11 for less than one year, Chevron produced approximately 9,000 documents, including the desk files
12 of Plaintiff's supervisor(s), the HR/Employee relations records evidencing the investigations into
13 Plaintiff Johnson's unsubstantiated complaints, Plaintiff Johnson's performance and termination
14 related documents and email communications related to Plaintiff Johnson, and it is unlikely that
15 Chevron will have much more to produce in response to any discovery requests in this matter.
16 Moreover, given the breadth of the documents previously produced, this further supports
17 Chevron's position that this case can be ready for trial by April 2009.

18 **G.    INITIAL DISCLOSURES**

19       The parties shall make initial disclosures at or within fourteen days after the April 24, 2008,
20 Case Management Conference or within twenty-one (21) days of any alternate date that may be
21 ordered by the Court.

22 **H.    DISCOVERY**

23       This case is in its early stages of litigation and, in fact, Chevron has just appeared. No initial
24 disclosures have been made. The parties will seek discovery of the facts and documents underlying
25 their respective contentions and allegations.

26       Neither party anticipates the need for any limitations or changes regarding discovery.

27       **1. Depositions**: Chevron anticipates taking less than 5 depositions total. Plaintiff Johnson
28 anticipates taking 20-30 depositions total. Many of these depositions will likely take no more then

-7-
PARTIES' JOINT CASE MANAGEMENT STATEMENT
Case No. C 07-05756 WHA (JCS)

two (2) to three (3) hours and can be coordinated so as to complete multiple witnesses in a single day. Plaintiff Johnson plans to transmit an initial list of the names of the witnesses prior to attempting to schedule such depositions with Counsel for Chevron. Given Plaintiff Johnson's work schedule, limited vacation and sick time, Plaintiff Johnson respectfully requests that Counsel for Defendant try to schedule depositions on Saturdays, with Sundays as a last resort for such depositions to take place. Such an effort by Counsel for Chevron will lead the party's to getting to the facts of this case for possible settlement or even trial.

Chevron contends that Plaintiff Johnson's anticipated effort to take "20-30" depositions exceeds the limits for discovery. Any effort by Plaintiff Johnson to obtain discovery beyond the allowable scope defined by the Federal Rules of Civil Procedure will be met by the prompt filing of a Motion for Protective Order. Moreover, while Chevron is amenable to coordinating the scheduling of proceedings with Plaintiff Johnson to the extent reasonably possible, neither Chevron nor its employees have any duty to appear for depositions on weekends and in fact, weekend depositions are expressly precluded by discovery rules.

**2. Written Discovery:** Each party intends to serve written discovery. Chevron anticipates serving Interrogatories, Requests for Production, Requests for Admission, as well as issuing subpoenas for production of Plaintiff Johnson's medical and psychological records. Plaintiff Johnson intends to serve Requests for Production, Requests for Admissions and Interrogatories as well as issuing subpoenas for production of some if not all of the additionally added defendants' medical, psychological and employment records.

## I. RELATED CASES

Plaintiff Johnson contends that there is a related case that is before the Honorable Alvin R. Webber entitled Samuel B. Johnson III v. Chevron Corporation, et al., State of California, Department of Industrial Relations, Division of Workers' Compensation, Workers' Compensation Appeal Board, Case No. STK 0206833. This administrative proceeding involves claims of discrimination for filing an on-line work related injury claim form on or around May 26, 2006, filing a Workers' Compensation claim on or around July 12, 2006, that the work restrictions imposed by the doctor that Chevron sent Plaintiff Johnson too were objected to after Plaintiff

Johnson was informed that Chevron had agreed to such, that the Applicant was subjected to discrimination due to his confidential medical condition that is in the Court's record and that the Applicant's employment was wrongfully terminated on August 7, 2006 due to such. In order to address these claims, the Applicant filed an Application for Discrimination Benefits Pursuant to Labor Code Section 132A, an Application for Benefits for Serious and Willful Misconduct of Employer, (collectively the "Applications") and a psychiatric injury claim. Plaintiff Johnson would like to inform the Court that the administrative proceeding before the Honorable Alvin R. Webber commenced in or around November of 2006. That the parties are in what this administrative proceeding calls the pre Declaration of Readiness investigation stage. Plaintiff Johnson also would like to inform this Court that he anticipates a hearing/trial to occur in April of 2009, after filing a February 2, 2009, Declaration of Readiness to Proceed. Plaintiff Johnson further informs this Court that such was clearly communicated to Counsel for Chevron after the parties' meet and confer regarding preparing a Statement for submittal to the Court. Now Counsel for Chevron wants to try to set an April 2009, trial date in this case as well.

As it pertains to the Applications, the Applicant seeks relief under California Fair Employment and Housing Act, Cal. Gov't Code § 12940, *et seq.*, Title I of the Americans with Disabilities Act of 1990, as amended and Cal. Lab. Code §§ 3208.1 and 3208.3, *et seq.*

In response to the above, Chevron contends that Plaintiff Johnson did advise Chevron that he anticipated a hearing in his Workers' Compensation action "next year." Counsel for Chevron requests an April 2009 trial date in this Federal action because that is 12 months from the date of this Statement and Chevron believes that is ample time to bring this case to trial. Moreover, it is unclear and unknown upon what information or basis Plaintiff Johnson is able to determine that his Workers' Compensation hearing will occur in April 2009 when indeed, the Administrative Judge in that matter has not even made this determination given that no Declaration of Readiness to Proceed (which triggers the setting of the Workers' Compensation trial date) has been filed and Plaintiff Johnson does not anticipate filing said Declaration for another ten months.

**J.   SETTLEMENT AND ADR**

This case has been previously mediated through the Equal Employment Opportunity

-9-

PARTIES' JOINT CASE MANAGEMENT STATEMENT
Case No. C 07-05756 WHA (JCS)

Commission, San Francisco Division mediation program in January of 2007. The parties are willing to participate in mediation through the Court's mediation program and services. However, Chevron requests that, in order to have a meaningful mediation, the Court *not* order mediation to be completed until the parties have completed non-expert discovery (i.e., the date of discovery cut-off). Should the Court also schedule a Settlement Conference at or near the date of trial, Chevron will stipulate to the trial judge acting as the settlement judge.

Plaintiff Johnson requests the following ADR schedule: The Court has already set this case for its Alternative Dispute Resolution Multi-Option Program pursuant to ARD Local Rule 3. In accordance with those rules and Court imposed deadlines, Plaintiff Johnson respectfully requests that this matter be set for ADR pursuant to those Court imposed deadline. After the parties have selected the type of ADR process then (90) days from the date of the order referring the case to an ADR process, unless otherwise ordered by the Court. Plaintiff Johnson contends that he dismissed all of the previously named Defendants with the exception of Chevron Corporation and Chevron Environmental Management Company in good faith that this would streamline this case for settlement through discussions with Counsel for Chevron leading up to the ADR selection process. The parties even discussed having settlement discussions outside of the Court.

Plaintiff Johnson also requests that the Court order another mediation session when non-expert discovery has been completed (i.e., the date of discovery cut-off). Should the Court also schedule a Settlement Conference at or near the date of trial, Plaintiff Johnson requests that any settlement discussion be set before the Honorable William H. Alsup.

Chevron asserts that settlement was never discussed with Plaintiff Johnson in relation to Chevron's request that Plaintiff Johnson voluntarily dismiss his 42 U.S.C. section 1983 claim (which cannot be asserted against private entities) and voluntarily dismiss all individually named employees. Rather, Chevron advised Plaintiff Johnson—just as it informed the Court in early correspondence, even prior to Chevron communicating with Plaintiff Johnson regarding this action—that it would file a Motion to Dismiss the section 1983 claims and all Defendants other than Chevron Corporation and Chevron Environmental Management Company. Indeed, it was this anticipated Motion to Dismiss which caused Plaintiff Johnson to request the Court's assistance in

-10-

obtaining an attorney and resulted in the lengthy stay of proceedings. If necessary, Chevron will produce to the Court as Exhibits in support of its anticipated Opposition to any effort by Plaintiff Johnson to amend his Complaint, written correspondence between Counsel for Chevron and Plaintiff Johnson (as well as Plaintiff Johnson's representative) wherein the issue of a voluntary dismissal was discussed, and there is **no mention** of settlement related to that dismissal. Rather, the dismissal was always requested simply to streamline the issues, avoid a Motion to Dismiss, and simplify matters for the parties and the Court.

Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson also requests that the below be substituted for paragraph 2:

Plaintiff Johnson even informed Counsel for Chevron that if they were serious about settlement of this case that they should begin the process immediately. Plaintiff Johnson further contends that he provided Counsel for Chevron with 45 days to try an reach an early settlement or he would proceed with amending the Complaint by asserting the correct claim of 42 U.S.C. § 1981 against the individual employees and Chevron Corporation Long-Term Disability Plan Organization. Now Counsel for Chevron wants to state that the parties did not have such a discussion. If needed, Plaintiff Johnson will produce emails to show the Court that the parties had such discussions before the stipulation was executed and put before the Court for review and implementation.

Plaintiff Johnson asserts that he believes that this matter can be settled through the ADR process and therefore requests that this Court order the parties to provide to it a list of the key discovery and/or types of discovery that will assist the parties in reaching a settlement in this matter. Such a list should be served on each party and filed with the Court within ten days from the date of the April 24, 2008, CMC.

**K.   CONSENT TO MAGISTRATE JUDGE**

Chevron does not consent to have a magistrate judge conduct all further proceedings in this matter, including trial and entry of judgment.

Plaintiff Johnson is open to having a magistrate judge conduct all further proceedings in this matter, including trial and entry of judgment. However, such will be discussed further with

potential BASF court appointed representation. At such time, Plaintiff Johnson will advise the Court of where he stands at on this issue at the April 24, 2008, CMC

**L.   EXPEDITED SCHEDULE**

As set forth below, Chevron proposes a trial date of April 2009, while Plaintiff Johnson proposes a trial date of April or June 2010.

**M.   SCHEDULING**

**1. Trial:** Chevron proposes April 2009, as the trial date in this matter. Chevron contends that this case has already been pending for five months, will have been pending for seventeen months by April 2009, and that the issues are not complex or complicated. Moreover, litigation is always burdensome and Chevron asserts that burden upon Plaintiff Johnson is not a sufficient basis for further protracting this litigation.

Plaintiff Johnson disagrees with Chevron's proposal and requests the following: Plaintiff Johnson proposes a trial date of April or June of 2010. Chevron's proposed schedule for a trial sets this matter on a fastrak schedule. Given Plaintiff Johnson's work schedule, such a trial date of April 2009 is unattainable in order to arrange to take depositions, to interview witnesses, which may include some of Chevron's executives, Human Resources personnel in California and Texas and various employees in California and Texas. An April 2009, trial date as proposed by Counsel for Chevron places an undue burden on Plaintiff Johnson, which could deny him his due process and a fair trial. Plaintiff Johnson also informed Counsel for Chevron during the week of April 7, 2008, that he planned to pursue various areas of discovery in order to prove his claims asserted in this case. Such a request for this discovery could not be conducted with an April 2009, trial date. Plaintiff Johnson further contends that this case has not been pending for five months as asserted by Counsel for Chevron. The parties began preparing for a meet and confer regarding initial disclosures, early settlement, ADR process selection, and discovery plan in early January 2008, before the Honorable William H. Alsup issued his January 15, 2008, stay of proceedings. Plaintiff Johnson further contends that the parties also had discussions in early and late December of 2007, regarding waiver of service of the Complaint.

Therefore, Counsel for Chevron's contention that this case has been pending for five

months is incorrect and without merit.

In response, Chevron contends that a mere cursory review of the Court's files reveals that Plaintiff Johnson filed this action 5 months ago, in November 2007. Thus, in fact, this case has been pending for that period of time. Moreover, as indicated by Plaintiff Johnson's proposed discovery plan, Plaintiff Johnson intends to exceed the limits of discovery, particularly as to depositions. One is not deprived of "due process" because they are denied the opportunity to take discovery which is precluded, as a matter of law, by the Federal Rules of Civil Procedure. Moreover, as noted above, it is questionable as to what discovery Plaintiff Johnson would seek that cannot be completed in time for an April 2009 trial date given that Chevron has previously produced 9,000 documents to Plaintiff Johnson in his Workers' Compensation action which also pertain to this Federal action.

**2. Final Pretrial Conference:** The parties request that the Court schedule the Final Pretrial Conference pursuant to the Court's typical scheduling procedures, once all parties have appeared and the Court has set a trial date.

**3. Discovery Cut-Off:** The parties request that the Court schedule the Discovery Cut-Off date pursuant to the Court's typical scheduling procedures, once all parties have appeared and the Court has set a trial date.

**4. Law and Motion Cut-Off:** The parties request that the Court schedule the Law and Motion Cut-Off date pursuant to the Court's typical scheduling procedures, once all parties have appeared and the Court has set a trial date.

**5. Expert Discovery:** The parties request that the Court schedule the dates for disclosure of expert witnesses and completion of expert witness discovery pursuant to the Court's typical scheduling procedures, once all parties have appeared and the Court has set a trial date.

**N.    TRIAL ESTIMATE**

Chevron's preliminary trial estimate is ten to twelve days. Plaintiff Johnson estimates preliminary trial estimate is twelve to fifteen days.

**O.    DISCLOSURE OF INTERESTED ENTITIES OR PERSONS**

Chevron U.S.A. Inc., of which Chevron Environmental Management Company is a

1  division, has an interest in this litigation.

2  Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson
3  also requests that the below be added after paragraph 1:

4  In addition to these Defendants, Plaintiff Johnson contends that Chevron Corporation Long-
5  Term Disability Plan Organization, Catherine Drew, Kathryn M. Gallacher, Susan J. Solger, Sellers
6  Stough, Krystal Tran, Debbie Wong and Gary A. Yamshita and DOES 1-10 have an interest in this
7  litigation. Chevron disputes this as these individuals are not parties to this action at this time given
8  that they were voluntarily dismissed by Plaintiff Johnson.

9  **P.   OTHER MATTERS**

10  Conflict of Interest:

11  Plaintiff Johnson filed a Notice of Potential Conflict of Interest with the Court on or around
12  January 7, 2008. Counsel for Chevron provided a reply on or around January 14, 2008, pursuant to
13  the Court's January 8, 2008, Order.  Plaintiff Johnson respectfully requests that the Court provide
14  on the record its position as it pertains to this particular subject matter.

15  In response, Chevron contends Plaintiff Johnson has not filed a Motion asking that the
16  Court recuse itself and there is no indication that there is any existence of bias or prejudice such
17  that this Court should even consider recusal. Indeed, Plaintiff Johnson himself confirmed the
18  Court's ability to continue to preside over this matter in his January 7, 2008, Notice wherein he
19  stated, in conclusion, that he did not believe this Court was biased or prejudiced and that he was
20  not seeking recusal.

21  Stipulated and/or Protective Order: Plaintiff Johnson contends that there is a need for a
22  Protective Order to protect his confidential medical and private information from being further
23  disseminated.  Given such, Plaintiff Johnson requests that the Court either direct the parties to try
24  an negotiate a Stipulated Protective Order and submit such to this Court within ten days from the
25  April 24, 2008, CMC or Plaintiff Johnson can file with the Court and serve on all parties his
26  version of a Protective Order for this Court's approval.

27  ///
28  ///

DATED: April 15, 2008　　　　　FILICE BROWN EASSA & McLEOD LLP

　　　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　　　　　ROBERT D. EASSA
　　　　　　　　　　　　　　　　　　DELIA A. ISVORANU
　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　Chevron Corporation and
　　　　　　　　　　　　　　　　　　Chevron Environmental Management
　　　　　　　　　　　　　　　　　　Company

DATED: April 15, 2008　　　　　PLAINTIFF - *IN PRO SE*

　　　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　　　　　SAMUEL BERNARD JOHNSON III