1  ROBERT D. EASSA (SBN: 107970)
   DELIA A. ISVORANU (SBN: 226750)
2  **FILICE BROWN EASSA & McLEOD LLP**
   1999 Harrison Street, 18th Floor
3  Tel: (510) 444-3131
   Fax: (510) 839-7940
4
   Attorneys for Defendants
5

6  SAMUEL BERNARD JOHNSON III
   4420 Abruzzi Circle
7  Stockton, California 95206
   (209) 982-5904
8
   Plaintiff - *In Pro Se*
9

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13              **SAN FRANCISCO DIVISION**

14

15  SAMUEL BERNARD JOHNSON III,         )   Case No. C 07-05756 SI
                                        )
16          Plaintiff,                  )
                                        )   **JOINT CASE MANAGEMENT**
17      v.                              )   **STATEMENT**
                                        )
18  CHEVRON CORPORATION. a Delaware     )
    corporation and CHEVRON             )
19  ENVIRONMENTAL MANAGEMENT            )
    COMPANY, a California Corporation and )
20  DOES 1-10,                          )
                                        )
21          Defendants.                 )
                                        )
22                                      )
                                        )
23  _____    )

24

25      Defendants Chevron Corporation and Chevron Environmental Management Company

26  (collectively "Chevron"), represented by Filice Brown Eassa & McLeod LLP ("Counsel for

27  Chevron"), and Plaintiff Samuel Bernard Johnson III ("Plaintiff Johnson"), Plaintiff Johnson

28  appearing *in pro se*, in response to the Court's April 30, 2008, Order scheduling a further Case

1   Management Conference ("CMC") for May 16, 2008, and requiring the parties to submit a Joint

2   Case Management Statement ("Statement") by Friday, May 9, 2008, hereby submit the following

3   Statement pursuant to Federal Rules of Civil Procedure, rule 26(f):

4   **A.    JURISDICTION AND SERVICE**

5        Plaintiff Johnson has alleged employment-related claims under Title VII of the Civil Rights

6   Act of 1964 (42 U.S.C. § 2000(e), *et. seq.*), Title I of the Americans with Disabilities Act of 1990,

7   (42 U.S.C. § 12101, *et seq.*,) the California Fair Employment and Housing Act (California

8   Government Code § 12940, *et. seq.*) and equitable and other relief is sought under 42 U.S.C.

9   §2000e-5(g).  Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Venue is

10  proper pursuant to 28 U.S.C. §1443 and 28 U.S.C. §1391(b)(1)(2).

11       All parties have been served.

12  **B.    FACTS AND LEGAL ISSUES**

13       Plaintiff Johnson is a former Chevron Environmental Management Company employee

14  who commenced his employment with Chevron as a Procurement Specialist on August 15, 2005.

15  Plaintiff Johnson was terminated less than one year later, on August 7, 2006. Plaintiff Johnson

16  alleges that, during his employment, he was harassed, discriminated and retaliated against on the

17  basis of his race and for complaining of alleged unlawful conduct.

18       Chevron denies each of Plaintiff Johnson's claims. Plaintiff Johnson was terminated for

19  legitimate business reasons, including without limitation, his inability to accept instruction—

20  including direct orders—despite repeated counseling and a prior disciplinary suspension for

21  insubordination. Plaintiff Johnson's poor performance and insubordination occurred on multiple

22  occasions and is well documented. In addition, Plaintiff Johnson's complaints were promptly and

23  thoroughly investigated by Chevron's Human Resources/Employee Relations departments and

24  were found to be without merit.

25       Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff

26  Johnson also requests that the below be substituted for sentence 2 in paragraph 1:

27       Plaintiff Johnson was wrongfully terminated less than one year later, on August 7, 2006.

28  Plaintiff Johnson alleges that, during his employment, he was harassed, discriminated and

1  retaliated against on the basis of his race, (confidential medical condition already in the Court's

2  record) and for complaining of alleged unlawful discriminatory and retaliatory employment

3  practices that others as well as he were being subjected to.  Plaintiff Johnson also alleges that after

4  others participated in a protected activity they were subjected to retaliation by Chevron.

5         Plaintiff Johnson alleges that during and after Chevron conducted its Human

6  Resources/Employee Relations department investigations that he was subjected to further

7  discriminatory employment practices in the form of harassment, discrimination, a hostile work

8  environment and retaliation for participating in a protected activity that culminated in his

9  employment being wrongfully terminated on August 7, 2006.

10         Chevron denies each of Plaintiff Johnson's claims and asserts that it has violated no laws

11  with regard to Plaintiff Johnson. Moreover, Plaintiff Johnson's statements as to other employees

12  are without foundation and personal knowledge and are also irrelevant given that this is not a

13  representative action.

14  **C.     ANTICIPATED MOTIONS**

15         Chevron anticipates filing a Motion for Summary Judgment, or in the alternative, Summary

16  Adjudication, following completion of non-expert discovery.

17         Plaintiff Johnson filed a Motion to Seal certain documents in or around January of 2008.

18  Chevron does not oppose the sealing of the records described in Plaintiff Johnson's Motion to Seal.

19  Plaintiff Johnson requests that the Court make a ruling on the Motion filed by Plaintiff Johnson to

20  seal certain documents.

21         Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson

22  also requests that the below be added as a new paragraph after paragraph 2:

23         Should the Court agree with Counsel for Chevron in its contention that Plaintiff Johnson

24  cannot amend his pleadings by requesting such through this Statement, then Plaintiff Johnson plans

25  to bring a Motion for Leave to File a First Amended Complaint after such a ruling and/or order has

26  been issued denying Plaintiff Johnson with Leave to File a First Amended Complaint as a result of

27  the parties conducting a CMC on Friday, May 16, 2008.  Plaintiff Johnson anticipates scheduling a

28  hearing for the Honorable Susan Illston to render a decision on this matter in July of 2008.

1    **D.    PLEADINGS**

2          Prior to any Defendant appearing in this action, the Court, on January 15, 2008, issued a

3    stay of all proceedings pending appointment of counsel for Plaintiff Johnson. However, recently, in

4    the Court's March 24, 2008, Order scheduling a CMC and requiring the parties to submit a Joint

5    Case Management Statement, the Court stated it is necessary for this matter—pending since

6    November 14, 2007—to proceed although Plaintiff Johnson has not yet obtained an attorney.  In

7    addition, in its subsequent April 1, 2008, Order the Court specifically stated that no further

8    continuances would be granted. Accordingly, given the Court' Order that the parties file the

9    requested Statement, it is Chevron's understanding that the stay of proceedings has been lifted.  As

10    a result, and given that this matter has already been pending for more than five months, Chevron

11    filed an Answer to Plaintiff Johnson's November 14, 2007 Complaint.  Indeed, without this initial

12    appearance, Chevron would not be able to submit this Statement.

13          Plaintiff Johnson will inform the Court and Counsel for Chevron of any substantive status

14    as it pertains to obtaining counsel for Plaintiff Johnson.  In the interim Plaintiff Johnson contends

15    that he is fully prepared to litigate this matter on behalf of himself.

16    **E.    AMENDMENT OF PLEADINGS**

17          Plaintiff Johnson recently agreed to dismiss certain previously named Defendants,

18    specifically, Chevron Corporation Long-Term Disability Plan Organization, Catherine Drew,

19    Kathryn M. Gallacher, Susan J. Solger, Sellers Stough, Krystal Tran, Debbie Wong and Gary A.

20    Yamshita, without prejudice, leaving only Chevron Corporation and Chevron Environmental

21    Management Company as the Defendants in this action.  Plaintiff Johnson also agreed to dismiss

22    his U.S.C. 42 section 1983 claims against all Defendants.  The Court entered an Order in

23    conformity with this Stipulation on April 1, 2008.

24          Plaintiff Johnson has informed Counsel for Chevron that he will amend the Complaint to

25    re-add Chevron Corporation Long-Term Disability Plan Organization and the previously named

26    but dismissed individual employees as Defendants and to assert a new claim pursuant to 42 U.S.C.

27    section 1981, within sixty (60) days from the date of the CMC.

28          Chevron contends that, pursuant to Federal Rules of Civil Procedure, Rule 15(a), Plaintiff

1  Johnson must formally seek leave of court by filing a Motion to Amend, which Chevron will
2  oppose.

3         Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson
4  also requests that the below be added at the end of paragraph 2:

5         Based on Plaintiff Johnson's notification to Counsel for Chevron prior to dismissing the
6  employees and Chevron Corporation Long-Term Disability Plan Organization, Plaintiff Johnson
7  informed Counsel for Chevron that he had incorrectly cited a 42 U.S.C. § 1983 claim and did not
8  exhaust his administrative remedies under Title VII and section 12101, et seq. before naming these
9  Defendants in this case.  In the interest to save the parties and this Court time, Plaintiff Johnson
10 voluntarily agreed to dismiss these Defendants to streamline the case for settlement purposes.
11 Plaintiff Johnson contends that Counsel for Chevron agreed with Plaintiff Johnson dismissing the
12 Defendants and the parties initiated the process of dismissing these Defendants with the agreement
13 that Plaintiff Johnson could amend his Complaint at a later date. *See* April 1, 2008, Stipulation
14 filed with the Court.

15        Prior to the Stipulation, Plaintiff Johnson informed Counsel for Chevron that he had
16 planned on amending the Complaint on April 1, 2008, to remove the employees, Chevron
17 Corporation Long-Term Disability Plan Organization as well as to bring a 42 U.S.C. § 1981 claims
18 against these Defendants by amending the Complaint.  In an attempt to revoke its agreement with
19 Plaintiff Johnson, Counsel for Chevron filed its Answer with the Court on April 10, 2008.  After
20 doing so, Counsel for Chevron wants to cry foul and state that they will oppose such a Motion for
21 Leave to Amend the Complaint by Plaintiff Johnson.  Plaintiff Johnson further contends that such a
22 Motion for Leave to Amend the Complaint is governed by FRCP 15 and given such, Plaintiff
23 Johnson makes such a request to the Court to amend the Complaint in the Statement.  Plaintiff
24 Johnson states that pursuant to FRCP 15, "[t]he Court should freely give leave when justice so
25 requires."  Plaintiff Johnson will also amend his 42 U.S.C. § 2000(e), *et seq.* and Cal. Gov't Code §
26 12940, *et. seq.* claims.

27        In response to the preceding paragraph, Chevron responds that it **never** waived its right to
28 oppose any attempt by Plaintiff Johnson to amend his pleadings. Indeed, to do so would be

1    nonsensical as certainly, Chevron would not agree to simply give Plaintiff Johnson a blanket right

2    to amend his pleadings in any manner without opposition from Chevron. Rather, the referenced

3    Stipulation simply states that Plaintiff Johnson's voluntary dismissal was made without prejudice.

4    Moreover, Chevron does not seek to "revoke its agreement with Plaintiff Johnson." Indeed,

5    Plaintiff Johnson's election to voluntarily dismiss his section 1983 claim and the individually

6    named Defendants (because Chevron was in the process of preparing a Motion to Dismiss this

7    claim and individuals) did not require ANY agreement from Chevron. Any plaintiff can dismiss

8    any claims and any parties at any time without the opposing party's agreement. Rather, Chevron's

9    agreement in the Stipulation pertained to its agreeing to Plaintiff Johnson's request that the Court

10   continue the date of the Case Management Conference, and nothing else. Finally, Chevron's

11   Opposition to any attempt by Plaintiff Johnson to amend his pleadings will provide ample legal and

12   factual bases as to why this is not a situation where a liberal pleading standard should be applied or

13   where "justice" requires the granting of leave to amend.

14   **F.    EVIDENCE PRESERVATION**

15        On or around November 13, 2007, Plaintiff Johnson directed an email to Chevron making a

16   Request for Preservation Order on all documents, emails, voice mail, and other electronically-

17   recorded material pertaining to this action.  Plaintiff Johnson has preserved whatever evidence that

18   he has in his possession.

19        Even prior to Plaintiff Johnson's request, and in conformity with Chevron's policies and

20   procedures regarding the preservation of records, Chevron preserved all pertinent documents in its

21   possession, custody or control.  Indeed, Chevron has already produced approximately 9,000

22   documents requested by Plaintiff Johnson in his separately pending Workers Compensation action.

23        Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson

24   also requests that the below be substituted for the last sentence in paragraph 1:

25        Plaintiff Johnson has preserved whatever evidence he has in his possession, custody and/or

26   control after being directed on November 13, 2007, to do so by in-house counsel for Chevron.

27        Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson

28   also requests that the below be added at the end of paragraph 2:

1    While Chevron has produced to date in the Workers' Compensation administrative

2    proceeding 8,800 documents pursuant to the Honorable Alvin R. Webber's August 7, 2007, Order,

3    the Order called for 31 categories to be produced by Chevron, in which only 2 categories are

4    related to this case.   Plaintiff Johnson contends that he informed Counsel for Chevron in April of

5    2008, that he would seek additional discovery beyond what he requested in the Workers'

6    Compensation administrative proceeding given the fact that Plaintiff Johnson plans on amending

7    the Complaint.  Even if Plaintiff Johnson did not amend the Complaint, Plaintiff Johnson would

8    seek additional discovery beyond what was requested in the Workers' Compensation

9    administrative proceeding to properly prove the claims that he has asserted in this case.

10    Chevron responds that the documents produced pertained to Plaintiff Johnson's

11    employment and termination, as well as the alleged disability, which are part of this action, and as

12    such, all relate to Plaintiff Johnson's claims in this case. Although Plaintiff Johnson was employed

13    for less than one year, Chevron produced approximately 9,000 documents, including the desk files

14    of Plaintiff's supervisor(s), the HR/Employee relations records evidencing the investigations into

15    Plaintiff Johnson's unsubstantiated complaints, Plaintiff Johnson's performance and termination

16    related documents and email communications related to Plaintiff Johnson, and it is unlikely that

17    Chevron will have much more to produce in response to any discovery requests in this matter.

18    Moreover, given the breadth of the documents previously produced, this further supports

19    Chevron's position that this case can be ready for trial by April 2009.

20    **G.    INITIAL DISCLOSURES**

21    The parties shall exchange initial disclosures on Friday, May 23, 2008.

22    **H.    DISCOVERY**

23    This case is in its early stages of litigation and, in fact, Chevron has just appeared. No initial

24    disclosures have been made. The parties will seek discovery of the facts and documents underlying

25    their respective contentions and allegations. Neither party anticipates the need for any limitations

26    or changes regarding discovery.

27    **1. Depositions**: Chevron anticipates taking less than 5 depositions total. Plaintiff Johnson

28    anticipates taking 20-30 depositions total.  Many of these depositions will likely take no more then

1  two (2) to three (3) hours and can be coordinated so as to complete multiple witnesses in a single

2  day. Plaintiff Johnson plans to transmit an initial list of the names of the witnesses prior to

3  attempting to schedule such depositions with Counsel for Chevron. Given Plaintiff Johnson's work

4  schedule, limited vacation and sick time, Plaintiff Johnson respectfully requests that Counsel for

5  Defendant try to schedule depositions on Saturdays, with Sundays as a last resort for such

6  depositions to take place. Such an effort by Counsel for Chevron will lead the party's to getting to

7  the facts of this case for possible settlement or even trial.

8        Chevron contends that Plaintiff Johnson's anticipated effort to take "20-30" depositions

9  exceeds the limits for discovery. Any effort by Plaintiff Johnson to obtain discovery beyond the

10  allowable scope defined by the Federal Rules of Civil Procedure will be met by the prompt filing

11  of a Motion for Protective Order. Moreover, while Chevron is amenable to coordinating the

12  scheduling of proceedings with Plaintiff Johnson to the extent reasonably possible, neither Chevron

13  nor its employees have any duty to appear for depositions on weekends and in fact, weekend

14  depositions are expressly precluded by discovery rules.

15        **2. Written Discovery:** Each party intends to serve written discovery. Chevron anticipates

16  serving Interrogatories, Requests for Production, Requests for Admission, as well as issuing

17  subpoenas for production of Plaintiff Johnson's medical and psychological records. Plaintiff

18  Johnson intends to serve Requests for Production, Requests for Admissions and Interrogatories as

19  well as issuing subpoenas for production of some if not all of the additionally added defendants'

20  medical, psychological and employment records.

21  **I.    RELATED CASES**

22        Plaintiff Johnson contends that there is a related case that is before the Honorable Alvin R.

23  Webber entitled Samuel B. Johnson III v. Chevron Corporation, et al., State of California,

24  Department of Industrial Relations, Division of Workers' Compensation, Workers' Compensation

25  Appeal Board, Case No. STK 0206833. This administrative proceeding involves claims of

26  discrimination for filing an on-line work related injury claim form on or around May 26, 2006,

27  filing a Workers' Compensation claim on or around July 12, 2006, that the work restrictions

28  imposed by the doctor that Chevron sent Plaintiff Johnson too were objected to after Plaintiff

1   Johnson was informed that Chevron had agreed to such, that the Applicant was subjected to

2   discrimination due to his confidential medical condition that is in the Court's record and that the

3   Applicant's employment was wrongfully terminated on August 7, 2006 due to such.  In order to

4   address these claims, the Applicant filed an Application for Discrimination Benefits Pursuant to

5   Labor Code Section 132A, an Application for Benefits for Serious and Willful Misconduct of

6   Employer, (collectively the "Applications") and a psychiatric injury claim.  Plaintiff Johnson

7   would like to inform the Court that the administrative proceeding before the Honorable Alvin R.

8   Webber commenced in or around November of 2006.  That the parties are in what this

9   administrative proceeding calls the pre Declaration of Readiness investigation stage.  Plaintiff

10  Johnson also would like to inform this Court that he anticipates a hearing/trial to occur in April of

11  2009, after filing a February 2, 2009, Declaration of Readiness to Proceed.  Plaintiff Johnson

12  further informs this Court that such was clearly communicated to Counsel for Chevron after the

13  parties' meet and confer regarding preparing a Statement for submittal to the Court.  Now Counsel

14  for Chevron wants to try to set an April 2009, trial date in this case as well.

15          As it pertains to the Applications, the Applicant seeks relief under California Fair

16  Employment and Housing Act, Cal. Gov't Code § 12940, *et seq.*, Title I of the Americans with

17  Disabilities Act of 1990, as amended and Cal. Lab. Code §§ 3208.1 and 3208.3, *et seq.*

18          In response to the above, Chevron contends that Plaintiff Johnson did advise Chevron that

19  he anticipated a hearing in his Workers' Compensation action "next year." Counsel for Chevron

20  requests an April 2009 trial date in this Federal action because that is 12 months from the date of

21  this Statement and Chevron believes that is ample time to bring this case to trial. Moreover, it is

22  unclear and unknown upon what information or basis Plaintiff Johnson is able to determine that his

23  Workers' Compensation hearing will occur in April 2009 when indeed, the Administrative Judge in

24  that matter has not even made this determination given that no Declaration of Readiness to Proceed

25  (which triggers the setting of the Workers' Compensation trial date) has been filed and Plaintiff

26  Johnson does not anticipate filing said Declaration for another ten months.

27  **J.      SETTLEMENT AND ADR**

28          This case has been previously mediated through the Equal Employment Opportunity

1   Commission, San Francisco Division mediation program in January of 2007. The parties are

2   willing to participate in mediation through the Court's mediation program and services. However,

3   Chevron requests that, in order to have a meaningful mediation, the Court *not* order mediation to be

4   completed until the parties have completed non-expert discovery (i.e., the date of discovery cut-

5   off). Should the Court also schedule a Settlement Conference at or near the date of trial, Chevron

6   will stipulate to the trial judge acting as the settlement judge.

7           Plaintiff Johnson requests the following ADR schedule: The Court has already set this case

8   for its Alternative Dispute Resolution Multi-Option Program pursuant to ADR Local Rule 3. In

9   accordance with those rules and Court imposed deadlines, Plaintiff Johnson respectfully requests

10  that this matter be set for ADR pursuant to those Court imposed deadlines. After the parties have

11  selected the type of ADR process then (90) days from the date of the order referring the case to an

12  ADR process, unless otherwise ordered by the Court. Plaintiff Johnson contends that he dismissed

13  all of the previously named Defendants with the exception of Chevron Corporation and Chevron

14  Environmental Management Company in good faith that this would streamline this case for

15  settlement through discussions with Counsel for Chevron leading up to the ADR selection process.

16  The parties even discussed having settlement discussions outside of the Court.

17          Plaintiff Johnson also requests that the Court order another mediation session when non-

18  expert discovery has been completed (i.e., the date of discovery cut-off). Should the Court also

19  schedule a Settlement Conference at or near the date of trial, Plaintiff Johnson requests that any

20  settlement discussion be set before the Honorable Susan Illston.

21          Chevron asserts that settlement was never discussed with Plaintiff Johnson in relation to

22  Chevron's request that Plaintiff Johnson voluntarily dismiss his 42 U.S.C. section 1983 claim

23  (which cannot be asserted against private entities) and voluntarily dismiss all individually named

24  employees. Rather, Chevron advised Plaintiff Johnson—just as it informed the Court in early

25  correspondence, even prior to Chevron communicating with Plaintiff Johnson regarding this

26  action—that it would file a Motion to Dismiss the section 1983 claims and all Defendants other

27  than Chevron Corporation and Chevron Environmental Management Company. Indeed, it was this

28  anticipated Motion to Dismiss which caused Plaintiff Johnson to request the Court's assistance in

1  obtaining an attorney and resulted in the lengthy stay of proceedings. If necessary, Chevron will

2  produce to the Court as Exhibits in support of its anticipated Opposition to any effort by Plaintiff

3  Johnson to amend his Complaint, written correspondence between Counsel for Chevron and

4  Plaintiff Johnson (as well as Plaintiff Johnson's representative) wherein the issue of a voluntary

5  dismissal was discussed, and there is **no mention** of settlement related to that dismissal. Rather, the

6  dismissal was always requested simply to streamline the issues, avoid a Motion to Dismiss, and

7  simplify matters for the parties and the Court.

8         Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson

9  also requests that the below be substituted for paragraph 2:

10        Plaintiff Johnson even informed Counsel for Chevron that if they were serious about

11  settlement of this case that they should begin the process immediately.  Plaintiff Johnson further

12  contends that he provided Counsel for Chevron with 45 days to try an reach an early settlement or

13  he would proceed with amending the Complaint by asserting the correct claim of 42 U.S.C. § 1981

14  against the individual employees and Chevron Corporation Long-Term Disability Plan

15  Organization.   Now Counsel for Chevron wants to state that the parties did not have such a

16  discussion.  If needed, Plaintiff Johnson will produce emails to show the Court that the parties had

17  such discussions before the stipulation was executed and put before the Court for review and

18  implementation.

19        Plaintiff Johnson asserts that he believes that this matter can be settled through the Court's

20  ADR process and therefore requests that this Court order the parties to provide to it a list of the key

21  discovery and/or types of discovery that will assist the parties in reaching a settlement in this

22  matter.  Such a list should be served on each party and filed with the Court within ten days from

23  the date of the Friday, May 16, 2008, CMC.  In keeping with the Court's tradition of assigning a

24  case to its Alternative Dispute Resolution Multi-Option Program, Plaintiff Johnson filed with the

25  Court on April 23, 2008, Plaintiff's Selection of ADR Process and [Proposed] Order, wherein

26  Plaintiff Johnson selected mediation as the ADR process for this case.

27  **K.    PROPOSED <u>TRIAL DATE</u>**

28        As set forth below, Chevron proposes a trial date of April 2009, while Plaintiff Johnson

1  proposes a trial date of April or June 2010.

2  **L.    SCHEDULING**

3      **1. Trial:** Chevron proposes April 2009, as the trial date in this matter. Chevron contends

4  that this case has already been pending for more than five months, will have been pending for

5  seventeen months by April 2009, and that the issues are not complex or complicated. Moreover,

6  litigation is always burdensome and Chevron asserts that burden upon Plaintiff Johnson is not a

7  sufficient basis for further protracting this litigation.

8      Plaintiff Johnson disagrees with Chevron's proposal and requests the following: Plaintiff

9  Johnson proposes a trial date of April or June of 2010.  Chevron's proposed schedule for a trial sets

10 this matter on a fastrak schedule. Given Plaintiff Johnson's work schedule, such a trial date of

11 April 2009 is unattainable in order to arrange to take depositions, to interview witnesses, which

12 may include some of Chevron's executives, Human Resources personnel in California and Texas

13 and various employees in California and Texas.  An April 2009, trial date as proposed by Counsel

14 for Chevron places an undue burden on Plaintiff Johnson, which could deny him his due process

15 and a fair trial.  Plaintiff Johnson also informed Counsel for Chevron during the week of April 7,

16 2008, that he planned to pursue various areas of discovery in order to prove his claims asserted in

17 this case.  Such a request for this discovery could not be conducted with an April 2009, trial date.

18 Plaintiff Johnson further contends that this case has not been pending for five months as asserted

19 by Counsel for Chevron.  The parties began preparing for a meet and confer regarding initial

20 disclosures, early settlement, ADR process selection, and discovery plan in early January 2008,

21 before the Honorable William H. Alsup issued his January 15, 2008, stay of proceedings.  Plaintiff

22 Johnson further contends that the parties also had discussions in early and late December of 2007,

23 regarding waiver of service of the Complaint.

24      Therefore, Counsel for Chevron's contention that this case has been pending for five

25 months is incorrect and without merit.

26      In response, Chevron contends that a mere cursory review of the Court's files reveals that

27 Plaintiff Johnson filed this action more than 5 months ago, in November 2007. Thus, in fact, this

28 case has been pending for that period of time. Moreover, as indicated by Plaintiff Johnson's

1   proposed discovery plan, Plaintiff Johnson intends to exceed the limits of discovery, particularly as

2   to depositions. One is not deprived of "due process" because they are denied the opportunity to

3   take discovery which is precluded, as a matter of law, by the Federal Rules of Civil Procedure.

4   Moreover, as noted above, it is questionable as to what discovery Plaintiff Johnson would seek that

5   cannot be completed in time for an April 2009 trial date given that Chevron has previously

6   produced 9,000 documents to Plaintiff Johnson in his Workers' Compensation action which also

7   pertain to this Federal action.

8       **2.    Final Pretrial Conference:** The parties request that the Court schedule the Final

9   Pretrial Conference pursuant to the Court's typical scheduling procedures, once all parties have

10  appeared and the Court has set a trial date.

11      **3.    Discovery Cut-Off:** The parties request that the Court schedule the Discovery Cut-

12  Off date pursuant to the Court's typical scheduling procedures, once all parties have appeared and

13  the Court has set a trial date.

14      **4.    Law and Motion Cut-Off:** The parties request that the Court schedule the Law and

15  Motion Cut-Off date pursuant to the Court's typical scheduling procedures, once all parties have

16  appeared and the Court has set a trial date.

17      **5.    Expert Discovery:** The parties request that the Court schedule the dates for

18  disclosure of expert witnesses and completion of expert witness discovery pursuant to the Court's

19  typical scheduling procedures, once all parties have appeared and the Court has set a trial date.

20  **M.    TRIAL ESTIMATE**

21      Chevron's preliminary trial estimate is ten to twelve days. Plaintiff Johnson estimates

22  preliminary trial estimate is twelve to fifteen days.

23  **N.    DISCLOSURE OF INTERESTED ENTITIES OR PERSONS**

24      As noted in Chevron's Certificate of Interested Parties, no entities other than the current

25  parties (Chevron Corporation and CEMC) have an interest in this action.

26      Plaintiff Johnson agrees somewhat with Chevron's proposal except that Plaintiff Johnson

27  also requests that the below be added after paragraph 1:

28      As noted in Plaintiff Johnson's Certificate of Interested Parties, in addition to these

1  Defendants (Chevron Corporation and Chevron Environmental Management Company), Plaintiff

2  Johnson contends that Chevron Corporation Long-Term Disability Plan Organization, Catherine

3  Drew, Kathryn M. Gallacher, Susan J. Solger, Sellers Stough, Krystal Tran, Debbie Wong and

4  Gary A. Yamshita and DOES 1-10 have an interest in this action. Chevron disputes this as these

5  individuals are not parties to this action at this time given that they were voluntarily dismissed by

6  Plaintiff Johnson.

7  **O.    OTHER MATTERS**

8      **Stipulated and/or Protective Order**

9      Plaintiff Johnson contends that there is a need for a Protective Order to protect his

10 confidential medical and private information from being further disseminated.  Given such,

11 Plaintiff Johnson requests that the Court either direct the parties to try an negotiate a Stipulated

12 Protective Order and submit such to this Court within ten days from the Friday, May 16, 2008,

13 CMC or Plaintiff Johnson can file with the Court and serve on all parties his version of a Protective

14 Order for this Court's approval.

15     **Discovery Disputes**

16     Currently Magistrate Judge Joseph C. Spero is assigned to hear all discovery disputes in

17 this case pursuant to a referral by the Honorable William H. Alsup.  See Referral to Judge Joseph

18 C. Spero for all Discovery Disputes that is on file with the Court.

19     Plaintiff Johnson respectfully requests that the Honorable Susan Illston in addition to

20 presiding over this action for all Law & Motion, trial, etc. matters, also assume the rule and

21 responsibility of addressing any discovery disputes that may arise in this matter.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

DATED:  May 9, 2008                     FILICE BROWN EASSA & McLEOD LLP

                                        By:_____/s/_____
                                            ROBERT D. EASSA
                                            DELIA A. ISVORANU

                                            Attorneys for Defendants
                                            Chevron Corporation and
                                            Chevron Environmental Management
                                            Company

DATED:  May 9, 2008                     PLAINTIFF - *IN PRO SE*


                                        By:_____/s/_____
                                            SAMUEL BERNARD JOHNSON III