**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

---

May 17, 2008

The Honorable Susan Illston
United States District Court
for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   Samuel Bernard Johnson III v. Chevron Corporation, et al. United States District Court
Northern District of California, San Francisco Division, Case No. C 07-05756 SI

Dear Honorable Susan Illston:

I write regarding three matters that were inadvertently overlooked and/or not addressed on the record during the Friday, May 16, 2008, Case Management Conference, (hereinafter referred to as the "CMC"). To ensure that these matters are fully addressed in the Court's Case Management Order, (hereinafter referred to as the "CMO"), I advised Delia A. Isvoranu of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") on May 16, 2008, that I was going to raise these matters with the Honorable Susan Illston before such a CMO was issued in the above-referenced styled action. *See* Exhibit A, May 16, 2008, Email from Plaintiff Samuel Bernard Johnson III to Counsel for Chevron. Counsel for Chevron raised no objections in its reply to me addressing these issues with the Honorable Susan Illston.

In the parties Joint CMC, the parties discussed Amendment of Pleadings at 4:16-6:13 of the Joint CMC. By way of this letter, I respectfully request a ruling from the Court as to whether or not I can amend the complaint without having to file a motion for leave to file a first amended complaint. In other words, I have requested to file a first amended complaint by requesting to do such via the Joint CMC without the need to formally seek leave from the Court pursuant to Federal Rules of Civil Procedure, Rule 15(a) based on previous discussions and agreements with Counsel for Chevron. *Id. See also* Anticipated Motions at 3:14-28 of the Joint CMC. As noted

in the Joint CMC, should the Court deny such a request, then I shall file the appropriate motion to do such as well as set a hearing for this matter in July of 2008.

The next matter that I would like to address is at Other Matters at 14:8-14 of the Joint CMC. I respectfully request that when the Court issues its CMO that it adopts my request for the time frame for the parties to negotiate a Stipulated Protective Order. If the parties are unsuccessful in agreeing to a Stipulated Protective Order, then I can file with the Court and serve on all parties my version of a protective order for the Court's review and approval. As noted at the CMC, I served on Counsel for Chevron on May 14, 2008, request for production for documents, set one and interrogatories, set one. Some of this discovery pertains to documents regarding some of Chevron Corporation's executives, which Chevron Corporation and Chevron Environmental Management Company may want to have deemed confidential. The responses to this discovery are due on June 18, 2008. At this time, I do not anticipate granting any extensions to Counsel for Chevron. Therefore, the basis and need to enact a stipulated and/or protected order is one of an urgent matter. As well, I informed Counsel for Chevron that I would be propounding request for admissions on next week. This discovery may also call for confidential information from Chevron Corporation and Chevron Environmental Management Company.

The final issue that I would like to address is at Other Matters at 14:15-21 of the Joint CMC. I respectfully request that when the Court issues its CMO that the Court remove all discovery disputes from Magistrate Judge Joseph C. Spero as previously assigned to him by the Honorable William H. Alsup's Referral that is on file with the Court and assign such discovery disputes to the Honorable Susan Illston without further delay.

Enclosing, if the Court is unable to incorporate these items into its CMO, then I respectfully request that a separate order be issued to address these matters. I would like to thank the Honorable Susan Illston in advance for her time and consideration in addressing these issues.

Respectfully submitted by,

/s/

Samuel Bernard Johnson III

Cc: Robert D. Eassa, Esq.
Delia A. Isvoranu, Esq.
Filice Brown Eassa & McCleod, LLP
1999 Harrison Street, 18th Floor
Oakland, California 94612

Attorneys for Defendants
Chevron Corporation and
Chevron Environmental Management Company

# EXHIBIT A

**Subject:** Re: Johnson v. Chevron Corporation, et al. Case No. C 07-05756 Si
**Date:** 5/16/2008 8:59:00 P.M. Pacific Daylight Time
**From:** disvoranu@filicebrown.com
**To:** BlakVIII@aol.com

Samuel,
I did not say "no" regarding experts.
Delia

-----Original Message-----
From: BlakVIII@aol.com <BlakVIII@aol.com>
To: Delia Isvoranu
CC: BlakVIII@aol.com <BlakVIII@aol.com>
Sent: Fri May 16 20:37:01 2008
Subject: Johnson v. Chevron Corporation, et al. Case No. C 07-05756 Si

Delia, this email shall be a follow-up to my voicemail message of this afternoon. First I want to clarify something that was stated on the record during the CMC. Judge Ilston asked you if you would have an expert in this case. I believe you stated no. Can you confirm such for me? During the CMC on today, there were several matters that did not get addressed and I'm going to address them via a letter (motion for miscellaneous relief) on next week to Judge Illson. I plan on asking Judge Illson to issue an order pertaining to the two (2) items in Section O of the Joint CMC. Those items being that she will hear all discovery disputes in this matter and that she adopt my suggestion for the Stipulated and/or Protective Order guidelines and dates. The final issue that I would like a ruling on is Section E - Amendment of Pleadings to determine if Judge Illston will allow the amendment of the pleadings without me having to file a motion.

As it pertains to the Stipulated Protective Order. I will send you a revised version before this weekend is up. As you are aware I have propounded discovery that is due on June 18, 2008. I do not believe that I have requested for documents pertaining to Chevron's knowledge of my confidential medical condition, but I may be incorrect in stating such in this email. Given such, a protective order needs to be taken care of rather quickly.

On next week I plan on serving the requests for admissions that will call for your clients to admit or deny certain questions as well as to admit or deny certain information in documents. These RFA's will be served on both of the Chevron entities via your office. Within the next month or so I plan on providing you with names of individuals that I will want to take depositions off, including PMK's on certain categories. I ask that flexibility be given in setting up these depositions to accommodate my schedule without the need for Court intervention in this given area.

Please also note that since I do plan on serving several sets of Roggs, RFP's and RFA's in this matter in order to substantiate the claims that I have alleged in this case.

Thanks and take care for now. Samuel

CONFIDENTIALITY NOTICE:

This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender by email and/or by telephone at (209) 470-2822 and delete the original message and any attachment(s). Thank you.

_____

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food <http://food.aol.com/dinner-tonight?NCID=aolfod00030000000001> .

*************************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
*************************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at (510) 444-3131 and delete the original message. Thank you.