

**FBE&M**
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

May 18, 2008

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue, Dept: 10, 19th Floor
San Francisco, CA 94101

    Re:    ***Samuel B. Johnson III v. Chevron Corporation, et al.***
            Northern District of California Case No. CV07-5756 SI

Dear Judge Illston:

We are in receipt of Plaintiff Samuel Johnson's ("Plaintiff") letter requesting "Miscellaneous Relief," filed yesterday, Saturday May 17, 2008, and Defendants Chevron Corporation and CEMC (collectively "Chevron") take this opportunity to respond.

*First*, as to Plaintiff's proposed Stipulated Protective Order, Chevron has been meeting and conferring with Plaintiff regarding his proposal. Thus, Chevron does not believe it is necessary for the Court to provide a timeframe given that the parties are already in the process of discussing, drafting, and reaching agreement on the form and substance of such a proposed Protective Order. Most telling in Plaintiff's letter pertaining to this Order is his statement that he does not anticipate granting Chevron extensions regarding discovery, even before such a request has been made, while he has, at the same time, requested (in the parties' Joint Case Management Statement) that Chevron grant him the courtesy of working with his schedule in scheduling the depositions *he* wishes to take, including scheduling Saturday depositions. Further, the Court should not be misled by Plaintiff's statements that he is seeking such an Order for Chevron's benefit or to guard Chevron's interests in protecting its confidential information. In fact, it is Plaintiff who seeks such a Protective Order to protect his records—which Chevron has agreed to stipulate to as a courtesy.

*Second*, as to Plaintiff's request that Your Honor also hear discovery disputes in this matter, Chevron does not object to this request.

*Finally*, and most importantly, Chevron strenuously objects, as it did in the parties' Joint Case Management Statement, to Plaintiff's attempt to circumvent the express language of Federal

LAKE MERRITT PLAZA ♦ 1999 HARRISON STREET ♦ SUITE 1800
PO BOX 70850 ♦ OAKLAND, CA 94612-0850 ♦ 510.444.3131 FAX: 510.839.7940

ONE CALIFORNIA PLAZA ♦ 300 SO. GRAND AVENUE ♦ SUITE 1400
LOS ANGELES, CA 90071-3124 ♦ 213.687.2666 FAX: 213.687.2660

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

Rules of Civil Procedure, Rule 15(a)(2) which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Chevron, having previously filed an Answer to Plaintiff's Complaint, not only does not consent to Plaintiff's anticipated amendment, but indeed, it has numerous bases on which it will oppose Plaintiff's amendment, including bad faith, among various others.

Plaintiff recently agreed to dismiss certain previously named Defendants, specifically, Chevron Corporation Long-Term Disability Plan Organization, Catherine Drew, Kathryn M. Gallacher, Susan J. Solger, Sellers Stough, Krystal Tran, Debbie Wong and Gary A. Yamshita, leaving only Chevron Corporation and Chevron Environmental Management Company as the Defendants in this action. Plaintiff also agreed to dismiss his 42 U.S.C. section 1983 claims against all Defendants. The Court entered an Order in conformity with this Stipulation on April 1, 2008.

Prior to Plaintiff agreeing to dismiss these Defendants, I personally spoke to Plaintiff on numerous occasions and exchanged more than one dozen emails back and forth explaining that Chevron would file a Motion to Dismiss these Defendants on several grounds. Plaintiff also requested that I speak to his legal representative from Lieff, Cabraser, Heimann & Bernstein, LLP (whose name I have agreed, as a courtesy, not to disclose as he subsequently advised that Lieff Cabraser had elected not to represent Plaintiff in this matter) regarding the bases for the requested dismissal. I even provided that attorney the legal authorities on which Chevron would rely in moving to dismiss these Defendants.

Thereafter, Plaintiff advised me that he would agree to voluntarily dismiss these Defendants as he acknowledged that he had not exhausted his administrative remedies prior to bringing suit against them and that he could not state a claim under section 1983 as Chevron is a private, not a public, employer. <u>Never</u>, in the dozens of telephone calls and emails (which will be attached to Defendants' Opposition to any attempt by Plaintiff to amend his Complaint to re-add these Defendants) did Plaintiff or his representative ever suggest, much less advise, that these individuals were supposedly being dismissed to streamline the case for *settlement* purposes, as Plaintiff now asserts. (For additional discussion, please see § "D-Pleadings" of parties' previously filed Joint Case Management Statement.)

In fact, it was Chevron who suggested that the dismissal of these collateral parties would streamline the issues and considerations in the litigation as we would be dealing with only two parties—the actual employer(s)—as opposed to ten individuals who do not know why Plaintiff named them as individual parties. Indeed, Plaintiff's suggestion that he dismissed these individuals to streamline the issues for "settlement purposes and discussions" is belied by the fact that he advised of his intent to re-add them immediately after he put the Court through the exercise of entering an Order dismissing them and well before the parties are to engage in the Court-ordered mediation which is not required to be completed until September. Moreover, Chevron had ample legal bases on which it could have obtained a dismissal through its

Re:   Samuel B. Johnson III v. Chevron Corporation, et al.
Page 3

FBE&M

anticipated Motion to Dismiss and had no need to negotiate or compromise regarding their dismissal.

What is true, however, is that Plaintiff subsequently sent my office an email advising that Chevron "has 45 days" to settle the case or he would re-add these individuals (an email which will also be provided in Opposition to Plaintiff's attempted amendment). Thus, while Plaintiff may be using this threatened amendment as a means of leveraging or extracting a settlement from Chevron, his voluntary dismissal was the result of his acknowledgement that Chevron's Motion to Dismiss would have been successful.

Certainly, Chevron acknowledges, as it did in the Stipulation, that a party has the right to seek leave to amend a pleading if there is a legal basis for doing so, a legal claim can be stated, and the party complies with Rule 15 and the decisional authorities interpreting amendment of pleadings pursuant to that Rule. However, such is not the case here with regard to Plaintiff's anticipated amendment and there is no authority authorizing amendment after a party's Answer simply by requesting this through the parties' Rule 26 Statement (as opposed to the Court's Scheduling Order simply setting a deadline by which leave to amend must be sought). Accordingly, Chevron respectfully requests that Plaintiff, like any other litigant, be required to formally seek leave of court through the filing of a Motion for Leave to Amend and that Chevron be allowed its right to oppose any attempted amendment.

Respectfully submitted,

Delia A. Isvoranu

Counsel for Chevron Corporation &
Chevron Environmental Management Company

00215 34155 DAI 582604.1