**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

---

May 20, 2008

The Honorable Susan Illston
United States District Court
for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al*. United States District Court
Northern District of California, San Francisco Division, Case No. C 07-05756 SI

Dear Honorable Susan Illston:

      While this is not the time to undertake a briefing on this matter Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") feels compelled to respond to Delia A. Isvoranu of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") Opposition to Plaintiff's Request for Miscellaneous Relief that was filed with the Court on May 19, 2008.  Plaintiff Johnson asserts that Counsel for Chevron has placed in the Court's record inaccurate statements as it pertains to why the parties stipulated to dismissing certain employee's and Chevron Long-Term Disability Plan Organization, (hereinafter referred to as the "Dismissed Defendants" ).  By way of this letter, Plaintiff Johnson will address each point that was raised in Counsel for Chevron's May 18, 2008, letter to the Court.

      **A.**    **Plaintiff Johnson's Request For A Timeframe For The Parties To Reach An Agreement On A Stipulated Protective Order**

      Counsel for Chevron states that there is no need for the Honorable Susan Illston to set a timeframe for the parties to try an reach some agreement on a stipulated protective order. Plaintiff Johnson contends that a little urging by the Honorable Susan Illston in setting a deadline for the parties to try an negotiate a stipulated protective order will provide the parties with an incentive to try and resolve any outstanding issues on this given subject matter.  If the parties are unable to do so by the timeframe set by the Honorable Susan Illston, then Plaintiff Johnson can submit a Protective Order to the Honorable Susan Illston for her review and implementation.

      Counsel for Chevron states the following, "[m]ost telling is Plaintiff [Johnson's] letter pertaining to this Order is his statement that he does not anticipate granting Chevron extensions regarding discovery, even before such a request has been made, while he has, at the same time, requested (in the parties' Joint Case Management Statement) that Chevron grant him the courtesy of working with his schedule in scheduling the depositions *he* wishes to take, including scheduling Saturday depositions".  *See* Counsel for Chevron's May 18, 2008, letter to the Court at p 1 ¶ 1.  On this very subject, it was Counsel for Chevron who requested an April 2009, trial date.  Given such, this action has been set on an expedited trial schedule at Counsel for Chevron's request.  As Counsel for Chevron is clearly aware of, it was you, your Honor that set settlement negotiations through the Court's ADR Program in this matter for September of 2008. Such was instituted after Plaintiff Johnson vigorously plead his case to the Honorable Susan

Page 1 of 7

Illston in upholding the Court's tradition in complying with setting cases for ADR within ninety (90) days of issuing such an order. *See* Civil Local Rule 3. Likewise, it was Counsel for Chevron who sought to oppose Plaintiff Johnson's request for the Honorable Susan Illston to adhere to the Court's long standing tradition of having the parties select an ADR process, if the parties have not reach such an ADR selection process, then the presiding Judge, in this instance, you, your Honor would direct the parties to conduct an ADR Conference.

Plaintiff Johnson now will address the issues surrounding him not granting "extensions" to his discovery. If Plaintiff Johnson grants "extensions" to his discovery pursuant to Counsel for Chevron's request, then Plaintiff Johnson will only receive limited discovery on the various claims that he has alleged in this action in order to try and resolve this action through the Court's ADR Program. On one hand, Counsel for Chevron wants an expedited trial schedule, but then on the other hand it wants "extensions" to Plaintiff Johnson's discovery, which will cause Plaintiff Johnson to ask the Honorable Susan Illston to move the trial to allow for meaningful discovery on the various aspects of Plaintiff Johnson's claims that have been alleged in this action. Counsel for Chevron cannot have its cake and ice cream on this given subject. During the CMC, Plaintiff Johnson informed Counsel for Chevron and the Honorable Susan Illston that the discovery that he seeks was *only* for settlement purposes. Plaintiff Johnson notes for all parties concerned that he reserves the right to request from the Honorable Susan Illston to have the April 2009, trial moved in order to properly conduct *full* discovery and take dispositions on the various alleged claims that he has asserted against Counsel for Chevron's clients as well as any additional defendants that maybe added after the Honorable Susan Illston has granted leave for Plaintiff Johnson to file an amended complaint.

Counsel for Chevron asserts that the only reason Plaintiff Johnson wants a Protective Order is to protective his confidential information. In the Joint Case Management Conference, (hereinafter referred to as the "Joint CMC") as well as through numerous telephone calls and written communications Plaintiff Johnson has informed Counsel for Chevron that some of the individuals and information that will prove his alleged claims in this action pertain to some of Counsel for Chevron client's executives. For these reasons, a Protective Order is needed due to such. More to the point, such a statement in the Joint CMC alone makes Counsel for Chevron's argument on Plaintiff Johnson only wanting a Protective Order to protect is confidential and private information mute, misleading and just flat out a false statement.

Even if Plaintiff Johnson wanted a protective order to protect his confidential and private information, then what is remotely wrong with that? Such an action taken by Plaintiff Johnson is in line with this Court's tradition of instituting protective orders as well as advising the parties to stipulate to protective orders. Based on what has been stated herein, Plaintiff Johnson contends that Counsel for Chevron's argument on this given subject is without merit and the Honorable Susan Illston should discount any such further statements and/or arguments by Counsel for Chevron. For the reasons stated herein, Plaintiff Johnson respectfully requests that the Honorable Susan Illston provide a timeframe in which the parties are to negotiate a stipulated provided order. If the parties are unable to due such within the specific timeframe as provided by the Honorable Susan Illston, then Plaintiff Johnson is to submit his version of a protective order for the Honorable Susan Illston to review and implement.

    **B.**  **The Honorable Susan Illston Hearing All Discovery Disputes In This Action**

It appears that the parties are in agreement on this given subject. Notwithstanding this

agreement, Plaintiff Johnson requests that when the Honorable Susan Illston issues the CMO, that she incorporate this agreement in the CMO or issue a separate Order if the CMO has been issued by the time this matter is reviewed for a proper ruling by the Honorable Susan Illston.

### C. Plaintiff Johnson's Request For Leave To File An Amended Complaint Through The Joint Case Management Statement Based On The Parties Agreement

Plaintiff Johnson is outraged due to Counsel for Chevron's implication as it pertains to this given subject matter. Plaintiff Johnson asserts that Counsel for Chevron has just outright provided the Court with false and misleading information as it pertains to why the parties decided to submit a stipulation to dismiss the Dismissed Defendants. Now Counsel for Chevron wants to cry foul as Plaintiff Johnson requests that the Honorable Susan Illston enforce the agreement that was reached between the parties, which caused the parties to file a stipulation with the Court dismissing the Dismissed Defendants. *See* Stipulation and Order filed with the Court on April 1, 2008. Without providing in great detail the full argument on this given subject, Plaintiff Johnson will provide for the Honorable Susan Illston a brief overview of what took place leading up to Plaintiff Johnson agreeing to stipulate to dismissed the Dismissed Defendants. Such is being done by Plaintiff Johnson so that Counsel for Chevron's position on this matter does not taint the Honorable Susan Illston's understanding and perception of what took place between the parties leading up to the parties agreeing to dismissed the Dismissed Defendants. Plaintiff Johnson further states that such was done in order to streamline this action for settlement purposes only. For the reasons stated herein, Counsel for Chevron should be admonished for its conduct in providing false and misleading information to the Court on this given subject.

#### i. Counsel for Chevron States To Plaintiff Johnson That It Had An April 3, 2008 Deadline to File A Motion to Dismiss The Previously Dismissed Defendants

On March 24, 2008, Plaintiff Johnson informed Counsel for Chevron that he was in agreement with her that he had not exhausted all of his administrative remedies in naming the Dismissed Defendants as well as a right to sue letter was not obtained for each Dismissed Defendant. Plaintiff Johnson also informed Counsel for Chevron that a party could still add additional defendants after a complaint had been filed without the need to adhere to Title VII and the California Fair Employment and Housing Act guidelines as it pertains to each defendant in this matter. Plaintiff Johnson also contends that he informed Counsel for Chevron via telephone that he would re-add these defendants under Section 1981. *See* Exhibit A, March 24, 2008, email from Plaintiff Johnson to Counsel for Chevron.

On March 27, 2008, Counsel for Chevron requested to know if Plaintiff Johnson would stipulate to the dismissal of the individual defendants other then Chevron Environmental Management Company and Chevron Corporation as the April 10, 2008, CMC before the Honorable William H. Alsup was fast approaching as Counsel for Chevron needed to file their Motion to Dismiss by April 3, 2008, but was hesitant to start expending time and effort preparing if the parties could reach an agreement pertaining to the dismissal of the Dismissed Defendants. *See* Exhibit B, email from Counsel from Chevron to Plaintiff Johnson. On March 27, 2008, Plaintiff Johnson requested that Counsel for Chevron provide him with the L.R. or Rules that state Counsel for Chevron had to file a Motion to Dismiss by April 3, 2008. Plaintiff Johnson also informed Counsel for Chevron that he felt having to agree to stipulate to dismiss the Dismissed Defendants should not be contingent on the parties agreeing to move the April 10,

2008, CMC out thirty (30) days. *See* Exhibit C, email from Plaintiff Johnson to Counsel for Chevron.

Plaintiff Johnson contends that he agreed to stipulate to dismiss the Dismissed Defendants with the understanding with Counsel for Chevron that he could re-add the Dismissed Defendants at a later date. Furthermore, in order for Counsel for Chevron, Plaintiff Johnson and the Court not to waste time in reviewing a motion to dismiss, an opposition and any such reply to a motion to dismiss, Plaintiff Johnson also informed Counsel for Chevron that he was going to file an amended complaint with the Court on April 1, 2008. By filing an amended complaint would have removed the Dismissed Defendants under the Section 1983 claims and re-added them under the correct claim of Section 1981. Plaintiff Johnson referred to such to Counsel for Chevron as a procedural move to properly assert the correct claims against the Dismissed Defendants.

On April 1, 2008, the parties executed a stipulation to dismiss the Dismissed Defendants with the understanding that Plaintiff Johnson could re-add them at a later date. Now Counsel for Chevron wants to state that there was never such an agreement to dismiss the Dismissed Defendants with the understanding that Plaintiff Johnson could re-add them at a later date. *See* Stipulation and Order filed with the Court on April 1, 2008. For the reasons stated herein, Counsel for Chevron should be admonished for its conduct in providing false and misleading information to the Court on this given subject.

        **ii.**     **Counsel For Chevron States To Plaintiff Johnson That He Can Only Seek Damages For Alleged Wrongdoing Against Chevron Corporation and Chevron Environmental Management Company For The Dismissed Defendants Alleged Misconduct**

Plaintiff Johnson contends that he informed Counsel for Chevron that the reason he sought to re-add the Dismissed Defendants under a Section 1981 claim was due in part to The Chevron Way, which holds individuals accountable for there conduct. Plaintiff Johnson specifically informed Counsel for Chevron of the following," …while I'm leaning toward the decision of agreeing to a stipulation to remove all of the defendants except Chevron Corporation and Chevron Environmental Management Company such may only delay the fact that I could/will amend the complaint to add the [Dismissed Defendants] at a later date. I believe that discovery in this particular matter warrants such as I truly believe in The Chevron Way. Given such, these employees must be held accountable for there actions." *See* Exhibit A, March 24, 2008, email from Plaintiff Johnson to Counsel for Chevron.

Plaintiff Johnson further contends that he had a telephone call with Counsel for Chevron wherein amongst other things the parties discussed the fact that Counsel for Chevron could not understand why Plaintiff Johnson wanted to keep and/or re-add the Dismissed Defendants in this action. Plaintiff Johnson further contends that he informed Counsel for Chevron that in order for Counsel for Chevron to understand The Chevron Way, Counsel for Chevron had to hear David O'Reilly, CEO and Chairman of the Board speak about The Chevron Way and how such is fully incorporated into Chevron Corporation and the subsidiaries of Chevron Corporation.

Plaintiff Johnson further contends that he has every right to seek relief from the Dismissed Defendants in order to hold them accountable for any alleged wrongdoing by re-naming them in his action. As stated by Counsel for Chevron, even if Plaintiff Johnson is successful in this action in proving the claims herein alleged, the Dismissed Defendants

(employees) would not have to pay a dime, such would be paid by Chevron Corporation. Plaintiff Johnson asserts that he informed Counsel that if such were to occur, then in his eyes the Dismissed Defendants (employees) would be held accountable under The Chevron Way.

Plaintiff Johnson contends that the above clearly shows that the parties discussed and agreed that Plaintiff Johnson could re-add the Dismissed Defendants at a later date. There is nothing in the stipulation that states that Counsel for Chevron reserves its right to oppose Plaintiff Johnson's motion for leave to amend the complaint. Such language does not exist as Counsel for Chevron agreed that Plaintiff Johnson could amend the complaint at a later date. *See* Stipulation and Order filed with the Court on April 1, 2008. For the reasons stated herein, Counsel for Chevron should be admonished for its conduct in providing false and misleading information to the Court on this given subject.

        **iii.    The Parties Agreed To Begin The Process Of Settlement Discussions Before And After the Parties Agreed To Stipulate To Dismiss The Dismissed Defendants. Such Was Solely Based On The Agreement Between The Parties To Dismiss The Dismissed Defendants In Order To Streamline This Action for Settlement Purposes**

Plaintiff Johnson asserts that prior to the parties agreeing to dismissed the Dismissed Defendants, Counsel for Chevron and Plaintiff Johnson agreed that such was being done to streamline this action for settlement purposes. Such is contrary to any statements made by Counsel for Chevron in its May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous Relief wherein Counsel for Chevron states the following, [t]hereafter, Plaintiff advised me that he would agree to voluntarily dismiss these Defendants as he acknowledged that he had not exhausted his administrative remedies prior to bringing suit against them… that these individuals were supposedly being dismissed to streamline the case for settlement purposes, as Plaintiff now asserts. (For additional discussion, please see § "D-Pleadings" of the parties' previously filed Joint [CMC]". *See* Counsel for Chevron May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous Relief at p 2 ¶3.

Plaintiff Johnson asserts that Counsel for Chevron has not only mislead and provided false information to Plaintiff Johnson on this given subject, but has also done the same with and too the Court. On April 1, 2008, at 6:00 a.m. Counsel for Chevron informed Plaintiff Johnson after Plaintiff Johnson sent the Stipulated and Proposed Order to Counsel for Chevron to file with the Court the following, "Samuel, I received your fax and filed the Stipulation this morning to ensure the Court receives your request for continuance promptly. Again, than[k] you for your courtesy regarding this matter. I will wait to receive your proposal for a resolution of this action…." *See* Exhibit D, April 1, 2008, email from Counsel for Chevron to Plaintiff Johnson.

More telling that the parties stipulated to streamline this action for settlement purposes is the following communication, "Delia, before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you or Filice Brown Eassa & Mc[L]eod, LLP has the authority to begin and enter into settlement discussions with me pertaining to this matter as well as to execute a settlement if the parties can come to some agreement regarding this action and the WCAB matter…" *See* Exhibit E, April 1, 2008, email from Plaintiff Johnson to Counsel for Chevron

Even more telling that the parties stipulated to dismiss the Dismissed Defendants to streamline this action for settlement is the following communication, "Samuel, Yes. We have authority to discuss settlement with you. I am required to forward any settlement

demand/proposal to Chevron and I will do so". *See* Exhibit F, April 1, 2008, email from Counsel for Chevron to Plaintiff Johnson. Plaintiff Johnson could go on and provide additional supporting information pertaining to the parties agreed to stipulate to dismiss the Dismissed Defendants in order to streamline this action for settlement purposes, but will reserve such supporting documentation for when and if he has to file a motion for leave to amend the complaint. Furthermore, Plaintiff Johnson contends that he believes that he has provided enough supporting documentation to persuade the Honorable Susan Illston that he has not acted in *"bad faith"* in trying to re-add the Dismissed Defendants.

Plaintiff Johnson vigorously asserts that he is not re-adding or trying to amend the complaint in *"bad faith"* as erroneously asserted by Counsel for Chevron. It is Counsel for Chevron who is acting in *"bad faith"* after agreeing to stipulate to remove the Dismissed Defendants so that it would not have to expend time preparing a Motion to Dismiss to be filed with the Court. Counsel for Chevron has clearly stated on the record that it did not agree to dismiss the Dismissed Defendants for settlement purposes. *See* Stipulation filed with the Court on April 1, 2008 at 9:-11:7. Such is contrary to discussions that occurred before the parties stipulated to dismiss the Dismissed Defendants and even after the parties stipulated to dismiss the Dismissed Defendants. For the reasons stated herein, Counsel for Chevron should be admonished for its conduct in providing false and misleading information to the Court on this given subject.

### iv. Plaintiff Johnson Has Not Acted In Bad Faith, Amongst Various Other As Erroneously Alleged By Counsel for Chevron

Should the Honorable Susan Illston agree with Counsel for Chevron that such a request to amend the complaint is precluded by Plaintiff Johnson requesting such through the Joint CMC, then Plaintiff Johnson will file the appropriate pleading with the Court so that the Honorable Susan Illston will be able to render a proper ruling on this matter. Plaintiff Johnson also asserts that when the briefing on this given subject has been concluded, the Honorable Susan Illston will determine that it was in fact Counsel for Chevron who has acted in *"bad faith"* in not honoring an agreement that streamlined this action for settlement purposes. Plaintiff Johnson further asserts that it is not in his best interest to state to this Court (the Honorable Susan Illston) at the CMC that he streamlined this action for settlement purposes, then only to try an fully litigate it with false pretenses of waiving a *"white flag"* signaling that he wants to settle this action. More to the point, Plaintiff Johnson believes that the Honorable Susan Illston will recognize that Plaintiff Johnson stated to Counsel for Chevron that it "has 45 days" to settle this action or he would re-add the Dismissed Defendants was used as a discovery and/or tool for settlement purposes.

With the above in mind, there is nothing wrong with a party using a discovery and/or tool to bring about a settlement in an action before this Court. Plaintiff Johnson further asserts that there is no *"bad faith, among various others"* in Plaintiff Johnson stating to Counsel for Chevron that he would re-add the Dismissed Defendants in this action if a settlement was not reached during the time frame as specified above. Such a statement by Plaintiff Johnson is contrary to Counsel for Chevron's statement of, [t]hus, while Plaintiff [Johnson] may be using this threatened amendment as a means of leveraging or extracting a settlement from Chevron…". *See* Counsel for Chevron's May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous Relief at p 3  ¶1. More telling here is that Plaintiff Johnson has every right to amend the pleadings to seek relief against any defendant that has done alleged wrongdoing in this action. The Court has a long standing in granting such a request for a plaintiff like Plaintiff Johnson to amend the pleading absent *"bad faith"*.

    For the reasons stated herein, Plaintiff Johnson requests that the Honorable Susan Illston enforce the agreement that was reached between the parties in granting Plaintiff Johnson's request for leave to file an amended complaint through requesting such in the Joint CMC at § J – Settlement and ADR and Plaintiff Johnson's argument as referenced herein.  Accordingly, Plaintiff Johnson requests that Counsel for Chevron, like any other defendant should be admonished for not only misleading Plaintiff Johnson, but for misleading this Court.  Such actions by Counsel for Chevron has now caused Plaintiff Johnson to expend resources and time in having to prepare not only this letter seeking miscellaneous relief from the Court, but if the Honorable Susan Illston agrees with Counsel for Chevron that Plaintiff Johnson missed his opportunity to file a complaint before Counsel for Chevron filed its Answer to the Complaint, then Plaintiff Johnson will have to expend additional resources and time to file a motion for leave to amend the complaint.

    Due to Counsel for Chevron's conduct on this given matter, Plaintiff Johnson will ask for sanctions, including all costs in having to properly prepare a brief to seek leave to file an amended complaint with the Court.  Enclosing, Plaintiff Johnson will provide other supporting emails (communications) and case law that supports previous Courts rulings that pursuant to Federal Rules of Civil Procedure 15, "[t]he Court should freely give leave when justice so requires."

        Respectfully submitted by,

        /s/

        Samuel Bernard Johnson III


Cc:    Robert D. Eassa, Esq.
        Delia A. Isvoranu, Esq.
        Filice Brown Eassa & McLeod, LLP
        1999 Harrison Street, 18th Floor
        Oakland, California 94612

        Attorneys for Defendants
        Chevron Corporation and
        Chevron Environmental Management Company

# EXHIBIT A

**Subject:** Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA
**Date:** 3/24/2008 10:21:13 P.M. Pacific Daylight Time
**From:** BlakVIII
**To:** disvoranu@filicebrown.com
**CC:** BlakVIII

Dear Ms. Isvoranu,

I'm in receipt of your email regarding the below-referenced subject matter.   Initially, I'm in agreement with you on the fact that all mandatory administrative remedies of Title VII and the Fair Employment and Housing Act should have been exhausted as no right-to-sue letter was obtained for each defendant, as required per statue and as has been interpreted by multiple state and federal decisional authorities before I filed the November 14, 2007, complaint as titled above.  However, please keep in mind that a party can add additional named defendants after a complaint has been filed without the need to adhere to Title VII and the Fair Employment and Housing Act guidelines as it pertains to each defendant in this matter.

My point here, is that a Plaintiff may amend his/her complaint to name additional defendants in an action before this Court after the complaint has been filed without the need to adhere to the above-referenced statues.  Hence, the verbiage of DOES 1-10.  What it now comes down to is procedural grounds in you bringing your Motions to Dismiss as it pertains to the employees and Chevron Corporation Long-Term Disability Organization Plan.  Given such, while I'm leaning towards the decision of agreeing to a stipulation to remove all defendants except Chevron Corporation and Chevron Environmental Management Company such may only delay the fact that I could/will amend the complaint to add the employees and Chevron Corporation Long-Term Disability Organization Plan at a later date.  I believe that the discovery in this particular matter warrants such as I truly believe in The Chevron Way.  Given such, these employees must be held accountable for their actions.

On a separate note.  There is no way that you and I will be able to have a telephone conference as well as hash through issues pertaining to filing a Joint Case Management Plan before Thursday, April 3, 2008, as my employment causes me not to be able to devote my full time and energy to meeting the Court's strict deadline on this matter.  Given such, I propose that the parties move the filing of any Joint Case Management Statement out thirty days as well as the Initial Case Management Conference.  The new date for filing the Joint Case Management Conference will be May 3, 2008, and a Case Management Conference will now be May 10, 2008.  The parties can agree to such in a stipulation and file such on Monday, March 31, 2008.

By moving the above-referenced dates out thirty days will also give the parties time to comply with FRCP 26(f) & ARD L.R. 3-5, Civil L.R. 16-8 and FRCP (26(a)(1), and Civil L.R. 16-9.  Please let me know by close of business day on tomorrow if you are in agreement with this approach.  As well, any Joint Case Management Statement will have to be filed by your office as I'm still obtaining my e-filing status in which I should have shortly.  Please also not that I will continue to seek counsel through BASF.  It is my understanding that they are still looking for

counsel and I should have an update shortly to provide to the Court on this subject matter one way or another.

As it pertains to discovery in this matter. As you are aware, Judge Alsup referred the issue of my March 17, 2008, letter, your opposition and my reply to your opposition (letter) to a Magistrate Judge to hear the discovery dispute and all discovery disputes in this matter. Given such, I request that you stop all "informal investigation" until such time that this matter maybe heard by the Magistrate Judge assigned to this matter. I believe that my assessment of FRCP 26(d) is correct. Given such, I would hate to see that you and your firm are sanctioned for any additional violations of FRCP 26(d). If you are not in agreement with such, please advise accordingly.

/s/Samuel Bernard Johnson III

# EXHIBIT B

**Subject:** Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA
**Date:** 3/27/2008 8:11:29 P.M. Pacific Daylight Time
**From:** disvoranu@filicebrown.com
**To:** BlakVIII@aol.com

*Sent from the Internet (Details)*

Mr. Johnson,
I am emailing from my Blackberry, so please excuse any typographical errors. The Motion to Dismiss must be filed before we file a Joint Statement, particularly as it will bear directly on the matters to be included in the Statement, given that dismissal of the other defendants would greatly simplify and streamline the issues. As I have indicated, the rule that an action cannot be maintained against a party for whom a right-to-sue notice was not obtained is a straightforward issue and not at all complicated. We are simply seeking to avoid wasting the Court's and parties' time with an issue that can be resolved by stipulation. I am out of the office on 4/1 and, as a result, my intent is to prepare the Motion this weekend, for filing on 4/3. Given that I am starting a trial in the coming weeks, the Motion will be filed this following week even assuming that a continuance is granted by the Court. Therefore, please let me know before the close of business tomorrow whether you will stipulate to proceeding against CEMC and Chevron Corporation only.

Finally, I am available tomorrow all day, this entire weekend and all day on 4/2 to discuss with you the matters we are to include in a Joint Case Management Statement. The discussion should take no longer than 30 minutes and would avoid the need for any continuance given that this court has indicated that it wants this case to move forward.
I look forward to receiving your response.

Best,

Delia

# EXHIBIT C

**Subject:** Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA
**Date:** 3/27/2008 7:53:47 P.M. Pacific Daylight Time
**From:** BlakVIII
**To:** disvoranu@filicebrown.com
**CC:** BlakVIII

Dear Ms. Isvoranu,

I'm in receipt of your email from this afternoon regarding the below.  Please provide me with the basis, L.R. or Rules that state you have to file a Motion to Dismiss by April 3, 2008.  Likewise, I feel that me agreeing or not agreeing to stipulate to dismiss the employees and Chevron Corporation Long-Term Disability Organization Plan should not prevent the parties from executing a stipulation to move the dates for the CMC Statement and the CMC given my current health situation. Please further note that I plan on preparing a letter to send to the Court requesting to move the CMC Statement and the CMC out thirty days. I look forward to your response to this email regarding stipulating to move the CMC Statement and CMC 30 days out Samuel

# EXHIBIT D

**Subject:** **Re: Stipulation**
**Date:** 4/1/2008 6:00:50 A.M. Pacific Daylight Time
**From:** disvoranu@filicebrown.com
**To:** BlakVIII@aol.com

*Sent from the Internet (Details)*

Samuel, I received your fax and filed the Stipulation this morning to ensure the Court receives your request for continuance promptly.

Again, than you for your courtesy regarding this matter. I will wait to received your proposal for a resolution of this action.

Have a nice day.
Delia

# EXHIBIT E

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Tue Apr 01 10:22:45 2008
Subject: Re: Stipulation

Delia, before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you or Filice Brown Eassa & McCleod, LLP has the authority to begin and enter into settlement discussions with me pertaining to this matter as well as to execute a settlement if the parties can come to some agreement regarding this action and the WCAB matter.  Please advise accordingly if your clients have provided such authority.  Take care for now.  Samuel.

# EXHIBIT F

**Subject:** **Re: Stipulation**
**Date:** 4/1/2008 5:43:50 P.M. Pacific Daylight Time
**From:** disvoranu@filicebrown.com
**To:**      blakviii@aol.com


Samuel,
Yes. We have authority to discuss settlement with you. I am required to forward any settlement demand/proposal to Chevron and I will do so.

Take care,

Delia