SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Telephone
blakviii@aol.com – Email

Plaintiff - *In Pro Se*


FILICE BROWN EASSA & MCLEOD LLP
ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
1999 Harrison Street, 18th Floor
Oakland, California 94612
(510) 444-3131 - Telephone
(510) 839-7940 – Facsimile
disvoranu@filicebrown.com - Email

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10, inclusive<br><br>　　　　　Defendants | Case No.:  C 07-05756 SI (JCS)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Courtroom:** 10, 19th Floor<br><br>**Judge:**   Honorable Susan Illston |

The parties hereby submit this Stipulated Protective Order and Proposed Order modeled after the sample Stipulated Protective Order posted on the website of the United States District Court for the Northern District of California.

**I.    PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, medical or private information for which special protection from public disclosure and from use for any purpose other than those prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, (hereinafter referred to as this "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, Filing Protected Material, that this Protective Order creates no entitlement to file confidential information under seal; the Honorable Susan Illston's Standing Order sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**II.    DEFINITIONS**

**A.    "CONFIDENTIAL" Information Or Items**

Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under FRCivP 26(c).

**B.    Counsel (without qualifier)**

Outside Counsel and In-House Counsel (as well as their support staffs) of any Party.

**C.    Defendant**

Shall refer to a Party whom the Plaintiff filed a claim or charge against or seeks such relief from in this action. For purposes pertaining to this action, the term defendant(s) shall refer to Defendants Chevron Corporation and Chevron Environmental Management Company.

**D.    Designating Party**

A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY".

**E.    Disclosure Or Discovery Material**

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

**F.    Expert**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition shall also include any of Plaintiff Johnson's physician(s) and/or medical services provider(s) as well as a professional jury or trial consultant retained in connection with this action

**G.    "HIGHLY CONFIDENTIAL"**

Sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**H.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**I.    In-House Counsel**

Attorney(s) who are employees of a Party.

**J.    Outside Counsel**

Attorney(s) who are not employees of a Party but who are retained to represent or advise

a Party in this action.

**K.    Party**

Any party to this action, including all of its officers, directors, employees, agents, consultants, contractors, retained experts, in-house counsel (and their support staff) and outside counsel (and their support staff).

**L.    Plaintiff**

The Party that has filed a lawsuit or has brought a suit in this Court against a defendant in this case. For purposes pertaining to the above-referenced case, the Plaintiff shall refer to Samuel Bernard Johnson III.

**M.    Producing Party**

A Party or non-party that produces Disclosure or Discovery Material in this action.

**N.    Professional Vendors**

Persons or entities that provide litigation support services, (i.e., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**O.    Protected Material**

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**P.    Receiving Party**

A Party that receives Disclosure or Discovery Material from a Producing Party.

**III.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**IV.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material.

In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Under the terms of this Protective Order "Confidential" information is information which has not been made public and which concerns or is related to the processes, operation, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount of source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of such information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

The parties also agree that confidential information is information which has not been made public, already under seal by a Court order and which concerns or is related to a minor child, a Defendant or the Plaintiff's medical condition, personal or private information in which the disclosure of such information may have the effect of causing harm to the individual and/or individuals if such information was made public.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential", under the terms of this Protective Order, the Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26.

Confidential documents shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Stamping the legend "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party.

Testimony taken at a deposition, conference, hearing or trial may be designated as "Confidential", by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the Court Reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

Material designated as confidential under this Protective Order, the information contained herein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter referred to as "Confidential Material" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose).

Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to "qualified persons" designated below:

a. A Party, or an officer, director, attorney, agent or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement or this action;

b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action and any of Plaintiff Johnson's physician(s) and/or medical services provider(s);

c. Court Reporter(s) employed in this action;

d. Witness at any depositions or other proceeding in this action; and

e. Any other person as to whom the parties in writing agree. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a

nondisclosure agreement in the form of Exhibit A, a copy of which shall be provided forthwith to counsel for each other Party and for the parties.

Depositions shall be taken only in the presence of qualified persons. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", (hereinafter referred to as "Attorney's Eyes Only Material") in the manner described in paragraphs 4 and 5 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs (b) through (e) of this Protective Order, but shall not be disclosed to a Party, or to an officer, director or employee of a Party, unless otherwise agreed or ordered by the Court. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Protective Order with response to confidentiality shall also apply.

Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

This Protective Order shall be without prejudice to the right of the parties (1) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (2) to present a motion to the Court under

Federal Rules of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

## V.    DESIGNATING PROTECTED MATERIAL

### A.    Exercise Of Restraint And Care In Designating Material For Protection

Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions by the Court.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must properly notify all other parties that it is withdrawing the mistaken designation.

**B.    Manner And Timing Of Designations**

Except as otherwise provided in this Protective Order (see, e.g., second paragraph entitled "for information in documentary form", below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

**C.    For Information In Documentary Form**

Apart from transcripts of depositions or other pretrial or trial proceedings, the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which document, or portions thereof, qualify for protection under this Protective Order, then, before producing the specified

documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s), the level of protection being asserted (either as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**D.     For Testimony Given In Deposition Or In Other Pretrial Or Trial Proceedings**

That the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualifies as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". When it is impractical to identify separately each portions of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the Court Reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

### E. Inadvertent Failures To Designate

If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing Of Challenges

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B. Meet And Confer

A Party that elects to initiate a challenge to a Designing Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communications are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**C.      Judicial Intervention**

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve an ex parte motion under Civil Local Rule 7-10 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenge material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the proceeding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**A.      Basic Principles**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, Final Disposition, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**B.      Disclosure Of "CONFIDENTIAL" Information Or Items**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    b.    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

    c.    Experts (as defined in this Protective Order) of the Receiving Party or any of Plaintiff Johnson's physician(s) and/or medical services provider(s) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order", attached hereto as Exhibit A;

    d.    The Court and its personnel;

    e.    Court Reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order", attached hereto as Exhibit A;

    f.    During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order", attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court Reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

    g.    The author of the document or the original source of the information.

C.  **Disclosure Of "HIGHLY CONFIDENIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information Or Items**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   a. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   b. Experts (as defined in this Protective Order) and any of Plaintiff Johnson's physician(s) and/or medical services provider(s): (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order", attached hereto as Exhibit A, and (3) as to whom the procedures set forth in paragraph entitled Procedures for Approving Disclosure of "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts" below have been followed;

   c. The Court and its personnel;

   d. Court Reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order", attached hereto as Exhibit A; and

   e. The author of the document or the original source of the information.

D. **Procedures For Approving Disclosure Of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information Or Items To "Experts"**

   a. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined

in this Protective Order) any information or items that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the proceeding five (5) years, and (6) identifies (by name and number of the case, filing date, and location of the Court) any litigation in connection with which the Expert has provided any professional services during the preceding five (5) years.

b. A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) Court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

c. Any Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue; other forms of communications are not sufficient) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5), if applicable. *See also* the Honorable Susan Illston's Standing Order pertaining to Sealed Documents) seeking permission from the Court to do so. Any such

motion must describe the circumstances with specify, set forth in detail the reasons for which the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion mist be accompanied by a competent declaration in which the movant describes the parties efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN THIS CASE

### A.    Other Litigation

If a Receiving Party is served with a subpoena or an Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event no more than three (3) Court days after receiving the subpoena or Court order.  Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or Court order to issue in the other litigation that some or all the material covered by the subpoena or Court order if the subject of this Protective Order promptly to the Party in the other action that caused the subpoena or Court order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or Court order issued.  The Designating Party shall bear the burdens and the expense of seeking protection in that Court

of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Honorable Susan Illston's Standing Order, which states the following: This Court does not require the filing of Administrative Motions to seal (Civ. L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex parte application shall be filed instead. Oppositions to ex parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit documents intended to be filed under seal in the following manner:

    a.    The entire original document, contained in an 8 ½ - inch by 11 – inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civ. L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL". The sealable portions of the document must be identified by notations or highlighting within the text;

  b. A second copy (chamber copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope;

  c. Chambers must not be served with any "redacted/public" versions of sealed documents; and

  d. Courtesy Copies: All courtesy copies must be three-holed punched at the left margin.

## XI. FINAL DISPOSITIONS

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed an that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel and In-House Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3, Duration, above.

## XII. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**B.    Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to subject to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**XIII.    AMENDING COMPLAINT TO ADD ADDITIONAL NAMED DEFENDANTS**

In the event that the Complaint in the above-referenced styled action is amended, any additionally named Defendants/parties shall be bound by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

/s/

Dated: June 1, 2008    By _____

SAMUEL BERNARD JOHNSON III
PLAINTIFF - *IN PRO SE*

Dated: June 1, 2008    FILICE BROWN EASSA & MCLEOD LLP

/s/

By _____

ROBERT D. EASSA
DELIA A. ISVORANU

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY

**APPROVED AND SO ORDERED**

Dated this _____ day of June 2008

_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California, for the San Francisco Division on _____ [date] in the case of Samuel Bernard Johnson III v. Chevron Corporation, et al., United States District Court for the Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply would expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California, San Francisco Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Print Name: _____