1

SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle

2

Stockton, California 95206
(209) 982-5904 - Telephone

3

blakviii@aol.com - Email

4

Plaintiff - *In Pro Se*

5

6

7

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12

13

SAMUEL BERNARD JOHNSON III,

Case No.:   C 07-05756 SI (JCS)

14

Plaintiff,

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

15

vs.

16

CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,

**DATE:** Friday, July 18, 2008

17

**TIME:** 9:00 a.m.

18

**COURTROOM:** 10, 19th Floor

19

Defendants

**JUDGE:** Honorable Susan  Illston

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ......................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................ 2

ARGUMENT ................................................................................................................. 5

I.     LEAVE TO AMEND A COMPLAINT SHOULD BE FREELY GIVEN WHEN
       JUSTICE SO REQUIRES .................................................................................. 5

II.    FEDERAL LAW AND ITS RULES OF COURT SUPPORT THE GRANTING OF
       PLAINTIFF JOHNSON'S LEAVE TO FILE A FIRST AMENDED COMPLAINT ...... 7

       A.  The First Amended Complaint Is Based On New Facts And/Or Information
           Recently Made Available To Plaintiff Johnson ............................................. 7

       B.  The First Amended Complaint Is Based On Adding The Dismissed Defendants
           Under The Correct 42 U.S.C. Section And Bringing New Claims Against All
           Of The Named Defendants And/Or Parties ................................................... 8

       C.  The Chevron Defendants Would Not Suffer Prejudice In Plaintiff Johnson
           Filing A First Amended Complaint ............................................................... 9

       D.  There Is No Delay Or Bad Faith In Plaintiff Johnson Seeking Leave To File
           A First Amended Complaint ......................................................................... 10

       E.  Plaintiff Johnson Provided Notice To Counsel For Chevron That He Planned
           On Filing A First Amended Complaint Before Counsel For Chevron Filed Its
           Answer To Plaintiff Johnson's Original Complaint ..................................... 10

       F.  Adding Additional Parties As Defendants To This Action Does Not Prejudice
           The Chevron Defendants ............................................................................. 11

       G.  Plaintiff Johnson Will Be Able to Seek Full Satisfaction From All Relevant
           Parties With The Court Granting Plaintiff Johnson's Leave To File A First
           Amended Complaint .................................................................................... 13

III.   CALIFORNIA LAW AND ITS RULES OF COURT SUPPORT THE GRANTING
       OF PLAINTIFF JOHNSON'S LEAVE TO FILE A FIRST AMENDED
       COMPLAINT ................................................................................................... 14

       A.  Leave To Amend Is Even Given Freely Under California Law And Its Rules
           Of Court ...................................................................................................... 14

       B.  Under California Law And Its Rules Of Court A Pretrial Conference Order
           Can Be Amended ......................................................................................... 16

IV.   PLAINTIFF JOHNSON MEETS THE "EXTREME LIBERALITY" STANDARD
      FOR ALLOWANCE OF THE FILING OF A FIRST AMENDED COMPLAINT ...... 16

V.    PLAINTIFF JOHNSON'S REASONS FOR SEEKING LEAVE TO FILE A FIRST
      AMENDED COMPLAINT JUSTIFY ALLOWANCE OF THE MOTION FOR
      LEAVE TO FILE A FIRST AMENDED COMPLAINT ................................... 17

      A.  Filing Of A First Amended Complaint Was Explicitly Contemplated By
          Counsel For Chevron ............................................................. 19

      B.  Counsel For Chevron States To Plaintiff Johnson That It Had An April 3, 2008,
          Deadline To File A Motion To Dismiss The Dismissed Defendants Per The
          Court's Rules ........................................................................ 20

      C.  Counsel For Chevron Contends That Plaintiff Johnson Can Only Seek Relief
          And Damages Against The Chevron Defendants For The Dismissed Defendants
          Alleged Misconduct ................................................................ 21

      D.  Counsel For Chevron Breached The Agreement Surrounding The Parties
          Dismissing The Dismissed Defendants ..................................... 23

      E.  Counsel For Chevron Provided False And Misleading Information To Plaintiff
          Johnson And The Court And Should Be Admonished As Well As Sanctioned For
          Such Conduct And Unprofessional Behavior ............................. 25

      F.  Plaintiff Johnson Has Not Acted In Bad Faith, Amongst Various Other Things
          As Erroneously Alleged By Counsel For Chevron ...................... 26

VI.   THE PROPOSED FIRST AMENDED COMPLAINT IS NEITHER UNDULY
      PREJUDICIAL TO THE CHEVRON DEFENDANTS ................................ 27

      A.  The Proposed Amendment Is Not Unduly Prejudicial .............. 27

      B.  The Proposed Amendment Is Not Futile .................................. 28

VII.  CONCLUSION ............................................................................ 29

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,*
989 F.Supp 1237 (N.D. Cal. 1997) .................................................................... 5, 6

*Ascon Properties, Inc. v. Mobil Oil Co.,*
866 F.2d 1149 (9th Cir. 1989) ............................................................................ 5

*DCD Programs, Ltd. v. Leighton,*
833 F.2d 183 (9th Cir. 1987) ....................................................................... 7, 9, 17

*Dussouy v. Golf Coast Investments Corp.,*
660 F.2d 594 (5th Cir. 1991) ............................................................................. 8

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) ........................................................................... 6

*Espey v. Wainright,*
734 F2d 748 (11th Cir. 1994) ............................................................................ 8

*Foman v. Davis, Exexutrix,,*
371 U.S. 178 (1962) ........................................................................... 5, 6, 7, 10, 13

*Gabrielson v. Montgomery Ware & Co.,*
785 F.2d 762 (9th Cir. 1986) ............................................................................ 17

*Genentech, Inc. v. Abbott Laboratories,*
127 F.R.D. 529 (N.D. Cal. 1989) ....................................................................... 5

*Grayson v. Kmart Corp.,*
79 F.3d 1096 (11th Cir. 1996) .......................................................................... 8

*Griffin v. County School Bd.,*
377 U.S. 218, 227 (1964) ................................................................................. 12

*Howey v. United States,*
481 F. 2d 1187 (9th Cir. 1973) ......................................................................... 10

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,*
701 F.2d 1276 (9th Cir. 1983) .......................................................................... 7

*Lopez v. Smith,*
203 F.3d 122 (9th Cir. 2000) ............................................................................ 7

*Lundy v. Adamar of New Jersey, Inc.*
34 F.3d 1173 (3rd Cir. 1994) ............................................................................ 9

*McGlinchy v. Shell Chemical Co.,*
845 F.2d 802 (9th Cir. 1988) ............................................................................ 6

*Morongo Band of Mission Indians v. Ross,*
893 F.2d 1074 (9th Cir. 1990) ..................................................................17

*Owens v. Kaiser Found. Health Plan, Inc.,*
244 F.3d 708 (9th Cir. 2001) ......................................................................7

*Price v. Kammer,*
200 F.3d 1237 (9th Cir. 2000) ....................................................................7

*Rolf v. City of San Antonio,*
77 F.3[rd] 823 (5th Cir. 1996) .........................................................................7

*Senza-Gel Corp. v. Seiffhart,*
803 F.2d 661 (Fed. Cir. 1986) .......................................................................5

*United States v. Webb,*
655 F.2d 977 (9th Cir. 1981) ......................................................................17

*United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus. Inc.,*
457 F.2d 91 (8th Cir. 1972) .........................................................................7

**FEDERAL STATUES**

Fed.R.Civ.P. 1 ............................................................................................13

Fed.R.Civ.P. 11 ..........................................................................................25

Fed.R.Civ.P. 15 .....................................................................................5, 12

Fed.R.Civ.P. 15(a) ................................................................................7, 18

Fed.R.Civ.P. 15(b) .....................................................................................13

Fed.R.Civ.P. 15(d) .....................................................................................12

Fed.R.Civ.P. 21 ..........................................................................................12

The Civil Rights Act of 1866,
42 U.S.C. section 1981 ............................................3, 6, 8, 10, 20, 21, 22, 27

42 U.S.C. section 1981(a) ........................................................................2, 6

42 U.S.C. section 1983 .....................................................2, 3, 11, 18, 19, 21

Title I of the Americans With Disabilities Act of 1990,
42 U.S.C. section 12101, *et. seq.* ...........................................................2, 6

Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. section 2000(e), *et. seq.* .........................................................2, 6

42 U.S.C. section 2000e-5(g) .......................................................................2

**FEDERAL PUBLICATIONS/OTHER MATERIALS**

3 Moore's Federal Practice,
section 15.16(1) (3d ed. 2008) .................................................................12

3 Moore's Federal Practice,
 sections 18:08, 15:10 (2d ed. 1948) .........................................................13

6 Wright, Miller & Kane, Federal Practice and Procedure,
section, 1484 at 600 (2nd ed. 1990 and 2008 Supp.)................................10

William W. Schwarzer, et al. Federal Civil Procedure Before Trial,
section 8:415, at 8-75 (1991)......................................................................5

**STATE CASES**

*Atkinson v. Elk Corp.,*
(2003) 109 Cal.App.4th 739 ......................................................................15

*Bedolla v. Logan & Frazer,*
(1975) 52 Cal.App.3d 118; 125 Cal.Rptr. 59 ...........................................15

*Dos Pueblos Ranch & Imp. Co. v. Ellis,*
(1937) 8 Cal.2d 617; 67 P.2d 340 .............................................................15

*Fairfield v. Hamilton,*
(1962) 206 Cal.App.2d 594; 24 Cal.Rptr. 73 ...........................................15

*Farmers' Nat. Gold Bank v. Stover,*
(1882) 60 Cal. 387 .....................................................................................15

*Greenberg v. Equitable Life Assur. Society,*
(1973) 34 Cal.App.3d 994; 110 Cal.Rptr. 470 .........................................15

*Hirsa v. Superior Ct.,*
(1981) 118 Cal.App.3d 486 .......................................................................14

*Klopstock v. Superior Ct,*
(1941) 17 Cal.2d 13 ...................................................................................14

*Nestle v. City of Santa Monica,*
(1972) 6 Cal.3d 920 ...................................................................................14

*Roemer v. Retail Co.,*
44 Cal.App.3d 926 .....................................................................................15

*Ross v. McDougal,*
(1939) 31 Cal.App.2d 114; 87 P.2d 709 ...................................................15

*Solit v. Tokai Bank, Ltd.*
(1999) 68 Cal.App.4th 1435 ......................................................................15

*Vick v. Grasser,*
(1959) 169 Cal.App.2d 692; 338 P.2d 223 ..................................................................15

*Weingarten v. Block,*
(1980) 102 Cal.App.3d 129; 162 Cal.Rpt. 701 ............................................................15

**STATE STATUES**

California Civil Procedure section 473 ..............................................................14, 15

California Civil Procedure section 576 ..............................................................14, 15

California Fair Employment and Housing Act,
(California Government Code section 12940, *et. seq.*) ..................................................2, 6

**STATE PUBLICATIONS/OTHER MATERIALS**

3 Witkin, California Procedure (2d ed.),
section 1042, p. 2621 ..................................................................................................15

The Chevron Way, http://www.chevron.com/about/chevronway,
Chevron Corporation, June 5, 2008 ........................................................................21, 22

# INTRODUCTION

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") moves the Court, pursuant to Federal Rule of Civil Procedure 15, 15(a), 15(d) and 21, for leave to file a First Amended Complaint.  A copy of the proposed First Amended Complaint is attached to this motion as Exhibit A[1].  This motion is based upon this pleading and other documents and pleadings on file in this action.  The motion is filed because of the following:  *First*, the First Amended Complaint provides additional details concerning Plaintiff Johnson's allegations and claims in this action against the defendants.  These allegations and claims in no way alter the underlying allegations and claims set forth in the original Complaint or otherwise substantially alters the content of the original Complaint.  *Second*, in accordance with Federal, State and their Civil Local Rules, Plaintiff Johnson has requested consent from Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") for the filing of a First Amended Complaint.  Counsel for Chevron has stated they will *oppose* such a filing**.**  *See* April 16, 2008, Joint Case Management Statement at, (hereinafter referred to as "April 16, 2008, CMS").  *See also* May 9, 2008, Joint Case Management Statement at 5:1-5 and at Court Docket #33, (hereinafter referred to as the "May 9, 2008, Joint CMS") at 5-6:13.  *See also* Court Docket #44.  *Third*, such an action by Counsel for Chevron is contrary to the fact that the proposed filing of an amended Complaint would not unduly prejudice Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants") in this action.

After all, were this motion denied, Plaintiff Johnson could simply opt to file a brand new action against Catherine Drew, Kathryn M. Gallacher, Robert Schmitt, Harald Smedal, Susan J. Solger, Sellers Stough, Krystal Tran, Debbie Wong, Gary A. Yamashita and Chevron Corporation Long-Term Disability Plan Organization, (hereinafter referred to as the "Dismissed Defendants"), without regard to this existing action.  Such an action would also call for Plaintiff Johnson to name the Chevron Defendants.  Allowing the filing of a First Amended Complaint

---

[1] In the interests of saving filing space and paper for all involved, Plaintiff Johnson has not filed his proposed exhibits to the First Amended Complaint with this motion. The exhibits to the First Amended Complaint remain the same as those in the prior and current original Complaint.  If leave to amend is granted, Plaintiff Johnson can and will file a copy with the appropriate exhibits.

would *streamline* the process and result in a great efficiency, as it would not require the new action against the Dismissed Defendants and the Chevron Defendants to start anew from scratch. Furthermore, no motion to dismiss or motion for summary judgment or adjudication has been filed with the Court as of yet, and the Chevron Defendants have not taken a single deposition, issued a single set of document requests, subpoenas or request for admissions.  Of notice is that Counsel for Chevron just recently propounded interrogatories on June 2, 2008.  Such actions by Counsel for Chevron should have no bearing on Plaintiff Johnson's motion for leave to file a First Amended Complaint.  Amendment of the Complaint would also not be futile.  Since the Chevron Defendants opted *not* to file a motion to dismiss, even though such was *strongly* stated to the Court that the Chevron Defendants would do such.  *See* Counsel for Chevron's Response to the William H. Alsup's Order for Request for Clarification in this action at Court Docket #19. Given the former, the Court must weigh the *probative value* of the claims alleged herein. Plaintiff Johnson's motion should be granted and the First Amended Complaint should be deemed filed as of the date of the Court's order granting the motion for leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

On Wednesday, November 14, 2007,  Plaintiff Johnson filed his original Complaint with the Court alleging employment-related claims under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), *et. seq.*), Title I of the Americans with Disabilities Act of 1990, (42 U.S.C. § 12101, *et seq.*,) the California Fair Employment and Housing Act (California Government Code § 12940, *et. seq.*) and equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and 42 U.S.C. § 1981a.  During the week of March 24, 2008, Plaintiff Johnson agreed to dismiss the Dismissed Defendants, *without prejudice*, leaving only the Chevron Defendants as the defendants in this action.  Plaintiff Johnson also agreed to dismiss the 42 U.S.C. section 1983 claims against all defendants with *prejudice*.   Prior to the April 1, 2008, Stipulation being filed with the Court, Plaintiff Johnson informed Counsel for Chevron that he had incorrectly cited a 42 U.S.C. section 1983 claim in this action.  The parties also discussed the fact that Plaintiff Johnson did not exhaust all mandatory administrative remedies under Title VII and the California Fair and Housing Act as no right-to-sue letter was obtained for each

defendant, as required per statue and has been interpreted by multiple state and federal decisions before naming the Dismissed Defendants.  In the interest to save the parties and the Court time, Plaintiff Johnson *voluntarily* agreed to dismiss the Dismissed Defendants to *streamline* this action for *settlement* purposes only.  Counsel for Chevron agreed with Plaintiff Johnson on this very subject so the parties initiated the process of dismissing the Dismissed Defendants with the agreement that Plaintiff Johnson could amend his Complaint at a later date.  Such is further supported based off telephone calls, emails between Plaintiff Johnson and Counsel for Chevron. Through these communications and with the filing of the April 1, 2008, Stipulation Plaintiff Johnson construed such to mean that Counsel for Chevron would *not* oppose Plaintiff Johnson's Motion for Leave to File a First Amended Complaint.

The above is further supported when the agreement on this given subject was consummated on April 1, 2008, when Counsel for Chevron and Plaintiff Johnson filed Parties Stipulation Dismissing Certain Defendants and Plaintiff Johnson's 42 U.S.C. section 1983 claims.  The Court entered an Order in conformity with this Stipulation on April 1, 2008.  *See* April 1, 2008, Stipulation and Order at Court Docket #31.  Prior to the Stipulation being executed by the parties, Plaintiff Johnson informed Counsel for Chevron that he had planned to file an amended Complaint with the Court on April 1, 2008.  Such an action by Plaintiff Johnson would remove the 42 U.S.C section 1983 claim as well as cite to the correct 42 U.S.C. claim of section 1981 against the Dismissed Defendants.  Counsel for Chevron filed an Answer to the original Complaint on April 10, 2008.  Thereafter the parties filed an April 16, and May 9, 2008, CMS'.  *See* Court Docket #'s 33 and 44 respectively.  When Counsel for Chevron filed these pleadings they breached the parties agreement that was reached in the April 1, 2008, Stipulation and Order at Court Docket #31.  Such a breach is further reflected when Plaintiff Johnson wanted to exercise the provisions of the April 1, 2008, Stipulation and Order to amend the Complaint without having to seek leave from the Court.  Even as Plaintiff Johnson exercises his right to amend the Complaint with leave from the Court, Counsel for Chevron wants to cry foul and state that they will *oppose* such a motion.  *See* May 9, 2008, Joint CMS at 5-6:13 and at Court Docket #44.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

The parties appeared before the Honorable William H. Alsup on April 24, 2008, for a Case Management Conference. Immediately thereafter, the Honorable William H. Alsup informed the parties that he would recuse himself from this action, vacated all dates in the action as well as referred the action to the Court's Reassignment Committee. *See* April 24, 2008, Recusal Order at Court Docket #38. On April 25, 2008, the Court's Reassignment Committee informed the parties that this action had been assigned to the Honorable Susan Illston. *See* Court's Reassignment Order at Court Docket #39. On April 30, 2008, the Honorable Susan Illston informed the parties that she had set a Further Case Management Conference for Friday, May 16, 2008. *See* Clerk's Notice at Court Docket #41. On May 9, 2008, Plaintiff Johnson informed the Court of the agreement reached between the parties pertaining to amongst other things to dismiss the Dismissed Defendants in order to *streamline* this action for settlement purposes. Plaintiff Johnson also requested that the Court enforce the agreement between the parties and set this action for the Court's ADR Program.

The parties filed an April 16, 2008, CMS. Thereafter parties conducted a May 21, 2008, Case Management Conference, (hereinafter referred to as the "May 21, 2008, CMC") before the Honorable Susan Illston, who in turn issued a May 22, 2008, Pretrial Preparation Order (Corrected), (hereinafter referred to as the "May 22, 2008, PPO(C). On May 17, 2008, Plaintiff Johnson made a request for miscellaneous relief (letter) to the Court for amongst other things to reinstate his right to file a first amended Complaint without having to obtain a stipulation or file a motion for leave. Counsel for Chevron on May 19, 2008, informed the Court that they *opposed* such a request by Plaintiff Johnson, further stating "Plaintiff Johnson must do what any other plaintiff must do and seek leave from the Court to file a first amended Complaint….". On May 20, 2008, Plaintiff Johnson provided the Court with additional information as to why the Court should grant Plaintiff Johnson's request for miscellaneous relief (letter). *See* Court Docket #'s 45, 46, and 47 respectively. On May 28, 2008, the Court instructed Plaintiff Johnson to file a motion to amend the original complaint pursuant to Fed.R.Civ.P. 15. *See* Court's May 28, 2008, Order at 19-20 and at Court Docket #52.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**ARGUMENT**

**I.    LEAVE TO AMEND A COMPLAINT SHOULD BE FREELY GIVEN WHEN JUSTICE SO REQUIRES**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires".  In *Foman v. Davis, Executrix*, 371 U.S. 178, 182 (1962), the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires", this mandate is to be heeded…In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by the amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be "freely given".

This Court has recognized and upheld this principle, for example, in *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, stated that "the court must be very liberal in granting leave to amend a complaint", noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules". *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp 1237 at 1241 (N.D. Cal. 1997).  The Court has also held that "[o]nce a party seeking leave to amend has given a legitimate reason for amendment, the burden shifts to the party opposing amendment to demonstrate why leave to amend should not be granted". *Genentech,* 127 F.R.D. at 530-31 (citing *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed. Cir. 1986)); *William W. Schwarzer et al., Federal Civil Procedure Before Trial,* § 8:415, at 8-75 (1991). "There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the party has previously amended the relevant pleading".  *See Ascon Properties,* 866 F.2d at 1160;

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

*McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 809 (9th Cir. 1988). "The court has the discretion to determine whether the presence of any of these elements justifies refusal of a request to amend the pleading". *Id.* Plaintiff Johnson asserts that the Chevron Defendants will not be able to meet such a burden as Plaintiff Johnson has done none of the accepted reasons why leave to amend should not be granted by the Court.

Plaintiff Johnson seeks in *good faith* to amend the Complaint to properly name additional defendants under The Civil Rights Act of 1866, 42 U.S.C. § 1981 claims, amend Title VII of the Civil Rights Act of 1964, as amended, 2000(e), *et. seq.* claims, amend Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* claims, add Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981a claims, amend California Fair Employment and Housing Act, California Government Code § 12940, *et. seq.* claims, add additional defendants, seek leave from the Court to amend the original Complaint on the grounds that the Federal Rules of Civil Procedure support liberal amendment policy, and that the factors considered by courts in connection with a Motion to Amend favor granting such a motion. The changes in the First Amended Complaint do not alter the underlying claims set forth in the original Complaint, nor do they include facts that are not already known to the Chevron Defendants.

Given the aforementioned circumstances, it cannot be said that Plaintiff Johnson's motion imposes any under prejudice upon the Chevron Defendants. *Foman*, 371 U.S. at 172. Similarly, there has been no undue delay by Plaintiff Johnson in amending the original Complaint, nor failures to cure any alleged deficiencies. The Court in granting Plaintiff Johnson's motion would provide the Court and the Chevron Defendants with important and useful information relevant to many of the concerns and issues raised by the parties based off the pleadings that have been filed in the record with the Court. The Court in granting Plaintiff Johnson's motion would be consistent with the "underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules". *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 989 F.Supp at 1241. Plaintiff Johnson contends that the Ninth Circuit stresses that Rule 15(a) is to be applied liberally. In *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), the Court held that the district court erred by failing to grant the plaintiff leave to

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

amend its Complaint.  The Court stated:

> After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. Fed.RCiv.P. 15(a).  Generally, Rule 15 advises the
>
> court that "leave shall be freely given when justice so requires".  This policy is "to be applied with extreme liberality".

*Id.* at 1051.  *See also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  "The party opposing amendment bears the burden of showing prejudice".  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 197 (9th Cir. 1987).  After listing the *Foman v. Davis* factors, the Court stated:

> Not all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is "not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182; *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292-93 (9th Cir. 1983) (noting "where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings"); *Rolf v. City of San Antonio*, 77 F.3d 823, 828-29 (5th Cir. 1996); *United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*, 457 F.2d 91, 94 (8th Cir. 1972).

*Id.* at 1052 (emphasis added).

## II.    FEDERAL LAW AND ITS RULES OF COURT SUPPORT THE GRANTING OF PLAINTIFF JOHNSON'S LEAVE TO FILE A FIRST AMENDED COMPLAINT

### A.    The First Amended Complaint Is Based On New Facts And/Or Information Recently Made Available To Plaintiff Johnson

Based on discovery obtained through an administrative proceeding entitled *Samuel B. Johnson III v. Chevron Corporation, et al.*, State of California, Department of Industrial Relations, Division of Workers' Compensation, Workers' Compensation Appeal Board, Stockton District Office, Case No. STK 0206833 new factual allegations and claims emphasize

these points that merit and warrant the filing of a First Amended Complaint.  Counsel for Chevron admits that it has "produced [nearly] 9000 pages of discovery in the administrative proceeding…."  *See* May 9, 2008, Joint CMS at 6:21 and at Court Docket #44.  Counsel for Chevron cannot dispute this known fact, as it provided assistance in reviewing as well as Bates stamping these documents for production in the above-referenced administrative proceeding.  Likewise, "[d]istrict Courts have only limited discretion to deny a party leave to amend the pleading.  Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons".  *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1110 (11th Cir. 1996) (*citing Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1994) and *Dussouy v. Gulf Coast Investments Corp.,* 660 F.2d 594, 597 (5th Cir. 1991)).

**B.    The First Amended Complaint Is Based On Adding The Dismissed Defendants Under the Correct 42 U.S.C. Section And Bringing New Claims Against All of The Named Defendants And/Or Parties**

On Wednesday, November 14, 2007, Plaintiff Johnson filed with the Court his original Complaint.  In the original Complaint Plaintiff Johnson named the following defendants:  a) Chevron Corporation; b) Chevron Corporation Long-Term Disability Plan Organization; c) Chevron Environmental Management Company; d) Catherine Drew; e) Kathryn M. Gallacher; f) Susan J. Solger; g) Sellers Stough; h)  Krystal Tran; i) Debbie Wong; and j) Gary A. Yamashita.  Plaintiff Johnson stipulated to dismiss defendants b) and d) through j) as he had not exhausted all mandatory administrative remedies under Title VII and the California Fair and Housing Act as no right-to-sue letter had been obtained for the Dismissed Defendants before naming them in this action.  Plaintiff Johnson amongst other things also informed Counsel for Chevron that he would re-add defendants b) and d) through j) under a 42 U.S.C. section 1981 claim as well as new claims by way of amending the original Complaint within sixty (60) days.  Given such, Plaintiff Johnson agreed to stipulate to dismiss defendants b) and d) through j) with such an understanding with Counsel for Chevron that he would be allowed to amend the original Complaint at a later date.  *See* April 16, 2008, Joint CMS at 5:1-5 and at Court Docket #33.  *See also* May 9, 2008, Joint CMS at 5:10-19 and at Court Docket #44.  *See also* ¶ 1-13 and 23 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

In addition to the above, Plaintiff Johnson dismissed defendants b) and d) through j) in order to save the Court the time and effort of having to review a Motion to Dismiss, an opposition and a reply to a Motion to Dismiss.  Plaintiff Johnson further contends that such was done with reverence for the Court's current docket given the fact that Plaintiff Johnson would not be successful in opposing such a motion to dismiss.  *See* April 16, 2008, Joint CMS and at 5:14-19 at Court Docket #33.  *See also* ¶ 38 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.

**C.    The Chevron Defendants Would Not Suffer Prejudice In Plaintiff Johnson Filing A First Amended Complaint**

The Chevron Defendants would not suffer any prejudice from the filing of a First Amended Complaint.  As one court has explained, "to show prejudice to the party opposing the amendment of a complaint "must show that it was unfairly disadvantage or deprived of the opportunity to present facts or evidence which it would have offered had the…amendments been timely".  *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1189 n.22 (3rd Cir. 1994).  As the Ninth Circuit has stated, "[t]he party opposing amendment bears the burden of showing prejudice".  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  The Chevron Defendants cannot demonstrate any prejudice, because they will have ample time to prepare their case (defense) in response to the First Amended Complaint.  Moreover, Plaintiff Johnson is complying with the deadlines set by the Court for filing amended pleadings. (*See* May 22, 2008, PPO(C) at Court Docket #50.  The non-expert discovery deadline is September 26, 2008.  The trial is set for April 2009. (*Id.*)  As all parties are clearly aware of Plaintiff Johnson raised objections to such deadlines that were relentlessly fought for by Counsel for Chevron.  It was Plaintiff Johnson's foresight in seeing that he would file a motion to amend the original Complaint is why he sought to have the April 2009, trial date moved out.  Such was also done with reverence for the parties to be able to properly conducted *full* discovery if the parties were not successful in reaching a settlement outside of the Court or through the Court's ADR Program.

Plaintiff Johnson states that among the factors articulated by the Supreme Court in *Foman*, [2] prejudice to the defendant is the most important. Indeed, "[i]f no prejudice is found, then leave will normally be granted".[3] Here, Plaintiff Johnson asserts that no such prejudice is exacted on the Chevron Defendants as the parties can clearly request by stipulation to seek to move the May 22, 2008, PPO(C) deadlines out to ensure that proper discovery is conducted on the alleged claims as asserted by Plaintiff Johnson as well as to allow the Chevron Defendants to prepare a proper defense.

**D.    There Is No Delay Or Bad Faith In Plaintiff Johnson Seeking Leave To File A First Amended Complaint**

Plaintiff Johnson contends that there is no undue delay. The proposed First Amended Complaint has been submitted prior to the Court's deadline for amending pleadings. Moreover, the case has been pending for less than one year. As the Ninth Circuit stated in *Howey v. United States*, 481 F.2d 1187, 1190-1191 (9th Cir. 1973):

> [W]e know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend. Here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion. The purpose of the litigation process is to vindicate meritorious claims. Refusing solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.

Here, no prejudice would result to the Chevron Defendants and Plaintiff Johnson's First Amended Complaint is not *frivolous* or made as a *dilatory maneuver* in *bad faith*.

**E.    Plaintiff Johnson Provided Notice To Counsel For Chevron That He Planned On Filing A First Amended Complaint Before Counsel For Chevron Filed Its Answer To Plaintiff Johnson's Original Complaint**

On or around March 24, 2008, Plaintiff Johnson informed Counsel for Chevron that he was going to file a First Amended Complaint to add a 42 U.S.C. section 1981 claim against defendants b) and d) through j). Counsel for Chevron asked Plaintiff Johnson when he planned

---

[2] *Foman*, 371 U.S. 178 (1962).
[3] 6 Wright, Miller & Kane, Federal Practice and Procedure § 1484 at 600 (2d ed. 1990 and 2008 Supp.).

on doing such.  Plaintiff Johnson in turn informed Counsel for Chevron in March of 2008 that he planned to file a First Amended Complaint on April 1, 2008.  However, before Plaintiff Johnson could file his First Amended Complaint pursuant to Fed.R.Civ.P.15 (once as a matter of course), Counsel for Chevron breached the April 1, 2008, Stipulation and Order as well as made certain false and misleading statements in the April 16, and May 9, 2008, Joint CMS'.  Such actions by Counsel for Chevron robbed Plaintiff Johnson with the right to file a First Amended Complaint pursuant to Rule 15 (once as a matter of right).  Even after doing the aforementioned, Counsel for Chevron wants to cry foul and state that it will *oppose* Plaintiff Johnson filing a motion to amend the original Complaint to fully seek the relief for the allegations brought in this action.

Prior to the above taking place, the parties also spoke about preparing and filing a Stipulation that would dismiss the 42 U.S.C. section 1983 claims as well as would remove defendants b) and d) through j) from this action as Plaintiff Johnson had not exhausted all mandatory administrative remedies under Title VII and the California Fair and Housing Act as no right-to-sue letter was obtained for the Dismissed Defendants.  Counsel for Chevron also informed Plaintiff Johnson that there was urgency to have a stipulation executed as she had until April 3, 2008, to file a Motion to Dismiss per the Court's rules.  Such a motion by Counsel for Chevron would move to dismiss the 42 U.S.C. section 1983 claims as well as defendants b) and c) through j).  In an effort to save the parties and the Court's time in dealing with a briefing schedule that Plaintiff Johnson would not be successful in opposing, Plaintiff Johnson began the process of negotiating a Stipulation.  The parties presented such to the Court on April 1, 2008.  The Court in turned executed the Stipulation on April 1, 2008.  *See* Court Docket #'s 30 and 31 respectively.  *See also* Plaintiff's Declaration ISO of Motion for Leave to File First Amended Complaint at ¶¶18-23.

## F.    Adding Additional Parties As Defendants To This Action Does Not Prejudice The Chevron Defendants

Federal Rule of Civil Procedure 21 focuses specifically on amendments to add parties and provides in part that "[p]arties may be added by order of the court on motion of any party at any stage of the action and on such terms as are just".  This is further supported by "[l]iberal

standards upon which amendments are to be granted when leave of court is required under Rule 15(a) should also guide trial judge[s] in resolving motions to add parties under Rule 21"[4]. The standards for adding a party pursuant to Rule 21 and for amending pleadings to add a party pursuant to Rule 15(a) are the same after the opposing party has filed a responsive pleading.[5] Rule 15(d) addresses supplemental pleadings and authorizes a court to permit "a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time…"[6].  Like Rules 15(a) and 15(d), Rule 21 permits amendments to add parties.  The Supreme Court has stated that "[s]uch amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."[7]  Thus, supplemental pleadings are particularly favored when they will permit the entire controversy to be resolved in a single case and where the additional allegations involve the same issues, subject matter or facts.  Finally, in accordance with the mandate of Rule 1, all of these rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"[8].

Should the Court deny the relief that Plaintiff Johnson seeks by the filing of this motion, Plaintiff Johnson will simply file anew action against the Dismissed Defendants and the Chevron Defendants for the claims and the relief that he seeks by way of requesting leave to file a First Amended Complaint.  Should the Court also deny the relief that Plaintiff Johnson seeks in adding additional parties as defendants, then such is contrary to Fed.R.Civ.P 1.  *Id.*  By adding additional defendants to fully litigate all claims as well as to seek the full appropriate relief from all parties is not considered to be a *bad faith* tactic as Counsel for Chevron would like for this

---

[4] Fed.R.Civ.P. 21.
[5] *See* 3 Moore's Federal Practice § 15.16(1)  (3d ed. 2008) ("where the motion to amend comes after responsive pleadings have been served, the standard for adding a party is the same whether the motion is made under Rule 15 or Rule 21. . .").
[6] Fed.R.Civ.P. 15(d).
[7] *Griffin v. County School Bd.*, 377 U.S. 218, 227 (1964).

[8] Fed.R.Civ.P. 1.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Court to believe.  Under Rule 21, Plaintiff Johnson re-adds the Dismissed Defendants as well as adds Defendants Robert Schmitt and Harald Smedal to this action.

**G.    Plaintiff Johnson Will Be Able To Seek Full Satisfaction From All Relevant Parties With The Court Granting Plaintiff Johnson's Leave To File A First Amended Complaint**

With the re-adding of defendants b) and d) through j) and adding Defendants Robert Schmitt and Harald Smedal Plaintiff Johnson will be able to seek full satisfaction from all relevant parties and ascertain the full extent of damages done by all defendants.  Rule 15 of the Federal Rules of Civil Procedure provides that to amend pleadings, "shall be freely given when justice so requires".  This mandate of liberal amendment extends even to amending pleadings at trial to conform to the evidence.  *See* Fed.R.Civ.P. 15(b).

As noted by the United States Supreme Court in *Foman v. Davis*:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  *See generally*, 3 Moore Federal Practice (2d ed. 1948), 18.08, 15.10.  If the underlying facts and circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as rules require be given freely.

*See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although leave to amend "shall be given freely when justice so requires", the decision to allow an amendment is purely discretionary.  The Court cannot, however, abuse its discretion by denying leave to amend unless Plaintiff Johnson has abused his privilege in the past, there has been some undue delay, Plaintiff Johnson has repeatedly failed to cure deficiencies by amendments previously allowed or the amendment will clearly prejudice the opposing party.

Here, there are no such grounds for refusing amendment.  *First*, there is no issue of repeated failure to cure deficiencies.  *Second*, the Chevron Defendants cannot claim any prejudice by virtue of this amendment.  The proposed amendment contains the same claims against the Chevron Defendants.  Such information was previously known to the Chevron

Defendants when Plaintiff Johnson filed his original Complaint. Counsel for Chevron was made aware of the additional claims that Plaintiff Johnson alleges against all of the defendants before the parties filed an April 16, and May 9, 2008 CMS', as such was communicated by Plaintiff Johnson to Counsel for Chevron. Moreover, Plaintiff Johnson's amendment is timely. Accordingly, Plaintiff Johnson's motion to file a First Amended Complaint should be granted.

## III.    CALIFORNIA LAW AND ITS RULES OF COURT SUPPORT THE GRANTING OF PLAINTIFF JOHNSON'S LEAVE TO FILE A FIRST AMENDED COMPLAINT

### A.    Leave To Amend Is Even Given Freely Under California Law And Its Rules Of Court

California law and its rules of court favor amending of pleadings as, "a judge may, at any time, in the furtherance of justice, and upon such terms as may be proper, allow the amendment of any pleading. California Civil Procedure sections 473 and 576. As the Court and Counsel for Chevron are aware, Plaintiff Johnson brought claims seeking relief under California law. *See* original Complaint at Court Docket #1. By way of this Motion for Leave to File a First Amended Complaint, Plaintiff Johnson will be amending those California claims. Given the foregoing, as a general rule, and certainly in the present circumstance here, leave to amend is liberally granted. Sections 473[9] and 576 of the Code of Civil Procedure provide that a court may, in the furtherance of justice, allow a party to amend any pleading on any terms as may be proper. (Code of Civ. Proc. §§ 473(a)(1), 576[10]). "This statutory provision giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the court of this state". (*Klopstock v. Superior Ct.,* (1941) 17 Cal.2d 13, 19; *see also Nestle v. City of Santa Monica,* (1972) 6 Cal.3d 920, 939). "That trial courts are to liberally permit such amendments, at any stage of the proceeding, has been established policy in this state since 1901". (*Hirsa v. Superior Ct.,* (1981) 118 Cal.App.3d 486, 488-89). Accordingly, it is an abuse of

---

[9] "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code".

[10] "Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order".

discretion to deny leave to amend unless the adverse party can show meaningful prejudice, such as the running of the statue of limitations, trial delay, the loss of critical evidence, or added preparation costs.  (*Atkinson v. Elk Corp.,* (2003) 109 Cal.App.4th 739, 761; *Solit v. Tokai Bank, Ltd.*, (1999) 68 Cal.App.4th 1435, 1448).  Under California law and its rules of Court leave should be granted because the amendment will serve an important purpose without any risk of prejudice to the Chevron Defendants.

Plaintiff Johnson states that in *Weingarten v. Block* this very basic principal of allowing an amendment of a pleading is reflected in "[the] trial court has discretion to allow an amendment to any pleading in furtherance of justice at any time before or after the commencement of trial." *See* Code Civ. Proc., §§ 473, 576. "Liberality in permitting amendments is the rule".  *See Greenberg* v. *Equitable Life Assur. Society,* (1973) 34 Cal.App.3d 994 [110 Cal.Rptr. 470]).  "As a matter of policy, the ruling of the trial court will be upheld, unless a manifest or gross abuse of discretion is shown".  *See Bedolla* v. *Logan & Frazer*, (1975) 52 Cal.App.3d 118, 135 [125 Cal.Rptr. 59].  *See also*, *Weingarten v. Block*, (1980) 102 Cal.App.3d 129, 134; 162 Cal.Rptr. 701.   In *Roemer v. Retail Co.*, the Court stated, "[a]lthough failure to permit such amendment where justice requires it is an abuse of discretion".  *See Vick* v. *Grasser* (1959) 169 Cal.App.2d 692, 701 [338 P.2d 223]; *Fairfield* v. *Hamilton* (1962) 206 Cal.App.2d 594, 602 [24 Cal.Rptr. 73]; *Farmers' Nat. Gold Bank v. Stover*, (1882) 60 Cal. 387, 390, "the objectionable subject matter of the amendment, the conduct of the moving party, or the belated presentation of the amendment are appropriate matters for the reviewing court to consider in evaluating the trial courts exercise of discretion" (3 Witkin, Cal. Procedure (2d ed.) § 1042, p. 2621; *Dos Pueblos Ranch & Imp. Co.* v. *Ellis* (1937) 8 Cal.2d 617, 622 [67 P.2d 340]; *Ross* v. *McDougal* (1939) 31 Cal.App.2d 114, 121 [87 P.2d 709]).  *See Roemer v. Retail Co.*, 44 Cal.App.3d 926, 939.  For the reasons stated herein, the Court not only should grant leave to amend, but should also amend its May 22, 2008, PPO(C) to take into account the time that it will take the defendants to properly answer the First Amended Complaint as well as for the parties to conduct proper discovery of the new claims raised by Plaintiff Johnson in the filing of his First Amended Complaint.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**B.     Under California Law And Its Rules Of Court A Pretrial Conference Order Can Be Amended**

During the May 21, 2008, CMC, Plaintiff Johnson objected to the April 2009, trial date on the grounds that such placed this action on a fastrak (expedited) trial.  While the Court has agreed with Counsel for Chevron's position on this matter, the Court also stated that the April 2009, trial date could be moved out.  (paraphrased).  Plaintiff Johnson fought hard to have the April 2009, trial date moved out as he foresaw that he would be seeking leave from the Court to amend the original Complaint to add additional parties as defendants.  Such would cause the parties to have thirty (30) days to return a waiver of service and then sixty (60) days to answer the First Amended Complaint.  When the Court approves Plaintiff Johnson's Motion to File a First Amended Complaint in July of 2008, that would mean that the entire process for all the parties to waive service as well as to provide an answer to Plaintiff Johnson's First Amended Complaint would be sometime in October of 2008.  As the Court and all parties are aware, the Court has set another Case Management Conference for Friday, October 24, 2008.   Plaintiff Johnson believes that the Court in its wisdom also foresaw that Plaintiff Johnson would be seeking leave to file a First Amended Complaint and therefore set an October 24, 2008, Case Management Conference to address such issues as the upcoming April 2009, trial date.

Given the new claims that Plaintiff Johnson has asserted against the Chevron Defendants and the Dismissed Defendants as well as adding two (2) additional defendants, Plaintiff Johnson will need additional time to obtain discovery as well as to take depositions after the Court grants Plaintiff Johnson's Motion to file a First Amended Complaint.

**IV.     PLAINTIFF JOHNSON MEETS THE "EXTREME LIBERALITY" STANDARD FOR ALLOWANCE OF THE FILING OF A FIRST AMENDED COMPLAINT**

Federal Rule of Civil Procedure governs motions for leave to file an amended complaint.  *See* Federal Rule of Civil Procedure 15(a).  It provides that a plaintiff may amend the complaint once as of right, and thereafter either by stipulation or leave of court, which the rule emphasizes "shall be freely given when justice so requires".  *Id.*[11]  Interpreting Rule 15's permissive stance

---

[11] "Prior to filing this motion, Plaintiff Johnson informed Counsel for Chevron that he was going to amend the original Complaint on April 1, 2008.  In an attempt to rob Plaintiff Johnson of his "right to file an amended complaint once as a matter of course", Counsel for Chevron breached the April 1, 2008, Stipulation and Order, made certain statements in the April 16, and May 9, 2008, Joint CMS' as well as filed an Answer to the Complaint on

toward amendment of the pleadings, the Ninth Circuit has recognized that "the underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities," and as a result has consistently held that "Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality".  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (same); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("This court has noted "on several occasions… that the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15 F[ed.]R.Civ.P., by freely granting leave to amend when justice so requires."")  (quoting *Gabrielson v. Montgomery Ware & Co.*, 785 F.2d 762, 765 (9th Cir. 1986)).

As shown below, Plaintiff Johnson's motion assuredly meets this "extreme liberality" standard.  Plaintiff Johnson's reasons for adding the Dismissed Defendants are as follows:  *First,* Plaintiff Johnson incorrectly referenced the wrong 42 U.S.C. section in the November 14, 2007, original Complaint to properly seek relief and damages against the Dismissed Defendants; *Second*, Plaintiff Johnson should be free to seek relief against any party and/or defendant that justice so requires him to do so in order to fully adjudicate the alleged claims against not only the Chevron Defendants, but against the Dismissed Defendants; and *Third*, a party seeking leave to amend an original Complaint should be given freely when justice so requires.

## V.    PLAINTIFF JOHNSON'S REASONS FOR SEEKING LEAVE TO FILE A FIRST AMENDED COMPLAINT JUSTIFY ALLOWANCE OF THE MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff Johnson seeks to amend the original Complaint for three discrete reasons. *First*, Plaintiff Johnson incorrectly referenced the wrong 42 U.S.C. section in the November 14, 2007, original Complaint to properly seek relief against the Dismissed Defendants.  As Fed.R.Civ.P. 15(a) states, a plaintiff may amend the Complaint once as of right.  As referenced above, Counsel for Chevron robbed Plaintiff Johnson of his right once as a matter of course when Counsel for Chevron made certain false and misleading statements about why the parties

April 10, 2008.  Counsel for Chevron did such even after it made certain communications to Plaintiff Johnson stating in a draft pleading prior to filing its April 10, 2008, Answer that due to the stay imposed by the Honorable William H. Alsup that they did not know when to file their Answer to the Complaint.

stipulated to dismiss the Dismissed Defendants when the parties filed the April 16, and May 9, 2008, Joint CMS' and when Counsel for Chevron filed its April 10, 2008, Answer to the original Complaint. *See* Court Docket #'s 33, 44 and 32. Counsel for Chevron further made misleading and false statements when it informed Plaintiff Johnson and the Court that they did not know when they were suppose to file their Answer to the original Complaint given the fact that the Honorable William H. Alsup had stayed this action. Counsel for Chevron also sought guidance from the Honorable William H. Alsup as to when should they file their Answer to the original Complaint. *Second*, Plaintiff Johnson should be free to seek relief against any party and/or defendant that justice so requires him to do so in order to fully adjudicate the alleged claims not only against the Chevron Defendants, but against the Dismissed Defendants. Here, justice has always been liberal in this given area to ensure that a plaintiff's right to seek relief against a defendant(s) is not compromised by a simple technicality of the pleadings. *Third*, Plaintiff Johnson asserts that this very matter is before this Court and whether the Court upholds is very long tradition of "freely [granting leave] when justice so requires" is now being tested in this action. *See* Fed.R.Civ.P.15(a). Counsel for Chevron knew from the very moment when the Honorable William H. Alsup lifted the stay that Plaintiff Johnson would utilize his right once to amend the original Complaint once as a matter of course. As previously stated, Counsel for Chevron striped Plaintiff Johnson of that right with false, misleading and deceptive tactics when the parties filed a stipulation and when the Court consummated that stipulation on April 1, 2008, to dismiss the Dismissed Defendants. *See* Court Docket #'s 30 and 31 respectively.

It is even more clear that Counsel for Chevron had advance notice that Plaintiff Johnson wanted to seek leave to amend the original Complaint as certain language in the April 1, 2008 Stipulation addressed such by stating that "…including any and all claims alleged against them, *without prejudice*". *See* April 1, 2008, Stipulation at 2:3-4 and at Court Docket #30. It should also be clear to the Court in the communications between the parties that Counsel for Chevron wanted to get out of having to prepare a motion to dismiss that they had to file by April 3, 2008, or Counsel for Chevron would be left with filing a motion for summary judgment or in the alternative adjudication to have such claims as the 42 U.S.C. section 1983 removed from this

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

action if the parties were unable to resolve such through the settlement negotiation process. Given the fact that Counsel for Chevron was unclear as to how Plaintiff Johnson was going to use a 42 U.S.C. section 1983 claim against the Chevron Defendants and the Dismissed Defendants, Counsel for Chevron sought to remedy this problem now versus taking a chance that they would be unsuccessful later through the motion for summary judgment or in the alterative adjudication phase of this action.

## A.     Filing Of A First Amended Complaint Was Explicitly Contemplated By Counsel For Chevron

Plaintiff Johnson's motion to file an amended complaint should come as no surprise to Counsel for Chevron.  In March of 2008, Plaintiff Johnson contemplated as well as communicated that the operative pleading would eventually have to be further amended at some later point in order to properly name the Dismissed Defendants as well as to assert new claims against all of the defendants.  Even with this in mind, Plaintiff Johnson *streamlined* this action for settlement purposes *only*, in which Counsel for Chevron was clearly made aware of in prior communications between the parties and in pleadings and documents on file with the Court.

It is not by accident that Counsel for Chevron began discussing with Plaintiff Johnson about a proposal for settlement on the morning the April 1, 2008, Stipulation was filed with the Court.  Plaintiff Johnson even went on to inform Counsel for Chevron that they had *"45 days"* to complete such a settlement negotiation process or he would re-add the Dismissed Defendants by amending the original Complaint.  *See* Plaintiff's Decl ISO of Motion for Leave to File A First Amended Complaint at ¶ 42.  The Court in its infamous wisdom in this given area can and will recognize that Plaintiff Johnson was using a discovery and/or tool to bring about settlement in an effort to assist the Court in clearing its docket of an action.  Plaintiff Johnson's action were also do to encourage the parties to start the process of settlement negotiations ***immediately*** without the need for a long drawn out discovery process as well as a 12-15 day trial.  The Court will also recognize that Plaintiff Johnson's actions were in keeping with this action being set for settlement negotiations through the Court's ADR Program.  Given such, Plaintiff Johnson's actions should not be construed as *bad faith* tactics as alleged by Counsel for Chevron.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**B.     Counsel For Chevron States To Plaintiff Johnson That It Had An April 3, 2008 Deadline To File A Motion To Dismiss The Dismissed Defendants Per The Court's Rules**

On March 24, 2008, Plaintiff Johnson informed Counsel for Chevron that he was in agreement with her that he had not exhausted all mandatory administrative remedies under Title VII and the California Fair and Housing Act as no right to sue letter had been issued for the Dismissed Defendants. Plaintiff Johnson also informed Counsel for Chevron that a party could still add additional defendants after an original Complaint had been filed without the need to adhere to Title VII and the California Fair Employment and Housing Act guidelines of exhausting all mandatory administrative remedies. Plaintiff Johnson further informed Counsel for Chevron via telephone that he would re-add the Dismissed Defendants under a 42 U.S.C. section 1981 claim. *See* Exhibit A to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #47. *See also* ¶ 12 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.

On March 27, 2008, Counsel for Chevron requested to know if Plaintiff Johnson would stipulate to the dismissal of the individual defendants other then the Chevron Defendants as the April 24, 2008, CMC before the Honorable William H. Alsup was fast approaching and Counsel for Chevron needed to file their Motion to Dismiss by April 3, 2008, but was hesitant to start expending time an effort preparing if the parties could reach an agreement pertaining to the dismissal of the Dismissed Defendants for amongst other things for settlement purposes. *See* Exhibit B to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #47. *See also* ¶ 20 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint. On March 27, 2008, Plaintiff Johnson also requested that Counsel for Chevron provide him with the Civil Local Rule or rules that state Counsel for Chevron had to file a Motion to Dismiss by April 3, 2008. Plaintiff Johnson also informed Counsel for Chevron that he felt having to agree to stipulate to dismiss the Dismissed Defendants should not be contingent on the parties agreeing to move the April 10, 2008, CMC out thirty (30) days. *See* Exhibit C to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court

1    Docket #47.  *See also* ¶ 19 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File

2    A First Amended Complaint.

3            Plaintiff Johnson agreed to stipulate to dismiss the Dismissed Defendants with the

4    understanding with Counsel for Chevron that he could re-add the Dismissed Defendants at a later

5    date if the parties were unsuccessful in reaching a settlement in sixty (60) days.  *See* 4:1-4 of

6    April 16, 2008, Joint CMS at Court Docket #33.  *See also* ¶ 32 Decl. of Plaintiff Johnson ISO of

7    Plaintiff's Motion for Leave to File A First Amended Complaint.  Furthermore, in order for

8    Counsel for Chevron, Plaintiff Johnson and the Court *not* to waste time in reviewing a motion to

9    dismiss, an opposition and any such reply to a motion to dismiss, Plaintiff Johnson also informed

10    Counsel for Chevron that he was going to file an amended Complaint with the Court on April 1,

11    2008.  By filing an amended Complaint would have removed the Dismissed Defendants from

12    under the 42 U.S.C. section 1983 claim and re-added them under the correct 42 U.S.C. claim of

13    section 1981.  Plaintiff Johnson referred to such to Counsel for Chevron as a procedural move to

14    properly assert the correct claims against the Dismissed Defendants.

15            Now Counsel for Chevron wants to state that there was never such an agreement to

16    dismiss the Dismissed Defendants with the understanding that Plaintiff Johnson could re-add

17    them at a later date.  Plaintiff Johnson contends otherwise as such an agreement is reflected in

18    the Court's record.  *See* May 9, 2008, Joint CMS at 11:5-15 and at Court Docket #44.  For the

19    reasons stated herein, Counsel for Chevron should be *admonished* for its misconduct in

20    providing false and misleading information to Plaintiff Johnson and the Court on this given

21    subject.

22    C.    **Counsel For Chevron Contends That Plaintiff Johnson Can Only Seek Relief And
          Damages Against Chevron Defendants For The Dismissed Defendants Alleged
          Misconduct**

23            Plaintiff Johnson contends that he informed Counsel for Chevron that the reason he

24    sought to re-add the Dismissed Defendants under a 42 U.S.C. section 1981 claim was due in part

25    to The Chevron Way[12], which holds individuals accountable for there conduct.  Plaintiff Johnson

26    specifically informed Counsel for Chevron of the following," …while I'm leaning toward the

27

28    _____

[12] Integrity – We are honest with others and ourselves.  We meet the highest ethical standards in all business
dealings.  We do what we say we will do.  We accept responsibility and hold ourselves accountable for our work and
our actions.  http://www.chevron.com/about/chevronway/, Chevron Corporation – The Chevron Way, June 5, 2008.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

decision of agreeing to a stipulation to remove all of the defendants except [the Chevron Defendants] such may only delay the fact that I could/will amend the complaint to add the [Dismissed Defendants] at a later date. I believe that discovery in this particular matter warrants such as I truly believe in The Chevron Way. Given such, these employees must be held accountable for there actions." *See* Exhibit A, to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Request for Miscellaneous Relief (letter) at Court Docket #47. *See also* ¶ 13 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.

Plaintiff Johnson had a telephone conference call with Counsel for Chevron wherein amongst other things the parties discussed the fact that Counsel for Chevron did not understand why Plaintiff Johnson wanted to keep and/or re-add the Dismissed Defendants. Plaintiff Johnson then informed Counsel for Chevron that in order for Counsel for Chevron to understand The Chevron Way, Counsel for Chevron had to hear David O'Reilly, CEO and Chairman of the Board speak about The Chevron Way and how such is fully incorporated into Chevron Corporation and its subsidiaries. *See* ¶ 8-9 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint. Likewise, Plaintiff Johnson has every right to seek relief from the Dismissed Defendants in order to hold them accountable for any alleged wrongdoing by re-naming them in his action under the various laws that provide Plaintiff Johnson with such relief. As stated by Counsel for Chevron, even if Plaintiff Johnson is successful in proving the claims herein alleged, the Dismissed Defendants (employees) would not have to pay a dime, such would be paid by the Chevron Defendants. Plaintiff Johnson also informed Counsel for Chevron that if such were to occur, then in his eyes the Dismissed Defendants (employees) would be held accountable under The Chevron Way.[13]

The above clearly shows that the parties discussed and agreed that Plaintiff Johnson could re-add the Dismissed Defendants at a later date as well as the parties discussed *streamlining* this action for settlement purposes by dismissing the Dismissed Defendants. There is nothing in the April 1, 2008, Stipulation or on file with the Court that states that Counsel for Chevron reserves its right to oppose Plaintiff Johnson's motion for leave to amend the original

[13] *Id.*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Complaint.  Such language does not exist as Counsel for Chevron agreed that Plaintiff Johnson could amend the original Complaint at a later date.  *See* ¶¶ 10, 13, 23 and 37 of Decl. ISO Plaintiff's Motion for Leave to File A First Amended Complaint.  *See also* Court Docket #31. For the reasons stated herein, Counsel for Chevron should be *admonished* for its misconduct in providing false and misleading information to Plaintiff Johnson and the Court on this given subject.

**D.     Counsel For Chevron Breached The Agreement Surrounding The Parties Dismissing The Dismissed Defendants**

Prior to the parties agreeing to dismiss the Dismissed Defendants, Counsel for Chevron and Plaintiff Johnson agreed that such was being done amongst other things to *streamline* this action for settlement purposes.  Such is contrary to any statements made by Counsel for Chevron in its May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #46 wherein Counsel for Chevron states the following, [t]hereafter, Plaintiff advised me that he would agree to voluntarily dismiss these Defendants as he acknowledged that he had not exhausted his administrative remedies prior to bringing suit against them… that these individuals were supposedly being dismissed to streamline the case for settlement purposes, as Plaintiff now asserts.  (For additional discussion, please see § "D-Pleadings" of the parties' previously filed Joint [CMC]".  *See* Counsel for Chevron's May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at p 2 ¶ 3 at Court Docket #46.

Counsel for Chevron has not only mislead and provided false and misleading information to Plaintiff Johnson, but has also done the same too the Court.  On April 1, 2008, at 6:00 a.m. Counsel for Chevron informed Plaintiff Johnson after Plaintiff Johnson sent the April 1, 2008, Stipulation to Counsel for Chevron to file with the Court the following, "Samuel, I received your fax and filed the Stipulation this morning to ensure the Court receives your request for continuance promptly.  Again, than[k] you for your courtesy regarding this matter.  I will wait to receive your proposal for a resolution of this action…."  *See* Exhibit D to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #47.  *See also* ¶ 24 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.  More telling that the parties amongst other things

stipulated to dismiss the Dismissed Defendants to *streamline* this action for settlement purposes is the following communication from Plaintiff Johnson to Counsel for Chevron, "Delia, before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you or Filice Brown Eassa & Mc[L]eod, LLP has the authority to begin and enter into settlement discussions with me pertaining to this matter as well as to execute a settlement if the parties can come to some agreement regarding this action and the WCAB matter…"  *See* Exhibit E to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #47.  *See also* ¶ 25 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.

Even more telling that the parties stipulated amongst other things to dismiss the Dismissed Defendants to *streamline* this action for settlement purposes is the following communication from Counsel for Chevron to Plaintiff Johnson, "Samuel, Yes.  We have authority to discuss settlement with you.  I am required to forward any settlement demand [or] proposal to Chevron and I will do so".  *See* Exhibit F to Plaintiff Johnson's Reply to Defendant's Opposition to Plaintiff Johnson's Request for Miscellaneous Relief (letter) at Court Docket #47.  *See also* ¶ 26 Decl. of Plaintiff Johnson ISO of Plaintiff's Motion for Leave to File A First Amended Complaint.  Furthermore, Plaintiff Johnson believes that he has provided enough supporting documentation to persuade the Court that he has not acted in *bad faith* in trying to re-add the Dismissed Defendants.  It is Counsel for Chevron who has acted in *bad faith* and now wants the Court to reward it for its misconduct by denying Plaintiff Johnson's motion to amend the original Complaint.

Plaintiff Johnson *vigorously* asserts that he is not re-adding or trying to amend the original Complaint in *bad faith* as erroneously asserted by Counsel for Chevron.  It is Counsel for Chevron who is acting in *bad faith* after agreeing to stipulate to remove the Dismissed Defendants amongst other things so that it would not have to expend time preparing a Motion to Dismiss to be filed with the Court before April 3, 2008.  Counsel for Chevron has clearly stated on the record that it did not agree to dismiss the Dismissed Defendants for settlement purposes. *See* April 16, 2008, Joint CMS at 9-11:7 and at Court Docket #33.  Such is contrary to

24
PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

discussions that occurred before the parties stipulated to dismiss the Dismissed Defendants and even after the parties stipulated to dismiss the Dismissed Defendants. For the reasons stated herein, Counsel for Chevron should be *admonished* for its misconduct in providing false and misleading information to Plaintiff Johnson as well as to the Court on this given subject. It is well within a Judge's authority and full discretion to *admonish* a defendant for such misconduct as what Counsel for Chevron has exhibited here. Given such, Plaintiff Johnson requests that the Court exercise its full authority and discretion by placing such misconduct of Counsel for Chevron's in the form of a written *admonishment* in hopes that such will deter Counsel for Chevron from making similar types of misconduct in the future.

**E.     Counsel for Chevron Provided False And Misleading Information To Plaintiff Johnson And The Court And Should Be Admonished And Sanctioned For Such Misconduct And Unprofessional Behavior**

Counsel for Chevron has just outright provided false and misleading information to Plaintiff Johnson and the Court in pleadings and at the May 21, 2008, CMC on information surrounding why the parties entered into the April 1, 2008, Stipulation to dismiss the Dismissed Defendants. Such actions by Counsel for Chevron have denied Plaintiff Johnson with his "right as a matter of course to file an amended Complaint" and almost caused the Court to abandon its long standing procedures and rules for setting cases for settlement through its ADR Program. As the Court should recall, it was Counsel for Chevron would wanted to abandoned the Court's long standing and history of setting an action for settlement negotiations within ninety (90) days from a initial Case Management Conference that had been selected for the Court's ADR Program. All of Counsel for Chevron's actions have caused Plaintiff Johnson to spend time, energy and resources to seek leave from the Court to file a First Amended Complaint. Such actions by Counsel for Chevron as outlined in this pleading, supporting pleadings, and documents and pleadings in the Court's record begs this Court to admonish and sanction Counsel for Chevron. Should the Court agree with Plaintiff Johnson's assessment, then Plaintiff Johnson respectfully requests that the Court on its on initiative issue a Fed.R.Civ.P 11(b) Show Cause Order as to why Counsel for Chevron should not be sanctioned for providing false, misleading and deceptive statements to Plaintiff Johnson and the Court as to why the parties stipulated to dismissing the

Dismissed Defendants.  Plaintiff Johnson believes that the Court will find that Counsel for

Chevron in fact provided false, misleading and deceptive statements in this given area.

**F.    Plaintiff Johnson Has Not Acted In Bad Faith, Amongst Various Other Things As Erroneously Alleged By Counsel for Chevron**

When the briefing on this given subject has concluded, the Court will determine that it

was in fact Counsel for Chevron who has acted in *bad faith* in not honoring the April 1, 2008,

Stipulation (agreement) that *streamlined* this action for settlement purposes.  Plaintiff Johnson

further asserts that it is not in his best interest to state to this Court (the Honorable Susan Illston)

at the May 21, 2008, CMC that he *streamlined* this action for settlement purposes amongst other

things, then only to try an fully litigate it with false pretenses of waiving a *"white flag"* signaling

that he wants to settle this action, but all the time *vigorously* continuing to litigate this action

using the Court's resources in an improper manner.  More to the point, Plaintiff Johnson believes

that the Court will recognize that Plaintiff Johnson stated to Counsel for Chevron that it *"has 45*

*days"* to settle this action or he would re-add the Dismissed Defendants was such a statement to

be used as a discovery and/or tool for settlement purposes.  Counsel for Chevron seems surprised

that someone would even use such a discovery and/or tool for *settlement* purposes.  Plaintiff

Johnson contends that such is done everyday in actions before this Court and the Court

welcomes, more to the point the Court encourages such actions as what Plaintiff Johnson has

done here in order to assist the Court with removing a case from its docket.

With the above in mind, there is nothing wrong with a party using a discovery and/or tool

to bring about a settlement in an action before the Court.  Plaintiff Johnson further asserts that

there is no *"bad faith, among various others"* in Plaintiff Johnson stating to Counsel for Chevron

that he would re-add the Dismissed Defendants if a settlement was not reached during the time

frame as specified above.  Such a statement by Plaintiff Johnson is contrary to Counsel for

Chevron's statement of, [t]hus, while Plaintiff [Johnson] may be using this threatened

amendment as a means of leveraging or extracting a settlement from Chevron…". *See*

Counsel for Chevron's May 18, 2008, Reply to Plaintiff Johnson's Request for Miscellaneous

Relief (letter) at p 3 ¶ 1 and at Court Docket #46.  Plaintiff Johnson has every right to amend the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

pleadings to seek relief against any defendant that has done alleged wrongdoing. The Court has a long standing in granting such a request for a plaintiff like Plaintiff Johnson to amend a pleading absent *bad faith*.

For the reasons stated herein, Plaintiff Johnson requests that Counsel for Chevron, like any other defendant should be *admonished* for not only misleading Plaintiff Johnson, but for misleading the Court in this given area. Such actions by Counsel for Chevron has now caused Plaintiff Johnson to expend resources and time in having to prepare not only a request to seek miscellaneous relief (letter), but to provide a reply opposition to the Chevron Defendant's opposition to Plaintiff Johnson's request for miscellaneous relief (letter). Notwithstanding the fact that Plaintiff Johnson has prepared this motion as well as other supporting documents to obtain such relief from the Court. Given the aforementioned, Plaintiff Johnson requests that this Court issue a written *admonishment* regarding Counsel for Chevron's misconduct. Plaintiff Johnson also requests that the Court sanction Counsel for Chevron in hopes that such will deter future misconduct.

## VI. THE PROPOSED FIRST AMENDED COMPLAINT IS NEITHER UNDULY PREJUDICIAL TO THE CHEVRON DEFENDANTS

### A. The Proposed Amendment Is Not Unduly Prejudicial

Plaintiff Johnson's motion to amend will not unduly prejudice the Chevron Defendants. The reason is self-evident. Even assuming arguendo that the instant motion to amend were denied or had never been filed, Plaintiff Johnson could always elect to file anew original Complaint against the Dismissed Defendants and the Chevron Defendants from scratch asserting a 42 U.S.C. section 1981 claim as well as seeking other such relief for the Dismissed Defendants and the Chevron Defendants alleged wrongdoings. Thus, regardless of the outcome of this motion and Plaintiff Johnson's plan for amendment, the Dismissed Defendants and the Chevron Defendants would always be subject to facing the same claims from Plaintiff Johnson as are asserted in this proposed First Amended Complaint. Because the Chevron Defendants face the exact same exposure with or without the instant motion, Counsel for Chevron can hardly claim to be prejudiced by the amended Complaint. To the contrary, proceeding by way of an amended Complaint, as opposed to having the Dismissed Defendants and the Chevron Defendants in

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

another action, which would have to start from scratch, will serve to *streamline* the process by not requiring the parties to waste valuable juridical resources in starting an identical action anew and *"reinventing the wheel"*.

The foregoing realization should end the inquiry.  Beyond that, however, the relatively early procedural posture of this action precludes any finding of undue prejudice.  Given this early procedural stage of this action, the Chevron Defendants can hardly lay claim to undue prejudice from the amending of the original Complaint. Given the early procedure posture of this action and the fact that the Chevron Defendants would face the precise same complaint as is proposed to be filed here even if the motion to amend were to be denied, the Chevron Defendants can lay no claim to any undue prejudice that would serve to defeat this instant motion.

**B.    The Proposed Amendment Is Not Futile**

In a filing in response to the Honorable William H. Alsup's Request for Clarification Clarification, Counsel for Chevron informed the Court of the following "[d]efendants' responsive pleadings, which will comprise of Motions to Dismiss rather than Answers….".  *See* 1:27-28 of Defendants' Response to Court's January 7, 2008, Request for Clarification.  *See also* Court Docket #19.  However, the Chevron Defendants filed an Answer to the original Complaint on April 10, 2008, instead of filing "Motions to Dismiss".  Based on the Chevron Defendants actions in filing an Answer and not "Motions to Dismiss" should make it clear to all concerned that there is no grounds for the Chevron Defendants to argue futility as a basis to deny Plaintiff Johnson's instant motion.  Because the allegations in the proposed First Amended Complaint are almost verbatim identical to those found in Plaintiff Johnson's original Complaint, there is plainly no grounds for the Chevron Defendants to argue that the amendment would be futile. Indeed, futile is typically an argument that is used when a motion to dismiss the original Complaint has been granted and the losing plaintiff seeks to salvage that loss by seeking leave to amend the original Complaint.  Where, as here, Plaintiff Johnson faces no such underlying motion to dismiss the original Complaint as the Chevron Defendants decided that they in fact had no basis to carry out their baseless threat of filing "Motions to Dismiss", but instead filed an Answer to the original Complaint on April 10, 2008.  *See* Court Docket #32.  The Court should

give *credence* to Plaintiff Johnson's claims as well as grant such relief in Plaintiff Johnson's Motion to File a First Amended Complaint given the fact that the Chevron Defendants knew that they would not be successful with their baseless threat of "[d]efendants' responsive pleadings, which will comprise of Motions to Dismiss rather than Answers…". *See* 1:27-28 of Defendants' Response to Court's January 7, 2008, Request for Clarification. *See also* Court Docket #19.

Given the above, there is no basis for the Chevron Defendants to even remotely argue futility because it did not exercise its right to file a motion to dismiss as well as knew that it could not persuade the Court to grant such a request to dismiss Plaintiff Johnson's claims in the original Complaint. Such by definition, defeats a futility argument that would be made by the Chevron Defendants. However, the Chevron Defendant's own documents provide the requisite evidentiary support for the claims asserted in the proposed First Amended Complaint, (which are also found in the original Complaint). The gravamen of the proposed First Amended Complaint, like that of the original Complaint, is that the Chevron Defendants subjected Plaintiff Johnson as well as others to discriminatory and retaliatory employment practices based on their race, discriminated and retaliated against Plaintiff Johnson and others for participating in a protected activity, discriminated against Plaintiff Johnson for complaining that others were being subjected to discriminatory and retaliatory employment practices and retaliated against Plaintiff Johnson by wrongfully terminating his employment on August 6, 2006. Furthermore, as part of the discovery (10,000 documents) that have been produced to date in the administrative proceeding further diminishes the Chevron Defendants argument in support of a motion to dismiss as Counsel for Chevron has stated to the Court that majority of these documents pertain to Plaintiff Johnson's claims in this action. On May 14, 2008, Plaintiff Johnson propounded requests for production of documents and interrogatories, set one on the Chevron Defendants. On June 2, 2008, Plaintiff Johnson propounded requests for admissions, set one on the Chevron Defendants. This discovery addresses *some, **not** all* of the issues at the heart of the original Complaint's allegations as such was propounded for *settlement* purposes *only*.

## VII.    CONCLUSION

In sum, granting Plaintiff Johnson's Motion for Leave to File A First Amended

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST
AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Complaint is likely to speed rather than delay resolution of the issues by identifying the scope of potential disputes of fact between the parties to assist in *possible settlement* or in clarifying the issues in advance of the scheduled trial.  As stated in the parties April 16, and May 9, 2008, Joint CMS' as well as on the record at the May 21, 2008, CMC, Plaintiff Johnson believes that setting this action on an expedited (fastrak) trial schedule does not provide him with enough time to properly conduct ***full*** discovery to prove his alleged claims against the Chevron Defendants.  The need to move the April 2009, scheduled trial and all other dates is supported in Plaintiff Johnson's Initial Disclosures wherein he disclosed the various categories and/or types of documents that he would need from the Chevron Defendants.  Plaintiff Johnson further disclosed to Counsel for Chevron in his Initial Disclosures forty (40) or so names of individuals who have knowledge and/or information about the alleged claims asserted by Plaintiff Johnson.  In the month of June of 2008, Plaintiff Johnson further informed Counsel for Chevron that he would be serving requests for production of documents, interrogatories and requests for admissions, set two.  Given all of the above and the fact that Plaintiff Johnson will be supplementing his Initial Disclosures within the next four to six (4-6) weeks further supports his position that the April 2009, scheduled trial date, especially the September 26, 2008, non-expert discovery cut-off should be moved out.

    For all of the foregoing reasons, Plaintiff Johnson respectfully requests that the Court enter an order granting Plaintiff Johnson's Motion for Leave to File a First Amended Complaint, deeming the amendment filed as of the date of the Order, move out the April 2009, scheduled trial date as well as all other dates and grant any additional relief that this Court deems just and proper from the filing of this pleading and any of the pleadings by Plaintiff Johnson on this subject matter.

Date this 11th day of June 2008                              /s/

                                                    _____

                                                    SAMUEL BERNARD JOHNSON III