SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff – *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,<br><br>                    Defendants | Case No.:   C 07-05756 SI  (JCS)<br><br>**EXHIBIT A TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**DATE:** Friday, July 18, 2008<br><br>**TIME:** 9:00 a.m.<br><br>**COURTROOM:** 10, 19th Floor<br><br>**JUDGE:** Honorable Susan  Illston |

1  SAMUEL BERNARD JOHNSON III
   4420 Abruzzi Circle
2  Stockton, California 95206
   (209) 982-5904 - Telephone
3  blakviii@aol.com - Email

4  Plaintiff - *In Pro Se*

5

6

7

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11             **SAN FRANCISCO DIVISION**

12

13 SAMUEL BERNARD JOHNSON III,          Case No.:   C 07-05756 SI (JCS)

                  Plaintiff,            **FIRST AMENDED COMPLAINT**
14
                                        **DEMAND FOR JURY TRIAL**
15          vs.

16 CHEVRON CORPORATION, a Delaware
   corporation, CHEVRON CORPORATION
17 LONG-TERM DISABILITY PLAN
   ORGANIZATION, a Delaware corporation,
18 CHEVRON ENVIRONMENTAL
   MANAGEMENT COMPANY, a California
19 corporation, CATHERINE DREW, KATHRYN
   M. GALLACHER, HARALD SMEDAL,
20 ROBERT SCHMITT, SUSAN J. SOLGER,
   SELLERS STOUGH, KRYSTAL TRAN,
21 DEBBIE WONG, GARY A. YAMASHITA,
   and DOES 1-5,
22

23                Defendants

24

25

26

27

28

**JURISDICTION AND VENUE**

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 2000(e), *et. seq.* (hereinafter referred to as ("Section 2000(e), *et. seq.*"), 42 U.S.C. Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* (hereinafter referred to as the "ADA"), the California Fair Employment and Housing Act, California Government Code § 12940, *et. seq.* (hereinafter referred to as "Section 12940, *et. seq.*") and equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, (hereinafter referred to as "Section 1981a"). Under 28 U.S.C. § 1367(a), the Court also has supplemental jurisdiction over the state law claims asserted in the Complaint.

This action also seeks redress under the Civil Rights Act of 1866, (hereafter referred to as "Section 1981") for racial discrimination and retaliation. Accordingly, the jurisdiction of this Court also is invoked pursuant to 28 U.S.C. § 1331.

Venue is this Court in the Northern District of California is proper under 28 U.S.C. §§ 1391(b)(1)(2) and 1443 because some if not all of the Defendants reside in this judicial district and a substantial part if not all of the events or omissions giving rise to Plaintiff Johnson's claims occurred in this judicial district. Likewise, Plaintiff Johnson resides within this judicial district.

**INTRA DISTRICT ASSIGNMENT**

This action should be assigned to the San Francisco or Oakland Division of the Court because events and omissions alleged herein which give rise to the claims for relief occurred in Contra Costa County, California.

**CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII**

Samuel Bernard Johnson, III, (hereinafter referred to as "Plaintiff Johnson") has exhausted all administrative remedies prior to filing the Complaint. Plaintiff Johnson has filed a charge with the Equal Employment Opportunity Commission, (hereinafter referred to as the "EEOC" or "EEOC Charges) on September 28, 2006 and on October 19, 2006. The EEOC issued a Right to Sue Letter on August 21, 2007, pertaining to EEOC Charge Nos. 550-2006-02147 and 550-2007-00238. See Exhibits A and B, respectively. The California Department of

Fair Employment and Housing issued a Notice of Complainant of Right-to-Sue on October 19, 2006, November 8, 2006 and November 22, 2006.  See Exhibits C, D, and E respectively. Pursuant to California Government Code section 12965, subdivision (d)(1), the one year period to sue was tolled during the pendency of the EEOC's investigation.

**THE PARTIES**

1. Samuel Bernard Johnson III is an African-American male who began his employment on Monday, August 15, 2005, as a Procurement Specialist for Defendant CEMC.  Plaintiff Johnson at all times relevant herein, was, and continues to be a resident of San Joaquin County, California.

2. CHEVRON CORPORATION, (hereinafter referred to as "Defendant CVX") is a Delaware corporation and at all times relevant to the Complaint has its principal place of business in San Ramon, California.

3. CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, (hereinafter referred to as "Defendant CLTDPO") is a Delaware corporation, is a subsidiary of Defendant CVX and at all times relevant to the Complaint has its principal place of business in San Ramon, California.

4. CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, (hereinafter referred to as "Defendant CEMC") is a California corporation, is a subsidiary of Defendant CVX and at all times relevant to the Complaint has its principal place of business in San Ramon, California.

5. CHEVRON CORPORATION, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY and CHEVRON CORPORATION LONG-TERM DISABILITY ORGANIZATION PLAN, are referred to collectively as the "Local Defendants".

6. CATHERINE DREW, is a Caucasian female and is a Business Partner, Human Resources for Defendants CVX and CEMC, (hereinafter referred to as "Defendant Drew").  Defendant Drew is being sued individually and in her official capacity as Business Partner, Human Resources for Chevron Technology & Services Company

2

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Based on information and belief, Defendant Drew at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

7. KATHRYN M. GALLACHER, is a Caucasian female and is an Employee Relations Counselor, Corporate Human Resources for Defendant CVX and Chevron North America Shared Services, (hereinafter referred to as "Defendant Gallacher").  Defendant Gallacher is being sued individually and in her official capacity as Employee Relations Counselor, Human Resources for Chevron Corporation North America Shared Services and for Chevron Corporation.  Based on information and belief, Defendant Gallacher at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

8. ROBERT SCHMITT is a Caucasian male and was a Contracts Administrator for Defendant CEMC, (hereinafter referred to as "Defendant Schmitt") during Plaintiff Johnson's employment for Defendant CEMC.  Defendant Schmitt is being sued individually and in his official capacity as a Contracts Administrator for Defendant CEMC.  Based on information and belief, Defendant Schmitt at all times relevant herein, was and continues to be a resident of Alameda County.

9. HARALD SMEDAL is a Caucasian male and was the Manager for the Finance and Business Services Unit for Defendant CEMC, (hereinafter referred to as "Defendant Smedal") un June 1, 2006, when he retired his employment with Defendant CEMC. Defendant Smedal is being sued individually and in his official capacity as Former Manager for the Finance and Business Services Unit for Defendant CEMC.  Based upon information and belief, Defendant Smedal at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

10. SUSAN J. SOLGER, is a Caucasian female and was the Supervisor, Contracts Administration, Business Services Unit for Defendant CEMC, (hereinafter referred to as "Defendant Solger") and reported to Harald Smedal, a Caucasian male former Manager for the Finance and Business Services Unit and Defendant Stough during the times and incidents alleged in the Complaint.  Defendant Solger was the supervisor of Plaintiff

3

Johnson from February 1, 2006 to August 7, 2006, when Plaintiff Johnson was wrongfully terminated for filing Employer EEO Charges.  Defendant Solger is being sued individually and in her official capacity as Former Supervisor, Contracts Administration for the Business Services Unit for Defendant CEMC.  Based upon information and belief, Defendant Solger at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

11. SELLERS STOUGH, is a Caucasian male and is the Manager for the Finance and Business Services Unit for Defendant CEMC, (hereinafter referred to as "Defendant Stough").  Defendant Stough became the supervisor of Defendant Solger on June 1, 2006.  Defendant Stough is being sued individually and in his official capacity as Manager for the Finance and Business Services Unit for Chevron Environmental Management Company.  Based upon information and belief, Defendant Stough at all times relevant herein, was and continues to be a resident of Alameda County, California.

12. KRYSTAL TRAN is an Asian female and is a Senior Claims Analyst for Chevron Corporation Treasury Department Insurance Division, (hereinafter referred to as "Defendant Tran").  Defendant Tran is being sued individually and in her official capacity as Senior Claims Analyst for Chevron Corporation Treasury Department Insurance Division.  Based on information and belief, Defendant Tran at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

13. DEBBIE WONG, is an Asian female and was the Supervisor, Contracts Administration and Supplier Manager for Defendant CEMC, (hereinafter referred to as "Defendant Wong").  On February 1, 2006, Defendant Wong became the Supplier Manager for Defendant CEMC.  Defendant Wong is being sued individually and in her official capacity as Former Supervisor, Contracts Administration and Supplier Manager for Chevron Environmental Management Company.  Based on information and belief, Defendant Wong at all times relevant herein, was and continues to be a resident of Contra Costa County, California.

14. GARY A. YAMASHITA, is an Asian male and is the Manager of Global Office of Ombuds for Defendant CVX (hereinafter referred to as "Defendant Yamashita"). Defendant Yamashita is being sued individually and in his official capacity as Manager for the Global Office of Ombuds for Chevron Corporation. Based on information and belief, Defendant Yamashita at all times relevant herein, was and continues to be a resident of Contra Costa County, California

15. Defendants Drew, Gallacher, Schmitt, Smedal, Solger, Stough, Tran, Wong, and Yamashita are referred to collectively as the "Individual Defendants, (in their individual and official capacity), each of them".

16. DOES 1 through 5, Plaintiff Johnson is not aware of the true names and capacities of the defendants sued herein as DOES 1 through 5, inclusive, and therefore sues these defendants by such fictitious names. Each fictitiously named defendant is responsible in some manner for the pattern and practice of discriminatory and retaliatory employment practices alleged herein. Plaintiff Johnson will amend the Complaint to add the true names of the fictitiously named defendants once they are discovered. When reference is made in the Complaint to the Local Defendants and Individual Defendants (in their individual and official capacity), each of them, such reference shall include DOES 1 through 5 and Defendants CVX, CLTDPO, CEMC, Drew, Gallacher, Stough, Schmitt, Smedal, Solger, Tran, Wong and Yamashita.

17. Plaintiff Johnson is informed, believes, and therefore alleges that each of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them is responsible for the pattern and practice of events herein alleged, or is a necessary party for obtaining appropriate relief. In performing each of the acts alleged below, and in their failure to fulfill their legal responsibilities as set forth below, the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them acted jointly or individually as agents for each other and for all other Local Defendants and Individual Defendants, (in their individual and official capacity), each of them. The injuries inflicted upon Plaintiff Johnson, each of them, occurred because of

5

the actions, inactions and omissions of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. Plaintiff Johnson alleges that the Local Defendants and the Individual Defendants (in their individual and official capacity), each of them have a systematic pattern and practice of discriminating against him on the basis of his race, an African-American, his _____ and his _____. Plaintiff Johnson further alleges that such conduct herein alleged is in violation of the Local Defendants Human Resources employment policies and The Chevron Way, which states the following:

> "Diversity - We learn from and respect the cultures in which we work. We value and demonstrate respect for the uniqueness of individuals and the varied perspectives and talents they provide. We have an inclusive work environment and actively embrace a diversity of people, ideas, talents and experiences."[1]

19. Plaintiff Johnson alleges that in 2002 he was subjected to discrimination on the basis of his _____ as a result of the Local Defendants hiring, job placement and selection practices. Plaintiff Johnson further alleges that such conduct herein alleged is in violation of the Local Defendants Human Resources employment policies and The Chevron Way. *Id.*

20. Plaintiff Johnson alleges that on or after April of 2005, he was subjected to discrimination on the basis of his race, an African-American as a result of the Local Defendants hiring, job placement and selection practices. Plaintiff Johnson further alleges that such conduct herein alleged is in violation of the Local Defendants Human Resources employment policies and The Chevron Way. *Id.*

21. Plaintiff Johnson began his employment on Monday, August 15, 2005, as a

---

[1] http://www.chevron.com/about/chevronway/, Chevron Corporation – The Chevron Way, Jun 5, 2008

6

Procurement Specialist with Defendant CEMC. Plaintiff Johnson's last date of employment for Defendant CEMC was on Monday, August 7, 2006, when he was wrongfully terminated by the Local Defendants and Individual Defendants, (in their official capacity), each of them for complaining about what he reasonably believed to be discriminatory and retaliatory employment practices, which lead up to Plaintiff Johnson filing a June 5, 2006, Employer Equal Employment Opportunity Charge, (hereafter referred to as "June 5, 2006, Employer EEO Charge"), participating in a June 5, 2006, Employer Equal Employment Opportunity Investigation, (hereafter referred to as "June 5, 2006, Employer EEO Investigation"), filing a July 12, 2006, Employer Equal Employment Opportunity Charge, (hereinafter referred to as "July 12, 2006, Employer EEO Charge"), participating in a July 12, 2006, Employer Employment Opportunity Investigation, (hereinafter referred to as "July 12, 2006, Employer EEO Investigation") and calling the Local Defendants 800 line to report what he reasonably believed to be discriminatory and retaliatory employment practices in July of 2006, (collectively referred to as "Employer EEO Charges").

22. From August 15, 2005 through August 2006, Plaintiff Johnson alleges that he was subjected to disparate treatment based on his race, an African-American, which created a hostile work environment due to the actions, inactions and omissions of the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them as referenced in ¶¶ 18-103 of the Complaint.

23. On or after September 21, 2005, Plaintiff Johnson alleges that while on a business trip for Defendant CEMC, wherein Robert Schmitt, a Caucasian male Contracts Administrator also attended, the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them, became aware of Plaintiff Johnson's
        . Plaintiff Johnson further alleges that Mr. Smith informed him not to ever put, "your mother fucking hands on me". Plaintiff Johnson further alleges that he informed

7

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Mr. Schmitt to refrain from using the type of language referred to in this ¶ of the Complaint.

24. On or after September 26, 2005, Plaintiff Johnson alleges that he informed Defendant Wong of what is referenced in ¶¶ 22-23 of the Complaint. Defendant Wong in turn respondent, "what do you want me to do"? Plaintiff Johnson alleges that he informed Defendant Wong of such "FYI" for your information. Plaintiff Johnson further alleges that Defendant Wong informed him that Mr. Schmitt's comments were not in line with The Chevron Way. Short of that comment, Plaintiff Johnson is informed and therefore believes that Defendant Wong did not speak to Mr. Schmitt about his unwelcome and offensive comments towards Plaintiff Johnson.

25. On or after September 26, 2005, until August 7, 2006, Plaintiff Johnson alleges that Mr. Schmitt continued to use profanity in the Local Defendants work environment in which Plaintiff Johnson continued to ask Mr. Schmitt to refrain from such as well as complained of such to the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

26. Plaintiff Johnson further alleges that during his conversation with Defendant Wong as referenced in ¶ 24 of the Complaint, Defendant Wong was informed that Mr. Schmitt refused to train Plaintiff Johnson on Defendant CEMC's contracts administration processes and procedures. Defendant Wong then offered to train Plaintiff Johnson. After Plaintiff Johnson made this statement to Defendant Wong, Defendant Wong stated that she would in fact train him. Plaintiff Johnson alleges that Defendant Wong did not provide the necessary training on Defendant CEMC's contracts administration processes and procedures.

27. Plaintiff Johnson is informed and therefore believes that Defendant Wong did not report or investigate what is referenced in ¶¶ 22-23 of the Complaint as governed by the Local Defendants Human Resources employment policies. Plaintiff Johnson further alleges that Defendant Wong's inactions were clearly in violation of the Local Defendants Human Resources employment policies.

8

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

28. Plaintiff Johnson alleges that the Local Defendants work environment became unbearable after he reported what is referenced in ¶¶ 22-23 of the Complaint.  So, in January of 2006, Plaintiff Johnson met with Daniel Rocha, a Nigerian former President for Defendant CEMC.  Such a meeting was at the request of Mr. Rocha who repeatedly asked Plaintiff Johnson how everything was going at Defendant CEMC's place of business.  Plaintiff Johnson alleges that at this January 2006, meeting, which was held in Mr. Rocha's office after 5:00 p.m., that Plaintiff Johnson requested to be transferred to another opco/company due to what is referenced in ¶¶ 22-23 of the Complaint.  Plaintiff Johnson further alleges that Mr. Rocha informed him that the matter was being worked on, that he was aware of some of the matters in Defendant CEMC's Contracts Administration Unit and that if Plaintiff Johnson could hold on for a while things would get better.

29. Plaintiff Johnson is informed and therefore believes that Mr. Rocha did not report or investigate what is referenced in ¶¶ 22-23 of the Complaint.  Plaintiff Johnson further alleges that Mr. Rocha's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

30. Plaintiff Johnson further alleges that after a meeting with John Ladd, a male Caucasian Business Unit Manager for Defendant CEMC who had monitored several email exchanges between Shar'ron Smith, an African-American Contracts Administrator (Contractor) and Plaintiff Johnson, that Mr. Ladd had instructed Plaintiff Johnson to meet with Harald Smedal a Caucasian male former Finance and Business Service Manager for Defendant CMC.  Plaintiff Johnson alleges that Mr. Ladd instructed him that if Mr. Smedal did not set up a meeting to speak with him in three (3) days regarding the matter, that Plaintiff Johnson was to contact the Local Defendants Omsbud Department.

31. Plaintiff Johnson alleges that in January of 2006, he had a discussion with Defendant Yamashita regarding what is referenced in ¶¶ 22-30 f the Complaint.  Plaintiff Johnson further alleges that he informed Defendant Yamashita that he would not be subjected to these types of discriminatory employment practices.  Plaintiff Johnson is informed and

9

therefore believes that Defendant Yamashita did not report or investigate what is referenced in ¶¶ 22-30 of the Complaint as governed by the Local Defendants Human Resources discrimination employment policies.  Plaintiff Johnson further alleges that Defendant Yamashita's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

32. On or around January 29, 2006, Plaintiff Johnson alleges that he applied for another position outside of Defendant CEMC's Business Services Unit, Contracts Administration due to what is referenced in ¶¶ 22-31 of the Complaint.

33. Plaintiff Johnson alleges that on or after February 1, 2006, Defendant Solger became aware of Plaintiff Johnson's        .  More to the point, Defendant Solger discussed such at a June 7, 2006, meeting wherein Plaintiff Johnson was being subjected to further discriminatory and retaliatory employment practices for filing a June 5, 2006, Employer EEO Charge.  Based on information and belief, the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them, have subjected Plaintiff Johnson to discriminatory and retaliatory employment practices because of his        , which is in violation of the ADA and Sections 1983 and 2000(e).

34. Plaintiff Johnson alleges that from February 1, 2006 to August 7, 2006, Defendant Solger refused to train him on Defendant CEMC's Contracts Administration processes and procedures.  Plaintiff Johnson further alleges that when he met with Defendant Stough in June of 2006 that he informed him of such.

35. Based on information and belief Plaintiff Johnson was informed that on or around February 27, 2006, Veronica Jones, a female African American was transferred from Defendant CEMC to Chevron Global Business Real Estate Services and assumed the role, duties and responsibilities as an Administrative Specialist due to being subjected to discriminatory employment practices by the Local Defendant and the Individual Defendants, (in their individual and official capacity), each of them.

36. Plaintiff Johnson further alleges that prior to March 1, 2006, he had conversations and/or Ms. Jones complained to him about certain discriminatory employment practices that Ms. Jones was being subjected to as an employee for Defendant CEMC.

37. Based on information and belief, Ms. Jones spoke with Mr. Rocha in January of 2006 about what is referenced in ¶¶ 35-36 of the Complaint.  Based on further information and belief, Mr. Rocha informed Ms. Jones that he was aware of certain matters within Defendant CEMC and that he was working to resolve them.  Based on further information and belief, Mr. Rocha did not report such to the Local Defendants, which is in violation of the Local Defendants Human Resources discrimination employment policies.  Plaintiff Johnson further alleges that Defendant Rocha's inactions were clearly in violation of the Local Defendants Human Resources  discrimination employment policies.

38. From March 1, 2006 to August 7, 2006, Plaintiff Johnson alleges that he participated in a protected activity as he complained to anyone about the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them discriminatory and retaliatory employment practices against others as well as Plaintiff Johnson.  Plaintiff Johnson further alleges that he was subjected to retaliation for complaining about others as well as himself being subjected to discriminatory employment practices by the Local Defendants and the Individual Defendants, (in their official capacity), each of them.

39. On or around March 13, 2006, Plaintiff Johnson alleges that he was subjected to retaliation and discrimination based on his race, an African-American because Plaintiff Johnson opposed what he reasonably believed to be discriminatory employment practices of Defendant Solger and for discussing discriminatory employment practices at a February 6, 2006, 2005 Performance Management Process Closing Session wherein Defendant Wong requested that Plaintiff Johnson discussed certain personnel matters involving Mr. Schmitt and Mr. Smith.

40. On or around March 21, 2006, Plaintiff Johnson alleges that he was subjected to discrimination, retaliation and emotional distress when Defendant Solger began to subject Plaintiff Johnson to retaliatory employment practices in the form of harassment and intimidation for Plaintiff Johnson complaining about and opposing what he reasonably believed to be discriminatory employment practices by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.  More to the point, Plaintiff Johnson discussed with Defendant Solger certain issues pertaining to the way she treated Hispanics and African-Americans in Defendant CEMC's Business Services  Unit, Contracts Administration that involved, but not limited to Corinne Hernandez, a female Hispanic Procurement Coordinator for Defendant CEMC.

41. Plaintiff Johnson further alleges that at the above-referenced meetings in ¶¶ 39 and 40, Defendant Solger began to yell and scream at Plaintiff Johnson as well as blocked his path each time he tried to leave the conference room.  Plaintiff Johnson further alleges that Defendants Solger actions constituted to intimidation in which Plaintiff Johnson began to cry during the reminder of the meeting.  Plaintiff Johnson further alleges that Defendant Solger's physical conduct was unwelcome and offensive.

42. Plaintiff Johnson alleges that after this meeting was over that he had a conversation with Mr. Ladd wherein Mr. Ladd stated that we cannot not have that happening as Plaintiff Johnson communicated to Mr. Ladd that Defendant Solger had stated amongst other things that Plaintiff Johnson was the cause of everything that was wrong in Defendant CEMC's Contracts Administration Unit.  Plaintiff Johnson alleges that he informed Defendant Wong of what took place during the meeting in ¶ 40 of the Complaint as well as his conversation with Mr. Ladd.

43. On or after April 4, 2006,  Plaintiff Johnson signed his 2005 Performance Management Process (hereinafter referred to as "2005 PMP").  Mr. Smedal and Defendant Wong provided Plaintiff Johnson with the following rating of 2 = Fully Meets Performance Expectations.  Defendant Solger advised Plaintiff Johnson that he would be receiving a 6.6% salary increase.  Upon notifying Plaintiff Johnson of this, Defendant Solger stated

12

that she had never seen someone receive a 6.6% salary increase during her employment for the Local Defendants.  Plaintiff Johnson also received a larger award from Defendant CEMC's Business Services Unit for success sharing then what was presented from Defendant CVX.  Plaintiff Johnson took the salary increase as well as the success sharing most specifically from Defendant CEMC's Business Services Unit that he worked in that he was on the right track of aligning himself with The Chevron Way.  Taken from Defendant CVX's website on The Chevron Way:[2]

> "*High Performance - We are committed to excellence in everything we do, and we strive to continually improve.  We are passionate about achieving results that exceed expectations – our own and those of others. We drive for results with energy and a sense of urgency.*"

44. On or around May 1, 2006, Plaintiff Johnson was informed by Wandie Thornton (Gordon), a Hispanic female former Contracts Coordinator for Defendant CEMC that she was being subjected to what she reasonable believed to be discriminatory employment practices by Defendant Solger.

45. On or after May 2, 2006, Plaintiff Johnson received an email from Mr. Smedal stating that he wanted to personally thank Plaintiff Johnson for his efforts on the Contracts Administration – Contracts Requiring Follow-up.  Mr. Smedal further stated that Defendant Solger had nothing but praise for his efforts/results and those assisting him. "Thanks again for taking on this extra assignment.  Your efforts will definitely make a difference to the Contracts group long term".

46. On or around May 8, 2006, Plaintiff Johnson alleges that he was informed by Ms. Thornton (Gordon) that she was placed on a Performance Improvement Plan by Defendant Solger because she opposed what she reasonably believed to be discriminatory employment practices of Defendant Solger.  Plaintiff Johnson is informed and therefore believes that due to the hostile work environment and harassment that Ms. Thornton

---

[2] http://www.chevron.com/about/chevronway/, Chevron Corporation – The Chevron Way, June 5. 2008

(Gordon) was subjected to, that Ms. Thornton (Gordon) went out on medical leave on several occasions before and after Plaintiff Johnson's wrongful termination by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

47. On or around May 15, 2006, Plaintiff Johnson alleges that he was subjected to discrimination and a hostile work environment when Defendant Solger for no apparent reason asked Plaintiff Johnson the following while he was in her office, "you know that [Defendant CVX] conducts drug tests don't you?" Defendant Solger then asked Plaintiff Johnson, "you know that [Defendant CVX] can then retest you the following week or so even if you pass the first drug test?" Plaintiff Johnson further alleges that Defendant Solger implied that something was wrong with his drug screening that was conducted for his pre-employment process for Defendant CEMC. Based on information and belief, Defendant Solger did not have such a conversation with Mr. Schmitt about his drug screen as part of his pre-employment process for Defendant CEMC. Plaintiff Johnson further alleges that Defendant Solger's comments were unwelcome and offensive.

48. On or around May 26, 2006, Plaintiff Johnson filed an on-line work related injury claim form with Defendant CVX.

49. Plaintiff Johnson alleges that Mr. Smedal retired effective on June 1, 2006, and Defendant Stough became the Manager for the Finance and Business Services Unit for Defendant CEMC. Defendant Stough also became Defendant Solger's supervisor.

50. Plaintiff Johnson further alleges that after Mr. Smedal retired and Defendant Stough assumed the duties and responsibilities as Manager for the Finance and Business Services Unit for Defendant CEMC that Defendant Solger increased her discriminatory and retaliatory employment practices against Ms. Thornton (Gordon), Ms. Hernandez and Plaintiff Johnson.

51. On or after June 1, 2006, Plaintiff Johnson alleges that he was excluded from the selection process of several contractors to assist Defendant CEMC's Contracts Administration with its workflow. Plaintiff Johnson further alleges that such was due to

14

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

him complaining about what he reasonably believed to be discriminatory employment practices of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

52. On or after June 1, 2006, Plaintiff Johnson alleges that he was discriminated on the basis of his race for participating in the Local Defendant's Chevron Black Employee Network.

53. On or after June 1, 2006, Plaintiff Johnson alleges that Defendant Solger began to train Alana Constable, a Caucasian female Contractor on his duties and responsibilities as a Procurement Specialist.

54. On or after June 1, 2006, Plaintiff Johnson alleges that he was discriminated on the basis of his race as the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them interfered with Plaintiff Johnson job duties and work performance as a Procurement Specialist.

55. On or around June 5, 2006, Plaintiff Johnson contacted Nora Rodriguez a Selection Counselor for Chevron North America Shared Services in Houston, Texas and informed her that he reasonably believed he was being subjected to discriminatory and retaliatory employment practices by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.  Ms. Rodriguez referred Plaintiff Johnson too Robert Stevens, an Employee Relations Counselor for Defendant CVX who was also located in Houston, Texas.

56. On or around June 5, 2006, Plaintiff Johnson contacted Mr. Stevens and informed him that he reasonably believed he was being subjected to discriminatory and retaliatory employment practices by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

57. On or around June 5, 2006, Plaintiff Johnson alleges that he was subjected to harassment, retaliation, discrimination, a hostile work environment and emotional distress for participating in a protected activity and opposing what he reasonably believed to be discriminatory employment practices of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them wherein Defendant

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Solger began to yell and scream at Plaintiff Johnson during a meeting in her office. Plaintiff Johnson also alleges that he was subjected to intimidation during this meeting. More to the point, Defendant Solger threatened Plaintiff Johnson that if he refused to do what she wanted, such refusal would be reflected in Plaintiff Johnson's 2006 PMP in a negative way.

58. On or around June 6, 2006, Plaintiff Johnson alleges that he was subjected to harassment, retaliation, discrimination, a hostile work environment and emotional distress for filing a June 5, 2006, Employer EEO Charge for what he reasonably believed to be discriminatory and retaliatory employment practices of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them, wherein Defendant Solger began to subject Plaintiff Johnson to a form of intimidation and harassment by yelling and screaming at him during a meeting in her office. Plaintiff Johnson requested that Defendant Solger refrain from doing such. When Plaintiff Johnson attempted to leave Defendant Solger's office when she did not comply, Defendant Solger grabbed her office door in an attempt to close it and lock Plaintiff Johnson within her office. Plaintiff Johnson further alleges that Defendant Solger's physical conduct was unwelcome and offensive.

59. On or around June 6, 2006, after what is referenced in ¶¶ 22-58 of the Complaint, Plaintiff Johnson placed a telephone call to Defendant Yamashita and informed him that he reasonably believed that he was being subjected to discriminatory and retaliatory employment practices. Plaintiff Johnson is informed and therefore believes that Defendant Yamashita did not report or investigate what is referenced in ¶¶ 22-58 of the Complaint as governed by the Local Defendants Human Resources discrimination and retaliation employment policies. Plaintiff Johnson further alleges that Defendant Yamashita's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

60. On or around June 6, 2006, after speaking with Defendant Yamashita, Plaintiff Johnson placed a telephone call to Defendant Drew as well as sent an email to Defendants Drew

16

and Stough stating that he needed to meet with them about a Human Resources (employment) matter.

61. On or around June 6, 2006, Plaintiff Johnson met with Thomas Wyne, a Business Partner for Chevron Technology & Services Company in his office to discuss what is referenced in ¶¶ 22-60 of the Complaint.  Plaintiff Johnson also requested that he be transferred out of Defendant CEMC's opco/company as he reasonably believed that he felt he was being subjected to discriminatory and retaliatory employment practices by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.  Plaintiff Johnson is informed and therefore believes that Mr. Wyne did not report or investigate what is referenced in ¶¶ 22-60 of the Complaint as governed by the Local Defendants Human Resources discrimination and retaliation employment policies. Plaintiff Johnson further alleges that Mr. Wyne's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

62. From June 6, 2006 through August 7, 2006, Plaintiff Johnson alleges that he continued to participate in a protected activity as he complained to anyone about the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them alleged discriminatory and retaliatory employment practices.

63. On or around June 7, 2006 Plaintiff Johnson alleges that he was subjected to harassment, discrimination, a hostile work environment and retaliation at a 2:00 p.m. meeting entitled Performance Update for filing a June 5, 2006, Employer EEO Charge, wherein Defendants Solger and Yamashita where in attendance.  Defendant Solger made comments such as "I need someone who can take my directions to the next level.  If I give something to [Plaintiff Johnson], then I might as well do it myself." , "I'm going to stripe all of [Plaintiff Johnson's] duties away from him and assign him administrative work.", "I do not know if I can even be in the same car as [Plaintiff Johnson], and that [Plaintiff Johnson] was scheduled to tour a Superfund Property Management facility of [Defendant CEMC], but that she would order the boots as she felt [Plaintiff Johnson] would more then likely mess that up]".  Plaintiff Johnson further alleges that Defendant

17

Solger's comments were unwelcome and offensive as well as perceived Defendant's Solger's comments as threats and retaliation for filing a June 5, 2006, Employer EEO Charge.

64. On or around June 12, 2006, Plaintiff Johnson met with Defendant Stough regarding what is referenced in ¶¶ 22-63 of the Complaint.  Defendant Stough informed Plaintiff Johnson that he would look into the matter and get back to him within one week.

65. From June 12, 2006 through August 7, 2006, Plaintiff Johnson alleges that after he informed Defendant Stough of what is referenced in ¶¶ 22-63 of the Complaint, that he was subjected to retaliation for reporting what he reasonably believed to be discriminatory and retaliatory employment practices as Defendant Solger refused to answer any of Plaintiff Johnson's questions pertaining to Defendant CEMC's Contracts Administration processes and procedures as well as refused to provide the necessary training in order for Plaintiff Johnson to properly conduct his work assignments.

66. From June 12, 2006 through August 7, 2006, Plaintiff Johnson alleges that he was subjected to discriminatory and retaliatory employment practices wherein the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them interfered with Plaintiff Johnson's work and job performance as a Procurement Specialist for Defendant CEMC.

67. On or around June 19, 2006, Plaintiff Johnson alleges that he was subjected to unfair treatment, wherein Plaintiff Johnson completed serving as Master of Ceremonies for CBEN's 1st Official Juneteenth Celebration Event.  Plaintiff Johnson requested to go home early at 1:00 p.m., as he was tired due to planning this event within three (3) weeks. Defendant Solger requested that Plaintiff Johnson record his exemption time even though Plaintiff Johnson was an exempt employee, which caused Plaintiff Johnson to use vacation/sick time.  Based on information and belief, Defendant Solger did not require Mr. Schmitt to report exemption time when he went home early for the day.

68. From June 21, 2006 to August 7, 2007, Plaintiff Johnson alleges that the Local Defendants and the Individual Defendants, (in their individual and official capacity), each

18

of them discriminated against him on the basis of the work assignments they assigned to him.

69. On or around June 21, 2006, Plaintiff Johnson alleges that he was subjected to harassment, discrimination and retaliation and the ADA was violated wherein Defendant Solger started placing unrealistic deadlines for Plaintiff Johnson to complete his work assignments.  Based on information and belief, Defendant Solger did not subject Mr. Schmitt to these discriminatory and retaliatory employment practices.  Plaintiff Johnson further alleges that he reported these discriminatory and retaliatory employment practices to the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them.

70. On or around June 23, 2006, during a meeting with Defendant Stough, Plaintiff Johnson discussed certain matters pertaining to Plaintiff Johnson being subjected to a hostile work environment, discrimination, harassment and emotional distress for filing a June 5, 2006, Employer EEO Charge as well as what is referenced in ¶¶ 22-69 of the Complaint. Plaintiff Johnson also informed Defendant Stough that Defendant Solger was subjecting him to a form of intimidation.  Defendant Stough stated that he would speak with Defendant Solger about the matter on Monday, June 26, 2006.  Based on information and belief, Defendant Stough did not speak to Defendant Solger about the matter.  Plaintiff Johnson further alleges that Defendant Stough's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

71. On or around June 23, 2006, Plaintiff Johnson alleges that Defendant Stough informed him that he had met with Defendant Solger and informed her of the following, "you are to refrain from this type of conduct, this type of conduct will not be tolerated and if you continue this type of conduct then your employment with Defendant CEMC will be terminated".

72. On or after June 23, 2006, Plaintiff Johnson alleges that he was subjected to a hostile work environment, harassment and retaliation for filing a June 5, 2006, Employer EEO Charge, wherein Defendant Solger came into Plaintiff Johnson's office after twenty (20)

19

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

minutes of the meeting referenced in ¶ 70 of the Complaint and placed both of her hands on top of Plaintiff Johnson's desk, stood/leaned over his desk, stared him down and demanded that Plaintiff Johnson repeat word for word statements that she made to him. Plaintiff Johnson further alleges that he tried to leave out of his office, but Defendant Solger positioned herself in front of Plaintiff Johnson's office door in an attempt to block him from leaving his office. Plaintiff Johnson squeezed past Defendant Solger, left his office, and spoke to Defendant Stough about what had just occurred between Defendant Solger and him.

73. It is Plaintiff Johnson's understanding and belief that Defendant Stough did not report what is referenced in ¶¶ 70 and 71 of the Complaint as Defendant Solger continued such until August 7, 2006, when Plaintiff Johnson was wrongfully terminated for filing Employer EEO Charges. Plaintiff Johnson further alleges that Defendant Solger's physical conduct was unwelcome and offensive. Based on information and belief, Defendant Solger did not subject Mr. Stough or Mr. Schmitt to these types of discriminatory and retaliatory employment practices.

74. On or around June 28, 2006, Plaintiff Johnson alleges that he was subjected to harassment, retaliation and the ADA was violated for filing a June 5, 2006, Employer EEO Charge, wherein Defendant Solger added additional work assignment for Plaintiff Johnson to do even though he had a work related injury that was reported in late April to early May of 2006.

75. On or around July 5, 2006, Plaintiff Johnson alleges that he was subjected to harassment and retaliation for filing a June 5, 2006, Employer EEO Charge, wherein Plaintiff Johnson was out of the office on July 3, through July 4, 2006. Upon Plaintiff Johnson's return to the office, he received an email from Defendant Solger stating that she had placed a contracts file in his chair. Upon inspection, Plaintiff Johnson noticed that the contracts file was not their. Plaintiff Johnson notified Defendant Solger of this. Defendant Solger informed Plaintiff Johnson that she had Mr. Schmitt complete the work. Plaintiff Johnson later learned that Mr. Schmitt never completed the work. More

20

to the point, after thirty (30) days of not addressing this matter with Plaintiff Johnson, Defendant Solger blamed Plaintiff Johnson for this in the a.m. on August 7, 2006 prior to wrongfully terminating Plaintiff Johnson's employment at 4:00 p.m.

76. On July 12, 2006, after Plaintiff Johnson filed a July 12, 2006, Employer EEO Charge contending that he was being subjected to discrimination, a hostile work environment, harassment, retaliation, and emotional distress, and the ADA was violated for filing a June 5, 2006, Employer EEO Charge.  Plaintiff Johnson further alleges that the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them where notified of such when Plaintiff Johnson informed Defendants Gallacher, Drew and Stough in an email pertaining to an Employee Relations Matter and that he was ready to file an EEOC Charge for certain blatant actions in violation of Defendant CVX's Human Resources policies, federal, state and local laws.  Plaintiff Johnson also stated the following, "I look forward to addressing these issues and have no plans of being forced out of my current job to make [Defendant Solger] happy.  This situation is unbearable and has gone on for too long unchecked".   Plaintiff Johnson further alleges that such a notification to the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them was considered as a threat to file a charge of discrimination.  See Exhibit F, July 12, 2006 email from Plaintiff Johnson to Defendants Gallacher, Drew, and Stough.

77. On or around July 12, 2006, Plaintiff Johnson after working for more then a month in a half injured filed a Workers' Compensation claim pertaining to the on-line work related injury claim form that was filed on or around May 26, 2006.

78. On or after July 12, 2006, Plaintiff Johnson is informed and therefore believes that Ms. Hernandez and Ms. Thornton (Gordon) were subjected to harassment, a hostile work environment and retaliation for cooperating with the Local Defendants EEO investigation of alleged discriminatory employment practices pertaining to Plaintiff Johnson**.**  Such adverse actions by the Local Defendants is in violation of the Local Defendants discrimination and retaliation employment polices.

79. From July 12, 2006 and forward Plaintiff Johnson alleges that Ms. Thornton (Gordon) and Ms. Hernandez were subjected to a hostile work environment and retaliation for serving as witnesses in Plaintiff Johnson's July 12, 2006, Employer EEO Investigation. Such adverse actions taken by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them is in violation of the Local Defendants discrimination and retaliation employment polices.

80. As referenced in ¶¶ 78-79 of the Complaint, Ms. Hernandez was subjected to retaliation for participating in Plaintiff Johnson's July 12, 2006, Employer EEO Investigation. Plaintiff Johnson is informed and therefore believes that Ms. Hernandez was further subjected to retaliation by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them when Ms. Hernandez's job duties and responsibilities as a Procurement Coordinator were removed and/or not returned to her by Defendant Solger after she came back from maternity leave in or around September of 2006. Such adverse actions against Ms. Hernandez are in violation of the Local Defendants Human Resources discrimination and retaliation employment policies. Plaintiff Johnson further alleges that the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

81. As referenced in ¶ 46 of the Complaint, Plaintiff Johnson is informed and therefore believes that during a meeting in May of 2006, Defendant Solger subjected Ms. Thornton (Gordon) to a hostile work environment as well as repeatedly informed Ms. Thornton (Gordon) that she needed to look for another job outside of Defendant CVX's workplace as her employment would be terminated shortly. Plaintiff Johnson further alleges that during a conversation with Defendant Solger that she had informed him that she would be terminating Ms. Thornton (Gordon) employment with Defendant CEMC.

82. Plaintiff Johnson is further informed and therefore believes that Ms. Thornton (Gordon) was also subjected to harassment, retaliation and emotional distress as she participated in Plaintiff Johnson's June 5, 2006, Employer EEO Investigation and July 12, 2006,

Employer EEO Investigation.  Such adverse actions against Ms. Thornton (Gordon) are in violation of the Local Defendants Human Resources discrimination and retaliation employment policies.

83. On July 13, 2006 through August 7, 2006, Plaintiff Johnson alleges that he was subjected to discrimination, a hostile work environment, retaliation and the ADA was violated by the Local Defendants and Individuals Defendants, (in their individual and official capacity), each of them for Plaintiff Johnson filing Employer EEO Charges and what is referenced in ¶¶ 22-82 of the Complaint.

84. On or around July 17, 2006, Plaintiff Johnson alleges that he was subjected to retaliation for placing a telephone call to Defendant CVX's 800 line to report what is referenced in ¶¶ 22-82 of the Complaint.  Such is in violation of the Local Defendants Human Resources discrimination, harassment and retaliation policies.

85. On July 18, 2006, Plaintiff Johnson alleges that he was subjected to harassment, discrimination, unfair treatment, a hostile work environment and retaliation for filing Employer EEO Charges wherein Defendant Solger would not approve and release service/change orders as well as stating in an email that "I order" Plaintiff Johnson to provide her with certain documents, which Defendant Solger did not request from Plaintiff Johnson to do before he filed the Employer EEO Charges.  Based on information and belief, Defendant Solger did not require Mr. Schmitt to provide her with documents after she had already approved the release of a change/service order.

86. After being subjected to discriminatory and retaliatory employment practices, Plaintiff Johnson alleges that he became subjected to emotional and physical distress.  Such was reflected in a July 18, 2006, email response to Defendant Solger, wherein Plaintiff Johnson stated the following, "Please stop sending me these types of emails."  Plaintiff Johnson responded to Defendant Solger's email because he reasonably believed such to be discriminatory actions for his filing of Employer EEO Charges.

23

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

87. On July 18, 2006, Plaintiff Johnson alleges that he was subjected to discrimination and retaliation for filing Employer EEO Charges and the ADA was violated wherein Defendant Stough suspended Plaintiff Johnson with pay for the day.

88. On July 19, 2006, Plaintiff Johnson alleges that he was subjected to discrimination and retaliation for filing Employer EEO Charges, wherein Plaintiff Johnson was cited for insubordination for trying to clarify a Defendant CEMC Business Services Unit, Contracts Administration process and/or procedure. Plaintiff Johnson further alleges that Defendant Gallacher stated he could do such during a July 12, 2006, Employee Relations meeting and in a July 21, 2006 email.

89. On July 19, 2006, Plaintiff Johnson further alleges that he was subjected to discriminatory and retaliatory employment practices, wherein Defendant Solger tried to take away training courses that she had previously approved at a March 13, 2006, Opening Performance Management Process meeting, which was prior to Plaintiff Johnson filing Employer EEO Charges. Plaintiff Johnson alleges that he informed Defendants Stough and Drew who were in attendance of this meeting that Defendant Solger's actions were retaliatory. Plaintiff Johnson further alleges that he informed Defendants Solger and Drew that he felt that Defendant Solger was trying to terminate his employment and that he had brought this matter up with Defendant Gallacher on July 12, 2006.

90. On July 19, 2006, Plaintiff Johnson placed a telephone call to Defendant Gallacher and informed her that he had been suspended with pay for insubordination as well as he took this as a form of retaliation for filing Employer EEO Charges.

91. On July 19, 2006, Plaintiff Johnson alleges that he was subjected to retaliation for filing Employer EEO Charges, wherein Plaintiff Johnson prepared an email, which stated in the regarding line the following, Form of Second Retaliation and attached Record of Discussion with Employee. Plaintiff Johnson further informed Defendant Gallacher of the following, "[a]s discussed on today, I will give thought to filing an EEOC Charge with the EEOC San Francisco, CA office an EEOC charge for harassment, hostile work

24

environment, retaliation, unfair treatment, etc. for incidents that have taken place in CEMC's Business Services Unit since his employment for Chevron". Plaintiff Johnson further alleges that such a notification to the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them was considered as a threat to file a charge of discrimination. See Exhibit G, July 19, 2006, email from Plaintiff Johnson to Defendant Gallacher.

92. On or around July 27, 2006, Plaintiff Johnson alleges that he was subjected to discrimination, harassment, retaliation for filing Employee Charges and the ADA was violated wherein Defendants Stough and Drew told him that he had to make the professional relationship work with Defendant Solger, that he could not be transferred out of Defendant CEMC's opco/company and that the insubordination charge was not going to be removed from his personnel file. Plaintiff Johnson also discussed with Defendants Stough and Drew that Defendant Solger continues to subject him to harassment and intimidation because he complained about what he reasonably believed to be discriminatory and retaliatory employment practices. Plaintiff Johnson further alleges that he was subjected to emotional distress as be began to cry during this meeting because he had been subjected to what he reasonably believed to be discriminatory and retaliatory employment practices since September of 2005.

93. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to harassment, discrimination and retaliation for filing Employer EEO Charges and the ADA was violated, wherein Defendant Solger falsely accused Plaintiff Johnson of keeping pending contracts files in his alleged locked office. Prior to Plaintiff Johnson filing Employer EEO Charges, Defendant Solger had no problem with Plaintiff Johnson keeping pending contracts files in his office as was done at Defendant Solger's direction. More to the point, upon inspection, Plaintiff Johnson's office door was not locked as falsely stated by Defendant Solger.

94. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to discrimination, retaliation and he was wrongfully terminated for filing Employer EEO Charges and the

ADA was violated, wherein Defendant Solger falsely accused Plaintiff Johnson of not providing her with names of individuals working on the International Business Unit matter.  Plaintiff Johnson previously provided such to Defendant Solger in February of 2006, as well as after Defendant Solger requested such on this day.  Yet, the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them cited Plaintiff Johnson for insubordination as well as wrongfully terminated Plaintiff Johnson's employment on August 7, 2006.

95. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to discrimination, retaliation, was wrongfully terminated for filing Employer EEO Charges and the ADA was violated for forwarding emails to Defendant Gallacher pertaining to Defendant Solger for what he reasonably believed to be discriminatory and retaliatory employment practices.  Plaintiff Johnson cited retaliation again and requested that another Employee Relations Human Resources investigation be conducted.   Defendant Gallacher never responded back to Plaintiff Johnson's email.  Defendant Gallacher's non-reply was in violation of the Local Defendants discriminatory and retaliatory employment practices.  Plaintiff Johnson further alleges that Defendant Gallacher's inactions were clearly in violation of the Local Defendants Human Resources discrimination employment policies.

96. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to retaliation and he was wrongfully terminated for filing Employer EEO Charges and the ADA was violated, when he placed a telephone call to Defendants Drew and Gallacher stating further "retaliation", advised them both that he wanted to order another Employee Relations Human Resources investigation as well as he wanted to be transferred out of Defendant CEMC's opco/company.

97. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to retaliation for filing Employer EEO Charges when he received an email from Defendant Solger requesting that he review and confirm for her certain matters before 1:00 p.m., even though Defendant Solger knew that Plaintiff Johnson would be at the CBEN PMP session from 11:00 a.m. until 1:00 p.m. or so.

98. On August 7, 2006, Plaintiff Johnson alleges that he was subjected to discrimination and retaliation for filing Employer EEO Charges when Defendant Solger began to conduct surveillance of Plaintiff Johnson around 10:50 a.m.  Plaintiff Johnson saw Ms. Jones and informed her that he felt Defendant Solger was following him.  Plaintiff Johnson asked Ms. Jones if she could validate for him if Defendant Solger was following him?  Plaintiff Johnson later learned that Defendant Solger was in fact following him to the Defendant CVX CBEN PMP session as well as Ms. Constable who became a Contracts Analyst and assumed Plaintiff Johnson's job duties and responsibilities after he was wrongfully terminated on August 7, 2006.

99. August 7, 2006, at 4:00 p.m. Plaintiff Johnson alleges that he was subjected to discrimination, retaliation and the ADA was violated when Plaintiff Johnson was wrongfully terminated for filing Employer EEO Charges, wherein he was notified by Defendants Solger, Drew and Stough that his employment was being terminated with Defendant CEMC.

100.    Plaintiff Johnson is informed and therefore believes that on or around August 8, 2006, at a Defendant CEMC Business Services Unit meeting it was announced that Plaintiff Johnson was no longer with Defendant CEMC.  It was also announced that Ms. Constable would be assuming Plaintiff Johnson's duties and responsibilities as a Procurement Specialist.  Plaintiff Johnson also has been informed and therefore believes that Ms. Constable was given permission by Defendant Solger to occupy his old office as well as assumed the title of Contracts Analyst.

101.    Plaintiff Johnson further alleges that his employment was terminated by the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them as he was scheduled to meet with the following executives of Defendant CVX from August 7, to August 25, 2006:

       a.  David J. O'Reilly – Chairman of the Board and Chief Executive Officer;

       b.  Peter J. Robertson – Vice Chairman of the Board; and

       c.  Alan R. Preston – Vice President of Human Resources.

27

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

102.    Plaintiff Johnson further alleges that he had placed these scheduled meetings on his calendar in which the Individual Defendants, (in their individual and official capacity), each of them had access to.  Plaintiff Johnson further alleges that he had placed on his 2006 PMP that he was also to meet with the Chevron Human Resources Committee to discuss "Do you think Chevron is Past the Equal Employment Opportunity Commission?"  Such an invitation was extended by Mr. Robertson at a two-day CBEN conference after Plaintiff Johnson responded to Mr. Robertson's question.  Plaintiff Johnson further alleges that the CBEN conference took place on June 29-30, 2006.

103.    On or after September 1, 2006, Plaintiff Johnson is informed and therefore believes that the Local Defendants sent a companywide email regarding the Local Defendants policy on        stating that the Local Defendants would not tolerate discrimination based on an employee's.

104.    On or after October or November 2006, Plaintiff Johnson alleges that he was subjected to retaliation for filing an EEOC charge or otherwise participating in an agency proceeding.

**FIRST CLAIM FOR RELIEF**
**(AGAINST THE INDIVIDUAL DEFENDANTS (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY), EACH OF THEM FOR DISCRIMINATION IN VIOLATION OF SECTION § 1981)**

105.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 104 of the Complaint.

106.    The Individual Defendants, (in their individual and official capacity) each of them have subjected Plaintiff Johnson to discrimination on the basis of his race, African-American.

107.    The Individual Defendants, (in their individual and official capacity), each of them have subjected Plaintiff Johnson to discrimination on the basis of his race as the Individual Defendants, (in their individual and official capacity), each of them interfered with Plaintiff Johnson job duties and work performance as a Procurement Specialist.

28

108.    The Individual Defendants, (in their individual and official capacity), each of them have subjected Plaintiff Johnson to discrimination based on his race an African-American by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing Employer EEO Charges for what he reasonably believed to be discriminatory employment practices of the Individual Defendants, (in their individual and official capacity), each of them which is in violation of Section 1981.

109.    Federal law and regulations governing the duty of the Individual Defendants, (in their individual and official capacity), each of them to comply with Section 1981 and to provide Plaintiff Johnson with such protected relief are unambiguous and clearly established.

110.    By virtue of the positions in which the Individual Defendants, (in their individual and official capacity) each of them are or were employed by one if not all of the Local Defendants, the Individual Defendants, (in their individual and official capacity), each of them, knew or should have known that their actions or inactions in refusing and failing to comply with Section 1981 and thereby denying Plaintiff Johnson with such protected relief to which he is entitled under Section 1981, constitutes a violation of federal law.

111.    The Individual Defendants, (in their individual and official capacity) discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

112.    The Individual Defendants, (in their individual and official capacity), each of them were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 1981.

113.    The acts of the Individual Defendants, (in their individual and official capacity), each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages and injunctive relief.

## SECOND CLAIM FOR RELIEF
### (AGAINST THE LOCAL DEFENDANTS (INDIVIDUALLY), EACH OF THEM FOR DISCRIMINATION IN VIOLATION OF SECTION § 1981)

114.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 113 of the Complaint.

115.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination based on his race an African-American by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing Employer EEO Charges for what he reasonably believed to be discriminatory employment practices of the Local Defendants which is in violation of Section 1981.

116.    The Local Defendants, (individually) each of them have subjected Plaintiff Johnson to discrimination on the basis of his race, African-American.

117.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination on the basis of his race as the Local Defendants (individually), each of them interfered with Plaintiff Johnson job duties and work performance as a Procurement Specialist.

118.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination on the basis of his race during the Local Defendants hiring process, which is in violation of Section 1981.

119.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination on the basis of race as a result of the Local Defendants job placement and selection process, which is in violation of Section 1981. Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to discrimination in the Local Defendants work environment.

120.    Federal law and regulations governing the duty of the Local Defendants, (individually), each of them to comply with Section 1981 and to provide Plaintiff Johnson with such protected relief are unambiguous and clearly established.

121.    The Local Defendants, (individually), each o them knew or should have known

30

that their actions or inactions in refusing and failing to comply with Section 1981 and thereby denying Plaintiff Johnson with such protected relief to which he is entitled under Section 1981, constitutes a violation of federal law.

122.    The Local Defendants, (individually), each of them were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 1981.

123.    The Local Defendants, (individually), each of them discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

124.    The acts of the Local Defendants(individually), each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages and injunctive relief.

**THIRD CLAIM FOR RELIEF**
**(AGAINST THE INDIVIDUAL DEFENDANTS (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY), EACH OF THEM FOR WRONGFUL TERMINATION IN VIOLATION OF SECTION 1981)**

125.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 124 of the Complaint.

126.    The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to being wrongfully terminated by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section 1981.

127.    The Individual Defendants, (individually and in their official capacity), each of them were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 1981.

128.    The Individual Defendants, (individually and in their official capacity), each of them discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer

31

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

humiliation, embarrassment and emotional distress.

129.    The acts of the Individual, (individually and their official capacity), each of them as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(AGAINST THE INDIVIDUAL DEFENDANTS (IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY), EACH OF THEM FOR RETALIATION IN VIOLATION OF SECTION 1981)**

130.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 129 of the Complaint.

131.    The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to retaliation by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing an Employer EEO Charges, which is in violation of Section 1981.

132.    The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to discrimination for Plaintiff Johnson complaining about what he reasonably believed to be discriminatory employment practices by the Individual Defendants, (individually and in their official capacity), each of them, which is in violation of Section 1981..

133.    The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to discrimination for Plaintiff Johnson complaining about others being subjected to discriminatory employment practices by the Individual Defendants, (individually and in their official capacity), each of them, which is in violation of Section 1981.

134.    The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to retaliation for Plaintiff Johnson complaining about others being subjected to discriminatory employment practices by the Individual Defendants (individually and in their official capacity), each of them, which is in violation of Section 1981.

32

135.     The Individual Defendants, (individually and in their official capacity), each of them have subjected Plaintiff Johnson to retaliation for Plaintiff Johnson complaining about Plaintiff Johnson being subjected to discriminatory employment practices by the Individual Defendants (individually and in their official capacity), each of them, which is in violation of Section 1981.

136.     The Individual Defendants, (individually and in their official capacity), each of them were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 1981.

137.     The Individual Defendants (individually and their official capacity), each of them discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

138.     The acts of the Individual Defendants, (individually and in their official capacity), each of them as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**FIFTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS (INDIVIDUALLY), EACH OF THEM FOR WRONGFUL TERMINATION IN VIOLATION OF SECTION 1981)**

139.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 138 of the Complaint.

140.     The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to being wrongfully terminated by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section 1981.

141.     The Local Defendants, (individually), each of them were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 1981.

142.     The Local Defendants, (individually), each of them discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job

33

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

143.    The acts of the Local Defendants, (individually), each of them as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**SIXTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS (INDIVIDUALLY), EACH OF THEM FOR RETALIATION IN VIOLATION OF SECTION 1981)**

144.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 143 of the Complaint.

145.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to retaliation by refusing and failing to comply with Section 1981 in retaliation to Plaintiff Johnson filing an Employer EEO Charges, which is in violation of Section 1981. Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to retaliation in the Local Defendants work environment.

146.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination for Plaintiff Johnson complaining about what he reasonably believed to be discriminatory employment practices by the Local Defendants, (individually), each of them, which is in violation of Section 1981..

147.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to discrimination for Plaintiff Johnson complaining about others being subjected to discriminatory employment practices by the Local Defendants, (individually), each of them, which is in violation of Section 1981.

148.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to retaliation for Plaintiff Johnson complaining about others being subjected to discriminatory employment practices by the Local Defendants, (individually), each of them, which is in violation of Section 1981.

149.    The Local Defendants, (individually), each of them have subjected Plaintiff Johnson to retaliation for Plaintiff Johnson complaining about Plaintiff Johnson being

34

subjected to discriminatory employment practices by the Local Defendants,

(individually), each of them, which is in violation of Section 1981.

150.    The Local Defendants, (individually), each of them were acting under the color of

state law, of rights and immunities secured by federal statues and the United States

Constitution thereby violating Section 1981.

151.    The Local Defendants, (individually), each of them except discriminatory and

retaliatory employment practices have resulted in the lost of past and future wages and

other job benefits, and have caused Plaintiff Johnson to suffer humiliation,

embarrassment and emotional distress.

152.    The acts of the Local Defendants, (individually), each of them as herein alleged,

were willful, wanton, malicious, and oppressive, and justify the awarding of

compensatory and punitive damages.

## SEVENTH CLAIM FOR RELIEF
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, U.S.C. 2000(e),** *et. seq.***)**

153.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth

herein, Paragraphs 1 through 152 of the Complaint.

154.    The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization have subjected Plaintiff Johnson to a hostile work

environment by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation

to Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section

2000(e), *et. seq.*  Such actions, inactions and omissions by the Local Defendants

subjected Plaintiff Johnson to a hostile work environment.

155.    The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization were acting under the color of state law, of rights and

immunities secured by federal statues and the United States Constitution thereby

violating Section  2000(e), *et. seq.*

35

156.     The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization discriminatory and retaliatory employment practices have

resulted in the lost of past and future wages and other job benefits, and have caused

Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

157.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-

Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and

oppressive, and justify the awarding of compensatory and punitive damages.

**EIGHTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR**
**EMOTIONAL DISTRESS IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
**ACT OF 1964, U.S.C. 2000(e), *et. seq.*)**

158.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth

herein, Paragraphs 1 through 157 of the Complaint.

159.     The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization have subjected Plaintiff Johnson to emotional distress,

mental anguish, humiliation and pain and suffering by refusing and failing to comply

with Section 2000(e), *et. seq.* in retaliation to Plaintiff Johnson filing Employer EEO

Charges, which is in violation of Section 2000(e), *et. seq.*  Such actions, inactions and

omissions by the Local Defendants subjected Plaintiff Johnson to emotional distress in

the Local Defendants work environment as well as after Plaintiff Johnson's employment

was wrongfully terminated.

160.      The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization were acting under the color of state law, of rights and

immunities secured by federal statues and the United States Constitution thereby

violating Section 2000(e), *et. seq.*

161.     The Local Defendants, except Defendant Chevron Corporation Long-Term

Disability Plan Organization discriminatory and retaliatory employment practices have

resulted in the lost of past and future wages and other job benefits, and have caused

Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

36

162.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**NINTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR DISABILITY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000(e), *et. seq.*)**

163.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 162 of the Complaint.

164.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have acted in bad faith, with gross misjudgment and deliberate indifference and have thereby intentionally discriminated against Plaintiff Johnson based on his disability by refusing and failing to comply with Section 2000(e), *et. seq.* and subjecting Plaintiff Johnson to discrimination by refusing and failing to provide such requested relief, which is in violation of Section 2000(e), *et. seq.*, which is in violation of Section 2000(e), *et. seq.*

165.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

166.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**TENTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000(e), *et. seq.*)**

167.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 166 of the Complaint.

168.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to retaliation by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation to Plaintiff Johnson filing an Employer EEO Charges, which is in violation of Section 2000(e), *et. seq.* Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to retaliation in the Local Defendants work environment.

169.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

170.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

171.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

## ELEVENTH CLAIM FOR RELIEF
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR TRAINING IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000(e), *et. seq.*)**

172.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 171 of the Complaint.

173.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have denied and/or refused to provide Plaintiff Johnson with training in order for him to conduct his duties and responsibilities as a Procurement Specialist for Defendant CEMC by refusing and failing to comply with Section 2000(e), *et. seq.* due to Plaintiff Johnson's race, an African American, which is in violation of Section 2000(e), *et. seq.*

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

174.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

175.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

176.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**TWELFTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000(e), *et. seq.*)**

177.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 177 of the Complaint.

178.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to a harassment by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation to Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section 2000(e), *et. seq.* Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to harassment and retaliation in the Local Defendants work environment.

179.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

180.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have

39

resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

181.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**THIRTEENTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR WRONGFUL TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000(e), *et. seq.*)**

182.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 181 of the Complaint.

183.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to being wrongfully terminated by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation for Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section 2000(e), *et. seq.*

184.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

185.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

186.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

40

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**FORTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR RACE**
**DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**OF 1964, U.S.C. SECTION 2000(e),** *et. seq.***)**

187.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 186 of the Complaint.

188.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to discrimination based on his race an African-American by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation to Plaintiff Johnson filing Employer EEO Charges for what he reasonably believed to be discriminatory employment practices of the Local Defendants , except Defendant Chevron Corporation Long-Term Disability Plan Organization, which is in violation of Section 2000(e), *et. seq.*

189.     At all times relevant to the Complaint, Section 2000(e), *et seq..*, also known as Title VII of the Civil Rights Acts of 1964, U.S.C. § 2000(e), *et seq.* and its implementing regulations were in full force and effect.  Under the Section 2000(e), *et seq.* it is unlawful for an employer during the hiring, job placement and/or job selection process, terminate or otherwise discriminate against a person on account of a person's race.  It is also unlawful for an employer to fail to take all appropriate steps to investigate complaints of harassment and discrimination, prevent harassment and discrimination, and impose remedial measures when claims are substantiated.

190.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminated against Plaintiff Johnson on the basis of his race as a result of the Local Defendants hiring practices, which is in violation of Section 2000(e), *et. seq.*  Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to discrimination in the Local Defendants work environment.

191.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminated against Plaintiff Johnson on the basis of his

41

race as a result of the Local Defendants job placement and selection practices, which is in violation of Section 2000(e), *et. seq.*

192.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

193.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

194.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**FIFTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR UNFAIR TREATMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, U.S.C. 2000(e), *et. seq.*)**

195.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 194 of the Complaint.

196.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to unfair treatment by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation to Plaintiff Johnson filing Employer EEO Charges for what he reasonably believed to be discriminatory employment practices of the Local Defedants, , except Defendant Chevron Corporation Long-Term Disability Plan Organization, which is in violation of Section 2000(e), *et. seq.*

197.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and

immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

198.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

199.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**SIXTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR DISABILITY IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED)**

200.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 199 of the Complaint.

201.     As a result of the actions and inactions, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have acted with bad faith and with intentional disregard of Plaintiff Johnson's right to equal protection and substantive due process guaranteed by the United States Constitution by refusing and failing to comply with the ADA.

202.     Federal law governing the duty of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization not to violate Plaintiff Johnson's right to equal protection and substantive due process guaranteed by the United States Constitution by refusing and failing to comply with the ADA is unambiguous and clearly established.

203.     The Local Defendants , except Defendant Chevron Corporation Long-Term Disability Plan Organization each of them, knew or should have known that their actions or inactions by refusing to comply with the ADA constitutes a denial of Plaintiff

43

Johnson's rights to equal protection and substantive due process guaranteed by the United States Constitution.

204.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating the ADA.

205.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

206.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive and justify the awarding of compensatory and punitive damages.

## SEVENTIETH CLAIM FOR RELIEF
### (AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR WRONGFUL TERMINATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED)

207.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 206 of the Complaint.

208.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to being wrongfully terminated by refusing and failing to comply with Section 2000(e), *et. seq.* in retaliation for Plaintiff Johnson filing Employer EEO Charges, which is in violation of Section 2000(e), *et. seq.*

209.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were acting under the color of state law, of rights and immunities secured by federal statues and the United States Constitution thereby violating Section 2000(e), *et. seq.*

44

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

210.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

211.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**EIGHTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR VIOLATION OF RACE DISCRIMINATION**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

212.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 211 of the Complaint.

213.     At all times relevant to the Complaint, California Government Code §12940, *et seq.*, also known as the California Fair Employment and House Act, (hereinafter referred to as the "CFEHA") and its implementing regulations were in full force and effect. Under the CFEHA, it is unlawful for an employer during the hiring, job placement and/or job selection process, to terminate or otherwise discriminate against a person on account of a person's race.  It is also unlawful for an employer to fail to take all appropriate steps to investigate complaints of discrimination, harassment and retaliation, prevent discrimination, harassment and retaliation, and impose remedial measures when claims are substantiated or not substantiated.  It is also unlawful for an employer to retaliate against an individual who has participated in a protected activity, including terminating an employee for such.

214.     The Local Defendants , except Defendant Chevron Corporation Long-Term Disability Plan Organization also repeatedly failed to appropriately investigate Plaintiff Johnson's complaints of what he reasonable believed to be discriminatory and retaliatory employments practices and failed to take any action to prevent such conduct from occurring in the future or take appropriate remedial action for the offenses.

215.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have discriminated against Plaintiff Johnson, on the basis of his race, an African-American for filing Employer EEO Charges, which is in violation of the Section 12940, *et seq.*

216.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminated against Plaintiff Johnson on the basis of his race as a result of the Local Defendants hiring practices, which is in violation of Section 12940, *et seq.*.

217.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminated against Plaintiff Johnson on the basis of his race as a result of the Local Defendants job placement and selection practices, which is in violation of Section 12940, *et seq.*  Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to discrimination in the Local Defendants work environment

218.     As described above, Plaintiff Johnson's race was a motivating factor in, *inter alia*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff's wrongful termination of employment.

219.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

220.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**NINETIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF RETALIATION**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

221.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 220 of the Complaint.

222.    At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, its is unlawful for an employer to retaliate or otherwise discriminate against a person on account of that person's reporting or opposing race discrimination, harassment or retaliation in the work environment.

223.    As described above, Plaintiff Johnson complained about what he reasonably believed to be discriminatory  and retaliatory employment practices in the Local Defendants work environment.  Plaintiff Johnson's complaints were a motivating factor in, *inter alia*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's being subjected to retaliation.

224.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization retaliated against Plaintiff Johnson on the basis of his race, an African American.  The forgoing conduct violates Section 12940, *et. seq.* Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to retaliation during his employment and after his employment was wrongfully terminated.

225.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

226.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages

47

**TWENTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF TRAINING**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

227.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 226 of the Complaint.

228.     At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to not train or otherwise discriminate against a person on account of that person's race.

229.     As described above, Plaintiff Johnson complained about what he reasonably believed to be discriminatory employment practices in the Local Defendants work environment.  Plaintiff Johnson's complaints were a motivating factor in, *inter alia*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's wrongful termination of employment.

230.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have not provided Plaintiff Johnson with training, on the basis of his race, an African-American, which is in violation of the Section 12940, et seq.

231.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

232.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

48

**TWENTY FIRST CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF DISABILITY**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

233.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 232 of the Complaint.

234.     At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to discriminate against a person on account of that person's disability.

235.     Plaintiff Johnson complained about what he reasonably believed to be discriminatory employment practices in the Local Defendants work environment. Plaintiff Johnson's complaints and his          were a motivating factor in, *inter alia*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's wrongful termination of employment.

236.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminated against Plaintiff Johnson on the basis of his disability of having          and for filing Employer EEO Charges.  The forgoing conduct violates Section 12940, et. seq.

237.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

238.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

49

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**TWENTY SECOND CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF HARASSMENT**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

239.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 238 of the Complaint.

240.    At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to subject a person to harassment or otherwise discriminate against a person because they engaged in a protected activity.

241.    Plaintiff Johnson complained about what he reasonably believed to be discriminatory employment practices in the Local Defendants work environment. Plaintiff Johnson's complaints were a motivating factor in, *inter* ali*a*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's wrongful termination of employment.

242.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to harassment on the basis of his race, an African-American and for filing Employer EEO Charges, which is in violation of the Section 12940, *et seq.*  Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to harassment in the Local Defendants work environment.

243.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

244.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

50

**TWENTY THIRD CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

245.        Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 244 of the Complaint.

246.        It is the public policy of the State of California to prohibit employers from taking adverse employment actions against employees in a discriminatory manner or in retaliation for voicing complaints about discrimination or in retaliation for exercising their statutory rights.  This public policy is embodied in, *inter alia*, the California Government Code, the California Constitution, and the California Code of Regulations.

247.        Plaintiff Johnson's complaints of what he reasonably believed to be discriminatory and retaliatory employment practices of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization were a motivating factor in, *inter alia*, the Local Defendants adverse decisions related to Plaintiff Johnson's wrongful termination of employment. Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to wrongful termination of employment.

248.        The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

249.        The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

51

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

**TWENTY FOURTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION FOR**
**VIOLATION OF HOSTILE WORK ENVIRONMENT**
**(California Government Code Section 12940, *et seq.*)**

250.    Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 249 of the Complaint.

251.    At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to subject a person to a hostile work environment or otherwise discriminate against a person because they engaged in a protected activity.

252.    Plaintiff Johnson complained about what he reasonably believed to be discriminatory and retaliatory employment practices in the Local Defendants work environment.  Plaintiff Johnson's complaints were a motivating factor in, *inter* ali*a*, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's wrongful termination of employment.

253.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization subjected Plaintiff Johnson to a hostile work environment on the basis of his race, an African-American and for filing Employer EEO Charges, which is in violation of the Section 12940, *et seq.*  Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to a hostile work environment.

254.    The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

255.    The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**TWENTY FIFTIETH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF EMOTIONAL DISTRESS**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

256.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 255 of the Complaint.

257.     At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to subject a person to emotional distress or otherwise discriminate against a person because they engaged in a protected activity.

258.     Plaintiff Johnson complained about what he reasonably believed to be discriminatory and retaliatory employment practices in the Local Defendants work environment.  Plaintiff Johnson's complaints were a motivating factor in, *inter ali*a, the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization adverse decisions related to Plaintiff Johnson's wrongful termination of employment.  Such actions, inactions and omissions by the Local Defendants subjected Plaintiff Johnson to emotional distress in the Local Defendants work environment as well as after Plaintiff Johnson's employment was wrongfully terminated.

259.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have subjected Plaintiff Johnson to emotional distress on the basis of his race, an African-American and for filing Employer EEO Charges, which is in violation of the Section 12940, *et seq.*

260.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

261.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

53

**TWENTY SIXTH CLAIM FOR RELIEF**
**(AGAINST THE LOCAL DEFENDANTS, EXCEPT DEFENDANT CHEVRON**
**CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION**
**FOR VIOLATION OF UNFAIR TREATMENT**
**(CALIFORNIA GOVERNMENT CODE SECTION 12940, *et. seq.*)**

262.     Plaintiff Johnson realleges and incorporates by reference as though fully set forth herein, Paragraphs 1 through 261 of the Complaint.

263.     At all times relevant to the Complaint, the CFEHA and its implementing regulations were in full force and effect.  Under the CFEHA, it is unlawful for an employer to subject a person to unfair treatment or otherwise discriminate against a person because they engaged in a protected activity.

264.     Plaintiff Johnson complained about what he reasonably believed to be discriminatory employment practices in the Local Defendants work environment. Plaintiff Johnson's complaints were a motivating factor in, *inter* ali*a*, the Local Defendants adverse decisions related to Plaintiff Johnson's wrongful termination of employment.

265.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization subjected Plaintiff Johnson to unfair treatment on the basis of his race, an African American and for engaging in a protected activity.  The forgoing conduct violates Section 12940, *et. seq.*

266.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization have discriminated against Plaintiff Johnson, an African-American for filing Employer EEO Charges, which is in violation of the Section 12940, *et seq.*

267.     The Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization discriminatory and retaliatory employment practices have resulted in the lost of past and future wages and other job benefits, and have caused Plaintiff Johnson to suffer humiliation, embarrassment and emotional distress.

268.     The acts of the Local Defendants, except Defendant Chevron Corporation Long-Term Disability Plan Organization as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of compensatory and punitive damages.

**DAMAGES SUSTAINED AS A RESULT OF THE ABOVE REFERENCED CLAIMS**

269.     As a direct and proximate result of the acts, inactions and omissions alleged in the Complaint, Plaintiff Johnson has suffered and been subjected to emotional distress, mental anguish, humiliation, pain and suffering, which adversely has impacted Plaintiff Johnson's current earnings and future earning potential.  Plaintiff Johnson will incur loss wages in an amount subject to proof at trial.  With respect to those claims based upon violations of Section 1981, Plaintiff Johnson was subjected to racial discrimination and retaliation and the awarding of damages are appropriate under Section 1981a.

270.     As a direct and proximate result of the acts, inactions and omissions of the Local Defendants and the Individual Defendants, (in their official and individual capacity), each of them, as alleged in the Complaint, Plaintiff Johnson will continue to be damaged and suffer irreparable harm unless the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them are enjoined.

271.     As a direct and approximate result of the acts, inactions and omissions of the Local Defendants and the Individual Defendants, (in their official and individual capacity), each of them, as alleged in the Complaint, Plaintiff Johnson has loss valuable parenting time in rearing and/or raising his two (2) minor children, in an amount subject to proof at trial.

272.     As a direct and approximate result of the acts, inactions and omissions of the Local Defendants and Individual Defendants, (in their official and individual capacity), each of them, as alleged in the Complaint, Plaintiff Johnson has not been able to spend quality time with his two (2) children.  Such has caused additional emotional and physical strain on Plaintiff Johnson and his two (2) minor children, in an amount subject to proof at trial.

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

273.      As a direct and approximate result of the acts, inactions and omission of the Local Defendants and the Individual Defendants, (in their official and individual capacity), each of them, as alleged in the Complaint, Plaintiff Johnson has loss valuable time in enjoying everyday activities with his two (2) minor children, in an amount subject to proof at trial.

274.      As a direct and proximate result of the acts, inactions and omissions alleged in the Complaint, Plaintiff Johnson's two (2) minor children have suffered substantial educational and developmental losses, causing a permanent decline in Plaintiff Johnson's two (2) minor children's future educational and mental development, which adversely impacts Plaintiff Johnson's two (2) minor children's future earnings and earning potential, and which has resulted in humiliation, pain and suffering, and damage to Plaintiff Johnson's two (2) minor children's social development and interpersonal relations, in an amount subject to proof at trial.

275.      As a direct and proximate result of the acts, inactions and omissions of the Local Defendants and the Individual Defendants, (in their official and individual capacity), each of them, as alleged in the Complaint, Plaintiff Johnson's two (2) minor children will continue to be damaged and suffer irreparable harm unless the Local Defendants and the Individual Defendants (in their individual and official capacity), each of them are enjoined.

## RELIEF ALLEGATIONS

276.      Plaintiff Johnson has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in the Complaint is the only means of securing complete and adequate relief.   Plaintiff Johnson and his two (2) minor children are now suffering and will continue to suffer irreparable injury from the Local Defendants and the Individuals Defendants, (in their individual and official capacity), each of them for their discriminatory and retaliatory acts, inactions and omissions they have and are inflicting upon Plaintiff Johnson and his two (2) minor children.

277.      The actions, inactions and omissions on the part of the Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them have

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

caused and continue to cause Plaintiff Johnson substantial losses in earnings, promotional opportunities and other employment benefits, in an amount to be determined according to proof at trial.

278.     The Local Defendants and the Individual Defendants, (in their individual and official capacity), each of them have acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff Johnson.  Plaintiff Johnson is thus entitled to recover punitive damages in an amount to be determined at trial according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Johnson respectfully prays for judgment as follows:

279.     Plaintiff Johnson incorporates Paragraphs 1 through 277 of the Complaint as if fully set forth herein;

280.     For all attorney fees, expert fees and costs of suit as authorized by law pursuant to 42 U.S.C. §1988;

281.     A declaratory judgment that the practices complained of in the Complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, as amended, 2000(e), *et. seq.*, Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.*, 42 U.S.C. Section 1981, the California Fair Employment and Housing Act, California Government Code § 12940, *et. seq.* and the Local Defendants "The Chevron Way".

282.     Pre-Judgment and Post-Judgment interest, as provided for by law;

283.     All damages which Plaintiff Johnson has sustained as a result of the Local Defendant and Individual Defendants, (in their individual and official capacity), each of them for their conduct, including back pay, front pay, general and special damages for lost compensation and job benefits that Plaintiff Johnson would have received but for the discriminatory and retaliatory employment practices, damages for emotional distress, mental anguish, and punitive damages in an amount subject to proof at trial.

57

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

284.     All damages which Plaintiff Johnson's two (2) minor children have sustained as a result of the Local Defendant and Individual Defendants, (in their individual and official capacity), each of them as referenced in ¶¶ 270-274 of the Complaint, including general and special damages in an amount subject to proof at trial;

285.     Exemplary and punitive damages in an amount commensurate with the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them ability to pay and to deter future wrongful conduct;

286.     A preliminary and permanent injunction against the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them, and its directors, officers, owners, agents, successors, employees and representatives, and any an all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

287.     An order restoring Plaintiff Johnson to his rightful position at as a Procurement Specialist (Global Procurement Supplier Manager CL-34) or placed in a position of equal pay, title on the Defendant CVX Career Ladder 34 at a subsidiary of Defendant CVX;

288.     An assignment of Plaintiff Johnson to those jobs he would now be occupying, but for the discriminatory and retaliatory employment practices of the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them;

289.     An adjustment of the wage rates and benefits for Plaintiff Johnson to the level which Plaintiff Johnson would be enjoying, but for the discriminatory and retaliatory employment and retaliatory employment practices of the Local Defendants and Individual Defendants, (in their individual and official capacity), each of them; and

290.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

### DEMAND FOR JURY TRIAL

Plaintiff Johnson hereby demands a jury trial on all causes of action pursuant to Federal Rule of Civil Procedure 38(b).


Dated this _____ day June of 2008

_____
SAMUEL BERNARD JOHNSON III

FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)