SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>                      Plaintiff,<br><br>      vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,<br><br>                    Defendants | Case No.:   C 07-05756 SI (JCS)<br><br>**DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

I, Samuel Bernard Johnson III, (hereinafter referred as "Plaintiff Johnson") am the Plaintiff in the within action declare the following:

1.       On March 24, 2008, Plaintiff Johnson and Delia A. Isvoranu of Filice Brown Eassa & McLeod LLP, (hereafter referred to as "Counsel for Chevron") conducted a telephone conference call wherein Counsel for Chevron and Plaintiff Johnson discussed the fact that Plaintiff Johnson had not exhausted all of his mandatory administrative remedies before naming the following defendants as required under Title VII, Title I and under the California Fair Employment and Housing Act claims:

            a.       Chevron Corporation Long-Term Disability Plan Organization;

            b.       Catherine Drew;

            c.       Kathryn M. Gallacher;

            d.       Susan J. Solger;

            e.       Krystal Tran;

            f.       Debbie Wong; and

            g.       Gary Yamashita.

2.       During the telephone conference call in ¶ 1 of this declaration, Plaintiff Johnson and Counsel for Chevron discussed that a 42 U.S.C. § 1983 claim is reserved to sue governmental entities and given such, Plaintiff Johnson could not assert such a claim against defendants a. through g.

3.       During the telephone conference call in ¶ 1 of this declaration, Plaintiff Johnson informed Counsel for Chevron that he had made a typo and/or mistake in asserting a 42 U.S.C. § 1983 claim against defendants a. through g. given the amount of stress that he had been under when he prepared the original Complaint for filing with the Court.  Plaintiff Johnson also informed Counsel for Chevron that he meant to bring a 42 U.S.C. § 1981 claim against defendants a through g and that such a claim would not call for Plaintiff Johnson to exhaust all mandatory administrative remedies as required by Title VII, Title I and the California Fair Employment and Housing Act.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

4.      During the telephone conference call in ¶ 1 of this declaration, Counsel for Chevron informed Plaintiff Johnson that he could only seek relief from defendants Chevron Corporation and Chevron Environmental Management Company as defendants' a. through g. would not have to pay a dime anyway.  If they were found guilty of the misconduct in the original Complaint.

5.      During the telephone conference call in ¶ 1 of this declaration Plaintiff Johnson informed Counsel for Chevron that it was a matter of principle to seek relief from defendants a. through g.  Plaintiff Johnson also informed Counsel for Chevron that holding defendants a. through g. accountable for their alleged misconduct is in keeping with The Chevron Way.

6.      During the telephone conference call in ¶ 1 of this declaration, Counsel for Chevron informed Plaintiff Johnson that she did not understand The Chevron Way and how it applied to defendants' a through g being named in this action.

7.      During the telephone conference call in ¶ 1 of this declaration, Plaintiff Johnson informed Counsel for Chevron that The Chevron Way was like the California Rules of Processional Conduct and Ethics in how attorneys of the State of California are governed in practicing before various Courts.

8.      During the telephone conference call in ¶ 1 of this declaration, Counsel for Chevron stated that she still did not under The Chevron Way.  Counsel for Chevron also informed Plaintiff Johnson that it made no sense to her that Plaintiff Johnson wanted to seek relief and damages from defendants a. through g. when they would not pay a dime.  If they were guilt of the alleged wrongdoing in the original Complaint.  Counsel for Chevron further informed Plaintiff Johnson that he could only seek such relief and damages for defendants a. through g's alleged misconduct from defendants' Chevron Corporation and Chevron Environmental Management Company.

9.      During the telephone conference call in ¶ 1 of this declaration, Plaintiff Johnson informed Counsel for Chevron that he guessed she had to hear David O'Reilly the Chief Executive Officer and President of Board for Chevron Corporation speak about The Chevron Way and how it applies to Chevron Corporation and its subsidiaries.  Plaintiff Johnson also

informed Counsel for Chevron that given such he had every right to name defendants a. through g. in this action as well as to seek relief and damages from these defendants' for their alleged misconduct in this action.

10.     During the telephone conference call in ¶ 1 of this declaration Plaintiff Johnson stated that he would have to get back to Counsel for Chevron at a later date as he needed additional time to think about the matter as he was having a hard time not dismissing and/or naming defendants a. through g. given the principles of The Chevron Way and how such applied to these defendants' being held accountable for their actions.

11.     On March 24, 2008, at 3:08 p.m. Counsel for Chevron sent Plaintiff Johnson an email reiterating what is referenced in ¶¶ 1 -10 of this declaration.  *See* Exhibit A, March 24, 2008, email from Counsel for Chevron to Plaintiff Johnson.

12.     On March 24, 2008, at 10:21 p.m. Plaintiff Johnson sent an email to Counsel for Chevron informing her that he was in agreement with her that he had not exhausted all of his mandatory administrative remedies under Title VII and the Fair Employment and Housing Act in naming the Dismissed Defendants as well as a right to sue letter was not obtained for each Dismissed Defendant.  Plaintiff Johnson also informed Counsel for Chevron that a party could still add additional defendants after a complaint had been filed without the need to adhere to Title VII and the California Fair Employment and Housing Act guidelines as it pertains to each defendant in this matter.  Plaintiff Johnson also informed Counsel for Chevron via telephone that he would re-add these defendants under a 42 U.S.C. section 1981 claim.  *See* Exhibit B, March 24, 2008, email from Plaintiff Johnson to Counsel for Chevron.

13.     On March 24, 2008, Plaintiff Johnson also informed Counsel for Chevron via the email in ¶ 12 of this declaration that the reason he sought to re-add the Dismissed Defendants under a 42 U.S.C. section 1981 claim was due in part to The Chevron Way, which holds individuals accountable for there conduct.  Plaintiff Johnson specifically informed Counsel for Chevron of the following, "…while I'm leaning toward the decision of agreeing to a stipulation to remove all of the defendants except Chevron Corporation and Chevron Environmental Management Company such may only delay the fact that I could/will amend the

complaint to add the [Dismissed Defendants] at a later date.  I believe that discovery in this particular matter warrants such as I truly believe in The Chevron Way.  Given such, these employees must be held accountable for there actions." *Id.*

14.     On March 24, 2008, Plaintiff Johnson also informed Counsel for Chevron via the email in ¶ 12 of this declaration that there was no way that the parties would be able to have a telephone conference as well as hash through issues pertaining to a Joint Case Management Plan before Thursday, April 3, 2008, as his employment causes him not to be able to devote his full time and energy to meeting the Court's strict deadline on this matter.  *Id.*

15.     On March 24, 2008, Plaintiff Johnson also informed Counsel for Chevron via the email in ¶ 12 of this declaration that he proposed that the parties move the filing of any Joint Case Management Statement out thirty (30) days as well as the Initial Case Management Conference.  Given such the new date to file the Joint Case Management Statement would be May 3, 2008, a Case Management Conference would be May 10, 2008, and that the parties could agree to such in a stipulation as well as file such on Monday, March 31, 2008.  *Id.*

16.     On March 24, 2008, Plaintiff Johnson also informed Counsel for Chevron via the email in ¶ 12 of this declaration that by moving the Joint Case Management Statement and Case Management Conference dates out thirty days would allow the parties to comply with FRCP 26(f) & ADR L.R. 3.5, Civil L.R. 16-8, FRCP 26(a)(1) and Civil L.R. 16-9.  *Id.*

17.     On March 25, 2008, at 10:12 a.m. Counsel for Chevron sent Plaintiff Johnson an email informing him that with regard to the required meet and confer that she is available at any time in the evening as well as the weekends as having prepared Joint Conference Statements it would not take more then thirty (30) minutes for the parties to meet and confer.  *See* Exhibit C, March 25, 2008, email from Counsel for Chevron to Plaintiff Johnson.

18.     On March 25, 2008, Counsel for Chevron also informed Plaintiff Johnson via the email in ¶ 17 of this declaration that if the parties could agree to dismiss the defendants other then Chevron Environmental Management Company and Chevron Corporation, then there would be no need to prepare a Motion to Dismiss, and she would then be willing to devote some time to preparing the Joint Case Management Conference Statement.  *Id.*

4
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

19.     On March 27, 2008, Plaintiff Johnson sent an email to Counsel for Chevron requesting that Counsel for Chevron provide him with the  Civil Local Rule or Rules that state Counsel for Chevron had to file a Motion to Dismiss by April 3, 2008.  Plaintiff Johnson also informed Counsel for Chevron that he felt having to agree to stipulate to dismiss the Dismissed Defendants should not be contingent on the parties agreeing to move the April 10, 2008, Case Management Conference out thirty (30) days.  *See* Exhibit C, email from Plaintiff Johnson to Counsel for Chevron.  *See* also Exhibit D, March 27, 2008, email from Plaintiff Johnson to Counsel for Chevron.

20.     On March 27, 2008, Counsel for Chevron sent an email to Plaintiff Johnson requesting to know if Plaintiff Johnson would stipulate to the dismissal of the individual defendants other then Chevron Environmental Management Company and Chevron Corporation as the April 10, 2008, Case Management Conference before the Honorable William H. Alsup was fast approaching as Counsel for Chevron needed to file their Motion to Dismiss by April 3, 2008, but was hesitant to start expending time and effort preparing if the parties could reach an agreement pertaining to the dismissal of the Dismissed Defendants.   *See* Exhibit E, email from Counsel from Chevron to Plaintiff Johnson.

21.     On March 31, 2008, at 5:10 p.m. Plaintiff Johnson sent an email to Counsel for Chevron requesting clarification on what the stipulation would cover.  *See* Exhibit F, March 31, 2008, email from Plaintiff Johnson to Counsel for Chevron

22.     On March 31, 2008, at 5:18 p.m. Counsel for Chevron sent an email to Plaintiff Johnson stating that the stipulation would be to dismiss defendants other than Chevron Environmental Management Company and Chevron Corporation from all claims.   That she was not seeking for Plaintiff Johnson to dismiss any of his claims against the company, just the individual defendants from the action as the company's liability, if any, would be based on the conduct of these employees, they just would not be parties to this action.  Counsel for Chevron also informed Plaintiff Johnson that as to the 42 U.S.C. section 1983 claim, one cannot allege a 1983 claim against a private employer, only a public one, such as the state, police or some other

governmental entity. *See* Exhibit G, March 31, 2008, email from Counsel for Chevron to Plaintiff Johnson.

23.    On March 31, 2008, Counsel for Chevron also informed Plaintiff Johnson via the email in ¶ 22 of this declaration that she would agree to include in the stipulation that this does not waive Plaintiff Johnson's right to later amend his complaint to add the individuals at a later time (although there is no legal basis for doing so). Counsel for Chevron further stated that if the parties could agree to this dismissal, then she would agree to the thirty (30) day extension and would include that in the stipulation. *Id.*

24.    On April 1, 2008, at 6:00 a.m. Counsel for Chevron informed Plaintiff Johnson of the following after Plaintiff Johnson sent Counsel for Chevron the Stipulated and Proposed Order via facsimile to be filed with the Court, "Samuel, I received your fax and filed the Stipulation this morning to ensure the Court receives your request for continuance promptly. Again, than[k] you for your courtesy regarding this matter. I will wait to receive your proposal for a resolution of this action…." *See* Exhibit H, April 1, 2008, email from Counsel for Chevron to Plaintiff Johnson.

25.    On April 1, 2008, at 10:22 a.m. Plaintiff Johnson asked Counsel for Chevron the following, "Delia, before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you or Filice Brown Eassa & Mc[L]eod, LLP has the authority to begin and enter into settlement discussions with me pertaining to this matter as well as to execute a settlement if the parties can come to some agreement regarding this action and the WCAB matter…" *See* Exhibit I, April 1, 2008, email from Plaintiff Johnson to Counsel for Chevron

26.    On April 1, 2008, at 5:43 p.m. Counsel for Chevron replied to Plaintiff Johnson's email by stating the following, "Samuel, Yes. We have authority to discuss settlement with you. I am required to forward any settlement demand/proposal to Chevron and I will do so". *See* Exhibit J, April 1, 2008, email from Counsel for Chevron to Plaintiff Johnson.

27    On April 2, 2008, at 10:28 a.m. Plaintiff Johnson sent an email to Counsel for Counsel for Chevron and informed her that he planned on sending on tonight the ADR

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Certification and a Stipulation for a Protective Order as he would like for the parties to file these materials with the Court on the date that the parties file the Joint Case Management Conference. *See* Exhibit K, April 2, 2008, email from Plaintiff Johnson to Counsel for Chevron.

28.     On April 2, 2008, Plaintiff Johnson also informed Counsel for Chevron via the email in ¶ 27 of this declaration that he would forward to Counsel for Chevron on April 3, 2008, a pleading that stated that the parties had agreed to ADR and the type of ADR process that the parties had selected (mediation) in hope that the parties could file that document as well. *Id.*

29.     On April 2, 2008, at 10:31 a.m. Counsel for Chevron sent an email to Plaintiff Johnson stating that she would discuss the issue of mediation with Chevron and get back to Plaintiff Johnson hopefully by tomorrow. *See* Exhibit L, April 2, 2008, email from Counsel for Chevron to Plaintiff Johnson.

30.     On April 7, 2008, at 3:01 p.m. Plaintiff Johnson sent Counsel for Chevron an email wherein he stated he had just reviewed the Joint Case Management Conference Statement and he noticed that there was an April 2009, trial which he felt was not plausible and/or workable. Plaintiff Johnson also asked Counsel for Chevron was she proposing that the parties have discovery, depositions, etc. in just six (6) months and then move into the next phase of the case. *See* Exhibit M, April 7, 2008, email from Plaintiff Johnson to Counsel for Chevron.

31.     On April 7, 2008, Plaintiff Johnson also informed Counsel for Chevron in the email in ¶ 30 of this declaration that he believed that when he provides Counsel for Chevron with his Initial Disclosures she would be able to see the bigger picture as it pertains to what is referenced in ¶ 30 of this declaration. Plaintiff Johnson also informed Counsel for Chevron that the discovery he seeks in this action will go beyond and in a different direction then what he requested in the Workers Compensation Appeals Board administrative proceeding and that he believed that he had informed Counsel for Chevron that he planned on having a hearing/trial next year in this administrative proceeding. *Id.*

32.     On April 7, 2008 at 3:49 p.m. Plaintiff Johnson sent an email to Counsel for Chevron and informed her that he was looking at a trial to happen sometime in April – June 2010 as well as planned on putting such language in the Joint Case Management Conference to amend

the complaint within sixty (60) days.  Plaintiff Johnson also informed Counsel for Chevron that he would be amending the complaint before the sixty (60) days as the parties previously discussed the fact that Plaintiff Johnson retained the right to bring in the employees and Chevron Corporation Long-Term Disability Plan Organization as well as DOES under 42 U.S.C. section 1981 claim for discrimination and retaliation.  By doing such would call for additional discovery, dispositions, etc.  *See* Exhibit N, April 7, 2008, email from Plaintiff Johnson to Counsel for Chevron.

33.     On April 7, 2008, at 3:54 p.m. Counsel for Chevron sent Plaintiff Johnson an email stating that she would make herself available on April 8, 2008, at 7:30 p.m.  Counsel for Chevron also asked Plaintiff Johnson what was the proposed amendment to the complaint within the next sixty (60) days?  *See* Exhibit O, April 7, 2008, email from Counsel for Chevron to Plaintiff Johnson.

34.     On April 7, 2008, at 4:26 p.m. Plaintiff Johnson sent Counsel for Chevron an email wherein he informed her that he would add the new claims and what damages he would seek in the amending of the complaint in the Joint Case Management Conference.  Plaintiff Johnson also reiterated to Counsel for Chevron that the reasons he stipulated to dismiss the 42 U.S.C. section 1983 claim pertaining to the employees and Chevron Corporation Long-term Disability Plan Organization was for settlement purposes only, which he believed from the conversations that the parties previously had was Counsel for Chevron's understanding as well.  *See* Exhibit P, April 7, 2008, email from Plaintiff Johnson to Counsel for Chevron.

35.     On April 7, 2008, Plaintiff Johnson and Counsel for Chevron conducted a meet and confer regarding the Joint Case Management Conference Statement as well as other matters pertaining to this action.

36.     On April 8, 2008, at 9:19 a.m. Plaintiff Johnson sent an email to Counsel for Chevron wherein he stated that he made the decision to sign the stipulation that was filed with the Court on April 1, 2008, with the Court.  Plaintiff Johnson also informed Counsel for Chevron that it was further his understanding in dismissing the 42 U.S.C. section 1983 claim was an effort

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

to streamline the case for settlement purposes. *See* Exhibit Q, April 8, 2008, email from Plaintiff Johnson to Counsel for Chevron.

37.    On April 8, 2008, Plaintiff Johnson also informed Counsel for Chevron in the email in ¶ 36 of this declaration that Counsel for Chevron had stated in an email to Jahan Sagafi of Lieff, Cabraser Heimann & Bernstein LLP that if there was a basis to add the dismissed defendants, then it is Plaintiff Johnson's choice to do such.  Plaintiff Johnson also stated that Counsel for Chevron proposed that Plaintiff Johnson just state in the Joint Case Management Conference Statement that he has the right to amend the complaint at a later date.  Plaintiff Johnson further informed Counsel for Chevron that such language in the Joint Case Management Conference would cause Plaintiff Johnson to have to seek leave from the Court to amend the Complaint in which that was something that he did not want to do.  Just placing a deadline of sixty (60) days in the Joint Case Management Conference would allow Plaintiff Johnson to amend the Complaint without having to seek leave from the Court.  *Id.*

38.    On April 8, 2008, Plaintiff Johnson also informed Counsel for Chevron in the email in ¶ 36 of this declaration that Counsel for Chevron had informed Plaintiff Johnson that she had until April 3, 2008, to file her motion to dismiss and if the parties stipulated to dismissing certain defendants as it pertained to the 42 U.S.C. section 1983 claim that would not only save her time in preparing a motion to dismiss, but would save Plaintiff Johnson in having to prepare an opposition and then the Court having to review such.  Plaintiff Johnson further informed Counsel for Chevron that all of which could be avoided if the parties agreed to have certain defendants dismissed before April 3, 2008.  *Id.*

39.    On April 8, 2008, Plaintiff Johnson also informed Counsel for Chevron in the email in ¶ 36 of this declaration if that he had left certain defendants in this matter and added the 42 U.S.C. section 1981 claim by way of amending the complaint, then Counsel for Chevron would have to file a Motion for Summary Judgment, etc. on the ADA, Title VIII and 42 U.S.C. section 1983 claim against certain defendants.  However, what this comes down to is a procedural move and has not really wasted anyone's time and effort.  *Id.*

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

40.     On April 8, 2008 at 9:22 a.m. Counsel for Chevron informed Plaintiff Johnson in an email that he was incorrect as it pertains to serving subpoenas on the employees.  Counsel for Chevron also informed Plaintiff Johnson that he did not have to serve such subpoenas on the employees even if they are not named as individuals because they are employees of a party, i.e. Chevron, so no subpoena would be needed as Plaintiff Johnson could simply serve his interrogatories, requests, etc. on Counsel for Chevron's firm.  *See* Exhibit R, April 8, 2008, email from Counsel for Chevron Plaintiff Johnson.

41.     On April 8, 2008, at 10:55 a.m. Plaintiff Johnson sent an email to Counsel for Chevron and informed her that it does not matter what method he uses to obtain the needed discovery and from whom in order to prove his claims.  Plaintiff Johnson also informed Counsel for Chevron that what he stated in his April 8, 2008, 9:19 a.m. email and what will be discussed during the telephone conference call on tonight will make his position clear on why he will amend the Complaint in sixty (60) days.  *See* Exhibit S, April 8, 2008, email from Plaintiff Johnson to Counsel for Chevron.

42.     On April 8, 2008, Plaintiff Johnson further informed Counsel for Chevron in the email in ¶ 40 of this declaration that if Counsel for Chevron's clients were serious about settlement purposes, then they have 45 days to make there best offer to resolve this matter, either outside of the Court directly with Plaintiff Johnson, through the Court's ADR program and Plaintiff Johnson may even ask that the Court place the party's immediately into settlement discussions in front of a Magistrate Judge.  *Id.*

43.     On April 8, 2008, at 10:58 a.m. Counsel for Chevron sent Plaintiff Johnson an email where she stated that to date, she had not received Plaintiff Johnson's proposed settlement demand.  When you provide it to me, I will convey it to the client.  *See* Exhibit T, April 8, 2008, email from Counsel for Chevron.

44.     On April 8, 2008, at 11:29 a.m. Plaintiff Johnson sent an email to Counsel for Chevron wherein Plaintiff Johnson informed Counsel for Chevron that he would try and get the settlement demand done and forward it to Counsel for Chevron to send such to her clients.  *See* Exhibit U, April 8, 2008, email from Plaintiff Johnson to Counsel for Chevron.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

45.     On April 8, 2008, Counsel for Chevron and Plaintiff Johnson conducted a telephonic meet and confer regarding the Joint Case Management Conference Statement as well as other matters pertaining to this action.

46.     During the telephonic meet and confer in ¶ 45 of this declaration Plaintiff Johnson informed Counsel for Chevron that he was mislead in signing a stipulation to dismiss certain defendants as it was his understanding that the parties were doing such not only to save the Court time in having to hear a motion to dismiss, but for settlement purposes.  Given Counsel for Chevron's statements in the draft Joint Case Management Statement about settlement that Plaintiff Johnson may not send the settlement demand, but may wait to address any such settlement of this action with the Honorable William H. Alsup.

47.     On April 9, 2008, at 3:48 p.m. Plaintiff Johnson sent an email to Counsel for Chevron requesting to know the status of when he would receive an updated version of the Joint Case Management Conference Statement.  Plaintiff Johnson also informed Counsel for Chevron that may delay the sending of the Settlement Demand Letter that the parties talked about until after the Case Management Conference as well as would discuss such with the Honorable William H. Alsup.  *See* Exhibit V, April 9, 2008, email from Plaintiff Johnson to Counsel for Chevron.


Dated this 11th day of June 2008                                        /s/
                                                        _____
                                                        SAMUEL BERNARD JOHNSON III

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT A

**Subject:**   **RE: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA**

**Date:**   3/24/2008 3:08:27 P.M. Pacific Daylight Time

**From:**   disvoranu@filicebrown.com

**To:**      BlakVIII@aol.com


Dear Mr. Johnson,
This will confirm our telephone conference of earlier today, wherein we discussed Defendants' anticipated Motion to Dismiss the Defendants, other than Chevron Corporation and CEMC, on the grounds that the mandatory administrative remedies of Title VII and the Fair Employment and Housing Act were not exhausted as no right-to-sue letter was obtained for *each* defendant, as required per statute and as has been interpreted by multiple state and federal decisional authorities.

As I indicated, it would be in all the parties' best interest (as it would save tremendous time and efforts) to streamline this case by simply proceeding with your claims against Chevron Corporation and CEMC. It would also relieve you of having to respond to Defendants' Motion to Dismiss. You would maintain all your factual allegations, however, they simply would be aimed at these two companies based on the individual employee's alleged conduct, without proceeding against each employee or maintaining them as individual defendants in this action. Please advise whether you are amenable to doing so, and I will prepare the Stipulation to this effect. Thereafter, we can focus our efforts on moving forward with this action and meeting and conferring related to the filing of the Case Management Conference Statement, due on April 3, 2008.

Please let me know of your decision by the close of business this Friday as we are in the process of preparing the Motion to Dismiss and can avoid filing it if we can resolve this procedural issue by Stipulation.

Please feel free to contact me should you wish to discuss this matter further or if you are unable to locate the authorities referenced above and in our call, wherein numerous courts have expressly and repeatedly held that administrative remedies must be exhausted as to *each* named Defendant.

Best regards,

Delia Isvoranu

Delia A. Isvoranu

1

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

Filice Brown Eassa & McLeod LLP
Lake Merritt Plaza
1999 Harrison St. 18th Floor
Oakland, CA 94612
Tel:(510) 444-3131
www.filicebrown.com

************************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
************************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly
prohibited. If you have received this message in error, please immediately
notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you.

2

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT B

**Subject:**   **Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA**

**Date:**      3/24/2008 10:21:13 P.M. Pacific Daylight Time

**From:**      BlakVIII

**To:**        disvoranu@filicebrown.com

**CC:**        BlakVIII

Dear Ms. Isvoranu,

I'm in receipt of your email regarding the below-referenced subject matter.   Initially, I'm in agreement with you on the fact that all mandatory administrative remedies of Title VII and the Fair Employment and Housing Act should have been exhausted as no right-to-sue letter was obtained for each defendant, as required per statue and as has been interpreted by multiple state and federal decisional authorities before I filed the November 14, 2007, complaint as titled above.  However, please keep in mind that a party can add additional named defendants after a complaint has been filed without the need to adhere to Title VII and the Fair Employment and Housing Act guidelines as it pertains to each defendant in this matter.

My point here, is that a Plaintiff may amend his/her complaint to name additional defendants in an action before this Court after the complaint has been filed without the need to adhere to the above-referenced statues.  Hence, the verbiage of DOES 1-10.  What it now comes down to is procedural grounds in you bringing your Motions to Dismiss as it pertains to the employees and Chevron Corporation Long-Term Disability Organization Plan.  Given such, while I'm leaning towards the decision of agreeing to a stipulation to remove all defendants except Chevron Corporation and Chevron Environmental Management Company such may only delay the fact that I could/will amend the complaint to add the employees and Chevron Corporation Long-Term Disability Organization Plan at a later date.  I believe that the discovery in this particular matter warrants such as I truly believe in The Chevron Way.  Given such, these employees must be held accountable for their actions.

On a separate note.  There is no way that you and I will be able to have a telephone conference as well as hash through issues pertaining to filing a Joint Case Management Plan before Thursday, April 3, 2008, as my employment causes me not to be able to devote my full time and energy to meeting the Court's strict deadline on this matter.  Given such, I propose that the parties move the filing of any Joint Case Management Statement out thirty days as well as the Initial Case Management Conference.  The new date for filing the Joint Case Management Conference will be May 3, 2008, and a Case Management Conference will now be May 10, 2008.  The parties can agree to such in a stipulation and file such on Monday, March 31, 2008.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

By moving the above-referenced dates out thirty days will also give the parties time to comply with FRCP 26(f) & ARD L.R. 3-5, Civil L.R. 16-8 and FRCP (26(a)(1), and Civil L.R. 16-9. Please let me know by close of business day on tomorrow if you are in agreement with this approach. As well, any Joint Case Management Statement will have to be filed by your office as I'm still obtaining my e-filing status in which I should have shortly. Please also not that I will continue to seek counsel through BASF. It is my understanding that they are still looking for counsel and I should have an update shortly to provide to the Court on this subject matter one way or another.

As it pertains to discovery in this matter. As you are aware, Judge Alsup referred the issue of my March 17, 2008, letter, your opposition and my reply to your opposition (letter) to a Magistrate Judge to hear the discovery dispute and all discovery disputes in this matter. Given such, I request that you stop all "informal investigation" until such time that this matter maybe heard by the Magistrate Judge assigned to this matter. I believe that my assessment of FRCP 26(d) is correct. Given such, I would hate to see that you and your firm are sanctioned for any additional violations of FRCP 26(d). If you are not in agreement with such, please advise accordingly.

/s/Samuel Bernard Johnson III

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT C

**Subject:**   **RE: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA**

**Date:**   3/25/2008 10:12:20 A.M. Pacific Daylight Time

**From:**   disvoranu@filicebrown.com

**To:**         BlakVIII@aol.com


Mr. Johnson,

With regard to our required meet and confer, please note that I am
available at any time in the evening (as you can likely tell from our
exchanges late last night) as well as on the weekends. Having prepared
quite a few of these Statements, I can tell you that it would not take
more than 30 minutes for us to meet and confer. Moreover, if we can
agree that you will dismiss the defendants other than CEMC and Chevron
Corporation, then there will be no need to prepare a Motion to Dismiss,
and I would then be willing to devote some time to preparing the Joint
Case Management Conference Statement on both of our behalves--I am
offering to do this as a courtesy in order to accommodate your work
schedule and to save time. You can then simply review it, make any
necessary additions/changes, input, and we will file it as you do not
yet have access to e-filing.

Please let me know if you are agreeable. I am available all day to
discuss this.

Best,

Delia
***********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
***********************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly
prohibited. If you have received this message in error, please immediately
notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT D

**Subject:**   **Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA**

**Date:**   3/27/2008 7:53:47 P.M. Pacific Daylight Time

**From:**   BlakVIII

**To:**   disvoranu@filicebrown.com

**CC:**   BlakVIII

Dear Ms. Isvoranu,

I'm in receipt of your email from this afternoon regarding the below.  Please provide me with the basis, L.R. or Rules that state you have to file a Motion to Dismiss by April 3, 2008.  Likewise, I feel that me agreeing or not agreeing to stipulate to dismiss the employees and Chevron Corporation Long-Term Disability Organization Plan should not prevent the parties from executing a stipulation to move the dates for the CMC Statement and the CMC given my current health situation. Please further note that I plan on preparing a letter to send to the Court requesting to move the CMC Statement and the CMC out thirty days. I look forward to your response to this email regarding stipulating to move the CMC Statement and CMC 30 days out Samuel

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT E

**Subject:**   **Re: Johnson v. Chevron Corporaiton Case No. C 07-05756 WHA**

**Date:**      3/27/2008 8:11:29 P.M. Pacific Daylight Time

**From:**      disvoranu@filicebrown.com

**To:**        BlakVIII@aol.com


Mr. Johnson,

I am emailing from my Blackberry, so please excuse any typographical errors. The Motion to Dismiss must be filed before we file a Joint Statement, particularly as it will bear directly on the matters to be included in the Statement, given that dismissal of the other defendants would greatly simplify and streamline the issues. As I have indicated, the rule that an action cannot be maintained against a party for whom a right-to-sue notice was not obtained is a straightforward issue and not at all complicated. We are simply seeking to avoid wasting the Court's and parties' time with an issue that can be resolved by stipulation. I am out of the office on 4/1 and, as a result, my intent is to prepare the Motion this weekend, for filing on 4/3. Given that I am starting a trial in the coming weeks, the Motion will be filed this following week even assuming that a continuance is granted by the Court. Therefore, please let me know before the close of business tomorrow whether you will stipulate to proceeding against CEMC and Chevron Corporation only.

Finally, I am available tomorrow all day, this entire weekend and all day on 4/2 to discuss with you the matters we are to include in a Joint Case Management Statement. The discussion should take no longer than 30 minutes and would avoid the need for any continuance given that this court has indicated that it wants this case to move forward.

I look forward to receiving your response.

Best,

Delia

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT F

From: BlakVIII@aol.com [mailto:BlakVIII@aol.com]
Sent: Monday, March 31, 2008 5:10 PM
To: Delia Isvoranu
Subject: Re: FW: Johnson v. Chevron Corporation Case No. C 07-05756 WHA

So, that I'm clear, this is a stipulation dismissing the employees and Defendant Chevron Corporation Long-Term Disability Organization Plan from the 1983 claims.  I also take it that you are not seeking to dismiss the Title VII and other claims pertaining to the employees and Defendant Chevron Corporation Long-Term Disability Organization Plan?  Also, do this stipulation move the CMC and Joint CMC statement out 30 days?  Please also be advised that I'm participating in a hearing the week of May 12-16, 2008, and therefore will not be able to appear at a CMC.  Look forward to your response.  You can also call me at 209-982-5904 later this evening to discuss this matter.

In a message dated 3/31/2008 5:06:09 P.M. Pacific Daylight Time, disvoranu@filicebrown.com writes:
Mr. Johnson,
Just so I am clear, this would be a stipulation dismissing the defendants and 1983 claim?

Thank you,

Delia

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT G

**Subject:  RE: FW: Johnson v. Chevron Corporation Case No. C 07-05756 WHA**

**Date:**      3/31/2008 5:18:03 P.M. Pacific Daylight Time

**From:**      disvoranu@filicebrown.com

**To:**        BlakVIII@aol.com

Mr. Johnson,
The Stipulation would be to dismiss the defendants other than CEMC and Chevron Corporation from all the claims. I am not seeking that you dismiss **any** of your claims against the company, just the individual defendants from the action. The company's liability, if any, would be based on the conduct of these employees, they just would not be parties to this action. In fact, as Jahan may have advised you, you cannot file a Title VII or ADA claim against individual employees in any event. Only the employing entity (i.e. the company) can be sued under Title VII and ADA.So that is another reason why they should be dismissed from the action (the first being the failure to exhaust administrative remedies, which is required for both Title VII and the ADA). As to your section 1983 claim, you cannot allege a 1983 claim against a private employer, only a public one, such as the state, police or some other government entity.

I will agree to includ in the stipulation that this does not waive your right to later amend your complaint to add the individuals at a later time (although there is no legal basis for doing so). Also, yes, if we can agree to this dismissal, I will agree to the 30 day extension and will include that in the stipulation.

Please let me know.

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT H

**Subject:**     **Re: Stipulation**

**Date:**       4/1/2008 6:00:50 A.M. Pacific Daylight Time

**From:**       disvoranu@filicebrown.com

**To:**          BlakVIII@aol.com

Samuel, I received your fax and filed the Stipulation this morning to ensure the Court receives your request for continuance promptly.

Again, than you for your courtesy regarding this matter. I will wait to received your proposal for a resolution of this action.

Have a nice day.

Delia

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT I

From: blakviii@aol.com <blakviii@aol.com>

To: Delia Isvoranu

Sent: Tue Apr 01 10:22:45 2008

Subject: Re: Stipulation

Delia, before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you or Filice Brown Eassa & McCleod, LLP has the authority to begin and enter into settlement discussions with me pertaining to this matter as well as to execute a settlement if the parties can come to some agreement regarding this action and the WCAB matter.  Please advise accordingly if your clients have provided such authority.  Take care for now.  Samuel.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT J

**Subject:**     **Re: Stipulation**

**Date:**     4/1/2008 5:43:50 P.M. Pacific Daylight Time

**From:**     disvoranu@filicebrown.com

**To:**     blakviii@aol.com


Samuel,

Yes. We have authority to discuss settlement with you. I am required to forward any settlement

demand/proposal to Chevron and I will do so.

Take care,

Delia

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT K

From: blakviii@aol.com [mailto:blakviii@aol.com]
Sent: Wednesday, April 02, 2008 10:28 AM
To: Delia Isvoranu
Subject: Re: Stipulation

Delia, I plan on sending to you on tonight the ADR Certification and a Stipulation for a Protective Order.  I would like for us to file these materials with the Court on the day that we file the Joint Case Management Conference.

I'll then forward to you on tomorrow that the parties have agreed to ADR and the type of ADR process that we have selected (Mediation) in hopes that we can file that as well.  On a separate note, Judge Alsup likes to get the parties before him as soon as possible to assess where they stand on the issues being brought before him.  Hence, no further delays in this case. (This is my understanding of how he likes to run his ship).  Thanks and take care for now.  Samuel.

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT L

**Subject:**    **RE: Stipulation**

**Date:**    4/2/2008 10:31:11 A.M. Pacific Daylight Time

**From:**    disvoranu@filicebrown.com

**To:**    blakviii@aol.com


Thanks, Samuel.
I will discuss the issue of mediation with Chevron and get back to you, hopefully, tomorrow.

Delia

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT M

**Subject:**     **Re: Draft Joint Status Report**

**Date:**     4/7/2008 3:00:59 P.M. Pacific Daylight Time

**From:**     BlakVIII

**To:**     disvoranu@filicebrown.com

Delia, I'll take a look at this on tonight, but just with a cursory review of the Joint CMC the trial date for

April 2009 is not plausible and/or workable.  Are you proposing that the parties have discovery,

depositions, etc. in just six months and then move into the next phase of the case.

When I provide my Initial Disclosures you will be able to see the bigger picture as it pertains to the

above.  As stated before, the discovery that I seek in this matter will go beyond and in a different direction

then what I requested in the WCAB proceeding.  Likewise, I believe that I informed you that I planned on

having a hearing/trial next year in the WCAB administrative proceeding.  We can discuss this in further

detail say tomorrow night after 7:30 p.m.  Before then I'll provide you with a redline version of my

suggested changes to the Joint CMC in hopes that the parties can agree on such.  If not, we can submit

both of our dates, etc. to Judge Alsup and let him decide.  Take care for now.  Samuel.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT N

From: Delia Isvoranu <disvoranu@filicebrown.com>
To: blakviii@aol.com
Sent: Mon, 7 Apr 2008 3:21 pm
Subject: RE: Draft Joint Status Report

Samuel,
Tomorrow after 7:30 is fine. I think the April 2009 trial date is reasonable. Usually, courts like to set trial dates within one year of the filing of the Complaint. Here, the complaint was filed in November 2007, so even with an April 2009 trial date, we are beyond the one year mark. Moreover, we typically bring cases to trial (even those where we have had more than one dozen depositions) within one year of the filing of the Complaint. I would be very surprised if the Court scheduled a trial beyond 2009, but you can certainly request that in the Joint Statement.

Best,

Delia

# EXHIBIT O

**Subject:**      **Re: Draft Joint Status Report**

**Date:**         4/7/2008 3:49:11 P.M. Pacific Daylight Time

**From:**         BlakVIII

**To:**           disvoranu@filicebrown.com

Delia, I've taken a look at some recent cases and the trial dates are set out two (2) years in some cases. I'm looking at a trial to happen somewhere between April - June 2010. Please also note that I plan on putting language in the Joint CMC to amend the complaint within 60 days. (Will be amending the Complaint before the 60 days). As we previously discussed, I retain the right to bring in the employees and Chevron Corporation Long-Term Disability Plan, as well as DOES under Section 1981 claims for discrimination and retailiation. Given such, that will call for discovery, depositions, etc.

If there is not language in the complaint, we need to bring to the Court's attention the Motion to Seal. I'll take a closer look at this topic on tonight. After I redline the Joint CMC, we can discuss this matter further on tomorrow night after 7:30 p.m. Take care for now. Samuel.

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT P

**Subject:**          **Re: Draft Joint Status Report**

**Date:**             4/7/2008 4:26:50 P.M. Pacific Daylight Time

**From:**             BlakVIII

**To:**          disvoranu@filicebrown.com


Delia, let me review the Joint Status Report on tonight and I'll get back to you on that.  I'll add in the new claims and what damages I'll seek for them then forward the Joint Status Report to you for review and discussion with my other changes.

Please also note that the only reason I stipulated to dismissing the 1983 claims pertaining to the employees and Chevron Corporation Long-Term Disability Plan Organization was for settlement purposes only, which I beleive from our conversations on this subject matter was your understanding as well.  However, If I wrong, then as they say, say la ve and you got to get out of a lot of work on preparing a motion to dismiss.  Take care for now.  Samuel.

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT Q

**Subject:**   **Re: Johnson v. Chevron Corporation Case No. C 07-05756 WHA**

**Date:**      4/8/2008 9:19:04 A.M. Pacific Daylight Time

**From:**      BlakVIII

**To:**        disvoranu@filicebrown.com,   BlakVIII

Delia, thank you for sending me the below email.  Again, I was not on the telephone conference call with Jahan.  I also thought that we agreed that we were not going to discuss Jahan and Lieff, et al. as it pertains to this matter.  While I do understand the basis for such given this subject matter.  As we previously discussed, I made the decision to sign the stipulation to dismiss Chevron Corporation Long-Term Disability Organization Plan and the employees as they were brought into the matter incorrectly.  One cannot name a defendant under a ADA, Title VII and California Fair Housing, etc. claim without exhausting all administrative remedies first.  As you clearly brought the fact to my attention.

As well, I stipulated to dismiss the Section 1983 claims against the above-referenced defendants as a Section 1983 claim is reserved for governmental entities.

It was further my understanding that this was an effort to streamline this case for settlement purposes.  As you stated in the email below that you sent to Jahan, if there is a basis to add the above-referenced defendants, then it is my choice to do such.  You have proposed that I just state in the Joint CMC Statement that I have the right to admend the complaint at a later date.  This will cause me to have to seek leave from the Court in which I donot want to do.  Placing a deadline of 60 days in the Joint CMC allows me to admend the complaint without having to seek leave from the Court.

More to the point, you informed me that you had until April 3, 2008, to file your motion to dismiss.  If the parties stipulated to dismissing the above-referenced defendants as it pertains to the claims listed above this would not only save you from having to prepare a motion to dismiss, but me have to provide an opposition and then the Court having to review such.  All of which

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

could be avoided if the parties agreed to have the above-referenced defendants dismiss before April 3, 2008.  Likewise, if I had of left the above-referenced defendants in this matter and added the Section 1981 claim by way of amending the Complaint, then you would have to file a Motion for Summary Judgment, etc. on the ADA, Title VII and 1983 claims against the above defendants.

Basically, what this comes down to is procedural moves and has not really wasted anyone's time and effort.  I hope that you can see that.  If not, then we will have to proceed to focusing our attention on completing the remainder of the items pertaining to the Joint CMC Statement.  Furthermore, If you look at the draft Stipulation I state that I will be seeking discovery of employment as well as pyschiatric records of some of the employees.  Having these employees in as named defendants saves me time in having to obtain subpoenas as I can go directly to them for the needed discovery in the form of Requests for Admissions, as well as Request for Production of Documents, Interrogatories on their previous employers and medical providers.  What I propose is further cleaning up the Joint CMC Statement to conform to the one that is on the Court's website as well as explaining in detail while the parties (or I signed the Stipulation to have the above-referenced defendants removed from this matter).  Take care for now.  Look forward to speaking with you on tonight.  Samuel

2
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

1
2

# EXHIBIT R

3   From: Delia Isvoranu <disvoranu@filicebrown.com>
    To: blakviii@aol.com
4   Sent: Tue, 8 Apr 2008 9:22 am
    Subject: RE: Johnson v. Chevron Corporation Case No. C 07-05756 WHA
5
6   Samuel,
    You are incorrect. You do not have to serve subpoenas on the employees even if they are **not** named as
    individuals. Because they are employees of a party, i.e., Chevron, no subpoena is needed and you can
7   simply serve your Interrogatories, Requests, etc. on us.
8   Delia

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT S

**Subject:**   **Re: Johnson v. Chevron Corporation Case No. C 07-05756 WHA**

**Date:**   4/8/2008 10:55:42 A.M. Pacific Daylight Time

**From:**     BlakVIII

**To:**     disvoranu@filicebrown.com

Ok, it does not matter what method I use to obtain the needed discovery and from whom in order to prove my clams.  Delia, in the email below and on what will be discussed on tonight, will make my position clear  on why I will amend the compalint in 60 days.  If your clients are serious about settlement,then they have about 45 days to make there best offer to resolve this matter, either outside of the Court directly with me, through the Court's ADR program and I may even ask that the Court place the party's immediately into settlement discussions in front of a Magistrate Judge.  For now, let's table these matters for tonight.  Take care for now.  Samuel.

# EXHIBIT T

From: Delia Isvoranu <disvoranu@filicebrown.com>
To: blakviii@aol.com
Sent: Tue, 8 Apr 2008 10:58 am
Subject: RE: Johnson v. Chevron Corporation Case No. C 07-05756 WHA

Samuel,
To date, I have not received your proposed settlement demand. When you provide it to me, I will convey it to the client.

Thanks,

Delia

DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT U

**Subject:    Re: Johnson v. Chevron Corporation Case No. C 07-05756 WHA**

**Date:**    4/8/2008 11:25:09 A.M. Pacific Daylight Time

**From:**      BlakVIII

**To:**        disvoranu@filicebrown.com

Thanik you.  Will try to get that done and forward it accordingly.  Take care for now.  Samuel.

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)

# EXHIBIT V

**Subject:**        **Re: Draft Joint Status Report**

**Date:**        4/9/2008 3:48:22 P.M. Pacific Daylight Time

**From:**        BlakVIII

**To:**        disvoranu@filicebrown.com


Delia, any status on when I will receive an updated version of the Joint CMC Statement?  Also, I may delay sending the Settlement Demand Letter that we talked about until after the CMC as well as discuss such with Judge Alsup.  Take care for now.  Samuel.

1
DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, Case No. C 07-05756 SI (JCS)