1  SAMUEL BERNARD JOHNSON III
   4420 Abruzzi Circle
2  Stockton, California 95206
   (209) 982-5904 – Telephone
3  blakviii@aol.com – Email

4  Plaintiff - *In Pro Se*

**DENIED**
Judge Susan Illston

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | Case No.: C 07-05756 SI (JSC) |
| Plaintiff, | |
| vs. | **PLAINTIFF'S EX PARTE MOTION TO SHORTEN TIME** |
| CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10, inclusive | |
| Defendants | |

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") hereby moves the Court for an Ex Parte Motion pursuant to Civil Local Rules 7-10 and 6.3 for an order to Shorten Time for Delia A. Isvoranu of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") to file and serve its Opposition to Plaintiff Johnson's Motion for Leave to File a First Amended Complaint.

## I.  REASONS TO SHORTEN TIME FOR COUNSEL FOR CHEVRON TO FILE ITS OPPOSITION TO PLAINTIFF JOHNSON'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

On June 12, 2008, Plaintiff Johnson filed the following pleadings with the Court:

1. Plaintiff's Notice of Motion for Leave to File a First Amended Complaint;
2. Plaintiff's Memorandum In Support of Motion for Leave to File a First Amended Complaint;
3. Exhibit A to Plaintiff's Memorandum In Support of Motion for Leave to File a First Amended Complaint;
4. Declaration of Samuel Bernard Johnson III In Support of Plaintiff's Motion for Leave to File a First Amended Complaint;
5. [Proposed] Order Granting Plaintiff's Motion for Leave to File a First Amended Complaint;
6. Stipulation and [Proposed] Order to File Exhibit A To Plaintiff's Memorandum In Support of Motion for Leave to File A First Amended Complaint Under Seal Pursuant to the Honorable Susan Illston's Pretrial Preparation Order (Corrected) Filed on May 22, 2008, Standing Order at Section 3, and Civil Local Rules 712- and 79-(c);
7. Manual Filing Notification of Exhibit A to Plaintiff's Memorandum IN Support of Motion for Leave to File A First Amended Complaint "Document Filed Under Seal";
8. Exhibit A to Plaintiff's Memorandum In Support of Motion for Leave to File A First Amended Complaint "Document Filed Under Seal"; and

9. Proof of Service By Electronic Case Filing System and Hand Delivery.

When Plaintiff Johnson filed pleadings 1-9 as referenced above, Plaintiff Johnson notice the hearing in connection with this pleadings for Friday, July 18, 2008, pursuant to Civil Local Rule 7-2(a) with a filing date of July 13, 2008, for Plaintiff's Motion for Leave to File a First Amended Complaint. Plaintiff Johnson filed Plaintiff's Motion for Leave to File a First Amended Complaint and supporting papers on Thursday, July 12, 2008. On June 16, 2008, the Clerk of the Court notified all parties that the hearing pertaining to Plaintiff Johnson's Motion for Leave to File a First Amended Complaint was continued from Friday, July 18, 2008 to Friday, August 22, 2008. When the Clerk of the Court did such, that provided Counsel for Chevron with an additional six (6) weeks (forty (40) days) in which to file its Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint. Due to such, Plaintiff Johnson now seeks leave from the Court by way of this Ex Parte Motion to have the dates for the Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint and Plaintiff's Reply to the Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint set by the Friday, July 18, 2008. initial hearing that was noticed on June 12, 2008.

**II.   EFFORTS PLAINTIFF JOHNSON HAS MADE TO OBTAIN A STIPULATION**

On June 16, 2008, Plaintiff Johnson sent an email to Counsel for Chevron reiterating the Clerk of the Court's notice pertaining to the hearing date change for Plaintiff's Motion to File A First Amended Complaint. Plaintiff Johnson also advised Counsel for Chevron that her initial Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint was due on Friday, June 27, 2008. Plaintiff Johnson also informed Counsel for Chevron that given the revised hearing date of Friday, August 22, 2008, that would mean that Counsel for Chevron's Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint is now due on Friday, August 1, 2008.

Plaintiff Johnson further informed Counsel for Chevron that he had contacted the Clerk of the Court regarding this matter and proposed that the parties stipulate to keep the original dates for all responsive pleadings to Plaintiff's Motion for Leave to File a First Amended Complaint based off the Friday, July 18, 2008, hearing. Plaintiff Johnson also informed Counsel

for Chevron that if she would not stipulate to this, then Plaintiff Johnson would file an Ex Parte Motion along with a declaration stating Counsel for Chevron's position on not wanting to agree with the dates for responsive pleadings per the Friday, July 18, 2008, hearing.

Plaintiff Johnson further informed Counsel for Chevron that he felt such was only fair as Counsel for Chevron's Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint should stand on it merits based off the responsive pleading dates imposed by the Friday, July 18, 2008, hearing. Plaintiff Johnson provided Counsel for Chevron with a deadline of 5:00 p.m. on today (June 17, 2008) or Plaintiff Johnson would file a motion with the Court seeking relief to impose the responsive pleading deadlines to Plaintiff's Motion for Leave to File a First Amended Complaint based of the Friday, July 18, 2008, hearing. Counsel for Chevron has not responded by the deadline of 5:00 on today (June 17, 2008) as requested by Plaintiff Johnson. *See* Declaration of Samuel Bernard Johnson III ISO Plaintiff's Ex Parte Application to Shorten Time at ¶¶ 1-5.

### III. SUBSTANTIAL HARM OR PREJUDICE THAT WOULD OCCUR IF THE COURT DID NOT CHANGE THE TIME

Plaintiff Johnson contends that he will be harmed if Counsel for Chevron is provided with an additional six (6) weeks (forty (40) days) to prepare a responsive pleading to Plaintiff's Motion for Leave to File a First Amended Complaint. Pursuant to Civ. L.R. 7-3(a), when a party files a Motion seeking leave from the Court the responsive opposition to such a pleading is due twenty-one days from the date of the noticed hearing. Likewise, pursuant to Civ. L.R. (7-3(c) a reply to the responsive opposition is due fourteen (14) days prior to the noticed hearing. As stated herein, Plaintiff Johnson noticed the initial hearing for Friday, July 18, 2008. Based on that noticed hearing date, Counsel for Chevron's Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint is due on Friday, June 27, 2008. Likewise, Plaintiff's Reply to that Opposition is due on July 4, 2008.

Plaintiff Johnson contends that he will be prejudiced is Counsel for Chevron is allowed to file its responsive Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint based on the August 22, 2008, hearing date. Such provides Counsel with an additional six (6)

weeks ((forty (40) days) from June 27, 2008 to prepare such an opposition.  Wherein, based off the July 18, 2008, hearing date, Counsel for Chevron would only have two (2) weeks (fourteen (14) days) from June 13, 2008, to prepare and file its Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint.  Based on the aforementioned, Plaintiff Johnson contends that if the Court does not grant the relief he seeks in the filing of this Ex Parte Motion to Shorten Time, then Plaintiff Johnson will be prejudiced by such additional time that Counsel for Chevron will have to prepare and file a responsive pleading to Plaintiff's Motion for Leave to File a First Amended Complaint.

### IV.  MOTION IS TO SHORTEN TIME FOR THE COURT TO HEAR A MOTION

This Ex Parte Motion is to shorten the time for Counsel for Chevron to file its responsive pleading to Plaintiff's Motion for Leave to File a First Amended Complaint as well as for Plaintiff Johnson to file his responsive pleading to Counsel for Chevron's Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint.

**A.  Plaintiff Johnson's Compliance With Civil Local Rule 37-1(a)**

Plaintiff Johnson contends that Civ. L.R. 37-1(a) is not applicable to this Ex Parte Motion to Shorten Time

**B.  Nature of Underlying Dispute In The Motion An Each Party's Position As It Pertains to The Motion**

Plaintiff Johnson contends that the underlining dispute in the motion is that Plaintiff Johnson seeks leave from the Court to file a first amended complaint as well as to have the parties adhere to the July 18, 2008, hearing dates for all responsive pleadings that have to be filed and served on each respective party.  Plaintiff Johnson contends that Counsel for Chevron opposes such a motion for leave to file a first amended complaint.  As it pertains to this Ex Parte Motion to Shorten Time, Counsel for Chevron has chosen not to respond to any of Plaintiff Johnson's emails to provide its position.  Plaintiff Johnson further informs this Court that Counsel for Chevron has stayed in contact with Plaintiff Johnson leading up to the filing of the Motion for Leave to File a First Amended Complaint even asking Plaintiff Johnson when he was

4
PLAINTIFF'S EX PARTE MOTION TO SHORTEN TIME, Case No. C 07-05756 SI (JCS)

going to supplement his Initial Disclosures.

## V. PREVIOUS TIME MODIFICATIONS IN THE CASE, WHETHER BY STIPULATION OR COURT ORDER

Plaintiff Johnson contends that the previous dates associated with Plaintiff's Motion for Leave to File a First Amended Complaint and any responsive pleadings to such were as followed:  (1)Counsel for Chevron's Opposition was due on Friday, June 27, 2008; and (2) Plaintiff Johnson's Reply to Counsel for Chevron's Opposition was due on Friday, July 4, 2008.

Plaintiff Johnson now asserts that with the continuance of the hearing pertaining to Plaintiff's Motion for Leave to File a First Amended Complaint the following dates now apply: (1) Counsel for Chevron's Opposition is now due on Friday, August 1, 2008; and (2) Plaintiff Johnson's Reply to Counsel for Chevron's Opposition is now due on Friday, August 8, 2008.

## VI. Describes the effect the requested time modification would have on the schedule for the case

Plaintiff Johnson contends that the time medication to keep all responsive pleadings to Plaintiff Johnson's Motion for Leave to File a First Amended Complaint would have no effect on the schedule for the case.  However, Plaintiff Johnson does contend that if the Court sets all responsive pleadings to Plaintiff Motion for Leave to File a First Amended Complaint per the July 18, 2008, hearing, then such would not be prejudicial to Plaintiff Johnson and all responsive pleadings to Plaintiff's Motion for Leave to file a First Amended Complaint would be filed based on the merits of the dates imposed by the July 18, 2008, hearing.

## VII. Conclusion

For the reasons as stated herein, Plaintiff Johnson requests that the Court grant the relief he seeks by the filing of this Ex Parte Motion to Shorten Time

Dated this 17th day of June 2008

/s/
SAMUEL BERNARD JOHNSON III