**SAMUEL BERNARD JOHNSON III**

**4420 Abruzzi Circle**
**Stockton, California 95206**
**(209) 982-5904 – Home**

---

July 10, 2008

Magistrate Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Magistrate Spero:

In keeping with the Notice of Reference (Future Discovery Dispute Procedures) that can be found at Court Docket #29, Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") is notifying you that a discovery dispute has arisen between Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and Defendants Chevron Corporation and Chevron Environmental Management Company, (collectively referred to as the "Chevron Defendants"). Plaintiff Johnson also apologizes to this Court and Magistrate Spero for exceeding the three (3) page limit pertaining to submitting a letter brief regarding a discovery dispute. With such in mind, Plaintiff Johnson respectfully requests that Magistrate Spero allow Plaintiff Johnson to file a seven (7) page letter brief given the severity of the current discovery dispute ad how such a ruling with impact this pending action as it relates to claims alleged by Plaintiff Johnson in this pending action.

**A.     INTRODUCTION**

On May 14, 2008, Plaintiff Johnson served on the Chevron Defendants Plaintiff's Requests for Production of Documents, Set One. On June 16, 2008, Counsel for Chevron and the Chevron Defendants provided written responses and documents to Plaintiff Johnson's Request for Production of Documents, Set One. Plaintiff Johnson's Request for Production of

Documents, Set One seeks amongst other things the personnel files of the previously dismissed defendants as well as other employees of the Chevron Defendants. The personnel files that Plaintiff Johnson seeks pertains to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, employee complaints, and other records which bear on certain claims alleged by Plaintiff Johnson in the original Complaint and in the proposed Amended Complaint. These personnel files also go to the character of each of the previously dismissed employee's and the other employee's credibility. Likewise, the requested discovery will show that the named defendants and the previously named defendants have a pattern and practice of discriminating against Plaintiff Johnson and other minorities on the basis of their race, subjecting them to a hostile work environment and taking adverse employment actions against minorities who have complained about what they reasonable believe to be discriminatory and retaliatory employment practices in the Chevron Defendants work environment.

      Counsel for Chevron and the Chevron Defendants have refused to turn over the requested personnel files based on irrelevancy, the defendants' right to privacy and such personnel files are deemed confidential. Counsel for Chevron and the Chevron Defendants have also refused to produce other requested discovery that will be addressed in a full brief should Magistrate Spero direct the parties to do such. Plaintiff Johnson in turn raised objections to Counsel for Chevron and the Chevron Defendants withholding relevant discovery that would lead to admissible evidence in this pending action. In order to resolve the current discovery dispute, Counsel for Chevron and Plaintiff Johnson conducted a telephonic meet and confer on Thursday, June 26, 2008, pursuant to Rule 37. The meet and confer was unsuccessful in resolving the current discovery dispute between the parties. Due to such, Plaintiff Johnson files this seven (7) page letter brief with the Court in order for Magistrate Spero to resolve the current discovery dispute that has arisen between the parties.

**B.     CONFIDENTIALITY AND PRIVACY RULE TO WITHHOLD DEFENDANTS PERSONNEL FILES MAY NEVERTHELESS BE INVADED FOR LITIGATION PURPOSES**

Plaintiff Johnson contends that the confidentiality and privacy rule can be invaded for litigation purposes. The Court, in *Cook vs. Yellow Freight Systems, Inc.*, 132 F.R.D 548, 551 (E.D. Cal. 1990) commented on the appropriateness of balancing the right to privacy with litigation goals:

> "While this [C]ourt is of the view that such a balancing is appropriate, this [C]ourt is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependent on accuracy and truth. Nonetheless, the initiation of a lawsuit, does not, by itself, grant plaintiff's the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck".

Plaintiff Johnson contends that the Court also noted that even when a balance is struck, the "scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit". *Cook vs. Yellow Freight System, Inc.*, 132 F.R.D. at 552, citing with approval *Moskowitz vs. Superior Court*, 137 Cal. App. 3d 313, 316, 187 Cal. Rptr. 4 (1982). Plaintiff Johnson asserts that the importance of the information to plaintiff's claims outweighs any privacy interest defendants may have. Plaintiff Johnson also draws to this Court's attention that the parties executed a Stipulated Protective Order in which the Honorable Susan Illston conformed on June 2, 2008. *See* Court Docket #58. Given such, if upon the examination of the personnel files, information of a sensitive or personal nature is discovered, the parties can easily utilize the Stipulated Protective Order and label those documents under "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONDIDENTIAL – ATTORNEYS EYES ONLY".

Federal Rules of Civil Procedure 26 provides for discovery in civil actions, as follows:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

F.R.Civ.Proc. 26 further permits discovery of information, which "may simply relate to credibility of witness or other evidence in case". *Oakes v Halvorsen Marine Ltd.*, (1998, CD Cal) 179 FRD 281. Plaintiff Johnson contends that the requested discovery has bearing on this pending action, as it will go to calculating damages against the Chevron Defendants for their alleged conduct in the original Complaint and in the proposed Amended Complaint.

Generally speaking, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one court:

> "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

*Jones vs. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993). For these reasons, the Magistrate Spero should grant the relief that Plaintiff Johnson seeks in this letter brief. Counsel for Chevron and the Chevron Defendants main premise is that the defendants' personnel files are confidential and are subject to a privacy rule. Stating that disclosure of the personnel files would violate the employee's privacy rights. In addition, Counsel for Chevron and the Chevron Defendants claim that Plaintiff Johnson's request for the employee's personnel files are irrelevant, would hinder and/or

discourage employees from utilizing the Chevron Defendants Ombuds and Employee Assistance Programs, etc. for fear that their privacy rights would be invaded. Plaintiff Johnson contends otherwise. Stating that while the Federal Rules of Civil Procedure do permit parties to be excused from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or expense", there is no generic "privacy" privilege. Fed.R.Civ.Proc. 26(c).

Moreover, in a Title VII action, the federal common law of privilege controls. *Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 (9th Circ. 1987) Court in the Ninth Circuit have held that personnel files are discoverable, despite the claims of privilege. *See Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Circuit 1975) (denying writ of mandamus to vacate district court order granting discovery or personnel files), *affirmed* 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes"); *E.E.O.C. v. County of San Benito*, 818 F. Supp. 289, 291 (N.D. Cal 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges). Given the aforementioned, Counsel for Chevron and the Chevron Defendants contention that the defendants' right to confidentiality and a privacy rule are without merit and should not circumvent Plaintiff Johnson from obtaining relevant discovery that will lead to admissible evidence in this pending action.

C. **COUNSEL FOR CHERVRON AND THE CHEVRON DEFENDANTS HAVE THE BURDEN TO SHOW WHY THEY ARE ENTITLED TO WITHHOLD RELEVANT DISCOVERY THAT WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING ACTION**

Plaintiff Johnson contends that, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supports its objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281 , 283. *See also Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990). Plaintiff Johnson

contends that the Counsel for Chevron and the Chevron Defendants can not meet such a burden and should be ordered to produce all withheld discovery within ten (10) days from date of issuance of an order by Magistrate Spero.

**D.   SANCTIONS ARE PROPER AND SHOULD BE IMPOSED AGAINST COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS FOR WITHHOLDING RELEVANT DISCOVERY IN THIS PENDING ACTION**

Plaintiff Johnson respectfully requests that Magistrate Spero assess sanctions against Counsel for Chevron and the Chevron Defendants for their conduct during the June 26, 2008, telephonic meet and confer, after such a telephonic meet and confer took place and for Counsel for Chevron and the Chevron Defendants withholding relevant discovery that will lead to admissible evidence in this pending action.   Plaintiff Johnson also would like to point out to Magistrate Spero that during the Thursday, June 26, 2008, telephonic meet and confer and even after such took place, Counsel for Chevron requested and even at times demanded that Plaintiff Johnson provide his legal authorities in support of his contentions that the withheld discovery be produce, while at the same time refusing to provide Plaintiff Johnson with theirs.  Plaintiff Johnson informed Counsel for Chevron that such was improper and should be reserved for a letter brief to Magistrate Spero.  Counsel for Chevron disagreed with Plaintiff Johnson's assessment and even went as far as to state to Plaintiff Johnson that she would seek sanctions against Plaintiff Johnson for not providing such.

**E.   CONCLUSION**

For the reasons as stated herein, Plaintiff Johnson respectfully requests that after Magistrate Spero has conducted such deliberations on this discovery dispute as outlined in this letter brief and any reply letter brief that he directs the parties to submit a full brief with legal authorities in support of each parties relevant position as to why the discovery should be produced or withheld (not produced at all by Counsel for Chevron and the Chevron Defendants), conducted so that the Court is able to determine which party's position has merit, whether Counsel for Chevron will need to amend/supplement its written responses further, provide the

requested discovery and whether sanctions should be imposed against the Counsel for Chevron and the Chevron Defendants.  Plaintiff Johnson also requests for no oral arguments on the relief that he seeks in the filing of this letter brief and a request for full briefing on this subject matter.  Plaintiff Johnson contends that such a full briefing with legal authorities would allow Magistrate Spero to further interpret the law as it has been applied in this Court and in the Ninth Circuit wherein a defendants' right to confidentiality and the privacy rule is and can be invaded for litigation purposes.  However, if Magistrate Spero feels that he has enough information to make a formal legal ruling on this discovery dispute, then Plaintiff Johnson welcomes such as well as any other relief that Magistrate Spero will afford him in the filing of this letter brief.

                Respectfully submitted by,


                /s/


                Samuel Bernard Johnson III