

**FBE&M**
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

July 15, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
      Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

This office represents Chevron Corporation and Chevron Environmental Management Company (collectively "Chevron") in the above-entitled matter. We are in receipt of Plaintiff's letter dated July 10, 2008 (filed July 9, 2008).

At the outset, it should be noted that, although Plaintiff was employed by Chevron for a little less than one year, Chevron has produced 14,460 documents to Plaintiff in this litigation. In contrast, Plaintiff has **not produced a single page** or record to Chevron, although Initial Disclosures were exchanged between the parties approximately two months ago. In addition, Chevron provided responses and documents to Plaintiff's seventy (70) separate Requests for Production, although Plaintiff was well aware (because Chevron advised Plaintiff and the Court) that both counsel for Chevron were involved in a month-long trial during the period of time that Chevron's responses were due. This, notwithstanding that in a May 20, 2008, letter to the Court (Document 47) Plaintiff refused Chevron the courtesy of granting it any extension of time to respond to the discovery.

Chevron asserts that, at this time, a brief in response to Plaintiff's July 9, 2008, letter is premature and not appropriate. Plaintiff's letter is hasty and improper given that there has not been compliance with Your Honor's Civil Standing Order on Discovery Disputes, of which Plaintiff is aware because he has cited to that Order in his correspondence to Chevron. First, there has been no in-person meet and confer. Indeed, as to Plaintiff's statement that Chevron has "also refused to produce other requested discovery that will be addressed in a full brief," Chevron has previously advised Plaintiff that prior to seeking Court intervention, the parties are

LAKE MERRITT PLAZA  ♦  1999 HARRISON STREET  ♦  SUITE 1800
PO BOX 70850  ♦  OAKLAND, CA 94612-0850  ♦  510.444.3131  FAX: 510.839.7940

ONE CALIFORNIA PLAZA  ♦  300 SO. GRAND AVENUE  ♦  SUITE 1400
LOS ANGELES, CA 90071-3124  ♦  213.687.2666  FAX: 213.687.2660

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

required to address *each* discovery request at issue and *each* objection asserted thereto—this is what a true "meet and confer" entails. In response, Plaintiff asserted that Your Honor's rules do not require such a meet and confer. As a result, in my July 2, 2008 letter to Plaintiff, I stated:

> As I have previously and repeatedly advised in response to your unwarranted threat to file letters and motions with the Court, you are incorrect that you are not required to meet and confer with this office prior to filing papers with Judge Spero. Your contention that Judge Spero's standing order 'does not state that the parties have to meet and confer pertaining to a discovery dispute' is of no consequence and, quite frankly, is meaningless. I suspect that such a statement is not included in the standing order because the meet and confer requirement is already expressly mandated by the Federal Rules of Civil Procedure and all practitioners are aware of that requirement. Thus, it is not necessary for the Court to reiterate, in a standing order, something that is already required as a matter of law, procedure and common practice. Please be advised that should you file letters/motions with the court without first meeting and conferring with us "in good faith" as required by the Federal Rules, we will seek sanctions against you.

Other than Chevron's privacy objections—about which Plaintiff has met and conferred regarding only an inapplicable "waiver" argument—Chevron's other objections have never been discussed, vis a vis each of the document Requests Plaintiff purports are at issue, which Requests were not identified by him in his letter to this Court.

Third, the parties have not provided a "Joint Letter to the Court…includ[ing] a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position…" as required by this Court's Standing Order.

In fact, Plaintiff's letter does not apprise of the precise document Requests at issue (of the seventy propounded), the Requests' language, or each of Chevron's precise objections thereto. There were approximately seventy (70) Requests that were served, to which Chevron responded and objected on more than one basis. Other than generally referring to "personnel records" (which could conceivably encompass a number of the Requests, to a certain degree) Plaintiff's letter does not identify any specific Request, does not address each of the objections, and thus, Chevron is unclear as to which of the Requests are at issue and what it must respond to.

Therefore, Plaintiff's letter is ambiguous, premature and improper.

Re: *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

FBE&M

If the Court deems Plaintiff's letter to be sufficient to create a dispute requiring a full or more detailed legal briefing and response from Chevron, Chevron is prepared to fully oppose Plaintiff's contentions and arguments—through factual details and decisional authorities—as to why its objections are proper. Generally, and without the benefit of a reference to a particular Request (which would enable a more particularized explanation from Chevron), Chevron's objections were appropriate for reasons including 1) the employees' (nonparties) rights and expectations to privacy, 2) the inapplicability of the only argument raised by Plaintiff during discussions—"waiver"—regarding the discoverability of such documents; 3) the lack of any articulated interest overriding the employees' privacy expectations, 4) the ineffectiveness of a Protective Order pertaining to the disclosure of such documents when the Plaintiff is a pro per and has no ethical or professional duty to comply with any Protective Order and 5) Plaintiff's failure to first attempt to discover, as a threshold matter through interrogatories, whether there is any basis for believing that these employees ever complained of alleged discrimination or were themselves accused of any alleged wrongdoing or unlawful conduct towards others.

Rather, Plaintiff seeks the unfettered right to probe through these employee's personnel files produced to him as part of a fishing expedition. In addition, while Plaintiff makes reference to "pattern and practice," Plaintiff ignores that this is a single Plaintiff, non-representative, non-class action, and that Plaintiff is required to prove his own claims with evidence of intentional discrimination against him personally, and not with speculative conjecture that others were also supposedly discriminated against on some unknown basis, at some unknown time, by some unidentified individual(s) who may not have any involvement with Plaintiff or Plaintiff's claims.

Accordingly, if the Court believes Plaintiff's letter is compliant and appropriate at this time, I respectfully request that the Court so advise so that Chevron can then undertake to fully brief the Court, with factual details and legal precedent (whether through a letter brief or in opposition to any motion to compel) on the propriety of Chevron's objections, the inapplicability and misapplication of Plaintiff's contentions and authorities cited in his July 10, 2008, letter, and how Chevron has complied with Federal Rules of Procedure, rules 26 and 34.

Respectfully submitted,

Delia A. Isvoranu