**SAMUEL BERNARD JOHNSON III**

**4420 Abruzzi Circle**
**Stockton, California 95206**
**(209) 982-5904 – Home**

---

July 15, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") is compelled to file a reply letter brief to Delia A. Isvoranu of Filice Brown Eassa & McLeod LPP, (hereinafter referred to as "Counsel for Chevron") July 15, 2008, letter brief. Counsel for Chevron's contention Plaintiff Johnson's July 10, 2008, letter brief is premature and not appropriate is just out right incorrect. The parties have been unable to resolve a pending discovery dispute for well over two weeks. Plaintiff Johnson on several occasions advised Counsel for Chevron that the pending discovery dispute needed to be referred to you as the parties had reach an impasse in order to resolve such.

On July 3, 2008, Plaintiff Johnson conveyed the following to Counsel for Chevron:

> "Delia, I have [] reviewed your letter and will respond to it. Basically, I'm filing my letter with the Judge Spero to inform him that the parties have had a meet and confer on June 2[6], 2008. You stated you would provide to me your authorities in your letter and refuse to do such. Yet, you continue to ask me to provide you with [my legal] authorities. Judge Spero will not return to the Court until July 16, 2008…. Likewise, I'm unable to notice any depositions of the employees until such time that the discovery dispute has been resolved. This will impact the trial date. Take care. Samuel."

On July 5, 2008, Plaintiff Johnson conveyed the following to Counsel for Chevron:

> "Delia, [a]gain, this is a matter for Judge Spero to address. We are not in agreement on this matter. To waste time on fighting a discovery dispute with you that will lead no[] where is not beneficial to the parties as well as the discovery process. I will send my three page letter to Judge Spero upon his return on July 16, 2008, and request for a ruling on the matter. This should resolve this issue once and for all. Thanks and take care for now. Samuel."

A.     **Following Judge Spero's Discovery Dispute Over**

Counsel for Chevron states that Plaintiff Johnson has not adhered to your Standing Order regarding discovery disputes wherein the parties are required to conduct an in person meet and confer and file a Joint Letter to the Court.  Plaintiff Johnson contends otherwise as it was you your honor that directed the parties to submit a letter brief in the event that the parties were unable to resolve a discovery dispute themselves and then you would in turn direct the parties on how to proceed.  Plaintiff Johnson contends that he has done such as well as conducted a telephonic meet and confer on June 26, 2008, pursuant to Rule 37 prior to filing a letter brief with this Court.  Therefore, Counsel for Chevron's contention that Plaintiff Johnson is abusing his right to file motions or letter briefs with the Court is unfound, without merit and should fall on death ears to this Court.

B.     **Counsel for Chevron's Contention That Plaintiff Johnson Seeks Unfettered Rights To Probe Through Employees Personnel Files Is Without Merit and Unfounded**

Pursuant to Rule 26, Plaintiff Johnson has every right to seek discovery that will lead to admissible evidence in this action.  What Counsel for Chevron fails to mention is that the employees that Plaintiff Johnson seeks discovery (personnel files) were once named as defendants in this action.  In order to streamline this action for settlement, Plaintiff Johnson agreed to a voluntary dismissal with the option to amend the original Complaint within sixty (60) days from the filing of an April 1, 2008, stipulation.  When Counsel for Chevron breached that agreement amongst other things, Plaintiff Johnson sought guidance from the Honorable Susan Illston who in turn instructed Plaintiff Johnson to file a motion to amend the original Complaint.  There is a hearing set for August 22, 2008, to address that matter.  Plaintiff Johnson clearly states to this Court that he is not on a fishing expedition as eluded to by Counsel for Chevron.  Plaintiff Johnson is conducting discovery on allegations that he raised in the original Complaint and a proposed amended Complaint that was filed with this Court in June of 2008.  The discovery that Plaintiff Johnson seeks clearly goes to the heart of those allegations and the damages that Plaintiff Johnson requests in order to resolve this action.  Given Counsel for Chevron's contention as stated herein is without merit, unfounded and should fall on death ears to this Court.

C.     **Counsel for Chevron's Contention That This Action Is Not A Class Action**

Plaintiff Johnson contends that the discovery that he seeks has nothing whatsoever to do with a class action.   Upon filing this action Plaintiff Johnson sought to bring to this Court's attention that other employees have complained to the defendants about being subjected to what they reasonable believe to be discriminatory employment practices and they too where subjected to retaliation as was Plaintiff Johnson.  These same employees participated in Plaintiff Johnson's Employer Equal Employment Opportunity Investigation and were subjected to retaliation, as was Plaintiff Johnson for participating in a protective act.  Such constitutes discrimination and retaliation by the defendants for due to an individual participating in a protective activity.

On the subject matter of the discovery that Plaintiff Johnson seeks, such is to prove the allegations that he asserted as well as to support the damages that he seeks.  The basis of Plaintiff Johnson's allegations is that others complained to him about discriminatory and retaliatory employment practices, Plaintiff Johnson in turn complained to the defendants about what he reasonably believed to be discriminatory and retaliatory employment practices and by doing such, Plaintiff Johnson was in turn subjected to discriminatory and retaliatory employment practices which culminated in Plaintiff Johnson being wrongfully terminated on August 7, 2006.

No to mention the fact that Plaintiff Johnson was already being subjected to discrimination before the employees complained to him. Given such, the discovery that Plaintiff Johnson seeks will clearly lead to admissible evidence and there is no fishing expedition as stated by Counsel for Chevron. Furthermore, Plaintiff Johnson is entitled to seek discovery that will lead to admissible evidence in this action in order to prove the allegations that he raised in the original Complaint and in the amended Complaint that is before this Court for a hearing on August 22, 2008.

**D.    Counsel for Chevron's Contention That A Protective Order Does Not Apply To Plaintiff Johnson As He Is Not An Attorney**

Counsel for Chevron belittles the Honorable Susan Illston and this Court's practices of allowing individuals to represent themselves before this Court even if they are *In Pro Se* or not an attorney. The Court clearly advises *In Pro Se* or individuals who are not an attorney to familiarize themselves with this Court's procedures and rules. Given Counsel for Chevron's alarms and whistles that Plaintiff Johnson cannot be bound by a Stipulated Protective Order because he appears *In Pro Se* or is not an attorney is without merit and unfounded. To properly deal with this matter, Counsel for Chevron should have raised this very issue during the May 2008, CMC, but failed to due such until the parties are engrossed in the exchanging of confidential materials that this Court has already placed under seal. Counsel for Chevron could have also sought to have the Stipulated Protective Order modified, but failed to do such even after Plaintiff Johnson requested that Counsel for Chevron address this matter with the Honorable Susan Illston. Yet Counsel for Chevron still has not done such.

**E.    Counsel For Chevron's Contention That Plaintiff Johnson Has Not Met and Conferred Regarding Only An Inapplicable Waiver Argument**

Plaintiff Johnson contends that he never raised a **"waiver"** argument with Counsel for Chevron. It was Counsel for Chevron who raised such. Plaintiff Johnson repeatedly informed Counsel for Chevron that there objections based on a confidentiality and privacy rule to withhold discovery that would lead to admissible evidence could be evaded for the purposes of litigation. Counsel for Chevron believes that it is the only one entitled to the right to seek discovery of Plaintiff Johnson's past employers, which calls for the production of personnel files, but Plaintiff Johnson is not entitled to the same thing pertaining to employees that work for the defendants that either are decision makers pertaining to Plaintiff Johnson's performance reviews, where decision makers during the Employer EEO Investigation or where decision makers that lead up to Plaintiff Johnson being wrongfully terminated on August 7, 2006. Plaintiff Johnson contends otherwise and asserts that he should be entitled to such discovery on these employees in order to prove the allegations that he has made in the original Complaint and in the proposed amended Complaint that has a hearing set for August 22, 2008.

**F.    CONCLUSION**

For the reasons stated herein, Plaintiff Johnson respectfully requests that a full briefing be conducted on this current discovery dispute that is before the Court as such will provide this Court and Judge Spero with further insight in how the law has been applied in the Ninth Circuit and this Court by the Honorable James Larson and other distinguished Judges.

                              Respectfully submitted by,
                                      /s/
                            Samuel Bernard Johnson III