

FBE&M
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

July 16, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

Re: *Samuel B. Johnson III v. Chevron Corporation, et al.*
Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

We are in receipt of Plaintiff Samuel Johnson's July 15, 2008, reply letter to the Court. We are hesitant to burden this Court with further correspondence of this nature as we are reaching a point where it is becoming nonproductive and a burden on the Court. Thus, Chevron will not continue to respond to Plaintiff's unfounded accusations regarding this subject matter unless this Court is inclined to order production of the protected records or determines that a more detailed response or opposition from Chevron is necessary.

Briefly, there is one issue which Chevron feels compelled to immediately address given Plaintiff's misleading adamancy: Plaintiff's false statement that "Plaintiff Johnson contends that he never raised a 'waiver' argument with Counsel for Chevron." In fact, in the more than 400 emails and written correspondence sent to me by Plaintiff in the past few months, he specifically argued that Chevron's privacy objections to the personnel records of employees are "waived" in litigation:

> Chevron and the Chevron Defendants have also raised a baseless objection to withhold relevant discovery that will lead to admissible evidence on the grounds of a confidentiality and/or privacy rule. As referenced in numerous legal authorities, **the confidentiality and privacy rule is waived in matters involving litigation**.... If there are other employees listed on the selection record, defendants should produce that without redacting certain information as well as the confidential and **privacy rule is waived in litigation**. (*PP. 1 & 5 of Plaintiff's June 30, 2008, letter to Chevron; emphasis added.*)

LAKE MERRITT PLAZA ♦ 1999 HARRISON STREET ♦ SUITE 1800
PO BOX 70850 ♦ OAKLAND, CA 94612-0850 ♦ 510.444.3131 FAX: 510.839.7940

ONE CALIFORNIA PLAZA ♦ 300 SO. GRAND AVENUE ♦ SUITE 1400
LOS ANGELES, CA 90071-3124 ♦ 213.687.2666 FAX: 213.687.2660

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

In response, on July 2, 2008, I explained to Plaintiff why his "waiver" argument was without merit:

> While you are correct that, in litigation, confidentiality/privacy regarding certain documents and information is "waived," **you have misapplied and misunderstood that rule**, which applies to a plaintiff, such as you, not a defendant, such as Chevron. The reason for this—as I have previously attempted to explain to you—is that by voluntarily instituting the action and making the claims you have asserted, you have knowingly chosen to "waive" your privacy rights regarding relevant information and documents. You cannot make allegations and then refuse to produce documents/information pertinent to those allegations on the grounds that they are "private" or "confidential."
>
> By contrast, a defendant, such as Chevron, does not voluntarily initiate the litigation, but rather, is forced to defend itself. **As such, a defendant does not voluntarily "waive" privacy rights as it does not engage in the litigation by election, but rather, by compulsion.** Thus, Chevron's and its employees' rights to privacy and confidentiality of certain information remain intact. **Not surprisingly, you have provided no authorities indicating that a defendant, forced to defend itself in court, "waives" its privacy rights….** It is difficult to understand how you can acknowledge, in the one instance, that we have expressly objected to your discovery on privacy and confidentiality grounds but, at the same time, assert that Chevron has automatically "waived" such protections in "matters involving litigation." Indeed, the whole purpose of an objection is to preserve those rights, not to relinquish them.

As noted in Chevron's letter of July 15, 2008, we are prepared to fully brief this Court (whether through a letter or in opposition to any motion to compel) on the factual details and legal precedent supporting Chevron's objections, as well as the inapplicability and misapplication of Plaintiff's contentions and authorities cited in his July 10, 2008, letter. If the Court believes Plaintiff's letter is compliant, appropriate at this time and identifies the specific document requests at issue, I respectfully request that the Court so advise and direct the parties as to how the Court wishes the parties to proceed with briefing on this issue so that this matter may be fully and accurately considered by the Court.

Respectfully submitted,

Delia A. Isvoranu