**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

___

July 23, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**  *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files a letter brief to resolve yet again another discovery dispute between Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LPP, (hereinafter referred to as "Counsel for Chevron") and Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants"). On June 26, 2008, Plaintiff Johnson and Counsel for Chevron conducted a telephonic meet and confer wherein Plaintiff Johnson informed Counsel for Chevron that he would be serving several subpoenas. One of which was to Susan J. Solger's previous employer, Pacific Gas & Electric Corporation, (hereinafter referred to as "PG&E"). After doing such, Counsel for Chevron informed Plaintiff Johnson that he must serve notice of all subpoenas on her law firm, even ones dealing with third parties before having them served. Yet again, in an attempt to cooperate, Plaintiff Johnson agreed with Counsel for Chevron. The parties further discussed how such notice would occur. Plaintiff Johnson informed Counsel for Chevron that in order to reduce cost of having to have the notice portion of the subpoenas served on her law firm, that he be allowed to either send the notice via facsimile or U.S. Mail. Counsel for Chevron agreed to notice via facsimile.

On July 9, 2008, Plaintiff Johnson sent via facsimile six (6) subpoenas to Counsel for Chevron. One of which, was to PG&E.[1] After doing such, Counsel for Chevron contacted Plaintiff Johnson and informed him that she was not going to accept notice by facsimile and that Plaintiff Johnson had to provide notice via a process server. Plaintiff Johnson informed Counsel for Chevron that she had previously agreed that he could provide notice via facsimile. Counsel for Chevron requested Plaintiff Johnson to look through emails and she would do the same in order to confirm such an agreement. Counsel for Chevron stated that she could not find one email wherein the parties agreed that Plaintiff Johnson could provide notice via facsimile. Plaintiff Johnson referred Counsel for Chevron to a July 4 2008, email where in stated the following, "Delia, [t] his is to advise you that I'll be sending a subpoena to EDD and EEOC on next week. I'll provide you with a copy via facsimile of the subpoena as it will pertain to some of the employees as well as myself. Thanks and take care for now. Samuel."

In an attempt to further support Counsel for Chevron's position on this matter, Counsel for Chevron laid forth the format for future notice of subpoenas on her law firm. Plaintiff Johnson informed Counsel for Chevron that he was fine with that, but notice pertaining to the subpoena for PG&E and the other five (5) entities was conducted properly.

___

[1] It should also be noted that First Reprographics provided notice on Counsel for Chevron on July 14, 2008, via U.S. Mail. Such was done prior to Pacific Gas & Electronic Corporation being served.

I.    ARGUMENT

A.    The Requested Discovery From The Subpoena To PG&E Is Relevant To This Action

  Plaintiff Johnson respectfully draws this Court's attention to the legal standard in which a party may obtain discovery, which states the following "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed R. Civ. P. 26 (b)(1). The matter is relevant when it seeks admissible evidence or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ. P. 26(b)(1) . This same relevancy standard applies to third-party subpoenas. *See Truswal Sys Corp. v. Hydro Air Eng'g Inc.,* 813 F.2d 1207, 1209-12 (Fed. Cir. 1987). *See also Joel Benin, v. The Center for the Study of Popular Culture*, 2007 U.S. Dist. LEXIS 22518 at *4-5.

  Likewise, in *Humphreys v. Regents of the Univ. of California*, the Honorable Susan Illston granted a plaintiff's request to compel discovery of a third party. The analysis of such a decision was derived by conducting a legal review of the following, "Federal Rule of Civil Procedure 26, however, allows a court to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit."" Fed. R. Civ. P. 26(b)(2). "Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). *See also* Humphreys v. Regents of the Univ. of Cal., 2006 U.S. Dist. LEXIS 17126 at *4-5. As was the case with *Humphreys v. Regents of the Univ. of California*, Counsel for Chevron seeks to quash Plaintiff Johnson's subpoena on the grounds that it is an invasion of Susan J. Solger's privacy and that Ms. Solger is a non-party (third party). For this argument, Plaintiff Johnson considers Susan J. Solger as a third party until such time that the Court approves Plaintiff Johnson's Motion to Amend the original Complaint.

B.    **There Is No Failure Of Plaintiff Johnson And First Reprographics To Properly Serve Chevron With Notice Of The Subpoena Prior To Its Issuance By First Reprographics To "PG&E"**

  Counsel for Chevron is clearly aware that Plaintiff Johnson provided notice via facsimile pursuant to the June 26, 2008, telephonic conference call. Counsel for Chevron is also aware that First Reprographics provided her with notice via U.S. Mail on July 14, 2008, and then served the subpoena in question on or after July 15, 2008. Given such, Counsel for Chevron and the Chevron Defendants cannot lay claim to Plaintiff Johnson and First Reprographics not properly providing notice to them. Given such, the Court should compel Counsel for Chevron, the Chevron Defendants and PG&E to comply with the subpoena.

C.    **Failure Of Plaintiff Johnson And First Reprographics To Provide Timely Notice To Chevron Of The Issuance Of The Subpoenas Prior To Its Issuance**

  As what is referenced in Sections A and B of this letter brief, Counsel for Chevron and the Chevron Defendants have provided false and misleading information to the Court. Notice was provided prior to the issuance of the subpoenas on PG&E. For Counsel for Chevron to object to the issuance of the subpoena to PG&E baffles even Plaintiff Johnson. However, Plaintiff Johnson would like to draw this Court's attention to the fact that Counsel for Chevron wanted him to withdraw his subpoena to allow her time to ascertain what was in PG&E's personnel files as it pertained to Susan J. Solger. Based off Counsel for Chevron's service of objection to the PG&E subpoena she has already obtained the contents of what is in Susan J. Solger's personnel file and therefore moves to quash the PG&E subpoena in hopes that Plaintiff Johnson will not ascertain the contents as well. Such makes this discovery relevant to the claims and allegations in this action as well as go t the damages calculations. Given such, the Court should compel Counsel for Chevron, Chevron Defendants and PG&E to comply with the subpoena.

D.     **Invasion Of Susan J. Solger's, A Non-Party's, Privacy Expectations And Rights In Her Personnel File**

Plaintiff Johnson states that the benefits in obtaining this discovery are to show that Ms. Solger has a pattern and a practice of subjecting minorities to discriminatory and retaliatory employments practices. Such discovery clearly bares relevance on the claims and allegations in this action, which are contrary to any argument that Counsel for Chevron and the Chevron Defendants may lay claim to. Plaintiff Johnson's argument is further supported by the fact that Ms. Solger was Plaintiff Johnson's supervisor and decision maker who ultimately made the decision to wrongfully terminate Plaintiff Johnson's employment for alleged insubordination and not following the Chevron Defendants processes and procedures. Likewise, Fed. R. Civ. P. 26 allows the court to limit discovery where privacy rights are involved, unless the discovery is highly relevant. Plaintiff Johnson contends that the subpoenaed information that he seeks from PG&E is highly relevant to the claims and allegations in this action. Through discovery that was produced in this action, Plaintiff Johnson has ascertained that Ms. Solger had similar discriminatory and retaliatory employment practices, issues and concerns in another company/opco of the Chevron Defendants then where Plaintiff Johnson and Ms. Solger worked. As with the requested personnel file of Ms. Solger that the Chevron Defendants have in their possession, Plaintiff Johnson asserts that the employment personnel file of Ms. Solger's from PG&E will lead to admissible evidence pertaining to the allegations and claims in this action.

E.     **There Is A Compelling Need For Information Sufficient To Override Susan J. Solger's Privacy Expectations And Rights In The Confidentiality Of Her PG&E Personnel File**

As stated in Section A through D, Fed. R. Civ. P. 26 allows the court to limit discovery where privacy rights are involved, unless the discovery is highly relevant. Plaintiff Johnson contends that Susan J. Solger has a pattern and practice of subjecting minorities to discriminatory and retaliatory employment practices as what she has done while working for the Chevron Defendants for over six years. Such discovery is clearly relevant to the claims in this action as well as to the damages calculations. Likewise, the discovery from PG&E is clearly highly relevant and the Court should compel Counsel for Chevron, the Chevron Defendants and PG&E to comply with the subpoena.

F.     **There Is No Overbreath To Plaintiff Johnson Seeking The Susan J. Solger's Entire PG&E Personnel File**

It is Plaintiff Johnson's understanding that Ms. Solger was employed for PG&E for quite sometime and all if not majority of the information contained within her PG&E personnel file bares relevance on this action. Likewise, there is a protective order in this action that was submitted to the Court and conformed by the Honorable Susan Illston. If any confidential or sensitive information is contained within Ms. Solger's personnel file, which Plaintiff Johnson will already submit to this Court it does, then those portions can be labeled under the provisions of the protected order as "Confidential" or "Highly Confidential".

G.     **CONCLUSION**

For the reasons stated herein, Plaintiff Johnson respectfully requests that Magistrate Spero order that Counsel for Chevron, the Chevron Defendants and PG&E be compelled to comply with the subpoena. Plaintiff Johnson also seeks sanctions against Counsel for Chevron and the Chevron Defendants for bring a frivolous objection when Counsel for Chevron clearly knew notice was proper

                        Respectfully submitted by,
                                /s/
                        Samuel Bernard Johnson III