SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>                        Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,<br><br>                        Defendants | Case No.:   C 07-05756 SI (JCS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED)PRETRIAL SCHEDULING ORDER**<br><br>**DATE:** Friday, August 22, 2008<br><br>**TIME:** 9:00 a.m.<br><br>**COURTROOM:** 10, 19th Floor<br><br>**JUDGE:** Honorable Susan Illston |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ii

I.      INTRODUCTION ............................................................................................1
II.     SUMMARY OF ACTS ....................................................................................1
III.    STATEMENT OF FACTS ...............................................................................2
IV.     ARGUMENT ....................................................................................................4

        A.  Plaintiff Johnson Contends That Good Cause Exists To Modify The Court's May
            22, 2008, (Corrected) Pretrial Scheduling Order In This Action ............................4

        B.  Discovery That Has Been Propounded And Responded To By Both Parties In
            This Action ...............................................................................................9

        C.  Plaintiff Johnson And Counsel For Chevron Have Sought Discovery From Third
            Parties In Order To Prove Or Disprove Each Parties Allegations, Claims Or
            Defenses In This Action .........................................................................16

        D.  Plaintiff Johnson Contends That This Action Has Importance To This Court As
            Plaintiff Johnson Believes That His Case Is The Court's First Action Dealing
            With The Recent United States Supreme Court Decision Pertaining To CBOSC
            West, Inc. V. Humphries, 128 S. Ct. 1951 (U.S.C.. 2008) ...........................19

        E.  Plaintiff Johnson Has Sought Leave To File A First Amended Complaint In This
            Action ......................................................................................................22

V.      CONCLUSION ..............................................................................................23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING
ORDER, CASE NO. C 07-05756 SI (JCS)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Amcast Indus. Corp. v. Dextex Corp.*,
132 F.R.D. 213 (N.D. Ind. 1990) ...................................................................5

*Biggs, et al. v. Pete Wilson, et al.*,
1993 U.S. App. Lexis 2007 (9th Cir. 1193) ...............................................4, 5, 6

*CBOSC West, Inc. v. Humphries*,
128 S. Ct. 1951 (U.S.C. 2008) ..............................................................18, 19

*Faerfers v. Cavier Creator, Inc.*,
2005 U.S. Dist. Lexis 25684(E.D. Cal. 2005) ...............................................5

*Foman v. Davis, Executrix*,
371 U.S. 178, 182 (1962) ....................................................................22

*Gestetner Corp. v. Case Equipment Co.*,
108 F.R.D. 138 (D. ME 1985) ................................................................6

*Harrison Beverage co., v. Dribeck Importers, Inc.*,
133 F.R.D. 463 (D.N.J 1990) .................................................................5

*Johnson v. Mammoth Recreations, Inc.*,
975 F2d 604 (9th Cir. 1992) ...........................................................4, 5, 6

*Miller v. Safeco Title, Inc. Co.*,
758 F.2d 364 (9th Cir. 1985) .............................................................4

**FEDERAL STATUES**

Federal Rules of Civil Procedure 16(b) ................................................1, 4, 5

Federal Rules of Civil Procedure 16(e) ......................................................5

Federal Rules of Civil Procedure 26(f) ......................................................2

Federal Rules of Civil Procedure 34 .........................................................7

**CIVIL LOCAL & OTHER RULES**

Alternative Dispute Resolution Local Rules 3-5 ............................................2

Civil Local Rule 6-3 .......................................................................1

Civil Local Rule 7-10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

## I. INTRODUCTION

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") moves the Court, pursuant to Federal Rules of Civil Procedure 16(b) and Civil Local Rules 6-3 and 7-10 for an order to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order in this action. This motion is based upon this pleading and other documents and pleadings on file in this action. The motion is filed because of the following: *First*, Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants") have withheld relevant discovery that will lead to admissible evidence in this action; *Second*, the withheld discovery will prove the allegations and claims that Plaintiff Johnson has asserted against the Chevron Defendants; *Third*, the withheld discovery will also support the allegations and claims that Plaintiff Johnson has asserted against all of the defendants in the proposed amended Complaint that was filed with this Court on June 14, 2008; *Fourth*, the withheld discovery goes to assisting Plaintiff Johnson in calculating the damages that he seeks from all of the defendants in this action; *Fifth*, the withheld discovery is needed in order to take depositions of various employees, some who will become defendants once the Court grants Plaintiff Johnson motion to amend the original Complaint; *Sixth*, obtaining the withheld discovery will speed up, rather then hinder possible settlement discussions between the parties in hopes that this matter maybe removed from the Court's docket; *Seventh*, the withheld discovery is needed for 36(b) depositions; and *Eighth*, the withheld discovery is needed in order for Plaintiff Johnson to properly prepare this action for trial.

For the reasons as stated above, Plaintiff Johnson respectfully requests an order to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order in this action.

## II. SUMMARY OF FACTS

Plaintiff Johnson is an African-American male who started his employment with Defendant Chevron Environmental Management Company on August 15, 2005. During Plaintiff Johnson's employment he complained that others were being subjected to discriminatory and retaliatory employment practices due to the Chevron Defendants hiring, job selection, screening,

job placement practices and based on there race, that Plaintiff Johnson himself was subjected to discriminatory and retaliatory employment practices for complaining about what he reasonably believed to be discriminatory and retaliatory employment practices in the Chevron Defendants work environment, that Plaintiff Johnson and others were retaliated against for participating in a protected activity under Title VII, the California Department of Fair Employment Housing and the Civil Rights Act of 1866, Section 1981 and that Plaintiff Johnson's employment was wrongfully terminated on August 7, 2006, due to the foregoing.

**III.     STATEMENT OF CASE**

Plaintiff Johnson commenced this action on November 14, 2007.  The action was initially assigned to Chief Magistrate James Larson.  Chief Magistrate James Larson did not have the authority to execute an order, so on December 3, 2007, he assigned this action to the Honorable William H. Alsup.  The Honorable William H. Alsup stayed this action on January 15, 2008, pending Court appointed counsel for Plaintiff Johnson through the Bar Association of San Francisco.  Likewise, the stay was lifted in or around March 24, 2008, by the Honorable William H. Alsup.  On April 16, 2008, the parties submitted a Joint Case Management Statement to the Court.  On April 24, 2008, the parties conducted a Case Management Conference before the Honorable William H. Alsup.  On April 24, 2008, the Honorable William H. Alsup recused himself from this action and referred it to the Court's Executive Committee to be reassigned.

On April 25, 2008, the Court's Executive Committee reassigned this action to the Honorable Susan Illston.  On May 9, 2008, the parties submitted a Joint Case Management Statement at the direction of the Honorable Susan Illston.  On May 14, 2008, Plaintiff Johnson propounded discovery on the Chevron Defendants as the parties had conducted a meet and confer pursuant to Federal Rules of Civil Procedure 26(f) and ADR L.R. 3-5.   On May 21, 2008, the parties conducted a Case Management Conference before the Honorable Susan Illston. Thereafter, the Court issued a May 22, 2008 (Corrected) Pretrial Scheduling Order, which set the discovery cut-off in this action for September 26, 2008 and a trial date for April 20 2009.  On May 23, 2008, the parties exchanged initial disclosures.  On June 1, 2008, the parties submitted a Stipulated Protective Order to the Court for review and approval.  On June 2, 2008, the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

Honorable Susan Illston conformed the Protective Order. *See* Decl. of Plaintiff Johnson ISO of
Plaintiff's Ex Parte Motion to Modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling
Order at ¶¶ 4-19.

As noted above, Plaintiff Johnson propounded discovery on the Chevron Defendants on
May 14, 2008, and has tried to complete discovery in this action under Counsel for Chevron's
request that this action be placed on a fastrak trial schedule. As soon as Plaintiff Johnson served
discovery in this action, Counsel for Chevron raised objections on the grounds of a
confidentiality and privacy rule. As well, Counsel for Chevron has moved to quash a subpoena
to Plaintiff Johnson's former supervisor, Susan Janet Solger's employer Pacific Gas & Electric
Corporation. Counsel for Chevron states that the subpoena is an invasion of Ms. Solger's
privacy and that Ms. Solger is a non-party to this action. The first discovery dispute was
submitted to the Magistrate Joseph C. Spero on or around June 10, 2008, and has been fully
briefed by both parties by way of letter briefs. The second discovery dispute began on or around
June 16, 2008. Since the parties could not resolve this discovery dispute, Plaintiff Johnson sent a
letter brief to Magistrate Joseph C. Spero on June 23, 2008, requesting his assistance to resolve
such. Counsel for Chevron filed its opposition to Plaintiff Johnson's June 23, 2008, letter brief
on Monday, July 28, 2008. Plaintiff Johnson plans to file a reply to the Chevron Defendants
letter brief thereafter.

As it pertains to the first discover dispute, Plaintiff Johnson has requested for full briefing
in order to provide the Court with additional legal authorities and theories as to why the withheld
discovery should be produced. Without full briefing, it is anticipated that Magistrate Joseph C.
Spero will not make a ruling until the middle or end of August 2008. If Magistrate Joseph C.
Spero approves Plaintiff Johnson's request for full briefing on the first discovery dispute, then it
is anticipated that a decision will not be made until early September of 2008. This presents a
problem for Plaintiff Johnson as will be discussed in more detail below.

. As of today, there have been no depositions scheduled or taken by Plaintiff Johnson in
this action due to the current discovery disputes. It should be noted that Counsel for Chevron is
attempting to schedule Plaintiff Johnson's deposition in late August to early September of 2008.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING
ORDER, CASE NO. C 07-05756 SI (JCS)

However, Plaintiff Johnson has just started a new job and is unable at this time to provide Counsel with Chevron with a firm date for his deposition.  Not withstanding the former, Plaintiff Johnson will not agree to have his deposition taken until such time that the pending discovery disputes before Magistrate Joseph C. Spero have been resolved so that he can properly prepare for his own deposition, depositions of various employees and 36(b) depositions.  It is prejudicial to Plaintiff Johnson to have his deposition, 36(b) and various other employee's deposition taken without the benefit of resolving and reviewing the withheld discovery that Counsel for Chevron and the Chevron Defendants have objected to.

## IV.    ARGUMENT

### A.    Plaintiff Johnson Contends That Good Cause Exists To Modify The Court's May 22. 2008, (Corrected) Pretrial Scheduling Order In This Action

Pursuant to Federal Rules of Civil Procedure 16(b), the District Court may modify the pretrial discovery order upon a showing of good cause.  *Biggs, et al. v. Pete Wilson, et al.*, 1993 U.S. App. Lexis 20777 *9-10 (9th Cir. 1993). The good cause requirement of Rule 16(b) mirrors the good cause requirement under Federal Rules of Civil Procedure 56(f) and the Court has broad discretion to modify a scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 at 607 (9th Cir. 1992) *quoting Miller v. Safeco Title Inc.*, Co, 758 F.2d 364 at 369 (9th Cir. 1985).  Plaintiff Johnson seeks relief to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order prior to the September 26, 2008, discovery cut-off and well before the Chevron Defendants file a motion for summary judgment or adjudication or the Court issues a Final Pretrial Order.   Given such, Plaintiff Johnson contends that there exists good cause and he has met the standard for seeking the relief to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order in a timely fashion.

Plaintiff Johnson seeks to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order prior to the Court issuing its Final Pretrial Order.   In *Faerfers*, the Court

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

stated the following:

> "Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e)".

*See Faerfers v. Caviar Creator, Inc.*, 2005 U.S. Dist. Lexis 25684 *3 (E.D. Cal. 2005). In exercising its discretion, the Court should consider the diligence of the party seeking relief. (*Biggs, et al.* at *9-10). While the degree of the existence of any prejudice to the opposing party of the modification might supply the court with some reason to deny a motion to modify a scheduling order, the court's focus in its inquiry is on the moving party's reasons for seeking modification. (*Id., citing Johnson*, 975 F. 2d at 609).

The requirement of reasonable diligence in pursuing discovery should be viewed within the specific content of the given case and cannot be considered a vacuum. As Black's Law Dictionary defines it, "due diligence " is "not measured by any absolute standard" but on a "reasonable [person]" standard and "under the particular circumstances" of each case. (Black's Law Dictionary, 411 (5th ed. 1979); emphasis added). Modification of the pretrial order is permissible "if the order cannot reasonably be met despite the diligence of the party seeking the extension." (*Biggs, et al.* at *9-10), *citing F.R.C.P. 16(b)*, Advisory Committee Notes, (1983 Amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213 at 217 (N.D. Ind. 1990)).

Plaintiff Johnson asserts that when a party moves to modify a pretrial order, the Court's focus is on whether that party has been diligent in adhering to the scheduling order or not; if the Court finds a lack of diligence, the motion should be denied. The principle is stated in *Johnson*:

> "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party

opposing the modification might supply additional reasons to deny a motion**,** the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."

*Johnson* at 609.  *See also Biggs, et al. v. Pete Wilson, et al.*, 1993 U.S. App. Lexis 20777 *\*9-10* (9th Cir. 1993).  *Johnson* also articulates the policy that informs the rule:

"A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp.,* 108 F.R.D. at 141. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier".

*Johnson* at 610.  Under these standards, Plaintiff Johnson's motion to modify the pretrial scheduling order and the trial date should be granted because Plaintiff Johnson has conducted discovery with diligence for the Court's current May 22, 2008, (Corrected) Pretrial Scheduling Order.  It should be further noted that the Court's current May 22, 2008, (Corrected) Pretrial Scheduling Order would prejudice Plaintiff Johnson in being able to prove the claims and allegations that he has asserted in this action as well as in properly preparing this action for trial. Given such, with the breadth of discovery that is still outstanding and with Plaintiff Johnson's Motion for Leave to File a First Amended Complaint, the Court should grant Plaintiff Johnson's request to modify the Court's May 22, 2008 (Corrected) Pretrial Scheduling Order.  Likewise, Plaintiff Johnson has sought to modify the Court's May 22, 2008, Pretrial Scheduling Order prior to the September 26, 2008, discovery cut-off and well before the Court has issued its Final Pretrial Order.

In this instant action on pages 9-14 of this motion, Plaintiff Johnson has served discovery that calls for the Chevron Defendants to provide written responses and documents.  Plaintiff Johnson has also subpoenaed personnel records from his previous supervisor Susan Janet Solger's employer Pacific Gas & Electric Corporation, and submitted Initial Disclosures and Supplemental Disclosures to Counsel for Chevron and the Chevron Defendants.  Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

Johnson plans to submit a Second Supplemental Disclosure to Counsel for Chevron and the Chevron Defendants within the next week or so. *See* Decl. of Plaintiff Johnson ISO of Plaintiff's Ex Parte Motion to Modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order at ¶ 20. Plaintiff Johnson has also responded to the Chevron Defendants Special Interrogatories, Set One and Request for Production of Documents, Set One. Likewise, the Chevron Defendants have propounded ninety-five (95) Request for Productions of Documents in the form of Set One on Plaintiff Johnson. Plaintiff Johnson did not seek an extension to the Chevron Defendants Request for Production of Documents, Set One and fully expects to comply with each request for production of documents by July 30, 2008 as per Federal Rules of Civil Procedure 34.

While Counsel for Chevron has been away at a three (3) to four (4) week trial in Riverside, California, Plaintiff Johnson has been busy in an administrative proceeding before the Honorable Alvin R. Webber in a case entitled *Samuel B. Johnson III v. Chevron Corporation, et al.*, State of California, Department of Industrial Relations, Division of Workers' Compensation, Worker's Compensation Appeals Board, Case No. STK 0206833. Plaintiff Johnson notes for the Court that Counsel for Chevron has failed to comply with a Protective Order that was issued by the Honorable Alvin R. Webber in this administrative proceeding. Counsel for Chevron did such prior to its May 26, 2008, trial in Riverside, California. That caused Plaintiff Johnson to have to exchange emails, conduct telephone calls with Counsel for Chevron and Mark H. Tune, Esq. of Harbinson Tune Kasselik, A Professional Corporation located out of San Francisco, California. Ultimately, Plaintiff Johnson had to file a petition (motion) with that administrative body requesting that the Honorable Alvin R. Webber compel Counsel for Chevron, the Chevron Defendants and Mr. Tune to comply with his May 13, 2008, Protective Order. It should be further noted that Plaintiff Johnson has been gathering discovery to be produced to Mr. Tune in the administrative proceeding that is before the Honorable Alvin R. Webber. It should further be noted that Mr. Tune has produced over 12, 000 pages of documents in the administrative proceeding before the Honorable Alvin R. Webber. Likewise, Plaintiff Johnson anticipates producing over 2,500 pages of discovery in this administrative proceeding.

Due to the above, Plaintiff Johnson has not taken a single deposition in this action despite

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

his diligent efforts before the end of the discovery cut-off in a highly complex civil rights case, which involves not only Plaintiff Johnson complaining about discriminatory, and retaliatory employment practices of the Chevron Defendants, but others complaining as well.  Likewise, there still exist outstanding discovery responses from the Chevron Defendants to the discovery that Plaintiff Johnson has served.  These responses will come well after the September 26, 2008, discovery cut-off in this action.  In addition to the discovery that has been propounded on pages 9 through 14 and 15 through 17 of this motion, Plaintiff Johnson plans to propound further Request for Admissions, Interrogatories, Contention Interrogatories and Request for Production of Documents.  With that in mind, Counsel for Chevron has not schedule one single deposition even though it stated in the May 9, 2008, Joint Case Management Conference at 7 that it planned to take less than five (5) depositions in this action.  Given such, to fairly and fully litigate this case, both sides need time to conduct and complete their discovery.

Contrary to Plaintiff Johnson's statement to the Court Appointed mediator on last week, Plaintiff Johnson has only reviewed one (1) box of the over 14,000 pages of documents that the defendants have produce to date.  These documents are pertinent to a fully informed deposition of the Chevron Defendants and other witnesses that Plaintiff Johnson intends to depose.  These documents also pertain to any 36(b) depositions that Plaintiff Johnson plans on taking. Given such, Plaintiff Johnson requires an extension of the September 26, 2008, discovery cut-off and the April 20, 2009, trial date so that he can diligently pursue relevant evidence, which is required for a fair trial or any meaningful settlement discussions.

Equally significant to the resolution of this motion is the fact that the documents, which have been withheld since June of 2008, are the subject of a pending discovery proceeding before the Honorable Joseph C. Spero, which presumably will result in their production. By Counsel for Chevron and the Chevron Defendants refusing to produce documents containing information regarding the previously named and soon to be named defendants, the Chevron Defendants seek to completely deny Plaintiff Johnson with documents that will lead to admissible evidence as well as will assist Plaintiff Johnson in calculating damages in this action for settlement discussions.  These documents are also needed in order for Plaintiff Johnson to prepare for and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

receive a fair trial in this action.

As stated above, Plaintiff Johnson has served multiple Request for Admissions, Interrogatories and one set of Request for Production of Documents in this action. Plaintiff Johnson plans within the next week to serve additional Request for Production of Documents. The previous set of Request for Production of Documents on the Chevron Defendants has been objected to on the grounds of confidentiality and a privacy rule. Likewise, Counsel for Chevron has moved to quash a subpoena on a third party, which is Plaintiff Johnson's former supervisor Susan Janet Solger's employer Pacific Gas & Electric Corporation. As previously stated, Plaintiff Johnson recently filed a letter brief with the Honorable Joseph C. Spero to address that discovery dispute. It should also be noted that the Honorable Joseph C. Spero was out on vacation for two (2) weeks in the month of June of 2008. Given such, there will be a backlog of other case issues and/or concerns that Magistrate Joseph Spero more then likely will have to deal with before addressing the discovery disputes in this action. Given all of the aforementioned, Plaintiff Johnson would have been remised if he had of conducted depositions without reviewing relevant written responses and discovery documents as well as going forward with depositions without the withheld discovery. Hence, the delay in this action was not a result of lack of diligence, but rather a result of extreme diligence on the part of Plaintiff Johnson. Given such, Plaintiff Johnson should not be punished for acting upon prudent course of conduct.

**B.      Discovery That Has Been Propounded And Responded To By Both Parties In This Action**

Plaintiff Johnson contends there has been a lot of discovery that has been propounded, still needs to be responded too as well as will still need to be propounded in this action. For instance, Plaintiff Johnson has propounded the following discovery on the Chevron Defendants due to the Court's current discovery cut-off:

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, | 6/2/2008 | 7/2/2008; 7/16/2008 | Originally due July 2, 2008. Parties agreed to a two week extension, | 7/25/2008 |

9

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| Set One | | | which made the new date 7/16/2008. Defendants requested another extension and Plaintiff Johnson granted such. New due date is Now. July 25, 2008. | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set One | 6/2/2008 | 7/2/2008; 7/16/2008 | Originally due July 2, 2008.  Parties agreed to a two week extension, which made the new date 7/16/2008. Defendants requested another extension and Plaintiff Johnson granted such. New due date is Now. July 25, 2008. | 7/25/2008 |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Two | 7/3/2008 | 8/4/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Two | 7/3/2008 | 8/4/2008 | | |
| Plaintiff's request for Admissions to Defendant Chevron Corporation, Set Three | 7/21/2008 | 8/20/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company Set Three | 7/21/2008 | 8/20/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Four | 7/21/2008 | 8/20/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Four | 7/21/2008 | 8/20/2008 | | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Five | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Five | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Six | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Six | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Seven | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Seven | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Eight | 7/22/2008 | 8/21/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Eight | 7/23/2008 | 8/22/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Nine | 7/23/2008 | 8/22/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, | 7/23/2008 | 8/22/2008 | | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| Set Nine | | | | |
| Plaintiff's Request for Admissions to Defendant Chevron Corporation, Set Ten | 7/23/2008 | 8/22/2008 | | |
| Plaintiff's Request for Admissions to Defendant Chevron Environmental Management Company, Set Ten | 7/23/2008 | 8/22/2008 | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set One | 5/14/2008 | 6/17/2008 | Counsel for Chevron raised objections based on defectiveness due to Plaintiff Johnson exceeding 25 interrogatories per Rule 33.  Plaintiff Johnson re-propounded this discovery on June 28, 2008. | N/A |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set One | 5/14/2008 | 6/17/2008 | Counsel for Chevron raised objections based on defectiveness due to Plaintiff Johnson exceeding 25 interrogatories per Rule 33.  Plaintiff Johnson re-propounded this discovery on June 28, 2008. | N/A |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Two | 6/28/2008 | 7/28/2008 | | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Two | 6/28/2008 | 7/30/2008 | Ms. Isvoranu stated that Proof of Service was not signed.  Served an Amended Proof of Service with service date of June 30, 2008.  Now due July 30, 2008. | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Three | 6/30/2008 | 7/30/2008 | Ms. Isvoranu stated that Proof of Service was not signed.  Served an Amended Proof of | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| | | | Service with service date of June 30, 2008.  Now due July 30, 2008 | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Three | 6/30/2008 | 8/4/2008[1] | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Three | 6/30/2008 | 8/4/2008[2] | | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Three | 7/7/2008 | 8/7/2008[3] | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Four | 7/7/2008 | 8/7/2008[4] | | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Four | 7/7/2008 | 8/7/2008[5] | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Five | 7/3/2008 | 8/4/2008 | | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Five | 7/3/2008 | 8/4/2008 | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Six | 7/7/2008 | 8/7/2008[6] | | |
| Plaintiff's Interrogatories | 7/7/2008 | 8/7/2008[7] | | |

[1] Date in discovery states written responses are due on August 4, 2008.  However, date of service was June 30, 2008. Given such, the written responses are actually due on July 30, 2008.
[2] Id.
[3] Date in discovery states written responses are due on August 7, 2008.  However, date of service was July 7, 2008. Given such, the written responses are actually due on August 6, 2008.
[4] Id.
[5] Id.
[6] Id.

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| to Defendant Chevron Environmental Management Company, Set Six | | | | |
| Plaintiff's Interrogatories to Defendant Chevron Corporation, Set Seven | 7/21/2008 | 8/20/2008 | | |
| Plaintiff's Interrogatories to Defendant Chevron Environmental Management Company, Set Seven | 7/21/2008 | 8/20/2008 | | |
| Plaintiff's Request for Production of Documents to Defendant Chevron Corporation, Set One | 5/14/2008 | 6/17/2008 | | |
| Plaintiff's Request for Production of Documents to Defendant Chevron Environmental Management Company | 5/14/2008 | 6/17/2008 | | |

See Decl. of Plaintiff Johnson ISO of Plaintiff's Ex Parte Motion to Modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order at ¶ 20. From the above-referenced discovery requests, the Chevron Defendants have produced over 14,000 pages of documents. Counsel for Chevron has requested an extension on Plaintiff's Request for Admissions to Defendants Chevron Corporation and Chevron Environmental Management Company, Set One. Those responses were due on Friday, July 25, 2008. Likewise, Counsel for Chevron has propounded the following discovery on Plaintiff Johnson:

| Discovery Propounded | Propounded Date | Due Date | Complied With Due Date | Extension Date |
|---|---|---|---|---|
| Chevron Corporation's Special Interrogatories to Plaintiff (Set One) | June 2, 2008 | July 2, 2008 | Plaintiff Johnson requested a two-week extension. Counsel for Chevron raised objections to some of | July 16, 2008 |

---

[7] Id.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| | | | Plaintiff Johnson's responses to their Special Interrogatories. The objections were to Special Interrogatories Nos. 4, 5, 19 and 21. Plaintiff Johnson prepared a July 27, 2008, letter to Counsel for Chevron as well as advised them that he would not only supplement and amend Special Interrogatories Nos. 4, 5, 19 and 21, but that he would be supplementing and amending all of his responses. | |
|---|---|---|---|---|
| Chevron Corporation's Request for Production of Document to Plaintiff (Set One) | 6/30/2008 | 7/30/2008 | | |

Plaintiff Johnson has produced to date over 3,000 pages of discovery and anticipates producing more.  It should be noted that Plaintiff Johnson had to respond to ninety-five (95) requests for production of documents in the form of one set from the Chevron Defendants that were served on him by Counsel for Chevron.  Plaintiff Johnson has no plans to seek a request for an extension given the September 26, 2008, discovery cut-off.  The Court should know that the discovery process in this action has not been one of ease.  Counsel for Chevron has raised confidentiality and privacy rule objections to some of Plaintiff Johnson's requests for discovery.  Counsel for Chevron has also sought to quash a subpoena to Plaintiff Johnson's former supervisor's employer, Pacific Gas & Electric Corporation on the grounds of an invasion of Ms. Solger's privacy and that Ms. Solger is a non-party to this action.  Plaintiff Johnson in turn has

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING
ORDER, CASE NO. C 07-05756 SI (JCS)

raised objections to some of the discovery that the Chevron Defendants have propounded on him and some of his healthcare providers. On next week, Plaintiff Johnson plans to raise additional *legitimate* objections to the Chevron Defendants responses to Plaintiff Johnson's Request for Production of Documents, Set One.

Plaintiff Johnson seeks to request additional discovery from the Chevron Defendants in order to prove the claims that he has asserted in this action.  When the Chevron Defendants respond to all of Plaintiff Johnson's discovery, Plaintiff Johnson will not have the time to properly analysis such.  More to the point, some of the withheld discovery is needed in order to take 36(b) depositions.  Given the fact that the Chevron Defendants have not responded to all of Plaintiff Johnson's Request for Admissions, Interrogatories and Request for Production of Documents, it would make no seek for Plaintiff Johnson to conduct depositions without pertinent and key discovery to properly depose employees and Persons Most Knowledgeable on various subjects involving this action.  With the current September 26, 2008, discovery cut-off and the pending two (2) discovery disputes before Magistrate Joseph C. Spero, Plaintiff Johnson will be harmed and unable to prove the full extent of the alleged claims and allegations that he has raised in the original Complaint.

**C.    Plaintiff Johnson And Counsel For Chevron Have Sought Discovery From Third Parties In Order To Prove Or Disprove Each Parties Allegations, Claims Or Defenses In This Action**

Plaintiff Johnson has sought discovery from sixth (6) third parties in this action.  They are as followed:

| Name of Entity Records Sought From | Date Subpoena Served | Date for Production |
|---|---|---|
| Equal Employment Opportunity Commission  - Legal Office, San Francisco, California | July 15, 2008 | July 24, 2008 |
| Department of Fair Employment Housing, Sacramento, California | July 15, 2008 | July 24, 2008 |
| Equal Employment | July 15, 2008 | July 24, 2008 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

| Opportunity Commission, Oakland, California | | |
|---|---|---|
| Employment Development Department, Sacramento, California | July 15, 2008 | July 24, 2008 |
| Pacific Gas & Electric Corporation | July 15, 2008 | July 24, 2008 |
| California Department of Fair Employment & Housing, Oakland, California | July 15, 2008 | July 24, 2008 |

*See* Decl. of Plaintiff Johnson ISO of Plaintiff's Ex Parte Motion to Modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order at ¶ 31.  It should be noted that most of the subpoenaed entities have not yet complied with Plaintiff Johnson's subpoenas.  As with the requested discovery that was propounded on the Chevron Defendants, the subpoenaed discovery is needed for depositions pertaining to various employees as well as 36(b) depositions.  Given such, Plaintiff Johnson contends that the subpoenaed discovery affects not only scheduling depositions in this action, but the September 26, 2008, discovery cut-off and the April 20, 2009, trial date.  Likewise, Counsel for Chevron has sought discovery from the following sixteen (16) third parties, which consist of Plaintiff Johnson's healthcare providers and former employers:

| Name of Entity Records Sought From | Date Subpoena Served | Date for Production |
|---|---|---|
| Alphasoft Services Corporation | June 24, 2008 | July 10, 2008 |
| Sony Computer Entertainment America Inc. | June 24, 2008 | July 10, 2008 |
| Ross Stores, Inc. | June 24, 2008 | July 10, 2008 |
| Morrison & Foerster LLP | June 24, 2008 | July 10, 2008 |
| LaFollette, Johnson, DeHaas, Fesler & Ames, LLP | June 24, 2008 | July 10, 2008 |
| Public Utilities Commission | June 24, 2008 | July 10, 2008 |
| Lieff, Cabraser, Heimann & Bernstein, LLP | June 24, 2008 | July 10, 2008 |
| Berry & Berry, A | June 24, 2008 | July 10, 2008 |

| Professional Corporation | | |
|---|---|---|
| Kaiser Permanente Stockton | June 24, 2008 | July 10, 2008 |
| Republic Indemnity Company of America | June 24, 2008 | July 10, 2008 |
| Kaiser Permanente Hospital – Medical Records, Hayward | June 24, 2008 | July 10, 2008 |
| Kaiser Permanente Hospital – Psychological Records, Hayward, California | June 24, 2008 | July 10, 2008 |
| Kaiser Permanente Hospital – Psychological Records, Stockton | June 24, 2008 | July 10, 2008 |
| Equal Employment Opportunity Commission, Oakland | June 24, 2008 | July 10, 2008 |
| Equal Employment Opportunity Commission – Legal Office, San Francisco, California | June 24, 2008 | July 10, 2008 |
| Department of Fair Employment & Housing, Oakland, California | June 24, 2008 | July 10, 2008 |

*See* Decl. of Plaintiff Johnson ISO of Plaintiff's Ex Parte Motion to Modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order at ¶ 24.  Plaintiff Johnson intends to propound Request for Production of Documents to obtain all of the discovery that Counsel for Chevron has obtained from the above-referenced third parties with in the next week or so.  Given such, Plaintiff Johnson will need to review that discovery prior to having his deposition taken or taking any depositions.  Given the breadth of discovery that has been sought by both parties in this action, including from third parties, Counsel for Chevron cannot lay claim that Plaintiff Johnson and even itself have not been diligent in trying to adhere to the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order.  For these reasons, the Court should grant Plaintiff's Motion to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

**D.     Plaintiff Johnson Contends That This Action Has Importance To This Court As Plaintiff Johnson Believes That His Case Is The First Action Dealing With The Recent United States Supreme Court's Decision Pertaining To CBOSC West, Inc. V. Humphries, 128 S. Ct. 1951  (U.S.C. 2008)**

As with the *CBOSC v. Humphries* case, Plaintiff Johnson seeks claims under the Civil Rights Act of 1866, Section 1981, for complaining that others were being subjected to discriminatory and retalitory employment practices.  By such, Plaintiff Johnson was in turn subjected to discriminatory and retaliatory employment practices by the Chevron Defendants for partcipating in a protected activety under Title VII, California Department of Fair and Housing and the Civil Rights Act of 1866, Section 1981. Given such, Plaintiff Johnson contends that this case has *importance* to this Court as it exhibits the "*stink*" of racial discrimination from the Chevron Defendants *low management up to upper management* in the Chevron Defendants work environment.  Given such, there will be an injustice to Plaintiff Johnson if his motion to modify the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order is not granted.  As noted by the Supreme Court, the Civil Rights Act of 1866, Section 1981 is,

> "[a] longstanding civil rights law, first enacted just after the Civil War, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." Rev. Stat. § 1977, 42 U.S.C. § 1981(a). The basic question before us is whether the provision encompasses a complaint of retaliation against a person who has complained about a violation of another person's contract-related "right."" We conclude that it does**.** *CBOSC West, Inc. v. Humphries,* 128 S.     Ct.     1951 (U.S.C.     2008)     at     1951.

The parallels of the *CBOSC West, Inc. v. Humphries* case are frightening.  In the *CBOSC West, Inc.* action, the Court stated the following:

> "The case before us arises out of a claim by respondent, Hedrick G. Humphries, a former assistant manager of a Cracker Barrel restaurant, that CBOCS West, Inc. (Cracker Barrel's owner) dismissed him (1) because of racial bias (Humphries is a black man) and (2) because he had

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

complained to managers that a fellow assistant manager had dismissed
another black employee, Venus Green, for race-based reasons.
Humphries timely filed a charge with the Equal Employment
Opportunity Commission (EEOC), pursuant to 42 U.S.C. § 2000e-5, and
received a "right to sue" letter. He then filed a complaint in Federal
District Court charging that CBOCS' actions violated both Title VII of
the Civil Rights Act of 1964……. as amended, 42 U.S.C. § 2000e *et
seq.,* and the older "equal contract rights" provision here at issue, §
1981……"

*Id* at 1954.

In the ruling of *CBOCS v. Humphries* came a 7-2 decision that the Supreme Court held in

*CBOCS West, Inc. v. Humphries*, that Section 1981 of the Civil Rights Act of 1866 encompasses

retaliation claims as well as claims of race discrimination.  The parallel between the *CBOCS*

*West, Inc. v. Humphries* case and this action is that in August of 2005, Shar'ron Smith an

African-American male contractor who had been in such a position for almost ten (10) year for

the Chevron Defendants complained to Plaintiff Johnson about the Chevron Defendants hiring,

job selection, screening and job placement practices.  Such comments came to Plaintiff Johnson

as Plaintiff Johnson received the second job that Mr. Smith had applied for with the Chevron

Defendants.  Three (3) years prior to 2005, Mr. Smith applied for another position with the

Chevron Defendants and a white male received that position by the name of Robert Schmitt.

While Mr. Smith was complaining about the Chevron Defendants hiring, job selection, screening

and placement employment practices Mr. Smith stated to Plaintiff Johnson, "I glad that at least a

Black man got the job".  Such was a reference not only to the current position of a Procurement

Specialist that Plaintiff Johnson had assumed on August 15, 2005, for the Chevron Defendants,

but to the prior positions that Mr. Schmitt had tried to obtained even though Mr. Smith held the

position for three (3) years prior to a permanent position being offered by the Chevron

Defendants.  More telling, is that Mr. Smith had applied for several positions with the Chevron

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING
ORDER, CASE NO. C 07-05756 SI (JCS)

Defendants over a ten (10) year period and was denied each position.  Through discovery

Plaintiff Johnson intends to prove that whites were selected for the positions that Mr. Smith

applied for with the Chevron Defendants.

With the above in mind, Plaintiff Johnson went to the Chevron Defendants and

complained on behalf of Mr. Smith stating, "is it true that you changed the hiring process (job

description) in order for Mr. Smith *not* to get gainfully employed by the [Chevron Defendants]."

Plaintiff Johnson also went to Harald Smedal, the Finance and Business Unit Manager and

Debbie Wong, his immediate supervisor at the time as requested to know if such was true. Mr.

Smedal denied such, while Ms Wong stated the following, "Shar'ron will never get a job here, it

has something to do with Human Resources".  Immediately having these meetings with Mr.

Smedal and Ms. Wong, Plaintiff Johnson was refused training by the Chevron Defendants.

The refusal of training is further supported as Mr. Smith informed Plaintiff Johnson on

his first day at the Chevron Defendants place of business that he was instructed not to train him.

Yet the Chevron Defendants had no problem with Mr. Smith training Robert Schmitt, who is a

white male.  When Plaintiff Johnson went to Mr. Schmitt for training, Mr. Schmitt told Plaintiff

Johnson that he was instructed by Ms. Wong not to train Plaintiff Johnson as he knew

everything.  The Chevron Defendants cannot deny the above, as such statements were supported

in the 14,000 pages of discovery that they have produced to date in this action.

With the above still in mind, the Chevron Defendants and all defendants in this action can

be held accountable under the Civil Rights Act of 1866, Section 1981 for discrimination and

retaliatory employment practices.  For these reasons, Plaintiff Johnson respectfully requests that

the Court approve his request to modify its May 22, 2008, (Corrected) Pretrial Scheduling Order.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING
ORDER, CASE NO. C 07-05756 SI (JCS)

**E.     Plaintiff Johnson Has Sought Leave To File A First Amended Complaint In This Action**

On June 14, 2008, Plaintiff Johnson sought leave to amend the orignal Complaint in this action.  There is a Friday, August 22, 2008, hearing before the Honorable Susan Illston.  In that motion, Plaintiff eluded to the Court being able to modify its May 22, 2008, (Corrected) Pretrial Scheduling Order.  *See* Memorandum ISO of Plaintiff's Motion for Leave to File a First Amended Complaint at 16:1-20. Given such a request it is incumbent upon this Court to hear this given motion as they both go hand and hand.  While Plaintiff Johnson fully believes that the Court will follow its long precident in granting him leave to file a first amended Complaint as supported by *Foman v. Davis*.  In *Foman v. Davis, Executrix*, 371 U.S. 178, 182 (1962), the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires", this mandate is to be heeded…In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by the amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be "freely given".

Plaintiff Johnson also wants to ensure that he has filed the proper motion to request the relief in modifying the Court's May 22, 2008, (Corrected) Pretrail Scheduling Order.

Once the Court grants Plaintiff Johnson's Motion to File A First Amended Complaint, the following will occur: 1)Plaintiff Johnson will file the First Amended Complaint;  2)Plaintiff Johnson will obtain summons for the newly added defendants, including the current defendants; 3) Plaintiff Johnson will send by U.S. Mail the summons and First Amended Complaint; 4) All of the defendants will have one month to return the waiver of service; 5)    Upon receipt of the

waiver of summons, Plaintiff Johnson will file such with the Court; and 6) The defendants will have two (2) months to file an answer to the First Amended Complaint. In all, that will take three (3) months. Given such, any adjustment to the Court's May 22, 2008, (Corrected) Pretrial Scheduling Order should take such into account. As well, the Court should take into consideration that the newly added defendants will want to conduct discovery in this action as well.

## V.    CONCLUSION

Counsel for Chevron has repeatedly stated that Plaintiff Johnson was employed with the Chevron Defendants for less than one year. Counsel for Chevron and the Chevron Defendants have stated that Plaintiff Johnson's claims are frivolous. Yet Counsel for Chevron and the Chevron Defendants have fought hard to litigate this action. Even moving away from there initial stance that they would file motions to dismiss rather then answers. Yet, on April 10, 2008, Counsel for Chevron and the Chevron Defendants filed an answer in this action. Plaintiff Johnson further contends that such is being done as Counsel for Chevron and the Chevron Defendants realize what is at stake in this given action. Such actions by Counsel for Chevron and the Chevron Defendants in not filing a motion to dismiss provides *credence* to the claims that Plaintiff Johnson has asserted in this action on behalf of himself as well as others. As it pertains to this motion, Plaintiff Johnson contends that with the amount of discovery that has already been requested by both parties and produced to date with the eye on the September 26, 2008, discovery cut-off, Counsel for Chevron and the Chevron Defendants cannot lay claim that Plaintiff Johnson has just sat around waiting until the September 26, 2008, discovery cut-off to start requesting discovery or to seek leave from this Court to modify its May 22, 2008, (Corrected) Scheduling Order. Such a claim by Counsel for Chevron and the Chevron

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)

Defendants should be looked upon with much scrutiny.  As soon as the April 24, 2008, Case Management Conference was completed, Plaintiff Johnson began conducting discovery in this action while Counsel for Chevron was off at a three (3) to four (4) week trial in Riverside, California not paying this action any attention.  Now Counsel for Chevron wants to cry foul and state that Plaintiff Johnson would not provide the Chevron Defendants with an extension to the discovery that he propounded on May 14 2008, which was due on June 17, 2008.

Plaintiff Johnson did such as he knew he would be requesting multiple rounds of Request for Admissions, Interrogatories, Request for Production of Documents as well as serving subpoenas.  Something, which Plaintiff Johnson made reference to in the May 9, 2008, Case Management Conference not only to the Court, but to Counsel for Chevron and the Chevron Defendants.  Likewise, Plaintiff Johnson requests for no oral arguments pursuant to Civil Local Rule 7-6 on the relief that he seeks in the filing of this motion.

For all of the reasons stated herein, Plaintiff Johnson respectfully requests that this Court modify the May 22, 2008, (Corrected) Pretrial Scheduling Order to extend the discovery cut-off and the trial date so that appropriate discovery can be conducted and completed.

Date this 29th day of July 2008                                    /s/

_____
SAMUEL BERNARD JOHNSON III

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION TO MODIFY THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL SCHEDULING ORDER, CASE NO. C 07-05756 SI (JCS)