UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | Case No. C-07-05756 JCS |
| Plaintiff(s), | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |
| CHEVRON CORPORATION, ET AL., | |
| Defendant(s). | |

Plaintiff has filed a letter dated July 10, 2008 [Docket No. 76], seeking to compel the production of certain documents that he requested from the Defendants, Chevron Corporation and Chevron Environmental Management Company, ("Defendants"). Plaintiff has also filed a letter dated July 23, 2008 [Docket No. 80], in which he seeks to compel the production of certain documents that he purportedly subpoenaed from nonparty PG & E. The Court treats these two letters as a motion to compel.

The motion to compel is DENIED. The July 10, 2008 letter does not specify the particular document requests that are at issue. To the extent that it does identify the documents sought, it refers only to the "personnel files of the previously dismissed defendants as well as other employees of the Chevron defendants." Plaintiff has set forth no basis that would justify the production of the entirety of these individuals' personnel files. While it is possible that there are particular documents within those files that Plaintiff might justifiably seek, he has not done so and has not set forth such a request in the July 10, 2008 letter.

The July 23, 2008 letter suffers from the same defects. It does not adequately identify the specific category of documents subpoenaed from PG & E. In addition, to the extent that it identifies

those documents generally as Ms. Solger's personnel file, the request is overbroad – Plaintiff has set forth no reasons that might justify the production of the entirety of that file. In addition, Plaintiff first served notice of this subpoena by facsimile without written agreement of opposing counsel, as required by the Federal Rules of Civil Procedure. While Plaintiff later served notice by mail, the Court notes for future reference that facsimile notice not completed in compliance with the Federal Rules of Civil Procedure will not be acceptable to the Court.

Defendants served a letter dated July 28, 2008, in opposition to the July 23, 2008 letter, and also seeking to quash a subpoena on PG&E. That motion is GRANTED for the reasons stated above.

IT IS SO ORDERED.

Dated: July 28, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

2