1  ROBERT D. EASSA (SBN: 107970)
   DELIA A. ISVORANU (SBN: 226750)
2  FILICE BROWN EASSA & McLEOD LLP
   1999 Harrison Street, 18th Floor
3  Tel: (510) 444-3131
   Fax: (510) 839-7940
4
   Attorneys for Defendants
5  CHEVRON CORPORATION and
   CHEVRON ENVIRONMENTAL
6  MANAGEMENT COMPANY

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 SAMUEL BERNARD JOHNSON III,          Case No. C 07-05756 SI

13         Plaintiff,                    Date:       August 22, 2008
14                                       Time:       9:00 a.m.
                                         Courtroom:  10, 19th Floor
15     v.                                Judge:      Hon. Susan Illston

16
   CHEVRON CORPORATION. a Delaware
17 corporation and CHEVRON
   ENVIRONMENTAL MANAGEMENT
18 COMPANY, a California Corporation and
   DOES 1-10,
19
           Defendants.
20

21

22

23        DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
          FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................1

III. LEGAL ARGUMENTS AND AUTHORITIES ....................................................................3

    A.   Plaintiff's Declaration Contains Misleading Inaccuracies and The Contention that Chevron "Breached" Some Unknown Agreement Is Without Merit ............................................................................................3

    B.   Leave to Amend Must be Denied As It Would Protract This Litigation, Unnecessarily Require Extension of the Discovery Deadlines and Trial Date and Result in Extraordinary Expense to Defendants .................................7

    B.   Plaintiff's Amendment Must Be Denied As He Was Aware of All of the Individuals' Identities and Has Not Described Any Supposed Newly Discovered Facts ..........................................................................................8

    C.   Plaintiff's Amendment Must Be Denied In Its Entirety As It Is Attempted In Bad Faith ..........................................................................................11

IV. CONCLUSION ....................................................................................................................12

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

- i -

00215 34155 DAI 591245.1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Case No. C 07-05756 SI (JCS)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acri v. International Ass'n of Machinists & Aerospace Workers,*
  781 F.2d 1393 (9th Cir.1986) ..............................................................................................10

*Campania Management Co., Inc. v. Rooks, Pitts & Poust,*
  290 F.3d 843 (7th Cir.2002) .................................................................................................7

*Cervantes v. Pratt,*
  2008 WL 348918 (D.Ariz. 2008) ........................................................................................11

*E.E.O.C. v. Boeing Co.,*
  843 F.2d 1213 (9th Cir.1988) ..............................................................................................10

*Invest Almaz v. Temple-Inland Forest Products Corp.,*
  243 F.3d 57 (1st Cir.2001) ...................................................................................................11

*Kaplan v. Rose,*
  49 F.3d 1363 (9th Cir.1994) ................................................................................................10

*Lockheed Martin Corp. v. Network Solutions, Inc.,*
  194 F.3d 980 (9th Cir.1999) ................................................................................................11

*United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.,*
  151 F.3d 1139 (9th Cir.1998) ................................................................................................7

*Zivkovic v. Southern California Edison Co.,*
  302 F.3d 1080 (9th Cir.2002) ................................................................................................7

**Statutes**

42 U.S.A. §1981 .......................................................................................................................10

42 U.S.C. §1983 .....................................................................................................................2, 5

42 U.S.C. §2000 .........................................................................................................................2

California Government Code §12940 .......................................................................................2

**Other Authorities**

Americans with Disabilities Act ...............................................................................................2

# I.

# INTRODUCTION

In this single plaintiff, non-complex and straightforward case, the Court's civil docket reflects 88 filings, the vast majority of which consist of frivolous motions and letters filed by Plaintiff Samuel B. Johnson III ("Plaintiff")—employed by Defendant Chevron Environmental Management Company ("Chevron") for a little *less* than one year—all of which have been denied by the Court. The instant Motion is a further example of such vexatious conduct and should similarly be denied.

Plaintiff seeks to amend, not based upon newly discovered facts or information (as he already had such information at the time of the filing of the initial Complaint and at the time he voluntarily elected to dismiss the individuals at issue) but simply because he has changed his mind. Such is not a basis for allowing amendment. To the contrary, it amounts to the type of undue prejudice, delay, and bad-faith justifying denial of Plaintiff's requested leave to file a First Amended Complaint.

# II.

# STATEMENT OF FACTS

On November 14, 2007, Plaintiff filed his Complaint in this action, making the same allegations and claims he now seeks to "amend" in to his existing Complaint. In the 219 paragraph Complaint, Plaintiff named 1) Chevron Corporation (current Defendant), 2) Chevron Environmental Management Company (current Defendant), 3) Chevron Corporation Longs-term Disability Plan Organization (dismissed by Plaintiff), 4) Catherine Drew (dismissed by Plaintiff); 5) Katherine Gallacher (dismissed by Plaintiff), 6) Susan Solger (dismissed by Plaintiff), 7) Sellers Stough (dismissed by Plaintiff), 8) Krystal Tran (dismissed by Plaintiff), 9) Debbie Wong (dismissed by Plaintiff) and 10) Gary Yamashita (dismissed by Plaintiff). (see, Plaintiff's Complaint (Plaintiff's Complaint, Docket No.1, filed under seal.) Of these individuals, only Messes. Wong and Solger were Plaintiff's direct supervisors during his brief employment with Chevron. The others were only collaterally involved in Plaintiff's employment.

In his November 14, 2007, Complaint, Plaintiff asserted claims of harassment, discrimination and retaliation expressly referencing and invoking 1) "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*," 2) "Title VII of the Civil Rights Act of 1991, 42 U.S.A. §1981a (hereinafter referred to as "Section 1981a")," 3) "Title I of the Americans with Disabilities Act of 1990," and 4) the California Fair Employment and Housing Act, California Government Code §12940, *et. seq.*). (Plaintiff's Complaint, pp. 1-2.) He also alleged an impermissible state action pursuant to 42. U.S.C. §1983 which Plaintiff voluntarily dismissed on April 1, 2008.

Plaintiff's factual contentions are detailed and set forth in 94 separate paragraphs which encompass the same allegations Plaintiff seeks to reassert through his proposed Amended Complaint. In that original Complaint, Plaintiff repeatedly referenced, by name and, at other times collectively as the "local defendants," **each and every single one of the individuals he now seeks to add as defendants**—evidencing Plaintiff's knowledge of the facts upon which he now seeks amendment, as of the date of his filing of the Complaint, in November 2007, approximately 9 months ago. Among those individuals are also Messrs. Harald Smedal and Robert Schmitt, who Plaintiff seeks to add in addition to the seven previously named employees, all of which were voluntarily dismissed by Plaintiff. Moreover, Plaintiff's causes of action were further alleged against each and every one of the individuals as Plaintiff incorporated by reference all of his factual allegations into each claim. These same claims are alleged in Plaintiff's proposed amended complaint.

Following the discussions set forth in Exhibits A-G and Q (emails between the parties), Plaintiff agreed to dismiss all of the individual employees from his action, as well as his section 1983 claim. On April 1, 2008, the Court entered an Order to that effect dismissing all of the Defendants other than Chevron Corporation and Chevron Environmental Management Company as well as Plaintiff's section 1983 claim. (Docket No.30.) In the event Plaintiff later discovered (not already possessed) additional basis for other claims or new facts, the Stipulation and Order indicated that the dismissal was without prejudice.

Now, without any legal or factual basis and for purposes of simply protracting and complicating this litigation, Plaintiff seeks to re-add the same individuals, plus two new employees, Bob Schmitt and Harald Smedal, who are also repeatedly referenced in Plaintiff's original Complaint and thus, similarly known to him. Such is a further tactic employed to delay and prolong resolution of this matter.

In fact, Plaintiff has filed several motions already burdening the Court and requiring Chevron to expend time and costs in opposing them. On March 13, 2008, Plaintiff filed a discovery motion with the Court, Chevron opposed the motion, and it was denied by the Court on March 31, 2008. (Docket Nos. 25-26, 29, respectively.) A subsequent motion regarding the shortening of time was filed on June 17, 2008, which was denied by the Court on June 20, 2008. (Docket Nos. 68 & 75, respectively.) On July 9, 2008, Plaintiff filed a motion seeking to compel further responses to certain of Chevron's discovery and, thereafter, filed a subsequent motion seeking to compel the production of records pursuant to a subpoena to which Chevron objected and which Chevron moved to quash. (Docket Nos. 76-77, 79, 80 &81 respectively.) The Court denied both of Plaintiff's motions and granted Chevron's motion to quash. (Docket No.88.)

Most recently, Plaintiff has served approximately 250 Interrogatories and 256 Request for Admissions upon Chevron and has now also filed a motion seeking to continue the discovery deadline imposed by this Court as well as the trial date. (Docket No. 82.) There is similarly no basis for said motion, which Chevron is also in the process of opposing and references solely to advise the Court that Plaintiff seeks a unwarranted continuance related to this requested amendment—another basis for denying this underlying motion.

### III.

### LEGAL ARGUMENT AND AUTHORITIES

A. **Plaintiff's Declaration Contains Misleading Inaccuracies and The Contention that Chevron "Breached" Some Unknown Agreement Is Without Merit**

Once again, and as has been typical of Plaintiff's conduct throughout this litigation, Plaintiff's Declaration grossly misrepresents facts, discussions, and lacks veracity. Rather than engaging in argument and a retort to Plaintiff's declaration contentions or describing what in fact

- 3 -   00215 34155 DAI 591245.1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT
Case No. C 07-05756 SI (JCS)

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

was discussed and transpired, Chevron simply requests that the Court consider the following—including Plaintiff's own statements and correspondence—which objectively evidence the lack of support for Plaintiff's contentions:

*First*, not a single one of Plaintiff's attached emails (of approximately 600 received by Chevron's counsel from Plaintiff to date) evidence any of the inflammatory contentions set forth in Plaintiff's inaccurate Declaration and Memorandum. For example, Plaintiff states at ¶11, that Exhibit A to his Declaration "reiterates" that counsel for Chevron purportedly was unfamiliar with the "Chevron Way" and stated that the then-named individuals "would not pay a dime." In reality, Exhibit A, a March 24, 2008, email from Chevron's counsel states, in pertinent part:

> This will confirm our telephone conference of earlier today, wherein we discussed Defendants' anticipated Motion to Dismiss the Defendants, other than Chevron Corporation and CEMC…
>
> **As I indicated, it would be in all the parties' best interest (as it would save tremendous time and efforts) to streamline this case by simply proceeding with your claims against Chevron Corporation and CEMC. It would also relieve you of having to respond to Defendants' Motion to Dismiss.** You would maintain all your factual allegations, however, they simply would be aimed at these two companies based on the individual employee's alleged conduct, without proceeding against each employee or maintaining them as individual defendants in this action. Please advise whether you are amenable to doing so, and I will prepare the Stipulation to this effect. Thereafter, we can focus our efforts on moving forward with this action and meeting and conferring related to the filing of the Case Management Conference Statement, due on April 3, 2008.

(Emphasis added.)

Thus, it is clear that the parties' discussions pertained to Chevron's request that Plaintiff dismiss the individual defendants in order to relieve Chevron from having to file a Motion to Dismiss, Plaintiff from opposing it, and the Court from hearing and deciding it, to simplify the handling of this matter (i.e., two defendants as opposed to eight prior employees and the ten which Plaintiff now seeks to add), and streamline the issues to be addressed in Chevron's upcoming Motion for Summary Judgment or, at trial. In fact, Plaintiff inconsistently admits in ¶18 of his Declaration that he informed Chevron's counsel that "if the parties could agree to dismiss the defendants other than Chevron Environmental Management Company and Chevron Corporation, then there would be no need to prepare a Motion to Dismiss…"

*Second*, Plaintiff **never**, at any time during dismissal discussions and prior to the stipulated dismissal, advised Chevron that he dismissed the individuals for "settlement purposes." While the parties separately and unrelatedly discussed potentially resolving this case and related ADR issues (as required by the Court's rules and as admitted in ¶28 of Plaintiff's Declaration and in Exhibits K and L thereto), the conversations never were tied to or involved the dismissal of the individuals. None of the various ADR and settlement-related emails attached by Plaintiff make a single reference to "settlement" vis a vis the dismissal of the individuals, Chevron's anticipated motion to dismiss or Plaintiff's voluntary stipulation dismissing them. Indeed, to date, Plaintiff has never made a single settlement demand in this litigation. Thus, he dismissed and now seeks to re-add the individuals, without having made any demand and prior to the scheduled September 29, 2008, mediation in this litigation, belying any contention that the dismissal was intended to simplify or streamline this case for settlement purposes. If that were the case, Plaintiff would not be seeking to amend his Complaint to expand the parties and claims prior to his making any demand and prior to the mediation.

In fact, the email on which Plaintiff relies and which states, "**before** proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you…has [sic] the authority **to begin to enter into settlement** discussions with me…" was sent at 10:00 p.m. **after** the Court had already entered the dismissal earlier that day. Plaintiff's email is telling as he states that "before" commencing settlement discussions he wants to ensure that counsel for Chevron has authority "to begin" to enter into settlement discussions. (Exhibit I attached to Plaintiff's Declaration.) Thus, Plaintiff admits that no settlement discussions had commenced prior to that date. For him to now claim that it is counsel for Chevron who is misleading and dishonest, is disturbing.

*Third*, Plaintiff could not have purportedly "dismiss[ed] the 42 U.S.C. section 1983 claim pertaining to the employees…for settlement purposes only" (¶34 of Plaintiff's Declaration) given that Plaintiff would not be able to maintain such a claim against a private employer, like Chevron, as a threshold matter and, therefore, Chevron would not need to bargain for this dismissal. In fact, Chevron also would not have needed to bargain for a dismissal of any of the individuals given

- 5 -
00215 34155 DAI 591245.1

that Plaintiff concedes, in his Declaration, that Chevron's motion to dismiss would have been successful as he "was in agreement with [counsel for Chevron] that he had not exhausted all of his mandatory administrative remedies..." (Plaintiff's Declaration, ¶12.)

*Fourth*, the contention that Chevron "agreed" to the dismissal and has somehow "breached" that agreement is also nonsensical. It is Plaintiff's election and right to dismiss parties and claims without Chevron's approval. Chevron does not need to "agree" to the dismissal under any terms. In fact, the best evidence of Plaintiff's disingenuous contention that he dismissed the claims and individuals for settlement purposes and that Chevron has somehow "breached" an agreement to settle with Plaintiff, are Plaintiff's own statement in his email of April 8, 2008, attached as Exhibit Q to his Declaration at ¶36:

> As we previously discussed, **I made the decision to sign the stipulation to dismiss** Chevron Corporation Long-Term Disability Organization Plan and **the employees as they were brought into the matter incorrectly...**
>
> More to the point, you informed me that you had until April 3, 2008, to file your motion to dismiss. If the parties stipulated to dismissing the above-referenced defendants as it pertains to the claims listed above this would not only save you from having to prepare a motion to dismiss, but me have to provide an opposition and then the Court having to review such. All of which could be avoided if the parties agreed to have the above-referenced defendants dismiss before April 3, 2008...
>
> **Basically, what this comes down to is [sic] procedural moves** and has not really wasted anyone's time and effort. I hope that you can see that.

(Plaintiff's April 8, 2008, email, attached as Exhibit Q to Plaintiff's Declaration; emphasis added.)

*Finally*, the statement in the Stipulation that the dismissal was "without prejudice" simply refers to the fact that Plaintiff may amend if he has a factual and legal basis for doing so and first satisfies the Rules and considerations regarding the allowing of leave to amend. Under the circumstances currently at issue, this is not the case given that Plaintiff seeks to amend, not based upon newly discovered facts or information, or at a minimum, facts which he could not have previously known or discovered, but simply because he has changed his mind. Such is not a basis

- 6 -

1  for allowing amendment. As noted by Plaintiff in his email, "[b]asically, what this comes down to
2  is [sic] procedural moves" and tactics which should not be rewarded through the granting of leave
3  to amend.

4  **B.   Leave to Amend Must be Denied As It Would Protract This Litigation, Unnecessarily Require Extension of the Discovery Deadlines and Trial Date and Result in Extraordinary Expense to Defendants**

6  An application for leave to amend is addressed to the sound discretion of the trial court,
7  and this discretion will not be disturbed on appeal except in case of an abuse of discretion.
8  (*United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1147
9  (9th Cir.1998)). "Although leave to amend shall be freely given when justice so requires, it 'is not
10 to be granted automatically.' The district court may deny a motion for leave to amend if
11 permitting an amendment would, among other things, cause an undue delay in the litigation or
12 prejudice the opposing party." (*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087
13 (9th Cir.2002).) In that regard, numerous authorities, including those of the Ninth Circuit, have
14 expressly held that "[e]xpense, delay, and wear and tear on individuals and companies count
15 toward prejudice."

16 Here, each of these factors support denial of Plaintiff's request for leave to amend. First,
17 adding the numerous individuals to this action—in addition to granting no additional benefit to
18 Plaintiff as the same conduct is already at issue in the initial Complaint, as alleged against
19 Chevron—would result in an exorbitant amount of litigation expense. Given that not a single race
20 based comment was ever made to Plaintiff, two Human Resources investigators confirmed
21 Plaintiff's lack of veracity and lack of any alleged harassment, discrimination or retaliation, and
22 there is no evidence that Plaintiff's suspension and subsequent termination arose outside of the
23 course and scope of these individuals' employment, Chevron will most certainly be required to
24 carry the litigation expenses of defending each of these individuals. A party is "unduly
25 prejudiced" and a "court may deny leave to amend when the amendment would cause the
26 opposing party to bear additional discovery costs litigating a new issue and the moving party does
27 not offer to reimburse the nonmoving party for its expenses." (*Campania Management Co., Inc.*
28 *v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir.2002.)

- 7 -                                                                  00215 34155 DAI 591245.1

*More* discovery will have to be served and conducted on behalf by each employee and Plaintiff, who has already served 250 Interrogatories and more than 250 requests for admissions just against the two current Chevron entities, will certainly seek to conduct discovery pertaining to the individuals as well. With the discovery cut-off in this matter set for September 26, 2008, allowing amendment would require an extension of the discovery deadlines. In fact, Plaintiff recently filed yet another pending motion, this time seeking to modify the Court's Scheduling Order regarding the discovery deadline and trial. This undue and unwarranted additional expense—which will provide no gain or benefit to Plaintiff—is precisely why Chevron adamantly sought dismissal from the outset, before having to carry the burden of defending and litigating this matter on behalf of approximately one dozen entities and individuals. This expense and delay is unwarranted and amounts to prejudice to Chevron sufficient to deny Plaintiff's request.

Further, involving these numerous individuals in this litigation—without basis as Plaintiff's claims are entirely without merit, as will be evidenced in Chevron's Motion for Summary Judgment—is unjustified. Plaintiff, as provided in his Declaration where he states (¶5) that the inclusion of the individuals is a "matter of principle" and that these unrelated individuals should be held "accountable for their alleged misconduct," seeks only to burden and harass these persons (indeed, Plaintiff seeks to add even a neutral ombudsperson from Chevron's Office of the Ombuds and the HR individuals who investigated Plaintiff's unsubstantiated claims), worry them with the pending litigation, inconvenience them, and disrupt their employment and Chevron's operations. This type of "[e]xpense, delay, and wear and tear on individuals and companies" amounts to prejudice sufficient for this Court to exercise its discretion in denying Plaintiff leave to amend.

**B.   Plaintiff's Amendment Must Be Denied As He Was Aware of All of the Individuals' Identities and Has Not Described Any Supposed Newly Discovered Facts**

Plaintiff's Motion must be denied as he has provided absolutely not information regarding what supposed facts are newly discovered, when they were discovered, and why they were not discovered and alleged by Plaintiff sooner. In fact, Plaintiff cannot articulate a basis for the amendment as he was at all times aware of each of these individuals' supposed involvement in

- 8 -

Plaintiff's employment at the time Plaintiff filed his initial Complaint in November 2007.

At that time, Plaintiff named Chevron Corporation Longs-term Disability Plan Organization (dismissed by Plaintiff), Catherine Drew (dismissed by Plaintiff); Katherine Gallacher (dismissed by Plaintiff), Susan Solger (dismissed by Plaintiff), Sellers Stough (dismissed by Plaintiff), Krystal Tran (dismissed by Plaintiff), Debbie Wong (dismissed by Plaintiff) and Gary Yamashita (dismissed by Plaintiff). (Plaintiff's Complaint, Docket No.1, filed under seal.) Factual allegations pertaining to each of these individuals were repeated throughout the 219 paragraphs contained in Plaintiff's Complaint. Moreover, Plaintiff therein alleged the same facts which remain part of his proposed amended Complaint and pursuant to which he dismissed the individuals from this action. Accordingly, Plaintiff knowingly **waived** his right to alleged claims, based on those same facts, against those same individuals.

As for Messrs. Schmitt and Smedal, while Plaintiff did not name them as defendants originally, but seeks to now do so, he also specifically referenced them, by name, in numerous areas of his original pleading and set forth supposed conduct by them which he believed was wrongful. Further, Chevron's counsel's office—who also represents Chevron in Plaintiff's concurrent Workers' Compensation action—produced to Plaintiff in November 2007, the same month Plaintiff filed this civil action, more than 9,000 pages of emails, correspondence, and other documents pertaining to each and ever single one of the individuals which Plaintiff seeks to add as a defendant. In fact, Plaintiff's memorandum takes the position that it was those records, which he has now had for approximately 10 months, which led him to discovery supposedly new information. (Plaintiff's Memorandum, pp.7-8.) It is inconceivable then, or at a minimum, inexplicable, why Plaintiff thereafter voluntarily dismissed these individuals or, at a minimum, did not seek amendment sooner if he truly contends that those records provided new bases for his claims.

Consequently, Plaintiff was well aware of these persons' identities and the supposed facts upon which Plaintiff bases his each of his claims at the time he filed his Complaint. In fact, Plaintiff's knowledge was precisely the reason why he elected to name these persons as defendants and set forth 94 paragraphs of detailed factual contentions regarding their

- 9 -

involvement. The current Complaint encompasses the same allegations and facts contained in the Complaint at the time Plaintiff dismissed these individuals, thereby waiving his right to maintain claims against them on those bases.

In the alternative, while Plaintiff has stated, in a conclusory manner that the grounds for his relief are "new facts and/or information recently made available," he has articulated no such facts, described how they differ from what was already alleged at the time of the voluntary dismissal, or why amendment was not sought sooner. Further, in his November 14, 2007, Complaint, Plaintiff asserted expressly referenced that he was making a claim under "Title VII of the Civil Rights Act of 1991, 42 U.S.A. §1981a (hereinafter referred to as "Section 1981a)." Thus, he believed he had made a claim against those individuals at the time he elected to dismiss them. Now he seeks to re-add them, and others, as well as that very same claim. Plaintiff's waiver in that regard bars amendment in the absence of new facts, which Plaintiff cannot articulate.

Plaintiff has offered no evidence that he was unaware of the individuals' alleged involvement, facts or information. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action" and a district court does not abuse its discretion when it denies amendment on this basis. (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986).)

To the extent Plaintiff is able to articulate what facts are newly discovered (for the first time in his reply, which should therefore, not be considered), such does not save Plaintiff's motion given that Plaintiff admits information was contained in the 9,000 documents produced to him at the time he filed this action and *before* Chevron appeared. "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." (*E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).) Here, there is no dispute that Plaintiff knew of the facts at issue and the identities of individuals at the time he filed his Complaint. Accordingly, leave to amend must also be denied on this basis. "[W]hat the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice

requires leave to amend under this discretionary provision." (*Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 72 (1st Cir.2001).)

### C. Plaintiff's Amendment Must Be Denied In Its Entirety As It Is Attempted In Bad Faith

"Bad faith on the part of the moving party also supports denying the motion to amend." (*Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999).) Here, the fact that Plaintiff admittedly dismissed the individuals with the express intent to later amend by re-adding them (alleging that Chevron "breached" some sort of "agreement") is confirmation that Plaintiff is engaging in improper, expensive, time and resource consuming tactics. As noted by Plaintiff in his April 8, 2008 email (Exhibit Q to Plaintiff's Declaration), his conduct in dismissing the individuals and now seeking to re-add them and other innocent persons "comes down to procedural moves," i.e. wasteful and unfair tactics. Simply because, procedurally, Plaintiff may seek leave to amend, does not mean that the amendment is not attempted for improper purposes. In that regard, this Court should be persuaded by the similar conduct in *Cervantes v. Pratt*, 2008 WL 348918 (D.Ariz.2008) which denied a pro per plaintiff's request for leave to amend on similar facts:

> Furthermore, Plaintiff's filing of repetitive motions to amend his complaint to add back in claims and defendants which have been previously dismissed, or which are not related to his remaining claims, is hindering the resolution of the claims remaining in this matter on their merits. Plaintiff is a potentially vexatious litigant, who has filed excessive and clearly frivolous motions seeking unwarranted injunctive relief, sanctions, default judgment, and the reconsideration of decisions, all of which may be construed as exhibiting a dilatory motive. The undersigned notes the excessive judicial resources which have been applied to this matter, including Plaintiff's filing of three interlocutory appeals of this Court's discretionary decisions to the Ninth Circuit Court of Appeals, all of which were denied.

The Court need only conduct a cursory review of the docket sheet in this matter to confirm Plaintiff's vexatious conduct, inflammatory demeanor, and repeated impertinent and accusatory references to Chevron's counsel.

There is no viable or good-faith basis upon which Plaintiff would seek amendment at this juncture. In fact, given Plaintiff's insistence that he dismissed these individuals for purposes of

- 11 -

"settlement," it is now clear, with a scheduled mediation on the horizon, that Plaintiff's conduct is an improper attempt to leverage settlement given the expense to Chevron if amendment is allowed and the matter must be litigated on behalf of numerous employees, unjustifiably disrupting their lives and the company's operations.

## IV.
## CONCLUSION

Based on the foregoing, Defendants respectfully request the court to deny Plaintiff's Motion For Leave to File a First Amended Complaint.

Respectfully submitted,

Dated: August 1, 2008             **FILICE BROWN EASSA & MCLEOD LLP**

By: _____/s/_____
ROBERT D. EASSA
DELIA A. ISVORANU
Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY