SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>                Plaintiff,<br><br>    vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,<br><br>                Defendants | Case No.:   C 07-05756 SI (JCS)<br><br>**DECLARATION OF SAMUEL BERNARD JOHNSON III IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CHEVRON CORPORATION, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, THEIR ATTORNEY OF RECORD AND REQUEST FOR SANCTIONS** |

I, Samuel Bernard Johnson III, (hereinafter referred as "Plaintiff Johnson") am the Plaintiff in the within action declare the following:

1.    On June 23, 2008, by way of email to Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP (hereinafter referred to as "Counsel for Chevron) Plaintiff Johnson began to discuss issues pertaining to Plaintiff Johnson's Request for Production of Documents, Set One served on Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants"). *See* Exhibit A, emails exchanges between Plaintiff Johnson and Counsel for Chevron.

2.    On June 23, 2008, Plaintiff Johnson and Counsel for Chevron discussed via email the Chevron Defendants objections raised on the grounds of confidentiality and privacy. *Id* at Exhibit A.

3.    On June 23, 2008, Plaintiff Johnson and Counsel for Chevron set a telephonic meet and confer date for Thursday, July 26, 2008, to discuss pending discovery issues in this action, which included, but not limited to the Chevron Defendants responses to Plaintiff's Request for Production of Documents, Set One. *Id* at Exhibit A.

4.    On June 26, 2008, Plaintiff Johnson and Counsel for Chevron telephonic conducted a meet and confer to discuss discovery issues pertaining to the Chevron Defendants responses to Plaintiff Johnson's Request for Production of Documents, Set One. That during this telephonic meet and confer Plaintiff Johnson asked Counsel for Chevron to withdraw her objections and produce the discovery or he would refer the discovery dsipute to the Honorable Magistrate Judge Joseph C. Spero.

5.    On June 26, 2008, during the telephonic meet and confer Counsel for Chevron informed Plaintiff Johnson that there were numerous legal authorities that supported her position to withheld the discovery based on an employee's confidentiality and privacy.

6.    On June 26, 2008, Counsel for Chevron stated that she would provide Plaintiff Johnson with her legal authorities to support her position to withhold the disputed discovery within the next day or so, but no later then July 3, 2008.

1

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      On June 28, 2008, Plaintiff Johnson sent an email to Counsel for Chevron wherein he raised issues regarding the Chevron Defendants privilege log as well as reminded Counsel for Chevron that the parties are already engage in a discovery dispute. *See* Exhibit B, email from Plaintiff Johnson to Counsel for Chevron.

8.      On June 28, 2008, Plaintiff Johnson provided the parties until July 4, 2008, to resolve the current discovery dispute as well as requested that certain documents on the privilege log be produced to him immediately. *Id.*

9.      On June 30, 2008, Plaintiff Johnson sent a letter to Counsel for Chevron with a copy to Robert D. Eassa, Esq. outlining the issues of the current discovery dispute involving amongst other withheld discovery pertaining to Plaintiff Johnson's Request for Production of Documents, Set One served on the Chevron Defendants. *See* Exhibit C, June 30, 2008, letter from Plaintiff Johnson to Counsel for Chevron.

10.     On July 3, 2008, Plaintiff Johnson received by way of email Counsel for Chevron's letter as referenced in response to Plaintiff Johnson's June 30, 2008, letter. Counsel for Chevron's letter stated the Chevron Defendants position as to why they were entitled to withhold discovery in this action.

11.     On July 3, 2008, Plaintiff Johnson responded by way of an email to Counsel for Chevron's July 3, 2008, letter and informed Counsel for Chevron that he was referring the discovery dispute to the Honorable Magistrate Joseph C. Spero as Counsel for Chevron did not cite an legal authorities as to why the Chevron Defendants were entitled to withhold discovery in this action. *See* Exhibit D, July 3, 2008, email to Counsel for Chevron.

12.     On July 10, 2008, Plaintiff Johnson filed a letter brief with the Court regarding the discovery dispute pertaining to the Chevron Defendants Responses to Plaintiff's Request for Production of Documents, Set One.

13.     On July 15, 2008, Counsel for Chevron filed its opposition to such.

14.     On July 15, 2008, Plaintiff Johnson filed a reply to Counsel for Chevron's opposition.

2

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

15.    On July 16, 2008, Counsel for Chevron filed a reply to Plaintiff Johnson's reply opposition.

16.    On July 29, 2008, the Honorable Magistrate Joseph C. Spero issued an Order regarding Plaintiff Johnson's letter briefs regarding the discovery dispute.

17.    On July 31, 2008, Plaintiff Johnson sent a letter to Counsel for Chevron objecting to the Chevron Defendant responses to Plaintiff's Request for Admissions, Set One and that Counsel for Chevron had waived any objections and asserted privileges as the Chevron Defendants had responded to the Request for Admission after the due date which was on July 25, 2008. The Chevron Defendants provided their responses to Plaintiff's Request for Admissions on July 28, 2008. *See* Exhibit E, July 31, 2008, letter from Plaintiff Johnson to Counsel for Chevron.

18.    On July 31, 2008, Plaintiff Johnson provided Counsel for Chevron with a list of employee names that he wanted to take depositions of. *Id* at Exhibit E.

19.    On July 31, 2008, Plaintiff Johnson provided Counsel for Chevron with a list of topics for 36(b) depositions. *Id* at Exhibit E

20. On July 31, 2008, Plaintiff Johnson informed Counsel for Chevron that he would be filing a full brief to compel the Chevron Defendants ad Counsel for Chevron to produce withheld discovery. Plaintiff Johnson also informed Counsel for Chevron that such a brief would be filed by Monday, August 4, 2008. *Id* at Exhibit E.

21. Attached here to as Exhibit F, is a true and correct copy of documents that were taken from the Chevron Defendants document production. These documents are Bates stamped as CVX 012834 – CVX 012838.

22.    Attached here to as Exhibit G, is a true and correct copy of documents that were taken from the Chevron Defendants document production. These documents are Bates stamped as CVX 010993.

23.    Attached here to as Exhibit H, is a true and correct copy of documents that were taken from the Chevron Defendants document production. These documents are Bates stamped as CVX 002369 – CVX 002392.

3

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

1  I declare under penalty of perjury under the laws of the United States that the foregoing

2  statements are true and correct.

3

4  Dated this 4th day of August 2008                               /s/

5

6                                                           SAMUEL BERNARD JOHNSON III

4

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

# EXHIBIT A

**Subject:**    Re: 3:07-cv-05756-SI Johnson v. Chevron Corporation

**Date:**    6/23/2008 8:48:51 P.M. Pacific Daylight Time

**From:**    BlakVIII

**To:**    disvoranu@filicebrown.com

Delia,

Let's do Thursday about 7:30 p.m.  I also noticed in Defendant CEMC's Responses to my RFP's the numbering is off.  Please see Pages 8, 14, 16, 17, 18, 19, 21, 22, 23, and 24.  Please correct these typos when you supplement your responses.  I also noticed that you have raised privacy and Rule 408 objections to the employees personnel files, other employee documents that I have requested.  You further state that these documents are not relevant.  I refer you to the Complaint wherein I state that I complained about others being subjected to discriminatory employment practices and by doing such I was subjected to discrimination.  For those reasons, these documents are relevant and should be produced.  Should you continue to assert a privacy privilege and a Rule 408 privilege, then I will have to issue Federal subpoenas for those records, especially any records that have to do with Ms. Solger.  Please further note that these documents should be produced without further delay.

On a final note, there is a protective order in place and any records that deal with psychiatric matters can be stamped appropriately as I did raise concerns doing my employment with Chevron that I thought something was wrong with Ms. Solger in addition to her subjecting others and myself to discrimination.  Take care for now.  Samuel.

In a message dated 6/23/2008 7:35:30 P.M. Pacific Daylight Time, disvoranu@filicebrown.com writes:

Samuel, I am available after 6 only on Thursday. Will that work?? How about 7:30-the usual, on Thursday?

Delia

-----Original Message-----
From: BlakVIII@aol.com <BlakVIII@aol.com>
To: Delia Isvoranu
Sent: Mon Jun 23 19:29:16 2008
Subject: Re: 3:07-cv-05756-SI Johnson v. Chevron Corporation

Delia,

1

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

I'm unavailable before 6:00 p.m. on both of the days below.  After July 1, 2008, I will be able to have telephonic meet and confers during the day depending on other matters that I will be working on.  Please advise if you are available after 6:00 p.m. on either of the days.  Samuel.

In a message dated 6/23/2008 5:18:46 P.M. Pacific Daylight Time, disvoranu@filicebrown.com writes:

    Samuel,
    Unfortunately, I am not available tonight. I am available tomorrow or Wednesday before 6. Please let me know your preference.

    Best,

    Delia

_____

2

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

# EXHIBIT B

**Subject:**    **Case No. C 07-05756 SI Johnson v. Chevron Corporation**

**Date:**    6/28/2008 6:53:25 P.M. Pacific Daylight Time

**From:**    BlakVIII

**To:**    disvoranu@filicebrown.com


Delia,

I'm in receipt of the four boxes of documents that were produced to me on today.  In reviewing the privilege log I noticed that you are withholding the following documents and request that you produce them to me immediately without delay.  As you are aware, the parties are currently having a discovery dispute over certain personnel files, etc. due to defendants contention that this materials are either confidential or private.  As stated in an previous email, the parties have until Friday, July 4, 2008, to resolve such a discovery dispute or I will refer the matter to Judge Spero and request for full briefing on the matter, file a motion to compel as well as request for sanctions.  Please further note that in early emails pertaining to filing a motion to compel responses to Interrogatories, Set One propounded on Defendants CEMC and CVX was a typo and/or mistake.  I was dealing with my two children who distracted me while I was preparing the email.

With the above, in mind, the following documents that appear on the privilege log I request that defendants produce to me immediately:

CVX002369-2372 - Selection record for 50057857.  Privilege asserted is privacy.  This is apart of my personnel file and such should be produced.  If there are other employees listed on the selection record, defendants should produce that as well as the confidential and privacy rule is waived in litigation.  Such has already been communicated to you as well as I provided a quote from an authority.

CVX002354-2356 - Chares James calendar.  Privileged asserted privacy.  See above for reasons this document should be produced.

1

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

CVX012834 - Selection Record for 50097017. Privileged asserted is privacy. See above for reasons this document should be produced.

CVX010993. Unless you provide the author, recipient and/or person that was CC you must produce this document.

Finally, as it pertains to your disclaimer at page 5, such does not provide you with the relief that you seek. Your client has had well over a year to review, and review again all of these materials. That is more then enough time to double check to determine if any privileged documents were contained in the document production. Given such, a blanket disclaimer does nothing for you.

Enclosing, please provide me with an answer this email as soon as possible. Thanks and take care for now. Samuel.

Gas prices getting you down? Search AOL Autos for fuel-efficient used cars.

2

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

# EXHIBIT C

**SAMUEL BERNARD JOHNSON III**

**4420 Abruzzi Circle**
**Stockton, California 95206**
**(209) 470-2822 – Cellular**

---

June 30, 2008

Delia A. Isvoranu, Esq.
**FILICE BROWN EASSA & MCLEOD LLP**
1999 Harrison Street, 18th Floor
Oakland, California 94612

**Re:**    *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court,
           Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JSC)

Dear Delia:

        I write in response to Filice Brown Eassa & McLeod, LLP, (hereinafter referred to as
"Counsel for Chevron") and Defendants Chevron Corporation and Chevron Environmental
Management Company, (collectively referred to as the "Chevron Defendants") not being in
compliance with Federal Rules of Civil Procedure 34 as it pertains to Plaintiff's Request for
Production of Documents, Set One.  As you are clearly aware, Counsel for Chevron and the
Chevron Defendants are required pursuant to Rule 34 to provide all responsive documents within
thirty (30) days from date of service to Samuel Bernard Johnson III, (hereinafter referred to as
"Plaintiff Johnson").  *See* FRCivP Rule 34(2)(A).[1]  Counsel for Chevron and the Chevron
Defendants failure to comply with Rule 34(2)(A) is clear and unambiguous.  Counsel for
Chevron and the Chevron Defendants have also raised a baseless objection to withhold relevant
discovery that will lead to admissible evidence on the grounds of a confidentiality and/or privacy
rule.  As referenced in numerous legal authorities, the confidentiality and privacy rule is waived
in matters involving litigation.  A simple search conducted through any legal reference source
would have revealed such as well as an attorney experienced in the law would have known such.

---

[1] Chevron Defendants responses to Plaintiff's Request for Production of Documents, Set One were due on June 18, 2008.

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

In a June 28, 2008, email, I advised you that Counsel for Chevron had until Friday, July 4, 2008, to resolve the discovery dispute with Plaintiff Johnson or I would file a letter with Judge Spero informing him that I wanted to have a full briefing on this matter in the form of a motion to compel, request for sanctions and any other relief that Judge Spero felt was appropriate. I draw your attention to the Court's Docket #29, wherein Judge Spero does not state that the parties have to have a meet and confer pertaining to a discovery dispute. Judge Spero simply stated that a three (3) page letter shall be provided to him and within five (5) days an opposition to such in the form of a three (3) page letter shall be filed with the Court. Judge Spero then goes on to state that he will then advise the parties on his decision and/or how he will handle such a discovery dispute  *Id.*

While I have stated in previous emails and in a telephonic conference call on Thursday, June 25, 2008, that I would provide Counsel for Chevron with my legal authorities that support my argument that Counsel for Chevron and the Chevron Defendants must produce the above-referenced discovery. With such in mind,  please further note that I'm under no obligation to take the time to prepare a full motion to compel in a letter *only* to you to state my position as well my legal arguments. Such should be directed to the Court for a proper review and ruling.

As it pertains to the above, I believe that I have already provided Counsel for Chevron and the Chevron Defendants with enough supporting information for you to ascertain that Counsel for Chevron and the Chevron Defendants *must* produce all discovery that was withheld on the basis of a confidentiality and/or privacy rule. I refer you to my June 25, 2008, email wherein I stated the following:

> Delia,
>
> While I thought I was going to go to sleep on this one, it is you who have not provided one single legal authority to support your position to withhold relevant discovery that will clearly lead to admissible evidence in this action. I refer you to your Roggs wherein you put forth Allahverdi v. Regents of University of New Mexico, 228 F.R.D. 696, 698 (D. New Mex. 2005) to object as well as not to respond to the Roggs. Again, provide me with your legal authority so that I may review such. At such time, I'll be more then happy to prove to you that you are

2

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

just outright wrong in withholding written and responsive documents to the discovery that I propounded. I'm a little tired of you telling me how to prepare my own case or what I can do and what I cannot do.

As stated to you before, the confidentiality and privacy rule that you hold dear to, to withhold relevant discovery that will clearly lead to admissible evidence is mute in matters wherein litigation is concerned as, "even if the requested document in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes".

Given the above, please provide me with all of your legal authorities. I plan on filing the letter with Judge Spero shortly, request for full briefing on this matter as well as sanctions. You really have wasted a lot of my time and I do not appreciate such Delia. By the way, the above was taken from a legal authority. Samuel.

As it pertains to the aforementioned, Counsel for Chevron and the Chevron Defendants cannot withhold relevant discovery that will clearly lead to admissible evidence, cannot withhold discovery due to Counsel for Chevron and the Chevron Defendants own fault in not ***directly*** asking Plaintiff Johnson for an extension and cannot withhold relevant discovery when a protective order provides the proper mechanism in order to shield any such *alleged* confidentiality and/or privacy rule. Given such, I request that Counsel for Chevron and the Chevron Defendants immediately produce without further delay the below-referenced discovery to Plaintiff's Request for Production of Documents, Set One to Defendant Chevron Environmental Management Company, Set One:

1.    All discovery pertaining to Request for Production of Documents #10;
2.    All discovery pertaining to Request for Production of Documents #11;
3.    All discovery pertaining to Request for Production of Documents #12;
4.    All discovery pertaining to Request for Production of Documents #13;
5.    All discovery pertaining to Request for Production of Documents #14;
6.    All discovery pertaining to Request for Production of Documents #15;
7.    All discovery pertaining to Request for Production of Documents #18;
8.    All discovery pertaining to Request for Production of Documents #19;
9.    All discovery pertaining to Request for Production of Documents #20;
10.   All discovery pertaining to Request for Production of Documents #21;
11.   All discovery pertaining to Request for Production of Documents #25;
12.   All discovery pertaining to Request for Production of Documents #29;
13.   All discovery pertaining to Request for Production of Documents #31;

3

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

14.    All discovery pertaining to Request for Production of Documents #32;
15.    All discovery pertaining to Request for Production of Documents #33; and
16.    All discovery pertaining to Request for Production of Documents #34.\

As it pertains to Plaintiff's Request for Production of Documents, Set One to Defendant Chevron Environmental Management Company, Counsel for Chevron and the Chevron Defendants have failed to provide the requested discovery stating that Plaintiff Johnson did not provide them with an extension so you will provide the discovery when you want to (paraphrased).  Such is in non compliance with Federal Civil Procedure Rule 34(2)(A), which states that the responding party must provide requested discovery within thirty (30) days from the date of service.  By way of this letter, if the below referenced discovery is not produced to me by Friday, July 4, 2008, then I will seek leave from the Court to compel Counsel for Chevron and the Chevron Defendants to produced the requested discovery as well as request for sanctions for non-compliance with Rule 34.  Given the aforementioned, it is my belief that Counsel for Chevron and the Chevron Defendants have not produced the following discovery that is responsive to Plaintiff's Request for Production of Documents, Set One.

1.     All discovery pertaining to Request for Production of Documents #2;
2.     All discovery pertaining to Request for Production of Documents #3;
3.     All discovery pertaining to Request for Production of Documents #4;
4.     All discovery pertaining to Request for Production of Documents #6;
5.     All discovery pertaining to Request for Production of Documents #7;
6.     All discovery pertaining to Request for Production of Documents #8;
7.     All discovery pertaining to Request for Production of Documents #22;
8.     All discovery pertaining to Request for Production of Documents #23;
9.     All discovery pertaining to Request for Production of Documents #24;
10.    All discovery pertaining to Request for Production of Documents #25;
11.    All discovery pertaining to Request for Production of Documents #26;
12.    All discovery pertaining to Request for Production of Documents #27;
13.    All discovery pertaining to Request for Production of Documents #28; and
14.    All discovery pertaining to Request for Production of Documents #35.

Plaintiff Johnson further requests that Counsel for Chevron and the Chevron Defendants produced documents responsive to Plaintiff's Request for Production of Documents, Set One on Defendant Chevron Environmental Management Company.  Plaintiff Johnson further brings to

4

Counsel for Chevron and the Chevron Defendants attention that they cannot withhold discovery that will reasonably lead to admissible evidence in this action. For these reasons and these reasons alone, Counsel for Chevron and the Chevron Defendants are requested to immediately produce the below-referenced discovery to Plaintiff's Request for Production of Document to Defendant Chevron Environmental Management Company, Set One:

    1.     All discovery pertaining to Request for Production of Documents #5; and
    2.     All discovery pertaining to Request for Production of Documents #9.

      As it pertains to Plaintiff's Request for Production of Documents, Set One to Defendant Chevron Corporation, Counsel for Chevron failed to provide the requested discovery stating that Plaintiff Johnson did not provide you with an extension so you will provide the discovery when you want to (paraphrased). Such is in non compliance with Federal Civil Procedure Rule 34, which states that the responding party must provide requested discovery within thirty (30) days from the date of service. By way of this letter, if the below referenced discovery is not provided to Plaintiff Johnson by Friday, July 4, 2008, then I will seek leave from the Court to compel that the discovery be produced as well as request for sanctions for non-compliance with Rule 34. It is my belief that Counsel for Chevron and the Chevron Defendants have not produced the following discovery that is responsive to Plaintiff's Request for Production of Documents, Set One.

    1.     All discovery pertaining to Request for Production of Documents #1;
    2.     All discovery pertaining to Request for Production of Documents #2;
    3.     All discovery pertaining to Request for Production of Documents #3;
    4.     All discovery pertaining to Request for Production of Documents #11;
    5.     All discovery pertaining to Request for Production of Documents #12;
    6.     All discovery pertaining to Request for Production of Documents #13;
    7.     All discovery pertaining to Request for Production of Documents #14;
    8.     All discovery pertaining to Request for Production of Documents #18;
    9.     All discovery pertaining to Request for Production of Documents #21;
   10.    All discovery pertaining to Request for Production of Documents #22;
   11.    All discovery pertaining to Request for Production of Documents #26;
   12.    All discovery pertaining to Request for Production of Documents #28;
   13.    All discovery pertaining to Request for Production of Documents #29;
   14.    All discovery pertaining to Request for Production of Documents #33; and
   15.    All discovery pertaining to Request for Production of Documents #34.

5

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

If Counsel for Chevron and the Chevron Defendants believe that they have produced the above-referenced discovery, then Plaintiff Johnson requests that Counsel for Chevron and the Chevron Defendants provide a letter (index) directing Plaintiff Johnson to where the requested discovery is located at in the discovery that was produced on June 27, 2008. Such a letter is to be provided to Plaintiff Johnson by Monday, July 8, 2008. After which, this discovery dispute will be directed to Judge Spero to resolve.

I also want to address the fact that I never agreed to a rolling document production regarding Plaintiff's Request for Production of Documents to Defendants Chevron Corporation and Chevron Environmental Management Company. Counsel for Chevron has referenced or eluded to such in telephone conference calls and in emails. Given such, that places Counsel for Chevron and the Chevron Defendants in further non-compliance of Rule 34.

Counsel for Chevron and the Chevron Defendants continued failure to respond to discovery because you were not provided with an extension (you failed to ***directly*** seek such an extension from Plaintiff Johnson) does not excuse Counsel for Chevron and the Chevron Defendants from their responsibility to comply with Rule 34. With that said, I look forward to resolving the discovery dispute by the deadline as referenced above or this matter shall be referred to Judge Spero for full briefing and a proper ruling.

I also want to address that the fact that I requested to see if the parties could stipulate to move the April 2009, trial date out. Plaintiff Johnson seeks discovery on several matters in order to properly prove the claims that I have asserted in this action. As you are aware, I will be re-propounding the Plaintiff's Interrogatories, Set One on the Chevron Defendants as I included subparts that exceeded the limitations of Rule 33. Likewise, you cited legal authority and stated in your written responses that you would not answer one Interrogatory. To rectify this matter, I have re-propounded Interrogatories, Set One which have now been called Interrogatories Set 2-3 to the Chevron Defendants. Those written responses are due on July 28 and July 30, 2008, respectively.

6

1    I also want to address the fact that the parties discussed during the Thursday, June 26,

2   2008, telephonic conference call my concerns about re-propounding Interrogatories, Set One to

3   the Chevron Defendants and the impeding September 2008, discovery cut-off date.  During this

4   telephonic conference call my concern in re-propounding Interrogatories, Set One on almost a

5   daily to weekly basis was that Counsel for Chevron and the Chevron Defendants would object on

6   the grounds of harassment, burdensome, etc.  The parties discussed the fact that Counsel for

7   Chevron would only provide legitimate objections outside of objecting on the grounds of

8   harassment, burdensome, etc.  Please confirm for me that this is your understanding of what took

9   place during the Thursday, June 26, 2008, telephonic conference call.

10    As stated above, I request that the parties stipulate to move the April 2009, trial date out

11   so that proper discovery, including depositions can take place.  I further request that you provide

12   me with a formal response to this request as soon as possible.  If the parties are unable to

13   stipulate to such, then I will file the necessary pleadings with the Court in order to obtain a

14   proper ruling on this matter.

15    I now draw your attention to a document that was filed under seal with the Court

16   pertaining to my two (2) minor children.  You have produced that document in the June 27,

17   2008, document production.  As stated in a June 28, 2008, email I request that Counsel for

18   Chevron re-label that document as being "HIGHLY CONFIDENTIAL" pursuant to the

19   provisions of the Protective Order.  The document in question is CVX002332-2333.  I also

20   request that Counsel for Chevron re-label any other documents pertaining to my two (2) minor

21   children that were produced in the Chevron Defendants June 27, 2008, document production as

22   "HIGHLY CONFIDENTIAL"  Likewise, any further communications in emails pertaining to my

23   HIV/AIDS status, I request that the parties refer to such as being "confidential medical

24   condition".  In keeping with this subject matter, any documents that were produced in the

25   Chevron Defendants June 27, 2008, document production pertaining to my confidential medical

26   condition, I request as what I previously requested in the past, that such documents be labeled as

27   "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY".

28

7

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
CASE NO. C 07-05756 SI (JCS)

With the above, in mind, the following documents that appear on the privilege log I request that defendants produce to me immediately:

CVX002369-2372 - Selection record for 50057857.  Privilege asserted is privacy.  This is a part of my personnel file and such should be produced.  If there are other employees listed on the selection record, defendants should produce that without redacting certain information as well as the confidential and privacy rule is waived in litigation.  Such has already been communicated to you as well as I provided a quote from a legal authority that supports this request.

CVX002354-2356 - Chares James calendar.  Privileged asserted privacy.  *See* above for reasons this document should be produced without redactions.

CVX012834 - Selection Record for 50097017.  Privileged asserted is privacy.  *See* above for reasons this document should be produced without redactions.

CVX010993.  Unless you provide the author, recipient and/or person that was CC you must produce this document.

I noticed that you have the production date of July 10, 2008, as it pertains to any subpoenas that you have issued to my former and current employer's.  Please note that such a date did not properly afford me with enough time to object by filing any motions to quash or modify the subpoenas.  On today, I accepted service for a subpoena to the California Public Utilities Commission.  I was somewhat shocked that this occurred given the fact that you had informed me that none of the subpoenas had been served as of yet when I raised concerns regarding the time-period in which you were seeking medical records from Kaiser PMG Stockton and Hayward for any work related injuries.  My concern was that your subpoenas exceeded the scope and time-frame of this action.  After raising such concerns, you informed me that you would have the subpoenas changed to only request records during the time period I was employed for the Chevron Defendants.  I request by way of this letter that you provide me with another copy of the subpoenas seeking work related injuries from Kaiser PMG Stockton and Hayward or I will move to quash these subpoenas on next week.

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

I also noticed that I'm missing CVX000001-002329 from the June 27, 2008, document production.  By way of this letter I request that you explain why these documents were not produced to me on June 27, 2008.  Without such a valid explanation, I request that Counsel for Chevron and the Chevron Defendants immediately produce these documents without further delay.  Enclosing, I request that when you supplement your responses to Plaintiff's Interrogatories, Set One that you withdraw all objections to the terms of "EMPLOYEE" or "PERTAINING TO".  You have previously stated in our June 26, 20078, telephonic conference call this was not Counsel for Chevron and the Chevron Defendants basis for withholding and/or not providing responsive documents to certain requests for production of documents.  Since that is the case, Counsel for Chevron and the Chevron Defendants should withdraw these objections.  With that said, I look forward to resolving all of these issues regarding discovery by Friday, July 4, 2008.

<div align="center">Very truly yours,</div>

<div align="center">/s/</div>

<div align="center">Samuel Bernard Johnson III</div>

Cc:     Robert D. Eassa, Esq.

<div align="center">9</div>

# EXHIBIT D

**Subject:**    **Re: Fw: Samuel Johnson v. Chevron, 7/2/08 Letter to Johnson**

**Date:**    7/3/2008 7:57:52 P.M. Pacific Daylight Time

**From:**    BlakVIII

**To:**    disvoranu@filicebrown.com

Delia,

I have received reviewed your letter and will respond to it.  Basically, I'm filing my letter with the Judge Spero to inform him that the parties have had a meet and confer on June 25, 2008. You stated you would provide to me your authorities in your letter and refuse to do such.  Yet, you continue to ask me to provide you with your authorities.  Judge Spero will not return to the Court until July 16, 2008.  As it pertains to my deposition.  On June 25, 2008, by way of email you asked me to provide you with dates in late August/early September 2008 for my deposition. I informed you that I started my new job on July 1, 2008, and would get back with you.  As it pertains to my availability to have my deposition taken, my position still has not changed as I do know what I will be working on.  You are welcome to notice my deposition and I will advise you that I will be unavailable due to work commitments, if such has been determined after I find more information or you can wait until I meet with my superior and get back to you.  It is your choice.

Likewise, I'm unable to notice any depositions of the employees until such time that the discovery dispute has been resolved.  This will impact the trial date.  Take care.  Samuel.

1

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

# EXHIBIT E

**SAMUEL BERNARD JOHNSON III**

**4420 Abruzzi Circle**
**Stockton, California 95206**
**(209) 470-2822 – Cellular**

July 31, 2008

Delia A. Isvoranu, Esq.
**FILICE BROWN EASSA & MCLEOD LLP**
1999 Harrison Street, 18th Floor
Oakland, California 94612

**Re:**    *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court,
Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Ms. Isvoranu:

I'm in receipt of your Defendants Chevron Corporation and Chevron Environmental

Management Company's responses to Plaintiff Johnson's Request for Admissions, Set One.

Your responses are unacceptable.  Rule 36, clearly states that you are to answer Request for

Admissions fully and honestly, without putting forth objections where such is not warranted.

(paraphrased).  Rule 36 also states that when asked a Request for Admissions you are to admit

the portion that is true or deny the portion that is not. (paraphrased).   I also would like to draw

your attention to the fact that I served both sets of the Requests for Admissions on June 2, 2008.

They were due on July 2, 2008.  You then requested a two (2) week extension, which meant your

responses were due on July 16, 2008.  You then requested a one-week extension stating that the

discovery that was due on July 18, 2008, could it be due on July 25, 2008.  I then sent you a

confirming email stating that the discovery would be due on July 25, 2008.

As you are aware, you responded to this discovery on July 28, 2008.  By doing such, you

have now waived any objections that you put forth in your answers to Plaintiff's Request for

Admissions.  As it pertains to you and your clients admitting or denying Request for Admissions,

I caution you to ensure that you and your clients are providing me with an honest answer to such.

1

Many of the Requests for Admissions that you and your client denied have correlating documents that support the Request for Admission that I asked. In other words, your response should have been admitted. I refer you to Request for Admission No. 25, wherein I asked the following, "Admit that on July 12, 2006, that Plaintiff Johnson placed a telephone call to DEFENDANT CVX's 800 number and reported that he was being subjected to discriminatory employment practices in DEFENDANT CVX's workplace. You and your clients responded Denied. As stated above, there are supporting handwritten notes that clearly show I called Defendant CVX's 800 number and reported discriminatory and retaliatory employment practices on July 12, 2006.

In anticipation for taking depositions in this action, I'm providing you with a list of employees that I would like to have their depositions taken:

1. Debbie Wong;
2. Sellers (Fee) Stough;
3. Kathryn Gallacher;
4. Catherine Drew;
5. Susan J. Solger;
6. Thomas Wyne;
7. Shar'ron Smith (I also request by way of this email that you provide me with Mr. Smith's last known address and telephone number, since you stat you are unable to provide any answers to the Requests for Admissions as Mr. Smith is a third party);
8. Harald Smedal;
9. Robert Schmitt;
10. Daniel Rocha;
11. Veronica Jones
12. Melanie Gordon;
13. Joyce Tate;
14. Michael Adams;
15. Christine Ellington;
16. Greg Ryan;
17. Corinne Hernandez;
18. Robert Wilkenfield;
19. Krystral Tran;
20. Curtis Peck;
21. Mary Hermansader;
22. Gary A. Yamashita

2

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS, CASE NO. C 07-05756 SI (JCS)

As it pertains to 36(b) depositions, I will be taking the following deposition on these topics:

1.  Chevron Corporation's Human Resources Policies;

2.  Chevron Corporation process for conducting Equal Employment Opportunity Investigations (this includes the mechanism for an employee to report discriminatory and retaliatory conduct in Chevron's workplace, how Chevron handles such a report after it has been reported, what protections are afforded to an employee under Chevron Corporation's Human Resources policies when an employee reports discriminatory and retaliatory employee practices in the work place, even when an employee reasonable believes that he/she is being subjected to such); and

3.  Chevron Corporation's Employee Disciplinary Process, (this includes how Chevron Corporation places an employee on a Performance Improvement Plan, what is Chevron Corporation's process as it pertains to recording discussions with employee's as it relates to an employee's work performance or any other work related concern/issue)

4.  Chevron Corporation's Ombudsman Program, (which includes how employees report concerns/issues to such, what is the process in releasing employee's records to Human Resources when a Chevron Corporation EEO investigation has been requested by an employee, what does Chevron Corporation's Ombudsman Program do when an employee reports discriminatory and retaliatory employment practices to it in the workplace).

As it pertains to item 1-4 above, which are the 36(b) depositions, if these topics can be accomplished by one 36(b) deposition, then I welcome such. However, if such cannot be accomplished by one deposition, then I guess I will be taking more then one 36(b) deposition.

As stated in the Joint Case Management Conference Statement, I plan to take some if not all of the depositions on a Saturday. Likewise, I request to know if your office will be available as the location to have all depositions taken in this action. If not, I'll secure space for depositions for the ones that I would like to take at another location. As stated in recent filings with the Court, there exist several discovery disputes before Judge Spero. One seems to have been resolved is the Pacific Gas & Electric Corporation subpoena.

However, I wait to discuss with you the scope of the new subpoena in order not to have

3

1    to go through the same process of you raising objections.  The other discovery dispute pertains to

2    employment records that I have requested of several personnel files pertaining to Chevron

3    Corporation's employees.  Based off Judge Spero's recent order, I will be filing a full motion to

4    compel you and your client to produce this discovery.  Such will e filed with the Court by this

5    coming Monday, August 4, 2008, so that this discovery dispute can be properly heard.

6        As it pertains to all of the handwritten notes in this action, please confirm for me that

7    Catherine Drew and Kathryn Gallacher are the authors of such.  I was informed of this when I

8    asked the same question in the Workers' Compensation matter.  Given such, please confirm.

9        On a final note, I may be updating my list of employee depositions.  As stated in the Joint

10   Case Management Conference statement, I maybe able to take care of two (2) depositions in one

11   day.  Should you have any additional questions regarding this matter, please do not hesitate to

12   contact me at the above-referenced telephone number and/or address.

13                     Very truly yours,

14

15

16                     Samuel Bernard Johnson III

17

18   Enclosures

19

20   Cc:     Robert D. Eassa, Esq.

21

22

23

24

25

26

27

28

                                  4

DECLARATION OF SAMUEL BERNARD JOHNSON III ISO PLAINTIFF'S MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION TO COMPEL AND REQUEST FOR SANCTIONS,
                       CASE NO. C 07-05756 SI (JCS)

**EXHIBIT F**

**Selection Record GO-1036**

Attention  Nora Rodriguez          Date  06/17/05

**Confidential**

| Open Position Requisition Number | | Position Title | | Pay Scale Group |
|---|---|---|---|---|
| 50097017 | | Procurement Specialist | | 20 – 21 |

| Company | AAP Code | EEO Code | Department | Division | Location |
|---|---|---|---|---|---|
| EMC | | | Business Services | Contract Administration | San Ramon, CA |

Instructions for completing this form are indicated in each of the three sections.

Please list all candidates for this open position. Then complete the balance of the form. If you have questions about any part of the process, please call the HR Employment, Selection and Compliance Group. *NOTE: Obtain the above AAP and EEO codes from the Affirmative Action Plan Information communication emailed to you (when the job requisition opened and closed) from the HR Employment and Selections group.*

I. Candidate Slate: The persons listed below are candidates for your open position. Indicate the method/source which identifies each candidate. If you interview a candidate, put a check (✓) in the Interviewed column next to that name. If you do not interview them, briefly cite job-related reasons for your decision. Also, include reason why an interviewed candidate was not selected. Please indicate race and gender for external candidates only. (Refer to last page of this form for instructions on obtaining this data.)

| | Source Internal or External | Race (external candidates only; use choices listed in drop-down menu) | Gender (external candidates only; use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 1. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 2. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 3. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 4. | External (E) | | | | ☐ | ☐ | Candidate Voluntarily Withdrew from Process |
| 5. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 6. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 7. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 8. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 9. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 10. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 11. | External (E) | Black | Female | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 12. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 13. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 14. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 15. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 16. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 17. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 18. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 19. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 20. | External (E) | Black | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 21. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |

REDACTED

CVX 012834

| | Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 22. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 23. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 24. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 25. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 26. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 27. | External (E) | Black | Male | Samuel Johnson | ☐ | ☒ | Candidate Selected |
| 28. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 29. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 30. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 31. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 32. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 33. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 34. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 35. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 36. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 37. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 38. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 39. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 40. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 41. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 42. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |

REDACTED

CVX 012835

| | Source (Internal or External) | Race (external candidates only: use choices listed in drop-down menu) | Gender (external candidates only: use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 43. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 44. | External (E) | | | | ☐ | ☐ | Candidate Voluntarily Withdrew from Process |
| 45. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 46. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 47. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 48. | External (E) | Caucasian | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 49. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 50. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 51. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 52. | Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 53. | | | | | ☐ | ☐ | |
| 54. | | | | | ☐ | ☐ | |
| 55. | | | | | ☐ | ☐ | |
| 56. | | | | | ☐ | ☐ | |
| 57. | | | | | ☐ | ☐ | |
| 58. | | | | | ☐ | ☐ | |
| 59. | | | | | ☐ | ☐ | |
| 60. | | | | | ☐ | ☐ | |
| 61. | | | | | ☐ | ☐ | |
| 62. | | | | | ☐ | ☐ | |
| 63. | | | | | ☐ | ☐ | |

| | Source (Internal or External) | Race (external candidates only: use choices listed in drop-down menu) | Gender (external candidates only: use choices listed in dropdown menu) | Name | Interviewed Via Phone | Interviewed On Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 64. | | | | | ☐ | ☐ | |
| 65. | | | | | ☐ | ☐ | |
| 66. | | | | | ☐ | ☐ | |
| 67. | | | | | ☐ | ☐ | |
| 68. | | | | | ☐ | ☐ | |
| 69. | | | | | ☐ | ☐ | |
| 70. | | | | | ☐ | ☐ | |
| 71. | | | | | ☐ | ☐ | |
| 72. | | | | | ☐ | ☐ | |

CVX 012836

## ChevronTexaco Corporation Selection Matrix

Requisition Number  50097017                     Position Title  Procurement Specialist

In the left hand column list the criteria you will be evaluating candidates, i.e., experience, knowledge, skills, ChevronTexaco Way Behaviors.  These criteria should relate to those you
originally specified.  Make brief notes under each candidate's name to evaluate their relative qualifications on each factor.[ Page 4 offers space for additional candidates.]

Formatted: Bullets and Numbering

*NOTE: You should retain all detailed interview notes for your records in case of  an audit or litigation.

| | WT | Candidate Name B | Candidate Name Samuel Johnson | Candidate Name R | Candidate Name S' |
|---|---|---|---|---|---|
| ...hip Skills/Strategic Thinking | 22.5% | 225 | 157.5 | 315 | 247.5 |
| ...UNICATION SKILLS | 22.5% | 315 | 112.5 | 180 | 247.5 |
| ...nal/Problem Solving Skills | 12.5% | 100 | 125 | 137.5 | 162.5 |
| ...ork/Customer Focus | 12.5 | 150 | 75 | 112.5 | 112.5 |
| ...t Administration Experience | 11.5 | 80.5 | 103.5 | 69 | 92 |
| ...Improvement | 10.5 | 73.5 | 94.5 | 126 | 115.5 |
| ...M/eProcurement Experience | 8.0 | 152 | 120 | 72 | 48 |
| | | | | | |
| ...core | 100% | 1096 | 788 | 1012 | 1025.5 |
| | | | | | |
| | | | | | |

...nts and Other Considerations as appropriate:  (e.g., selected candidate was surplus) _____

...n Team Members:   Debbie Wong, Brett Hunter, Penny Tse-Fottrell, Ramiro Canta _____

...d Candidate:    Samuel Johnson _____

... for Selection:    Scored lowest using selection criteria.  (In our model, the lowest score is the best score) _____

| *Key to Relative Weight of Selection Criteria Using a 10 Point Scale: | | **Level of Expertise (Candidate/Selection Team) |
|---|---|---|
| C = Critical = 10, 9 or 8 | 10, 9, or 8: Comprehensive / Very Proficient | Sought out by others as a resource.  Consistently and effectively demonstrates this competency in complex applications (e.g. is capable of training others) |
| I = Important = 7, 6, 5, or 4 | 7, 6, 5, or 4: General / Proficient | Regularly demonstrates this competency in routine work and demonstrates occasionally in complex applications.  (e.g. applies trained learning routinely in work) |
| D = Desired = 3, 2, or 1 | 3, 2, or 1: Limited / Somewhat Proficient | Demonstrates this competency occasionally or in limited applications (e.g. has taken training but has not applied on the job) |
| | 0 = Not Demonstrated | Candidate has not demonstrated selection criteria skill. |

REDACTED

## ChevronTexaco Corporation Selection Matrix

n Requisition Number    50097017                          Position Title    Procurement Specialist

| ADDITIONAL CANDIDATES | | Candidate Name S | Candidate Name | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| ia | RP% | | | | |
| rship Skills/Strategic Thinking | 22.5% | 292.5 | | | |
| UNICATION SKILLS | 22.5% | 270 | | | |
| tical/Problem Solving Skills | 12.5% | 125 | | | |
| Work/Customer Focus | 12.5% | 137.5 | | | |
| ect Administration Experience | 11.5% | 115 | | | |
| ty Improvement | 10.5% | 115.5 | | | |
| vM/eProcurement Experience | 8.0 | 48 | | | |
| | | | | | |
| Score | | 1103.5 | | | |

## ChevronTexaco Corporation Selection Matrix

n Requisition Number _____          Position Title _____

| ADDITIONAL CANDIDATES | | Candidate Name | Candidate Name | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| ia | RP% | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

CVX 012838

# EXHIBIT G



Roger

REDACTED

Submit to Expat group
to get re-imbursed

Regular expens

1st Rast
Pat Birch
or Shane

Daily — Kanvicka

209.982-4873

5604

For
510-282-6457

Employee Matters are confidential 21300
& will not be shared w/ others

Investigation is confidential.
Can discuss his issues, but can
not discuss any other information

Do Not

**EXHIBIT H**

election Record GO-1036

onfidential

Attention _____   Date 11/23/05

| | | |
|---|---|---|
| en Position Requisition Number )057857 | Position Title Supervisor, Contract Administration | Pav Scale Group 22 - |

| mpany EMC | AAP Code AA | EEO Code CW | Department Business Services | Division | Location San Ramon |
|---|---|---|---|---|---|

structions for completing this form are indicated in each of the three sections.

ease list all candidates for this open position. Then complete the balance of the form. If you have questions about any part of the process, please call the HR Employment, Selection and ompliance Group. *NOTE: Obtain the above AAP and EEO codes from the Affirmative Action Plan Information communication emailed to you (when the job requisition opened and osed) from the HR Employment and Selections group.*

**Candidate Slate:** The persons listed below are candidates for your open position. Indicate the method/source which identifies each candidate. If you interview a candidate, put a check (✓) in the erviewed column next to that name. If you do not interview them, briefly cite job-related reasons for your decision. Also, include reason why an interviewed candidate was not selected. **Please dicate race and gender for external candidates only.** (Refer to last page of this form for instructions on obtaining this data).

| Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|
| External (E) | Black | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | Caucasian | Male | | ☐ | ☒ | Candidate Voluntarily Withdrew from Process |
| Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | | | Samuel Johnson | ☐ | ☐ | Lacks Specific Skill(s) |
| Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | | | | ☐ | ☒ | Candidate Selected |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Black | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Caucasian | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | Female | | ☒ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Hispanic | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |

REDACTED



**CONFIDENTIAL**

| | Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 22. | External (E) | Unknown | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| 23. | External (E) | Hispanic | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 24. | External (E) | Unknown | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 25. | External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| 26. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 27. | External (E) | Unknown | Female | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| 28. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 29. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 30. | External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| 31. | | | | | ☐ | ☐ | |
| 32. | | | | | ☐ | ☐ | |
| 33. | | | | | ☐ | ☐ | |
| 34. | | | | | ☐ | ☐ | |
| 35. | | | | | ☐ | ☐ | |
| 36. | | | | | ☐ | ☐ | |
| 37. | | | | | ☐ | ☐ | |
| 38. | | | | | ☐ | ☐ | |
| 39. | | | | | ☐ | ☐ | |
| 40. | | | | | ☐ | ☐ | |
| 41. | | | | | ☐ | ☐ | |
| 42. | | | | | ☐ | ☐ | |
| 43. | | | | | ☐ | ☐ | |
| 44. | | | | | ☐ | ☐ | |
| 45. | | | | | ☐ | ☐ | |
| 46. | | | | | ☐ | ☐ | |
| 47. | | | | | ☐ | ☐ | |
| 48. | | | | | ☐ | ☐ | |
| 49. | | | | | ☐ | ☐ | |
| 50. | | | | | ☐ | ☐ | |
| 51. | | | | | ☐ | ☐ | |
| 52. | | | | | ☐ | ☐ | |
| 53. | | | | | ☐ | ☐ | |
| 54. | | | | | ☐ | ☐ | |
| 55. | | | | | ☐ | ☐ | |
| 56. | | | | | ☐ | ☐ | |

REDACTED

CVX 002370

## ChevronTexaco Corporation Selection Matrix

Position Requisition Number 50057857  Position Title Supervisor, Contract Administration

II. In the left hand column list the criteria you will be evaluating candidates, i.e., experience, knowledge, skills, ChevronTexaco Way Behaviors. These criteria should relate to those you originally specified. Make brief notes under each candidate's name to evaluate their relative qualifications on each factor. (Page 4 offers space for additional candidates.) *NOTE: You should retain all detailed interview notes for your records in case of an audit or litigation. The retention period is 6 years required by Policy 566 Information Retention.

REDACTED

| Criteria | RI* | Candidate Name D | Candidate Name T | Candidate Name N | Candidate Name S. |
|---|---|---|---|---|---|
| LEADERSHIP | C | WITHDREW | 8.75 | 7.2 | 8.6 |
| JOB KNOWLEDGE | C | WITHDREW | 7.0 | 7.4 | 8.6 |
| ANALYTICAL | I | WITHDREW | 8.25 | 7.4 | 8.6 |
| TEAMWORK/INTERPERSONAL | I | WITHDREW | 8.75 | 8.2 | 8.2 |
| PLANNING/ORGANIZATION/RESOURCE MANAGEMENT | C | WITHDREW | 7.5 | 7.8 | 8.0 |
| COMMUNICATION | I | WITHDREW | 8.25 | 7.4 | 9.0 |
| TOTAL AVERAGE SCORE | | | 8.1 | 7.7 | 8.4 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Comments and Other Considerations as appropriate: (e.g., selected candidate was surplus)

Selection Team Members: Debbie Wong, Doug Holmes, Bob Wilkenfeld, Lucinda Jackson, & Harald Smedal

Selected Candidate: Susan Solger

Reason for Selection: Candidate had overall highest score and most consistent feedback from references - SCORES REFLECT AVERAGE FROM IND. SELECTION MEMBERS

| *Key to Relative Weight of Selection Criteria Using a 10 Point Scale: | **Level of Expertise (Candidate/Selection Team) | |
|---|---|---|
| C = Critical = 10, 9 or 8 | 10, 9, or 8: Comprehensive / Very Proficient | Sought out by others as a resource. Consistently and effectively demonstrates this competency in complex applications (e.g. is capable of training others) |
| I = Important = 7, 6, 5, or 4 | 7, 6, 5, or 4: General / Proficient | Regularly demonstrates this competency in routine work and demonstrates occasionally in complex applications. (e.g. applies trained learning routinely in work) |
| D = Desired = 3, 2, or 1 | 3, 2, or 1: Limited / Somewhat Proficient | Demonstrates this competency occasionally or in limited applications (e.g. has taken training but has not applied on the job) |
| | 0 = Not Demonstrated | Candidate has not demonstrated selection criteria skill. |

## ChevronTexaco Corporation Selection Matrix

Position Requisition Number   50057857                Position Title   Supervisor, Contract Administration

ADDITIONAL CANDIDATES

REDACTED

| Criteria | RI* | Candidate Name A₁ | Candidate Name M | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| LEADERSHIP | C | 6.8 | 7.2 | | |
| JOB KNOWLEDGE | C | 7.2 | 7.8 | | |
| ANALYTICAL | I | 7.2 | 6.8 | | |
| TEAMWORK/INTERPERSONAL | I | 7.6 | 7.0 | | |
| PLANNING/ORGANIZATION/RESOURCE MANAGEMENT | C | 6.6 | 7.0 | | |
| COMMUNICATION | I | 7.2 | 7.0 | | |
| TOTAL AVERAGE SCORE | | 7.1 | 7.1 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |