SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10,<br><br>Defendants | Case No.:  C 07-05756 SI (JCS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CHEVRON CORPORATION, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, THEIR ATTORNEY OF RECORD AND REQUEST FOR SANCTIONS**<br><br>**DATE:** Friday, September 12, 2008<br><br>**TIME:** 9:30 a.m.<br><br>**COURTROOM:** A, 15th Floor<br><br>**JUDGE:** Hon. Magistrate Joseph C. Spero |

# TABLE OF CONTENTS

TABLE OF CONTENTS                                                                    i

TABLE OF AUTHORITIES                                                               iii

INTRODUCTION                                                                          1

FACTUAL AND PROCEDURAL BACKGROUND                                                    2

ARGUMENT                                                                             3

I.     THE GENERAL RULES STANDARD OF RELEVANCE                                        3

II.    COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS SHOULD BE
       ORDERED TO PRODUCE INFORMATION AND DOCUMENTS RELEVANT TO
       PLAINTIFF JOHNSON'S CLAIMS AND DAMAGES IN THIS PENDING
       ACTION                                                                        5

III.   COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS
       CONFIDENTIALITY AND PRIVACY RULE PRIVILEGE TO WITHHOLD THE
       CHEVRON DEFENDANTS' EMPLOYEES PERSONNEL FILES MAY
       NEVERTHELESS BE INVADED FOR LITIGATION PURPOSES                                5

IV.    COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS HAVE THE
       BURDEN TO SHOW WHY THEY ARE ENTITLED TO WITHHOLD RELEVANT
       DISCOVERY THAT WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING
       ACTION                                                                        9

       A.   Counsel for Chevron And The Chevron Defendants Contention That Plaintiff
            Johnson Seeks Unfettered Rights To Probe Through Employees Personnel Files Is
            Without Merit, Unfounded And Does Not Meet The Burden To Withhold
            Relevant Discovery That Will Lead To Admissible Evidence In This Pending
            Action                                                                    9

       B.   Counsel For Chevron And The Chevron Defendants Contention That This
            Action Is Not A Class Action Does Not Meet The Burden To Withhold
            Relevant Discovery That WiLl Lead To Admissible Evidence In This Pending
            Action                                                                   10

       C.   Counsel For Chevron And The Chevron Defendants Contention That Plaintiff
            Johnson Has Not Met And Conferred Regarding Only An Inapplicable Waiver
            Agreement Is Without Merit And Misleading                                11

V.     THE PROTECTIVE ORDER CONFIRMED BY THE HONORABLE SUSAN
       ILLSTON PROVIDES ADDITIONAL PROTECTIONS FOR ANY CONFIDENTIAL OR
       SENSITIVE INFORMATION THAT MAYBE PRODUCED FORM THE WITHHELD
       DISCOVERY IN THIS PENDING ACTION                                              13

i

VI.  ANALYSIS OF THE WITHHELD DISCOVERY AND WHY SUCH SHOULD BE
     PRODUCED BY COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS
     IN THIS PENDING ACTION                                                    15

        A.  Definitions To Plaintiff Johnson's Request For Production of Documents, Set No
            One                                                                16

VII. OTHER DISCOVERY THAT HAS BEEN PARTIALLY WITHHELD, IS RELEVANT
     AND WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING ACTION       40

VIII. THE WITHHELD DISCOVERY IS RELEVANT TO DEPOSITIONS THAT
      PLAINTIFF JOHNSON SEEKS TO TAKE AND THUS IS DISCOVERABLE IN THIS
      PENDING ACTION                                                           42

IX.  SANCTIONS ARE PROPER, JUST AND SHOULD BE IMPOSED AGAINSST
     COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS FOR
     WITHHOLDING RELEVANT DISCOVERY THAT WILL LEAD TO ADMISSIBLE
     EVIDENCE IN THIS PENDING ACTION                                           44

        A.  The Legal Standard In Plaintiff Johnson Seeking The Withheld Discovery    44

        B.  Sanctions Are Justified Due To Counsel For Chevron And The Chevron
            Defendants Withholding Relevant Discovery That Will Lead To Admissible
            Evidence In This Pending Action                                    44

X.   PLAINTIFF JOHNSON CONTENDS THAT THERE IS "GOOD CAUSE" TO A
     SHOWING THAT THE WITHHELD DOCUMENTS ARE RELEVANT TO THE
     SUBJECT MATTER OF THIS PENDING ACTION                                     47

XI.  COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS CONTENDS
     THAT CALIFORNIA LAW GOVERNS PRIVACY ISSUES IN THIS PENDING
     FEDERAL ACTION                                                           47

XII. CONCLUSION                                                                48

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND REQUEST FOR SANCITONS, CASE NO C 07-05756 SI (JCS)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Abdallah v. Cohen,*
2007 U.S. Dist. LEXIS 82638 (S.D. Cal. Nov. 7, 2007) .................................... 44

*Cook v. Yellow Freight Systems, Inc.,*
132 F.R.D. 548, (E.D. Cal. 1990) .................................... 5, 6

*E.E.O.C. v. County of San Benito,*
818 F.Supp. 289 (N.D. Cal. 1993) .................................... 8, 48

*EEOC v. Lockheed Martin,*
2007 U.S. Dist. LEXIS 39342 (d. Haw. May 29, 2007) .................................... 43

*Epstein v. MCA/Universal Studios,*
54 F.3d 1422 (9th Cir. Cal. 1995) .................................... 46

*Garrett v. City of San Francisco,*
818 F.2d 1515 (9th Cir. 1987 .................................... 8, 47

*Hallett v. Morgan,*
296 F.3d 732 (9th Cir. 2002) .................................... 44

*Heathman v. United States Distr. Court,*
503 F. 2d 1032 (9th Cir. 1974) .................................... 45

*Hickman v. Taylor,*
329 U.S. 495 (1974 .................................... 4

*Ivy. v. Outback Steakhouse, Inc.,*
2007 U.S. Dist. LEXIS 40801 (W.D. Wash, June 5, 2007) .................................... 48

*Jacobsen v. Filler,*
790 F.2d 1362 (9th Cir. 1986) .................................... 15

*Jones v. Commander, Kansas Army Ammunitions Plant,*
147 F.R.D. 248 (d. Kan. 1993) .................................... 7

*Kerrr v. United States District Court,*
511 F.2d 191 (9th Cir. 1975) .................................... 8, 47

*King v. Atiyeh,*
814 F.2d 565 (9th Cir. 1986) .................................... 15

*Miles v. Boeing Co.*,
154 F.R.D. 117 (E.D. Pa. 1994)                                              43

*Moskowitz v Superior Court*,
137 Cal. App. 3d 313, 187 Cal. Rpt 4(1982)                                  6

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.*,
135 F.R.D. 101 (D. N.J. 1990)                                               9

*Nugget Hydroelectric, L.P. v. Pacific Gas & Electric Co.*,
981 F.2d 429 (9th Cir. 1992), cert. denied, 113 S. Ct. 2336 (1993)         45

*Oakes v. Halvorsen Marine Ltd.*,
(1998 CD. Cal.) 179 F.R.D. 281                                             7, 9

*Onwuka v. Federal Express Corp.*,
178 F.R.D. 508 (D. Minn 1997)                                              43

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978                                                          4

*Palmer v. Ellsworth*,
1993 U.S. App. LEXIS 31933 (9th Cir. Idaho 1993)                           45

*Paulsen v. case Corp.*,
168 F.R.D. 285 (1996) (N.D. Cal. 1997)                                     3, 5

*Ragge v. MCA/Universal Studios*,
165 F.R.D. 601 (C.D. Cal. 1995)                                           8, 47

*Sallis v. Univ. of Minn.*,
408 F.3d 470 (8th Cir. Minn. 2005)                                         43

*Shoen v. Shoen*,
5 F.3d 1289 (9th Cir. 1993)                                                46

*Swinton v. Potomac Corp,*,
 270 F.3d 794 (9th Cir. 2001)                                               5

*United States v. Flewitt*,
874 F.2d 669 (9th Cir. 1989)                                               15

*Walker v. County of Contra Costa*,
2004 U.S. Dist. LEXIS 25285 (N.D. Cal. Dec. 3, 2004).                      14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND REQUEST FOR SANCITONS, CASE NO C 07-05756 SI (JCS)

1

**FEDERAL STATUES**

Federal Rules of Civil Procedure 26      3, 4, 6

Federal Rules of Civil Procedure 26(a)      46

Federal Rules of Civil Procedure 26(b)(1)      3, 45

Federal Rules of Civil Procedure 26(c)      46, 47

Federal Rules of Civil Procedure 26(b)(2)(C)      3

Federal Rules of Civil Procedure 34(a)      45

Federal Rules of Civil Procedure  37      1

Federal Rules of Civil Procedure 37(a)(2)      45

**CIVIL LOCAL RULES**

Civil Local Rule 7      1

Civil Local Rule 7-6      1

Civil Local Rule 7-8      1

**FEDERAL PUBLICATIONS/OTHER MATERIALS**

3 Moore's Federal Practice and Procedure,
section 2008 (3d ed. 2008)      4

Handbook of Litigants Without a Lawyer, United States District Court for the Northern District
of California, Revised April 2006, United States District Court for the Northern District of
California as of August 2, 2008,
http://www.cand.uscourts.gov/CAND/FAQ.nsf/60126b66e42d004888256d4e007bce29/14de5a2dfcdaa08c88256ebc0054574f/$F
ILE/ProSeHandbook-Rev4-06a.pdf      13

**INTRODUCTION**

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") moves the Court, pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rules 7, 7-6 and 7-8, to compel Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and the Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants") to produce withheld relevant discovery that will lead to admissible evidence in this action.  This motion is based upon this pleading and other documents and pleadings on file in this action.  The motion is filed because of the following:  *First*, Counsel for Chevron and the Chevron Defendants have withheld relevant discovery that will lead to admissible evidence in the action; *Second*, the withheld discovery will prove the allegations and claims that Plaintiff Johnson has asserted against the Chevron Defendants; *Third*, the withheld discovery will also support the allegations and claims that Plaintiff Johnson has asserted against all of the defendants in the proposed amended Complaint that was filed with this Court on June 14, 2008; *Fourth*, the withheld discovery goes to assisting Plaintiff Johnson in calculating the damages that he seeks from all of the defendants in this action; *Fifth*, the withheld discovery is needed in order to take depositions of the employees, who in turn will become defendants once the Court grants Plaintiff Johnson's motion to amend the original Complaint; and *Sixth*, obtaining the withheld discovery will speed up, rather then hinder possible settlement discussions between the parties in hopes that this matter maybe removed from the Court's docket.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 14, 2008, Plaintiff Johnson served on the Chevron Defendants Plaintiff's Requests for Production of Documents, Set One.  On June 16, 2008, Counsel for Chevron and the Chevron Defendants provided written responses and documents to Plaintiff Johnson's Request for Production of Documents, Set One.  Plaintiff Johnson's Request for Production of Documents, Set One seeks amongst other things the personnel files of the previously dismissed defendants as well as other employees of the Chevron Defendants.  The personnel files that

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Plaintiff Johnson seeks pertains to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, employee complaints, and other records, which bear on certain claims alleged by Plaintiff Johnson in the original Complaint and in the proposed Amended Complaint.  These personnel files also go to the character of each of the previously dismissed employee's and the other employee's credibility.  Likewise, the requested discovery will show that the named defendants and the proposed named defendants have a pattern and practice of discriminating against Plaintiff Johnson and other minorities on the basis of their race, subjecting them to a hostile work environment and taking adverse employment actions against minorities who have complained about what they reasonable believe to be discriminatory and retaliatory employment practices in the Chevron Defendants work environment.

Counsel for Chevron and the Chevron Defendants have refused to turn over the requested personnel files based on irrelevancy, the defendants' right to privacy and such personnel files are deemed confidential.  Counsel for Chevron and the Chevron Defendants have refused to produce other requested discovery that will be addressed below in this motion.  Plaintiff Johnson in turn raised objections to Counsel for Chevron and the Chevron Defendants withholding relevant discovery that would lead to admissible evidence in this pending action.

In order to resolve the current discovery disputes, Counsel for Chevron and Plaintiff Johnson conducted a telephonic meet and confer on Thursday, June 26, 2008, pursuant to Rule 37.  The meet and confer was unsuccessful in resolving the current discovery dispute between the parties.  *See* ¶¶ 5-6 to Plaintiff's Declaration ISO of Motion to Compel Discovery and Request for Sanctions.  Due to such, Plaintiff Johnson filed a letter brief on June 10, 2008, requesting the Court's assistance with the discovery dispute as well as full briefing on this matter, Counsel for Chevron in turn filed an opposition letter brief on June 15, 2008, Plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Johnson file a reply letter brief on June 15, 2008, and Counsel for Chevron filed a reply to that letter brief on June16, 2008.

On July 29, 2008, the Honorable Magistrate Judge Joseph C. Spero issued an order denying the relief that Plaintiff Johnson sought in his July 2008, letter brief, and stating the following as it pertained to the personnel files,

> "The motion to compel is DENIED. The July 10, 2008 letter does not specify the particular document requests that are at issue. To the extent that it does identify the documents sought, it refers only to the "personnel files of the previously dismissed defendants as well as other employees of the Chevron defendants." Plaintiff has set forth no basis that would justify the production of the entirety of these individuals' personnel files. While it is possible that there are particular documents within those files that Plaintiff might justifiably seek, he has not done so and has not set forth such a request in the July 10, 2008 letter."

*See* Court Docket #88.

## ARGUMENT

### I.    THE GENERAL RULE STANDARD OF RELEVANCE

Before Plaintiff Johnson shows why Counsel for Chevron and the Chevron Defendants relevance objections are unfounded; Plaintiff Johnson must briefly review the standard of relevance under the Federal Rules of Civil Procedure.  In pertinence part, FRCivP 26(b)(1) stated that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the [C]ourt may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Paulsen v. Case Corp.*, 168 F.R.D. 285, 287 (1996)  *See also* FRCP 26.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

It is not grounds for an objection that the information sought will be inadmissible at trial so long as the requested material could lead to other information that may be relevant to the subject matter of the action and "[t]his obviously broad rule is liberally construed" *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).  (relevance under rule (26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could lead on, *any issued that is or may be in the case*" (emphasis added).  ("the scope of discovery under FRCivP 26 (b) is very broad").  Given such, "the phrase "relevant to any subject matter involved in the pending action" has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"" (*quoting Hickman v. Taylor*, 329 U.S. 495, 501 (1974)).  Given further analysis, the term "reasonably calculated" means "any possibility that the information sought may be relevant to the subject matter of the action."  *See also* Wright et al., Federal Practice and Procedure § 2008 (noting that, even after the 2000 amendment to Rule 26(b)(1), the standard for discovery "is still a very broad one"). A district court has the authority to define the actual scope of discovery to the reasonable needs of the action. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment.

The above is further supported as, "[g]enerally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one district court:

> "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

*See Paulsen v. Case Corp.*, 168 F.R.D. 285, 287-288 (1996). As will be discussed in more detail below, the issues towards which Plaintiff Johnson's discovery is directed are at the core of this action. Given such, the Court should grant Plaintiff Johnson's motion to compel discovery and requested sanctions against Counsel for Chevron and the Chevron Defendants.

II.    **COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS SHOULD BE ORDERED TO PRODUCE INFORMATON AND DOCUMENTS RELEVANT TO PLAINTIFF JOHNSON'S CLAIMS AND DAMAGES IN THIS PENDING ACTION**

The information and documents being sought by Plaintiff Johnson are crucial to establishing punitive damages, which Plaintiff Johnson seeks in this action. When considering punitive damages, the fact finder is to consider the nature of the Chevron Defendants conduct, its duration or frequency, and the defendant's reaction after being informed of misconduct. *Swinton v. Potomac Corp.,* 270 F.3d 794 (9th Cir. 2001). It is pertinent for Plaintiff Johnson to find out how long such behavior has been going on, how many victims there have been, how far up the corporate chain the notice and responsibility goes, and how reckless and indifferent the Chevron Defendants have been to an environment that indisputably existed there for many years. Evidence of past abuses that have gone uncorrected is extremely relevant to the amount of punitive damages, which should be awarded in this action. Given such, the Court should provide the relief that Plaintiff Johnson seeks in this motion.

III.    **COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS CONFIDENTIALITY AND PRIVACY RULE PRIVILEGE TO WITHHOLD THE CHEVRON DEFENDANTS' EMPLOYEES PERSONNEL FILES MAY NEVERTHELESS BE INVADED FOR LITIGATION PURPOSES IN THIS PENDING ACTION**

Plaintiff Johnson contends that the confidentiality and privacy rule can be *"invaded"* for litigation purposes. The Court, in *Cook v. Yellow Freight Systems, Inc.*, 132 F.R.D 548, 551 (E.D. Cal. 1990) commented on the appropriateness of balancing the right to privacy with litigation goals:

"While this [C]ourt is of the view that such a balancing is appropriate, this

[C]ourt is also mindful of the fact that, by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependent on accuracy and truth. Nonetheless, the initiation of a lawsuit, does not, by itself, grant plaintiff's the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck".

Plaintiff Johnson contends that the Court also noted that even when a balance is struck, the "scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit". *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. at 552, citing with approval *Moskowitz vs. Superior Court*, 137 Cal. App. 3d 313, 316, 187 Cal. Rptr. 4 (1982). Plaintiff Johnson asserts that the importance of the information to plaintiff's claims outweighs any privacy interest defendants may have. Plaintiff Johnson also draws to this Court's attention that the parties executed a Stipulated Protective Order in which the Honorable Susan Illston conformed on June 2, 2008. *See* Court Docket #58. Given such, if upon the examination of the personnel files, information of a sensitive or personal nature is discovered, the parties can easily utilize the Stipulated Protective Order and label those documents under "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONDIDENTIAL – ATTORNEYS EYES ONLY".

Federal Rules of Civil Procedure 26 provides for discovery in civil actions, as follows:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or

6

other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

FRCivP 26 further permits discovery of information, which "may simply relate to credibility of witness or other evidence in case". *Oakes v Halvorsen Marine Ltd.*, (1998, CD Cal) 179 FRD 281. Plaintiff Johnson contends that the requested discovery has bearing on this pending action, as it will go to calculating damages against the Chevron Defendants for their alleged conduct in the original Complaint and in the proposed Amended Complaint.

Generally speaking, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one court:

"A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

*Jones vs. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993). For these reasons, the Magistrate Spero should grant the relief that Plaintiff Johnson seeks in this letter brief. Counsel for Chevron and the Chevron Defendants main

premise is that the defendants' personnel files are confidential and are subject to a privacy rule.  Stating that disclosure of the personnel files would violate the employee's privacy rights.  In addition, Counsel for Chevron and the Chevron Defendants claim that Plaintiff Johnson's request for the employee's personnel files are irrelevant, would hinder and/or discourage employees from utilizing the Chevron Defendants Ombuds and Employee Assistance Programs, etc. for fear that their privacy rights would be invaded.  Plaintiff Johnson contends otherwise.  Stating that while the Federal Rules of Civil Procedure do permit parties to be excused from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or expense", there is no generic "privacy" privilege.  Fed.R.Civ.Proc. 26(c).

Moreover, in a Title VII action, the federal common law of privilege controls.  *Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 (9th Circ. 1987) Court in the Ninth Circuit have held that personnel files are discoverable, despite the claims of privilege.  *See Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975) (denying writ of mandamus to vacate district court order granting discovery or personnel files), *affirmed* 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) ("even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may, nevertheless, be invaded for litigation purposes"); *E.E.O.C. v. County of San Benito*, 818 F. Supp. 289, 291 (N.D. Cal 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges).  Given the aforementioned, Counsel for Chevron and the Chevron Defendants contention that the defendants' right to confidentiality and a privacy rule are without merit and should not circumvent Plaintiff Johnson from obtaining relevant discovery that will lead to admissible evidence in this pending action.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

**IV.    COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS HAVE THE BURDEN TO SHOW WHY THEY ARE ENTITLED TO WITHHOLD RELEVANT DISCOVERY THAT WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING ACTION**

Plaintiff Johnson contends that, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283.  *See also Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Given such, Plaintiff Johnson contends that Counsel for Chevron and the Chevron Defendants cannot meet such a burden and should be ordered to produce all withheld discovery within ten (10) days from date of issuance of an order by the Honorable Magistrate Judge Joseph C. Spero.

**A.    Counsel For Chevron And The Chevron Defendants Contention That Plaintiff Johnson Seeks Unfettered Rights To Probe Through Employees Personnel Files Is Without Merit, Unfounded And Does Not Meet The Burden To Withhold Relevant Discovery That Will Lead To Admissible Evidence In This Pending Action**

Pursuant to Rule 26, Plaintiff Johnson has every right to seek discovery that will lead to admissible evidence in this action.  What Counsel for Chevron fails to mention is that the employees that Plaintiff Johnson seeks discovery (personnel files) were once named as defendants in this action.  In order to streamline this action for settlement, Plaintiff Johnson agreed to a voluntary dismissal do certain defendants with the option to amend the original Complaint within sixty (60) days from the filing of an April 1, 2008, stipulation.  *See* April 1, 2008, Stipulation and Order at Court Docket # 31.  When Counsel for Chevron breached that agreement amongst other things, Plaintiff Johnson sought guidance from the Honorable Susan Illston who in turn instructed the parties to either file a stipulation to amend the original Complaint or Plaintiff Johnson was to file a motion to amend the original Complaint pursuant to

FRCivP. 15. *See* Order at Court Docket # 52. There is a hearing set for August 22, 2008, to address that matter. Plaintiff Johnson clearly states to this Court that he is not on a **"fishing expedition"** as eluded to by Counsel for Chevron.

Plaintiff Johnson is conducting discovery on allegations that he raised in the original Complaint and a proposed amended Complaint that was filed with this Court on June 12, 2008. *See* Court Docket #'s 60-66 and 74. The discovery that Plaintiff Johnson seeks clearly goes to the heart of those allegations and the damages that Plaintiff Johnson requests in order to resolve this action. Counsel for Chevron's contention that Plaintiff Johnson is on a fishing expedition is without merit, unfounded and should fall on death ears to this Court.

**B.      Counsel For Chevron And The Chevron Defendants Contention That This Action Is Not A Class Action Does Not Meet The Burden To Withhold Relevant Discovery That Will Lead To Admissible Evidence In This Pending Action**

Plaintiff Johnson contends that the discovery that he seeks has nothing whatsoever to do with a class action and even if it was, such a meritorious request for discovery should not be denied. Upon filing this action Plaintiff Johnson sought to bring to this Court's attention that other employees had complained to the defendants about being subjected to what they reasonable believe to be discriminatory employment practices and they too where subjected to retaliation as was Plaintiff Johnson. These same employees participated in Plaintiff Johnson's Employer Equal Employment Opportunity investigations and were subjected to retaliation, as was Plaintiff Johnson for participating in a protective act under Title VII, the California Department of Fair and Employment Housing and the Civil Rights Act of 1866, Section 1981. Such constitutes discrimination and retaliation by the defendants due to an individual participating in a protective activity.

On the subject matter of the discovery that Plaintiff Johnson seeks, such is to prove the allegations that he asserted as well as to support the damages that he seeks. The basis of Plaintiff

Johnson's allegations is that others complained to him about discriminatory and retaliatory employment practices, Plaintiff Johnson in turn complained to the Chevron Defendants about what he reasonably believed to be discriminatory and retaliatory employment practices and by doing such, Plaintiff Johnson was in turn subjected to discriminatory and retaliatory employment practices which culminated in Plaintiff Johnson being wrongfully terminated on August 7, 2006. It should not go unnoticed that that Plaintiff Johnson was already being subjected to discrimination before the employees complained to him in August of 2005.  Given such, the discovery that Plaintiff Johnson seeks will clearly lead to admissible evidence and there is no **"fishing expedition"** as stated by Counsel for Chevron.  Furthermore, Plaintiff Johnson is entitled to seek discovery that will lead to admissible evidence in this action in order to prove the allegations that he raised in the original Complaint and in the proposed amended Complaint that is set for a hearing before this Court on August 22, 2008.

**C.     Counsel For Chevron And The Chevron Defendants Contention That Plaintiff Johnson Has Not Met And Conferred Regarding Only An Inapplicable Waiver Agreement Is Without Merit And Misleading**

Plaintiff Johnson contends that he never raised a **"waiver"** argument with Counsel for Chevron in order to properly argue this matter to the Court.  It was Counsel for Chevron who initially raised such.  Plaintiff Johnson repeatedly informed Counsel for Chevron that there objections based on a confidentiality and a privacy rule to withhold discovery that would lead to admissible evidence could be **"invaded"** for the purposes of litigation.  Counsel for Chevron believes that it is the only one entitled to the right to seek discovery of Plaintiff Johnson's past employers, *which calls for the production of personnel files and medical records spanning back to the year of 2000*, but Plaintiff Johnson is not entitled to the same thing pertaining to employees that work for the Chevron Defendants that either are decision makers pertaining to Plaintiff Johnson's performance reviews, where decision makers during the Chevron Defendants Equal Employer Opportunity investigations or where decision makers that lead up to Plaintiff Johnson being wrongfully terminated on August 7, 2006.  Plaintiff Johnson contends otherwise

and asserts that he should be entitled to such discovery on these employees in order to prove the allegations that he has made in the original Complaint, in the proposed amended Complaint.

Counsel for Chevron and the Chevron Defendant's contention that Plaintiff Johnson's July 10, 2008, letter brief is premature and not appropriate is just out right incorrect.  The parties have been unable to resolve a pending discovery dispute for well over two (2) weeks.   Plaintiff Johnson on several occasions advised Counsel for Chevron that the pending discovery dispute needed to be referred to you as the parties had reach an impasse in order to resolve such.

On July 3, 2008, Plaintiff Johnson conveyed the following to Counsel for Chevron:

> "Delia, I have [sic] reviewed your letter and will respond to it.  Basically, I'm filing my letter with the Judge Spero to inform him that the parties have had a meet and confer on June 2[6], 2008.  You stated you would provide to me your authorities in your letter and refuse to do such.  Yet, you continue to ask me to provide you with [my legal] authorities.  Judge Spero will not return to the Court until July 16, 2008…. Likewise, I'm unable to notice any depositions of the employees until such time that the discovery dispute has been resolved.  This will impact the trial date.  Take care.  Samuel."

On July 5, 2008, Plaintiff Johnson conveyed the following to Counsel for Chevron:

> "Delia, [a]gain, this is a matter for Judge Spero to address.  We are not in agreement on this matter.  To waste time on fighting a discovery dispute with you that will lead no....where is not beneficial to the parties as well as the discovery process.  I will send my three page letter to Judge Spero upon his return on July 16, 2008, and request for a ruling on the matter.  This should resolve this issue once and for all.  Thanks and take care for now.  Samuel."

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Given the above, as well as the Honorable Magistrate Joseph C. Spero's July 29, 2008, Order, this motion is proper and the relief that Plaintiff Johnson seeks, should be granted without further delay.

**V.    THE PROTECTIVE ORDER CONFORMED BY THE HONORABLE SUSAN ILLSTON PROVIDES ADDITIONAL PROTECTIONS FOR ANY CONFIDENTIAL OR SENSITIVE INFORMATION THAT MAYBE PRODUCED FROM THE WITHHELD DISCOVERY IN THIS PENDING ACTION**

Counsel for Chevron belittles the Honorable Susan Illston and this Court's practices of allowing individuals to represent themselves before this Court even if they are *in pro se* or not an attorney.  The Court clearly advises *pro se* or individuals who are not an attorney to familiarize themselves with this Court's procedures and rules..[1]  Given Counsel for Chevron's alarms and whistles that Plaintiff Johnson cannot be bound by a Stipulated Protective Order because he appears *In Pro Se* or is not an attorney is without merit and clearly unfounded.  To properly deal with this matter, Counsel for Chevron should have raised this very issue during the May 21, 2008, Case Management Conference before the Honorable Susan Illston, but failed to due such until the parties are engrossed in the exchanging of confidential materials that this Court has already placed under seal.  Counsel for Chevron could have also sought to have the Stipulated Protective Order modified, but failed to do such even after Plaintiff Johnson requested that Counsel for Chevron address this matter with the Honorable Susan Illston.  Yet Counsel for Chevron still has not done such.

Plaintiff Johnson has requested any and all DOCUMENTS PERTAINING TO any ADVERSE EMPLOYMENT actions, against the following employees, which consist of these employees files:

---

[1]
http://www.cand.uscourts.gov/CAND/FAQ.nsf/60126b66e42d004888256d4e007bce29/14de5a2dfcdaa08c88256ebc0054574f/$FILE/ProSeHandbook-Rev4-06a.pdf, Handbook for Litigants Without a Lawyer, United States District Court for the Northern District of California, Revised April 2006, United States District Court for the Northern District of California as of August 2, 2008.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

1.    Susan J. Solger;
2.    Gary A. Yamashita;
3.    Debbie Wong;
4.    Robert Schmitt; and
5.    Sellers (Fee) Stough.

Plaintiff Johnson has also requested some of the personnel files of employees who have complained to him that they were subjected to discriminatory and retaliatory employment practices while Plaintiff Johnson was employed for the Chevron Defendants.  These employees consist of, but are not limited to the following:

1.    Veronica Jones; and
2.    Melanie Gordon.

In the original Complaint, Plaintiff Johnson states that he complained to the Chevron Defendants and DOES 1-10 that he reasonably believed that others and he were being subjected to discriminatory and retaliatory employment practices.  Some of these employees informed Plaintiff Johnson that they even had or were involved in Employer Equal Employment Opportunity investigations conducted by the Chevron Defendants.  In order for Plaintiff Johnson to prove his allegations and claims that he complained on behalf of others, Plaintiff Johnson will need these employees personnel files.  Given such, this discovery is relevant to Plaintiff Johnson allegations and claims raised in the original Complaint and in the proposed amended Complaint.

Analysis of the *Walker v. County of Contra Costa, et al*. case follows on the same lines as what Plaintiff Johnson seeks here.  In the *Walker v. County of Contra Costa* action, Plaintiff Walker requested the following:

"No. 10. Any investigation of any allegations of misconduct against Defendant Keith Richer during the period from January 1, 1998 to the present."

"No. 17.   Any investigations of allegations of racial discrimination within the Fire Protection District conducted by the Fire Protection Districts Affirmative Action Officer from 1990 to the present."

*Walker v. County of Contra Costa, et al.*, 2004 U.S. Dist. LEXIS 25285 at 2 and 7 (N.D. Cal, Dec. 3, 2004)**.**  As it pertains to each one of the Document Requests as listed in the *Walker*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

*v. County of Contra Costa, et al.* matter, the Honorable Chief Magistrate Judge James Larson

ordered that the requested discovery be produced subject to a protective order.

> "The parties' positions are the same for this request as for request 16.
> This Court finds the documents to be relevant and that any privacy issues
> are obviated by the protective order.  Documents shall be produced,
> subject to protective order.

As stated above, the core of what Plaintiff Johnson seeks as referenced in Section VI of

this motion are personnel files.  As well noted in the *Walker v. County of Contra Costa, et al.*

action, the Honorable Chief Magistrate Judge James Larson, who further stated,

> "(1).  Any documents produced shall be remain confidential; therefore,
> all parties who obtain any part of a personnel file must sign an
> Agreement to be Bound by Protective Order."    *Id.*    at 7.

As stated above, the parties executed a Stipulated Protective Order in which the

Honorable Susan Illston conformed on June 2, 2008.  *See* Court Docket #58.  Likewise, as

noted in *Hutchens v. Hutchens*, the Court held the following, The Court notes, however, that

Plaintiff is bound by the same ethical limitations on lawyers in litigation. *United States v.*

*Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same

good faith limitations imposed on lawyers, as officers of the court); *King v. Atiyeh*, 814 F.2d

565, 567 (9th Cir. 1986)  ("Pro se litigants must follow the same rules of procedure that govern

other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)…" Hutchens v.

Hutchens, 2006 U.S. Dist. LEXIS 41404 (D. Ariz. June 19, 2006) at *12.  Given the

aforementioned case, when the Honorable Susan Illston conformed the Protective Order in this

action, she must have taken into account the Hutchens case.  Plaintiff Johnson further states that

Counsel for Chevron's contention that he is appearing pro se and/or not an attorney prevents him

from complying with the Protective Order in this action or being able to review "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY" information.   Plaintiff Johnson contends

that Counsel for Chevron is just out right wrong.  A Protective Order on its face is an "Order"

that is issued by the Court.  Given such, Plaintiff Johnson is bound by the provisions of the

Protective.

**VI.    ANALYSIS OF WITHHELD DISCOVERY AND WHY SUCH SHOULD BE PRODUCED BY COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS IN THIS PENDING ACTION**

Prior to conducting an analysis of the withheld discovery, Plaintiff Johnson will provide

the Court with the definitions that he used in Plaintiff's Request for Production of Documents,

Set One.

**A.    Definitions To Plaintiff Johnson's Request For Production of Documents, Set No. One**

For purposes of this motion, Plaintiff Johnson will only provide the "terms" in which

Counsel for Chevron and the Chevron Defendants raised objections to in order to withhold

relevant discovery that will lead to admissible evidence in this action:

1. The term "COMMUNICATION" or "COMMUNICATIONS" means any contact between two or more PERSONS or companies and shall include, without limitation, written contacts by such means as DOCUMENT or DOCUMENTS, oral contacts by such means as face-to-face or in person meetings or telephone conversations which have been reproduced, summarized, discussed, analyzed, mentioned and/or annotated in any way in a DOCUMENT, or email or any other form of electronic communication;

2. The term "EMPLOYEE", "EMPLOYEES" or "EMPLOYEE'S" means a PERSON or PERSONS who provides services in an EMPLOYMENT relationship and who is not a party to this action; and

3. The term "PERTAIN TO", "PERTAINS TO" or "PERTAINING TO", as used herein, is meant to be construed broadly and includes within is scope the terms supports, evidences, describes, summarizes, mentions, refers to, contradicts, comprises, relates to, alludes to, responds to, regarding, PERTAINING TO,

connected with, commenting on, in respect to, discussing, showing, reflecting, analyzing, projecting, and constituting.

Pursuant to FRCivP 37 Plaintiff Johnson provides the Court with the Requests for Production of Documents that he served on Chevron Environmental Management Company, Counsel for Chevron and why the withheld discovery should be produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO an ADVERSE EMPLOYMENT ACTION taken against Susan J. Solger from her first date of EMPLOYMENT to present with Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO" and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome. In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims. Moreover, documents related to Ms. Solger's employment are confidential personnel records protected from disclosure by the right to privacy in such records and information. Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the personnel file may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that Ms. Solger's personnel file may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment.  Likewise, Ms. Solger was Plaintiff Johnson's supervisor, was reasonable for Plaintiff Johnson's performance reviews and evaluation and was involved in the decision to have Plaintiff Johnson's employment wrongfully terminated.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO an ADVERSE EMPLOYMENT ACTION taken against Gary A. Yamashita from her first date of EMPLOYMENT to present with Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover, documents related to Mr. Yamashita's employment are confidential personnel records protected from disclosure by the right to privacy in such records and information.  Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is is also burdensome and

oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows: Chevron amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 8." The request is in fact Plaintiff's Request for Production No. 11, and Chevron's response was in fact designated as "Request to Request for Production No. 11."

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the personnel file may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that Mr. Yamashita's personnel file may reveal a pattern and practice of discriminatory and retaliatory employment practices. Plaintiff Johnson contends that the basis is further warranted for Mr. Yamashita's personnel file to be produce is that Mr. Yamashita was a decision maker, Plaintiff Johnson's main contact person when he contacted through the Chevron Defendants Ombudsman program and was also involved and/or contributed to some or all of the employment decisions that led up to Plaintiff Johnson's wrongful termination on August 7, 2006.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO an ADVERSE EMPLOYMENT ACTION taken against Robert Schmitt from his first date of EMPLOYMENT to present with Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO" and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome. In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims. Moreover, documents related to Mr. Schmitt's employment are confidential personnel records protected from disclosure by the right to privacy in such records and information. Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery it may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that this discovery may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment. Likewise, Mr. Schmitt was charged with training Plaintiff Johnson in August of 2005, and refused to due such. Plaintiff Johnson in turn reported such to Mr. Wong in September of 2005, Daniel Rocha in January of 2006 as well as during the Employer Equal Employment Opportunity investigations that took place in June and July of 2006. Given such,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

this discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and

allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO any ADVERSE

EMPLOYMENT ACTION taken against Sellers Stough from the first date of her

EMPLOYMENT to present with Defendant Chevron Corporation and/or a subsidiary of Chevron

Corporation.  This request also includes that any and all DOCUMENTS (notes or handwritten

notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term

"PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request

vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as

seeking documents which are neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover,

documents related to Mr. Stough's employment are confidential personnel records protected

from disclosure by the right to privacy in such records and information.  Finally, there is no legal

bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such

a demand, in addition not being allowed by the Federal Rules, is also burdensome and

oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce

documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery it may contain evidence of discrimination,

harassment, hostile work environment of other Chevron Defendants employees, complaints,

investigations, and remedial actions all of which are likely to lead to admissible evidence in this

action. Plaintiff Johnson further contends that this discovery may reveal a pattern and practice of

discriminatory and retaliatory employment practices in the Chevron Defendants work environment.  Likewise, Mr. Stough was Ms. Solger's immediate supervisor and was charged with investing the first Employer Equal Employment Opportunity investigation in June of 2006. Given such, this discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO an ADVERSE EMPLOYMENT ACTION taken against Debbie Wong from her first date of EMPLOYMENT to present with Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover, documents related to Ms. Wong's employment are confidential personnel records protected from disclosure by the right to privacy in such records and information.  Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery it may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that this discovery may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment.  Plaintiff Johnson contends that the basis for the requested discovery is further warranted as Plaintiff Johnson informed Ms. Wong that Mr. Schmitt would not train him, that Mr. Schmitt continued to use profanity in the work place and that Ms. Solger subjected Plaintiff Johnson to discriminatory and retaliatory employment practices in the Chevron Defendants work environment.  Such a complaint was made to Ms. Wong in September of 2005 and throughout Plaintiff Johnson's employment for the Chevron Defendants.

Plaintiff Johnson further contends that the basis for the requested discovery is further warranted Ms. Wong was Plaintiff Johnson's former supervisor, responsible for Plaintiff Johnson's performance review, etc. and should have reported that Mr. Schmitt refused to train Plaintiff Johnson as well as continued to use profanity in the Chevron Defendants work environment.  Given such, this discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO Susan J Solger participating in an Employee Assistance Program during her EMPLOYMENT for Defendant Chevron Corporation and/or a subsidiary of Defendant Chevron Corporation.  This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term

"PERTAINING TO" and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome. In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims. Moreover, documents related to Ms. Solger's use of Employee Assistance Program ("EAP"), if any, is protected from disclosure by Ms. Solger's right to privacy and the confidential nature of communications made to the [EAP]. In addition to Ms. Solger's right to privacy, Chevron also has a privacy interest in keeping its employees' communications with EAP confidential and protected from disclosure in order to encourage employees to use EAP in the future without fear that such communications will be subsequently disclosed. Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the Chevron Defendants have already produced documents reflecting Ms. Solger felt that Plaintiff Johnson was trying to destroy her career, that the Chevron Defendants were trying to steer Ms. Solger into the Chevron Defendants EAP program and that Plaintiff Johnson informed the Chevron Defendants that he felt something was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices. Plaintiff Johnson further needs the requested discovery to prove that the Chevron Defendants knew something else was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices. Such non-action by the Chevron Defendants constitutes intentional emotional distress on Plaintiff Johnson. Given such, the requested discovery will lead to

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to

the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

Any and all DOCUMENTS PERTAINING TO the personnel file and any desk file(s) of

Susan J. Solger from her first date of EMPLOYMENT with Defendant Chevron Corporation

and/or a subsidiary of Defendant Chevron Corporation.   This request also includes that any and

all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term

"PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request

vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as

seeking documents which are neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover,

the Request improperly seeks the disclosure of third-parties' confidential and private personnel

and employment related records.  Finally, there is no legal bass for Plaintiff's request that

Chevron incur time and expense transcribing documents and such a demand, in addition not

being allowed by the Federal Rules, is also burdensome and oppressive.  Subject to and based

upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the personnel files may contain

evidence of discrimination, harassment, hostile work environment of other Chevron Defendants

employees, complaints, investigations, and remedial actions all of which are likely to lead to

admissible evidence in this action. Plaintiff Johnson further contends that Ms. Solger's personnel

file may reveal a pattern and practice of discriminatory and retaliatory employment practices in

the Chevron Defendants work environment.  Likewise, Ms. Solger was Plaintiff Johnson's

supervisor, was reasonable for Plaintiff Johnson's performance reviews and evaluation and was involved in the decision to have Plaintiff Johnson's employment wrongfully terminated.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Any and all DOCUMENTS PERTAINING TO Susan J. Solger taking a Stress Management class and/or seminar during her EMPLOYMENT for Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation.   This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover, the disclosure of such documents, if they exist, would improperly invade Ms. Solger's right to privacy.   Finally, there is no legal basis for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the Chevron Defendants have already produced documents reflecting Ms. Solger felt that Plaintiff Johnson was trying to destroy her career, that the Chevron Defendants were trying to steer Ms. Solger into the Chevron Defendants EAP program and that Plaintiff Johnson informed the Chevron Defendants that he felt something was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices.  Plaintiff Johnson further needs the

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

requested discovery to prove that the Chevron Defendants knew something else was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices.  Such non-action by the Chevron Defendants constitutes intentional emotional distress on Plaintiff Johnson.  Given such, the requested discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Any and all DOCUMENTS or COMMUNICATIONS between Susan J. Solger and Defendant Chevron Corporation's Global Office of Ombuds.  This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Moreover, the Request improperly invades Ms. Solger's right to privacy and any such documents, if they exist, would be protected from disclosure by the patient-psychotherapist privilege and by the physician-patient privilege.  Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the Chevron Defendants have already produced documents reflecting Ms. Solger felt that Plaintiff Johnson was trying to

destroy her career, that the Chevron Defendants were trying to steer Ms. Solger into the Chevron Defendants EAP program and that Plaintiff Johnson informed the Chevron Defendants that he felt something was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices. Plaintiff Johnson further needs the requested discovery to prove that the Chevron Defendants knew something else was wrong with Ms. Solger besides her subjecting others and Plaintiff Johnson to discriminatory and retaliatory employment practices. Such non-action by the Chevron Defendants constitutes intentional emotional distress on Plaintiff Johnson. Given such, the requested discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Any and all DOCUMENTS or COMMUNICATIONS between Susan J. Solger and Sellers Stough PERTAINING TO PLAINTIFF JOHNSON regarding the claims alleged in the complaint. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO" and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome. In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims. Moreover, documents related to Ms. Solger's records are protected from disclosure by the ombudsman's privilege and/or Federal Rule of Evidence 408. Any such records are also protected from disclosure by Ms. Solger's and third-parties' rights to privacy. Finally, there is no legal bass for Plaintiff's request that Chevron incur time and expense transcribing documents and such a

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

demand, in addition not being allowed by the Federal Rules, is also burdensome and oppressive. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**[AMENDED] RESPONSE TO REQUEST FOR PRODUCTION NO. 2[1]:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows:  Chevron amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 9."  The request is in fact Plaintiff's Request for Production No. 21, and Chevron's response was in fact designated as "Request to Request for Production No. 21."

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because Ms. Solger was Plaintiff Johnson's supervisor, was a primary decision maker, including the decision to wrongfully terminate Plaintiff Johnson's employment on August 7, 2006.  Likewise, Mr. Stough was Ms. Solger's supervisor and was the primary decision maker in evaluating Ms. Solger's alleged conduct in this action.  Plaintiff Johnson further needs the requested discovery to show that Ms. Solger discussed the allegations in this action with Mr. Stough and in turn Mr. Stough communicated those communications to the Chevron Defendants.  Given such, the requested discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Any and all DOCUMENTS PERTAINING TO Gary A. Yamashita having his deposition taken in a civil action during his or her EMPLOYMENT for Defendant Chevron Corporation and/or a subsidiary of Chevron Corporation.  This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

29

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  Further, to the extent Mr. Yamashita may have ever been deposed and provided information at any such deposition regarding himself of another employee or Chevron, such documents and information are protected from disclosure by Mr. Yamashita's and third-parties' rights to privacy, the ombudsman's privilege, and/or Federal Rule of Evidence, Rule 408.  The Request also encompasses documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Moreover, there is no legal basis for Plaintiff's request that Chevron incur time and expense transcribing documents, even assuming responsive documents exist, and such a demand, in addition not being allowed by the Federal Rules, is also unduly burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the this discovery may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action.  Plaintiff Johnson further contends that this discovery may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment.

Plaintiff Johnson contends that the basis is further warranted for this discovery as Mr. Yamashita is the Manager of the Chevron Defendants Ombudsman program and on July 31,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

2008, Plaintiff Johnson informed Counsel for Chevron that we wanted to take a 36(b) deposition of the Person Most Knowledgeable regarding how the Chevron Defendants report discriminatory and retaliatory employment practices to the Chevron Defendants Human Resources Department once an employee provides his/her permission to have that information released.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Any and all DOCUMENTS PERTAINING TO Veronica Jones filing and/or participating in an Employer Equal Employment Opportunity investigation in 2006, while as a contractor or EMPLOYEE for Defendant CEMC.  This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  The Request also encompasses documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Further, the Request invades Ms. Jones' right to privacy regarding her employment with Chevron.  Moreover, there is no legal basis for Plaintiff's request that Chevron incur time and expense transcribing documents, even assuming responsive documents exist, and such a demand, in addition not being allowed by the Federal Rules, is also unduly burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows:  Chevron

amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 17." The request is in fact Plaintiff's Request for Production No. 31, and Chevron's response was in fact designated as "Request to Request for Production No. 31."

**PLAINTIFF BASIS FOR NEEDED THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because it may contain evidence of discrimination, harassment, hostile work environment complaints, investigations, and remedial actions made by Ms. Jones against the Chevron Defendants all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that this discovery file may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment. Plaintiff Johnson further contends that the basis is warranted for this discovery as Ms. Jones worked in the same opco/company that Plaintiff Johnson did and such discovery would go to Plaintiff Johnson's allegations and claims that the Chevron Defendants were subjecting minorities to discriminatory and retaliator employment practices in the Chevron Defendants work environmental. Given such, the requested discovery will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as will go to the damage calculations in this action.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Any and all DOCUMENTS PERTAINING TO Melanie Gordon filing and/or participating in an Employer Equal Employment Opportunity investigation in 2005-2006, while as a contractor or EMPLOYEE of DEFENDANT CEMC. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO" and the lack of limitation with regard to time, rendering the Request

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as seeking documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence given that the Request does not pertains to Plaintiff's claims.  The Request also encompasses documents protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Further, the Request invades Ms. Gordon's right to privacy regarding her employment with Chevron.  Moreover, there is no legal basis for Plaintiff's request that Chevron incur time and expense transcribing documents, even assuming responsive documents exist, and such a demand, in addition not being allowed by the Federal Rules, is also unduly burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows:  Chevron amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 18."  The request is in fact Plaintiff's Request for Production No. 32, and Chevron's response was in fact designated as "Request to Request for Production No. 32."

**PLAINTIFF'S BASIS FOR THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery as it may contain evidence of discrimination, harassment, hostile work environment complaints, investigations, and remedial actions made by Ms. Gordon against the Chevron Defendants all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that this discovery may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment.  Plaintiff Johnson further contends that the basis is warranted for this discovery as Ms. Gordon worked in the same opco/company that Plaintiff

Johnson did and such discovery would go to Plaintiff Johnson's allegations and claims that the

Chevron Defendants were subjecting minorities to discriminatory and retaliator employment

practices in the Chevron Defendants work environmental.  Given such,  the requested discovery

will lead to admissible evidence in support of Plaintiff Johnson's claims and allegation as well as

will go to the damage calculations in this action.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:

Any and all DOCUMENTS PERTAINING TO the personnel file and desk files(s) of Debbie

Wong.  This request also includes that any and all DOCUMENTS (notes or handwritten notes)

be transcribed.

### DEFENDANT'S RESPONSE:

Chevron objects to this Request as over broad as a whole, and in particular to the term

"PERTAINING TO"  and the lack of limitation with regard to time, rendering the Request

vague, ambiguous, and unduly burdensome.  In addition, Chevron objects to this Request as

seeking documents which are neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence given that the Request does not pertains to Plaintiff's claims.    Mover,

the Request improperly seeks the disclosure of third-parties' confidential and private personnel

and employment related records.  Moreover, there is no legal basis for Plaintiff's request that

Chevron incur time and expense transcribing documents, even assuming responsive documents

exist, and such a demand, in addition not being allowed by the Federal Rules, is also unduly

burdensome and oppressive.  Subject to and based upon the foregoing objections, Chevron will

not produce documents in response to this Request.

### AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Subject to and without waiving Chevron's objections previously asserted in its initial

responses to these Request or Production of Documents, Chevron responds as follows:  Chevron

amends this response only to correct Chevron's previously misnumbering and designation of this

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

request as "Request for Production No. 19." The request is in fact Plaintiff's Request for Production No. 33, and Chevron's response was in fact designated as "Request to Request for Production No. 33."

**PLAINTIFF'S BASIS FOR NEEDING THE REQUESTED DISCOVERY:**

Plaintiff Johnson needs the requested discovery because the personnel file may contain evidence of discrimination, harassment, hostile work environment of other Chevron Defendants employees, complaints, investigations, and remedial actions all of which are likely to lead to admissible evidence in this action. Plaintiff Johnson further contends that Ms. Wong's personnel file may reveal a pattern and practice of discriminatory and retaliatory employment practices in the Chevron Defendants work environment. Likewise, Ms. Wong was Plaintiff Johnson's former supervisor, was reasonable for Plaintiff Johnson's performance reviews and evaluation and was involved in the decision to have Plaintiff Johnson's employment wrongfully terminated on August 7, 2006.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

Any and all DOCUMENTS or COMMUNICATIONS PERTAINING TO an EMPLOYEE of DEFENDANT CEMC complaining about discriminatory and/or retaliatory employment practices. This request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO" and "an EMPLOYEE", which renders the Request vague, ambiguous, and under unduly burdensome. The Request fails to identify any particular employee, particular person to whom the complaint was made, specific time period, or type of claim (given that Plaintiff asserts only claims for race and disability discrimination and retaliation based on making an alleged complaint. As a result, the Request is further rendered overly broad, leading

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

to under burden.  As a result of this overbreadth, the Request encompasses documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the Request encompasses documents reflecting attorney-client and work-product protected documents and documents protected from disclosure by third parties' rights to privacy. Subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows:  Chevron amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 20."  The request is in fact Plaintiff's Request for Production No. 34, and Chevron's response was in fact designated as "Request to Request for Production No. 34."

**PLAINTIFF JOHNSON'S BASIS FOR NEEDED DISCOVERY**

Plaintiff Johnson contends the Chevron Defendants do not take seriously complaints of discrimination, does not properly investigate them and provides no remedies and actively intimidates, subjects them to a hostile work environment, harassments and discharges victims of discrimination from pursuing their claims under the Chevron Defendants Human Resources policies and Title VII, California Department of Fair Employment Housing, Americans With Disabilities Act, and Civil Rights Act of 1866, Section 1981.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

Any and all DOCUMENTS or COMMUNICATIONS between an EMPLOYEE of Defendant Chevron Corporation and/or a subsidiary of Defendant Chevron Corporation PERTAINING TO PLAINTIFF JOHNSON regarding the claims alleged in the complaint.  This

request also includes that any and all DOCUMENTS (notes or handwritten notes) be transcribed.

**DEFENDANT'S RESPONSE:**

Chevron objects to this Request as over broad as a whole, and in particular to the term "PERTAINING TO"  and "an EMPLOYEE".  In addition, the Request is unintelligible as it appears to seek documents evidencing communications, "an Employee" had with him or herself given that Plaintiff's Request does not indicate "between" whom the communication purportedly occurred.  Moreover, to the extent the Request suggests, given its vagueness and overbreath, that Chevron must inquire of each and every one of its employees whether any such conversations occurred and, if so, whether there are any documents reflecting such communications, the Request is also unduly burdensome and oppressive.  Finally, the request also encompasses documents protected from disclosure by the attorney-client privilege and work-product doctrine.  As a result, and subject to and based upon the foregoing objections, Chevron will not produce documents in response to this Request.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to and without waiving Chevron's objections previously asserted in its initial responses to these Request or Production of Documents, Chevron responds as follows:  Chevron amends this response only to correct Chevron's previously misnumbering and designation of this request as "Request for Production No. 21."  The request is in fact Plaintiff's Request for Production No. 35, and Chevron's response was in fact designated as "Request to Request for Production No. 35."

**PLAINTIFF JOHNSON'S BASIS FOR NEEDED DISCOVERY**

Plaintiff Johnson contends the Chevron Defendants do not take seriously complaints of discrimination, does not properly investigate them and provides no remedies and actively intimidates, subjects them to a hostile work environment, harassments and discharges victims of discrimination from pursuing their claims under the Chevron Defendants Human Resources

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

policies and Title VII, California Department of Fair Employment Housing, Americans With Disabilities Act, and Civil Rights Act of 1866, Section 1981.

Pursuant to FRCivP 37,  Plaintiff Johnson provides the Court with the Requests for Production of Documents that he served on Chevron Corporation, Counsel for Chevron and why the withheld discovery should be produced.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

Any and all DOCUMENTS regarding PLAINTIFF JOHNSON scheduling and/or confirming a meeting(s) with David O'Reilly, Chief Executive Officer for DEFENDANT CVX . Such a request includes all calendars of David O'Reilly, Chief Executive Officer for DEFENDANT CVX and/or his executive secretary(ies).

**DEFENDANT'S RESPONSE:**

Chevron objects to producing any portion of Mr. O'Reilly's calendar, not containing any calendar entry related to Plaintiff, on the grounds that such a Request is overly board and any such calendars are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and are protected by Mr. O'Reilly's right to privacy.  Subject to and without waiving these objections, Chevron responds as follows:  Following a diligent search, no calendar entry evidencing that a meeting with Plaintiff was scheduled on Mr. O'Reilly's calendar.

**PLAINTIFF JOHNSON'S BASIS FOR NEEDED DISCOVERY:**

Plaintiff Johnson contends that certain employees of the Chevron Defendants knew that Plaintiff Johnson was scheduled first to meet with Mr. O'Reilly on August 7, 2006.  Due to a scheduling conflict with Joyce Tate, a Project Manager who was the Chairman of the Chevron Black Employee Network San Ramon Chapter, Plaintiff Johnson directed Mr. O'Reilly's Executive Secretary to change the meeting date from August 7, 2006, to about a week in the future.  Plaintiff Johnson further contends that the basis for this discovery is further warranted as

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Plaintiff Johnson was going to inform Mr. O'Reilly of the discriminatory and retaliatory employment practices that were going on in the Chevron Defendants work environment.  In an effort to silence Plaintiff Johnson certain Chevron Defendants employees acted individually and jointly to have Plaintiff Johnson's employment terminated on August 7, 2006, after they became aware that Plaintiff Johnson rescheduled his meeting with Mr. O'Reilly to August 15, 2006.  Plaintiff Johnson asserts that it is by no coincidence that Plaintiff Johnson's employment with the Chevron Defendants also was wrongfully terminated on August 7, 2006.

Plaintiff Johnson would also like to inform the Court that he provided this requested discovery to Counsel for Chevron on July 16, 2008.  This portion of the motion is meant to show the Court Counsel for Chevron's conduct in how it not only has provided false and misleading information to Plaintiff Johnson, but to the Court as well.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Any and all DOCUMENTS regarding PLAINTIFF JOHNSON scheduling and/or confirming a meeting(s) with Alan Preston, Vice President of Human Resources for DEFENDANT CVX.  Such a request includes all calendars of Alan Preston, Vice President of Human Resources for DEFENDANT CVX his executive secretary(ies).

**DEFENDANT'S RESPONSE:**

Chevron objects to producing any portion of Mr. Preston's calendar, not containing any calendar entry related to Plaintiff, on the grounds that such a request is overly broad and any such calendars are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and are protected by Mr. Preston's right to privacy.  Subject to and without waiving these objections, Chevron responds as follows:  Following a diligent search, no calendar entry will be produced as Chevron is not in possession, custody or control of any calendar entry

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

evidencing that a meeting with Plaintiff was scheduled on Mr. Preston's calendar.

**PLAINTIFF JOHNSON'S BASIS FOR NEEDED DISCOVERY:**

Plaintiff Johnson contends that certain employees of the Chevron Defendants knew that Plaintiff Johnson was scheduled meet with Alan Preston on August 15 2006. The requested basis for the requested discovery is warranted as Plaintiff Johnson was going to inform Mr. Preston of the discriminatory and retaliatory employment practices that were going on in the Chevron Defendants work environment. In an effort to silence Plaintiff Johnson the certain Chevron Defendants employees acted individually and jointly to have Plaintiff Johnson's employment terminated on August 7, 2006, after they became aware that was scheduled to meet with Mr. Preston. It is by no coincidence that Plaintiff Johnson's employment for the Chevron Defendants also was wrongfully terminated on this date.

Plaintiff Johnson would also like to inform the Court that he provided this requested discovery to Counsel for Chevron on July 16, 2008. This portion of the motion is meant to show the Court Counsel for Chevron's conduct in how it not only has provided false and misleading information to Plaintiff Johnson, but to the Court as well.

**VII.    OTHER DISCOVERY THAT HAS BEEN PARTIALLY WITHHELD, IS RELEVANT AND WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING ACTION**

In a June 28, 2008, email to Counsel for Chevron, Plaintiff Johnson informed her that certain records that area on the privilege log he request's that Counsel for Chevron produce immediately . It should be noted that Counsel for Chevron has raised the privacy and confidentially objections to this discovery. Plaintiff Johnson lists the dispute discovery below as well as the basis that such "redacted" discovery be produced

**DISPUTED DISCOVERY**

CVX002369-2372 - Selection record for 50057857. *See* Exhibit H to Plaintiff's

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Declaration ISO of Motion to Compel Discovery and Request for Sanctions.

**DEFENDANT'S BASIS FOR WITHHOLDING DISCOVERY:**

Privilege asserted is privacy.

**PLAINITFF'S BASIS FOR REQUESTED DISCOVERY:**

Plaintiff Johnson has brought a claim in the proposed amended Complaint that he and others were subjected to discrimination on the basis of the Chevron Defendants job selection, hiring practices, job placement, screening and job selection practices.  It should also be noted that Susan J. Solger applied for the position of Supervisor, Contract Administration.  If you look on CVX 002369, you will see that a candidate was selected.  Such would clearly be Susan J. Solger.  You will also see that there is a notation by Plaintiff Johnson's name in the reason not interviewed and/or not selected.  It states lacks specific skills.  However, the box is not checked.  As well, Debbie Wong, Plaintiff Johnson's supervisor at the time pulled his application as soon as he submitted such.  Plaintiff Johnson also contends that the basis for this discovery is needed in order to conduct 36(b) depositions into the Chevron Defendants job selection, hiring practices, job screening and placement employment practices.  Given such, this requested discovery will lead to admissible evidence and will assist Plaintiff Johnson in calculating damages in this action.

**DISPUTED DISCOVERY:**

CVX012834- CVX 012838 - Selection Record for 50097017.  *See* Exhibit F to Plaintiff's Declaration ISO of Motion to Compel Discovery and Request for Sanctions.

**DEFENDANT'S BASIS FOR WITHHOLDING DISCOVERY:**

Defendant's assert a privacy objection.

**PLAINTIFF'S BASIS FOR REQUESTED DISCOVERY**

Plaintiff Johnson has brought a claim in the proposed amended Complaint that he and others were subjected to discrimination on the basis of the Chevron Defendants job selection, hiring practices, job placement, screening and job selection practices.  While the Chevron Defendants have produced other documents that support Plaintiff Johnson's claim, these documents are also relevant to these claims s it is believe that Robert Schmitt applied for this

particular position as noted on Line 52 of CVX 012836.  Plaintiff Johnson also contends that the basis for this discovery is needed in order to conduct 36(b) depositions into the Chevron Defendants job selection, hiring practices, job screening and placement employment practices. Given such, this requested discovery will lead to admissible evidence and will assist Plaintiff Johnson in calculating damages in this action.

**DISPUTED DISCOVERY**

CVX010993.  *See* Exhibit G to Plaintiff's Declaration ISO of Motion to Compel Discovery and Request for Sanctions.

**DEFENDANT'S BASIS FOR WITHHOLDING DISCOVERY**

Attorney client and/or work product.

**PLAINTIFF'S BASIS FOR REQUEST DISCOVERY**

Defendants stated on there privilege log that they do not know who the author, person copied on of receipt of these handwritten notes are, but have redacted a selection stating that the redacted portion is attorney client and/or work product.  If the Chevron Defendants are unable to determine who the author(s) of the redacted portion, then the Chevron Defendants should be required to unredact the redacted portion of this document.

**VIII.   THE WITHDELD DISCOVERY IS RELEVANT TO DEPOSITIONS THAT PLAINTIFF JOHNSON'S SEEKS TO TAKE AND THUS IS DISCOVERABLE IN THIS PENDING ACTION**

Plaintiff Johnson contends that the withheld discovery not only affects the employees dispositions, but will also affect any 36(b) depositions that he plans on taking.   On July 31, 2008, Plaintiff Johnson provided Counsel for Chevron with the various topics that he would be taking., which consist of the following:

1.   Chevron Corporation's Human Resources Policies;

2.   Chevron Corporation process for conducting Equal Employment Opportunity Investigations (this includes the mechanism for an employee to report discriminatory and retaliatory conduct in Chevron's workplace, how Chevron

handles such a report after it has been reported, what protections are afforded to an employee under Chevron Corporation's Human Resources policies when an employee reports discriminatory and retaliatory employee practices in the work place, even when an employee reasonable believes that he/she is being subjected to such);

3. Chevron Corporation's Employee Disciplinary Process, (this includes how Chevron Corporation places an employee on a Performance Improvement Plan, what is Chevron Corporation's process as it pertains to recording discussions with employee's as it relates to an employee's work performance or any other work related concern/issue); and

4. Chevron Corporation's Ombudsman Program, (which includes how employees report concerns/issues to such, what is the process in releasing employee's records to Human Resources when a Chevron Corporation EEO investigation has been requested by an employee, what does Chevron Corporation's Ombudsman Program do when an employee reports discriminatory and retaliatory employment

practices to it in the workplace).

As noted above, all of the personnel files are needed in order to conduct 36(b) depositions. Gary A. Yamashita is the Manager for the Chevron Defendants Ombudsman program, the requested personnel files go to items 1-3 above. Given such, Plaintiff Johnson is unable to conduct employee depositions or 36(b) depositions until such time that the discovery dispute has been properly heard by this Court and a ruling rendered. *See* ¶¶ 17-20 to Plaintiff's Declaration ISO of Motion to Compel Discovery and Request for Sanctions.

Plaintiff Johnson states that the Court should also look to *EEOC v. Lockheed Martin*, which stated the following,

> "In Title VII cases, greater latitude in discovery has been recognized. "The Supreme Court has acknowledged that, in Title VII, liberal civil discovery rules give plaintiffs broad access to document their claims." *Sallis,* 408 F.3d at 478 (citing *Onwuka v. Federal Express Corp.,* 178 F.R.D. 508 (D. Minn. 1997)) (internal quotations omitted). Unnecessary limitations on discovery in Title VII should thus be avoided, as the proof "required to demonstrate unlawful discrimination may often be indirect or circumstantial." *Miles v. Boeing Co.,* 154 F.R.D. 117, 119 (E.D. Pa. 1994).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

*See EEOC v. Lockheed Martin*, 2007 U.S. Dist. LEXIS 39342 (D. Haw. May 29, 2007) at *7. Given such, the Court is not constrained or limited in reviewing requested discovery that Plaintiff Johnson seeks as Plaintiff Johnson brought a Title VII action against the Chevron Defendants. While Plaintiff Johnson puts forth this case for the basis for granting that the requested personnel files be produced, Plaintiff Johnson has narrowly requested not all of the personnel files of the Chevron Defendants employees that have complained to him. For these reasons as well as others, Plaintiff Johnson requests that the Court grant the relief that he seeks from the filing of this motion.

IX.    **SANCTIONS ARE PROPER, JUST AND SHOULD BE IMPOSED AGAINST COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS FOR WITHHOLDING RELEVANT DISCOVERY THAT WILL LEAD TO ADMISSIBLE EVIDENCE IN THIS PENDING ACTION**

A.    **The Legal Standard In Plaintiff Johnson Seeking The Withheld Discovery**

The Court needs to look no further in [t]he scope of discovery is defined by Federal Rule of Civil Procedure 26(b). Pursuant to that rule, litigants may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. District courts enjoy broad discretion both to determine relevancy for discovery purposes, see *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtainable from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit"). *See Abdallah v. Cohen*, 2007 U.S. Dist. LEXIS 82638

(S.D. Cal. Nov. 7, 2007) *4-5.  Counsel for Chevron and the Chevron Defendants cannot overcome the legal challenge that the withhold discovery that Plaintiff Johnson seeks in relevant to the allegations and claims that Plaintiff Johnson asserted in the original Complaint that was filed on November 14, 2007, and in the proposed amended Complaint that was filed on June 12, 2008, with the Court.

**B.     Sanctions Are Justified Due To Counsel For Chevron And The Chevron Defendants Withholding Relevant Discovery That Will Lead To Admissible Evidence In This Action**

Pursuant to Rule 37, Plaintiff Johnson requests that Court impose sanctions against Counsel for Chevron and the Chevron Defendants for withholding relevant discovery that will lead to admissible evidence in this action.  Plaintiff Johnson asserts that the requested discovery that Counsel for Chevron and the Chevron Defendants have withheld with reasonable lead to admissible evidence in this action.  More telling here is that the requested discovery is clearly tied to the allegations and claims that Plaintiff Johnson brought in the original Complaint that was filed on November 14, 2007 and in the proposed amended Complaint that was filed on June 12, 2008.

Counsel for Chevron and the Chevron Defendants have thrown up baseless and frivolous objections in order to withhold this discovery in hopes that Plaintiff Johnson will not seek the proper relief from this Court prior to the September 20, 2009, discovery cut-off, while at the same time stating that Plaintiff Johnson is bringing frivolous motions that have wasted this Court's time.  To the contrary, this full briefing of the relevant discovery is a combination of all of the letter briefs that Plaintiff Johnson has filed with the Court with the exception of the subpoena served on Pacific Gas & Electric Corporation.

In *Palmer v. Ellsworth*, the Court stated the following,

"Under Fed. R. Civ. P. 37(a)(2), a party can move for an order compelling discovery if another party fails to produce documents. The documents requested must be relevant to the subject matter in the

> pending action, such that they are "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 34(a), 26(b)(1). Although relevance has a broad meaning, it is a question for the district court. *Heathman v. United States Dist. Court,* 503 F.2d 1032, 1035 (9th Cir. 1974). If the documents requested fall outside the scope of discovery, a district court should deny a motion to compel. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 438-39 (9th Cir. 1992), *cert. denied,* 113 S. Ct. 2336 (1993)."

*See Palmer v. Ellsworth*, 1993 U.S. App. LEXIS 31933 (9th Cir. Idaho 1993) at *12-13.

As the Court as stated in *Epstein v. MCA*, relevant discovery should be produce, as "[t]he Federal Rules of Evidence creates a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993). However, the right of a party to obtain discovery is not unlimited. A discovery request must be "'relevant to the subject matter involved in the pending action' or "reasonably calculated to lead to the discovery of admissible evidence."" *Id.* (quoting Fed. R. Civ. P. 26(a)). *Epstein v. MCA*, 54 F.3d 1422, 1423 (9th Cir. Cal. 1995) at 1423.

Given the aforementioned, even Counsel for Chevron and the Chevron Defendants Confidentiality and privacy rule should not prevent the Court in compelling the withheld discovery as, "[c]ontrary to [Counsel for Chevron and the Chevron Defendants] view, [the] confidentiality objections are insufficient to justify the withholding of relevant evidence. In fact, Rule 26(c) of the Federal Rules of Civil Procedure specifically contemplates that confidential information may be requested in discovery and provides various mechanisms for protecting the confidential nature of the documents without impeding the discovery process. *See* Fed. R. Civ. P. 26(c)....." *Id*. at *12.

For the reasons as stated herein, Counsel for Chevron and the Chevron Defendants should be compelled to produce all of the withheld discovery and the Court should impose sanctions for

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)

Counsel for Chevron and the Chevron Defendants conduct in withholding such relevant

discovery in this action

## X. PLAINTIFF JOHNSON CONTENDS THAT THERE IS "GOOD CAUSE" TO A SHOWING THAT THE WITHHELD DOCUMENTS ARE RELEVANT TO THE SUBJECT MATTER OF THIS PENDING ACTION

Throughout this motion Plaintiff Johnson has showed this Court at every turn in every

legal authority or persuasive argument that the withheld discovery is relevant to the claims and

allegations in the original Complaint that was filed on November 14, 1007 and the proposed

amended Complaint that was filed on June 12, 2008.  Good cause does exist that for the Court to

compel Counsel for Chevron and the Chevron Defendants to produce all of the withheld

discovery without further delay.

## XI. COUNSEL FOR CHEVRON AND THE CHEVRON DEFENDANTS CONTEND THAT CALIFORNIA LAW GOVERNS PRIVACY ISSUES IN THIS PENDING FEDERAL ACTION

Counsel for Chevron has provided Plaintiff Johnson and this Court with false and

Misleading information in stating that California law governs privacy issues that are currently

before this Court.  Plaintiff Johnson contends otherwise as The Honorable John C. Coughenour

stating in *Ivy v. Outback Steakhouse, Inc.* the following, "'[w]hile the Federal Rules of Civil

Procedure does permit parties to  be excused from certain discovery on the basis of "annoyance,

embarrassment, oppression, or undue burden or expense, there is no generic "privacy" privilege.

FRCivP. 26(c).  Moreover, in a Title VII action, the federal common law of privilege

controls.  Garrett v. City of San Francisco, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987).  Courts in the

Ninth Circuit have held that personnel files are discoverable, despite claims of privilege.  *See*

*Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975) (denying writ of

mandamus to vacate district court order granting discovery of personnel files), affirmed 426 U.S.

394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976); *Ragge v. MCA/Universal Studious*, 165 F.R.D.

601, 604 (C.D. Cal 1995) ("Even if the requested documents in defendants' personnel files are protected by defendants' privacy right, that right may nerveless, be invaded for litigation purposes"); *EEOC v. County of San Benito*, 818 F. Supp 289, 291 (N.D. Cal 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges). Privacy concerns therefore do not prevent discovery of the requested personnel files. by *Ivy v. Outback Steakhouse, Inc., 2007 U.S. Dist. LEXIS 40801 (W.D. Wash., June 5, 2007)* *5-7.

Give the above, Counsel for Chevron's arguments that California law governs privacy should be laid to rest along side its confidentiality and privacy rule in withholding relevant discovery that will lead to admissible evidence in this action.

## XII.    CONCLUSION

Based on the foregoing, Plaintiff Johnson respectfully requests that the Court grant the relief in this motion as well as any other relief that it wishes to impose on Counsel for Chevron and the Chevron Defendants. Plaintiff Johnson also respectfully requests for no oral arguments pursuant to Civil Local Rule 7-6 on the relief that he seeks in the filing of this motion to compel and request for sanctions.

Date this 4th day of August 2008                                        /s/

_____

SAMUEL BERNARD JOHNSON III

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS, Case No. C 07-05756 SI (JCS)