

# FBE&M
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

August 4, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
      Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

Defendants Chevron Corporation and Chevron Environmental Management Company ("Chevron") hereby seek a Protective Order regarding the 512 Requests for Admissions served by Plaintiff Samuel B. Johnson ("Plaintiff"). In this single plaintiff, non-complex, and straightforward case arising from Plaintiff's less than one year of employment with Chevron, there is no justification for the unduly burdensome, harassing, and oppressive Requests served by Plaintiff.

In that regard, I attempted to meet and confer with Plaintiff on July 31, 2008, regarding these Requests and sought a voluntary withdrawal of sets two through ten. I advised him (in an email) that the Requests were "unduly burdensome and harassing given the number served," to which Plaintiff responded: "These rfas are not an attempt to harass [sic] your greedy firm just wants to make money off your clients. This I find repulsive." In response I advised Plaintiff that responding to the Requests "will be much more expensive for our client than sending a letter to the court. This is one of the reasons we are seeking to limit the RFAs, i.e., to save our client the unwarranted expense."

Accordingly, for the reasons set forth below, defendant Chevron Corporation seeks a protective order relieving it from responding to Plaintiff's Request for Admissions Sets two through ten and, similarly, defendant CEMC seeks an order relieving it from responding to sets two through ten served upon it.[1] Plaintiff's pro per status does not entitle him to unfettered conduct. The

---

[1] Requests for Admission Sets One to each Defendant contained 30 Requests each, for a total of 60, to which each Defendant responded. Sets Two served upon each Defendant contain 25 Requests each, for a total of 50. Sets Three to each Defendant contain 25 Requests each, for a total of another 50. Sets Four to each Defendant contain 25

LAKE MERRITT PLAZA ♦ 1999 HARRISON STREET ♦ SUITE 1800
PO BOX 70850 ♦ OAKLAND, CA 94612-0850 ♦ 510.444.3131 FAX: 510.839.7940

ONE CALIFORNIA PLAZA ♦ 300 SO. GRAND AVENUE ♦ SUITE 1400
LOS ANGELES, CA 90071-3124 ♦ 213.687.2666 FAX: 213.687.2660

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

Federal Rules "apply to uncounseled litigants and must be enforced." (*Members v. Paige*, 140 F.3d 699, 702-03 (7th Cir.1998).) This is particularly true in a case such as this when the conduct becomes vexatious as has been the case both through discovery as well as Plaintiff's numerous filings with the Court (the docket sheet now exceeds 90 items filed with the Court).

### Discovery Responded to by Chevron

To date, Plaintiff has served a total of 400 Interrogatories upon Chevron. Chevron has responded to a total of 50 Interrogatories thus far (through objections as they contained unintelligible and multiple subparts) and, as a gesture of good-faith, is in the process of responding to an additional 50 Interrogatories although the Interrogatories exceed the rule of 25 set forth in Fed. Rules Civ. Proc., rule 33. As to the remaining 300 Interrogatories, Chevron will respond by objecting on multiple bases, including on the grounds that the Interrogatories exceeding the limitations set forth in Rule 33.

Chevron has also responded to 70 Requests for Production of Documents and has produced over 14,000 documents to Plaintiff.

As to Requests for Admissions, Plaintiff has served a total of 512 Requests, comprised of 256 upon Chevron Corporation and 256 upon CEMC. To date, Chevron has, collectively, responded to 60 Requests for Admissions (Sets One to each Defendant, containing 30 Requests to each). The 30 Requests to each Defendant were unique and not duplicates—in other words, Plaintiff did not serve the same 30 Requests upon Chevron Corporation as he did upon CEMC. Chevron seeks a Protective Order and relief from responding to the remaining 452 Requests.

### Plaintiff's Requests for Admissions Are Unduly Burdensome and Oppressive:

Pursuant to Fed. Rules Civ. Proc., rule 26(c), this Court may enter an order "to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense...." A district court's power to prevent abuse of the discovery process is very broad and must be exercised in this case. Here, the burden and expense related to responding to the proposed discovery outweighs its likely benefit given that many of the Requests are unintelligible, pertain to minutiae and irrelevant matters, or simply ask Chevron to admit/deny information which can be obtained from the 14,000 documents produced to Plaintiff.

---

Requests each, for a total of another 50. Sets Five to each Defendant contain another 25 Requests each, for a total of another 50. Sets Six to each Defendant contain 25 Requests each, for a total of another 50. Sets Seven to each Defendant contain 26 Requests each, for a total of 52. Sets Eight to each Defendant contain 25 Requests each, for a total of 50. Sets Nine to each Defendant contain 25 Requests each, for a total of another 50. Sets Ten to each Defendant contain yet another 25 Requests each, for a total of another 50. This totals 512 Requests collectively, to both Defendants.

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

FBE&M

In *Taylor v. Great Lakes Waste Servs.*, 2007 WL 422036, at *2 (E.D.Mich. 2007), an employment action, the Court found that 297 requests for admission (approximately ½ of the total number served by Plaintiff in this case) were unduly burdensome and oppressive. There, the local rule provided for 25 Requests for Admission per party, which the *Taylor* court found to be sufficient:

> Although the federal rules do not limit the number of requests that a party may serve, many courts have limited by local rule the number to 25 per party. In addition, the Court is mindful that the federal rules limit the number of interrogatories that a party may serve to 25 per party. In light of the **number of requests generally found to be acceptable in an uncomplicated case** such as this one, the Court finds 297 requests for admission to be **oppressive and unduly burdensome**. Defendants' requests therefore violate Fed.R.Civ.P. 26(c).(Internal citations omitted; emphasis added.)

Similarly, in *Joseph L. v. Connecticut Dept. of Children and Families*, 225 F.R.D. 400 (D.Conn.2005) the court found that "good cause" existed for the issuance of a protective order pertaining to 163 Requests for Admissions (1/3 the number served by Plaintiff in this case). Although the court deemed some of the requests to be pertinent, it nonetheless relieved defendant of the duty to respond, stating, "the court agrees that relatively few of these requests for admission are even relevant and finds them excessive to the point of being abusive." (See also, *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 2007 WL 1300772 at *3 (W.D.Pa.,2007), [Court issued a protective order where 544 Requests were served]; *Frost v. Williams*, 46 F.R.D. 484 (D.C.Md.1969) [Service of 200 interrogatories on defendant was oppressive and warranted issuance of protective order.].)

It is conservatively estimated that responding to the remaining Requests in this matter will require between 100-200 attorney hours (exclusive of Defendants' employees' time and efforts), equating to tens of thousands of dollars in attorneys' fees, given that an answer to each Request requires Chevron to literally search through the 14,000 documents produced to Plaintiff which have been in his possession for months, comprised almost exclusively of emails, and to search for an email sent on a particular date, between particular persons, which makes reference to a particular subject/content or, alternatively, to interview several individuals when a response cannot be found in these voluminous records.

A Protective Order is further justified by the fact that many of Plaintiff's Requests for Admissions are unintelligible, seek legal conclusions, and further lead to undue burden and oppression given that they are impermissibly compound, conjunctive and disjunctive and incorporate other Requests from other sets. The following are simply some examples:

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 4

FBE&M

- Request No. 3 (Set Three): "Admit that the COMMUNICATIONS contained in Request for Admission #1 are not a COMMUNICATION or COMMUNICATIONS made by PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives or EMPLOYEES, or other PERSONS acting on YOUR behalf or made from PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives, or EMPLOYEES, or other PERSONS acting on YOUR behalf.
- Request No. 12 (Set Four): "Admit that what is referenced in Set #3, Request for Admission #20, constitutes discrimination under YOUR Human Resources policies as PLAINTIFF JOHNSON participated in a protected activity as defined under Title VII when PLAINTIFF JOHNSON reported in June 2006, that he reasonably believed that he and others were being subjected to discriminatory and retaliatory employment practices in YOUR work environment."
- Request No.4 (Set Four): "Admit that as it PERTAINS TO the COMMUNICATION or COMMUNICATIONS in Request for Admission #1 such occurred in a meeting that is reflected on PLAINTIFF JOHNSON'S and Susan J. Solger's work calendars as "Performance Update" meeting."
- Request No.1 (Set Four): "Admit that as part of YOUR June 2006, EMPLOYER Equal Employment Opportunity Investigation YOU concluded that PLAINTIFF JOHNSON did not make a "fuck up" or use his "middle finger" at Susan J. Solger during YOUR business meetings or at any other time during his EMPLOYMENT with Defendant Chevron Environmental Management Company as it PERTAINS TO Set 3, Request for Admission #13."
- Request No. 17 (Set Three): "Admit that Susan J. Solger did not have a purse in her office that PERTAINS TO Request for Admission #13."

Accordingly, given that the information sought often pertains to minutiae or seeks an admission regarding ultimate issues of law, and are overly broad and oppressive, the Requests do not to any extent "narrow the issues" (the purposes of Requests for Admissions) and they should be precluded. There can be no question that Plaintiff's compound and poorly phrased Requests distort the purpose of this particular discovery tool, i.e., to *save* time and expense for all by narrowing the issues to be tried.

Respectfully submitted,

Delia A. Isvoranu