

**FILICE BROWN EASSA & MCLEOD LLP**

FBE&M
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

August 5, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

Re: *Samuel B. Johnson III v. Chevron Corporation, et al.*
Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

In response to the two new motions filed by Plaintiff on August 4, 2008, now totaling more than one-half dozen, including, among others, a Motion for Ex Parte Relief (denied), three Motions to Compel (all denied), Motion for Leave to Amend (pending) and Motion to Modify the Court's Scheduling Order (pending), Chevron hereby opposes Plaintiff's continued vexatious conduct.

**Procedural History Related to Motions**:

On July 10, 2008, Plaintiff filed a seven page "letter brief" with this Court (Document 76) regarding the very same discovery requests at issue in his recently filed "Motion to Exceed Twenty-Five Page Limitation" (Document 91) and "Motion to Compel Discovery" (Document 100). In that letter, Plaintiff acknowledged this Court's Local Rules and Standing Orders requiring letter briefs as opposed to formal motions, by stating:

> In keeping with the Notice of Reference (Future Discovery Dispute Procedures) that can be found at Court Docket #29, Samuel Bernard Johnson III, (hereinafter referred **to as "Plaintiff Johnson") is notifying you that a discovery dispute has arisen…Plaintiff Johnson also apologizes to this Court and Magistrate Spero for exceeding the three (3) page limit pertaining to submitting a letter brief regarding a discovery dispute.** With such in mind, Plaintiff Johnson respectfully requests that Magistrate Spero allow Plaintiff Johnson to file a seven (7) page letter brief…. (Emphasis added.)

LAKE MERRITT PLAZA ♦ 1999 HARRISON STREET ♦ SUITE 1800
PO BOX 70850 ♦ OAKLAND, CA 94612-0850 ♦ 510.444.3131 FAX: 510.839.7940

ONE CALIFORNIA PLAZA ♦ 300 SO. GRAND AVENUE ♦ SUITE 1400
LOS ANGELES, CA 90071-3124 ♦ 213.687.2666 FAX: 213.687.2660

Re:  *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

Plaintiff submitted that seven page letter brief to the Court with legal authorities which he contended supported his position: "Plaintiff Johnson files this seven (7) page letter brief with the Court in order for Magistrate Spero to resolve the current discovery dispute that has arisen between the parties." (Plaintiff's July 10, 2008, letter.) Therein, Plaintiff requested further briefing: "For the reasons as stated herein, Plaintiff Johnson respectfully requests that after Magistrate Spero has conducted such deliberations on this discovery dispute as outlined in this letter brief and any reply letter brief that he directs the parties to submit a full brief…" No such directive was provided by the Court.

Chevron opposed Plaintiff's request and, on July 15, 2008, Plaintiff repeated his attempt to persuade this Court by filing a three-page "reply letter." (Document 78.) Days later, on July 23, 2008 (Document 80), Plaintiff filed a similar letter brief, this time concerning a subpoena rather than Requests for Production. The issues in both Plaintiff's July 10th, 15th, and 23rd letters were similar (personnel records) and Plaintiff provided argument and legal authorities (albeit inapplicable and unpersuasive) in each of those letters.

On July 29, 2008, having reviewed all of the correspondence from Plaintiff and oppositions from Chevron, this Court denied Plaintiff's requests. (Document 88.) The Court stated that Plaintiff had "set forth no basis that would justify the production" of the records at issue. The Court **did not** grant Plaintiff's request for further briefing and did not invite further motion work on this issue.

**Plaintiff's Motions Are Improper Motions for Reconsideration and Briefing Which Was Not Granted or Invited by the Court:**

Although the Court did not grant Plaintiff's request for "full briefing," Plaintiff has, nonetheless, unilaterally ordered the briefing himself, forcing Chevron to now have to expend additional time and resources in opposing (assuming the Motion is allowed to stand) Plaintiff's 48-page "Motion to Compel Discovery." Such is an improper motion for reconsideration. It is for this reason that, in my August 2, 2008 emails to Plaintiff, I stated: "[T]he Order did not ask for a full briefing, so I will object to the Motion" and, in response to Plaintiff's threat that he will "advise the court that you will not provide a stipulation," I asked him to "[p]lease advise the court that I will not stipulate given that I do not believe a motion is proper." In response, and in a subsequent email which Plaintiff has conspicuously not attached to his supporting Declaration, Plaintiff obstinately stated, "I'm advising the court that you will not stipulate. You can make your argument to the court in your opposition with regard to what is proper or not," leaving Chevron to now have to file this letter with the Court.

Plaintiff's "Motion to Compel Discovery" is improper as it violates this Court's Local Rules and Standing Order which require letter briefs (a remedy fully exhausted by Plaintiff) in lieu of motions, was not ordered or authorized by the Court, and is in reality an improper motion for

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

FBE&M

reconsideration. There are no "new facts or legal issues" justifying even mere consideration of Plaintiff's Motion. (*In re Vander Houwen*, 2008 WL 2224686 at *1 (9th Cir. 2008); See also, *In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d 528, 533, 542 (9th Cir.1990) [Reviewing denial of motion for reconsideration for abuse of discretion and stating that "reconsideration may properly be denied where the motion fails to state new law or facts."].).

Plaintiff's repeated Court filings and content clearly indicate that he is not unfamiliar with the judicial process and legal research. Through his repeated letters to the Court—three alone pertaining to the personnel records—Plaintiff has had ample opportunity to present facts and law supporting his position on the issues raised in his August 4, 2008, 48-page "Motion to Compel Discovery." No new facts have arisen or new law been determined entitling Plaintiff to reconsideration of his unsuccessful prior motions to compel, in the form of letter briefs, on this very same issue.

Accordingly, Chevron respectfully requests that both Plaintiff's "Motion to Exceed Twenty-Five Page Limitation" (Document 91) and "Motion to Compel Discovery" (Document 100) be summarily denied and that Chevron be relieved of the duty to prepare oppositions to either Motion.

Plaintiff's continued indifference to the Federal Rules of Procedure and to the burden his repeated filings place upon the Court and the parties subjects him to sanctions under Fed. Rules Civ. Proc., rules 11 and 26, as opposed to entitling him to the requested relief, and must not be permitted.

Respectfully submitted,

Delia A. Isvoranu