**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 470-2822 – Cellular

___

August 5, 2008

The Honorable Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court
Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files a letter brief in reply to Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants"), (collectively referred to as "Chevron") August 5, 2008, objections to Motion to Compel and administrative request to exceed twenty-five pages to file a memorandum in support thereof. .

It should be noted that when the Honorable Magistrate Judge Joseph C. Spero issued his July 29, 2008, Order Denying Plaintiff's Motion to Compel he stated the following:

> "Plaintiff has filed a letter dated July 10, 2008, [Docket No. 76], seeking to compel the production of certain documents that he requested from Defendants, Chevron Corporation and Chevron Environmental Management Company, ("Defendants")." "The motion to compel is DENIED. The July 10, 2008 letter does not specify the particular document requests that are at issue. To the extent that it does identify the documents sought, it refers only to the "personnel files of the previously dismissed defendants as well as other employees of the Chevron Defendants". Plaintiff has set forth no basis that would justify the production of the entirety of these individuals' personnel files. While it is possible that there are particular documents within those files that Plaintiff might justifiably seek, he has not done so and has not set forth such a request in the July 10, 2008 letter"

By virtue of the above, the Honorable Magistrate Judge Joseph C. Spero informed Plaintiff Johnson that in order to obtain the relief that he sought in his July 10, 2008, letter brief, Plaintiff Johnson should have or must provide the Court with more information. Given such, Plaintiff Johnson filed the proper motion on August 4, 2008, providing the Court with what it requested and/or needed. What Chevron fail to inform this Court is that there is no plain relief to properly address the Court's July 29, 2008, Order Denying Plaintiff's Motion to Compel, but for Plaintiff Johnson to file a Motion to Compel. Would Chevron have Plaintiff Johnson file a fifty or so page letter brief to provide the Court with pertinent information that it stated it needed as outlined in the July 29, 2008, Order Denying Plaintiff's Motion to Compel?

A.  **Chevron Is Wrong In Stating That Plaintiff's Motions Are Improper For Reconsideration And Briefing Which Was Not Granted Or Invited By The Court**

Plaintiff Johnson has not unilaterally ordered the briefing himself. Plaintiff Johnson reviewed the Honorable Magistrate Judge Joseph C. Spero's July 29, 2008, Order Denying Plaintiff's Motion to Compel and then filed the proper pleadings to cure deficiencies and/or lack of information that was not in his July 10, 2008, letter brief in which the Court advised Plaintiff Johnson of. Therefore, Chevron's contention that the Court did not invite or advise Plaintiff Johnson of what was wrong with his July 10, 2008, letter brief are incorrect. Given such, Plaintiff Johnson's Motion to Compel and the administrative relief that he seeks to exceed the twenty-five page limitation are proper as there is no other known plaint relief for Plaintiff Johnson to seek from the Court in order to cure the deficiencies and/or lack of information that the Court outlined in its July 29, 2008, Order Denying Plaintiff's Motion to Compel.

B.  **Chevron's Contention That There Are No New Facts And Law To Consider Is Just Outright Wrong**

Chevron states the following, "[t]here are no "new facts or legal issues" justifying even mere consideration of Plaintiff's Motion" (*In re Vander Houwen*, 2008 WL 2224686 at 1 (9th Cir. 2008); *See also, In re Agricultural Research & Tech. Group, Inc.*, 916 F.2d 528, 533, 542 (9th Cir 1990) [Reviewing denial of motion for consideration for abuse of discretion and stating that "reconsideration may properly be denied where the motion fails to state new law or fact."]. *First*, there was no abuse in the Honorable Magistrate Judge Joseph C. Spero denying the relief that Plaintiff Johnson sought in his July 10, 2008, letter brief. The Court informed Plaintiff Johnson that it did not have enough information in order to make a proper ruling on the relief that Plaintiff Johnson sought when he filed his July 10, 2008, letter brief; and *Second*, Plaintiff Johnson has put forth new law and facts so that the Court can properly review the relief that Plaintiff Johnson sought when he filed his July 10, 2008, letter brief.

Contrary to Chevron's contention, Plaintiff Johnson has put forth twenty-five (25) cases, which support the relief that he seeks in his Motion to Compel. Of note, many of the case law were not cited in Plaintiff Johnson's July 10, 2008, letter brief to the Court. Given such, there exists new law to support the relief that Plaintiff Johnson requests for the Court. Plaintiff Johnson has also put forth new facts in order to seek the relief that he has requested from the Court. Plaintiff Johnson submitted to the Court a forty-eight page memorandum, declaration in support of as well as other supporting pleadings. The aforementioned clearly cuts against the grain in the legal authorities that Chevron has cited in its August 5, 2008, letter brief to the Court. Contrary to what Chevron has stated, the new laws and facts are referenced in the entire Motion to Compel and Declaration In Support of that was filed on August 4, 2008 with this Court.

As the Court reviews this matter to determine if Chevron should adhere to the September 12, 2008, hearing that controls the briefing schedule for pertaining to this matter, Plaintiff Johnson respectfully requests that the Court review its July 29, 2008, Order Denying Plaintiff's Motion to Compel against what Plaintiff Johnson has provided in his August 4, 2008, Motion to Compel and Declaration in Support of. Plaintiff Johnson would like to point out to all concerned what the Honorable Magistrate Judge Joseph C. Spero requested Plaintiff Johnson to provide him with in order for the Court to make a properly ruling on the relief that Plaintiff Johnson sought with the filing of his July 10, 2008, letter brief.

> ➢ The Court stated, "to the extent that it does identify the documents sought, it refers only to "personnel files of previously dismissed defendants as well as other employees of the Chevron Defendants. *See* Order Denying Plaintiff's Motion to Compel at 1:21-23
>
>> ✓ Plaintiff Johnson through the filing of his August 4, 2008, Motion to Compel and accompanying pleadings has now provided the Court with the exact personnel files as

>    well as other requested discovery that he seeks. Plaintiff Johnson even took it a step further as he provided the Court with his Request for Production Nos., Chevron's Responses as well as Amended and Supplemental Responses. *See* Plaintiff's Memo at Section VI and VII.

➢ The Court stated, Plaintiff has set forth no basis that would justify the production of the entirety of these individuals' personnel files. *See* Order Denying Plaintiff's Motion to Compel at 1:23-24

> ✓ Plaintiff Johnson through the filing of his August 4, 2008, Motion to Compel and his accompanying pleadings has now provided the Court with the basis that would justify the production of the entirety of these individuals' personnel files. *See* Plaintiff Johnson's Memo at Sections I through VIII and X through XII.

➢ The Court stated, [w]hile it is possible that there are particular documents within those files that Plaintiff might justifiably seek, he had not done so and has not set forth such a request in the July 10, 2008, letter. *See* Order Denying Plaintiff's Motion to Compel at 1:24-26

> ✓ Plaintiff Johnson through the filing of his August 24, 2008, Motion to Compel and accompanying pleadings has now set forth such a request wherein such was lacking in his July 10, 2008, letter brief to the Court. *See* Plaintiff Johnson's Memo at Section 1 through XII.

C. **Chevron States That Plaintiff's Continued Indifference To The Federal Rules Of Procedure And To The Burden His Repeated Filing Place Upon This Court And The Parties Subjects Him To Sanction Under Fed. Rules Civ. Proc, Rules 11 and 26**

Contrary to Chevron's Contention, Plaintiff Johnson has not been indifferent to the Federal Rules of Procedure. Plaintiff Johnson has followed the proper procedure in order to bring a legitimate discovery dispute to the Court's attention that the parties could not resolve themselves. The Court in turn reviewed such as well as made a proper ruling on July 29, 2008. When the Court did such, it did not just deny Plaintiff Johnson's request for relief, the Court provided guidance in order for Plaintiff Johnson to cure the deficiencies and/or lack of information in his July 10, 2008, letter brief so that the Court could make a proper ruling on the relief at hand. Given that guidance and the fact that there is no other known plain relief or mechanism to bring this matter before the Court for further review, on August 4, 2008, Plaintiff Johnson filed a Motion to Compel and other supporting pleadings under the Court's Civil Local Rules and Federal Rules of Civil Procedure. Given such, there exist no grounds for sanctions as requested by Chevron.

D. **Conclusion**

Should the Court grant the relief that Chevron seek with the filing of their August 5, 2008, letter brief, then Plaintiff Johnson will be harmed in being unable to take proper depositions as well as such actions by this Court will be prejudicial to Plaintiff Johnson in denying him a fair trial. For the reasons as stated herein, Plaintiff Johnson respectfully requests that the Honorable Magistrate Joseph C. Spero issue an order directing Chevron to provide an opposition based on the September 12, 2008, hearing date as requested by Plaintiff Johnson when he filed his August 4, 2008, Motion to Compel.

>    Respectfully submitted by,
>    /s/
>    Samuel Bernard Johnson III