UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | Case No. C-07-05756 JCS |
| Plaintiff(s), | |
| v. | **ORDER DENYING PLAINTIFF'S DISCOVERY MOTIONS** **[Docket Nos. 90, 91, 98]** |
| CHEVRON CORPORATION, ET AL., | |
| Defendant(s). | |

Under procedures established by the Court, the parties are to file letter briefs on discovery matters. Following those submissions, the Court determines whether further proceedings, including motions, are appropriate [Docket No. 29]. By order dated July 29, 2008, this Court denied Plaintiff's letter brief motion to compel (the "July 29 Order"). Nonetheless, on August 4, 2008, Plaintiff filed: (1) a motion to compel [Docket No. 98] and (2) a motion to exceed the 25-page limit on his memorandum of points and authorities [Docket Nos. 90, 91] (the "Motions").

The Motions were filed in violation of the order of this Court. Contrary to Plaintiff's belief, the Court did not authorize him to file a motion to compel. In addition, given the types of matters that are at issue, the Court would not grant permission to exceed the 25-page limitations on any such motion. Accordingly, the Motions are DENIED.

Nonetheless, there are certain matters raised in the Motions that the Court would like to address so that the parties may have guidance for their future conduct of discovery in this matter. This is not an invitation to Plaintiff to file yet another motion to compel or letter brief. The Court will not entertain any further motions to compel or letter briefs on the discovery requests covered by the Motions, except as set forth in the last paragraph of this Order.

Plaintiff's request are in general overbroad.  He seeks entire files or categories of documents when the entire file or category contains mostly, if not entirely, irrelevant documents.

For example, the Court would not compel the production of documents in response to document request numbers 10, 11, 12, 13, or 14.  These document requests seek all documents or communications relating to any adverse employment action taken against various individuals who are alleged to have participated in inappropriate actions with respect to Plaintiff.  All "adverse employment action[s]" taken against these individuals is an overbroad request that does not seek information relevant to the claims or defenses in this case.

Similarly, request numbers 18 and 20 seek all documents from the personnel file and any desk file of employee Solger, as well as any communications between this employee and Chevron's global office of "ombuds."  Again, these requests are overbroad.  The entire personnel file, or entire desk file, of one of the individuals alleged to be involved in the actions taken against Plaintiff, is not relevant to this action.  Plaintiff may not ask for the entirety of personnel or other files hoping that there may be something in the files that he can use to demonstrate the claims in his complaint.  He must identify specific categories of documents that are relevant to the case.  Likewise, document request number 29 – which seeks all documents related to an employee of Chevron having his deposition taken in any civil action –  is overbroad and not calculated to lead the discovery of admissible evidence.  Finally, document request number 34 – which seeks communications relating to any employee complaining about discriminatory or retaliatory practices – regardless of what those practices were, when those practices occurred, who engaged in those practices, and who was the alleged victim of those practices – does not seek information relevant to the specific claims in this lawsuit.

Nonetheless, Defendants shall respond to certain of the arguments made in the Motions.  Defendants shall file a letter brief with the Court, not to exceed five (5) pages, responding to the arguments made in Plaintiff's motion regarding document request numbers 19, 31, 32, 35, 25, and 27 and regarding the redactions described on pages 40–42 of the Memorandum of Points and Authorities and Support of Plaintiff's Motion to Compel Discovery from Defendants Chevron Corp., Chevron Environmental Management Company, Their Attorney of Record and Request for

Sanctions. This letter brief shall be filed within ten (10) days of the date of this Order. No responding letter brief shall be filed.

IT IS SO ORDERED.

Dated: August 8, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California