SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 - Telephone
blakviii@aol.com - Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | Case No.:  C 07-05756 SI (JCS) |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| vs. | |
| CHEVRON CORPORATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, and DOES 1-10, | **DATE:** Friday, August 22, 2008 |
| | **TIME:** 9:00 a.m. |
| Defendants | **COURTROOM:** 10, 19th Floor |
| | **JUDGE:** Honorable Susan  Illston |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................ 1

       A.   Plaintiff's Declaration Does Not Contain Misleading Inaccuracies About The Contentions That Chevron "Breached" The Agreement .......................................... 1

       B.   Leave To Amend Must Be Granted Even If It Would Protract This Litigation, Require Extension Of The Discovery Deadlines And Trial Date And Result In Extraordinary Expense To Defendants ................................................................. 8

       C.   Plaintiff Johnson Amendment Must Not Be Denied As He Was Not Aware Of All Of The Individuals Identities And Has Described Newly Discovery Facts And Information ........................................................................................................ 11

       D.   Plaintiff Johnson's Amendment Must Be Granted In Its Entirety As It Is Not An Attempt In Bad Faith ...................................................................................... 14

III.      CONCLUSION ................................................................................................. 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Boone v. Carlsbad Cmty Church*,
2008 U.S. Dist. LEXIS 44675 (S.D. Cal. June 6, 2008) ..................................................12

**FEDERAL STATUES**

Civil Rights Act of 1866, Section 1981 ..................................................4, 8, 9, 12, 13, 14

Title VII of the Civil Rights Act of 119, 42 U.S.A. Section 1981(a) ..................................13, 14

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

## I.    INTRODUCTION

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") provides Plaintiff's Reply To Defendants Opposition to Plaintiff's Motion for Leave to File A First Amended Complaint.  Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and Chevron Corporation, Chevron Environmental Management Company and DOES 1-10, (hereinafter referred to as the "Chevron Defendants"), (collectively referred to as "Chevron") have provided false and misleading information surrounding why the parties streamlined this action for settlement purposes and why Plaintiff Johnson seeks leave to amend.

As in previous filings with the Court, Chevron fails to provide the Court with the entire picture.  Given the broken and even at times shattered mirrors and the continued pull the rabbit out of the hat tricks still will not cause this Court to deny leave to amend.  In order to ensure that leave is granted, Plaintiff Johnson will now provide a picture that is clear for all to see.  A picture that focuses on the truth that there exists a hidden culture that tears at Chevron's very existence.  A culture that demands action by this Court so that other's will not be subjected to discriminatory and retaliatory employment practices in which Plaintiff Johnson endured during his employment for Chevron as well as after such employment was wrongfully terminated on August 7, 2006.  Plaintiff Johnson contends that the emphasis of Chevron's opposition to Plaintiff Johnson's motion for to leave to amend is that the parties did not agree to streamline this action for settlement purposes by dismissing certain defendants, that Plaintiff Johnson acted in bad faith and that if the Court grants Plaintiff Johnson's request for leave to amend, then Chevron will be harmed as well as an undue expense will be placed upon it.  The burden to prevent leave to amend rests with Chevron and that burden as stated in Defs' Opp. is not enough to deny leave to amend the original Complaint.

## II.    ARGUMENT

### A.    Plaintiff's Declaration Does Not Contain Misleading Inaccuracies About The Contentions That Chevron "Breached" The Agreement

Chevron *First* claims the following, "[o]nce again, and as has been typical of Plaintiff's

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

conduct throughout this litigation, Plaintiff's Declaration grossly misrepresents facts, discussions, and lack veracity." Defs' Opp. at 3:26-27. Let's examine Plaintiff Johnson's Declaration. Exhibit B to Plaintiff's Decl. ISO Motion to Amend is quite clear that Chevron's counsel was going to file a Motion to Dismiss certain defendants as Plaintiff Johnson did not exhaust all administrative remedies prior to filing suite and naming these defendants. But what Chevron fails to tell the Court is that Plaintiff Johnson stated that he was going to resolve this issue by filing an Amended Complaint on April 1, 2008. By doing such, Chevron would not have to file a Motion to Dismiss thereby wasting its clients as well as its own law firm's resources. Given the aforementioned, Plaintiff Johnson advised Chevron's counsel on March 24, 2008, at 10:21 p.m. just two hours after Chevron advised Plaintiff Johnson that he had not exhausted his administrative remedies of the following,

> "My point here, is that a Plaintiff may amend his/her complaint to name additional defendants in an action before this Court after the complaint has been filed without the need to adhere to the above-referenced statues. Hence, the verbiage of DOES 1-10. What it now comes down to is procedural grounds in you bringing your Motions to Dismiss as it pertains to the employees and Chevron Corporation Long-Term Disability Organization Plan. Given such, while I'm leaning towards the decision of agreeing to a stipulation to remove all defendants except Chevron Corporation and Chevron Environmental Management Company such may only delay the fact that I could/will amend the complaint to add the employees and Chevron Corporation Long-Term Disability Organization Plan at a later date. I believe that the discovery in this particular matter warrants such as I truly believe in The Chevron Way. Given such, these employees must be held accountable for their actions."

*Id.* These are not inaccuracies as stated by Chevron and its counsel. The parties discussed that Plaintiff Johnson had not exhausted all of his administrative remedies before filing suit and naming certain defendants in this action. Plaintiff Johnson in turn informed Chevron that given the fact that she had a pending trial that was scheduled in Riverside, California that he would not burden her client and her law firm with having to file a Motion to Dismiss. Such would cause Plaintiff Johnson to have to file an opposition and then the Court to have to review

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

such.  All of which was a waste of time for the parties.  Such is clear as on the morning of April 1, 2008, Chevron's counsel was on her way to the airport to Los Angeles, California.  *See* Exhibit B, 2008, April 1, 2008, email from Chevron's counsel to Plaintiff Johnson.  Chevron's counsel takes Plaintiff Johnson's use of the phrase "procedural move" out of context as such a phrase was used to assist Chevron and its counsel in not having to prepare a Motion to Dismiss prior to beginning a three to four week trial in Riverside, California.  *Id.*

The above is further clear that the parties began discussions on March 27, 2008, regarding some type of **"agreement"** to have certain defendants dismissed from this action.  Chevron's counsel states the following to Plaintiff Johnson, "[p]lease advise me as soon as possible whether we can stipulate to the dismissal of the individual defendants other than CEMC and Chevron Corp. Given that the Case Management Hearing is fast approaching, I will need to file our Motion to Dismiss by April 3, 2008, but am hesitant to start expending time and effort preparing it if we can reach an **"agreement."**  *See* Exhibit A, Plaintiff's Decl. ISO Reply Opp. Here it is clear that the parties began to discuss some sort of an **"agreement"** well before the April 1, 2008, stipulation to dismiss certain defendants in this action.  Plaintiff Johnson submits to this Court that the **"agreement"** did entail verbal as well as email communications discussing the parameters of an **"agreement"** to dismiss certain defendants.  Chevron's counsel cannot routinely dismiss her own emails wherein she uses the word **"agreement"**.  Likewise, no one agrees to do something unless they receive something in return.  In this case, Plaintiff Johnson agreed to dismiss certain defendants with the understanding that the parties were streamlining this action for serious settlement discussions. To show the Court Chevron and its Counsel's breach of the agreement to streamline this action for settlement purposes, Chevron and its Counsel again takes Plaintiff Johnson's words and tries to use them to its advantage by stating the following,

> "[I]n fact, Plaintiff inconsistently admits in ¶ 18 of his Declaration that
> he informed Chevron's counsel that "if the parties could agree to dismiss
> the defendants other then Chevron Environmental Management

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

Company and Chevron Corporation, then there would be no need to prepare a Motion to dismiss…"

` *See* Defs' Opp. at 4:25-28.Plaintiff Johnson would like to draw the Court to the entire picture of what was stated in his email so that Chevron's smoke, mirror and pony show can be laid to rest.  What was actually stated in Plaintiff Johnson's Decl. at ¶ 18 was the following,

> "On March 25, 2008, Counsel for Chevron also informed Plaintiff Johnson via the email in ¶ 17 of this declaration that if the parties could agree to dismiss the defendants other then Chevron Environmental Management Company and Chevron Corporation, then there would be no need to prepare a Motion to Dismiss, and she would then be willing to devote some time to preparing the Joint Case Management Conference Statement". *Id.*

Upon reading the entire statements in Plaintiff Johnson's Decl. ISO Motion to Amend at ¶ 18 the Court can see that it was not Plaintiff Johnson who spoke about dismissing all of the defendants except Chevron Corporation and Chevron Environmental Management Company, but Chevron.  Plaintiff Johnson submits to this Court that it was to Chevron's advantage to obtain a stipulation so that Chevron would not have to draft a Motion to Dismiss by an arbitrary deadline that it set for itself, which was April 3, 2008.  Plaintiff Johnson never offered to dismiss all of the defendants except Chevron Corporation and Chevron Environmental Management Company.  In fact it was the opposite, Plaintiff Johnson wanted to amend the original Complaint to add the correct claim of Civil Rights Act of 1866, Section 1981, to cite to newly discovered facts or information, add additional defendants as well as to seek additional damages. Chevron's offer to stipulate started the discussions for all of this to happen as well as an agreement to streamline this action for settlement purposes.

Chevron's *Second* claim is about inaccuracies in Plaintiff Johnson's declaration.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

Chevron states that it **"never"**, at any time during dismissal discussions and prior to the stipulated dismissal, advised Chevron that he dismissed potentially resolving for "settlement purposes". *See* Defs' Opp. at 5:1-2. Chevron expects this Court to believe that Plaintiff Johnson would just voluntarily dismiss defendants without negotiating something in return.  This does not even make sense to a layperson.  Contrary to Chevron's contentions the parties did discuss such prior to the stipulation being executed.  Chevron's counsel provides even false information on the time that Plaintiff Johnson sent the email requesting if they had settlement authority.  "In fact, the email on which Plaintiff relies and which states, "before proceeding any further on the proposal for a resolution of this action, I will need to know whether or not you… has [sic] the authority to begin to enter into settlement discussions with me…" was sent at 10:00 p.m. after the Court had already entered the dismissal earlier that day.  Plaintiff's email is telling as he states that "before" commencing settlement discussions he wanted to ensure that counsel for Chevron has authority "to begin" to enter into settlement discussion" *See* Defs' Opp. at 5-15-20.

Plaintiff Johnson does not dispute the above.  In fact, Chevron's counsel is mistaken in the time of the email.  Plaintiff Johnson attempted to send the executed stipulation on March 31, 2008, via email.   However, Chevron's counsel could not open the pfd document.  On April 1, 2008, at 6:00 a.m. in the morning Plaintiff Johnson sent the facsimile to Chevron's counsel.  At **10:22 a.m**. Plaintiff Johnson sent the email requesting if Chevron's counsel had settlement authority.  Chevron's counsel responded back at 5:43 p.m. and stated yes.  *See* Exhibit E, to Plaintiff Decl. ISO Opp. Reply.

Another April 1, 2008, email communication between the parties belittles Chevron and its counsel's contention that the parties did not agree to dismiss the certain defendants for settlement purposes is reflected in an April 1, 2008, 7:31 p.m. email, wherein Plaintiff Johnson states that he has just learned some disturbing news that Susan J. Solger was represented by counsel and no one had informed Plaintiff Johnson of this prior to the parties stipulating to dismiss certain defendants.  Plaintiff Johnson further stated the following to Chevron's counsel,

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

"[o]n a separate note, I thought we would be able to make some progress regarding this matter, but based off information in your Notice of Unavailability and finding out that Filice, et al. may have had prior knowledge that Ms. Solger was represented by counsel places a bad taste in my mouth.  Any discussions regarding removing Ms. Solger from this action should have been discussed with Mr. Fitzgerald and not with Filice, et al. as Mr. Fitzgerald represents Ms. Solger's interest in this matter.  Based on the above, I recommend that you and I discuss all of this as soon as possible as I have informed Mr. Fitzgerald on tonight via telephone that I more then likely will be amending the Complaint to bring back in the employees and Chevron Corporation Long-Term Disability Organization Plan under the 1981 claims.  *See* Exhibit C, Decl. ISO Plaintiff's Reply Opp.  Such statements by Plaintiff Johnson to Chevron's counsel were done as he felt he had negotiated an agreement with the wrong party or not all of the correct parties.

    Plaintiff Johnson submits to this Court that the parties were able to resolve the above and moved toward executing the ADR paperwork.  However, Chevron's counsel breached that **"agreement"** wherein she refused to submit ADR paperwork and the type of ADR selection to the Court prior to the May 21, 2008, CMC.  Such is reflected in the Court's records as Plaintiff Johnson filed the proper pleading stating that this action is proper for the Court's ADR mediation program as well as the type of ADR selection that he wanted.  While Chevron and its counsel did not file anything.  The Court may ask itself why is all of this important.  Plaintiff Johnson states that it is important because it shows Chevron and its counsel's continual attempt to breach agreements between the parties as was the case with the agreement surrounding the dismissal of the previously dismissed defendants.

    *Third*, Chevron's counsel states that Plaintiff could not have purportedly "dismissed the 42 U.S.C. section 1983 claim pertaining to the employees…for settlement purposes only"…. Given that Plaintiff would not be able to maintain such a claim against a private employer, like Chevron as a threshold matter and, therefore, Chevron would not need to bargain for this

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

dismissal…" *See* Defs' Opp. at 25-26.  Again, Chevron and its counsel provides false and misleading information to the Court.  Plaintiff Johnson had bargaining power here as Chevron's counsel was pressed to spend time drafting a formal Motion to Dismiss and to prepare for a trial in Riverside, California in which she informed the Court at the May 21, 2008, CMC would last for about three to four weeks.  Given such, Plaintiff Johnson could have let Chevron's counsel prepare a Motion to Dismiss that he would not have been successful with defeating or use the leverage that he had which was I'll agree to streamline this action if you and your client agree to serious settlement negotiations in exchange for Chevron's counsel not having to write a Motion to Dismiss.  The additional leverage that Plaintiff Johnson had in this area was that he could just file an amended Complaint in which he did inform Chevron's counsel that he would do as Chevron had not filed an Answer to the original Complaint.  However, since Chevron's counsel seemed sincere in her offer of wanting to streamline this action for settlement purposes if Plaintiff Johnson would agree to dismiss certain defendants in this action.

*Fourth*, Chevron states the following, "the contention that Chevron "agreed" to the dismissal and has some how "breached" that agreement is also nonsensical.  It is Plaintiffs election and right to dismiss under any terms.  *See* Defs' Opp at 6:4-7:  Plaintiff Johnson asserts that Chevron had to dismiss these claims now or face having to file a Motion for Summary Judgment or in the alternative adjudication against the claims that Plaintiff Johnson brought in the original Complaint. Based on the fact that Chevron had to file a Motion to Dismiss by April 3, 2008, Chevron and its counsel had to act and such they did by agreeing to dismiss certain defendants for settlement purposes.  Chevron goes on by taking Plaintiff Johnson's words out of context yet again.  "[A]s we previously discussed, I made the decision to sign the stipulation to dismiss….. and the employees as they were brought into this matter incorrectly…." Defs' Opp 6:11-12.  Plaintiff Johnson made this statement as he was dealing with certain statements made by Chevron's counsel that Lieff, Cabraser, Heimann & Bernstein LLP had been involved with this action and in the decision for Plaintiff Johnson to enter into the agreement with Chevron to

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

dismiss certain defendants to streamline this action for settlement purposes.  As noted, **"I made the decision"** was used to explain such to Chevron's counsel so she would fully understand that it was Plaintiff Johnson who made the decision to agree to enter into the stipulation to streamline this action for settlement purposes and not as alleged by Chevron's counsel Lieff, Cabraser, Heimann & Bernstein, LLP.

*Finally*, Chevron states that the dismissal was "without prejudice simply refers to the fact that Plaintiff may amend if he has a factual and legal basis for doing so and first satisfies the Rules and consideration regarding the allowing of leave to amend.  Defs' Opp. 6:23-25.  Plaintiff Johnson met such a standard as he brought in newly discovery facts and information that was not known to him at the time he filed the original Complaint on November 14, 2007.  The claims are the Civil Rights Act of 1866, Section 1981 for complaining to others and then being subjected to discrimination and retaliation, that Plaintiff Johnson was discriminated on the basis of his race, an African-American during Chevron's hiring, selection, screening and job placement employment practices, etc.   The most telling evidence of the former is CHEV01448-CHEV01449, wherein on CHEV01449 it states the following, E050550099281 GDSVS 6905 05/22/2005 Onsite Interview-Org Dec No-B/Others Better Qualified. The last part of this quote says it all, which states, **"onsite Interview-Organization Decision No Blacks/Others Better Qualified."**   Such is considered newly discovered facts and information, which supports Plaintiff Johnson's claim and allegation that he was discriminated against based on his race because of Chevron's job selection, placement, screening and hiring practices.  *See* Exhibit I, of Plaintiff's Decl. ISO of Reply Opp.  To deny leave with this newly discovered information not only would be prejudicial to Plaintiff Johnson, but would deny him a fair trial.

**B.    Leave To Amend Must Be Granted Even If It Would Protract This Litigation, Require Extension Of The Discovery Deadlines And Trial Date And Result In Extraordinary Expense To Defendants**

Plaintiff Johnson asserts that Chevron's argument here is not enough to deny leave to amend as this Court has held that "leave shall be freely given when justice so requires".  Here

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

justice so requires that leave should be given freely even in the absence that Chevron will have to incur additional costs to litigate this action, the discovery cut-off and the trial date have to be move. Plaintiff Johnson provided Chevron with the mechanism to resolve this action earlier rather then later. Yet, Chevron choose to use such an offer as a tactical advantage to keep Plaintiff Johnson from bringing legitimate claims before this Court. What Chevron fails to state to the Court that if leave is not granted Plaintiff Johnson will file suit immediately against all parties under the Civil Rights Act of 1866, Section 1981 for discrimination and retaliation claims as well as seek the appropriate damages. Thus instead of facing one action, Chevron will face two. Notwithstanding the obvious, Plaintiff Johnson has not done anything wrong to warrant this Court to not grant leave to amend the original Complaint.

Chevron contends that there will be no benefit to adding the new defendants to this action, which it states are just the employees. Plaintiff Johnson seeks to also add Chevron Corporation Long-Term Disability Organizational Plan as a defendant to cover damages exacted on his two minor children because of Chevron's misconduct. Likewise, the Court has a long standing in ensuring that justice is heard no matter how many defendants maybe added to an action. Chevron goes on to state at Defs' Opp 7:19-24 the following, "[g]iven that not a single race based comment was never made to Plaintiff, two Human Resources investigators confirmed Plaintiff's lack of veracity and lack of any alleged harassment, discrimination or retaliation, and there is no evidence that Plaintiff's suspension and subsequent termination arose outside of the course and scope of these individuals' employment, Chevron will most certainly be required to carry the litigation expenses of defending each of these individuals." Plaintiff Johnson contends that Chevron concealed from him the truth about the findings of its two Human Resources investigations as what it is trying to do now with the Court.

To support the above, Plaintiff Johnson attaches a document that contains the statements wherein Plaintiff Johnson contacted Chevron's 800 number on July 12, 2006, at 8:21 a.m. in the morning, after which Chevron went to see Sellers (Fee) Stough. Mr. Stough informed Chevron

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

of the following, **"[d]ealing w/an RSI + she has contributed to the RSI. Her behaviors are unacceptable. She is deliberately putting him in situations that she can then say he is being insubordinate. He has worked in employment law before + knows what's against policy + law. ER MUST do something or he will have no choice."** *See* Exhibit H to Plaintiff's Decl. ISO Reply Opp. Chevron's own representatives provide the basis for the proof of the discriminatory and retaliatory conduct as alleged the original and proposed amended Complaint. The July 12, 2006, email attached to the Complaint as Exhibit F, allows the Court to see the full picture here as Plaintiff Johnson threatened to file an EEOC charge if such misconduct of Chevron would not stop.

The above is clearly in violation of Chevron own Human Resources policies, local, state and federal laws. Plaintiff Johnson even informed Chevron of such on July, 12, 2006, wherein he stated the following,

> "I can only state that I am ready to file and EEOC charge myself against Sue (Susan Solger) for her blatant actions in violation of Chevron HR policies, federal and state and local laws."

*See* Exhibit F. to original Complaint filed on November 7, 2006.Another statement by Chevron's representatives states the following, **"Sal set up a mtg with Cathy + Fee today on SJ's performance. Go ahead with the mtg. Don't take any action re pref. right now. Fee should state he needs to think about it. Tried to repeatedly intimidate him."** *See* Exhibit I, Decl. ISO of Reply Opp. These and other handwritten notes and documents support the claims that have been alleged in this action. On today, the Honorable Magistrate Judge Joseph C. Spero issued an order requiring that Chevron and its Counsel provide a five (5) page letter brief within ten (10) days from the date of his August 8, 2008, Order to respond to certain arguments pertaining to Request for Production of Documents number 19, 31, 32, 35, 25, and 27.

To further show the Court that there was misconduct in the form or harassment and a

hostile work environment, Plaintiff Johnson provides a statement from Ms. Solger and other Chevron representatives that state the following, **"[b]oth reviews stopped when Sue came in. Doesn't know how or why.  Looked up one day + BS was not giving him his work to review. Sue needs to stop bringing up dead issues.  Sue stated hostile work environment further supports the words I order you caused hostile work environment.   Supplier told him they have never provided a fee schedule.  3rd barrier due to finding for an investigation.  Bob John PM so busy trying to get him.  She is setting him up all has witnessed since Fee conducted his investigation."**  *See* Exhibits F and G, to Decl. ISO Plaintiff's Reply Opp. Given the breadth of evidence that supports Plaintiff Johnson's claims, Chevron cannot lay claim that Plaintiff Johnson's allegations are frivolous and without merit.  More telling is that Plaintiff Johnson has additional discovery that shows that Chevron was going to terminate his employment after the first Chevron EEO investigation because Ms. Solger and others retaliated against Plaintiff Johnson for participating in a protected activity.  So, Chevron's contention that the previously named defendants should not be apart of this action would clearly be prejudicial and would deny Plaintiff Johnson a fair trial as these employees acted individually as well as jointly to discriminate and retaliate against Plaintiff Johnson

**C.    Plaintiff Johnson's Amendment Must Not Be Denied As He Was Not Aware Of All Of The Individuals Identities And Has Described Newly Discovered Facts And Information**

Chevron states that Plaintiff Johnson's Motion must be denied as he has provided absolutely not [sic] information regarding what supposed facts are newly discovered."  Defs' Opp at 8:25-26.  Chevron's statements are just wrong.  Plaintiff Johnson brought new allegations and claims based off newly discovered facts and information.  *See* Plaintiff's Proposed Amended Complaint at ¶¶ 1-13 and 18-20.   If these are not considered newly discovered facts and information, then what does Chevron consider to be newly discovered facts and information?  Chevron states, "at the time Plaintiff Johnson named the previously dismissed defendants he made reference to factual allegations pertaining to each of these individuals that

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

were repeated throughout the 219 paragraphs....” See Defs’ Opp. at 9:1-11.  If Plaintiff Johnson

cited to the correct statue of Civil Rights Act of 1866, Section 1981, then this matter would be

mute.  Plaintiff Johnson contends that if a party brings a lawsuit against a defendant and does not

cite to the correct statue or claim, then there can be no relief granted by this Court.  Federal

Rules of Civil Procedure 12(b)(6), further supports Plaintiff Johnson position in why he sought

leave to amend the original Complaint as, “[t]he Court must dismiss a cause of action for failure

to state a claim upon which relief can be granted.”  *See Boone v. Carlsbad Cmty. Church*, 2008

U.S. Dist. LEXIS 44675 (S.D. Cal. June 6, 2008) at *6.

        Chevron has stated that Plaintiff Johnson had documents produced to him in November

of 2007, which contained this new information before he filed the original Complaint on

November 14, 2007. (paraphrased). Plaintiff Johnson contends that Chevron has provided

misleading and false information to the Court yet again.  On November 7, 2007, Chevron sent

via courier service three (3) boxes of documents in a Workers’ Compensation administrative

proceeding.  *See* Exhibit J.  The materials in question were delivered to Plaintiff Johnson on

Saturday, November 10, 2007, as Plaintiff Johnson was not home during the weekday to accept

the boxes.  That meant that Plaintiff Johnson only had three (3) days to review 9000 pages of

documents in order to find the newly discovered facts and information.  Plaintiff Johnson set

these materials aside and spent his time focusing on his Workers’ Compensation proceeding as

well as initiated several filings with the Court to seal his Workers’ Compensation case and

moved for a Protective Order.  All of such took place from November 15, 2007 to February of

2008.  Sometime in late March of 2008, while this action was stayed Plaintiff Johnson reviewed

the documents produced in the Workers’ Compensation action and determined that some of the

discovery was responsive to this action.  Upon learning such, and when the stay in this action

was lifted, Plaintiff Johnson had discussions with Chevron’s counsel to amend the original

Complaint.  *See* Plaintiff’s Decl. ISO of Motion to Amend at ¶¶ 1-23.  Therefore, Chevron’s

contention that, “it was those, records, which he has now had for approximately 10 months,

which led him to discover supposedly new information." *See* Defs' Opp. at 9:19-21. Plaintiff Johnson does not refute the fact that he has had these documents in his possession for ten (10) months, but Plaintiff Johnson does disagree with Chevron that he did not act immediately and with decisive action to amend the original Complaint. Prior to April 1, 2008, the parties discussed Plaintiff Johnson amending the original Complaint as he obtained newly discovered information and facts. *See* Decl. ISO Motion to Amend. When the parties submitted their Joint Case Management Conference Statement on April 16, 2008 and May 9, 2008, Plaintiff Johnson informed the Court that he intended to amend the original Complaint. *See* April 16, 2008, CMC at 4:27-5:2 and May 9, 2008, CMC at 4:27-27 and 5:5-14. Contrary to Chevron and its Counsel, no prejudice would result to Chevron and Plaintiff Johnson's First Amended Complaint is not *frivolous* or made as a *dilatory maneuver* in *bad faith*.

Given the above, Chevron cannot lay claim that Plaintiff Johnson did not act to amend the original Complaint once newly discovered facts and information became available to him and even if Plaintiff Johnson waited to amend his Complaint as alleged by Chevron, delay alone is not deemed sufficient grounds to deny a Rule 15(a) motion to amend. Chevron goes on to state, '[f]urther, in his November 14, 2007, Complaint, Plaintiff asserted expressly referenced that he was making a claim under Title VII of the Civil Rights Act of 1991, 42 U.S.A. §1981(a) (hereinafter referred to as "Section 1981a"). Thus he believed that he had made a claim against those individuals at the time he elected to dismiss them". Plaintiff Johnson is baffled by this referenced in Defs' Opp. at 10:8-11. Nowhere in the **"Claim for Relief"** section of the original Complaint did Plaintiff Johnson spellout that he was seeking relief under the Civil Rights Act of 1866, Section 1981. *See* original Complaint at ¶¶ 113-203. Likewise, Section 1981a as referenced in the original Complaint is the statue that Plaintiff Johnson sought certain damages under. Chevron's Counsel expects this Court to believe that Title VII of the Civil Rights Act of 1991, U.S.A §1981(a) would provide Plaintiff Johnson with the relief that he is seeking under Civil Rights Act of 1866, Section 1981. A cursory review of Plaintiff Johnson's complaint in the

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

Claim for Relief section does not even exist make a Claim for Relief under the Civil Rights Act of 1866, Section 1981. Given such, the original Complaint would not afford Plaintiff Johnson with the relief and damages that he now seeks in the proposed amended Complaint as in the original complaint Plaintiff Johnson made reference to Title VII of the Civil Rights Act of 1991, U.S.A §1981(a), in which Chevron would clearly move for summary judgment on Plaintiff Johnson for failure to state a claim upon which relief could be granted.

**D.    Plaintiff's Amendment Must Be Granted In Its Entirety As It Is Not An Attempt in Bad Faith**

Chevron again tries to use Plaintiff Johnson's words against him when he stated, "what this comes down to is a procedural move". Chevron clearly knows and Plaintiff Johnson full heartedly expects that this Court will understand that Chevron had a Motion to Dismiss that was due on April 3, 2008. Plaintiff Johnson wanted to amend his original Complaint to cite to the correct statue of Civil Rights Act of 1866, Section 1981, as he had not exhausted all of his administrative remedies before naming certain defendants in this action. The parties went back and forth over how best to deal with the Motion to Dismiss and Plaintiff Johnson's desire to amend the original Complaint. Plaintiff Johnson used the phrase **"what this comes down to is a procedural move"** was just to state that he could either amend the original Complaint now or later, but at some point the wrong claims would be removed and the right claims would have to be alleged in this action. What the parties ended up agreeing to was that they would stipulate to remove certain defendants now without prejudice and that Plaintiff Johnson could amended if newly discovered facts and information became available. *See* April 1, 2008, Stipulation and Order at Court Docket No. 31. Given such, there was no bad tactics as alleged by Chevron.

Chevron also states that Plaintiff Johnson has exhibited vexatious conduct, inflammatory demeanor, and repeated impertinent and accusatory references to Chevron's counsel and the Court only need to look at the Court's Docket. (paraphrased). *See* Defs' Opp. at 11:24-26. Plaintiff Johnson denies such statements by Chevron's counsel. All filings in this action were done with good faith in order to seek relief from the Court and/or comply with a Court imposed

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JCS)

deadline. Chevron goes on to state, given Plaintiff's insistence that he dismissed these individuals for purposes of "settlement" it is clear, with a scheduled mediation on the horizon, that Plaintiff's conduct is an improper attempt to leverage settlement given the expense to Chevron if amendment is allowed and the matter must be litigated on behalf of numerous employees, unjustifiably disrupting their lives and the company's operations. *See* Defs' Opp. at 11:29-12:4. Even if such was remotely true, such does not warrant the Court to deny leave. Likewise, Plaintiff Johnson provided Chevron with an opportunity to settle this action within sixty (60) days from the date of the April 1, 2008, Stipulation and Order that was conformed by the Honorable Susan Illston. In June of 2008, Plaintiff Johnson provided Chevron's counsel with a verbal settlement demand. Chevron and its counsel did not avail themselves of an opportunity to settle this action. Yet they chose to propound discovery on Plaintiff Johnson, which Plaintiff Johnson has been busy responding to in this action, having to file administrative relief in the Workers' Compensation action because of Chevron's counsel interference as well as responding to and propounding informal discovery requests in the administrative proceeding. It is no wonder Plaintiff Johnson, a single in *pro se* plaintiff has not been able to properly draft a "demand letter". Do Chevron and its counsel's unwillingness to settle this action even with the breadth of proof that supports Plaintiff Johnson's claims, Plaintiff Johnson decided in July of 2008, to revoke the proposal of the settlement demand made in June of 2008, and begin to litigate this action on its merits

## III.     CONCLUSION

For all of the foregoing reasons, Plaintiff Johnson respectfully requests that the Court enter an order granting Plaintiff Johnson's Motion for Leave to File a First Amended Complaint.

Date this 8th day of August 2008                                    /s/

_____

SAMUEL BERNARD JOHNSON III