**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

---

August 11, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**  *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court
Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files his reply letter brief to Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LPP, (hereinafter referred to as "Counsel for Chevron"), Defendants Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as the "Chevron Defendants"), (collectively referred to as "Chevron").  On August 4, 2008, Chevron moved this Court for a Protective Order to limit the number of Requests for Admissions propounded by Plaintiff Johnson on the grounds that Plaintiff Johnson's Requests for Admissions are unduly burdensome and oppressive.  Plaintiff Johnson contends that the timing of Chevron's August 4, 2008, letter brief to the Court should be viewed with suspect.  On August 1, 2008, Chevron filed its Opposition to Plaintiff Johnson's Motion for Leave to Amend the Complaint.  Then on August 4, 2008, Chevron filed the letter brief in question fully knowing that Plaintiff Johnson had to file a Reply to Chevron's Opposition on August 8, 2008.  Due to such, Plaintiff Johnson could not meet and confer with Chevron's counsel until Saturday, August 9, 2008.

Plaintiff Johnson raised concerns with Chevron's August 4, 2008, letter as well as tried to resolve this discovery dispute without court intervention by suggesting that the parties schedule a meet and confer. Chevron's counsel suggested having a meet and confer during the week of August 4, 2008 to August 8, 2008. *See* Exhibit A.  Such was done after the letter brief was filed with the Court.  Plaintiff Johnson requested to have a meet and confer on Saturday, August 9, 2008, with the hopes of resolving the pending discovery dispute. *See* Exhibit B.  On Saturday, August 4, 2008, the parties conducted a meet and confer.  On today, Plaintiff Johnson requested that Chevron's counsel withdraw its letter brief so that the parties could have additional time to resolve this discovery dispute themselves without Court intervention.  Chevron's counsel refused. *See* Exhibit C.  Chevron's Counsel contends that many of Plaintiff Johnson's Requests for Admissions are duplicative and therefore a Protective Order is warranted.  Plaintiff Johnson contends that there are two defendants in this action.  Some of the employee's who are witnesses or have relevant information in this action are employed for Chevron Corporation or Chevron Environmental Management Company.  Therefore, in order to get to the truth of this highly disputed action, Plaintiff Johnson propounded Requests for Admissions on both defendants that sometimes contained the same Requests for Admissions.  This was not done to harass or annoy Chevron, but used as a discovery tool to bare fruit on discovery that will lead to admissible evidence

**A.    Plaintiff Johnson's Requests For Admissions Are Not Unduly Burdensome And/Or Oppressive**

Pursuant to Federal Rules of Civil Procedure 26(c), this Court may enter an order "to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense…"  Here there is no need

for the Court to protect Chevron from annoyance, embarrassment, oppression or undue burden or expense as the burden for Chevron to respond to Plaintiff Johnson's Request for Admissions does outweigh any such burden or expense on Chevron. Prior to Plaintiff Johnson propounding the Requests for Admissions he requested for Chevron to have the handwritten notes transcribed so that this action may come to a resolution sooner rather then later. *See* Plaintiff's Decl. ISO Motion to Compel at ¶¶ 1, 3-4 and 8-9. Plaintiff Johnson contends that in order for the Court to grant Chevron's request for a Protective Order it must consider what is referenced below. Chevron relies heavily on *Martin Marietta Materials, Inc. v. Bedford*, which states, "the court agrees that relatively few of these requests for admissions are even relevant and find them excessive to the point of being abusive." Plaintiff Johnson contends that his Requests for Admissions focuses heavily on the June and July 2006, Chevron EEO investigations. Given such, Chevron's contentions are wrong in this regard and the Court should deny Chevron's request for a Protective Order.

**B.     Is Plaintiff Johnson's Discovery Unreasonably Cumulative Or Duplicative, Or Can Be Obtained From Some Other Source That Is More Convenient, Less Burdensome, Or Less Expensive**

Plaintiff Johnson contends that the answer to this question is no. Chevron's own doing caused this situation. Chevron has refused to provide Plaintiff Johnson with needed discovery in order to conduct depositions prior to the September 2008, discovery cut-off in this action. Given such, Plaintiff Johnson was left with no other choice but to propound Requests for Admissions in order to get to the truth in this action. Chevron's own failure to cooperate in this action brought forth the number of Requests for Admissions that have been propounded. Plaintiff Johnson asserts that such was not done to harass or annoy Chevron, but to seek answers to legitimate discoverable questions. As this Court is aware, Plaintiff Johnson filed a Motion to Compel on August 4, 2008. The Court in turn issued a ruling on August 8, 2008, wherein in it denied some of the relief that Plaintiff Johnson sought and then requested Chevron to provide a five (5) page letter brief to the Court as to why some of the requested discovery should not be produced to Plaintiff Johnson. *See* Court Docket No. 104. Chevron's letter brief in due on August 18, 2008. *Id.* Plaintiff Johnson submits to this Court that he worked in ***good faith*** would Chevron to obtain the disputed discovery that caused the Motion to Compel to be filed with the Court, but Chevron chose the path to have this matter brought before the Court fully knowing that Plaintiff Johnson needed the requested discovery for employee and 36(b) depositions. Now that Plaintiff Johnson has sought to used another discovery tool to prove the allegations and claims in this action, Chevron has chosen yet again to try to blind side justice with moving for a Protective Order.

**C.     The Party Seeking Discovery Has Had Ample Opportunity To Obtain Information**
`       **By Discovery In This Action**

Chevron pushed hard for a fastrak trial date in this action. From the unsought, Plaintiff Johnson stated to Chevron that the parties would only have four (4) months to conduct meaningful discovery, including depositions. As noted in Section B of this letter brief, Plaintiff Johnson has not had ample time to conduct discovery in this action. There are facts and allegations that need to be proven prior to the September 2008, discovery cut-off and April 2009, trial date. Due to Chevron's refusal to have the handwritten notes transcribed and Chevron's tactical moves to withhold relevant discovery that will lead to admissible evidence in this action, Plaintiff Johnson has been prevented from taking employee and 36(b) depositions. Given such, Plaintiff Johnson has not had ample opportunity to obtain information by discovery in this action. During the meet and confer on Saturday, August 9, 2008, Plaintiff Johnson informed Counsel for Chevron that he would be propounding additional Requests for Production of Documents amongst other things for the personnel files of certain Chevron employees. Plaintiff Johnson invited Chevron's counsel to discuss the narrowing of the scope of these requests, but Chevron's counsel refused as well as stated the she would immediately object to such discovery. After which, Plaintiff Johnson informed Chevron's Counsel that in addition to the personnel files he would be seeking other discovery through Requests for Production of Documents on other issues in this action. Given the aforementioned, the only means available to Plaintiff Johnson, due to Chevron withholding relevant discovery that will lead to admissible evidence are through Requests for Admissions. Now Chevron wants to

limit that discovery tool. If the Court approves such, it will be prejudicial and deny Plaintiff Johnson with a fair trial.

D.  **The Burden Or Expense Of The Proposed Discovery Outweighs Its Likely Benefit, Considering The Needs Of he Case, The Amount In Controversy, The Parties Resources, The Importance Of The Issues At Stake In This Action, And The Importance Of The Discovery In Resolving The Issues**

Plaintiff Johnson contends that any such alleged burden and expense on Chevron outweighs its benefits as Plaintiff Johnson's Requests for Admissions will provide the parties and the Court with a clear picture of the facts in this case as alleged in the original Complaint and the proposed Amended Complaint. Chevron's own admissions as to the amount in controversy provides the Court with further insight into what is at stake in granting or denying the relief that Chevron seeks. On August 7, 2008, Chevron's Counsel stated the following to Plaintiff Johnson, "Samuel,[g]iven the 1) timing of this email abruptly stating that you will not provide an authorization and 2) your failure to explain why you contend an authorization is "not necessary" given the millions of dollars you seek for emotional distress/pain and suffering…" Plaintiff Johnson contends that the issues before this Court are important. In *CBOSC v. Humphries*, an African-American former assistant manager of a Cracker Barrel restaurant, complained that CBOCS West, Inc. (Cracker Barrel's owner) dismissed him (1) because of racial bias (Humphries is a black man) and (2) because he had complained to managers that a fellow assistant manager had dismissed another black employee. *CBOSC West, Inc. v. Humphries,* 128 S. Ct. 1951 (U.S.C. 2008) at 1951. *See also*, Plaintiff Johnson's Memo ISO Of Ex Parte Motion to Modify The Court's May 22, 2008 (Corrected) Pretrial Scheduling Order at 19:26-20:7. Notwithstanding this, Plaintiff Johnson has other claims that focus on discriminatory and retaliatory conduct by Chevron due to hiring, job selection, screening, for participating in a protected act and being wrongfully terminated to say the least. *See* Plaintiff's Reply to Def's Opp. to Plaintiff's Motion for Leave to Amend Complaint at 8:15-19, 10:1-4 and 11:2-9. Given such, the Requests for Admissions are important to resolving the issues in this action. Plaintiff Johnson further contends that majority if not all of the Requests for Admissions focus on Chevron's June and July 2006, EEO investigations. *See* Exhibit D. Given such, Plaintiff Johnson's Requests for Admissions bare heavenly and importantly on resolving the issues in this action. Likewise, as referenced in Exhibit E, Plaintiff Johnson volunteered to withdraw all Requests for Admissions that called for a legal conclusion or finding to try and resolve the pending discovery dispute between the parties. Plaintiff Johnson also proposed propounding contention interrogatories based on Chevron's affirmative defenses to the original Complaint. As to the first request, Chevron's counsel stated that it was busy responding to Plaintiff Johnson's interrogatories for the most part that are boilerplate responses. To the second request, Chevron's counsel stated that she needed to research the matter and get back to Plaintiff Johnson. Chevron's Counsel states, "this matter will require between 100-200 attorney hours (exclusive of Defendants employees' time and efforts), equating to ten of thousands of dollars in attorneys' fees…" Where was Chevron counsel's concern for costs and attorneys fees when Plaintiff Johnson made a verbal settlement demand in June of 2008? Plaintiff Johnson contends there was not as Chevron and its counsel did not counter offer or reply to such. *See* Plaintiff's Reply to Def's Opp. at 15:10-15.

E.  **CONCLUSION**

For the reasons stated herein, Plaintiff Johnson respectfully requests that the Court deny Chevron's request for a Protective Order. The Court should also take notice that on Saturday, August 9, 2008, Chevron's Counsel taunted Plaintiff Johnson by stating that he had not won one single motion that he had brought before this Court. Such conduct by Chevron's Counsel is why Plaintiff Johnson made the statement as referenced on page 1, paragraph 2 of Chevron Counsel's August 4, 2008, letter brief to this Court.

         Respectfully submitted by,
            /s/
         Samuel Bernard Johnson III

# EXHIBIT A

**Subject:**     **RE: Unavailable for most of tomorrow**
**Date:**        8/4/2008 5:44:19 P.M. Pacific Daylight Time
**From:**        disvoranu@filicebrown.com
**To:**          blakviii@aol.com


Thank you, Samuel.
Do you have time to discuss the Requests for Admissions tonight?

Delia

# EXHIBIT B

-----Original Message-----
From: blakviii@aol.com [mailto:blakviii@aol.com]
Sent: Monday, August 04, 2008 6:01 PM
To: Delia Isvoranu
Subject: Re: Unavailable for most of tomorrow

I think my response is not due until monday. So this saturday Sent from my Verizon Wireless BlackBerry

# EXHIBIT C

**From:** blakviii@aol.com [mailto:blakviii@aol.com]
**Sent:** Monday, August 11, 2008 2:21 PM
**To:** Delia Isvoranu
**Subject:** Re: Request for Admissions and Letter Brief to The Court

Delia

If you would withdraw your letter brief then we can discuss this matter in further detail on this week. I believe the parties can resolve this matter themselves without intervention of judge spero. Please advise if you are willing to do such. If not I will have to prepare a reply to your letter brief. My reply is due today. Thank you

Sent from my Verizon Wireless BlackBerry

# EXHIBIT D

**PROPOUNDING PARTY:** PLAINTIFF SAMUEL BERNARD JOHNSON III
**RESPONDING PARTY:** DEFENDANT CHEVRON CORPORATION AND/OR THEIR ATTORNEY OF RECORD
**SET:** THREE

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") requests that Defendant Chevron Corporation (hereinafter referred to as "Defendant CVX") admit or deny pursuant to FRCivP Rule 36, each and every question in this request for admissions. Rule 36(a) provides that such a written statement shall be signed by Defendant CVX and/or its attorney under the pains and penalties of perjury specifically:

    a.    Denying the matter;

    b.    Setting forth in detail why Defendant CVX cannot truly admit or deny the matter; or

    c.    A written objection addressed to the matter, signed by Defendant CVX and/or its attorney.

Defendant CVX may not give lack of information or knowledge as a reason for its failure to admit or deny unless Defendant CVX includes in a written response a certification that it has made a reasonable inquiry and that the information known or readily obtainable by Defendant CVX is insufficient to enable Defendant CVX to admit or deny. Defendant CVX's inquiry is "reasonable only when:

    a.    Defendant CVX has examined any and all document or tangible things in its possession, custody and/or control that in any way refer or relate to the matter requested to be admitted; and

    b.    Defendant CVX has made inquiry of its principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on Defendant CVX's behalf, and any other persons in active concert and participation with Defendant CVX, whether past or present and without regard to whether or not their relationship with Defendant CVX currently exists or has been terminated.

Rule 36(a) requires that any denial by Defendant CVX of a matter admitted must fairly meet the substance of the requested admission and that when good faith requires that an answer be qualified or a part of the request be denied such qualification or denial must be specific and admit that part of the request be denied such qualification or denial must be specific and admit that part of the requested admission that is true. It is not a sufficient answer that a request presents a genuine issue for trial. If Defendant CVX deny any matter requested to be admitted and the truth of the request is eventually proven at trial, Rule 37(c) provides that Defendant CVX may be ordered to pay to the requesting party the reasonable expenses incurred in providing the matters requested to be admitted, including reasonable attorney's fees. Each denial of a request for admission must be made under the pains and penalties of perjury.

Defendant CVX is required, if Defendant CVX objects to any request for admissions on the grounds of privilege, work-product, trade secret, or any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts upon which Defendant CVX or its attorney relies on in making the objection in not answering or providing a complete answer to a request for admission.

Pursuant to Rule 36(a), to the extent that Defendant CVX does not entirely dispute the authenticity of a copy of a document, but dispute specific aspects of the copy, such as differences in format or the presence,

absence, or difference of notations or signatures from a copy that Defendant CVX would be willing to admit as genuine, please set forth what aspect or aspects of the copy if not admitted as genuine.

Rule 36(a) requires that each admission, denial, objection, or statement shall be preceded by the request to which it responds.

Defendant is specifically requested pursuant to Rule 26(e) to seasonably supplement all of its answers to these requests for admissions to include any information acquired by Defendant CVX after the date of its answers to these requests for admissions.

Defendant CVX is further requested to provide its response to these requests for admissions within thirty (30) days from service per FRCivP Rule 36(3). Answers to these request for admissions shall be furnished to Plaintiff Johnson at the address of 4420 Abruzzi Circle, Stockton, California 95206, (209) 982-5904 on Wednesday, August 20, 2008. Words in CAPITALS in these Request for Admissions are defined below.

## I. DEFINITIONS

1. The term "ADDRESS" or "ADDRESSES" means the street address, including the city,

    state and zip code.

2. The term "ADVERSE EMPLOYMENT ACTION" means any termination, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the EMPLOYEE'S rights or interests and which is alleged in the complaint or amended complaint.

3. The term "BENEFIT" means any benefit from an EMPLOYER, including an "employee welfare benefit plan" or "employee pension benefit plan" with the meaning of Title 29 United States Code Section 1002(1) or (2) or ERISA.

4. The term "BUSINESS RECORDS(S)" shall include every kind of record maintained by a business

    including but not limited to all handwriting, typewriting, printing, photostatting, and every other means

    of recording upon any tangible thing in any form of communication, including letter, words, or a

    combination thereof, and all writings of graphical matter in any medium including DOCUMENTS,

    communications, EMAILS, notes, interoffice and intraoffice communications, reports, resumes, books,

    articles, memorandum, paper, film or microfilm, videotape, photograph, drawing, or other writings.

5. The term "COMMUNICATION" or "COMMUNICATIONS" means any contact between two or more PERSONS or companies and shall include, without limitation, written contacts by such means as DOCUMENT or DOCUMENTS, oral contacts by such means as face-to-face or in person meetings or telephone conversations which have been reproduced, summarized, discussed, analyzed, mentioned and/or annotated in any way in a DOCUMENT, or email or any other form of electronic communication.

6. The term "DATE" or "DATES" shall mean the applicable day, month and year responsive to the Request. If the exact DATE is unknown, please state as much and provide the approximate DATE known.

7. The term "DOCUMENT" or "DOCUMENTS" means a writing and includes, but not limited to any email, record, minutes of meetings, agreement, contract, memorandum, diagram, illustration, photograph, telegraph, written analysis, report, recording, transcription, notes, handwritten or memorandum made as to any telephone communications, or face-to-face oral meeting or conversation, written communication, telegraphy, handwriting, typewriting, printing, photostats,

photographs, electronically stored information paper, book, computer printout, working paper or other writing or means of recording upon any tangible thing, any form of communication or representation, including letters, awards, pictures, sounds or symbols or a combination thereof, which was generated and/or created on or after 2002 to the present and shall include the original of such DOCUMENT or DOCUMENTS or a copy of the original, if it is not available and any copies not identical to the original, including, without limitation, any draft of the DOCUMENT or DOCUMENTS.

8. If any of the requested documents cannot be produced in full, produce them to the fullest extent possible, and specify the reason for your inability to produce the balance of such DOCUMENT or DOCUMENTS, providing a description of each DOCUMENT or DOCUMENTS, and stating whatever information is contained or reflected in such DOCUMENT or DOCUMENTS.

9. The term "EMAIL" and "EMAIL ATTACHMENTS" shall refer to any text, graphics, embedded file, program or other material including either in electronic mail format, or attached to such material. The term "EMAIL" shall also include the email header/history for each corresponding email.

10. The term "EMPLOYEE", "EMPLOYEES" or "EMPLOYEE'S" means a PERSON or PERSONS who provides services in an EMPLOYMENT relationship and who is not a party to this action.

11. The term "EMPLOYER" means a PERSON who employs an EMPLOYEE or EMPLOYEES to provide services in an EMPLOYMENT relationship and who is a party to action. For purposes of these Request for Admissions, EMPLOYER refers to Chevron Corporation.

12. The term "EMPLOYMENT" means a relationship in which an EMPLOYEE provides services requested by or on behalf of an EMPLOYER, other than an independent contractor relationship.

13. The word "IDENTIFY" in addition to the plain meaning of the word, if and when used with respect to a PERSON, PERSONS or entity means to set forth the name together with the last known address and telephone number and any other identifying information including but not limited to Social Security Numbers, Federal or State Identification Number, of the PERSON, PERSONS or entity.

14. The word "IDENTIFY" in addition to the plain meaning of the word, if any and when used with respect to a writing, communication, DOCUMENT or DOCUMENTS means to set forth a way in which the writing, DOCUMENT or DOCUMENTS may be distinguished from all other writings, DOCUMENT or DOCUMENTS.

15. The word "IDENTIFY" in addition to the plain meaning of the word, if and when used with respect to any personal property, chattel or office equipment means to set forth a way in which the item may be distinguished from all other writing or documents, including but not limited to the location of such item.

16. The word "IDENTIFY", in addition to the plain meaning of the word, if any when used with respect to a PERSON, PERSONS or entity means to set forth the name together with the last known address and telephone number of the PERSON, PERSONS or entity.

17. The word "IDENTIFY" in addition to the plain meaning or the word, if and when used with respect to a writing, DOCUMENT or DOCUMENTS may be distinguished from all other writings, DOCUMENT or DOCUMENTS.

18. The term "INVESTIGATION" or "INVESTIGATIONS" means an formal or informal Investigation or investigations that were conducted by or on behalf of "YOU OR ANYONE ACTING ON YOUR BEHALF" includes YOU, YOUR agents, YOUR EMPLOYEES, YOUR insurance companies, their agents, their EMPLOYEES, YOUR attorneys, YOUR accountants, YOUR investigators, and anyone else acting on YOUR behalf.

19. The term "PERSON" or "PERSONS" includes a natural person, a corporation, association, partnership, sole proprietorship, or public entity.

20. The term "PERTAIN TO", "PERTAINS TO" or "PERTAINING TO", as used herein, is meant to be construed broadly and includes within is scope the terms supports, evidences, describes, summarizes, mentions, refers to, contradicts, comprises, relates to, alludes to, responds to, regarding, PERTAINING TO, connected with, commenting on, in respect to, discussing, showing, reflecting, analyzing, projecting, and constituting.

21. The term "PLEADING" or "PLEADINGS' means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

22. The term "PLAINTIFF JOHNSON'" refers to Samuel Bernard Johnson III, his attorneys, investigators, officers, along with any agents, representatives, EMPLOYEES, or other person acting on his behalf.

23. The term "TERMINATION" means the actual or constructive termination of EMPLOYMENT and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

24. The term "YOU", "YOUR", "DEFENDANT", "DEFENDANTS" or "DEFENDANT CVX" refers to Chevron Corporation, their investigators, officers, directors, attorneys, contractors, along with any agents, representatives, EMPLOYEES, or other persons acting on its behalf.

25. The term "YOU OR ANYONE ACTING ON YOUR BEHALF" includes YOU, YOUR agents, YOUR EMPLOYEES, YOUR insurance companies, their agents, their EMPLOYEES, YOUR attorneys, YOUR accountants, YOUR investigators, and anyone else acting on YOUR behalf.

## II. REQUEST FOR ADMISSIONS

1. Admit that CVX 012397, which is attached hereto as Exhibit A contains the following COMMUNICATION or COMMUNICATIONS, "She doesn't review BS work she only reviews SJ's work. She just had SJ…..of BS work error. Both reviews stopped when Sue came in. Doesn't know how or why. Looked up one day + BS was not giving him his work to review. Sue needs to stop bringing up dead issues. Sue stated hostile work environment further supports the words I order you caused hostile work environment".

2. Admit that any references to "she" in Request for Admission #1 PERTAINS TO Susan J. Solger

3. Admit that the COMMUNICATIONS contained in Requests for Admission #1 are not a COMMUNICATION or COMMUNICATIONS made by PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with

any agents, representatives or EMPLOYEES, or other PERSONS acting on YOUR behalf or made from PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives, or EMPLOYEES, or other PERSONS acting on YOUR behalf.

4. Admit that CVX 012397 is a true and correct copy of a DOCUMENT that is contained in YOUR possession, custody and/or control and was produced as part of YOUR June 27, 2008, document production to PLAINTIFF JOHNSON.

5. Admit that CVX 012397, which is attached hereto as Exhibit A contains the following COMMUNICATION or COMMUNICATIONS, "Supplier told him they had never provided a fee schedule. 3rd barrier due to finding for an investigation. Bob John PM. So busy tring to get him. She is setting him up all has witnessed since Fee conducted his investigation".

6. Admit that any references to "she" in Request for Admission #5 PERTAINS TO Susan J.Solger.

7. Admit that any references to "Fee" in Request for Admission #5 PERTAINS TO Sellers Stough who is also known as Fee Stough who was the Manager for YOUR Finance and Business Services Unit during PLAINTIFF JOHNSON'S EMPLOYMENT for Defendant Chevron Environmental Management Company.

8. Admit that any references to "Bob John" in Request for Admission #5 PERTAINS TO Robert John who was a Business Unit Manager for YOUR Superfund Property Management Business Unit during PLAINTIFF JOHNSON'S EMPLOYMENT for Defendant Chevron Environmental Management Company.

9. Admit that Robert John made the COMMUNICATION in Request for Admission # 5 to YOU OR ANYONE ACTING ON YOUR BEHALF.

10. Admit that any references to "investigation" in Request for Admission #5 PERTAINS TO YOUR EMPLOYER Equal Employment Opportunity Investigation that was conducted in June of 2006 while PLAINITFF JOHNSON was employed for Defendant Chervron Environmental Management Company.

11. Admit that the COMMUNICATION or COMMUNICATIONS contained in Requests for Admission #5 are not a COMMUNICATION or COMMUNICATIONS made by PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with

any agents, representatives, or EMPLOYEES, or other PERSONS acting on behalf or made from PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives, or EMPLOYEES, or other PERSONS acting on YOUR behalf

12. Admit that CVX 012397, which is attached hereto as Exhibit A is a true and correct copy of a DOCUMENT that is contained in defendants possession, custody and/or control and was produced as part of YOUR June 27, 2008, document production to PLAINTIFF JOHNSON.

13. Admit that CVX 012398, which is attached hereto as Exhibit A contains the following COMMUNICATIONS, "Does Sue have a brief case? Have neer seen one or did she mean purse. No – has never done the finger middle finger at Sue or in Sues presence. There is a repeated pattern of setting him up. States staff not true. She is lying. If she thought he did the finger has kept following all protocol of firing him last week happended he would have sued CVX. Sue Solger has issues with him + other minorities. Just."

14. Admit that any references to "she" in Request for Admission #13 PERTAINS TO Susan J. Solger.

15. Admit that CVX 012398 is a true and correct copy of a DOCUMENT that is contained in defendants possession, custody and/or control and was produced as part of YOUR June 27, 2008, document production to PLAINTIFF JOHNSON.

16. Admit that Susan J. Solger had a purse in her office that PERTAINS TO Request for Admission #13.

17. Admit that Susan J. Solger did not have a purse in her office that PERTAINS TO Request for Admission #13.

18. Admit that Susan J. Solger had a brief case in her office that PERTAINS TO Request for Admission #13.

19. Admit that Susan J. Solger did not have a brief case in her office that PERTAINS TO Request for Admission #13.

20. Admit that on June 15, 2006, Susan J. Solger accused PLAINITFF JOHNSON of going through her purse that was located in her office (K2046) as it PERTAINS TO Request for Admission #13.

21. Admit that on June 15, 2006, Susan J. Solger accused PLAINTIFF JOHNSON of going through her brief case that was located in her office (K2046) as it PERTAINS TO Request for Admission #13.

22. Admit that on June 15, 2006, Susan J. Solger communicated to YOU that she witnessed PLAINTIFF JOHNSON going through her purse that was located in her office (K2046) as it PERTAINS TO Request for Admission #13.

23. Admit that on June 15, 2006, Susan J. Solger accused PLAINTIFF JOHNSON of going through her brief case that was located in her office (K2046) as it PERTAINS TO Request for Admission #13.

24. Admit that on June 15, 2006, Susan J. Solger communicated to YOU that she witnessed PLAINTIFF JOHNSON going through her brief case that was located in her office (K2046) as it PERTAINS TO Request for Admission #13.

25. Admit that YOU concluded through a June 2006 EMPLOYER Equal Employment Opportunity Investigation that Susan J. Solger did not have a purse located in her office (K2046) as it PERTAINS TO Request for Admission #'s 13, 16, 17, 20 and 22.

Dated this 21st day of July 2008

SAMUEL BERNARD JOHNSON III

# EXHIBIT E

-----Original Message-----
From: BlakVIII@aol.com <BlakVIII@aol.com>
To: Delia Isvoranu
Sent: Sun Aug 10 13:46:29 2008
Subject: Request for Admissions and Letter Brief to The Court

Delia,

I have reviewed all of the Request for Admissions that were propounded on the defendants in this action. Please be advised that I'm only willing to withdraw Requests for Admissions that call for a legal conclusion or finding. The other Request for Admissions for the most part are tied to the handwritten notes or to allegations and claims made in this action. I also want to draw your attention to the below Request for Admission:


1.     Admit that the COMMUNICATIONS contained in Requests for Admissions #14 through 15 are not a COMMUNICATION or COMMUNICATIONS made by PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives or EMPLOYEES, or other PERSONS acting on YOUR behalf or made from PLAINTIFF JOHNSON to YOU, an EMPLOYEE or PERSON or their investigators, officers, directors, attorneys, contractors, along with any agents, representatives, or EMPLOYEES, or other PERSONS acting on YOUR behalf.



This is a Request for Admission to determine that I was not the person who made the statement or communication to Chevron. Hence, another employee made the statement or communication as reflected in the handwritten notes. If you are unwilling to withdraw your letter brief to Judge Spero by today, then I will write a letter brief on tomorrow explaining why I seek the Request for Admissions and such is not harassment or an abuse of this discovery tool. As you are also ware of, my statement regarding "your greedy firm" was directed about the handwritten notes. Wherein I communicated to you that it would be cheaper to have the handwritten notes transcribed then to have your firm, the employees and I sit through a deposition to have that given employee transcribe the handwritten notes. Such would be a waist of a deposition. When you refused to have the handwritten notes transcribed and now the issue with the Request for Admissions, is what brought about that given comment. Such will be fully explained to the Court.

Your request to the Court to have all Request for Admissions except set two is unacceptable given that majority of the Request for Admission are tied to the handwritten notes as well as certain allegations and claims that I made in this action. Given the above, please advise on your position of withdrawing your letter brief so that the parties can have more
time to resolve this matter themselves. Samuel