ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | Case No.  C 07-05756 SI |
| Plaintiff, | **DECLARATION OF DELIA ISVORANU IN SUPPORT OF DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO MODIFY** |
| v. | |
| CHEVRON CORPORATION. a Delaware corporation and CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California Corporation and DOES 1-10, | **Date:** August 22, 2008<br>**Time:** 9:00 a.m.<br>**Courtroom:** 10, 19th Floor<br>**Judge:** Hon. Susan Illston |
| Defendants. | |

I, DELIA A. ISVORANU, declare:

1.    I am an attorney authorized to practice law before all of the courts of the State of California, and I am an attorney with the law firm of Filice Brown Eassa & McLeod LLP, counsel of record, for Defendants Chevron Corporation and Chevron Environmental Management Company (collectively "Chevron."). The following information is true and correct and based upon my own personal knowledge, information or belief, and if called upon as a witness, I could and would competently testify thereto.

- 1 -

1    2.    On May 23, 2008, the parties exchanged Initial Disclosures in this action. With

2    those Disclosures, Chevron produced to Plaintiff (who had been employed by Chevron for a little

3    less than one year) 2329 documents.

4    3.    Thereafter, on June 27, 2008, Chevron produced another 12,000 documents to

5    Plaintiff, then totaling 14,460 documents. On July 16, 2008, Chevron produced additional

6    documents to Plaintiff, bringing the current total to 14,612.

7    4.    On the other hand, Plaintiff produced **no** documents to Chevron with his Initial

8    Disclosures and, in response to my request that he immediately do so, Plaintiff simply stated that

9    he would produce the documents at a later date.

10    5.    Plaintiff failed to produce a single document to Chevron until recently, on July 16,

11    2008—approximately two months after the parties exchanged Initial Disclosures and although

12    Plaintiff admitted that he has had these documents in his possession at the time of the Initial

13    Disclosures.

14    6.    Recently, Plaintiff supplemented his Initial Disclosures in order to set forth a

15    damages claim of $8,583,000, premised in part (and placing at issue) the purported emotional

16    distress, social and developmental problems sustained by his two adopted children as a result of

17    Chevron's alleged conduct. (See, Plaintiff's Supplemental Disclosures, a true and correct copy of

18    which is attached hereto as Exhibit A.)

19    7.    Nonetheless, Plaintiff failed to produce all records related to his damages claim

20    (including records from which his children's past developmental issues could be ascertained) and

21    also did not produce his complete wage/earnings information since his employment with Chevron

22    was terminated in 2006.

23    8.    Accordingly, I recently brought to Plaintiff's attention the fact that I was certain

24    he had withheld such documents and failed to produce them. Indeed, Plaintiff previously advised

25    me that he had additional documents to produce but that he was simply too busy to produce them

26    at this time. (See Plaintiff's email dated August 7, 2008, a true and correct copy of which is

27    attached hereto as Exhibit B.) Plaintiff has refused to provide me a date upon which he will

28    - 2 -

1   produce the additional records (Exhibit B), although his deposition has been duly noticed by

2   Chevron for September 2, 2008, in light of the September 29, 2008 currently scheduled

3   mediation.

4          9.       In fact, most recently, on August 9, 2008, Plaintiff advised that he would not be

5   appearing for his deposition as he has not "had an opportunity to prepare," although, as I advised

6   Plaintiff, presumably, when he filed this action, he was aware of his claims and the basis of his

7   claims and thus, there is no legal basis for his refusal to comply with discovery by refusing to

8   appear for deposition on September 2, 2008. It should also be noted that I noticed this deposition

9   after several futile attempts to work with Plaintiff wherein I repeatedly asked him for a date on

10  which he was available and which would be most convenient for him to attend his deposition.

11  Plaintiff never provided a date and never raised any issue with his deposition being scheduled

12  before he could "prepare" for it. Accordingly, and in light of the upcoming September 29, 2008,

13  mediation, I noticed Plaintiff's deposition for September 2, 2008.

14        10.     On Saturday, August 9, 2008, I sent Plaintiff an email stating the following:

15  > With regard to your refusal to appear for your duly noticed
16  > deposition, do you have any authority to support your position? As
> you know, I informed you that 1) we have a right to take your
17  > [de]position at any time and 2) **there is no requirement that you
> first conduct all the discovery you want before we can take your
18  > deposition. As I stated in our meet and confer today, you filed
> this action and, therefore, you should know the basis of your
19  > claims.** It should not be necessary for you to conduct discovery
> before you can have your deposition taken regarding this matter.

20  > **If you have authority, please provide it.** Otherwise, as I
21  > mentioned in our call, I will have no choice but to file another letter
> with Judge Spero and will seek sanctions against you for such such
22  > frivolous and  uncooperative conduct.

23  > Best,

24  > Delia

25  (See, August 9, 2008, email to Plaintiff, a true and correct copy of which is attached hereto as

26  Exhibit C.)

27        11.     In response, and rather than providing any authority for his refusal to be deposed at

28  - 3 -

1    this time, Plaintiff alarmingly, and nonsensically, accused me of breaking into his house, as a

2    result of my belief that he, as opposed to Chevron, has withheld pertinent documents related to

3    his damages claim: "Your statement regarding the records pertaining to my two children's records

4    **implies that you or someone on your behalf has been in my home.** Due to such I must inform

5    my superiors as I have confidential materials in my home that should not be revealed to the

6    general public." (Exhibit C; emphasis added.) Such serves as an illustration of the type of

7    unfounded and inflammatory accusations repeatedly asserted by Plaintiff.

8        12.    Indeed, although Plaintiff's Motion to Modify asserts that I have acted in bad faith

9    (in fact, I recently received a call from Plaintiff wherein he angrily stated that he "would have

10   [my] license,"—a threat which, if made by a practitioner, would amount to misconduct) the Court

11   has denied each of Plaintiff's discovery motions in this case.

12       13.    On July 10, 2008, Plaintiff filed a seven page "letter brief" (Motion to Compel)

13   with this Court (Document 76) regarding the very discovery upon which his Motion to Modify is

14   based. Chevron opposed that Motion to Compel and, on July 15, 2008, Plaintiff repeated his

15   attempt to persuade this Court by filing a three-page "reply letter." (Document 78.) Days later, on

16   July 23, 2008 (Document 80), Plaintiff filed a similar letter brief, this time seeking to compel the

17   production of records through a subpoena Plaintiff had previously improperly issued, which

18   Chevron had moved to quash. The issues and discovery sought in both Plaintiff's July 10th, 15th,

19   and 23rd letters were similar and Plaintiff provided argument and legal authorities (albeit

20   inapplicable and unpersuasive) in each of those letters.

21       14.    On July 29, 2008, having reviewed all of the correspondence from Plaintiff and

22   oppositions from Chevron, this Court denied both of Plaintiff's then pending Motions to Compel.

23   (Document 88.) The Court stated that Plaintiff had "set forth no basis that would justify the

24   production" of the records at issue. The Court did not grant Plaintiff's request for further briefing

25   and did not invite further motion work on this issue.

26       15.    Nonetheless, on August 4, 2008, Plaintiff filed a Motion to "Exceed 25-page

27   Limitation" and a 48-page Motion to Compel. (Documents 90 and 98, respectively.)

28

- 4 -

16.     Chevron opposed Plaintiff's improper and untimely Motion to Compel (amounting to an improper Motion for Reconsideration and violation of the Court's prior order denying Plaintiff's motions, which did not invite further briefing.)

17.     On August 8, 2008, the Court denied Plaintiff's latest two motions, in its "Order Denying Plaintiffs' Discovery Motions, [Docket Nos. 90, 91, 98]." (Document 104.)

18.     Although Plaintiff's discovery responses contain improper objections and Plaintiff has failed to produce all documents requested in discovery and required by Fed. Rules Civ. Proc., rule 26, Chevron, in an effort not to burden this Court, has filed only the successful motion to quash and a single addition discovery motion: a Motion for Protective Order regarding the 512 poorly phrased, overly broad, and improper Requests for Admissions served by Plaintiff. Chevron also will likely have to move to compel Plaintiff's attendance at deposition. Nonetheless, neither of these issues requires a modification of the Court's Scheduling Order—which was discussed at length by the parties prior to the Initial Case Management Conference and with the Court during that conference—as Chevron anticipates that Plaintiff will be compelled to attend his September 2, 2008, deposition.

19.     Moreover, Chevron has responded to discovery.

20.     To date, Plaintiff has served a total of 400 Interrogatories upon Chevron. Chevron has responded to a total of 300 Interrogatories thus far (through objections as they exceed the rule of 25 set forth in Fed. Rules Civ. Proc., rule 33, contained unintelligible and multiple subparts) and, as a gesture of good-faith, is in the process of amending its responses and answering 50 of the Interrogatories although they violate the rule of 25. Chevron agreed to answer certain of the Interrogatories in order to relieve Plaintiff of the need to file yet another letter to the Court, seeking to exceed the 25 interrogatories limit.

21.     Chevron has also responded to 70 Requests for Production of Documents and has produced over 14,000 documents to Plaintiff.

22.     As to Requests for Admissions for which a Motion for Protective Order is pending, Plaintiff has served a total of 512 Requests, comprised of 256 upon Chevron

- 5 -

1  Corporation and 256 upon CEMC. To date, Chevron has, collectively, responded to 60 Requests

2  for Admissions (Sets One to each Defendant, containing 30 Requests to each), and has also

3  served Amended responses following meet and confer efforts with Plaintiff. The 30 Requests to

4  each Defendant were unique and not duplicates—in other words, Plaintiff did not serve the same

5  30 Requests upon Chevron Corporation as he did upon CEMC. Chevron seeks a Protective Order

6  and relief from responding to the remaining 452 Requests.

7      23.    Regarding that requested Protective Order—the only pending discovery dispute

8  before the Court—I first attempted to meet and confer with Plaintiff and requested that he limit

9  his RFAs so that Chevron would not file a letter with the Court and my request was met with the

10  sort of opposition and response that has been typical. When I advised Plaintiff (in an email) that

11  the Requests were "unduly burdensome and harassing given the number served," he responded:

12  "These rfas are not an attempt to harass [sic] your greedy firm just wants to make money off your

13  clients. This I find repulsive." In response I advised Plaintiff that responding to the Requests "will

14  be much more expensive for our client than sending a letter to the court. This is one of the reasons

15  we are seeking to limit the RFAs, i.e., to save our client the unwarranted expense." (See, July 31,

16  2008, emails, attached hereto as Exhibit D.) This also is not a basis for granting Plaintiff's request

17  to modify the scheduling order as Judge Spero will rule on Chevron's Protective Order this week

18  and, thus, the dispute will be resolved. Moreover, that is an order sought by Chevron, not

19  Plaintiff, and Chevron does not seek a continuance of the currently scheduled dates in this matter.

20      24.    Finally, it should be noted that the discovery response deadlines set forth in

21  Plaintiff's Declaration are incorrect and should not be relied upon. Although I advised Plaintiff of

22  this error and that it was not necessary for him to set out the discovery deadlines per his

23  calculations as I would simply respond to his discovery, as I have done "pursuant to the deadlines

24  set forth in the Federal Rules," Plaintiff responded: "Don't tell me what to do. Take care for now

25  as I'm quite busy as I told you before." (See, Plaintiff's July 21, 2008, email, a true and correct

26  copy of which is attached hereto as Exhibit E.) Nonetheless, Plaintiff has persisted in setting forth

27  inaccurate response deadlines.

28

- 6 -

1    25.    Accordingly, as Plaintiff's Motions to Compel have been denied, Plaintiff himself

2    has not produced all documents required by Rule 26 and requested in Chevron's Requests for

3    Production of Documents, and no critical discovery disputes are pending before the Court,

4    Plaintiff's Motions should be denied as there is no justification for extending the discovery

5    deadlines or trial date in this very simple and straightforward matter.

6    26.    Finally, for clarification purposes, Defendant did not previously calendar this

7    matter in light of 1) confusion regarding Plaintiff's multiple filings (an opposition was

8    calendared, however, it was believed to be the opposition to Plaintiff's Motion for Leave to

9    Amend) and 2) the fact that I construed Plaintiff's Motion to Modify, couched and titled as an

10   "Ex Parte" motion to be just that, an ex parte motion regarding the hearing date and deadlines

11   stemming therefrom, which the court would grant or deny, thereby establishing opposition and

12   reply deadlines. I apologize to the Court for any inconvenience and for any error on my part in

13   this regard.

14   I declare under penalty of perjury under the laws of the State of California that the

15   foregoing is true and correct.

16   Executed at Oakland, California, on August 12, 2008.

17

18   _____

19                        DELIA A. ISVORANU

20

21

22

23

24

25

26

27

00215 34155 DAI 591964.1

28                          - 7 -

DECLARATION OF DELIA ISVORANU IN SUPPORT OF DEFENDANTS CHEVRON CORPORATION'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO MODIFY
Case No. C 07-05756 SI

**EXHIBIT A**

1  SAMUEL BERNARD JOHNSON III
   4420 Abruzzi Circle
2  Stockton, California 95206
   (209) 982-5904 – Telephone
3  blakviii@aol.com – Email

4  Plaintiff - *In Pro Se*

5

6

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12  SAMUEL BERNARD JOHNSON III,        Case No.:  C 07-05756 SI (JCS)

13                    Plaintiff,
                                       **PLAINTIFF'S SUPPLEMENTAL**
14       vs.                           **DISCLOSURES PURSUANT TO RULE**
                                       **26(a)(1) OF THE FEDERAL RULES OF**
15  CHEVRON CORPORATION, a Delaware    **CIVIL PROCEDURE**
    corporation, CHEVRON
16  ENVIRONMENTAL MANAGEMENT
    COMPANY, a California corporation, and
17  DOES 1-10, inclusive

18                    Defendants

19

20

21

22

23

24

25

26

27

28

       PLAINTIFF'S SUPPLEMENTAL  DISCLOSURES, Case No. C 07-05756 SI (JCS)

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") makes the following supplemental disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, (hereafter referred to as "Plaintiff's Supplemental Disclosures"), the Court's Pretrial Preparation Order that was filed on May 22, 2008 (Corrected), in the above-referenced styled action.  The inclusion of documents in Plaintiff's Supplemental Disclosures shall not be construed to waive: (i) the attorney-client privilege and/or the work-product doctrine, either generally or as they may attach to particular documents, or (ii) the admissibility of these documents in this action.  Plaintiff Johnson reserves the right to supplement and/or amend Plaintiff's Supplemental Disclosures as appropriate during the course of this action.

**I.    Individuals Likely To Have Information Pursuant To Rule 26(a)(1)(A) Disclosures**

Plaintiff Johnson supplements this section of Plaintiff's Supplemental Disclosures as follows:

| Name | Subject of Information |
|---|---|
| David Cover<br>Title: Attorney for Chevron Corporation | Knowledge of all employment matters, including Plaintiff Johnson's wrongful termination. |

**a.    Individuals Likely To Have Information Pursuant To Rule 26(a)(1)(A) Disclosures, But Defendants Do Not Have Telephone And Address Information For**

Plaintiff Johnson reserves the right to supplement and/or amend this section of Plaintiff's Supplemental Disclosures as appropriate during the course of this action.

**II.    Categories And Location of Documents Pursuant to Rule 26(a)(1)(B) Disclosures**

Plaintiff Johnson reserves the right to supplement and/or amend this section of Plaintiff's Supplemental Disclosures as appropriate during the course of this action.

**III.    Documents in Plaintiff Johnson's Possession, Custody and/or Control Pursuant to Rule 26(a)(1)(B)**

Plaintiff Johnson supplements this section of Plaintiff's Supplemental Disclosures as follows:

1

PLAINTIFF'S SUPPLEMENTAL  DISCLOSURES, Case No. C 07-05756 SI (JCS)

| Categories or Document | Location |
|---|---|
| Documents pertaining to defendants' having knowledge and/or being informed about Plaintiff Johnson's HIV/AIDS status. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to others complaining to Plaintiff Johnson about discriminatory and retaliatory employment practices. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to others being subjected to discriminatory and retaliatory employment practices. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to Plaintiff Johnson complaining to others about being subjected to discriminatory and retaliatory employment practices. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to Plaintiff Johnson requesting certain training. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to Plaintiff Johnson being unable to work (disabled) at the time of his alleged wrongful termination of August 7, 2006. | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to Plaintiff Johnson's deteriorating physical health due to being subjected to what is alleged in the original Complaint and the Amended Complaint | 4420 Abruzzi Circle, Stockton, California 95206 |
| Documents pertaining to Plaintiff Johnson complaining to others about being subjected to discriminatory and retaliatory employment practices. | 4420 Abruzzi Circle, Stockton, California 95206 |

**IV.    Amount In Controversy and Attorneys' Fees Pursuant to Rule 26(a)(1)(C)) Disclosures**

Plaintiff Johnson supplements this section of Plaintiff's Supplemental Disclosures as follows:

The below is a preliminary estimate of the amount in controversy and is subject to change during the course of this action as additional discovery becomes available to Plaintiff Johnson to prove the claims alleged in the original Complaint and the proposed Amended Complaint.

1.    Expenses related to Plaintiff Johnson's unlawful termination of employment:

2

i.  Loss Wages (includes back pay)[1]:

August 7, 2006 to May 7, 2007: $66,100.00 divided by twelve months = $5,508.33 times nine months = **$49,574.97**[2]

May 7, 2007 to May 1, 2008[3] = **$21,520.00** (difference from $66,100.00 and what I made per year at CPUC).

June 1, 2008 to July 1, 2008[4] = **$1,475.33** (difference between one months pay at Chevron and working for the CPUC ($5,508.33 - $4,033.00 = $1,475.33)

August 1, 2008 to the present[5]: difference from what I was making at Chevron and the California Department of Justice ($5,508.33 - $4,617.00 = $891.33 per month).  This figure will be calculated when a settlement has been reached between the parties in this action.

**Total Loss Wages:** $72, 570.30[6]

ii.  Emotional Distress:  $350,000.00

iii.  Physical Distress:  $350,000.00

iv.  Mental Anguish:  $350,000.00

v.  Pain and Suffering:  $350,000.00

vi.  Putative Damages:  3,000,000.00

vii.  Loss of quality time with his two (2) minor children in child rearing, taking them on vacations, spending quality time with them, working with them on their developmental and education needs:  $350,000.00.

viii.  Missed Time From Work Due VII (having to attend doctor's appointments, Individualized Education Plan meetings, etc.):  $4,500.00

---

[1] Loss Wages will be calculated based off changes in merit increases and job employment (promotions) from May 7, 2007 to the present.
[2] This is considered to be back pay calculations.
[3] Salary was decreased to $3,715.00 per month from $5,508.33 per month (Chevron salary as of August 7, 2006).
[4] Received a merit increase from $3,715.00 per month to $4,033.00 per month.
[5] Received a salary increase due to promotion (job change).  Salary changed from $4,033.00 per month to $4,617.00.
[6] This total does not take into account the difference in salary that I was making at Chevron and what I'm now making at the California Department of Justice.

3

ix.    Front Pay[7]:

August 6, 2006 to August 6, 2007: $66,100.00 to $70,066.00 = $3,966.00

August 6, 2007 to August 6, 2008: $70,066.00 to 74,269.96 = $4,203.96

August 6, 2008 to August 6, 2009: $74,269.96 to $78,816.15 = $4,456.19

August 6, 2009 to August 6, 2010: $78,816.15 to 83,545.12 = $4,728.96

August 6, 2010 to August 6, 2011: $83,545.12 to $88,557.82 = $5,012.70

August 6, 2011 to August 6, 2012: $88,557.82 to $93,871.28 = $5,313.46

**Total Front Pay:** $27,681.27

**Total Damages:** $4,854,751.57[8]

2.    Expenses related to Plaintiff Johnson's unlawful termination of employment as it relates to his two (2) minor children:[9]

i.      Emotional Distress:    $200,000.00

ii.     Physical Distress:    $200,000.00

iii.    Pain and Suffering:    $200,000.00

iv.    Putative Damages:    $2,000,000.00

v.     Substantial educational loses:    $200,000.00

vi.    Substantial developmental losses:    $200,000.00

vii.   Permanent decline in Plaintiff Johnson's two (2) minor children's future development: $350,000.00

viii.  Loss of quality time with their father in taking them on vacations, spending quality time with their father, working with their father on their developmental and education needs and enjoying everyday life with their father, etc.:    $350,000.00

**Total Damages:** $3,700,000.00

---

[7] Five years front pay (to be calculated based off of Plaintiff Johnson's last salary at time of termination with a 6% salary increase for each year from August 6, 2006 to August 6, 2012. (Chosen time period is an example).

[8] This total does not take into account difference in pay from what I was making at Chevron and what I'm now making at the California Department of Justice.

[9] These expenses are for two (2) children. When reviewing these numbers, divide them by two (2) in order to obtain the dollar figure for one (1) child.

**Total Damages for Plaintiff Johnson and his two (2) minor children:  $8,557,980.53**

3.     Other Damages/Costs: See below

Cobra Payments:        $3,954.40

From August to December 2006 = 5 x $389.64 = $1,948.20; and

From January to May 2007 = 5 x $401.24 = $2,006.20

Costs of Suit:        $4,500.00[10]

Credit Cards:        $20,000.00[11]

Total Amount in Controversy[12]:

a.     Section 1 = $ 4,854,751.57
b.     Section 2 = $3,700,000.00
c.     Section 3 = $28,454.40

$8,583,205.97

## IV.     Insurance Pursuant To Rule 26(a)(1)(D) Disclosures

Plaintiff Johnson reserves the right to supplement and/or amend this section of Plaintiff's Supplemental Disclosures as appropriate during the course of this action.

## V.     Conclusion

Plaintiff Johnson encloses the following documents that have been Bates stamped as SBJ000001 through SBJ003154 in support of the allegations, claims and damages in this action. Plaintiff's Johnson's Supplemental Disclosures are based on information reasonably available to Plaintiff Johnson at this time.  Plaintiff Johnson reserves the right to identify additional individuals and/or witnesses, documents, tangible things and other information in this action, by supplementation of Plaintiff's Supplemental Disclosures, the formal discovery process, or in any other way.  Plaintiff Johnson also reserves the right to make use of any party's witnesses or

---

[10] This amount is separate from what is listed in footnote #10.
[11] This dollar amount includes charges that were made to my personal credit cards from August 7, 2006, to the present to pay for items such as food, supplies to litigate this case, clothes for the children due to decrease in monthly salary, etc.
[12] This amount includes what is listed in items 1-3 above.

5

1  documents to prosecute this action.  Plaintiff's Supplemental Disclosures are not intended, and

2  should not be construed, as a waiver of any objection to the production, use or admission into

3  evidence of any document or information that Plaintiff Johnson

4  may be legally entitled to assert during the discovery or trial of this action.

6  Dated this 16th day of July 2008

   SAMUEL BERNARD JOHNSON III

**EXHIBIT B**

## Delia Isvoranu

**From:** BlakVIII@aol.com
**Sent:** Thursday, August 07, 2008 7:57 PM
**To:** Delia Isvoranu
**Cc:** BlakVIII@aol.com
**Subject:** Re: Documents

Pursuant to our telephone call of just a few minutes ago, I informed you that I do not have the attachments to the documents that you reference below. I also informed you that I would supplement my document production as what was stated in the Request for Documents. You then tried to press me for a date and I informed you that I could not give you a date as I have to produce documents in the Workers' Compensation matter. You then stated that you were going to write a letter to the Court as I would not give you a date for supplementation. You then made an assertion that I should have produced these documents as I had then in my possession, custody and/or control at the time I produced the first 3000 or so documents. I informed you that I have two children in my home that move things around from time to time. Given such, I have to search for these documents that are responsive to the Request for Production of Documents that you propounded on me. You then began again to press me for a production date and as I told you before I cannot provide you with a date at this time. You also stated that the emails that Mary Hermansader and I exchanged stated that she would not sign it as that was not her statement. I informed you that I was not going to answer these types of questions as I'm not in a deposition. I also informed you that you these questions could be presented to Ms. Hermansader during her deposition given the fact that I did state I wanted to take such. Ms. Hermansader can tell you why she did not sign the declaration and what discussions she and I had regarding the contents of her declaration. You then stated that you would write a letter to the Court about this matter to have me supplement my production on your time table. As stated during the telephone call, you are welcome to burden the Court with your letter. Take care. Samuel.

In a message dated 8/7/2008 7:31:56 P.M. Pacific Daylight Time, disvoranu@filicebrown.com writes:

> Samuel,
> In reviewing some of the documents you have produced, I noted that you have not produced many of the attachments attached to emails. Please produce all attachments. Please also produce the Declaration you drafted for Mary Hermansader, attached to your October 2006 emails to/from her, which you also have not produced.
>
> Finally, you did not answer my earlier questions regarding what time you would like to talk on Saturday?
>
> Thanks,
>
> Delia
>
> **Delia A. Isvoranu**
> Filice Brown Eassa & McLeod LLP
> Lake Merritt Plaza
> 1999 Harrison St. 18th Floor
> Oakland, CA 94612
> Tel:(510) 444-3131
> www.filicebrown.com

**********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
**********************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly
prohibited. If you have received this message in error, please immediately
notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you.

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

**EXHIBIT C**

## Delia Isvoranu

**From:**        blakviii@aol.com
**Sent:**        Saturday, August 09, 2008 5:42 PM
**To:**          Delia Isvoranu
**Subject:**     Re: Deposition

Delia

As I previously informed you my letter was done as a courtesy. I will provide proper notice shortly. I also referred you to the last memos filed with court. Second as I informed you during our meet and confer on today you continue to ask me questions that are considered inappropriate and are reserved for my deposition. Given such I will again ask that you reframe from such. You also made reference that I have documents in my home dating back to 2002 pertaining to my two children. When I asked how you knew such you did not provide me with an answer. Your statement regarding the records pertaining to my two children's records implies that you or someone on your behalf has been in my home. Due to such I must inform my superiors as I have confidential materials in my home that should not be revealed to the general public. By way of this email I instruct you to tell me how and why you know or believe I have these materials in my home.

------Original Message------
From: Delia I
To: blakviii@aol.com
Subject: Deposition
Sent: Aug 9, 2008 5:27 PM

Samuel,
With regard to your refusal to appear for your duly noticed deposition, do you have any authority to support your position? As you know, I informed you that 1) we have a right to take your position at any time and 2) there is no requirement that you first conduct all the discovery you want before we can take your deposition. As I stated in our meet and confer today, you filed this action and, therefore, you should know the basis of your claims. It should not be necessary for you to conduct discovery before you can have your deposition taken regarding this matter.

If you have authority, please provide it. Otherwise, as I mentioned in our call, I will have no choice but to file another letter with Judge Spero and will seek sanctions against you for such such frivolous and uncooperative conduct.

Best,

Delia

**********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
**********************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you.

Sent from my Verizon Wireless BlackBerry

**EXHIBIT D**

**Delia Isvoranu**

| | |
|---|---|
| **From:** | blakviii@aol.com |
| **Sent:** | Thursday, July 31, 2008 9:39 AM |
| **To:** | Delia Isvoranu |
| **Subject:** | Re: Johnson v. Chevron Corporation, C07-05756 SI (JCS) |

Also as a follow up. These rfas are not an attempt to harass your greedy firm just wants to make money off your clients. This I find repulsive Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Delia Isvoranu" <disvoranu@filicebrown.com>

Date: Thu, 31 Jul 2008 09:30:57
To: <blakviii@aol.com>
Subject: Re: Johnson v. Chevron Corporation, C07-05756 SI (JCS)


An order limiting the number of RFAs to which we have to respond.

Delia

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Thu Jul 31 09:26:50 2008
Subject: Re: Johnson v. Chevron Corporation, C07-05756 SI (JCS)

Explain what you define as a protective order
Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Delia Isvoranu" <disvoranu@filicebrown.com>

Date: Thu, 31 Jul 2008 09:24:36
To: <blakviii@aol.com>
Subject: Re: Johnson v. Chevron Corporation, C07-05756 SI (JCS)


Hi Samuel,
Please advise whether you are willing to limit the number of Requests for Admissions you have served.
They are unduly burdensome and harassing given the number served.
If you are unwilling to limit the number, I will prepare a letter to Judge Spero seeking a protective order.

Thank you,

Delia

1

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Thu Jul 31 06:05:15 2008
Subject: Re: Johnson v. Chevron Corporation, C07-05756 SI (JCS)

Will attach. Sorry

Sent from my Verizon Wireless BlackBerry

---

From: "Delia Isvoranu" <disvoranu@filicebrown.com>
Date: Thu, 31 Jul 2008 05:47:24 -0700
To: <BlakVIII@aol.com>
Subject: RE: Johnson v. Chevron Corporation, C07-05756 SI (JCS)

There is no attached correspondence.

Delia

-----Original Message-----
From: BlakVIII@aol.com [mailto:BlakVIII@aol.com]
Sent: Thursday, July 31, 2008 5:46 AM
To: Delia Isvoranu
Cc: Bob Eassa
Subject: Johnson v. Chevron Corporation, C07-05756 SI (JCS)

Please see the attached correspondence.

Thanks and take care for now. Samuel

CONFIDENTIALITY NOTICE:

This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender by email and/or by telephone at (209) 470-2822 and delete the original message and any attachment(s). Thank you.

Get fantasy football with free live scoring. Sign up for FanHouse Fantasy Football today <http://www.fanhouse.com/fantasyaffair?ncid=aolspr00050000000020> .

************************************************************ IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations  governing tax practice, you are hereby advised that any written tax advice  contained herein was not written or intended to be used (and cannot be used)  by any taxpayer for the purpose of avoiding penalties that may be imposed  under the U.S. Internal Revenue Code. ********************************************************** CONFIDENTIALITY NOTICE: This electronic message may contain information that is confidential and/or  legally privileged. Any use, review, dissemination, distribution, or copying  of this transmission by anyone other than the intended recipient is strictly  prohibited. If you have received this message in error, please immediately  notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at (510) 444-3131 and delete the original message. Thank you.

*********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
*********************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly
prohibited. If you have received this message in error, please immediately
notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you.

*********************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
*********************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly

3

prohibited. If you have received this message in error, please immediately notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at (510) 444-3131 and delete the original message. Thank you.

**EXHIBIT E**

**Delia Isvoranu**

| | |
|---|---|
| **From:** | blakviii@aol.com |
| **Sent:** | Monday, July 21, 2008 12:19 PM |
| **To:** | Delia Isvoranu |
| **Subject:** | Re: Case No. C 07-05756 SI Johnson v. Chevron Corporation |

Don't tell me what to do. Take care for now as I'm quite busy as I told you before Sent from my Verizon Wireless BlackBerry

-----Original Message-----
From: "Delia Isvoranu" <disvoranu@filicebrown.com>

Date: Mon, 21 Jul 2008 06:27:16
To: <blakviii@aol.com>
Subject: Re: Case No. C 07-05756 SI Johnson v. Chevron Corporation


There is no need for you to send a follow up letter. Our responses will be served pursuant to the deadlines set forth in the Federal Rules, not your letters. If you feel our responses are untimely, you can raise that issue at the appropriate time.

Thanks,

Delia

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Mon Jul 21 06:20:18 2008
Subject: Re: Case No. C 07-05756 SI Johnson v. Chevron Corporation

I'll double check them, but I believe for the most part they are correct. July has 31 days and some of the due dates fall on a weekend so I pushed them to the following monday. Ill send a follow up letter on tonight.

Sent from my Verizon Wireless BlackBerry

_____

From: "Delia Isvoranu" <disvoranu@filicebrown.com>
Date: Sun, 20 Jul 2008 22:23:34 -0700
To: <BlakVIII@aol.com>
Subject: RE: Case No. C 07-05756 SI Johnson v. Chevron Corporation


Samuel,

1

Some of you due date calculations are incorrect. I will serve responses per the deadline set forth in the Federal Rules as opposed to your letter.

Thanks,

Delia

-----Original Message-----
From: BlakVIII@aol.com [mailto:BlakVIII@aol.com]
Sent: Sunday, July 20, 2008 7:18 PM
To: Delia Isvoranu
Cc: Bob Eassa
Subject: Case No. C 07-05756 SI Johnson v. Chevron Corporation

Delia,

Please find attached a letter that outlines are due dates, extensions that have been granted and discovery that has been propounded by me in the above-referenced action. Please also note that the extensions in this letter pertain to discovery that has been propounded by me as well.

Thanks and take care for now. Samuel

CONFIDENTIALITY NOTICE:

This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender by email and/or by telephone at (209) 470-2822 and delete the original message and any attachment(s). Thank you.

---

Get fantasy football with free live scoring. Sign up for FanHouse Fantasy Football today

2

<http://www.fanhouse.com/fantasyaffair?ncid=aolspr00050000000020> .

**************************************************** IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code. **************************************************** CONFIDENTIALITY NOTICE: This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at (510) 444-3131 and delete the original message. Thank you.

**************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
**************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or legally privileged. Any use, review, dissemination, distribution, or copying of this transmission by anyone other than the intended recipient is strictly prohibited. If you have received this message in error, please immediately notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at (510) 444-3131 and delete the original message. Thank you.