

Delia A. Isvoranu
DIsvoranu@filicebrown.com

August 5, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA  94101

Re:  *Samuel B. Johnson III v. Chevron Corporation, et al.*
Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

This shall serve as Chevron's reply to Plaintiff's August 11, 2008, opposition letter, erroneously titled "reply letter."

*First*, I am unaware of what Plaintiff refers to with regard to his contention that Chevron's August 4, 2008, letter brief is suspect. As noted in our moving letter, I attempted to meet and confer with Plaintiff regarding his Requests on July 31, 2008—five days before we submitted our letter to the Court. This cooperative effort was met by the unprofessional and unfounded comment from Plaintiff that our office was simply a "greedy firm." Thus, it became clear that Plaintiff had no intention of withdrawing or limiting his Requests in any manner. In fact, even now, he has offered the Court no proposed limitation or withdrawal of the Requests. It was not until **after** Chevron submitted its letter to the Court, that Plaintiff requested that we discuss the issues.

*Second*, as Plaintiff's own Exhibit A indicates, when he advised that he was willing to consider limiting/withdrawing his Requests, I immediately suggested, on August 4, 2008, that we discuss this matter that evening. It was Plaintiff's election to wait until the following Saturday to do so, knowing that his Opposition was due that following Monday. Nonetheless, as a gesture of cooperation, I met and conferred with Plaintiff, on a weekend, for approximately 40 minutes, regarding our letter to the Court as well as a number of other matters—including the fact that Plaintiff has admittedly not produced all responsive documents in his possession and Plaintiff advising me that he objected to being deposed in this matter and that he would not appear for his duly noticed September 2, 2008, deposition (this will, unfortunately, necessitate yet another letter brief to the Court).

LAKE MERRITT PLAZA  ♦  1999 HARRISON STREET  ♦  SUITE 1800
PO BOX 70850  ♦  OAKLAND, CA 94612-0850  ♦  510.444.3131  FAX: 510.839.7940

ONE CALIFORNIA PLAZA  ♦  300 SO. GRAND AVENUE  ♦  SUITE 1400
LOS ANGELES, CA 90071-3124  ♦  213.687.2666  FAX: 213.687.2660

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

*Third*, during the telephone conference with Plaintiff on Saturday August 9, I informed Plaintiff that if he was now willing to limit his Requests, he should review the Requests and identify which of the Requests he would withdraw which would enable a determination of how many of the 512 Requests would no longer necessitate a response and thus, may lessen the undue burden (depending upon the form and scope of any remaining Requests for Admissions, not withdrawn).

Rather than identifying the specific Requests Plaintiff was willing to withdraw (or providing authority for why Plaintiff is refusing to attend his deposition), he instead Plaintiff alarmingly, and nonsensically, accused me of breaking into his house, as a result of my belief that he, as opposed to Chevron, has withheld pertinent documents related to his damages (Plaintiff's claims, are premised in part, and place at issue, the purported emotional distress, social and developmental problems sustained by his two children as a result of Chevron's alleged conduct). (*August 9, 2008, email, a true and correct copy of which is attached as* Exhibit A.)

*Fourth*, Plaintiff's letter admits that he has used his oppressive 512 Requests for an improper purpose, i.e. "to bare fruit on discovery that will lead to admissible evidence." (Plaintiff's letter). This is the precise reason why Chevron's motion for protective order must be granted. The purpose of requests for admission "is not necessarily to obtain information, but to narrow the issues for trial… It has been established that requests for admission are in essence a simplified procedure that should require minimal response and explanation as well as rarely requiring reliance on documentation of facts outside of the requests themselves." (*Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 2007 WL 1300772 at *2 (W.D.Pa.2007).) Similarly, "requests for admission **should focus on important factual matters and not factual minutiae**" and a request is "**improper** if it is simply an **effort to obtain basic factual discovery**. Interrogatories and depositions are the proper vehicle for such discovery. A party cannot put the burden of discovery on the other party by obtaining all factual details by means of requests for admission" (*Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625744 at *3 (D.Kan.1995); emphasis added.) Requests for Admissions "should deal with singular relevant facts which can be clearly admitted or denied…They should not be used as a means of covering the entire case and every item of evidence." (*Griffin v. Wilhelmsen*, 24 F.R.D. 431, 433 (E.D.Pa.1959).) In addition:

> [Requests for Admissions] should not be used to discover facts as such, but should be directed to those facts in issue, the truth of which is apparent and may be shown not to have been substantially controverted after trial has been completed. And finally, if a party desires to sound out an adversary's knowledge relative to existence of facts, that should be done by resort to discovery methods other than method provided for by federal rule of civil procedure dealing with requests for admissions of facts." (*U.S. v. New Wrinkle, Inc.*, 16 F.R.D. 35, 37 (S.D. Ohio, 1954).

Re:    *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

FBE&M

As evidenced from Plaintiff's own handful of exemplar Requests (Plaintiff's Exhibit D), his Requests are improper on each of the foregoing bases. Indeed, the fact that Plaintiff's Requests contain 25 preface "definitions" makes them more akin to Interrogatories and a tool used for factual discovery as opposed to a mechanism aimed at simplifying disputed and important issues.

*Fifth*, while Plaintiff states, in a conclusory manner, that his requests "focus heavily" on Chevron's "investigations," even the selective 25 Requests set forth in his Exhibit D contain only a handful—of the 512 total Requests—which relate to the investigation. It is no coincidence that Plaintiff has not provided the Court other examples.

Moreover, while Plaintiff states that it is "Chevron's own failure to cooperate" which led him to propound the Requests, that statement is clearly disingenuous given that Plaintiff advised me, **prior** to any dispute arising, that he intended to serve just as many sets of Request for Admissions as Interrogatories (this past Monday, Chevron responded to the 400th Interrogatory from Plaintiff). Moreover, each and every one of Plaintiff's motions, both before Your Honor and Judge Illston have been denied, thereby indicating that Plaintiff's filings are frivolous, as opposed to spurred by Chevron's supposed conduct. Moreover, contrary to Plaintiff's belief, the fact that this office has not excused Plaintiff's failure to comply with this Court's Rules, the Federal Rules, and decisional authorities interpreting those rules is not akin to being "uncooperative."

*Finally*, Chevron's counsel has never "taunted" Plaintiff with regard to his prior motions. Rather, Plaintiff has repeatedly shown little regard for asserting unfounded and unreasonable positions (such as refusing to produce all documents and attending his deposition) necessitating burdening this Court with letters. Moreover, he has continually asserted, including in two recent motions filed with Judge Illston and a threatening telephone message that he "would have [my] license"—a threat which, if made by a practitioner, would amount to misconduct—that Chevron has not complied with discovery. In response, I reminded Plaintiff that clearly, given that his prior motions were denied, such is not the case.

Plaintiff has not presented any factual or legal basis justifying 512 Requests for Admissions and has not proposed to this Court even limiting the number of Requests in any manner. Based on the aforementioned authorities, as well as those cited in Chevron's moving letter, a Protective Order relieving Chevron of the burden to responding to any further Requests for Admissions (Chevron has responded to 60 already) is warranted.

Respectfully submitted,

Delia A. Isvoranu

**EXHIBIT A**

**Delia Isvoranu**

From: blakviii@aol.com
Sent: Saturday, August 09, 2008 5:42 PM
To: Delia Isvoranu
Subject: Re: Deposition

Delia

As I previously informed you my letter was done as a courtesy. I will provide proper notice shortly. I also referred you to the last memos filed with court. Second as I informed you during our meet and confer on today you continue to ask me questions that are considered inappropriate and are reserved for my deposition. Given such I will again ask that you reframe from such. You also made reference that I have documents in my home dating back to 2002 pertaining to my two children. When I asked how you knew such you did not provide me with an answer. Your statement regarding the records pertaining to my two children's records implies that you or someone on your behalf has been in my home. Due to such I must inform my superiors as I have confidential materials in my home that should not be revealed to the general public. By way of this email I instruct you to tell me how and why you know or believe I have these materials in my home.

------Original Message------
From: Delia I
To: blakviii@aol.com
Subject: Deposition
Sent: Aug 9, 2008 5:27 PM

Samuel,
With regard to your refusal to appear for your duly noticed deposition, do you have any authority to support your position? As you know, I informed you that 1) we have a right to take your position at any time and 2) there is no requirement that you first conduct all the discovery you want before we can take your deposition. As I stated in our meet and confer today, you filed this action and, therefore, you should know the basis of your claims. It should not be necessary for you to conduct discovery before you can have your deposition taken regarding this matter.

If you have authority, please provide it. Otherwise, as I mentioned in our call, I will have no choice but to file another letter with Judge Spero and will seek sanctions against you for such such frivolous and uncooperative conduct.

Best,

Delia

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*