United States District Court
For the Northern District of California

1

2

3

4

5      IN THE UNITED STATES DISTRICT COURT

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   SAMUEL BERNARD JOHNSON, III,                   No. C 07-05756 SI

9              Plaintiff,                          **ORDER GRANTING PLAINTIFF'S
                                                   MOTION FOR LEAVE TO FILE A FIRST**
10     v.                                          **AMENDED COMPLAINT**

11  CHEVRON CORPORATION, et al.,

12             Defendants.
                                          /
13

14          Plaintiff has filed a motion for leave to file a first amended complaint. The motion is scheduled

15  for hearing on August 22, 2008.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

16  appropriate for resolution without oral argument, and hereby VACATES the hearing.  Having

17  considered the arguments of the parties and the papers submitted, and for good cause shown, the Court

18  hereby GRANTS plaintiff's motion for leave to amend.

19

20                                      **BACKGROUND**

21          In November 2007, plaintiff Samuel Bernard Johnson, III, filed a *pro se* complaint against

22  defendants Chevron Corporation, Chevron Environmental Management Company, Chevron Corporation

23  Long-Term Disability Plan Organization, and individual Chevron employees.  The complaint alleged

24  that defendants retaliated against plaintiff and discriminated against him on the basis of race and

25  disability.  The complaint included numerous claims under 42 U.S.C. § 1983 against the individual

26  defendants, as well as other civil rights claims against the institutional defendants.  On April 1, 2008,

27  plaintiff stipulated to a dismissal of all claims against the individual defendants without prejudice,

28  presumably because he realized that § 1983 claims could be asserted only against state actors, and the

only claims asserted against the individual defendants arose under § 1983. Now before the Court is plaintiff's motion for leave to file a first amended complaint to reassert claims against the individual defendants.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Plaintiff now seeks leave to file an amended complaint that would bring the individual defendants – who were previously dismissed by the parties without prejudice – back into the lawsuit. Defendants oppose the motion, arguing that plaintiff was aware of the involvement of these individual defendants at the time he filed his lawsuit and that amendment would delay the resolution of this lawsuit and result in increased expenses for defendants.

The amended complaint asserts claims against the individual defendants under 42 U.S.C. § 1981, rather than under 42 U.S.C. § 1983. Plaintiff's initial complaint did not contain any § 1981 claims. The Court therefore finds it appropriate to permit plaintiff to amend his complaint to state claims under § 1981 against the individual defendants, as well as expand on the factual allegations of the initial complaint. The parties appear to be in the early stages of discovery, and defendants have made no showing that plaintiff's amendments would be futile or that defendants would suffer from any undue prejudice beyond the need to defend against additional claims. It is also of no relevance that plaintiff had knowledge of these individuals at the time he filed this action. Plaintiff attempted to include most of the individuals in his lawsuit, but filed claims against them under a statute that does not apply their

United States District Court
For the Northern District of California

actions. Having dismissed the improperly-filed claims against these individuals without prejudice, plaintiff may now amend his complaint to assert violations of a potentially more appropriate federal statute. Plaintiff's motion for leave to amend is GRANTED.

The Court will, upon plaintiff's request, deem the First Amended Complaint (attached as Exhibit A to plaintiff's motion, filed under seal; Docket Nos. 59, 62), filed as plaintiff's operative complaint. However, the Court is not inclined to file this or any subsequent similar documents under seal. These proceedings are public ones and, absent a showing of good cause, this Court will not approve any further stipulations concerning filing under seal.

**Plaintiff shall notify the Court on or before August 22, 2008, whether he wishes the First Amended Complaint to be publicly filed, or wishes to bring a separate motion, based on good cause, to have it filed under seal**.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court hereby GRANTS plaintiff's motion to file a first amended complaint [Docket No. 60].

**IT IS SO ORDERED.**

Dated: August 14, 2008

_____

SUSAN ILLSTON
United States District Judge

*United States District Court*
*For the Northern District of California*

3