

FBE&M

ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

August 18, 2008

The Honorable Joseph C. Spero
United States District Court-Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

**Re:**     ***Samuel B. Johnson III v. Chevron Corporation, et al.***
        Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

On August 8, 2008, this Court issued its "Order Denying Plaintiff's Discovery Motions [Docket Nos. 90, 91, 98]." Therein, and although the Court denied Plaintiff's Motions, the Court requested that Chevron respond to the arguments raised by Plaintiff regarding document request numbers 19, 25, 27, 31, 32, and 35, as well as certain redactions. Accordingly, Chevron hereby responds as follows:

**Request No. 19—Documents Pertaining to Susan Solger taking a Stress Management Class:**
Plaintiff seeks documents related to Ms. Solger purportedly taking a Stress Management course. As Chevron objected, the Request is overly broad given that it is unlimited with regard to time in that Plaintiff was employed by Chevron for less than on year—from 2005 to 2006—yet, this Request exceeds that time period and reaches even into the present and thus, into Ms. Solger's employment during a period of time well beyond the short period of Plaintiff's employment. In addition, Chevron offers all sorts of courses and wellness seminars to its employees, including on issues such as flu season. Whether Ms. Solger elected, at some period during her employment, to attend a "Stress Management" class is irrelevant to Plaintiff's claims. Plaintiff must prove that Ms. Solger engaged in intentional conduct toward him amounting to discrimination, retaliation and/or harassment. Whether she attended such a course of her own volition, at any time during her employment, for any number of speculative reasons unrelated to Plaintiff (years after Plaintiff was terminated) or for no reason at all, has no tendency to establish that Ms. Solger took any action against Plaintiff because of his race or purported disability.

LAKE MERRITT PLAZA ◆ 1999 HARRISON STREET ◆ SUITE 1800
PO BOX 70850 ◆ OAKLAND, CA 94612-0850 ◆ 510.444.3131 FAX: 510.839.7940

ONE CALIFORNIA PLAZA ◆ 300 SO. GRAND AVENUE ◆ SUITE 1400
LOS ANGELES, CA 90071-3124 ◆ 213.687.2666 FAX: 213.687.2660

**Re:**    *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

FBE&M

Further, Plaintiff's inflammatory and unsupported belief that "something was wrong" with Ms. Solger amounts to nothing more than speculation which is of no value. When an "inquiry is speculative, the discovery may be denied as irrelevant." (*Fadalla v. Life Automotive Products, Inc.* 2007 WL 4233550 at *7 (M.D.Fla. 2007).) As noted above, whether Ms. Solger took such a class (Chevron's initial search indicates that she did not) would not indicate that she did so for a work-related reason, for any particular reason at all, that there was "something wrong with her," or that she advised any individuals she worked with, or for, that she took such a class. "[I]t is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." (*Bottaro v. Hatton Associates* 96 F.R.D. 158, 159 (D.C.N.Y.1982).) Here, there is not even a minimal evidentiary value as the discovery is neither limited to the period of Plaintiff's employment, nor the time period he was supervised by Ms. Solger, nor whether Ms. Solger—assuming she attended such a class—did so because there was "something wrong" as opposed to her simply wanting to gain information and educate herself, nor for any reason related to Plaintiff, nor even more broadly, for a reason related to her employment generally.

**Request Nos. 25 & 27—Appointments with Messrs. David O'Reilly and Alan Preston:**
Plaintiff's Request Nos. 25 and 27 seek all documents regarding Plaintiff scheduling a meeting with Mr. David O'Reilly, Chevron's CEO and Chairman and the company's highest ranking officer, and Mr. Alan Preston, Chevron's Vice President of Human Resources, respectively.

Contrary to Plaintiff's latest irreverent assertions that Chevron's response that it has no such documents in its possession is an example of "counsel for Chevron's conduct in how it [sic] not only has provide false and misleading information to Plaintiff Johnson, but to the Court as well," Chevron in fact conducted a diligent search for such documents and was informed that Plaintiff never scheduled an appointment with either individual and that no documents relating to such purported appointments exist. Should the Court so require and in order to disprove Plaintiff's impertinent accusations, Chevron will present the Court, for *in camera* review only, internal and privileged communications wherein Chevron's in-house counsel requested such documents and was advised that no meetings were scheduled with either Mr. O'Reilly or Mr. Preston and no responsive documents exist. As a result, in response to Request Nos. 25 and 27, Chevron correctly responded, "following a diligent search" Chevron has no such documents in its possession, custody or control.

Thus, Chevron's response was appropriate and no further response is required. Indeed, when similar responsive documents existed, Chevron produced them. For example, Chevron produced (in April) the Outlook calendars for other high ranking Chevron officers such as Mr. Peter Robertson, Chevron's Vice Chairman of the Board and its second highest ranking officer/director, and Mr. Charles James, Chevron's Vice President and General Counsel. Plaintiff had an appointment with each of these individuals to present them with a plaque, awarded to them for their dedication to diversity, in particular, their support of Chevron's "Black Employee Network." (Exhibit A hereto) Chevron also produced Plaintiff's email to Mr. Robertson's assistant wherein Plaintiff requested the appointment (Exhibit B hereto). That email, which also refers to Plaintiff's unsuccessful attempt to schedule a meeting with Mr. O'Reilly, establishes the lack of veracity of Plaintiff's, rather than Chevron's,

Re:  *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

FBE&M

contentions. While Plaintiff now asserts that he scheduled such meetings to supposedly complain of discriminatory/retaliatory practices, the August 3, 2006 email (CVX2352) and the calendar entries of Messrs. Robertson and James (CVX2353 & CVX 2355) make clear that, rather than complaining, Plaintiff in fact presented them an award **commending them** for their commitment to diversity.

**Request Nos. 31 & 32—Requests for investigation by Mmes. Jones and Gordon:**
As a threshold matter, it should be noted that Chevron produced to Plaintiff, may months ago, all records related to the interviews conducted of both Mmes. Jones and Gordon as part of the investigation conducted by Chevron's Human Resources Department regarding Plaintiff's claims, given that they were identified as witnesses to the unsubstantiated conduct he claimed occurred during his employment. Accordingly, Chevron construed Plaintiff's Request Nos. 31 & 32 as seeking records of any alleged investigation requested by Ms. Jones or Ms. Gordon regarding their own employment.

In that regard, this is a single Plaintiff non-class and non-representative action. Plaintiff's repeated assertions that alleged complaints of other employees are necessary to reveal a "pattern and practice" of supposed discriminatory/retaliatory conduct is misplaced and fails to render the documents, to the extent they exist, relevant. While "pattern and practice" may have an appealing and provocative ring to Plaintiff who cannot prove his own claims, multiple authorities have held that "pattern and practice" applies only in class actions. "[P]attern-or-practice method of proving discrimination, in which the plaintiff shows that the company had a policy of discriminating against a protected class, is not available to individual plaintiffs." (*Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004).) As pertains to Plaintiff's state FEHA claims, in *Alch v. Superior Court* (2004) 122 Cal.App.4th 339, 379, the state court similarly stated, "[p]attern-or-practice suits, by their very nature, involve claims of class wide discrimination... and the crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest." Similarly, as pertains to Title VII claims, in *Scarlett v. Seaboard Coast Line R.R. Co.*, 676 F.2d 1043, 1053 (5th Cir.1982), the court did not allow the method of proof which Plaintiff seeks to use, stating:

> This is not a "pattern and practice" suit by the government under section 707, 42 U.S.C.
> § 2000e-6, in which the government may postpone until the "remedial" stage of trial
> proof that each individual for whom it seeks relief was discriminatorily denied an
> employment opportunity. Nor is this a private class action, in which a similar manner of
> proceeding with the production of evidence is appropriate. **An individual proceeding**
> **as an individual under Title VII must prove the elements of a discriminatory**
> **hiring [or termination] claim as set forth in McDonnell Douglas**.

As another example, in *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir.1998) (vacated on other grounds), considering Title VII claims of discrimination, the court reiterated that "pattern and practice arguments" are inapplicable to individual claims of discrimination—and rightly so as evidence of conduct toward one employee will certainly not suffice to prove a different and separate individual's claim. As the *Lowry* court noted:

**Re:** *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 4

FBE&M

[B]ecause the Supreme Court has never applied the [] method of proof in a private,
non-class action for employment discrimination, and because the nature of the proof
and remedies in class and government **pattern or practice actions differs vis-a-vis
private, non-class actions**, we decline to give individual plaintiffs a pattern or practice
cause of action or allow them to use the []method of proof." (*Id.* at 761; emphasis
added.)

"Liability under Title VII does not turn on the bigotry of company managers unless that bigotry
resulted in injury to the plaintiff." (*Chambers v. American Trans Air, Inc.* 17 F.3d 998, 1004 (7th Cir.
1994).) As noted in Chevron's objection, the requested information is irrelevant "given that the
Request does not pertain to Plaintiff's claims." Plaintiff has not indicated that 1) either Ms. Jones or
Ms. Gordon in fact ever made a request to Chevron that an investigation regarding some aspect of
their own employment be conducted; 2) that any alleged complaint/investigation (to the extend made)
alleged improper conduct based on race as opposed to other aspects of their employment; 3) that there
is any relationship between any supposed requests for an investigation by Mmes. Jones and Gordon
and Plaintiff's own claims; 4) that any such requests for an investigation by either individual pertained
to or concerned any of the persons whose conduct is at issues vis a vis Plaintiff; and 5) that either
individual was even supervised by any person whose conduct is at issue in this case. Accordingly, the
information—in the absence of any similarity to Plaintiff's alleged complaints—is irrelevant.

Additionally, Chevron treats employee complaints and requests for an investigation as confidential so
as to encourage candid reporting of complaints and any employee's concerns. As a result, both Ms.
Jones and Ms. Gordon have a privacy interest in their current employment with Chevron, in any
complaints/requests for an investigation they may have made, and they certainly did not wish to have
their employment used as a catalyst for Plaintiff's frivolous claims. "[T]he Supreme Court has
underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant'
should be firmly applied, and the district courts should not neglect their power to restrict discovery to
protect 'a party or person';" there is no abuse of discretion where "privacy interests, coupled with the
district court's determination to keep the trial focused justified limiting plaintiff's discovery…."
(*Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008); internal citations omitted.) Here,
Plaintiff has failed to show that any alleged requests for an investigation, filed by either Ms. Jones or
Ms. Gordon, would be sufficiently similar or related to Plaintiff's claims to be deemed even
tangentially relevant, much less sufficiently compelling to override these individuals' privacy rights in
such sensitive employment matters.

**Request No. 35—All communications between anyone pertaining to Plaintiff's claims:**
At the commencement of this litigation, Chevron issued Records Hold Orders to approximately two
dozen individuals who were believed to potentially have had any information related to Plaintiff. In
that regard, Chevron has produced over 14,000 records to Plaintiff, 80% of which are comprised of
emails and other documents to, from, and/or concerning Plaintiff including, among others, the emails
of Susan Solger, Sellers Stough, Debbie Wong, Catherine Drew, Kathryn Gallacher, Robert Schmitt,
Harald Smedal, Krystal Tran, Thomas Wyne, Plaintiff and many other persons, pertaining to Plaintiff

**Re:**    *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 5

FBE&M

or Plaintiff's claims. Chevron produced these records prior to Plaintiff's service of the Request at issue. Moreover, in response to *other* Requests that Chevron produce "any and all communications" between Susan Solger, Sellers Stough, Debbie Wong, Robert Schmitt, Gary Yamashita, Plaintiff and "any EMPLOYEE or PERSON…PERTAINING TO PLAINTIFF JOHNSON regarding the claims alleged in the complaint," Chevron responded (prior to Plaintiff filing a motion with the Court) to each Request that it "has produced all responsive materials that are locatable after a diligent search." Chevron did so because those Requests were limited to particular individuals and did not seek, as Request No. 35 improperly and over broadly does, any communications between any of Chevron's tens of thousands of employees regarding Plaintiff.

In *Regan-Touhy*, *supra*, where an almost identical request seeking all communications pertaining to that plaintiff's claims was at issue, the court held that such a request was improper and reiterated that Fed.R.Civ.P. 26(c)(1) encourages courts to "forbid sweeping requests and to direct counsel to frame requests for production of the fewest documents possible." (*Id.* at 649.) Thus, as Chevron has already produced all communications between all those individuals it over-inclusively believed may possess documents related to Plaintiff, there is no basis for requiring Chevron to go beyond such a search and now inquire of each and every one of its employees whether they have any such documents.

**Redactions:**
Document Nos. CVX2369-2373 (Exhibit C hereto) and CVX12834-12838 (Exhibit D hereto) are selection records showing positions for which Plaintiff applied and whether he, or another individual was selected, each person's qualifications, and the ranking basis upon which the selection decision was made. To maintain the individuals' privacy in their job applications and skills assessments, Chevron has redacted their names, but allowed Plaintiff to view their race, gender (CVX2369-2370) the reasons why some individuals were selected over others (CVX2369-2370) and the legitimate basis of each hiring decision (CVX2371). Chevron produced these records because they pertained to Plaintiff. However, the identities of the individuals are not relevant for several reasons. First, Plaintiff's 290-paragraph Amended Complaint fails to make a single allegation regarding his applying for the November 2005 position reflected in Exhibit C, an application he made after he had already been hired by Chevron in August 2005 and prior to Ms. Solger becoming his supervisor. He does not allege that he was not hired into that different position because of any unlawful reason. Second, Plaintiff is already able to determine that position's candidates' characteristics such as race, gender, and their qualifications (to determine if they were similarly situated to him) from the documents— their names are immaterial. Third, Plaintiff misreads the document. The fact that the box next to the notation that Plaintiff "lacks specific skills" is not checked does not mean that he was qualified but, rather, as the document itself states, it simply shows that Plaintiff was not chosen to be interviewed because his skills, as set forth on his application and resume, clearly evidenced that he was not qualified. (CVX2369). As the document reflects, many other people lacked skills and were also not interviewed. Finally, as to Exhibit D, that is the job selection documentation for the position Plaintiff was in fact hired into when he began his employment with Chevron in August 2005 (CVX12835). He has not alleged, and rightfully so, any claims related to that hiring decision which commenced his employment. Rather, the sole bases of Plaintiff's allegations are actions purportedly occurring *after* he

**Re:**  *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 6



was hired into that position and began his employment with Chevron. Accordingly, as Plaintiff was the successful applicant for that position, the identities of the unsuccessful individuals are immaterial.

Accordingly, the redactions were appropriate given that the information contained in the documents is private/confidential the individuals' names are immaterial.

**<u>Transcription of Notes:</u>**
Finally, Plaintiff has not provided a single authority—despite my repeated requests that he do so—that Chevron has a duty to respond by transcribing any handwritten notes.

For the foregoing reasons, Chevron respectfully requests that this Court affirm its denial of Plaintiff's Motions and that Chevron is deemed to have properly responded to Plaintiff's discovery.

Respectfully submitted,

Delia A. Isvoranu

Enclosures

# EXHIBIT A

**August 29, 2006**
Tuesday

| August 2006 | September 2006 |
|---|---|
| S  M  T  W  T  F  S | S  M  T  W  T  F  S |
| 1  2  3  4  5 | 1  2 |
| 6  7  8  9  10  11  12 | 3  4  5  6  7  8  9 |
| 13  14  15  16  17  18  19 | 10  11  12  13  14  15  16 |
| 20  21  22  23  24  25  26 | 17  18  19  20  21  22  23 |
| 27  28  29  30  31 | 24  25  26  27  28  29  30 |

TaskPad

6 am

7 00

8 00

9 00   REDACTED

10 00

11 00

REDACTED

12 pm

1 00

REDACTED

2 00

3 00   Joyce Tate and Samuel Johnson - present PJR with plaque on behalf of BEN

4 00   REDACTED

5 00

6 00

Robertson, Peter (PeterRobertson)                1                12/20/2007 7:42 AM
CVX 002353

CONFIDENTIAL



# June 21, 2006
Wednesday

| June 2006 | | | | | | | | July 2006 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | M | T | W | T | F | S | | S | M | T | W | T | F | S |
| | | | | 1 | 2 | 3 | | | | | | | | 1 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 | | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 | | 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 | | 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 25 | 26 | 27 | 28 | 29 | 30 | | | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| | | | | | | | | 30 | 31 | | | | | |

8 am

9 00

10 00          REDACTED

11 00

BEN Event -- CJ Featured speaker (Bldg A Amphitheatre)

12 pm

1 00

2 00

3 00

4 00

5 00

James, Charles A                               1                               6/23/2008 10:13 AM



# June 27, 2006
Tuesday

| June 2006 | July 2006 |
|---|---|
| S M T W T F S | S M T W T F S |
| 1 2 3 | 1 |
| 4 5 6 7 8 9 10 | 2 3 4 5 6 7 8 |
| 11 12 13 14 15 16 17 | 9 10 11 12 13 14 15 |
| 18 19 20 21 22 23 24 | 16 17 18 19 20 21 22 |
| 25 26 27 28 29 30 | 23 24 25 26 27 28 29 |
| | 30 31 |

8 am

9 00      REDACTED

10 00

11 00    11:15am-11:30am Samuel Johnson (Present plaque to you)

12 pm

1 00      REDACTED

2 00

3 00

4 00      REDACTED

5 00



# June 30, 2006
Friday

| June 2006 | July 2006 |
|---|---|
| S  M  T  W  T  F  S | S  M  T  W  T  F  S |
| 1  2  3 | 1 |
| 4  5  6  7  8  9 10 | 2  3  4  5  6  7  8 |
| 11 12 13 14 15 16 17 | 9 10 11 12 13 14 15 |
| 18 19 20 21 22 23 24 | 16 17 18 19 20 21 22 |
| 25 26 27 28 29 30 | 23 24 25 26 27 28 29 |
| | 30 31 |

8 am

9 00

REDACTED

10 00

BEN Leadership Conference -- CJ remarks on PDCs and Performance Management Process (San Ramon Marriott)

11 00

12 pm

1 00

2 00

REDACTED

3 00

4 00

REDACTED

5 00

CVX 002356

**EXHIBIT B**

From:    Wongworavit, Linda (wongworavit) [wongworavit@chevron.com]
Sent:    Monday, August 07, 2006 10:36 AM
To:      Johnson, Samuel B
Cc:      Crosthwait, Suzanne (SuzanneCrosthwait)
Subject: RE: Presentation of Plaque

Samuel -- it's very possible that PJR will be away on February 15; however, I have the BEN celebration entered on the calendar in case he is in the office that day. Thanks for the advance notice.

Linda
Tel 925 842 0103
Fax 925 842 5120

From:    Johnson, Samuel B
Sent:    Monday, August 07, 2006 10:14 AM
To:      Wongworavit, Linda (wongworavit)
Cc:      Crosthwait, Suzanne (SuzanneCrosthwait)
Subject: RE: Presentation of Plaque

Linda and Suzanne, I also wanted to follow-up on another matter. The Chevron Black Employee Network has set the annual Chevron Black History & Cultural Awareness Celebration for Thursday, February 15, 2007 to align with Mr. O'Reilly's schedule and/or availability. We are hopeful that Mr. Robertson will be able to attend this annual Chevron event. Thank you and take care for now.

Thank you and best regards,

Samuel B. Johnson, III
Procurement Specialist
Chevron Environmental Management Company
6001 Bollinger Canyon Road, Room K2054
San Ramon, California 94583
Tel 925 842 2542
Fax 925 842 0213
samuel.johnson@chevron.com

From:    Wongworavit, Linda (wongworavit)
Sent:    Thursday, August 03, 2006 11:10 AM
To:      Johnson, Samuel B
Cc:      Tate, Joyce; Crosthwait, Suzanne (SuzanneCrosthwait)
Subject: RE: Presentation of Plaque

CVX 002351

Samuel -- thanks for your note.  Mr. Robertson will be out of the office the week of August 13.  Please call me, and I'll be happy to set a mutually convenient time - perhaps the following week.

Best regards,

Linda

**Linda Wongworavit**
Executive Assistant to the
Vice Chairman of the Board

**Chevron Corporation**
6001 Bollinger Canyon Road
San Ramon, CA 94583
Tel 925 842 0103
Fax 925 842 5120
limw@chevron.com

---

From:   Johnson, Samuel B
Sent:   Thursday, August 03, 2006 10:50 AM
To:     Crosthwait, Suzanne (SuzanneCrosthwait); Wongworavit, Linda (wongworavit)
Cc:     Tate, Joyce
Subject:    Presentation of Plaque

Hello Suzanne and Linda, my name is Samuel and I am the Co-Site Coordinator for the San Ramon Chapter for the Chevron Black Employee Network.  The Chevron Black Employee Network would like to present a plague to Mr. Robertson for his Corporate Sponsorship and continued support of the 2006 Chevron Black History Awareness Celebration Event.  We would only need about 10-15 minutes to do so.  Can you let me know if we can do this on the week of August 13, 2006 dependent upon his availability as well as clear any security issues to enter into Building A for Samuel B. Johnson, III and Joyce Tate?  Thanks!

**Thank you and best regards,**

**Samuel B. Johnson, III**
Procurement Specialist
**Chevron Environmental Management Company**
6001 Bollinger Canyon Road, Room K2054
San Ramon, California 94583
Tel 925 842 2542
Fax 925 842 0213
samuel.johnson@chevron.com

CVX 002352

**EXHIBIT C**

Selection Record GO-1036

Confidential

| | Attention | | Date 11/23/05 |

| Open Position Requisition Number | Position Title | Pay Scale Group |
| 0057857 | Supervisor, Contract Administration | 22 - |

| Company | AAP Code | EEO Code | Department | Division | Location |
| EMC | AA | CW | Business Services | | San Ramon |

Instructions for completing this form are indicated in each of the three sections.

Please list all candidates for this open position. Then complete the balance of the form. If you have questions about any part of the process, please call the HR Employment, Selection and Compliance Group. *NOTE: Obtain the above AAP and EEO codes from the Affirmative Action Plan Information communication emailed to you (when the job requisition opened and closed) from the HR Employment and Selections group.*

Candidate Slate: The persons listed below are candidates for your open position. Indicate the method/source which identifies each candidate. If you interview a candidate, put a check (✓) in the interviewed column next to that name. If you do not interview them, briefly cite job-related reasons for your decision. Also, include reason why an interviewed candidate was not selected. Please indicate race and gender for external candidates only. (Refer to last page of this form for instructions on obtaining this data).

| Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|
| External (E) | Black | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | Caucasian | Male | | ☐ | ☒ | Candidate Voluntarily Withdrew from Process |
| Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | | | Samuel Johnson | ☐ | ☐ | Lacks Specific Skill(s) |
| Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| Internal (I) | | | | ☐ | ☒ | Candidate Selected |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Black | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Caucasian | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | Female | | ☒ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Hispanic | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| External (E) | Unknown | Male | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |

REDACTED



CVX 002369

| | Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed | | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| | | | | | Via Phone | On-Site | |
| 22. | External (E) | Unknown | Female | | ☐ | ☐ | Lacks Specific Skill(s) |
| 23. | External (E) | Hispanic | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 24. | External (E) | Unknown | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 25. | External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| 26. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 27. | External (E) | Unknown | Female | | ☐ | ☐ | Did not Match Job Requirements as Closely as Other |
| 28. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 29. | External (E) | Unknown | Male | | ☐ | ☐ | Lacks Specific Skill(s) |
| 30. | External (E) | Unknown | | | ☐ | ☐ | Lacks Specific Skill(s) |
| 31. | | | | | ☐ | ☐ | |
| 32. | | | | | ☐ | ☐ | |
| 33. | | | | | ☐ | ☐ | |
| 34. | | | | | ☐ | ☐ | |
| 35. | | | | | ☐ | ☐ | |
| 36. | | | | | ☐ | ☐ | |
| 37. | | | | | ☐ | ☐ | |
| 38. | | | | | ☐ | ☐ | |
| 39. | | | | | ☐ | ☐ | |
| 40. | | | | | ☐ | ☐ | |
| 41. | | | | | ☐ | ☐ | |
| 42. | | | | | ☐ | ☐ | |
| 43. | | | | | ☐ | ☐ | |
| 44. | | | | | ☐ | ☐ | |
| 45. | | | | | ☐ | ☐ | |
| 46. | | | | | ☐ | ☐ | |
| 47. | | | | | ☐ | ☐ | |
| 48. | | | | | ☐ | ☐ | |
| 49. | | | | | ☐ | ☐ | |
| 50. | | | | | ☐ | ☐ | |
| 51. | | | | | ☐ | ☐ | |
| 52. | | | | | ☐ | ☐ | |
| 53. | | | | | ☐ | ☐ | |
| 54. | | | | | ☐ | ☐ | |
| 55. | | | | | ☐ | ☐ | |
| 56. | | | | | ☐ | ☐ | |

CVX 002370

## ChevronTexaco Corporation Selection Matrix

Position Requisition Number  50057857

Position Title  Supervisor, Contract Administration

II.  in the left hand column list the criteria you will be evaluating candidates, i.e., experience, knowledge, skills, ChevronTexaco Way Behaviors.  These criteria should relate to those you originally specified.  Make brief notes under each candidate's name to evaluate their relative qualifications on each factor. (Page 4 offers space for additional candidates.) *NOTE: You should retain all detailed interview notes for your records in case of an audit or litigation.  The retention period  is 6 years required by Policy 566 Information Retention.

REDACTED

| Criteria | RI* | Candidate Name D | Candidate Name T | Candidate Name | Candidate Name S. |
|---|---|---|---|---|---|
| LEADERSHIP | C | WITHDREW | 8.75 | 7.2 | 8.6 |
| JOB KNOWLEDGE | C | WITHDREW | 7.0 | 7.4 | 8.6 |
| ANALYTICAL | I | WITHDREW | 8.25 | 7.4 | 8.6 |
| TEAMWORK/INTERPERSONAL | I | WITHDREW | 8.75 | 8.2 | 8.2 |
| PLANNING/ORGANIZATION/RESOURCE MANAGEMENT | C | WITHDREW | 7.5 | 7.8 | 8.0 |
| COMMUNICATION | I | WITHDREW | 8.25 | 7.4 | 9.0 |
| TOTAL AVERAGE SCORE | | | 8.1 | 7.7 | 8.4 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Comments and Other Considerations as appropriate:  (e.g., selected candidate was surplus) _____

Selection Team Members:   Debbie Wong, Doug Holmes, Bob Wilkenfeld, Lucinda Jackson, & Harald Smedal

Selected Candidate:  Susan Selger

Reason for Selection:  Candidate had overall highest score and most consistent feedback from references - SCORES REFLECT AVERAGE FROM IND. SELECTION MEMBERS

| *Key to Relative Weight of Selection Criteria Using a 10 Point Scale: | **Level of Expertise (Candidate/Selection Team) | |
|---|---|---|
| C = Critical = 10, 9 or 8 | 10, 9, or 8: Comprehensive / Very Proficient | Sought out by others as a resource.  Consistently and effectively demonstrates this competency in complex applications (e.g. is capable of training others) |
| I = Important = 7, 6, 5, or 4 | 7, 6, 5, or 4: General / Proficient | Regularly demonstrates this competency in routine work and demonstrates occasionally in complex applications. (e.g. applies trained learning routinely in work) |
| D = Desired = 3, 2, or 1 | 3, 2, or 1: Limited / Somewhat Proficient | Demonstrates this competency occasionally or in limited applications (e.g. has taken training but has not applied on the job) |
| | 0 = Not Demonstrated | Candidate has not demonstrated selection criteria skill. |

CVX 002371

## ChevronTexaco Corporation Selection Matrix

Position Requisition Number  50057857                Position Title  Supervisor, Contract Administration

| ADDITIONAL CANDIDATES | RI* | Candidate Name A. | Candidate Name M | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| Criteria | | | REDACTED | | |
| LEADERSHIP | C | 6.8 | 7.2 | | |
| JOB KNOWLEDGE | C | 7.2 | 7.8 | | |
| ANALYTICAL | I | 7.2 | 6.8 | | |
| TEAMWORK/INTERPERSONAL | I | 7.6 | 7.0 | | |
| PLANNING/ORGANIZATION/RESOURCE MANAGEMENT | C | 6.6 | 7.0 | | |
| COMMUNICATION | I | 7.2 | 7.0 | | |
| TOTAL AVERAGE SCORE | | 7.1 | 7.1 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

CVX 002372

Identifying Race and Gender Data
by Visual Observation on External Candidates That Are Interviewed

To ensure compliance with government regulations, we are required as a Federal contractor to maintain applicant information that will be used strictly for statistical purposes. When we have an opportunity to observe an applicant in person, we should visually identify and document their race and gender as part of this record-keeping process. Please follow these guidelines:

1.  **Do NOT ask the candidate for this information.** Determine by *visual observation only* the race and gender of all external applicants who are interviewed in person. You can also use information that is volunteered by the applicant.

2.  If you are unsure of the candidate's race and/or gender, indicate "U" for unknown.

3.  Use definitions below to assist in determining race. Do not add other categories.

| Race/Ethnic Groups | Definition |
| --- | --- |
| Caucasian | Persons not of Hispanic origin and having origins in any of the original peoples of Europe, North Africa, or the Middle East. |
| Black | Persons not of Hispanic origin and having origins in any of the Black racial groups of Africa. |
| Asian or Pacific Islander | Persons having origins in any of the original peoples of the Far East, Southeast Asia, the Indian subcontinent, or the Pacific Islands (this area includes China, Japan, Korea, the Philippines, Hawaii and Samoa). |
| American Indian or Alaskan Native | Persons having origins in any of the original peoples of North America and who maintain cultural identification through tribal affiliation or community recognition. |
| Hispanic | Persons of Mexican, Puerto Rican, Cuban, Central or South American, or other Spanish culture or origin, regardless of race. |
| Unknown | Unable to identify race through visual observation. |

4.  This information is for **statistical purposes only** and is not part of the selection process.

**EXHIBIT D**

Selection Record GO-1036

Confidential

Attention  Nora Rodriguez                    Date  06/17/05

| Open Position Requisition Number | | | Position Title | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 50097017 | | | Procurement Specialist | | | Pay Scale Group 20 - 21 | |

| Company EMC | AAP Code | EEO Code | Department Business Services | Division Contract Administration | Location San Ramon, CA |
| --- | --- | --- | --- | --- | --- |

Instructions for completing this form are indicated in each of the three sections.

Please list all candidates for this open position. Then complete the balance of the form. If you have questions about any part of the process, please call the HR Employment, Selection and Compliance Group. *NOTE: Obtain the above AAP and EEO codes from the Affirmative Action Plan information communication emailed to you (when the job requisition opened and closed) from the HR Employment and Selections group.*

I. Candidate Slate: The persons listed below are candidates for your open position. Indicate the method/source which identifies each candidate. If you interview a candidate, put a check (✓) in the Interviewed column next to that name. If you do not interview them, briefly cite job-related reasons for your decision. Also, include reason why an interviewed candidate was not selected. Please indicate race and gender for external candidates only. (Refer to last page of this form for instructions on obtaining this data.)

| | Source (Internal or External) | Race (external candidates only - use choices listed in drop-down menu) | Gender (external candidates only - use choices listed in drop-down menu) | Name | Interviewed | | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Via Phone | On Site | |
| 1. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 2. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 3. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 4. | External (E) | | | | ☐ | ☐ | Candidate Voluntarily Withdrew from Process |
| 5. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 6. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 7. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 8. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 9. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 10. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 11. | External (E) | Black | Female | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 12. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 13. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 14. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 15. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 16. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 17. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 18. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 19. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 20. | External (E) | Black | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 21. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |

CVX 012834

| | Source<br>Internal or<br>External | Race<br>(external candidates only -<br>use choices listed in drop-<br>down menu) | Gender<br>(external candidates only -<br>use choices listed in<br>drop-down menu) | Name | Interviewed | | Reason Not Interviewed and/or Not Selected<br>(use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| | | | | | Via<br>Phone | On-<br>Site | |
| 22. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 23. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 24. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 25. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 26. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 27. | External (E) | Black | Male | Samuel Johnson | ☐ | ☒ | Candidate Selected |
| 28. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 29. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 30. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 31. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 32. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 33. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 34. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 35. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 36. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 37. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 38. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 39. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 40. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 41. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 42. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |

CVX 012835

| | Source Internal or External | Race (external candidates only - use choices listed in drop-down menu) | Gender only (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 43. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 44. | External (E) | | | | ☐ | ☐ | Candidate Voluntarily Withdrew from Process |
| 45. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 46. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 47. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 48. | External (E) | Caucasian | Male | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 49. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 50. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 51. | External (E) | | | | ☐ | ☐ | Doesn't Meet Selection Criteria |
| 52. | Internal (I) | | | | ☐ | ☒ | Did not Match Job Requirements as Closely as Other |
| 53. | | | | | ☐ | ☐ | |
| 54. | | | | | ☐ | ☐ | |
| 55. | | | | | ☐ | ☐ | |
| 56. | | | | | ☐ | ☐ | |
| 57. | | | | | ☐ | ☐ | |
| 58. | | | | | ☐ | ☐ | |
| 59. | | | | | ☐ | ☐ | |
| 60. | | | | | ☐ | ☐ | |
| 61. | | | | | ☐ | ☐ | |
| 62. | | | | | ☐ | ☐ | |
| 63. | | | | | ☐ | ☐ | |

| | Source Internal or External | Race (external candidates only - use choices listed in drop-down menu) | Gender only (external candidates only - use choices listed in drop-down menu) | Name | Interviewed Via Phone | Interviewed On-Site | Reason Not Interviewed and/or Not Selected (use reasons listed in drop-down menu) |
|---|---|---|---|---|---|---|---|
| 64. | | | | | ☐ | ☐ | |
| 65. | | | | | ☐ | ☐ | |
| 66. | | | | | ☐ | ☐ | |
| 67. | | | | | ☐ | ☐ | |
| 68. | | | | | ☐ | ☐ | |
| 69. | | | | | ☐ | ☐ | |
| 70. | | | | | ☐ | ☐ | |
| 71. | | | | | ☐ | ☐ | |
| 72. | | | | | ☐ | ☐ | |

CVX 012836

ChevronTexaco Corporation Selection Matrix

on Requisition Number  50097017                    Position Title  Procurement Specialist

II.         In the left hand column list the criteria you will be evaluating candidates, i.e., experience, knowledge, skills, ChevronTexaco Way Behaviors.  These criteria should relate to those you - - - - - [Formatted: Bullets and Numbering]
originally specified.  Make brief notes under each candidate's name to evaluate their relative qualifications on each factor (Page 4 offers space for additional candidates.)
*NOTE: You should retain all detailed interview notes for your records in case of an audit or litigation.



| | | Candidate Name<br>B | Candidate Name<br>Samuel Johnson | Candidate Name<br>R | Candidate Name<br>S' |
|---|---|---|---|---|---|
| rship Skills/Strategic Thinking | 22.5% | 225 | 157.5 | 315 | 247.5 |
| MUNICATION SKILLS | 22.5% | 315 | 112.5 | 180 | 247.5 |
| tical/Problem Solving Skills | 12.5% | 100 | 125 | 137.5 | 162.5 |
| Work/Customer Focus | 12.5 | 150 | 75 | 112.5 | 112.5 |
| ect Administration Experience | 11.5 | 80.5 | 103.5 | 69 | 92 |
| ty Improvement | 10.5 | 73.5 | 94.5 | 126 | 115.5 |
| MM/eProcurement Experience | 8.0 | 152 | 120 | 72 | 48 |
| Score | 100% | 1096 | 788 | 1012 | 1025.5 |

nents and Other Considerations as appropriate: (e.g., selected candidate was surplus)  _____
tion Team Members:  Debbie Wong, Brett Hanlan, Penny Tse-Fottrell, Ramiro Canto
ted Candidate:   Samuel Johnson
on for Selection:   Scored lowest using selection criteria.  (In our model, the lowest score is the best score)

| *Key to Relative Weight of Selection<br>Criteria Using a 10 Point Scale: | | *Level of Expertise (Candidate/Selection Team) |
|---|---|---|
| C = Critical = 10, 9 or 8 | 10, 9, or 8:<br>Comprehensive / Very Proficient | Sought out by others as a resource.  Consistently and effectively demonstrates this<br>competency in complex applications (e.g. is capable of training others) |
| I = Important = 7, 6, 5, or 4 | 7, 6, 5, or 4:<br>General / Proficient | Regularly demonstrates this competency in routine work and demonstrates<br>occasionally in complex applications.  (e.g. applies trained learning routinely in work) |
| D = Desired = 3, 2, or 1 | 3, 2, or 1:<br>Limited / Somewhat Proficient | Demonstrates this competency occasionally or in limited applications (e.g. has taken<br>training but has not applied on the job) |
| | 0 = Not Demonstrated | Candidate has not demonstrated selection criteria skill. |

CVX 012837

ChevronTexaco Corporation Selection Matrix

tion Requisition Number  50097017                Position Title  Procurement Specialist

| ADDITIONAL CANDIDATES | | Candidate Name S' | Candidate Name | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| teria | R' | | | | |
| dership Skills/Strategic Thinking | 22.5% | 292.5 | | | |
| MUNICATION SKILLS | 22.5% | 270 | | | |
| lytical/Problem Solving Skills | 12.5% | 125 | | | |
| m Work/Customer Focus | 12.5% | 137.5 | | | |
| tract Administration Experience | 11.5% | 115 | | | |
| lity Improvement | 10.5% | 115.5 | | | |
| e3 M.B.I./eProcurement Experience | 8.0 | 48 | | | |
| | | | | | |
| al Score | | 1103.5 | | | |
| | | | | | |
| | | | | | |

ChevronTexaco Corporation Selection Matrix

tion Requisition Number                          Position Title

| ADDITIONAL CANDIDATES | | Candidate Name | Candidate Name | Candidate Name | Candidate Name |
|---|---|---|---|---|---|
| teria | R' | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |