SAMUEL BERNARD JOHNSON, III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Telephone
blakviii@aol.com – Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | Case No.: C 07-05756 SI (JCS) |
| Plaintiff, | |
| vs. | **PLAINTIFF'S EX PARTE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS** |
| CHEVRON CORPORATION, a Delaware corporation, CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, CATHERINE DREW, KATHRYN M. GALLACHER, ROBERT SCHMITT, HARALD SMEDAL, SUSAN J. SOLGER, SELLERS STOUGH, KRYSTAL TRAN, DEBBIE WONG, GARY A. YAMASHITA, and DOES 1-5, | |
| Defendants | |

Plaintiff Johnson hereby moves the Court for an Ex Parte Motion pursuant to Civil Local Rules 7-10 and 7-11 for an order to file under seal Plaintiff's Response to Court's August 14, and 19, 2008, Order to Have the First Amended Complaint Filed Under Seal pursuant to Civil Local Rule 79-5(c).  The facts in support of Plaintiff's Motion to File Under Seal are stated in the following documents:

1. Plaintiff's Response to Court's August 14, and 19, 2008, Orders to Have the First Amended Complaint Made Public or Filed Under Seal; and
2. Declaration of Samuel Bernard Johnson III In Support of Plaintiff's Response to Court's August 14, and 19, 2008, Orders to Have the First Amended Complaint Made Public or Filed Under Seal.

Plaintiff Johnson is mindful of the Court's August 14, 2008, Order wherein it stated that the Court is not inclined to file this or any subsequent similar documents under seal.  These proceedings are public ones and, absent a showing of good cause, this Court will not approve any further stipulations concerning filing under seal.  *See* August 14, 2008, Order at 3:6-7.  Given such, Plaintiff Johnson files this Ex Parte Motion and other supporting pleadings seeking leave from the Court to file under seal Plaintiff's Response to Court's August 14, and 19, 2008, Orders to have the First Amended Complaint Made Public or Filed Under Seal.  Plaintiff Johnson contends that in order to provide a response to the Court's August 14, and 19, 2008, Orders, Plaintiff Johnson has to provide the Court with confidential medical information that he would like to have withheld from the general public through the Court's open policy of making its records available to the public.  Plaintiff Johnson further contends that there is no other way to present such an argument to persuade the Court to seal the First Amended Complaint from the general public, but to provide the Court legal authorities and a persuasive argument that will in fact reveal Plaintiff Johnson's confidential medical information if he was to file such a responsive pleading through the Court's Electronic Court Filing system.  By doing such, Plaintiff Johnson would in fact be making his confidential medical condition made public in which he desires not to.

Plaintiff Johnson also informs the Court that there is no need to provide a declaration on

any attempts to obtain a stipulation from Counsel for Chevron on this matter as the Court clearly stated that it would not entertain any more stipulations to file documents under seal. Basically, a party wishing to seal a document must provide the Court through the filing of a proper pleading with good cause to have a document placed under seal. Given such, Plaintiff Johnson now files such responsive pleadings providing the Court with the basis that good cause does exist to file certain documents under seal including the operative First Amended Complaint.

With the above in mind, Plaintiff Johnson contends that good cause does exists to file portions of the First Amended Complaint Under Seal and respectfully requests that the Court do grant the relief that he seeks by the filing of this pleading and any other supporting pleadings.

Dated this 22nd day August of 2008

/s/
_____
SAMUEL BERNARD JOHNSON III