SAMUEL BERNARD JOHNSON, III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Telephone
blakviii@aol.com – Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, CATHERINE DREW, KATHRYN M. GALLACHER, ROBERT SCHMITT, HARALD SMEDAL, SUSAN J. SOLGER, SELLERS STOUGH, KRYSTAL TRAN, DEBBIE WONG, GARY A. YAMASHITA, and DOES 1-5,<br><br>　　　　　　Defendants | Case No.:  C 07-05756 SI (JCS)<br><br>**PLAINTIFF'S RESPONSE TO COURT'S AUGUST 14 AND 19, 2008, ORDERS TO HAVE THE FIRST AMENDED COMPLAINT MADE PUBLIC OR FILED UNDER SEAL** |

I.  INTRODUCTION

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") responds to the Court's August 14, and 19, 2008, Orders to file the First Amended Complaint under seal or to make it public pursuant to the Court's open policy that its records shall be made available to the general public. By way of this pleading Plaintiff Johnson wishes to make *certain portions* of the First Amended Complaint filed under seal pursuant to Civil Local Rule 79-5(c). Plaintiff Johnson contends that there is good cause for the Court to do such and thereby puts forth the following argument in support of his request to seal portions of the First Amended Complaint under seal pursuant to Civil L.R. 79-5(c).

II.  ARGUMENT

A.  **Health Insurance Portability and Accountability Act Privacy Rule**

Under the Health Insurance Portability and Accountability Act Privacy Rule Plaintiff Johnson's _____ is considered personal medical information that should be protected from dissemination to the general public, unless such permission is given by Plaintiff Johnson or for certain reportable medical reasons to federal and/or state agencies by Plaintiff Johnson's Healthcare Provider. While the Court is not a healthcare provider as defined by the meaning, Plaintiff Johnson contends that he had no other choice but to provide the Court with certain confidential medical information about himself in order to support a claim under Title I of the Americans with Disabilities Act of 1990, as amended (hereinafter referred to as the "ADA"). By doing so, Plaintiff Johnson can be harmed by the Court's open policy on allowing records filed with it to be open to the general public. Plaintiff Johnson further contends that should the Court deny the relief that he seeks by the filing of this pleading and the other supporting pleadings, then Plaintiff Johnson could be further harmed should such confidential medical information remain open to the general public through the Court's open policy of records.

Plaintiff Johnson further contends that the Health Insurance Portability and Accountability Act Privacy Rule forbids the sharing of Plaintiff Johnson's confidential medical information unless Plaintiff Johnson provides a written authorization to release such. Plaintiff Johnson informs the Court through the filing of this pleading and any other supporting pleadings

1  that Plaintiff Johnson does not give his written authorization to release his

2  under the Court's open policy for allowing its records made available to the general public.

3  **B.    Authorization Needed In Order To Obtain Or Release Plaintiff Johnson's Medical**

4  **Records And/Or Information**

5  Plaintiff Johnson contends that he has not provided the Court with an authorization to

6  release his medical records and/or information to the general public under the Court's open

7  policy for allowing its records to be made available to the general public.

8

9

10

11

12

13                                                                                                            .

14  As stated above, in order for Plaintiff Johnson to bring a claim under the ADA, Plaintiff

15  Johnson had to disclose certain confidential medical information about himself in order to

16  support such a claim when he filed the proposed First Amended Complaint with this Court.

17

18

19

20                                                                                                            .

21  Plaintiff Johnson further contends that by providing the Court with his                              ,

22  that he in fact provided the Court with his public health records relating to his

23            . Likewise, by doing so, the Court cannot disclose Plaintiff Johnson's

24       under its open policy for making its records available to the general public without

25  Plaintiff Johnson's written authorization or permission.

26  The Court's conclusion that a statement of confidentiality does not automatically

27  preclude such information from discovery is in harmony with Ninth Circuit case law.  In

28  *Zambrano v. INS,* for example, the Ninth Circuit observed that there are three types of

confidentiality provisions in federal law: those which expressly bar disclosure in legal proceedings, those which expressly allow for such disclosure, and those which are silent on the issue of disclosure. *Zambrano v. INS,* 972 F.2d 1122, 1125 (9th Cir. 1992), rev'd on other grounds, *Reno v. Catholic Servs.,* 509 U.S. 43, 125 L. Ed. 2d 38, 113 S. Ct. 2485 (1993). The court noted that general statutory prohibitions against disclosure of information do not bar judicial discovery "absent an express prohibition against such disclosure". *Id.* (citing *St. Regis Paper Co. v. United States,* 368 U.S. 208, 7 L. Ed. 2d 240, 82 S. Ct. 289 (1962)). In the absence of express prohibitions against production in a legal proceeding, confidentiality provisions, at least in federal statutes, should be narrowly construed.

**C.   Plaintiff Johnson Could Be Harmed Because Of The Court's Open Records Policy**

Likewise, while society would like for us to believe that individuals do not discriminate against persons with a disability like            , the Equal Employment Opportunity Commission, (hereinafter referred to as the "EEOC" or "EEOC Charges") would tell you otherwise, as individuals to this very day file EEOC Charges against employers like the defendants in this action seeking such relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et. seq.*, the California Fair Employment and Housing Act, California Government Code § 12940, *et. seq.* and Title I of the Americans with Disabilities Act of 1990, as amended. Plaintiff Johnson further contends that society tends to have a preconceived notion that when they come into contact with an individual with            they too maybe subjected            .

For the reasons listed above, Plaintiff Johnson contends that the Court's open policy must not be exercised at this time as it applies to the First Amended Complaint being made

available to the general public. If such confidential medical information of Plaintiff Johnson's was made public at this time, then Plaintiff Johnson's professional career and personal safety could be subjected to harm due to his                    being disseminated under the Court's open policy. Plaintiff Johnson further contends that he could be subjected to serious embarrassment, discrimination, a hostile work environment, wrongful termination due to preconceived notions that society still has about individuals who have          . Given such, there exists good cause to file certain portions of the First Amended Complaint under seal.

Plaintiff Johnson further notes for the Court that during the May 21, 2008, Case Management Conference in this action the parties discussed this very exact topic wherein the Honorable Susan Illston stated that she would seal the entire original Complaint now, but that when trial came in this action that the confidential medical information that Plaintiff Johnson seeks to preclude from being made available to the general public would be in fact made available to the general public under the Court's open policy. (paraphrased). Plaintiff Johnson informs the Court as he did at the May 21, 2008, Case Management Conference and does now that he is clearly aware of such and should this matter proceed to trial Plaintiff Johnson will be fully prepared to have his confidential medical information disseminated to the general public as there is no other means to prevent such, except for sealing the Courtroom to only counsel, necessary witnesses and the jury.

## III.    CONCLUSION

Plaintiff Johnson contends that the sealing of his confidential medical information as it pertains to his              meets the confidentiality provisions in federal law for those, which expressly bar disclosure in legal proceedings. Given such, the Court must act swiftly to bar access of Plaintiff Johnson's confidential medical information from being disseminated to the general public through the Court's open policy that its records are made available to the general public. Plaintiff Johnson further asserts that his right to prevent his confidential medical information from being disseminated to the general public out weighs the Court's open policy for the public to have access to records in this action.

By way of the filing of this pleading, Plaintiff Johnson hereby respectfully requests that

the Court file the First Amended Complaint (attached as Exhibit A to plaintiff's motion and filed under seal as Docket Nos. 62 and 74 respectfully. For clarification, Docket No. 62 shall be filed as the operative First Amended Complaint for viewing by the general public and Docket No. 74 shall be filed <u>under seal</u> as the operative First Amended Complaint as it contains the <u>confidential and private unredacted sections</u> of Docket No. 62.

     For all of the reasons stated herein, Plaintiff Johnson now prays that the Court will grant all of the relief that he seeks by the filing of this pleading as well as other supporting pleadings in response to the Court's August 14 and 19, 2008, Orders as good cause does exist for the Court to issue such an Order.

/s/

Dated this 22nd day August of 2008

SAMUEL BERNARD JOHNSON, III