4420 Abruzzi Circle  
Stockton, California 95206  
(209) 982-5904 – Home

---

August 26, 2008

The Honorable Joseph C. Spero  
United States District Court  
Northern District of California  
450 Golden Gate Avenue, 16th Floor  
San Francisco, California 94102

Re:  *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

    Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files this letter brief requesting that the Honorable Magistrate Judge Joseph C. Spero quash the below subpoenas that were issued by First Reprographics on behalf of Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron"):

1. California Health and Welfare Agency – California of Social Services Frank Fu;
2. Office of the Attorney General;
3. Lorin Frank, Ph.D.; and
4. Kaiser Permanente Hospital - Psychological Records.

    Plaintiff Johnson puts forth the below argument in support of quashing each of the subpoenas issued by First Reprographics on behalf of Counsel for Chevron.

**ARGUMENT**

**I.  California Health And Welfare Agency – California of Social Services Frank Fu**

**A.  Name Of Entity From Which Records Are Sought Is Wrong On The Subpoena**

    Counsel for Chevron has the entity name listed on its August 14, 2008 subpoena stated incorrectly. Counsel for Chevron names the entity as California Health and Welfare Agency – California of Social Services Frank Fu. The correct name of the entity is State of California – Health and Human Services Agency, Department of Social Services. Notwithstanding this, Plaintiff Johnson objects to this subpoenas on the grounds that Counsel for Chevron has served the wrong entity and that service was improper as it was conducted by U.S. Mail.

**B.  Adoption Records Are Confidential And Already Have Been Filed Under Seal**

    *See* Exhibit H wherein Counsel for Chevron seeks the following records from the California Health and Welfare Agency – California of Social Services Frank Fu. Such a request calls for records prior to Plaintiff Johnson adopting his two minor children. As what was explained to Counsel for Chevron prior to her issuing a subpoena for Plaintiff Johnson's two minor children's records, California law precludes the release of adoption records without a Court Order from Sacramento County Superior Court. Yet, Counsel for Chevron went ahead and issued a subpoena to obtain records of Plaintiff Johnson's two minor children that go outside the scope of this litigation. Plaintiff

Johnson has already produced school and psychological records for the time period from 2005 to the present. As previously explained to Counsel for Chevron any records outside this time period has no relevance on the claims that Plaintiff Johnson brought in this action. Plaintiff Johnson is not asserting a claim that the defendants caused his two minor children's developmental issues, etc. What Plaintiff Johnson is claiming is that his two minor children's developmental and behavioral issues increased due to what Plaintiff Johnson was subjected to by the defendants, which culminated into the wrongful termination of Plaintiff Johnson's employment on August 7, 2006. Plaintiff Johnson also explained to Counsel for Chevron that the records that he produced from 2005, that relate to Plaintiff Johnson's two minor children will clearly show that Plaintiff Johnson's two minor children were not suffering from the types of medical issues and/or conditions that they now suffer from due to the discriminatory and retaliatory employment practices as well as the emotional distress, etc. that Plaintiff Johnson sustained and continues to suffer from due to the allegations and claims made in the First Amended Complaint.

Given the above, Plaintiff Johnson contends that adoption records of his two (2) minor children already have been sealed in Sacramento, California pursuant to 22 Cal. Code Regs. § 35049(b) as adoption records are confidential. Likewise, all information pertaining to Plaintiff Johnson's two minor children's adoption shall only be made available upon the order of the Superior Court of California, County of Sacramento where the adoption was granted, except for the issuance of their new birth certificate. *See* Cal. Health and Safety Code § 102705.

**C.     State And Federal Laws Preclude The Release Of Plaintiff Johnson's Two Minor Children's Records**

Under the Health Insurance Portability and Accountability Act Privacy Rule Plaintiff Johnson's two minor children's medical or psychiatric records or even whether an individual applied for or received benefits cannot be released unless an authorization is provided. *See* California Welfare & Institutions Code Section 10850. Given such, Plaintiff Johnson's two minor children's Health and Human Services Agency, Department of Social Services records are considered personal medical information that should be protected from dissemination, unless such permission is given by Plaintiff Johnson, as Plaintiff Johnson's two children are minors. As previously stated, the Health Insurance Portability and Accountability Act Privacy Rule forbids the sharing of Plaintiff Johnson's two minor children's confidential medical information unless Plaintiff Johnson provides a written authorization to release such. Plaintiff Johnson informs the Court through the filing of this letter brief and any other supporting letter briefs that Plaintiff Johnson does not give his written authorization to release his two minor children's records from the State of California – Health and Human Services Agency, Department of Social Services.

**II.     Kaiser Permanente Hospital – Psychological Records [Hayward]**

Plaintiff Johnson objects to this subpoenas on the grounds of improper notice and that the subpoenas seeks records outside the scope of this litigation. Plaintiff Johnson has made a claim for emotional distress, etc. and seeks damages for such. The subpoenas issued to Kaiser Permanente Hospital – Psychological Records seeks records from January 2000 to the present. *See* Exhibit I excerpt from Counsel for Chevron's August 14, 2008, subpoena to Kaiser Permanente Hospital –Psychological Records. Plaintiff Johnson contends that he was only employed for Defendant Chevron Environmental Management Company from August 15, 2005 to August 7, 2006. Yet, Counsel for Chevron seeks records dating back to 2000 and clearly falls outside the scope of this litigation. For the reasons stated herein, the Court should quash the subpoena issued to Kaiser Permanente Hospital – Psychological Records.

**III.    Lorin Frank, Ph.D. Records**

Plaintiff Johnson objects to this subpoenas on the grounds of improper notice and that the subpoena seeks records outside the scope of this litigation. As well, the requested records pertain to Plaintiff Johnson's two minor children. The subpoena records calls for records dating back to when Plaintiff Johnson two minor children were babies and prior to Plaintiff Johnson adopting his two minor children. As well, the Health Insurance Portability and Accountability Act Privacy Rule forbids the sharing of Plaintiff Johnson's two minor children's confidential medical information unless Plaintiff Johnson provides a written authorization to release such. Plaintiff Johnson does not and has not provided such an authorization to Counsel for Chevron. *See* Exhibit ____excerpt from Counsel for Chevron's

subpoenas to Lorin Frank, Ph.D. For the reasons stated herein, the Court should quash the subpoena issued to Lorin Frank Ph.D.

### IV.     Office Of The Attorney General

Plaintiff Johnson objects to this subpoena on the grounds of improper notice. The subpoenas also requests that the Office of the Attorney General produce employment records pertaining to the California Public Utilities Commission. For the reasons stated herein, the Court should quash the subpoena issued to the Office of the Attorney General.

### V.     Counsel for Chevron Provided Improper And Untimely Notice On All Subpoenas Referenced In This Letter Brief

Plaintiff Johnson contends that on Saturday, August 16, 2008, he received from First Reprographics via U.S Mail copies of subpoenas referenced in items 1-4 above on page 1 of this letter brief. On August 19, 2008, Plaintiff Johnson placed a telephone call to First Reprographics and spoke with an Andre Lecomte and asked if all of the subpoenas in question had been served? Plaintiff Johnson was informed that all of the subpoenas with the exception of Lorin Frank, Ph.D. were served on August 19, 2008, and that the Dr. Frank subpoena would be served on August 20, 2008. On August 20, 2008, Plaintiff Johnson contacted First Reprographics and spoke with Mr. Lecomte who informed him that First Reprographics tried to serve the subpoena on Dr. Frank on August 20, 2008, but the address provided on the subpoena order was bad and that they had located an address in Monterey, California for Dr. Frank and would be attempting to serve her at that address. On August 21, 2008, Plaintiff Johnson sent an email to Counsel for Chevron and informed her of the following given the fact that the subpoenas had a production date of August 29, 2008., "Ms. Isvoranu, this is to advise you that I will be objecting to and moving to quash the subpoenas to Dr. Lorin Frank and California Department of Human Services". Counsel for Chevron never requested a meet and confer to address Plaintiff Johnson's concerns with the former statement, so on August 25, 2008, Plaintiff Johnson served via facsimile and through the Court's ECF system several notices of intent to object and quash the subpoenas in item 1-4 above. On August 25, 2008, Plaintiff Johnson responded to an email from Counsel for Chevron wherein she accused Plaintiff Johnson of doing something improper because he was going to seek relief from the Court to resolve the issue of the subpoenas in question. *See* Exhibit D. Counsel for Chevron then stated what is referenced in Exhibit E to Plaintiff Johnson. It should be noted that when Plaintiff Johnson first informed Counsel for Chevron that he had issues and/or concerns with the subpoenas, Counsel for Chevron did not ask for a meet and confer. *See* Exhibits A and C. Counsel for Chevron remained quite until Plaintiff Johnson sent via facsimile Docket Nos. 124-127. As noted, these pleadings were filed four days before the production date set in the subpoenas. Given the fact that the there was no written agreement for the notice of the subpoenas to be served via U.S. Mail, the requirements of Federal Rules of Civil Procedure 5(b)(2)(A) have not been met and the Court should quash all subpoenas in question due to such. Plaintiff Johnson notes for the Court, that at Court Docket No. 81, Counsel for Chevron made a similar claim regarding a single subpoena that Plaintiff Johnson served on Pacific Gas & Electric Company as well as accused Plaintiff Johnson of "unilaterally" providing notice via facsimile. Here, Counsel for Chevron has unilaterally provided notice of four subpoenas via U.S. Mail.

### VI.     CONCLUSION

For the reasons state herein, Plaintiff Johnson requests that the Court grant him the relief that he seeks by the filing of this letter brief.

                               Respectfully submitted by,

                               /s/

                               Samuel Bernard Johnson III

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Wed Aug 20 16:07:14 2008
Subject: Two recent subpoenas

Ms. Isvoranu,

As I previously informed you I would object to the subpoenas to Dr. Frank and to the California Health and Welfare Agency as these subpoenas go outside the scope of this litigation. I also advised you of this prior to you serving the subpoenas on these two entities and/or individuals. Likewise, I'm informing the court that the first amended complaint should be made available to the general public as the public has a right to know. In other words the redacted version of the first amended complaint will be seen by the general public. Mr. Johnson
Sent from my Verizon Wireless BlackBerry

************************************************************
IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations
governing tax practice, you are hereby advised that any written tax advice
contained herein was not written or intended to be used (and cannot be used)
by any taxpayer for the purpose of avoiding penalties that may be imposed
under the U.S. Internal Revenue Code.
************************************************************

CONFIDENTIALITY NOTICE:
This electronic message may contain information that is confidential and/or
legally privileged. Any use, review, dissemination, distribution, or copying
of this transmission by anyone other than the intended recipient is strictly
prohibited. If you have received this message in error, please immediately
notify the sender and/or Filice Brown Eassa & McLeod LLP by telephone at
(510) 444-3131 and delete the original message. Thank you.

**EXHIBIT B**

| | |
|---|---|
| **Subject:** | **Re: Two recent subpoenas** |
| **Date:** | 8/20/2008 4:17:48 P.M. Pacific Daylight Time |
| **From:** | disvoranu@filicebrown.com |
| **To:** | blakviii@aol.com |

*Sent from the Internet (Details)*

Samuel,
I never advised you, before serving the subpoenas on Dr. Frank and the Health and Welfare Agency, that I would be doing so. Accordingly, your statement that you advised me that you would object to these subpoenas prior to serving them is inaccurate and without any basis given that you were not aware that I would serve the subpoenas.

Delia

**EXHIBIT C**

-----Original Message-----
From: blakviii@aol.com <blakviii@aol.com>
To: Delia Isvoranu
Sent: Wed Aug 20 16:25:33 2008
Subject: Re: Two recent subpoenas

Ms Isvoranu I advised you that if you sought any of my childrens records prior to my employment with chevron then I would object to any such subpoenas. Does this refresh your memory?

**EXHIBIT D**

-----Original Message-----
From: blakviii@aol.com [mailto:blakviii@aol.com]
Sent: Monday, August 25, 2008 3:07 PM
To: Delia Isvoranu
Subject: Re: Suboenas

Ms Isvoranu it was you who served improper notice of the subpoenas and then in one day served the subpoenas on the entities. Given the fast approaching production date of August 29 I have no choice but to serve the notice of intent and then the letter brief to judge spero. So if you want accuse me of doing something improper when it was you who created this situation in the first place

Sent from my Verizon Wireless BlackBerry

**EXHIBIT E**

| | |
|---|---|
| **Subject:** | **RE: Suboenas** |
| **Date:** | 8/25/2008 3:11:17 P.M. Pacific Daylight Time |
| **From:** | disvoranu@filicebrown.com |
| **To:** | blakviii@aol.com |

*Sent from the Internet (Details)*

Samuel,

The subpoenas were served upon you many days ago and, while you were able to advise me of other reasons why you would object, you never mentioned any issue with service. Thus, there is no reason why, in the same numerous emails you sent regarding other issues, you could not have also meet and conferred regarding the notice issue. Even now you refuse to tell me what was improper about the service.

Delia

**EXHIBIT F**

**Except From Office of The Attorney General Subpoena**

- All documents and records which and records evidence or reflect Samuel Johnson's employment application, dates of employment with you, his performance reviews/evaluations, warnings, corrective notifications, or disciplinary records and records reflecting his monthly wages, benefits programs in which he was enrolled, benefits received, compensation and earnings during the entire period of time he has been employed by you; and

- All documents provided to you, or in your possession from, the California Public Utilities Commission ("PUC") related to Samuel B. Johnson and his employment with the PUC.

**EXHIBIT G**

**Excerpt From  Lorin Frank, Ph.D. Subpoena**

- All written or recorded records/documents and records, notes, reports, correspondence, photographs, videotapes or sign-in sheets relating to any social  services, educational services, developmental services, health services, counseling, consultations, sessions, examination, evaluations, findings, diagnosis, treatments, prognosis, provided or related to [Plaintiff Johnson's two minor children]

**EXHIBIT H**

**Excerpt From California Health And Welfare Agency – California Of Social Services Frank Fu**

- All written or recorded records/documents and records, notes, reports, correspondence, photographs, videotapes or sign-in sheets relating to any social services, educational services, developmental services, health services, counseling, consultations, sessions, examination, evaluations, findings, treatments, diagnosis, prognosis provided or related to [Plaintiff Johnson's two minor children]

**EXHIIBT I**

**Excerpt From Kaiser Permanente Hospital – Psychological Records**

- All written or recorded records/documents or other graphic materials and records, notes, reports, correspondence, photographs, videotapes or sign-in sheets relating to any complaints, symptoms, examination, consultations, check-up, findings, diagnosis, treatments, prescriptions, prognoses, or treatment plan relating to any complaints of **stress, headache, sleep disorder, anxiety, depression, mood disorder, personality disorder, emotional distress, psychiatric injury, mental or psychological pain/injury, psyche, and/or psychological** pain or injury at any time from January 2000 to the present