ROBERT D. EASSA (SBN: 107970)
DELIA A. ISVORANU (SBN: 226750)
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Tel: (510) 444-3131
Fax: (510) 839-7940

Attorneys for Defendants
CHEVRON CORPORATION and
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORPORATION. a Delaware corporation and CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California Corporation and DOES 1-10,<br><br>Defendants. | Case No. C 07-05756 SI<br><br>DEFENDANTS CHEVRON CORPORATION'S AND CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT<br><br>Courtroom: 10, 19th Floor<br>Judge:       Hon. Susan Illston |

Defendants Chevron Corporation and Chevron Environmental Management Company (collectively "Defendants") hereby submit a brief response to Plaintiff Samuel B. Johnson's ("Plaintiff") request to seal the First Amended Complaint.

A litigant's right to seal records is subject to a stringent showing of "good cause":

> Although a litigant may have a property or privacy interest that requires protection from unnecessary dissemination or disclosure, the public has an interest in everything that occurs in the case, whether at trial or during the discovery stage of litigation. To

- 1 -

00215 34155 DAI 593205.1

> protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause for such action. Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case **generally does not exist** unless a property or privacy interest of a litigant predominates the case.

(*Allen v. Kline* (D.Kan.2007) 2007 WL 3396470 at *1; emphasis added, internal citations omitted.)

Here, Plaintiff has placed his medical condition at issue by alleging that Chevron discriminated against him on the very basis and medical condition he now seeks to seal. He voluntarily disclosed such information and relies upon it as the basis of his Americans with Disability Act and California Fair Employment and Housing Act claims. In that sense, he has knowingly disclosed the information by voluntarily injecting it into this public litigation and Court documents. Indeed, Plaintiff has previously filed administrative discrimination charges based on this very same medical condition against Morrison Foerster, in addition to various other administrative complaints filed against additional prior employers.

Plaintiff's medical condition is not a collateral matter which may cause the balancing test to tip in favor of sealing the records. Rather, it is a key issue and the subject of Plaintiff's discrimination claim, which he has voluntarily placed at issue. As a result, Plaintiff's privacy interest in the records has been waived and does not predominate over the right to public disclosure. Thus, no "good cause" exists to seal the records.

Moreover, given that Plaintiff's medical condition which he seeks to have sealed from disclosure is the very basis of his disability discrimination claim, it is expected that the medical condition will necessarily be referenced in future filings with the Court. As a result, it is likely that Plaintiff will again request, from the Court, that future documents also be sealed, thereby unduly burdening the Court and the parties.

Accordingly, Chevron requests that Plaintiff's request to seal the First Amended Complaint be denied.

///

///

1

2   Dated: August 12, 2008

3

Respectfully submitted,

FILICE BROWN EASSA & MCLEOD LLP

By: _____
ROBERT D. EASSA
DELIA A. ISVORANU
Attorneys for Defendants
CHEVRON CORPORATION and
CEMC