SAMUEL BERNARD JOHNSON, III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Telephone
blakviii@aol.com – Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, CATHERINE DREW, KATHRYN M. GALLACHER, ROBERT SCHMITT, HARALD SMEDAL, SUSAN J. SOLGER, SELLERS STOUGH, KRYSTAL TRAN, DEBBIE WONG, GARY A. YAMASHITA, and DOES 1-5,<br><br>　　　　　　Defendants | Case No.:  C 07-05756 SI (JCS)<br><br>**PLAINTIFF'S RESPONSE TO CHEVRON CORPORATION AND CHEVRON ENVIRONEMENTAL MANAGEMENT COMPANY'S RESPONSE TO COURT'S AUGUST 14, AND AUGUST 19, 2008 ORDER REGARDING PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT** |

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files a Response to Defendants Chevron Corporation and Chevron Environmental Management Company's Response to Court's August 14, and August 19, 2008, Orders Regarding Plaintiff's Request to Seal the First Amended Complaint.  Plaintiff Johnson objects to Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as "Counsel for Chevron") and Chevron Corporation and Chevron Environmental Management Company, (hereinafter referred to as "Counsel for Chevron") filing as being improper.  Such was not requested or invited by this Court when the Honorable Susan Illston issued her August 14, and August 19, 2008, Orders.  The Court's Order was clear as it stated the following:

> Plaintiff shall notify the Court on or before August 22, 2008, whether he wishes to the First Amended Complaint to be publicly filed, or wishes to bring a separate motion, based on good cause, to have it filed under seal.

*See* Order Granting Plaintiff's Motion for Leave to File First Amended Complaint at 3:9-11.  Counsel for Chevron and the Chevron Defendants filed on today a response to Plaintiff's Response to the Court's August 14, and August 19, 2008, Orders.  The Court did not request a full briefing on this matter.  The Court only wanted to hear why Plaintiff Johnson felt there was good cause to seal portions of the First Amended Complaint.  Plaintiff Johnson complied with such by filing his response on August 22, 2008.  After which, the Court would undertake the filing for a proper ruling.  Counsel for Chevron and the Chevron Defendants have attempted to delay the Court in making a swift ruling by filing a response to Plaintiff Johnson's Response to the Court's August 14, and August 19, 2008, Orders.   Due to such, Plaintiff Johnson will request that the September 29, 2008, ADR Mediation be move out.  1) all parties have not been served with the First Amended Complaint.  2) Plaintiff Johnson's deposition has not concluded due to Counsel for Chevron and the Chevron Defendants producing discovery in order to conduct a proper deposition of the facts and 3) other named defendants besides the Chevron Defendants as well as other key witnesses have not been deposed.  Plaintiff Johnson will seek a stipulation to move the September 29, 2008, ADR Mediation date or file the appropriate pleading seeking such relief from the Court, as good cause does exist.

Given the fact that Counsel for Chevron and the Chevron Defendants have filed a

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

response to Plaintiff Johnson's Response to the Court's August 14 and August 19, 2008, Orders, Plaintiff Johnson is compelled to file a response to such. Counsel for Chevron and the Chevron Defendants have stated the following:

> Although a litigant may have a property or privacy interest that requires protection from unnecessary dissemination of disclosure, the public has an interest in everything that occurs in the case, whether at trial or during the discovery stage of litigation. To protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause fro such action. Good cause to override the public's interest in the case by sealing a part of the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case.

(*Allen v. Kline* (D.Kan.2007) 2007 WL 3396470 at *1, emphasis added, internal citations omitted. *See* also Counsel for Chevron and the Chevron Defendants Response to Plaintiff Johnson's Response to the Court's August 14, and August 19, 2008, Order at 1:25-2:6. Should the Court agree with such an argument as put forth by Counsel for Chevron and the Chevron Defendants, then such is contrary to pervious rulings by the Honorable Susan Illston and the Honorable William Alsup to take under consideration and then to seal the original Complaint and to other documents pertaining to Plaintiff Johnson's two children as well as to seal portions of other documents filed in this action. Plaintiff Johnson further contends that should the Court deny his request to seal portions of the First Amended Complaint, then the parties will not even need a Protective Order in this action. Such a Protective Order that was conformed by the Honorable Susan Illston on or around June 2, 2008.

Plaintiff Johnson asserts that this given motion before the Court has all types of implications and ramifications. *One*, Counsel for Chevron and the Chevron Defendants have tried and Plaintiff Johnson must say most successfully to erode away at the Protective Order that was filed and conformed by this Court. Plaintiff Johnson also contends that Counsel for Chevron and the Chevron Defendants have also eroded away at documents that have been previously partially sealed or sealed in there entirety. The Honorable Susan Illston has already sealed an entire report pertaining to Plaintiff Johnson's two minor children. Yet, Counsel for Chevron and the Chevron Defendants outlined the very portions of that given document that was filed under

2

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

seal in its entirety at the direction of the Court. *See* Counsel for Chevron and the Chevron Defendants Response to Plaintiff Johnson Motion to Quash at pages 2-3. Counsel for Chevron and the Chevron Defendants have blatantly disregarded the Court's previous Order that sealed in its entirety this given document by trying to use to its advantage such confidential sealed information in a recent filing before the Honorable Magistrate Judge James C. Spero. Counsel for Chevron has also placed other confidential information in the Court's records pertaining to Plaintiff Johnson's two minor children. Such conduct by the Chevron Defendants is what caused the Honorable William H. Alsup to recuse himself from this action as the Chevron Defendants, Chevron Corporation misused the Honorable William H. Alsup's Orders in an improper manner in a recent action before him. *See* Court's April 24, 2008, Case Management Conference hearing transcript. Such has clearly been done here and Plaintiff Johnson asks that the Court take notice of such as this type of conduct cannot continue.

*Two*, Counsel for Chevron and the Chevron Defendants have obtained years of studies and clinical research encompassed within medical records that Plaintiff Johnson has and will designate as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY". As stated above, this ruling has sweeping ramifications as Counsel for Chevron and the Chevron Defendants will state that the Court has placed Plaintiff Johnson's confidential medical information in the Court's records for the general public. Do to such, the provisions of the Protective Order will no longer apply and Counsel for Chevron and the Chevron Defendants can disseminate Plaintiff Johnson's confidential medical information at large and will given any Order issued by the Court that denies Plaintiff Johnson's request to seal portions of the First Amended Complaint. Given such, the Court should grant the sealing of portions of the First Amended Complaint.

Counsel for Chevron and the Chevron Defendants have not provided one single argument to this Court to override the Health Insurance Portability and Accountability Act Privacy Rule, (hereinafter referred to as the "HIPAA Rule". *See* Plaintiff's Response to Court's August 14, and August 19, 2008, Orders at 1:11-2:2. Given such, the Court should take notice of this as if the Court denies Plaintiff Johnson's request to seal portions of the First Amended Complaint,then the Court itself will be in violation of the HIPAA Rule. Given the

3

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

aforementioned, the Court should grant Plaintiff Johnson's request to seal portions of the First Amend Complaint.

Counsel for Chevron and the Chevron Defendants have not provided one single argument to this Court to override any harm that may be done to Plaintiff Johnson if the Court denies Plaintiff Johnson's request to seal portions of the First Amended Complaint. *See* Plaintiff's Response to Court's August 14, and August 19, 2008, Orders at 2:10-5:18. Given such, the Court should grant the relief that Plaintiff Johnson seeks by sealing portions of the First Amended Complaint.

Counsel for Chevron states the following:

> Here Plaintiff Johnson has placed his medical condition at issue by alleging that Chevron discriminated against him on the very basis and medical condition he now seeks to seal. He voluntarily disclosed such information and relies upon it as the basis of his Americans with Disabilities Act and California Fair Employment and Housing Act claims. In that sense, he has knowingly disclosed the information by voluntarily injecting it into this public litigation and Court documents. Indeed, Plaintiff has previously filed administrative charges based on this very same medical condition against Morrison Foerster, in addition to various other administrative complaints filed against additional prior employers.

*See* Counsel for Chevron and the Chevron Defendants Response to Plaintiff Johnson's Response to the Court's August 14, and August 19, 2008, Order at 2:7-14. As previously stated, Plaintiff Johnson had no other choice, but to provide his confidential medical condition to the Court when he filed the original Complaint in this action in order to substantiate an Americans with Disabilities Act claim against the defendants in this action. *See* Plaintiff's Response to Court's August 14, and August 19, 2008, Orders at 2:3-3-9. Given such, Plaintiff Johnson has not provided the Court with an authorization to release his confidential medical condition to the general public. Likewise, Counsel for Chevron and the Chevron Defendants statement as stated above misconstrues the truth regarding Plaintiff Johnson filing administrative complaints against prior employers. In addition to Morrison & Foerster LLP, Plaintiff Johnson has only filed one other administrative complaint against an employer. Such a statement by Counsel for Chevron and the Chevron Defendants is clearly misleading and the Court should not be persuaded by such

4

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL
FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

1  given that Plaintiff Johnson stated on the record during his deposition that took place on today

2  the aforementioned.  Likewise, Counsel for Chevron and the Chevron Defendants have not

3  addressed the HIPAA Rule argument of Plaintiff Johnson.  Given such, the Court should grant

4  Plaintiff Johnson request to seal portions of the First Amended Complaint.

5  Counsel for Chevron and the Chevron Defendants act is if no one has come before this

6  Court and asked that records be partially sealed or sealed in their entirety.  As what was done in

7  the past and now as what Plaintiff Johnson seeks, the Court has a long history of partially sealing

8  and sealing documents in their entirety.  Just because Counsel for Chevron and the Chevron

9  Defendants state that such is burdensome, does not mean that the Court will or should do away

10 with ***good cause*** requests to partially seal or seal in there entirety documents filed with the Court.

11 *See also* Counsel for Chevron and the Chevron Defendants Response to Plaintiff Johnson's

12 Response to the Court's August 14, and August 19, 2008, Order at 2:20-26.  Other defense

13 counsel and defendants have met the same so called burden of having to file documents under

14 seal partially or in there entirety.   Given such, Plaintiff Johnson's confidential medical condition

15 should not be put out to the general public for all to see, which clearly a violation of the HIPAA

16 Rule is.

17 Given the above, Counsel for Chevron and the Chevron Defendants have not met the

18 burden to override or persuade this Court to deny the relief that Plaintiff Johnson seeks by

19 requesting that the First Amended Complaint be partially filed under seal.  Given such, Plaintiff

20 Johnson hereby respectfully requests that the Court file the First Amended Complaint (attached

21 as Exhibit A to plaintiff's motion and filed under seal as Docket Nos. 62 and 74 respectfully.

22 For clarification, Docket No. 62 shall be filed as the operative First Amended Complaint for

23 viewing by the general public and Docket No. 74 shall be filed <u>under seal</u> as the operative First

24 Amended Complaint as it contains the <u>confidential and private unredacted sections</u> of Docket

25 No. 62.

26 ///

27 ///

28 ///

5

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL
FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)

For all of the reasons stated herein, Plaintiff Johnson now prays that the Court will grant all of the relief that he seeks by the filing of this pleading as well as other supporting pleadings in response to the Court's August 14 and 19, 2008, Orders as good cause does exist for the Court to issue such an Order.

/s/

Dated this 2nd day September of 2008   SAMUEL BERNARD JOHNSON, III

6

PLAINTIFF'S RESPONSE TO DEFENDANTS RESPONSE TO PLAINTIFF'S REQUEST TO SEAL FIRST AMENDED COMPLAINT, CASE NO. C 07-05756 SI (JSC)