**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

---

September 3, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court
          Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") files a reply to Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, (hereinafter referred to as Counsel for Chevron") September 2, 2008, Opposition letter brief regarding the below referenced subpoenas:

1. California Health and Welfare Agency – California of Social Services Frank Fu;
2. Office of the Attorney General;
3. Lorin Frank, Ph.D.; and
4. Kaiser Permanente Hospital - Psychological Records.

Counsel for Chevron states in her September 2, 2008, Opposition Letter Brief that Plaintiff Johnson was not cooperative during his deposition and clearly admitted such on the record during his deposition (paraphrased). It is strange that Counsel for Chevron would state such wherein Robert Eassa, Esq. of Filice Brown Eassa & McLeod LLP took his deposition and the parties discussed amongst other things if Plaintiff Johnson would withdraw his objections to the Kaiser Permanente – Psychological Records as well as provide a medical authorization. Plaintiff Johnson informed Mr. Eassa that he had personally contacted Kaiser Permanente after Counsel for Chevron directed First Reprographics to serve said subpoenas to determine if he in fact needed a medical authorization. Plaintiff Johnson was informed that he did not. Mr. Eassa then asked Plaintiff Johnson if he would contact the person who he had spoken with before and ask them to provide Plaintiff Johnson with a letter stating that a medical authorization was not needed to release Plaintiff Johnson's Kaiser Permanente - Psychological Records. Plaintiff Johnson stated that he would do such.

Plaintiff Johnson also wants to draw the Court's attentions to Counsel for Chevron's inaccurate statements as it pertains to Plaintiff Johnson providing a medical authorization in his WCAB proceeding in order for Mark H. Tune, Esq. of Harbinson Tune & Kasselik, A Professional Corporation to obtain his Kaiser Permanente psychological records. *See* Counsel for Chevron's Opposition Letter Brief at page 2, paragraph 1. As what was explained during Plaintiff Johnson's September 2, 2008, deposition to Mr. Eassa, Mr. Tune was able to obtain Plaintiff Johnson's medical records from Kaiser Permanente – Psychological without a subpoena. Given such, Plaintiff Johnson felt he would not need to do such here after being informed by Kaiser Permanente – Psychological that he did not a medical authorization to have his psychological records released in his WCAB proceeding.

Plaintiff Johnson would also like to address misleading information that was provided to the Court from Counsel for Chevron regarding subpoenaed records sought from the Office of the Attorney. Counsel for Chevron states that the California Public Utilities Commission provided a Declaration of Custodian Records stating that all of Plaintiff Johnson's records from the PUC were transferred, inner-agency, to his new employer, the California Department of Justice ("DOJ"). *See* Counsel for Chevron's Opposition Letter Brief at page 3, paragraph 5. What Counsel for Chevron fails to state to the Court is that after Counsel for Chevron notified Plaintiff Johnson of such, Plaintiff Johnson personally contacted the California Public Utilities Commission and spoke with one of its representatives who then informed Plaintiff Johnson that she was going to forward payroll records to Counsel for Chevron. It is Plaintiff Johnson's belief that such occurred. More telling here is that Plaintiff Johnson produced to Counsel for Chevron as part of the over 4,000 pages of documents to date his three (3) performance reviews including most if not all of his pay stubs and his W-2 from the California Public Utilities Commission. Hence, even without the utilization of a subpoenas Counsel for Chevron had obtained almost everything via a request for production of documents seeking ninety-seven (97) document requests as well as another thirty or so request for production of documents with a deposition notice.

Given the above and after discussions on the record with Mr. Eassa, Plaintiff Johnson now informs the Court and Counsel for Chevron that he withdraws all objections to the following subpoenas.

1.  Kaiser Permanente Hospital – Psychological Records;  and
2.  Office of the Attorney General.

Plaintiff Johnson now wants to address certain issues surrounding the California Health and Welfare Agency and records of Dr. Lorin Frank. While Counsel for Chevron states that the correct name of the entity is California Health and Welfare Agency as allegedly reported by First Reprographics. Plaintiff Johnson contends otherwise. On August 22, 2008, First Reprographics received a letter from the Legal Division of the State of California Health and Human Services Agency Department of Social Services. Such a letter had to be directed to Counsel for Chevron by First Reprographics since Counsel for Chevron directed First Reprographics to issue the subpoena in question. Given such, in order to subpoena records from an entity one must have the proper name listed on the subpoena or the entity does not have to comply with the subpoena. That was the basis of Plaintiff Johnson's objection stating that Counsel for Chevron sought records from the wrong entity. *See* Exhibit A, August 22, 2008, letter from California Health and Human Services Agency Department of Social Services. Such a letter clearly refutes Counsel for Chevron's statement that she has named the correct agency to obtain sealed documents from pertaining to Plaintiff Johnson's two minor children. Plaintiff Johnson also informed Mr. Reilley, Senior Legal Analyst from the California Health and Human Services Agency Department of Social Services that these records pertained to an adoption and that they were sealed as part of Plaintiff Johnson's adoption of his two minor children that took place on August 12, 2005,.

Counsel for Chevron states that Plaintiff Johnson knowingly and voluntarily placed his two minor children's education, social skills, behavioral problems, and mental conditions at issue in this case. *See* Counsel for Chevron's Opposition Letter Brief at 3, paragraph 1. Counsel for Chevron forgets to mention that this information/documents were already sealed by Order of this Court from reviewing by the general public. Such misleading statements by Counsel for Chevron and Chevron Corporation is why the Honorable William H. Alsup recused himself from this action at a April 24, 2008, Case Management Conference as Chevron Corporation inappropriately used his orders in an improper fashion. *See* April 24, 2008, Case Management Conference Hearing Transcript. Here, Counsel for Chevron has done the same thing wherein the Honorable William H. Alsup and the Honorable Susan Illston took under consideration and did file such a document under seal at the early stages of this action.

Counsel for Chevron states that it must be allowed to determine if the children's alleged problems existed prior to Plaintiff's employment at Chevron. Plaintiff Johnson has provided to Counsel for Chevron records dating from 2005 to present. While Plaintiff Johnson was employed for Chevron, Plaintiff Johnson's

two minor children did not suffer from many of the educational, behavioral, etc. issues that they exhibited and experienced after Plaintiff Johnson was wrongfully terminated on August 7, 2006. As stated in Plaintiff Johnson's initial letter brief to quash the subpoenas to the California Health and Welfare Agency and Dr. Lorin Frank, these records are sealed as the children where placed in the care of California Health and Human Services Agency Department of Social Services in 2002 until such time that they were adopted on August 12, 2005, by Plaintiff Johnson. Likewise, the California Health and Human Services Agency Department of Social Services had Dr. Frank conduct a screening and/or medical review of Plaintiff Johnson's two minor children. Something Counsel for Chevron just happens to forget to tell the Court. Counsel for Chevron states that no records have been issued to the Superior Court. The language of the at-issue subpoena makes no reference to the adoption proceedings records. See Counsel for Chevron's Opposition Letter Brief at 3, paragraph 2.

Given the above, Plaintiff Johnson contends that adoption records of his two (2) minor children already have been sealed in Sacramento, California pursuant to 22 Cal. Code Regs. § 35049(b) as adoption records are confidential. Likewise, all information pertaining to Plaintiff Johnson's two minor children's adoption shall only be made available upon the order of the Superior Court of California, County of Sacramento where the adoption was granted, except for the issuance of their new birth certificate. *See* Cal. Health and Safety Code § 102705. To assist the Court in this matter, Plaintiff Johnson has provided in its entirety Cal Health and Safety Code 102705.

> All records and information specified in this article, other than the newly issued birth certificate, shall be available only upon the order of the superior court of the county of residence of the adopted child or the superior court of the county granting the order of adoption. No such order shall be granted by the superior court unless a verified petition setting forth facts showing the necessity of the order has been presented to the court and good and compelling cause is shown for the granting of the order. The clerk of the superior court shall send a copy of the petition to the State Department of Social Services and the department shall send a copy of all records and information it has concerning the adopted person with the name and address of the natural parents removed to the court. The court must review these records before making an order and the order should so state. If the petition is by or on behalf of an adopted child who has attained majority, these facts shall be given great weight, but the granting of any petition is solely within the sound discretion of the court. The name and address of the natural parents shall be given to the petitioner only if he or she can demonstrate that the name and address, or either of them, are necessary to assist him or her in establishing a legal right.

As noted above, the State Department of Social Services is referenced as the agency that has Plaintiff Johnson's two minor children's records under seal, which is now referred to as California Health and Human Services Agency **Department of Social Services** in Exhibit A attached hereto. Given such, more then an authorization is needed. Jurisdiction as was explained to Counsel for Chevron on many occasions lies with the Sacramento Superior Court in order to obtain the release of these subpoenaed records. Not mentioning the fact that these records do contain the name and address of Plaintiff Johnson's mother. As stated before, these records have been placed under seal by Order of Sacramento County Superior Court. Given such, Plaintiff Johnson seeks to quash these subpoenas on the grounds that Counsel for Chevron has named the wrong entity, Counsel for Chevron seeks already sealed records and that if Counsel for Chevron wants to obtain Dr. Lorin Frank and the California Health and Human Services Agency Department of Social Services, Counsel for Chevron must make a petition to Sacramento County Superior Court pursuant to California law to have these records unsealed. Plaintiff Johnson also seeks to quash these subpoenas as they seek personal, private and confidential medical information pertaining to Plaintiff Johnson's two minor children as governed by the HIPAA Rule.

      Counsel for Chevron also states that Plaintiff Johnson has produced his two minor children's school records, behavior records, testing and behavioral assessments conducted of his children and has not objected to the production of those medical records. Again, Counsel for Chevron has provided false information to the Court. *See* Exhibit B attached hereto. Plaintiff Johnson produced as part of his damages his children's records to support there damages. The Court will note that Plaintiff Johnson stated the following, "[s]*ee* General Objections. Plaintiff Johnson further objects that Request for Production of documents seeks personal, private and confidential medical information that is protected by HIPAA. Given such, Counsel for Chevron's contention that Plaintiff Johnson did not object to the production of these documents just out right is wrong. Counsel for Chevron goes on to state that on January 1, 2008, Plaintiff Johnson filed with the Court and produced to Chevron a Declaration (Doc. #43) attaching the "private Adoption Agreements and Adoption Orders from the Superior Court, and Dr. Lorin Frank's (Child Protective Services) five page report detailing the children's behaviors dated back to at least 2003". *See* Counsel for Chevron's Opposition Letter Brief at page 3, paragraph 3. Counsel for Chevron's own admissions state that Dr. Frank's five page report is apart of Child Protective Services. As stated above, those records have been sealed as part of Plaintiff Johnson's August 12, 2005, adoption. Likewise, Counsel for Chevron provides false and misleading information by stating, Dr. Frank's report references the problems which Plaintiff now seeks to attribute to Chevron." *See* Chevron Opposition Letter Brief at page 3, paragraph 3. Not once did Plaintiff Johnson say to Counsel for Chevron or Chevron that his two minor children did not have pre-existing behavioral issues, etc. Plaintiff Johnson contends and the discovery that Plaintiff Johnson has produced with the over 4,000 pages of documents in this action supports Plaintiff Johnson's two minor children's education, behavioral issues, etc. increased and that Plaintiff Johnson two minor children now suffer from some sort of mental/emotional issues due to Plaintiff Johnson being subjected to discriminatory and retaliatory employment practices that culminated in Plaintiff Johnson being wrongfully terminated on August 7, 2006.

## VI.    CONCLUSION

      For the reasons state herein, Plaintiff Johnson requests that the Court grant him the relief that he seeks by the filing of this reply to Counsel for Chevron's letter brief.

                      Respectfully submitted by,

                        /s/

                      Samuel Bernard Johnson III

**EXHIBIT A**





STATE OF CALIFORNIA—HEALTH AND HUMAN SERVICES AGENCY
**DEPARTMENT OF SOCIAL SERVICES**
744 P Street • Sacramento, CA 95814 • *www.cdss.ca.gov*

JOHN A. WAGNER
DIRECTOR

ARNOLD SCHWARZENEGGER
GOVERNOR

August 22, 2008

1st Reprographics
1517 West Beverly Blvd.
Los Angeles, CA 90026

Dear Sir or Madam:

We are returning this subpoena because disclosure of confidential information such as medical or psychiatric records, or even whether an individual applied for or received benefits, on the basis of a subpoena is unauthorized under State and Federal privacy laws including HIPAA & California Welfare & Institutions Code Section 10850, except under circumstances not applicable here.

Disclosure can be made, however, in response to an **authorization** signed by the person who is the subject of the records. We have included a copy of the Authorization For Release Of Records Form, as well as the Records Request Information Form for your convenience. Please have the subject of the records complete both forms in detail, and return them with the $15 fee and the original subpoena/request. If you have your own HIPAA-compliant authorization form, you may use that.

Once we receive the authorization and sufficient information to determine the basis upon which the California Department of Social Services may have records relating to the person, the request will be forwarded to the custodian of records for the appropriate division, branch, bureau, or office for his or her direct reply. Please send all further correspondence and inquiries to the contact information listed below.

Sincerely,

Jim Reilley - Senior Legal Analyst
CDSS Legal Division
744 P Street, M/S 4-161
Sacramento, CA 95814
(916) 654-1203
Fax: (916) 654-2134

**EXHIBIT B**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS which REFER, RELATE TO or EVIDENCE that any of YOUR alleged damages were paid for or otherwise covered, in full or in part, by insurance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

*See* General Objections.  Plaintiff Johnson further objects that Request for Production of documents seeks personal, private and confidential medical information that is protected by HIPAA.  Plaintiff Johnson further responds to Request for Production No. 83 by incorporating any response to Request for Production No. 83 as "HIGHLY CONFIDENTIAL". Subject to these objections and without waiving any objections Plaintiff Johnson responds to Request for Production No. 83 in stating that he is still in the process of ascertaining if he is in possession, custody and/or control of any responsive documents to Request for Production No. 83.  Given such, Plaintiff Johnson will supplement Request for Production No. 83 as soon as additional information or documents becomes available to him.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS which REFER, RELATE TO or EVIDENCE that any of YOUR alleged damages were paid for or otherwise covered, in full or in part, by DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

*See* General Objections.  Plaintiff Johnson responds to Request for Production No. 84 by stating that he is still in the process of ascertaining if he is in possession, custody and/or control of any responsive documents to Request for Production No. 84.  Given such, Plaintiff Johnson will supplement Request for Production No. 84 as soon as additional information or documents becomes available to him.