

**FBE&M**
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

September 4, 2008

The Honorable Joseph C. Spero
United States District Court-Northern District of California
450 Golden Gate Avenue, Courtroom A, 15th Floor
San Francisco, CA 94101

Re:   *Samuel B. Johnson III v. Chevron Corporation, et al.*
      Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

On September 3, 2008, Plaintiff filed his "reply" letter regarding Plaintiff's Motions to Quash. I wish to apologize to this Court, as I am aware that, following a reply, the matter is submitted without further response from the opposing party. However, I am very concerned and believe that Plaintiff used his opportunity to reply (knowing that we would have no further opportunity to respond) in order to mislead this Court and impugn my office.

Specifically, Plaintiff's letter states, at page 2, second to last paragraph, that "Counsel for Chevron" (which he identifies at the outset of his letter as my office, i.e., "Delia Isvoranu of Filice Brown Eassa and McLeod") made "misleading statements" which led Judge Alsup to recuse himself from this action because we had "inappropriately used his orders in an improper fashion." Such is an absolute and deliberate falsehood which further illustrates why Plaintiff should be sanctioned (in addition to the fact that he forced Chevron to expend time and resources opposing his Motions to Quash the Kaiser and Attorney General subpoenas only to now withdraw his objections).

Indeed, Your Honor need only review document # 9, Plaintiff's "Notice of Possible Potential Conflict of Interest," wherein it was **Plaintiff**, not Chevron, who sought Judge Alsup's recusal. As noted therein, Plaintiff was concerned that Judge Alsup would be biased/prejudiced against him given Plaintiff's prior race and HIV/AIDS discrimination charge against the firm of Morrison and Foerster—Judge Alsup's and Plaintiff's prior employer. The April 24, 2008 CMC was the first conference held in this matter and the first time I had ever appeared before Judge Alsup. There simply were no instances where I had ever previously made *any* statements to Judge Alsup, much less "misleading statements." Moreover, the Orders entered by Judge Alsup prior to the CMC, concerned only preliminary matters and were not capable of being "inappropriately used." If the Court has any concern about either party's version of the CMC hearing, I would simply urge the Court to review that transcript. To accept Plaintiff's contention regarding this matter, and others raised in his reply letter, would simply be unfortunate.

Respectfully submitted,

Delia A. Isvoranu

LAKE MERRITT PLAZA  ♦  1999 HARRISON STREET  ♦  SUITE 1800
PO BOX 70850  ♦  OAKLAND, CA 94612-0850  ♦  510.444.3131  FAX: 510.839.7940

ONE CALIFORNIA PLAZA  ♦  300 SO. GRAND AVENUE  ♦  SUITE 1400
LOS ANGELES, CA 90071-3124  ♦  213.687.2666  FAX: 213.687.2660