**SAMUEL BERNARD JOHNSON III**

4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Home

---

September 6, 2008

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**Re:**   *Samuel Bernard Johnson III v. Chevron Corporation, et al.*, United States District Court
Northern District of California, San Francisco Division, Case No. C 07-05756 SI (JCS)

Dear Judge Spero:

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") asserts that certain comments made by Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP are ridiculous as well as wastes this Court's time to have to look into a matter wherein there is no need.  However, since Counsel for Chevron has requested this Court and the Honorable Joseph C. Spero to do such, then Plaintiff Johnson must file a reply to Counsel for Chevron and Chevron Corporation's September 4, 2008, letter brief.  Counsel for Chevron by her own admissions in her September 4, 2008, letter brief states that it was inappropriate for her to file a letter brief with the Court.  Such is reflected when Counsel for Chevron stated the following, "I apologize to this Court, as I am aware that, following a reply, the matter is submitted without further response from the opposing party".  *See* ¶2 of Counsel for Chevron's September 4, 2008, letter brief.  Yet, Counsel for Chevron went ahead and bent the rules to her will by filing her September 4, 2008, letter brief with the Court.  Given such, the record must be made clear as Counsel for Chevron has made yet again misleading and false statements to this Court and the general public.

Counsel for Chevron states that "[i[ndeed, Your Honor need only review document #9, Plaintiff's Notice of Possible Potential Conflict of interest, wherein it was **Plaintiff**, not Chevron, who sought Judge's Alsup's recusal"  As noted herein, Plaintiff was concerned that Judge Alsup would be biased/prejudiced against him given Plaintiff's prior race and HIV/AIDS discrimination charge against the firm of Morrison & Foerster, LLP – Judge Alsup's and Plaintiff's prior employer. "  *See* ¶3 of Counsel for Chevron's September 4, 2008, letter brief.  Plaintiff Johnson contends that the Honorable Joseph C. Spero will recognized that it is better for a party to inform a sitting Judge on a case that is designated for trial at the beginning of the case, not in the middle or at the end about a potential conflict of interest.  Such was done by Plaintiff Johnson on or around December 26, 2007.  In this given instance, Plaintiff Johnson filed a Notice of Potential Conflict of Interest" prior to the parties April 24, 2008, Case Management Conference.  *See* Court Docket #9.  Since Counsel for Chevron wants to air this matter to its fullest as well as continuing at every instance to place Morrison & Foerster LLP, the Honorable William H. Alsup's and Plaintiff Johnson's former employer and the fact that Plaintiff Johnson filed a charge against Morrison & Foerster LLP for race and HIV/ADIS discrimination into the Court's record, then the truth must be reflected accurately for this Court and the general public to view as well as to fully understand what has taken place with the the Honorable William H. Alsup recusing himself from this action.

On or around December 26, 2007, Plaintiff Johnson filed a Notice of Potential Conflict of Interest informing the Honorable William H. Alsup there maybe a potential conflict of interest with him presiding over this action. In that filing Plaintiff Johnson informed the Honorable William H. Alsup what that possible potential conflict of interest was. At the conclusion of the Notice of Potential Conflict of Interest Plaintiff Johnson did not state that the Honorable William H. Alsup would be biased/prejudice toward Plaintiff Johnson in any form or fashion as characterized by Counsel for Chevron and Chevron Corporation in their September 4, 2008, letter brief. Plaintiff Johnson draws the Court's attention to the following statements made in the Notice of Potential Conflict of Interest,

> While Plaintiff Johnson and the Honorable William H. Alsup worked for the same employer, Morrison & Foerster, LLP, Plaintiff Johnson contends at this time that such is not a conflict of interest. While Plaintiff Johnson asserted some if not all of the claims in this styled action against his former employer Morrison & Foerster, LLP through the filing of an Equal Employment Opportunity Commission, San Francisco District charge in 2001, Plaintiff Johnson full hardily believes that the Honorable William H. Alsup can remain impartial to hearing such testimony before the Court.
>
> The filing of this Notice of Possible Potential Conflict of Interest was to bring such a possible potential conflict of interest before the Honorable William H. Alsup as soon as reasonably possible and not wait until the scheduled February 14, 2008, Initial Case Management Conference to do such.
>
> Likewise, Plaintiff Johnson contends that he full hardily believes that the above-referenced possible potential conflict of interests are not a conflict of interest in order for the above-referenced styled action to continue to be assigned to the Honorable William H. Alsup and/or does not raise to the level for the Honorable William H. Alsup to recuse himself from this action.

*See* Page 3:26-4:13 of Notice of Potential Conflict of Interest. *See also* Court Docket #9. Such statements by Plaintiff Johnson clearly demonstrate to this Court and the general public that he felt the Honorable William H. Alsup would be impartial and not biased towards Plaintiff Johnson because they both worked for the same employer Morrison & Foerster LLP and because some if not all of the claims made against Morrison & Foerster LLP were made in this instance action by the filing of the original Complaint. As stated in the Notice of Potential Conflict of Interest, Plaintiff Johnson new that Counsel for Chevron and Chevron Corporation would bring this particular charge up in this action in order to gain some type of legal edge to help them with there defense. Such is clearly stated in the Notice of Potential Conflict of Interest wherein Plaintiff Johnson stated the following,

> Plaintiff Johnson would like to inform the Honorable William H. Alsup that some if not all of the claims asserted in the above-referenced styled action were also cited against Morrison & Foerster, LLP through the filing of an Equal Employment Opportunity Commission, San Francisco District charge in 2001. It is Plaintiff Johnson's contention that some if not all of the defendants will cite Plaintiff Johnson's employment history from September 1998 to present as a defense against the claims asserted against them in the above-referenced styled action. Due to such, the various defendants and even Plaintiff Johnson may bring before the Court testimony pertaining to that particular matter.

*See* Notice of Potential Conflict of Interest at 3:17-24. In the Joint Case Management Statement that that was submitted before the Court on April 16, 2008, Plaintiff Johnson made reference to the possible potential conflict in the Other Matter's section of the Joint Case Management Conference Statement by stating the following,

> Conflict of Interest: Plaintiff Johnson filed a Notice of Potential Conflict of Interest with the Court on or around January 7, 2008. Counsel for Chevron provided a reply on or around January 14, 2008, pursuant to the Court's January 8, 2008, Order. Plaintiff Johnson respectfully requests that the Court provide on the record its position as it pertains to this particular subject matter.

*See* Joint Case Management Conference Statement at 14:10-14. *See also*, Court Docket #33. Counsel for Chevron's own admissions as stated in the Joint Case Management Conference Statement support the fact that Plaintiff Johnson was not requesting the Honorable William H. Alsup to recuse himself from this action,

> In response, Chevron contends Plaintiff Johnson has not filed a Motion asking that the Court recuse itself and there is no indication that there is any existence of bias or prejudice such that this Court should even consider recusal. Indeed, Plaintiff Johnson himself confirmed the Court's ability to continue to preside over this matter in his January 7, 2008, Notice wherein he stated, in conclusion, that he did not believe this Court was biased or prejudiced and that he was not seeking recusal.

*See* Joint Case Management Statement at 14:15-20. *See also*, Court Docket #33. Plaintiff Johnson states to this Court that he placed the Notice of Potential Conflict of Interest in the Joint Case Management Statement and asked that the Honorable William H. Alsup state on the record that he had no problem with hearing this action as Chevron Corporation had used as well as mischaracterized the Honorable William H. Alsup's Orders in a prior case before him in a wrong way. Plainitff Johnosn even stated to the Honorable William H. Alsup the following during the April 24, 2008, Case Management Conference, I do not want them to do this again to you. Plaintiff Johnson even took it a step further by stating to Counsel for Chevron, at the April 24, 2008, Case Management Conference the following, didn't you do your homework and/or didn't you know that? Such is further evidence as the Honorable William H. Aslup stated during the April 24, 2008, Case Management Conference that he had no problem hearing a Morrison & Foerster LLP case. However, that he did have a problem and/or issue with Chevron Corporation, as Chevron Corporation had used some of his prior Orders in a wrong way as well as placed such in newspapers. Given such I will recuse myself from this Chevron case as well as all other Chevron cases for an indefinite period of time. (paraphrased). *See* April 24, 2008, Case Management hearing transcript.

When Plaintiff Johnson filed his September 3, 2008, letter brief and as what was explained to Counsel for Chevron in numerous email exchanges between the parties on September 4, 2008, Plaintiff Johnson wanted to bring to the Honorable Joseph C. Spero's attention that Chevron Corporation was at it again. Most notably, Counsel for Chevron and Chevron Corporation had misused this Court's Orders in a wrong way by placing in the Court's record information that was placed under seal by an Order conformed by the Honorable Susan Illston, which called for certain information and/or documents to be fully filed under seal pursuant to Civil Local Rule 79-5(b). Such documents and/or information pertained to Plaintiff Johnson's two minor children and there mother. During the exchange of emails between the parties, Plaintiff Johnson made referenced to such. *See* Exhibit A attached hereto. Not once and as communicated to Counsel for Chevron on September 4, 2008, during the ten or fifteen email echanges between the parties did Plaintiff Johnson mean to say that Counsel for

Chevron had anything to do with the placing of the Honorable William H. Alsup's Orders in newspapers in an inappropriate way. Such an inappropriate way was clearly commuicated to Counsel for Chevron at the April 24 2008, Case Management Conference hearing as the Honorable William H. Alsup explained to Counsel for Chevron why he was recusing himself from this instant action. Plaintiff Johnson asserts that such a recusal as reflected in the Court's April 24, 2008, Case Management Conference hearing transcript had nothing to do with Plaintiff Johnson.

Given the above, the Court and the general public must understand and such has to be made clear to this Court and the general public that the Honorable William H. Alsup recused himself solely because of Chevron Corporation. Likewise, as was explained to Counsel for Chevron during the ten or fifteen email exchanges between the parties, Plaintiff Johnson respects and looks up to the Honorable William H. Alsup. *See* Exhibits A and B respectfully attached hereto. The Court and the general public need only to look at a recent case that was heard and decided before the Honorable William H. Alsup dealing with Chevron Corporation as well as look at how Chevron Corporation used the Honorable William H. Alsup's Orders in newspapers and then read the April 24, 2008, Case Management Conference hearing transcript in this instant action. Given all of Counsel for Chevron's spin, misleading and false statements into the Court's records on this given subject, her client Chevron Corporation must bare responsibility and accept accountability for its misconduct in the misuse of the Honorable William H. Alsup's Orders. I believe Chevron Corporation calls that The Chevron Way or has that so-called core business principle of values abandoned Chevron Corporation and Counsel for Chevron who conducts business with Chevron Corporation. *See* http://www.chevron.com/about/chevronway/, The Chevron Way, www.chevron.com. September 6, 2008.

Enclosing, Counsel for Chevron and Chevron Corporation would have this Court and the general public believe that the Honorable William H. Alsup had an issue, concern or problem with Morrison & Foerster LLP and Plaintiff Johnson. If such was the case, then why would the Honorable William H. Alsup state almost at the end of the April 24, 2008, Case Management Conference the following to Plaintiff Johnson, it is still my hope that an attorney be found for you. Given all of the above, Plaintiff Johnson now respectfully requests that this Court turn its attention to why Plaintiff Johnson filed his first letter brief on August 26, 2008. *See* Court Docket #128. Such a letter brief was to quash several subpoenas issued by Counsel for Chevron and Chevron Corporation.

Respectfully submitted by,

/s/

Samuel Bernard Johnson III

**EXHIBIT A**

**From:** blakviii@aol.com [mailto:blakviii@aol.com]
**Sent:** Thursday, September 04, 2008 2:55 PM
**To:** Delia Isvoranu
**Subject:** Re:

      Again, you mistate judge spero. He stated that he had no problem hearing a morrison and foerster case and did not have a problem with hearing one now. He then turned his attention to your client and how it misused his orders in the incorrect way. He then went on to talk about the appearance of bias and felt that such would not still be a problem with him presiding on this case, but he could not get past your client's misuse of his orders in a previous case. The record is clear on that. My reference to your office's conduct was that chevron was at it again given how your office has misused previous orders to state certain things in the record or take things that have been sealed and use them anyone you want. Good day

**EXHIBIT B**

**From:** blakviii@aol.com [mailto:blakviii@aol.com]
**Sent:** Thursday, September 04, 2008 3:05 PM
**To:** Delia Isvoranu
**Subject:** Re:

Ms Isvoranu those would be my words. I did not want chevron to try once again to make a judge that I respect look bad. It was clear that judge alsup was upset in how your client misused his orders in the press in a wrong way. I felt such would happen again if he ruled for me. Nonetheless the transcript speaks for itself. Mr johnson

Sent from my Verizon Wireless BlackBerry