

FBE&M
ATTORNEYS AT LAW

Delia A. Isvoranu
DIsvoranu@filicebrown.com

September 10, 2008

The Honorable Joseph C. Spero
United States District Court-Northern District of California
450 Golden Gate Avenue,
Courtroom A, 15th Floor
San Francisco, CA 94101

**Re:**    ***Samuel B. Johnson III v. Chevron Corporation, et al.***
Northern District of California Case No. CV 07-5756 SI (JCS)

Dear Judge Spero:

We regret to have to submit yet another letter brief to the Court regarding a new discovery motion: a Motion to Quash. Recently, Plaintiff advised on more than one occasion that he was "leaning toward" dismissing this action (in favor of filing a new and different one). I have repeatedly asked Plaintiff to advise whether he will, in fact, dismiss this pending case and informed him that I sought such confirmation because I did not wish to burden this Court with further discovery disputes if this case will be dismissed.[1] Plaintiff has refused to provide me a response and, thus, given the impending record production date, I am required to file this letter requesting that the Court again quash Plaintiff's subpoenas to Susan Solger's prior employers (before she became employed by Chevron):1) PG&E 2) Wal-Mart and 3) the County of Fresno.

Previously, Plaintiff issued a subpoena to PG&E which over broadly requested Ms. Solger's personnel file. (See, initial subpoena which was quashed; Exhibit A hereto.) The Court quashed that subpoena given that Plaintiff's subpoena was overly broad and inevitably included materials which were not relevant to this action. (Doc. #88.) Plaintiff then moved to compel the production of Ms. Solger's and others' personnel files he sought through Requests for Production. The Court denied Plaintiff's Motion to Compel (Doc. #104) stating, in part: "[T]these requests are overbroad. The entire personnel file...of one of the individuals alleged to be involved in the actions taken against Plaintiff, is not relevant to this action. Plaintiff may not ask for the entirety of personnel or other files hoping that here may be something in the files that he can use to demonstrate the claims in his complaint."

---

[1] Plaintiff has obtained leave to file a First Amended Complaint adding Ms. Solger as a party, but he has not yet filed an Amended Complaint and, again, has indicated that he is in fact inclined to dismiss this action in its entirety and refile it in a different form.. Accordingly, the operative pleading remains Plaintiff's initial Complaint where Ms. Solger is not named as a party.

LAKE MERRITT PLAZA  ◆  1999 HARRISON STREET  ◆  SUITE 1800
PO BOX 70850  ◆  OAKLAND, CA 94612-0850  ◆  510.444.3131  FAX: 510.839.7940

ONE CALIFORNIA PLAZA  ◆  300 SO. GRAND AVENUE  ◆  SUITE 1400
LOS ANGELES, CA 90071-3124  ◆  213.687.2666  FAX: 213.687.2660

Re:     *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 2

Now, Plaintiff has issued a new subpoena to PG&E as well as to Ms. Solger's other pre-Chevron employers. Rather than limiting the records sought in his prior improper subpoena, Plaintiff once again identifies that he seeks Ms. Solger's "personnel file" and, while he states that the subpoena is "limited," he then describes and seeks all the records that would be contained in one's personnel file and **even more** irrelevant and private records that in the initial subpoena which was quashed, including Ms. Solger's disability requests, stress management classes, and medical leave records. (*New subpoenas, collectively attached hereto as Exhibit B*.) The records requested in the subpoenas are unrelated to Plaintiff's claims that he was harassed/discriminated against by Chevron, a claim he has asserted against **at least three** of his prior employers in addition to Chevron.

There is no potential probative value to the records requested by Plaintiff which are, in reality, Ms. Solger's entire personnel file (notwithstanding that Plaintiff's has parceled out particular categories) from her employment **prior to** Chevron. Moreover, because such records are personal and private in nature, Plaintiff must show not simply a hint of "relevance," but rather, direct relevance sufficient to override Ms. Solger's privacy interests in such confidential matters (*infra*):

- Employment Applications & Job Descriptions: There is no information which may be contained in Ms. Solgers' applications with another employer, years prior to Chevron, which can bear upon Plaintiff's claims. Such records will reveal her prior earnings, reasons for leaving prior employment and family contact information. Such information is irrelevant.
- Requests for Transfers Promotions: There is no possible connection between Ms. Solger's requests, of her prior employers, that she be promoted or transferred to another position within that company, and Plaintiff's claims against Chevron, her employer years later.
- Demotions, Reprimands, Warnings, Corrective Notifications, Disciplinary Records: Whether some action was taken against Ms. Solger, by a prior employer of hers, **for any possible reason** such as tardiness, failure to clock in/out, failure to meet performance expectations of some aspect of her different positions with employers other than Chevron, is of no consequence and, as with all the other categories, is overly broad and encompasses irrelevant information. Just as with the unlimited request for "any claim made against Susan Solger," *infra*, Plaintiff has not limited such records to only those reflecting that such discipline, if any, were imposed for any complaint of harassment, discrimination, or retaliation. (There is no evidence that any employee of Wal-Mart, PG&E or Fresno County ever made any complaint, of any nature, against Ms. Solger.)
- Stress Management Classes and Employee Assistance and Ombudsman records: Plaintiff previously sought stress management class records. Chevron objected and explained why such records are irrelevant (Document #117), and Plaintiff's request for such records was denied. (Document #123.) For similar reasons, Plaintiff's request for Employee Assistance Program ("EAP") and Ombudsman records are also improper. Plaintiff must prove that Ms. Solger engaged in intentional conduct toward him amounting to discrimination, retaliation and/or harassment **while at Chevron**. Whether she elected, during employment with other companies and of her own volition, for any number of speculative reasons, to contact EAP or speak to an ombudsperson, prior to becoming employed by Chevron and supervising Plaintiff, is irrelevant and has no tendency to establish that she took any unlawful action against Plaintiff, years later and with her new employer.
- Disability Records and Medical Leave Requests: There is no basis for Plaintiff to request records reflecting any medical condition suffered by Ms. Solger, any disability claim she may have against such prior and unrelated employers, or any request she may have made for leave or time off. Whether she made a disability claim or took medical leave years before supervising Plaintiff has no relationship to Plaintiff's claims.
- "[A]ny claim made against Susan Solger due to Susan Solger's employment with [former employer]...**not limited**...": Plaintiff has not sought to discover, as a preliminary matter and through less

Re:    *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 3

intrusive means—such as Interrogatories—whether any employee at any time made any complaint against Ms. Soler while she was employed by any of the three prior employers and, if so, the basis of any such complaint (i.e. race discrimination of the type alleged by Plaintiff in this case versus a complaint regarding other work related matters). Even assuming, for the sake of argument only, that records contain references to any prior complaint by an employer of PG&E, Wal-Mart or Fresno County against Ms. Solger, Plaintiff has not articulated why such information would be relevant to his claims against Chevron. "Any claim" against Ms. Solger during her employment with these three non-parties, preceding her employment at Chevron, would have no bearing upon what occurred, if anything, during Plaintiff's less than one-year employment with Chevron. Such prior conduct (assuming there is any basis to believe it occurred) does not establish conduct in conformity therewith years later when Ms. Solger became employed by Chevron and during the brief period of time that she supervised Plaintiff.

A person's valid interest in preserving the confidentiality of sensitive information contained in his personnel files has been recognized in both federal and state statutes and decisional authorities. There is "no abuse of discretion where privacy interests, coupled with the district court's determination to keep the trial focused justifie[s] limiting plaintiff's discovery of personnel files." (*Regan-Touhy v. Walgreen Co.*, (10th Cir. 2008) 526 F.3d 641, 649; internal citations omitted.) Federal courts have acknowledged a right to privacy in employment files. (*Kakagawa v. Regents of University of California*, (N.D.Cal. 2008) 2008 WL 1808902, at 2.) As this state's federal courts have noted, the right to privacy "is subject to balancing the needs of the litigation with the sensitivity of the information/records sought." (*Davis v. Leal*, (E.D.Cal.1999) 43 F.Supp.2d 1102, 1110.)

State law mirrors this heightened balancing test and federal courts may apply state privilege laws, such as California's constitutional right to privacy, where they do not conflict with federal law. (*Soto v. City of Concord*, (N.D.Cal.1995) 162 F.R.D. 603, 609.) Under either federal or state law, the Court must balance the party's need for the information against the individual's privacy right in his or her employment files. (*Kakagawa, supra*, 2008 WL 1808902 at p.2.) "The adoption of the constitutional right of privacy emphasizes the duty of the courts to protect both parties and nonparties against unnecessary intrusion into matters which people ordinarily consider to be private." (*Rifkind v. Superior Court* (1981)123 Cal.App.3d 1045, 1052 (disapproved on other grounds).) Even when private information is relevant, disclosure may still be denied. "The ordinary yardstick for discoverability, i.e., that the information sought may lead to relevant evidence, is not applicable when compelled disclosure would intrude on constitutionally protected areas." (*Kahn v. Superior Court* (1987) 188 Cal.App.3d 752, 770 [denying disclosure of **performance evaluations**]; emphasis added.)"[I]t clear…personnel records and employment history are within the scope of the protection provided by the state and federal Constitutions." (San *Diego Trolley, Inc. v. Superior Court* (2001) 87 Cal.App.4th 1083, 1097.) For example, in *Board of Trustees v. Superior Court* (1981)119 Cal.App.3d 516, 528, the court expressly stated, "It is manifest that the subject documents and communications of [the employee's] **personnel, tenure, and promotion files**, whether relating only to his initial employment, or also to his '**promotion, additional compensation, or termination**,'" were protected from the disclosure by the employee's "constitutional right of privacy." (Emphasis added.) See also, *El Dorado Savings & Loan Assn. v. Superior Court* (1986) 190 Cal.App.3d 342, 347 [denying disclosure of personnel files.].) Mirroring the scrutiny set forth in federal authorities, California decisions similarly hold that, due to the importance of individuals' privacy rights, it is not enough to show that the matters encompassed by the right of privacy are merely relevant to the issues of ongoing litigation. As a threshold, they must be "directly relevant," and even then, the party seeking disclosure must still establish a "compelling need for this information that outweighs the right to privacy." (*Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 392.)

Re:    *Samuel B. Johnson III v. Chevron Corporation, et al.*
Page 4


Here, Chevron has now produced more than 15,000 documents from which Plaintiff can attempt to establish his unfounded claims. Plaintiff failed to make any showing that he is entitled to peruse Ms. Solger's private records from prior and unrelated employers and he seeks to do only in an effort to harass and annoy Ms. Solger, given his animosity toward her (he was observed "flipping off" Ms. Solger and sticking his tongue out more than one time while employed by Chevron.) Plaintiff's lack of evidence and frivolous claims cannot serve as the requisite "compelling need" for disclosure of such private and sensitive information.

Respectfully submitted,

Delia A. Isvoranu

# EXHIBIT A

# ATTACHMENT A

**Pacific Gas & Electric Corporation**
Attention: Human Resources Department
One Market, Spear Tower, Suite 2400
San Francisco, California 94105
(415) 267-7070

All records of Susan Janet Solger, aka Sue Solger, Susan Solger, Sue J. Solger, Susan J. Solger (DOB: December 11, 1954, SSN: 565-98-XXXX) as follows:

- All written, recorded, or videotape records/documents, notes, correspondence, reports, statements, or files which constitute Susan Janet Solger's personnel file while employed for Pacific Gas & Electric Corporation, including (to the extent not contained in the personnel file) any documents/records which evidence or reflect Susan Janet Solger's dates of employment with Pacific Gas & Electric Corporation, her performance reviews/evaluations, and verbal and written warnings, corrective notifications, or disciplinary records, Employee Assistance Program files/records, Ombuds files/records while employed for Pacific Gas & Electric Corporation.

- All written, recorded, or videotape records/documents, notes, correspondence, reports, statements, or files relating to any claim made against Susan Janet Solger or made against Pacific Gas & Electric Corporation due to Susan Janet Solger's employment with Pacific Gas & Electric Corporation, at any time, for disability, stress, medical leave, or any complaint/claim of harassment, discrimination, retaliation, hostile work environment or other unlawful conduct made against Pacific Gas & Electric Corporation, which includes, but is not limited to Pacific Gas & Electric Corporation's management or to any Human Resources personnel, including any of the foregoing records related to any such claim/complaint made by an employee against Susan Janet Solger that was either lodged with the Equal Employment Opportunity Commission, (EEOC), California Department of Fair Employment & Housing (DFEH) or investigated by Pacific Gas & Electronic Corporation.

**EXHIBIT B**

ATTACHMENT A TO CIVIL SUBPOENA

Pacific Gas & Electric Corporation
Attention: Legal Department
77 Beale Street
San Francisco, California 94105
(415) 267-7070

All records of Susan Janet Solger, aka Sue Solger, Susan Solger, Sue J. Solger, Susan J. Solger (DOB: December 11, 1954, SSN: 565-98-XXXX) as follows:

- The personnel file of Susan Janet Solger, which is limited to the following: the employment application(s), job descriptions, requests for transfers, promotions, written, recorded, videotaped records/documents, notes, correspondence, statements regarding demotions, reprimands (written or oral warnings), corrective notifications, or disciplinary records, Employee Assistance Program files/records, Ombudsman files/records, disability requests/records/documents, stress management classes/courses taken by Susan Janet Solger, medical leave requests or medical leave taken by Susan Janet Solger while employed for Pacific Gas & Electric Corporation (Pacific Gas & Electric Company).

- All written, recorded, or videotape records/documents, notes, correspondence, reports, statements, or files relating to any claim made against Susan Janet Solger or made against Pacific Gas & Electric Corporation (Pacific Gas & Electric Company) due to Susan Janet Solger's employment with Pacific Gas & Electric Corporation (Pacific Gas & Electric Company, which includes, but is not limited to at any time, any complaint/claim of harassment, discrimination, retaliation, hostile work environment or other unlawful conduct made against Susan Janet Solger, Pacific Gas & Electric Corporation's (Pacific Gas & Electric Company's) management or to any Human Resources personnel, including any of the foregoing records related to any such claim/complaint made by an employee against Susan Janet Solger or Pacific Gas & Electric Corporation (Pacific Gas & Electric Company) that was either lodged with the Equal Employment Opportunity Commission, (EEOC), California Department of Fair Employment & Housing (DFEH) or investigated by Pacific Gas & Electronic Corporation through an Equal Employment Opportunity Investigation or another method used by Pacific Gas & Electric Corporation (Pacific Gas & Electric Company).

- As it pertains to bullet point #2, provide all records pertaining to, but not limited to interviews, telephone interviews, opinions or conclusions made by Pacific Gas & Electric Corporation, the Equal Employment Opportunity Commission, California Department of Fair Employment & Housing (DFEH) or Pacific Gas & Electric Corporation (Pacific Gas & Electric Company.

ATTACHMENT A TO CIVIL SUBPOENA

Fresno County
Department of Personnel Services
Fresno County Plaza Building
2220 Tulare Street, 14th Floor
Fresno, California 93721
(559) 488-3364

All records of Susan Janet Solger, aka Sue Solger, Susan Solger, Sue J. Solger, Susan J. Solger (DOB: December 11, 1954, SSN: 565-98-XXXX) as follows:

- The personnel file of Susan Janet Solger, which is limited to the following: the employment application(s), job descriptions, requests for transfers, promotions, written, recorded, videotaped records/documents, notes, correspondence, statements regarding demotions, reprimands (written or oral warnings), corrective notifications, or disciplinary records, Employee Assistance Program files/records, Ombudsman files/records, disability requests/records/documents, stress management classes/courses taken by Susan Janet Solger, medical leave requests or medical leave taken by Susan Janet Solger while employed for Fresno County.

- All written, recorded, or videotape records/documents, notes, correspondence, reports, statements, or files relating to any claim made against Susan Janet Solger or made against Fresno County due to Susan Janet Solger's employment with Fresno County, which includes, but is not limited to at any time, any complaint/claim of harassment, discrimination, retaliation, hostile work environment or other unlawful conduct made against Susan Janet Solger, Fresno County's management or to any Human Resources personnel, including any of the foregoing records related to any such claim/complaint made by an employee against Susan Janet Solger or Fresno County that was either lodged with the Equal Employment Opportunity Commission, (EEOC), California Department of Fair Employment & Housing (DFEH) or investigated by Pacific Gas & Electronic Corporation through an Equal Employment Opportunity Investigation or another method used by Fresno County

- As it pertains to bullet point #2, provide all records pertaining to, but not limited to interviews, telephone interviews, opinions or conclusions made by Fresno County, the Equal Employment Opportunity Commission, California Department of Fair Employment & Housing (DFEH) or Fresno County

ATTACHMENT A TO CIVIL SUBPOENA

Wal-Mart Stores, Inc.
c/o C T Corporation System
818 W. 7th Street
Los Angeles, California 90017-3407

All records of Susan Janet Solger, aka Sue Solger, Susan Solger, Sue J. Solger, Susan J. Solger (DOB: December 11, 1954, SSN: 565-98-XXXX) as follows:

- The personnel file of Susan Janet Solger, which is limited to the following: the employment application(s), job descriptions, requests for transfers, promotions, written, recorded, videotaped records/documents, notes, correspondence, statements regarding demotions, reprimands (written or oral warnings), corrective notifications, or disciplinary records, Employee Assistance Program files/records, Ombudsman files/records, disability requests/records/documents, stress management classes/courses taken by Susan Janet Solger, medical leave requests or medical leave taken by Susan Janet Solger while employed for Wal-Mart Stores, Inc..

- All written, recorded, or videotape records/documents, notes, correspondence, reports, statements, or files relating to any claim made against Susan Janet Solger or made against Wal-Mart Stores, Inc. due to Susan Janet Solger's employment with Wal-Mart Stores, Inc., which includes, but is not limited to at any time, any complaint/claim of harassment, discrimination, retaliation, hostile work environment or other unlawful conduct made against Susan Janet Solger, Wal-Mart Stores, Inc.'s management or to any Human Resources personnel, including any of the foregoing records related to any such claim/complaint made by an employee against Susan Janet Solger or Wal-Mart Stores, Inc. that was either lodged with the Equal Employment Opportunity Commission, (EEOC), California Department of Fair Employment & Housing (DFEH) or investigated by Pacific Gas & Electronic Corporation through an Equal Employment Opportunity Investigation or another method used by Wal-Mart Stores, Inc.

- As it pertains to bullet point #2, provide all records pertaining to, but not limited to interviews, telephone interviews, opinions or conclusions made by Wal-Mart Stores, Inc., the Equal Employment Opportunity Commission, California Department of Fair Employment & Housing (DFEH) or Wal-Mart Stores, Inc.