SAMUEL BERNARD JOHNSON III
4420 Abruzzi Circle
Stockton, California 95206
(209) 982-5904 – Telephone
blakviii@aol.com – Email

Plaintiff - *In Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHEVRON CORPORATION, a Delaware corporation, CHEVRON CORPORATION LONG-TERM DISABILITY PLAN ORGANIZATION, a Delaware corporation, CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation, CATHERINE DREW, KATHRYN M. GALLACHER, ROBERT SCHMITT, HARALD SMEDAL, SUSAN J. SOLGER, SELLERS STOUGH, KRYSTAL TRAN, DEBBIE WONG, GARY A. YAMASHITA, and DOES 1-5,<br><br>　　　　　　　Defendants | Case No.: C 07-05756 SI (JSC)<br><br>**PLAINTIFF'S REQUEST TO EXTEND THE COURT'S DEADLINE FOR A MEDIATION SESSION TO OCCUR BY THE END OF SEPTEMBER OF 2008, PURSUANT TO THE COURT'S MAY 22, 2008, (CORRECTED) PRETRIAL PREPARATION ORDER** |

Samuel Bernard Johnson III, (hereinafter referred to as "Plaintiff Johnson") hereby moves the Court pursuant to Civil Local Rule 7-11 and Alternative Dispute Resolution Local Rule 6-5 for an Order to extend the Court's deadline for a mediation session to occur by the end of September of 2008. Such a mediation date was set pursuant to the Court's May 22, 2008, (Corrected) Pretrial Preparation Order. Plaintiff Johnson contends that good cause does exist for the issuance of an Order.

## I.   NEW DEFENDANTS HAVE BEEN ADDED TO THIS ACTION

On August 14, 2008, the Honorable Susan Illston granted leave to amend the original Complaint *See* Court Docket No. 114. With granting leave to file a First Amended Complaint the following defendants were added to this action: 1) Chevron Corporation Long-term Disability Plan Organization; 2) Catherine Drew; 3) Kathryn M. Gallacher; 4) Robert Schmitt; 5) Harald Smedal; 6) Susan J. Solger; 7) Sellers Stough; 8) Krystal Tran; 9) Debbie Wong, and 10) Gary A. Yamashita, ("Newly Named Defendants"). The Newly Named Defendants have no duty to attend the September 29, 2008, mediation session that was set by Jody LeWitter of LeWitter & Siegel the Court Appointed Mediator, Plaintiff Johnson and Delia A. Isvoranu, Esq. of Filice Brown Eassa & McLeod LLP, ("Counsel for Chevron"). On September 7, 2008, Plaintiff Johnson sent a letter to Counsel for Chevron, which included Defendants Chevron Corporation and Chevron Environmental Management Company, ("Chevron Defendants") and the Newly Named Defendants, which informed them that there was a mediation session in this action set for Monday, September 29, 2008.. *See* Johnson Declaration at ¶ 5. Counsel for Chevron responded to Plaintiff Johnson's letter by stating that the Newly Named Defendants have no duty to attend the September 29, 2008, mediation session. *See* Johnson Declaration at ¶ 6.

## II.   THE FIRST AMENDED COMPLAINT HAS NOT BEEN FILED WITH THE COURT

As noted above, the Court granted leave to amend the original Complaint on August 14, 2008. The Court also informed Plaintiff Johnson of the following, "[p]laintiff shall notify the Court on or before August 22, 2008, whether he wishes the First Amended Complaint to be publicly filed, or wishes to bring a separate motion, based on good cause, to have it filed under seal." *See* Order Granting Leave to Amend at 3:9-11 and Court Docket No. 114. Through a

1

PLAINTIFF'S REQUEST TO EXTEND THE COURT'S DEADLINE FOR A MEDIATION
SESSION TO OCCUR IN THIS ACTION, CASE NO.  C 07-05756 SI (JCS)

series o filings after the Court issued its Order Granting Leave to Amend and Plaintiff Johnson not understanding or following such Orders as directed by the Court, the Court issued an Order on September 3, 2008, directing Plaintiff Johnson to file the First Amended Complaint by Friday, September 19, 2008,. The Court's September 3, 2008, Order stated that the First Amended Complaint was to be filed without sealing any portions under seal or for Plaintiff Johnson to voluntarily dismiss this action without prejudice and file it as a John Doe action. *See* Court Docket No.'s 116 and 119 respectively. Due to such, the First Amended Complaint has not been filed with the Court.

### III.    FILICE BROWN EASSA & MCLEOD, LLP DOES NOT REPRESENT ALL OF THE DEFENDANTS IN THIS ACTION

Counsel for Chevron has recently stated that she only represents the interests of the Chevron Defendants and not the Newly Named Defendants. Such was stated when Plaintiff Johnson tried to determine whom he should serve the First Amended Complaint on for proper service. Counsel for Chevron instructed Plaintiff Johnson to serve the First Amended Complaint directly on the Newly Named Defendants and not her law firm. Counsel for Chevron further informed Plaintiff Johnson that a decision pertaining to what defense counsel would be representing the Newly Named Defendants would be made after Plaintiff Johnson served the First Amended Complaint on the Newly Named Defendants as well as the Chevron Defendants. *See* Johnson Declaration at ¶¶ 2-4.

### IV.    THE NEWLY ADDED DEFENDANTS HAVE NOT BEEN SERVED WITH THE FIRST AMENDED COMPLAINT

Plaintiff Johnson asserts that the Newly Named Defendants have not been served with the First Amended Complaint. On September 11, 2008, Plaintiff Johnson confirmed with Counsel for Chevron that he would not be voluntarily dismissing this action without prejudice to file it as a John Doe action pursuant to the Honorable Susan Illston's September 3, 2008, Order. *See* Court Docket No. 132. Such an option was offered to Plaintiff Johnson by the Honorable Susan Illston to quash any concerns that Plaintiff Johnson may have concerning being associated with his HIV/AIDS Americans with Disabilities Act claim and the general public being able to know that Plaintiff Johnson had such a disability. The general public's knowledge pertaining to Plaintiff Johnson's HIV/AIDS status would come through any filing made by Plaintiff Johnson

2

PLAINTIFF'S REQUEST TO EXTEND THE COURT'S DEADLINE FOR A MEDIATION SESSION TO OCCUR IN THIS ACTION, CASE NO. C 07-05756 SI (JCS)

or Counsel for Chevron or any other counsel in this action wherein such references to Plaintiff Johnson's having HIV/AIDS disability would be reflected in a pleading or other document filed in the Court's systems or records.  However, before Plaintiff Johnson could make such a decision, Counsel for Chevron filed in the Court's system and/or records Plaintiff Johnson's HIV/AIDS disability.  Such was done after the Honorable Susan Illston issued her September 3, 2008.  *See* Court Docket # 129.  It is Plaintiff Johnson's contention that Counsel for Chevron did such to embarrass and intimidate Plaintiff Johnson.  Given such, it makes no sense for Plaintiff Johnson to refile this action as a John Doe action as Counsel for Chevron has already associated Plaintiff Johnson's disability of HIV/AIDS American with Disabilities Act claim with Plaintiff Johnson's identity.  Given such, the general public is now able to connect such to Plaintiff Johnson.  Plaintiff Johnson further contends that Counsel for Chevron's conduct has made the Honorable Susan Illston's September 3, 2008, Order mute.  Notwithstanding the former, Plaintiff Johnson agrees with the Honorable Susan Illston in that the public has a right to know.

### V.    THE NEWLY ADDED DEFENDANTS HAVE NOT PROVIDED AN ANSWER TO THE FIRST AMENDED COMPLAINT

On September 3, 2008, the Honorable Susan Illston issued an Order directing Plaintiff Johnson to file the First Amended Complaint by Friday, September 19, 2008, or to voluntarily dismiss this action without prejudice and refile it as a John Doe action if Plaintiff Johnson did not want to associate his HIV/AIDS Americans with Disabilities Act claim with his identify.  Plaintiff Johnson has made the decision not to refile this action as a John Doe action.  Such was communicated to Counsel for Chevron on September 11, 2008.   When Plaintiff Johnson informed Counsel for Chevron of the aforementioned, Plaintiff Johnson also informed Counsel for Chevron that he would not be serving the First Amended Complaint until October of 2008.  *See* Johnson Declaration at ¶ 7. Even if Plaintiff Johnson filed the First Amended Complaint prior to October 2008, such still would not afford the Newly Named Defendants with an opportunity to review the First Amended Complaint as well as to participate in the Court ordered mediation session in a meaningful way given that the Court appointed mediator has instructed the parties to file a mediation statement on or by September 22, 2008.

Plaintiff Johnson asserts that the Newly Named Defendants have a right to review all of

3

PLAINTIFF'S REQUEST TO EXTEND THE COURT'S DEADLINE FOR A MEDIATION SESSION TO OCCUR IN THIS ACTION, CASE NO.  C 07-05756 SI (JCS)

the claims filed in the First Amended Complaint prior to participating at a Court ordered mediation session. Likewise, it makes no sense to have a mediation session with the Chevron Defendants at this time given the fact that the Newly Named Defendants will not be able to participate in a Court ordered mediation session. To allow the September 29, 2008, mediation session to go forward at this juncture in the action without participation from all defendants would truly be a waste of time for all concerned as the purpose of mediation is to have all of the named defendants, including counsel for the named defendants at an Alternative Dispute Resolution mediation session in order for such a mediation session to be remotely beneficial to all parties concerned. *See* ADR Local Rules 6-9(a) and 6-9(d) respectfully. *See also* ADR Local Rule 6-9(b).

### VI. THE NEWLY ADDED DEFENDANTS ARE NOT AWARE OF ALL OF THE CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT

On November 14, 2007, Plaintiff Johnson filed the original Complaint in this action naming the Chevron Defendants as defendants in this action. In June of 2008, Plaintiff Johnson sought leave from the Court to amend the original Complaint. Counsel for Chevron, which includes the Chevron Defendants vigorously opposed and plead there case to this Court for leave not to be granted. On August 14, 2008, the Court issued an Order granting leave to amend. Such an Order was issued after the Court having reviewed the pleadings in support of granting leaving to amend and in opposition to such. With the filing of the First Amended Complaint, Plaintiff Johnson has not only named new defendants, but has also raised new claims, which includes but are not limited to a new Americans with Disabilities Act claim against the defendants in this action. Plaintiff Johnson contends that the Court provided the mechanism for such to occur when it issued its August 14, 2008, Order, wherein the Court stated the following, [t]he Court therefore finds it appropriate to permit plaintiff to amend his complaint to state claims under § 1981 against the individual defendants, as well as expand on the factual allegations of the initial complaint. *See* Court Docket No. 114 at 2:21-24.

### VII. PLAINTIFF JOHNSON HAS NOT CONDUCTED DISCOVERY ON ALL OF THE CLAIMS ASSERTED IN THE FIRST AMENDED COMPLAINT

Plaintiff Johnson attempted to conduct discovery on the newly asserted claims in the original Complaint prior to the Court granting leave to amend. However, Counsel for Chevron

4

PLAINTIFF'S REQUEST TO EXTEND THE COURT'S DEADLINE FOR A MEDIATION SESSION TO OCCUR IN THIS ACTION, CASE NO. C 07-05756 SI (JCS)

and the Chevron Defendants asserted that Plaintiff Johnson could not due such as well as refused to respond to discovery requests that sought discovery on these claims that would make for a meaningful mediation session in this action. With the amending of the First Amended Complaint, Plaintiff Johnson will be able to procure that discovery to assist him in proving all of the claims asserted in the First Amended Complaint. Likewise, the long after sought discovery will assist all defendants in having a meaningful Court ordered mediation session.

**VIII.   ALL PARTIES DO NOT AGREE THAT THE COURT ORDERED MEDIATION SESSION SHOULD BE EXTENDED**

In August of 2008, Plaintiff Johnson sought a stipulation to move the Court ordered mediation deadline date.  On August 22, 2008, Plaintiff Johnson informed Counsel for Chevron that he would be seeking leave from the Court to extend the September of 2008, Court ordered deadline for a mediation session to occur in this action  Counsel for Chevron stated they would oppose such.  Plaintiff Johnson notes for the Court that he initially objected to certain employees being present at the Court ordered mediation session.  However, after careful consideration of his claims and with the amending of the original Complaint, the Newly Named Defendants should be at any Court ordered mediation session.

**IX.   CONCLUSION**

Plaintiff Johnson contends it makes sense to extend the Court ordered end of September 2008, deadline for a mediation session to occur in this action.  Such which would allow the all of the defendants with an opportunity to review, be served with, and provide an answer to the First Amended Complaint, which would allow all parties to participate in a meaningful way at any Court ordered mediation session that will be set in the future.  For the reasons as stated herein, Plaintiff Johnson respectfully requests that the Court grant the relief that he seeks by the filing of this pleading.

Dated this 13th day of September 2008

/s/
SAMUEL BERNARD JOHNSON III