United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | Case No. C-07-05756 SI (JCS) |
| Plaintiff(s), | |
| v. | **ORDER DENYING IN PART PLAINTIFF'S MOTION TO QUASH [DOCKET #128]** |
| CHEVRON CORPORATION, ET AL., | |
| Defendant(s). | |

The court has received a letter dated August 26, 2008 from plaintiff. The court has also received opposition and numerous reply letters. The court treats the August 26, 2008 letter as a motion to quash, and finds that it is suitable for decision without oral argument.

The motion to quash seeks to quash four subpoenas:

1. California Health and Welfare Agency Department of Social Services (the "Department of Social Services" subpoena);
2. Lorin Frank Ph.D. (The "Frank" subpoena);
3. Employment related records from the office of the Attorney General (the "AG" subpoena); and
4. Kaiser Hospital psychological records (the "Kaiser" subpoena).

The court finds that notice of all of the subpoenas was timely. Plaintiff has also dropped his objections to the Kaiser and AG subpoenas. Accordingly, the motion to quash those subpoenas is denied and the documents are ordered produced as sought.

The records sought from the Department of Social Services and Dr. Frank concerned the social, educational, developmental and health issues related to plaintiff's two minor children. Plaintiff has put the development and condition of his children at issue by claiming they were damaged by Chevron's conduct. In particular, plaintiff has sought many millions of dollars as a result of their education losses, their developmental losses, their future development losses, their pain and suffering and their emotional distress. The court finds that these records are relevant to the damages sought by the plaintiff. It is no answer, as plaintiff states, that, before his termination, plaintiff's children did not suffer from many of the deficits that they experienced after Johnson's termination. Chevron is entitled to examine whether or not these deficits were caused by the termination or resulted from some other cause. Because plaintiff has raised these issues, the relevance of this evidence outweighs any need for privacy that obtains under the state or federal constitutions. Moreover, if and when these documents are produced, they shall be produced under a confidentiality order of this court to protect those privacy interests.

 Plaintiff also objects to the subpoena addressed to the Department of Social Services on the basis that the subpoena named the entity "California Health and Welfare Agency" rather using the proper name of the Agency. The Department of Social Services apparently received the subpoena because they responded to it raising an objection on the basis of HIPAA and California Welfare and Institutions Code Section 10850. They did not object in the basis of defendants' use of the incorrect name. Accordingly, plaintiff's objections on the basis of an improper name, and on the basis of relevance are overruled.

However, defendants have not adequately responded to the objections raised by Department of Social Services, and by plaintiff, on the basis of HIPAA and the California Welfare and Institutions code. They shall do so within five days of the date of this letter, citing to the court authority demonstrating that the records sought are either not covered by these statutes, or that
  disclosure of these documents may be ordered by this court notwithstanding the statutes.
    IT IS SO ORDERED.

Dated: August 25, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge