UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | Case No. C-07-05756 SI (JCS) |
| Plaintiff(s), | |
| v. | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO QUASH [DOCKET #138]** |
| CHEVRON CORPORATION, ET AL., | |
| Defendant(s). | |

Defendants submitted a letter dated September 10, 2008 seeking to quash three subpoenas served by plaintiff on three former employers of Susan Solger. In this matter, Solger is alleged to have harassed and discriminated against plaintiff on the basis of race, sexual orientation and HIV/AIDS status, and to have retaliated against plaintiff for complaining about discrimination. First Amended Complaint ¶¶ 18, 21. The subpoenas sought the production of documents falling into several very broad categories: (1) Employment applications and job descriptions, (2) Requests for transfers or promotions, (3) disciplinary records, (4) Employee assistance, stress management, and ombudsman records, and (5) Disability and medical leave records.

The court finds that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence only to the extent that they seek disciplinary records (including complaints) relating to discrimination on the basis of race, sexual orientation, or HIV/AIDS status, or relating to retaliation for complaining about discrimination. Any privacy concerns with respect to such documents can be alleviated under the protective order in this case..

The remaining categories are overbroad and not reasonably calculated to lead to admissible evidence. In light of their lack of relevance, there is an insufficient justification for the proposed intrusion into the privacy of Ms. Solger. For example, the bare claim by plaintiff in his papers that there was "something wrong" with Ms. Solger does not permit a fishing expedition into her disability, sickness, and stress management records: They are simply not relevant to the issues in this case where Solger and her employer are alleged to have discriminated against plaintiff. Similarly, even though there is no evidence that Ms. Solger's race is in dispute, plaintiff attempts to justify his request for job applications by claiming that they may list her race. Finally, disciplinary records of previous employers unrelated to discrimination do not tend to prove or disprove any relevant fact in this case.

Accordingly, the motion is GRANTED except for the disciplinary records related to discrimination and retaliation described above.

IT IS SO ORDERED.

Dated: October 16, 2008

JOSEPH C. SPERO
United States Magistrate Judge