IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | No. C 07-05756 SI |
| Plaintiff, | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO PRETRIAL DISCOVERY ORDER [Docket No. 157]** |
| v. | |
| CHEVRON CORPORATION, *et al.*, | |
| Defendants. | |

On October 6, 2008, plaintiff submitted objections to Magistrate Judge Joseph Spero's October 1, 2008 order denying plaintiff's motion to quash. [Docket No. 157] For the reasons discussed below, plaintiff's objections are OVERRULED.

On August 26, 2008, plaintiff filed a letter brief requesting that defendants' subpoena of records from the California Health and Human Services Agency (Department of Social Services), the Office of the Attorney General, Dr. Lorin Frank, and Kaiser Permanente Hospital be quashed. [Docket No. 128] Plaintiff excerpted the following from defendant Chevron's subpoena:

> All written or recorded records/documents and records, notes, reports, correspondence, photographs, videotapes or sign-in sheets relating to any social services, educational services, developmental services, health services, counseling, consultations, sessions, examination, evaluations, findings, treatments, diagnosis, prognosis provided or related to [plaintiff's two minor children].

*See* Plaintiff's August 26, 2008 Letter Brief, at ex. H. Plaintiff argued, *inter alia*, that California law precluded the release of sealed adoption records relating to his minor children without a court order from Sacramento County Superior Court. Defendant responded that it did not seek production of any

adoption records.[1] [Docket No. 130] On September 18, 2008, Judge Spero denied in part plaintiff's motion to quash but requested further briefing from defendant on whether production would violate HIPPA and the California Health and Institutions Code. [Docket No. 145] On October 1, Judge Spero found that disclosure was permissible so long as the required authorizations were executed, and ordered plaintiff to execute the relevant authorizations. [Docket No. 155] Plaintiff now objects to Judge Spero's October 1 ruling.

Plaintiff repeats his earlier arguments that the Sacramento County Superior Court has exclusive jurisdiction to unseal the relevant records and that California law prevents any court from releasing any such records. Plaintiff's arguments fail because defendant does not seek adoption records. On August 22, 2008, the Department of Social Services advised defendant that it could not comply with the subpoena unless authorized to do so by the person who is the subject of the records. *See* Def. Letter Brief, at ex. A. [Docket 150] The Department of Social Services provided the requisite release form, which Judge Spero ordered defendant to execute. Plaintiff cannot evade a court order by raising the same arguments in this Court that were already given thorough consideration by Judge Spero. Accordingly, plaintiff is ordered to comply with Judge Spero's October 1 ruling. If plaintiff fails to comply by **November 21, 2008**, he will be precluded from seeking damages relating to his children.

**IT IS SO ORDERED.**

Dated: 11/17/08

SUSAN ILLSTON
United States District Judge

---

[1] Defendant also argued that the records are relevant because plaintiff had put his minor children's education, social skills, behavior problems and mental conditions at issue by seeking $3.5 million for their emotional, developmental, social and behavioral decline. Defendant therefore seeks to determine whether the children's purported problems existed before plaintiff was employed by defendant.