United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | Case No. C-07-05756 SI (JCS) |
| Plaintiff(s), | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER DEPOSITION OF PLAINTIFF [DOCKET #199]** |
| CHEVRON CORPORATION, ET AL., | |
| Defendant(s). / | |

Defendants filed a letter, dated November 11, 2008 [Docket # 199]. The Court treats the letter as a motion to compel Plaintiff to complete his deposition and to permit an additional 6 hours and 50 minutes of time for deposing plaintiff beyond the 7 hours permitted by the Federal Rules of Civil Procedure (the "Motion"). Plaintiff filed an opposition letter and Defendants filed a reply. Good cause appearing, the Motion is GRANTED.

Plaintiff was deposed on September 2, 2008 for 5 hours and 50 minutes – less than the 7 hours permitted by the rules. After that first session, plaintiff was permitted to and did file an amended complaint. The amended complaint added 10 new defendants and had over 200 paragraphs of factual allegations. Plaintiff seeks many millions of dollars in damages based on his own injuries and based on the injuries to his two children.

The request to complete plaintiff's deposition at another session of up to 8 total hours of testimony is reasonable. As discussed above, plaintiff has added many defendants, has filed detailed factual pleadings, and seeks millions of dollars in damages – including damages for the

psychological and other injuries allegedly suffered by plaintiff's children.  Moreover, plaintiff's own conduct at the first session of his deposition lengthened the process.  Good cause has been shown.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall appear for the continuation of his deposition on November 26, 2008 at 9 a.m. at the location where the first session was held.  On that date, he shall be deposed for 8 hours, unless the defendants choose not to use all of that time.  Defendants are instructed not to ask the exact same questions that they asked at the first session of Plaintiff's deposition.  However, plaintiff is instructed that he shall answer all questions put to him and shall not refused to answer any questions unless the question calls for information protected by the attorney client privilege (which is unlikely because plaintiff has no attorney in this case).  If plaintiff believes that a question is objectionable under the Federal Rules of Evidence, he may put that objection on the record by citation to the Rule number, or by stating the briefly the nature of the objection by using a single phrase (e.g., "vague" or "lacks foundation"). Plaintiff may not argue with the questioner.

IT IS FURTHER ORDERED that all parties must follow the 3 page limit on discovery letters unless they have prior permission from the Court.  Letters not in compliance with is order will be ordered stricken and will not be considered.  If a party believes that they cannot reasonably make their arguments in 3 pages, they may request court permission in advance, or they may note in their 3 page letter that they desire to make an additional findings.  The Court notes, however, that none of the discovery issues raised to date in this matter reasonably required more than 3 (single spaced) pages, and the Court is not inclined to grant any additional pages for similar issues.

IT IS SO ORDERED.

Dated: November 24, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge