United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B. JOHNSON, III, | No. C 07-05756 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| v. | |
| CHEVRON CORPORATION, *et al.*, | |
| Defendants. | |

Plaintiff has filed a motion for leave to file a second amended complaint. The motion is scheduled for hearing on February 6, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing and the case management conference scheduled for the same day. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion for leave to file an amended complaint.

**BACKGROUND**

*Pro se* plaintiff Samuel Bernard Johnson, III filed his original complaint on November 14, 2007. On August 14, 2008, the Court granted plaintiff's motion to file an amended complaint. Specifically, the Court allowed plaintiff to amend his complaint so as to state claims against individual defendants under 42 U.S.C. § 1981. [Docket No. 114] Plaintiff filed his first amended complaint on September 30, 2008. [Docket No. 154] On December 16, 2008 (two weeks before non-expert discovery closed), plaintiff filed the instant motion. Expert discovery is scheduled to close on February 13, 2009.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amendment of the pleadings. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**DISCUSSION**

As an initial matter, the Court notes that is difficult to determine precisely how plaintiff wishes to change the operative complaint because the causes of action (28 in the operative complaint and 33 in the proposed complaint) do not correlate. It appears, however, that plaintiff seeks to amend his complaint to add (1) additional claims under 42 U.S.C. § 1981 against the individual defendants, (2) additional claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, against the corporate defendants, and (3) additional claims under California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12940, *et seq.*, against the corporate defendants. Plaintiff also seeks to withdraw all claims alleged under 42 U.S.C. § 1981 against the corporate defendants and to allege causes of action under 42 U.S.C. § 1981 against the individual defendants in their "individual" capacities, rather than

2

in their "individual and official" capacities, as stated in the operative complaint.

### 1.     Section 1981 Claims Against Individual Defendants

Plaintiff seeks to amend his complaint to add seven causes of action against the individual defendants under 42 U.S.C. § 1981.[1]  Defendants respond that plaintiff's motion should be denied because amendment would be futile.  First, defendants argue that only two of the defendants were decision makers with regard to plaintiff's termination.  The individually named defendants are alleged to have held various positions, including human resources director, contracts administrator, manager of finance, and claims analyst.  It is not possible for the Court to determine from their job descriptions alone whether any of these individuals was involved in the decision to fire plaintiff.  The Court therefore cannot conclude on this record that amendment to add causes of action against these individuals would be futile.

Second, defendants argue that plaintiff should not be permitted to add causes of action under 42 U.S.C. § 1981 for discrimination on the basis of disability.  The Court agrees that § 1981 does not provide a remedy against disability-based discrimination.  *See Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) ("Section 1981 has its roots in § 1 of the Civil Rights Act of 1866, 14 Stat. 27, and prohibits racial discrimination in the making and enforcement of contracts. It provides a federal remedy against *race-based* employment discrimination in the private and public sectors.") (emphasis added).  Plaintiff therefore may not amend his complaint to include claims under 42 U.S.C. § 1983 for discrimination on the basis of plaintiff's purported disability (the seventh cause of action in plaintiff's proposed complaint),  mental, medical and physical condition (the ninth cause of action in plaintiff's proposed complaint), or failure to accommodate these conditions (the eighth cause of action in plaintiff's proposed complaint).

---

[1] In the second, fifth, sixth, seventh, eighth, ninth, and tenth causes of action of his proposed complaint, respectively, plaintiff seeks to sue the individual defendants for "hostile work environment," "harassment," "public policy," "disability," "failure to provide reasonable accommodation," "mental, medical and physical condition discrimination and/or perceived condition," and "failure to take reasonable steps to prevent discrimination."

3

### 2.    ADA Claims Against Corporate Defendants

Plaintiff alleges in his first amended complaint that defendants violated the ADA by discriminating against plaintiff on the basis of his HIV/AIDS status and the "mental impairment" caused by his depression. *See* FAC ¶ 214. In his proposed complaint, plaintiff alleges that defendants also violated the ADA by discriminating against him on the basis of his work-related injury to his left hand and arm, as well as "mental, physical and other medical conditions." *See* Proposed SAC ¶ 238. Plaintiff's proposed complaint shifts the ADA claims from his HIV/AIDS status to the newly alleged work-related injury to his arm. Defendants contend that they would have to reopen discovery to investigate the basis for plaintiff's new allegations, and that they would be prejudiced by the delay and added expense of further discovery. The Court agrees with defendants that they cannot be required at this late date to begin investigating plaintiff's new theories of disability, particularly when the basis for these allegations should have been evident to plaintiff at the outset of this litigation. Accordingly, plaintiff may not amend his ADA claims.[2]

### 3.    FEHA Claims Against Corporate Defendants

Plaintiff seeks to add four new claims under the FEHA.[3] In his first amended complaint, the basis for plaintiff's FEHA claims was that he was discriminated against on the basis of his race.[4] Plaintiff now augments these allegations to include discrimination on the basis of "a mental, physical, and/or medical condition disability with regard to mobility and function in to his left hand and arm," *see* Proposed SAC ¶ 313, and "other medical conditions due to severe depression, stress, anxiety . . .",

---

[2] Although he did not make this allegation in his proposed complaint, plaintiff argued in his papers that he sought to bring a claim under the ADA against defendant Chevron Corporation Long-Term Disability Plan on behalf of his two minor children. By way of guidance to plaintiff, the Court notes that he does not have standing to sue under the ADA on behalf of his children.

[3] Plaintiff alleges in the twenty-eighth, thirtieth, thirty-fourth, and thirty-fifth causes of action of his proposed complaint that defendants violated the FEHA by "failing to engage in the interactive process," "wrongful termination," "mental, medical and physical condition discrimination," and failure to "prevent discrimination."

[4] In his reply brief, plaintiff argues that he alleged discrimination under the FEHA on the basis of his HIV/AIDS status at FAC ¶¶ 233-238. He did not. In the cited paragraphs of his first amended complaint, plaintiff alleged solely that defendants retaliated against him on the basis of his race.

4

*see id.* ¶ 317. As discussed above, the Court agrees with defendants that they would be unfairly prejudiced by allowing plaintiff to expand this case to include discrimination on the basis of his purported work-related injury and "other" unspecified afflictions. Accordingly, plaintiff may not amend his complaint to include claims for failure to engage in the interactive process (the twenty-eighth cause of action in his proposed complaint) or "mental, medical and physical condition discrimination" (the thirty-fourth cause of action in his proposed complaint). Plaintiff may amend his complaint to include claims under the FEHA for wrongful termination and failure to prevent discrimination, but the factual basis for these claims can only be *racial* discrimination.

To summarize, plaintiff is granted leave to filed a second amended complaint, but may make only the changes discussed in this Order. That is, plaintiff's second amended complaint must be <u>*identical*</u> to his first amended complaint, with the following exceptions:

1. Plaintiff may add the causes of action numbered two, five, six, and ten in his proposed complaint. These new § 1981 claims may *not* allege discrimination on the basis of plaintiff's medical conditions (i.e. HIV/AIDS, work-related injuries, or depression).[5]

2. Plaintiff may add the causes of action numbered thirty and thirty-five in his proposed amended complaint. These FEHA claims may *not* allege discrimination on the basis of anything other than plaintiff's race.

3. Plaintiff may withdraw all claims alleged under § 1981 against the corporate defendants.

4. Plaintiff may strike the words "and official" from his causes of action under § 1981 against the individual defendants.

It is possible that in the 420 paragraphs of plaintiff's proposed complaint, he seeks to make other substantive changes. The Court cannot be required, however, to scrutinize every word of the proposed complaint for changes to plaintiff's operative complaint. Accordingly, the Court has considered only the changes discussed in plaintiff's papers and will permit only changes 1-4, described above. <u>Plaintiff must file and serve his amended complaint no later than</u> **February 11, 2009.**

---

[5] The Court notes that plaintiff appears to believe that each of defendants' different (alleged) ways of discriminating against him on the basis of his race gives rise to a separate claim under § 1981. He is incorrect. Should this case advance to trial, plaintiff's allegations of racial discrimination would give rise to a single cause of action based on § 1981, alleging numerous theories. The same would be true of plaintiff's FEHA claims and other duplicate claims..

**IT IS SO ORDERED.**

Dated: February 4, 2009

_____
SUSAN ILLSTON
United States District Judge