IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B. JOHNSON III,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEVRON CORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 07-05756 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION [Docket No. 244]** |

On February 4, 2009, this Court issued an order granting in part and denying in part plaintiff's motion for leave to amend his complaint. Shortly thereafter, plaintiff filed a motion for leave to file a motion for reconsideration. The Court rules as follows.

First, in plaintiff's first amended complaint, he alleged that defendants had discriminated against him on the bases of his race, his sexual orientation and his HIV/AIDS status. *See* FAC ¶ 18. Plaintiff attempted in his proposed complaint to expand this case – more than a year into litigation – to include claims based on "mental, physical and other medical conditions," including a purported work-related injury to his left hand and arm. *See* Proposed SAC ¶ 18. As defendants argued in their opposition, this expansion of the litigation would unfairly prejudice defendants by reopening non-expert discovery to determine, *inter alia*, what accommodations he sought, whether those accommodations were possible, and which individuals were involved in the purported discrimination. The fact that the parties have stipulated to extend expert discovery by one month (to March 13, 2009) does not change the Court's determination that plaintiff's request is unreasonable. Plaintiff provides no justification for his vague contention that the basis for his new claims did not become "truly evident" until August 14, 2008. *See* Pl. Mot., at 12. [Docket No. 244]  It is not evident to the Court how defendants were supposed to have

known "to ask rebuttal questions or [to request] . . . additional depositions" when they were not aware that plaintiff's unspecified mental and physical conditions were part of this case. *See id.*, at 5.

Second, it appears that plaintiff did, in fact, allege in his First Amended Complaint that defendants had violated the FEHA by discriminating against him on the basis of his HIV/AIDS status. *See* FAC ¶ 235. Accordingly, the Court amends page 5 of its February 4 Order as follows:

> 2. Plaintiff may add the causes of action numbered 28, 30, 34, and 35 in his proposed amended complaint. These FEHA claims may allege discrimination only on the basis of plaintiff's HIV/AIDS status and his race.

**IT IS SO ORDERED.**

Dated: February 9, 2009

SUSAN ILLSTON
United States District Judge

2