IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B. JOHNSON III, | No. C 07-05756 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION [Docket No. 264]** |
| v. | |
| CHEVRON CORPORATION, *et al.*, | |
| Defendants. | |

On February 4, 2009, the Court issued an order granting in part and denying in part plaintiff's motion for leave to file a second amended complaint. [Docket No. 241] On February 5, plaintiff sought leave to file a motion for reconsideration of the Court's February 4 Order. In response to some issues raised in plaintiff's motion, the Court amended its February 4 Order on February 9, 2009. [Docket No. 261] On February 13, plaintiff filed the instant motion, in which he seeks leave to file a motion for reconsideration of the Court's February 9 Order. Plaintiff's motion is DENIED.

Plaintiff wishes to amend his complaint to include claims relating to his "mental, physical and other medical conditions, including a purported work related injury to his left hand, wrist and arm." *See* Pl. Mot., at 1. Plaintiff argues that the Court erred in denying plaintiff's motion to include these claims because the parties have in fact been already conducted discovery on these issues, so defendants would not be prejudiced by the inclusion of plaintiff's proposed claims in this litigation. The Court has carefully reviewed the materials submitted by plaintiff in support of the instant motion and concludes that they do not support plaintiff's characterization of the course of discovery thus far.

In particular, the Court reviewed the excerpts cited by plaintiff from the December 12, 2008 deposition of Debbie Wong, the November 25, 2008 deposition of Sellers Stough, the November 24,

2008 deposition of Catherine Drew, and the November 17, 2008 deposition of Kathryn Gallacher. These excerpts simply establish that a year into litigation and about a month before non-expert discovery closed, plaintiff began questioning defendants' witnesses about emotional stress and a hand injury that plaintiff allegedly experienced during his employment at defendant company. This evidence does not demonstrate that defendants had sufficient notice of plaintiff's new discrimination claims to allow them to prepare their defense. In addition, the excerpts from defendants' September 2, 2008 deposition of plaintiff confirm that at that time, defendants' questioning concerned his contention that he and his children experienced emotional distress as a result of plaintiff's termination, not his new allegations relating to disability discrimination.

The Court continues to believe that expanding this case to include plaintiff's new allegations would require non-expert discovery to be reopened, thereby further delaying litigation and prejudicing defendants. Accordingly, plaintiff's motion for leave to file a motion for reconsideration is DENIED. **Plaintiff may not file any motions for reconsideration of this order**. The Court anticipates that plaintiff will seek certification of an interlocutory appeal of the Court's decision on this issue. **Plaintiff is advised that any such request will be denied.**

**IT IS SO ORDERED.**

Dated: February 21, 2009

SUSAN ILLSTON
United States District Judge