1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL B. JOHNSON III,

          Plaintiff,

  v.

CHEVRON CORPORATION, *et al.*,

          Defendants.

_____/

No. C 07-05756 SI

**ORDER STRIKING PORTIONS OF
PLAINTIFF'S CORRECTED SECOND
AMENDED COMPLAINT
[Docket No. 263]**

Plaintiff's attempts to amend his complaints have been the subject of numerous orders issued by this Court. *See, e.g.*, Docket Nos. 114, 118, 132, 173, 241, 261, 268. The most recent development is that on February 4 and 9, 2009, the Court granted plaintiff limited leave to amend his complaint. The Court attempted to be as explicit as possible about the scope of permissible amendments, even going so far as to state, "plaintiff's second amended complaint must be *identical* to his first amended complaint" with a few specified exceptions. *See* Feb. 4 Order, at *5 (emphasis in original). Nonetheless, the instant dispute concerns defendants' allegation that plaintiff has not complied with the Court's orders.

A review of plaintiff's Second Amended Complaint [Docket No. 263] reveals that plaintiff ignored the Court's explicit instruction concerning plaintiff's claims under FEHA. The Court held that plaintiff "may allege discrimination only on the basis of plaintiff's HIV/AIDS status and his race." *See* Feb. 9 Order, at *2. Accordingly, the following language is hereby STRICKEN from plaintiff's Second Amended Complaint:

    ¶ 291  "as he was experiencing severe stress and/or other medical conditions [sic] disabilities due to being subjected to discriminatory and retaliatory employment practices by the Local Defendants" (lns. 6-8)

United States District Court
For the Northern District of California

1    "concentration impairment, sleep disturbance, persistence [sic] low mood, increased worry and rumination." (lns. 9-11)

2

3    ¶ 292   "mental and/" (ln. 13)
         "but not limited to because he was experiencing severe stress" (lns. 15-16)
         "and/or mental condition" (ln. 22)

4

5    ¶ 293   "/or mental" (ln. 24)
         "he was experiencing severe stress" (ln. 25)

6    ¶ 301   "mental" (ln. 21)

7    ¶ 303   "severe depression" (ln. 4)
         "was experiencing stress" (ln. 7)

8        "concentration impairment, sleep disturbance, persistent low mood, increased worry and rumination" (ln. 9-10)

9

10   ¶ 304   "because, but not limited to experiencing severe stress" (lns. 16-17)
         "mental and/" (ln. 20)

11   ¶ 305   "he was experience [sic] stress" (ln. 24)

12       In order to make this determination, the Court reviewed plaintiff's 68-page corrected Second

13   Amended Complaint, his 59-page First Amended Complaint and his 93-page proposed Second Amended

14   Complaint.  His failure to follow explicit directions is not well taken.  Defendants' request for sanctions

15   is denied at this time, but plaintiff is cautioned against wasting further time of the Court and opposing

16   counsel by violating Court orders in the future.

17       **IT IS SO ORDERED.**

18

19   Dated: March 6, 2009                                    _____
20                                                           SUSAN ILLSTON
                                                             United States District Judge
21

22

23

24

25

26

27

28

2