IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL B JOHNSON III, | No. C 07-5756 SI |
| Plaintiff, | **ORDER RE: BILL OF COSTS** |
| v. | |
| CHEVRON CORPORATION, *et al.*, | |
| Defendants. | |

On May 19, 2009, this Court granted defendants' motion for summary judgment and entered judgment in favor of defendants. Defendants filed a bill of costs for $20,856.14 on June 2, 2009. Civil Local Rule 54-2(a) provides that "[w]ithin 10 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection." *See* Civ. Local Rule 54-2(a). Thereafter, "the Clerk shall tax costs after considering any objections filed." Civ. Local Rule 54-4(b). After the clerk taxes costs, a party has five days to move for review by this Court, *see* Civil Local Rule 54-5.

On June 3, 2009, pro se plaintiff filed a letter brief contesting defendants' bill of costs in toto. He did not specifically object to any particular item of costs, as required by Local Rule 54, but rather sought to have this Court reject Chevron's request for costs in its entirety. Plaintiff's letter brief to this Court was premature as the clerk has not yet taxed costs. In any event, the Court will consider the merits of plaintiff's objection.

Plaintiff argues that defendants are not entitled to costs unless this Court issues an order awarding costs, and further that defendants are not entitled to attorneys' fees. Plaintiff's first argument

fails, because costs are awarded to the prevailing party as a matter of course; this Court need not enter an order granting defendants this relief. *See* Fed. R. Civ. Pro. 54(d)(1) ("costs – other than attorney's fees – should be allowed to the prevailing party"); *see also Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) ("Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."). As to his second argument, it is irrelevant because defendants do not seek attorneys' fees.

For these reasons, plaintiff's objection to the bill of costs is DENIED. <u>The deadline for plaintiff to file specific objections to individual items in the bill of costs will elapse on **June 12, 2009.**</u>

**IT IS SO ORDERED.**

Dated: June 8, 2009

SUSAN ILLSTON
United States District Judge