IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III,<br><br>    Plaintiff,<br><br>  v.<br><br>CHEVRON CORPORATION, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-05756 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY DISTRICT COURT'S ORDERS AND JUDGMENTS PENDING APPEAL** |

Plaintiff has filed a motion to stay all orders and judgments of this Court pending resolution of his appeal by the Ninth Circuit. This matter is currently set for hearing on February 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES plaintiff's motion.

**BACKGROUND**

This case arises out of plaintiff Samuel Johnson III's termination from his job as a Procurement Specialist for defendant Chevron Environmental Management Company ("CEMC") on August 7, 2006. Plaintiff filed this action against CEMC and numerous other related defendants, alleging race and disability discrimination, retaliation, harassment, hostile work environment, and wrongful termination. By order dated May 19, 2009, the Court granted defendants' motion for summary judgment and entered judgment in favor of defendants.[1] (Docket Nos. 350, 351). Subsequently, defendants filed a bill of

---

[1] The detailed factual background set forth in the Court's summary judgment order is incorporated by reference.

United States District Court
For the Northern District of California

costs. Plaintiff filed two separate sets of objections. The Court overruled both objections and entered a judgment of costs in favor of defendants. (Docket Nos. 356, 378, 386).

Plaintiff then filed a Notice of Appeal to the Ninth Circuit, seeking review of this Court's summary judgment and cost orders. By order dated December 9, 2009, a Ninth Circuit panel denied plaintiff's motion to stay this Court's orders pending appeal. (Docket No. 391). Thereafter, plaintiff filed the present motion for a stay with this Court. Defendants oppose the motion for stay and ask the Court to impose Rule 11 sanctions against plaintiff.

# DISCUSSION

## I. Motion for Stay

Federal Rule of Appellate Procedure 8 states that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). Plaintiff failed to comply with that rule and instead sought a stay from the Ninth Circuit before applying to this Court. In denying plaintiff's motion, the Ninth Circuit simply ruled, "The motion to stay the district court's orders is denied." 9th Cir. Dec. 9, 2009 Order. The appellate court did not remand the matter to this Court or otherwise grant plaintiff leave to file his motion with this Court. Under these circumstances, this Court is without power to review the merits of plaintiff's stay motion. This Court does not have the power to overrule or make findings contrary to the ruling of a higher court.

Accordingly, plaintiff's motion for a stay of this Court's orders and judgments pending his appeal must be DENIED.

## II. Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11(b), a court may impose sanctions against a party who files a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Although Rule 11 permits the imposition of sanctions against a pro se litigant, the court must give "due consideration" to the litigant's pro se status and exercise its discretion in assessing whether to impose sanctions. *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1037 n.13 (9th

Cir. 1985); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989).

Defendant seeks monetary sanctions against plaintiff due to his filing of the present motion despite his apparent recognition that the Ninth Circuit's denial was final and binding. This Court has previously cautioned plaintiff against making repetitive and improper filings. However, plaintiff apparently filed his motion for stay in the appellate court due to ignorance of the rule requiring him to first seek relief in this Court. In light of plaintiff's pro se status, the Court finds that plaintiff's filing of the stay motion does not warrant imposition of monetary sanctions. Plaintiff is, however, advised that in the future he must make diligent efforts to comply with applicable Federal and Local Rules and with Court orders.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a stay of this Court's orders and judgments pending appeal is DENIED. (Docket No. 393). Defendants' request for Rule 11 sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: February 3, 2010

SUSAN ILLSTON
United States District Judge