IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | No. C 07-05756 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO ADMONISH AND FOR SANCTIONS AND COSTS** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendants. | |

Plaintiff's motion to admonish defense counsel and request for sanctions and costs is currently set for oral argument on April 23, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court hereby rules as follows.

**DISCUSSION**

Plaintiff Samuel Bernard Johnson III instituted this action in November 2007 after his termination from his job as a Procurement Specialist for defendant Chevron Environmental Management Company. Plaintiff claimed discrimination and retaliation on numerous bases, including race, sexual orientation, and HIV/AIDS status. In December 2008, plaintiff sought leave to amend his complaint in order to, among other things, add a claim based on a work-related injury he suffered sometime in 2006. Defendants opposed the motion to amend on the ground that adding claims based on plaintiff's work-related injury would necessitate a substantial amount of additional discovery into the basis for the claim. The Court declined to allow plaintiff to state new claims based on his work-related injury on grounds of prejudice and delay. *See* Feb. 4, 2009 Order (Docket No. 241). Subsequently, in May 2009,

the Court granted summary judgment in favor of defendants. May 19, 2009 Order (Docket No. 350).[1] In its summary judgment order, the Court again emphasized that plaintiff could not proceed on his work injury claims because the claims were not contained in the operative version of plaintiff's complaint.

Plaintiff now seeks an order admonishing and imposing sanctions and costs against defense attorneys Robert Eassa, Paul Johnson, Delia Isvoranu, and Abiel Kwong Yu Wong. Plaintiff's contention is essentially that defense counsel violated the Northern District's Local Rules and the California Rules of Professional Conduct by representing to the Court that permitting plaintiff to allege new claims based on his work-related injury would require a substantial amount of additional discovery. According to plaintiff, counsel's representation was "false and misleading" because the parties engaged in discovery on the injury-related claims in an administrative proceeding that preceded this action, and during fact and expert discovery in this action. *See* Johnson Decl. ISO Mot. to Admonish ¶¶ 7-8, 11, 39 (Docket No. 413). Plaintiff complains that defense counsel's improper conduct caused him to expend excessive costs in litigating this action and forced him to file an appeal with the Ninth Circuit.

Plaintiff presented the same arguments he now advances in a motion for leave to file a motion for reconsideration of the Court's order declining to allow plaintiff to amend his complaint to plead the new injury-related claims. The Court denied plaintiff leave to seek reconsideration, reiterating the Court's conclusion that permitting plaintiff to include the new claims would result in significant expense and delay. Feb. 9, 2009 Order (Docket No. 261). Plaintiff then filed a motion for leave to seek reconsideration of that order. In denying the motion, the Court expressly advised plaintiff, "The Court has carefully reviewed the materials submitted by plaintiff in support of the instant motion and concludes that they do not support plaintiff's characterization of the course of discovery thus far. . . . The Court continues to believe that expanding this case to include plaintiff's new allegations would require non-expert discovery to be reopened, thereby further delaying litigation and prejudicing defendants." Feb. 21, 2009 Order at *1-2 (Docket No. 268).

Plaintiff's papers in support of the present motion have not persuaded the Court that its prior

---

[1] Plaintiff has appealed the summary judgment order and this Court's order taxing costs against him; the appeal is now fully briefed and it awaiting the Ninth Circuit's consideration.

rulings were erroneous, or that defense counsel engaged in misconduct by opposing amendment of plaintiff's complaint on the ground the amendments he sought would prejudice the defense. The fact that counsel may have received some prior discovery and asked plaintiff some questions related to his injury during his deposition does not invalidate defendants' position that permitting plaintiff to state a new claim based on that injury would prejudice defendants by requiring additional discovery at a late juncture in the case. Plaintiff is essentially requesting that the Court to admonish defense counsel for vigorously defending this action, and the Court is not inclined to grant this request.

With respect to plaintiff's contention that defendants' conduct has caused him to expend excessive funds prosecuting this action, the Court simply notes that it approved the taxation of costs against plaintiff because much of the expense incurred was due to plaintiff's own litigation strategy, including filing multiple versions of various pleadings and motions and making repeated attempts to request reconsideration of the Court's rulings.

Finally, the Court observes that many of plaintiff's specific citations to alleged misrepresentations in defendants' papers are taken from the briefing in plaintiff's appeal. This Court lacks the power to admonish, sanction, or impose costs against defense counsel for its conduct in a Ninth Circuit proceeding. Plaintiff's motion is therefore DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to admonish and to impose sanctions and costs. (Docket No. 412).

**IT IS SO ORDERED.**

Dated: April 15, 2010

SUSAN ILLSTON
United States District Judge

3