IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BERNARD JOHNSON III, | No. C 07-05756 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendants. / | |

Plaintiff Samuel Bernard Johnson has filed a motion seeking leave to file a motion for reconsideration of the Court's April 15, 2010 Order Denying Plaintiff's Motion to Admonish and for Sanctions and Costs ("April 15 Order") (Docket No. 419). In the motion underlying that order, plaintiff argued that defense counsel had misrepresented to the Court that permitting plaintiff to allege new claims based on a 2006 work-related injury at a late juncture in the case would prejudice defendant by requiring substantial additional discovery. Plaintiff asserted that defendant had already received some discovery related to the injury claim, and contended that counsel's "false and misleading" representation to the contrary had required plaintiff to expend considerable resources on this action.

In denying the motion, the Court noted that it had already considered and rejected plaintiff's arguments on two previous occasions, namely in denying plaintiff's motion for leave to file a motion for reconsideration of the Court's order denying plaintiff leave to amend his complaint to plead the new injury-related claims, and in denying a motion for leave to seek reconsideration of that order. The Court stated that the papers submitted in support of plaintiff's sanctions motion had "not persuaded the Court that its prior rulings were erroneous, or that defense counsel engaged in misconduct by opposing amendment of plaintiff's complaint on the ground the amendments he sought would prejudice the

defense. April 15 Order at *2-3. The Court further stated that "much of the expense incurred was due to plaintiff's own litigation strategy, including filing multiple versions of various pleadings and motions and making repeated attempts to request reconsideration of the Court's rulings." *Id.* at *3. Finally, the Court noted that many of plaintiff's citations to alleged misrepresentations by defense counsel were taken from briefing submitted in plaintiff's appeal, and held that the Court lacked the power to admonish, sanction, or impose costs for conduct during a Ninth Circuit proceeding. *Id.*

Plaintiff now seeks leave to file a motion for reconsideration of the April 15 Order on the ground that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." *See* Civil L.R. 7-9(b)(3). Plaintiff argues that the Court failed to consider: (1) plaintiff's argument that the Court should not decide his motion for sanctions based on its prior rulings; (2) evidence showing "the extensive amount of discovery that was conducted by Chevron on plaintiff's ADA and CFEHA work related injury claims"; and (3) evidence showing that "Chevron's misconduct and unethical behavior occurred while Chevron was practicing before the district court and not the appellate court."

In ruling on plaintiff's sanctions motion, the Court did not fail to consider any of plaintiff's arguments or evidence. The Court continues to believe, however, that these arguments and evidence do not justify admonishing defense counsel or imposing sanctions and costs. Even if plaintiff is correct that defendant had some injury-related discovery documents in its possession, defense counsel's representation that substantial additional discovery would be required if plaintiff were permitted to amend his complaint was not, as plaintiff claims, misleading, frivolous, or unethical. Plaintiff has pointed to no argument or evidence that compels a contrary conclusion.

In sum, plaintiff has not persuaded the Court that reconsideration of its April 15 Order is warranted, and his motion for leave to file a motion for reconsideration is DENIED. (Docket No. 423).

**IT IS SO ORDERED.**

Dated: August 4, 2010

SUSAN ILLSTON
United States District Judge